**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| KASSIM TAJIDEEN, | : |
| also known as | : |
| HAJ KASSIM, BIG HAJ, BIG BOSS, | :     Case No. 1:17-CR-00046 (RBW) |
| QASIM TAJIDEEN, QASSIM TAJIDEEN, | : |
| KASSEM TAJIDEEN, KASSIM TAJ ALDINE, | : |
| KASSIM TAJ ALDIN, KASSIM TAJ AL-DIN, | : |
| KASSIM TAJ AL-DINE, and | : |
| KASSIM TAJADIN, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S NOTICE REGARDING**
**POTENTIAL CONFLICT OF INTEREST OF DEFENSE COUNSEL**

The United States of America, by and through the undersigned attorneys, hereby files more specific notification to this Honorable Court and to conflict-free counsel from the law firm of Zuckerman Spaeder regarding the potential conflict of interest of certain members of the defense team currently representing the defendant.[1] Current members of the defense team, including but not limited to Chibli Mallat of the Mallat Law Offices, as well as Ronald Meltzer and David W. Bowker of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), may be witnesses helpful to the defendant or the government at trial stemming from their prior representation of the defendant in administrative proceedings with the United States Department

---

[1] The government brought this issue to the attention of the Court and counsel at the first status hearing and identified two possible sources of a conflict of interest. First, an advice of counsel defense might bring financial interests of WilmerHale into conflict with appropriate representation of the defendant. Second, certain evidence the government might seek to present at trial, or that the defendant might wish to present at trial, might lead to the necessity of testimony from certain members of the defense team at a trial in this matter. At that time the Court indicated that it would address the issue once the government indicated with more specificity what particular evidence it would seek to admit at trial that might engender a conflict.

1

of the Treasury's Office of Foreign Assets Control ("OFAC"), as well as civil litigation.  Further, agents of Wilmer Cutler Pickering Hale and Dorr LLP, including but not limited to Christopher Barbee and Sanjay Subramanian of PriceWaterhouse Coopers LLP, are also witnesses potentially helpful to the defendant or the government at trial regarding materials prepared for the defendant and filed with OFAC.

## BACKGROUND

On May 27, 2009, OFAC issued a press release announcing that the defendant was being designated as a Specially Designated Global Terrorist ("SDGT") due to his significant financial support for Hezbollah, an organization which had been designated by the State Department as a Foreign Terrorist Organization.  The designation of the defendant indicated that it was being made pursuant to Executive Order 13224 to disrupt the operations, fundraising, and support networks of Hezbollah by designating individuals providing support to terrorists or acts of terrorism.  The designation prohibits, *inter alia*, U.S. persons from knowingly participating in transactions with, or for the benefit of the defendant without first obtaining a license from OFAC.

On December 9, 2010, OFAC issued a similar designation of the defendant's brothers Ali and Hussayn Tajideen, indicating that they were the defendant's "business partners."  Also designated at that time were seven companies that OFAC's press release identified as part of the Tajideen brothers' network.  As with the earlier designation of the defendant, these designations indicated that they sought to isolate the defendant and his businesses and business partners from the U.S. financial and commercial systems, and barred U.S. persons or entities from doing business with the defendant or companies under his control without first obtaining a license from OFAC.

On July 22, 2010, the defendant filed an application with OFAC, through attorney Chibli Mallat and another attorney seeking his removal from the SDGT list.  Mr. Mallat, whom the

government understands to be a current member of the defense team and whom has filed a *pro hac vice* appearance, signed the application documents and indicated they were being submitted on behalf of the defendant.

On December 7, 2012, attorney Ronald Meltzer of WilmerHale forwarded a supplemental and superseding petition seeking the defendant's removal from the SDGT list. Among the materials submitted was a report prepared by Christopher Barbee and Sanjay Subramanian of PriceWaterhouse Coopers LLP.  Thereafter, several quarterly reports signed by Mr. Meltzer along with further materials were forwarded to OFAC, in furtherance of the defendant's petition to be removed from the SDGT list.  OFAC later issued an official denial of the defendant's petition and notified counsel, after which Mr. Meltzer filed a second petition for the defendant's removal from the SDGT list, including written statements dated February 26, 2015 and May 27, 2016.  Mr. Meltzer has filed an appearance on behalf of the defendant in the instant case.

The materials filed with OFAC, by counsel, claimed in part that the defendant's business network was taking significant measures to ensure that he was in compliance with OFAC regulations, including cutting ties with his brothers, shuttering or divesting from some companies, and other measures.  However, instead of heeding the designation, the defendant continued to conduct business with U.S. entities through a large network of businesses with ever-changing names run by a relatively small group of personnel, effectively hiding his own involvement in the transactions.  The government's investigation revealed that a number of statements made by the defendant to OFAC, through counsel, are fabricated, misleading, incomplete, or inaccurate.

During the course of the investigation, the government discovered several sums of monies belonging to the defendant that appeared to be subject to seizure, and thereafter filed a civil forfeiture complaint in *United States v. Three Sums Totaling $1,207,035.31 In United States Currency*, D.D.C. 1:16-CV-0064-RBW, a case assigned to this Honorable Court.  On March 7, 2016, attorney David Bowker of WilmerHale filed a claim, verified by the defendant, in that civil action.

On March 7, 2017, after a Drug Enforcement Administration ("DEA") investigation spanning a period of years, a grand jury in the District of Columbia issued an indictment charging the defendant with, *inter alia,* conspiracy to defraud the United States by interfering with and obstructing a lawful government function, that is, the enforcement of laws and regulations prohibiting dealing with SDGTs or in blocked property without having first obtained the required licenses from OFAC.

As part of its discovery obligation, the government has provided the defendant with business records and other documents in its possession that may be used as evidence against the defendant.  See Docket #18 and Docket #27.  Included in these documents are:

a. statements and other representations made in writing by the defendant which were submitted to OFAC on or about July 22, 2010, by Chibli Mallat;

b. statements and other representations made in writing on behalf of the defendant, which were submitted to OFAC on or about December 7, 2012, by Ronald Meltzer;

c. statements and other representations made in writing on behalf of the defendant by Christopher Barbee and Sanjay Subramanian which were submitted to OFAC on or about December 7, 2012, through Ronald Meltzer;

    d.  statements and other representations made on behalf of the defendant in writing which were submitted to OFAC on or about August 19, 2013, by Ronald Meltzer;

    e.  statements and other representations made in writing on behalf of the defendant which were submitted to OFAC on or about April 28, 2014, by Ronald Meltzer;

    f.  statements and other representations made in writing on behalf of the defendant to the United States Drug Enforcement Administration on or about October 20, 2015, and hand delivered by WilmerHale;

    g.  statements and other representations made in writing on behalf of the defendant to this Honorable Court in *United States v. Three Sums Totaling $1,207,035.31 In United States Currency*, D.D.C. 1:16-CV-0064-RBW, on or about March 7, 2016, as represented by David W. Bowker.

## DESCRIPTION OF POTENTIAL CONFLICT

Potential areas of conflict identified to date by the government fall into three distinct categories.

First, the government plans to prove some of the overt acts in furtherance of the defendant's conspiracy to defraud the United States by showing that the defendant made false statements in writing to OFAC in an attempt to justify his removal from the Specially Designated Global Terrorist list, often through defendant's OFAC counsel. The government plans to authenticate and submit those written statements into evidence through stipulations from the defendant or, if he refuses, through a custodian of records who would testify that OFAC received the materials. The government will then prove their falsity using evidence gathered during the government's investigation.

Second, the government plans to use one or more filings made on behalf of the defendant during the course of civil litigation and filed by one or more of defendant's OFAC counsel, to prove facts relevant to the charges against the defendant. The government plans to submit copies of said filings as evidence.

Finally, the government will seek to admit written training materials prepared by one or more of defendant's OFAC counsel for employees of the defendant that were later submitted to OFAC. The government again anticipates authenticating and submitting the documents through a stipulation from the defense or through a custodian of records from OFAC.

The government's submission of this documentary evidence of statements by the defendant, often made through counsel, raises numerous potential issues. The materials at issue may give rise to an advice of counsel defense, to a post-trial claim of ineffective assistance of counsel, to a suit seeking damages by the defendant against defendant's OFAC counsel, or other issues. These possibilities may pit the financial interests of Chibli Mallat or WilmerHale against those of the defendant, or may lead to a mistrial or a retrial. The submissions might lead the defendant to seek testimony from defense counsel or defense counsel's agents in order to respond to the government's arguments regarding the documents' contents. Such testimony might not be forthcoming, might not be appropriate, or might engender a motion to withdraw as counsel from one or more members of the defense team.

Specifically, the government's review of the evidence indicates that Chibli Mallat, employees of WilmerHale, or agents of WilmerHale, ("defendant's OFAC counsel") are witnesses at least to the following facts:

    a. the defendant had notice of the defendant's designation as a Specially Designated Global Terrorist, as revealed by the existence of filings made to OFAC by

    defendant's OFAC counsel, which the government intends to submit into evidence;

b. the defendant owned or controlled certain business entities,[2] as evidenced by filings to this Honorable Court in *United States v. Three Sums Totaling $1,207,035.31 In United States Currency*, D.D.C. 1:16-CV-0064-RBW, made by one or more of defendant's OFAC counsel, which filings the government intends to use as evidence;

c. the defendant and his companies attempted to conduct business in violation of the OFAC designation by attempting to send wire transfers of funds through the U.S. financial system, and the defendant received notice that the aforementioned attempted wire transfers were blocked at certain financial institutions after the defendant's designation, as revealed in filings to this Court in *United States v. Three Sums Totaling $1,207,035.31 In United States Currency*, D.D.C. 1:16-CV-0064-RBW made by one or more of defendant's OFAC counsel, which the government intends to use as evidence;

d. the defendant's co-conspirators and employees received in-person training prepared by members of WilmerHale about compliance with U.S. sanctions law, including laws enforced by OFAC, as revealed by a filing made by one or more of defendant's OFAC counsel to OFAC, which the government intends to submit into evidence;

e. the defendant, through one or more of defendant's OFAC counsel, made affirmative misrepresentations to OFAC regarding the defendant's continued

---

[2] The government's evidence will show that these certain business entities engaged in unlicensed transactions with U.S. entities after the defendant's designation.

business dealings with his brother, an SDGT, as revealed by filings made to OFAC by the defendant's OFAC counsel, which the government intends to submit into evidence;

f. the defendant, through one or more of defendant's OFAC counsel, made affirmative misrepresentations to OFAC regarding the scope of the defendant's business dealings as revealed by filings made to OFAC by one or more of defendant's OFAC counsel, which the government intends to submit into evidence; for example, in a filing by one or more of defendant's OFAC counsel, the defendant misrepresented the countries in which companies under the defendant's direction or control were doing business;

g. the defendant, through one or more of defendant's OFAC counsel, made affirmative misrepresentations to OFAC regarding his personal information, as revealed by one or more filings made to OFAC by one or more of defendant's OFAC counsel which the government intends to submit into evidence;

h. the defendant, through one or more of defendant's OFAC counsel, made affirmative misrepresentations to OFAC regarding his control of, or involvement in, various business entities, as revealed by one or more filings made to OFAC by one or more of defendant's OFAC counsel, which the government intends to submit into evidence;

i. the defendant withheld material information regarding his business holdings from defendant's OFAC counsel and their agents, including PriceWaterhouse Coopers LLC, as revealed by one or more filings made to OFAC by one or more of

defendant's OFAC counsel, which the government intends to submit into evidence.

The Government respectfully submits the foregoing to apprise the Court and conflict-free counsel of potential conflicts of interest, so that they may make any appropriate inquiries or representations.

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: \_\_\_\_/S/_____
Thomas A. Gillice, DC Bar # 452336
Assistant United States Attorney
Jacqueline L. Barkett, NY Bar #5424916
Special Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-1791
thomas.gillice@usdoj.gov
jacqueline.l.barkett@usdoj.gov

And

DEBORAH CONNOR
ACTING CHIEF

By: \_\_\_\_/S/_____
Joseph Palazzo, MA Bar #669666
Trial Attorney
Money Laundering and Asset Recovery
Section, Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C.  20005
(202) 514-1263
joseph.palazzo@usdoj.gov

Dated: July 18, 2017