# Exhibit A



U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

December 14, 2017

William W. Taylor, III, Esq.
Eric R. Delinsky, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036-5807

      RE:    United States v. Kassim Tajideen, D.D.C. Case No. 17-CR-46 (RBW)

Counsel:

    This correspondence confirms the current status of discovery in this case.  As set forth in more detail in the government's Response to Defendant's Motion to Compel Discovery of Rule 16 and *Brady*, the government maintains that it has provided, or is in the process of providing, all materials Mr. Tajideen is entitled to receive—including all *Brady v. Maryland*, 373 U.S. 83 (1963) materials, which may reside in the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") holdings.

    On July 10, 2017, counsel from WilmerHale, in counsel's capacity as Mr. Tajideen's attorneys, provided the government with a five-page letter requesting the production of a number of materials, to which counsel from WilmerHale maintained Mr. Tajideen was "entitled under the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83."  Specifically, in its July 10, 2017, correspondence, counsel from WilmerHale requested copies of the following materials that counsel from WilmerHale claimed were in the government's possession, custody, or control:

1. All materials relating to OFAC's designation of Mr. Tajideen and his companies as SDGT's, and the subsequent review of and determinations relating to Mr. Tajideen's delisting petitions, including the contents of any OFAC file relating to Mr. Tajideen.

2. All material, information, and statements tending to show or suggest that Mr. Tajideen endeavored to conceal facts and circumstances from OFAC, including any

potential concealments relating to Mr. Tajideen's business dealings or his alleged association with Hizballah.

3. All material, information, and statements tending to show or suggest that Mr. Tajideen made materially false or misleading statements to OFAC, including any potentially false or incomplete statements about how remedial steps to seek and carry our divestment from entities affiliated with his brothers, Ali and Husayn Tajideen, or entities or individuals allegedly associated with Hizballah.

4. All material, information and statements tending to show or suggest that Mr. Tajideen and/or his companies did or did not provide support to Hizballah, including any material indicating that Mr. Tajideen, any of his brothers, or any of his companies is "an important financial contributor to Hizballah," has "contributed tens of millions of dollars to Hizballah," or has contributed money or other things of value to Hizballah.

5. All material, information, and statements tending to show or suggest that Mr. Tajideen did not obstruct or interfere with OFAC's government functions, including material showing that he provided truthful information, undertook actions consistent with representations to OFAC, and offered to meet with or provide information to U.S. agents.

6. All material, information, and statements that tend to undermine OFAC's public statements regarding Mr. Tajideen.

Subsequently, the government advised Mr. Tajideen, through his counsel at WilmerHale, that the government either has provided all discoverable materials to Mr. Tajideen through counsel, or is in the process of providing discoverable materials. Specifically, the government advised that it assessed the following categories of information as discoverable and Mr. Tajideen should expect to receive:

1. Copies of records of the unlawful transactions included in the Indictment;

2. Copies of evidence obtained from criminal search warrants executed on email accounts used by Mr. Tajideen and others to conduct the unlawful transactions charged in the Indictment;

3. Copies of records of other transactions, not charged in the Indictment, but occurring between U.S. companies and organizations linked to Mr. Tajideen;

4. Copies of evidence obtained from criminal search warrants executed on Mr. Tajideen's electronic devices;

5. Copies of Mr. Tajideen's filings/submissions to OFAC related to OFAC's 2009 designation of Mr. Tajideen;

6. Copies of all available official, substantive correspondence between Mr. Tajideen and/or his counsel and OFAC;

7. Copies of available unclassified and non-privileged portions of OFAC's files which support Mr. Tajideen's designation by OFAC and OFAC's denial of Mr. Tajideen's petition for delisting, which includes copies of all unclassified and non-privileged documents included in OFAC's files supporting OFAC's designation of Mr. Tajideen;[1] and

8. Copies of all available materials gathered during the criminal investigation relevant to Mr. Tajideen's false statements to OFAC concerning Mr. Tajideen's financial dealings with his brothers, Ali and Husayn Tajideen.

In addition, the government acknowledged its continuing obligation to identify and provide to Mr. Tajideen any exculpatory information in the government's possession.

When counsel at WilmerHale learned the government's position on the universe of discoverable material in this case, on July 17, 2017, Mr. Tajideen, through counsel at WilmerHale, filed a Motion to Compel Discovery of Rule 16 and *Brady* Material (Dkt. No. 28). In short, Mr. Tajideen's Motion to Compel sought the production of documents withheld by the government, specifically, documents withheld from OFAC's holdings supporting OFAC's designation of Mr. Tajideen. On August 14, 2017, the government filed its Response to Defendant's Motion to Compel Discovery of Rule 16 and *Brady* Material, maintaining that Mr. Tajideen was not entitled to receive copies of the materials withheld from OFAC's files and that the government had either already provided, or would provide, copies of all materials to which Mr. Tajideen is entitled (Dkt. No. 31). On August 21, 2017, Mr. Tajideen, through counsel at WilmerHale, filed his Reply in Support of his Motion to Compel (Dkt. No. 32). On August 28, 2017, the Court presided over a hearing on Mr. Tajideen's Motion to Compel Discovery and *Brady* Material. At the conclusion of the August 28, 2017, hearing, the Court provided its oral ruling denying Mr. Tajideen's motion. See 8/28/27 Tr. p. 30. On August 29, 2017, the Court issued a written Order memorializing the Court's August 28, 20107, oral ruling.

On September 12, 2017, Mr. Tajideen, through counsel at WilmerHale, sent the government correspondence providing the government with counsel's view regarding what remaining discovery needs to be produced. Among other things, counsel's September 12, 2017, letter reiterated counsel's belief that the following categories of information include discoverable materials:

1. Documents and information concerning Mr. Tajideen's alleged connection to Hizballah;

2. Documents and information concerning OFAC's designation of Mr. Tajideen as an SDGT;

---

[1] You should not construe the government's disclosure of these materials as the government's agreement that these materials are relevant to the charges included in the Indictment.

3

3. Documents and information concerning Mr. Tajideen's effort to persuade OFAC to remove his SDGT designation;

4. Documents and information concerning OFAC's records and assessments of Mr. Tajideen's conduct and intent;

5. Documents and information concerning relationships between and among Mr. Tajideen, his family members, and businesses owned or controlled by Mr. Tajideen and/or his relatives;

6. Documents and information concerning Epsilon Trading FZE, International Cross Trading Company, SICAM LDA, and Somodec SARL;

7. Documents and information concerning InterVision Foods LLC, Grove Services, and LH Products, Inc.; and

8. Documents and information concerning the interpretation, implementation, and enforcement of IEEPA, Executive Order 13224, and the Global Terrorist Sanctions Regulations, in connection with Mr. Tajideen and companies that he allegedly owns or controls, by OFAC or other U.S. Government officials, offices, agencies, or departments.

In response to Mr. Tajideen's requests for discovery, to date, the government has provided Mr. Tajideen with voluminous discovery, totaling over 3 million pages of materials. In addition, the government has reviewed a number of other U.S. government agencies' holdings, including OFAC's, and provided all information to which your client is entitled per *Brady v. Maryland, 373 U.S. 83 (1963)*. Specifically, the government has produced the following unclassified materials:

| DATE OF PRODUCTION | SUMMARY OF MATERIALS DISCLOSED | BATES LABELS |
|---|---|---|
| March 30, 2017 | Documents received by the government from email service providers pursuant to search warrants | DOJ_T_00000001 to DOJ_T_01201597 |
|  | Three .wav audio files | DOJ_01201598 |
|  | Eleven search warrant application packages | DOJ_01201621 to DOJ_01201923 |
|  | 723 pages of documents related to OFAC | DOJ_01201924 to DOJ_01202646 |
| April 5, 2017 | Twenty two photographs taken immediately prior to and during Kassim Tajideen's post-arrest flight to the United States | DOJ_01201599 to DOJ_01201620 |
|  | Copy of a business card of Ibrahim Taher | DOJ_01202647 |

4

|  | Documents pertaining to pertaining to LH Licensed Products | DOJ_01202648 to DOJ_01204261 |
|---|---|---|
|  | Documents pertaining to Intervision Foods | DOJ_01204262 to DOJ_01204264 |
| April 7, 2017 | Documents pertaining to Grove Services and Intervision Foods | DOJ_01204265 to DOJ_01211301 |
| April 13, 2017 | Documents pertaining to ExxonMobil, Hakan USA, Watanmal, SMD International, Vinmar International, as well as open source materials and public documents | DOJ_01211302 to DOJ_01299963 |
|  | DEA Form 6 dated March 28, 2017 | DOJ_01299964 to DOJ_01299968 |
|  | DEA Form 13 dated March 28, 2017 | DOJ_01299969 |
|  | Transcription of a post-arrest statement to foreign authorities | DOJ_01299970 |
|  | Documents pertaining to Intervision Foods | DOJ_01299971 to DOJ_01300370 |
| April 20, 2017 | Documents pertaining to Seaboard Corporation | DOJ_01300371 to DOJ_01545114 |
| May 1, 2017 | Documents received by the government from email service providers pursuant to search warrants | DOJ_01545115 to DOJ_02546291 |
| May 31, 2017 | Bank records regarding Bank of New York Mellon | DOJ_02546292 to DOJ_02547343 |
|  | Documents pertaining to Bank of New York Mellon, Grove Services, and Tyson Foods | DOJ_02547344 to DOJ_02621392 |
| June 8, 2017 | Five audio files, four of which the government believes to be voicemail recordings of Defendant Kassim Tajideen |  |
|  | DEA Form 6 dated October 7, 2013 | DOJ_02621393 to DOJ_02621398 |
|  | Documents pertaining to M&M Recycling | DOJ_02621399 to DOJ_02621669 |
|  | Documents pertaining to ED&F Man Sugar | DOJ_02621670 to DOJ_02622110 |
|  | Documents pertaining to Young Skiro | DOJ_02622111 to DOJ_02622118 |
| June 13, 2017 | Documents pertaining to Salix Fruits | DOJ_02622119 to DOJ_02622714 |
|  | Documents pertaining to HSBC | DOJ_02622715 to DOJ_02622787 |
|  | Civil litigation documents pertaining to defendant Tajideen | DOJ_02622788 to DOJ_02622825 |

5

|  | Documents pertaining to Citi | DOJ_02622826 to DOJ_02623848 |
|---|---|---|
|  | Documents pertaining to Wells Fargo | DOJ_02623849 to DOJ_02625160 |
|  | Documents pertaining to CHIPS | DOJ_02625161 to DOJ_02625162 |
|  | Documents pertaining to Societe General | DOJ_02625163 to DOJ_02625417 |
|  | Documents pertaining to Deutsche Bank | DOJ_02625418 to DOJ_02625580 |
| June 29, 2017 | Documents pertaining to Salix Fruits | DOJ_02625581 to DOJ_02625604 |
|  | Documents pertaining to Alcon Miami Corporation | DOJ_02625605 to DOJ_02625608 |
|  | Documents pertaining to OFAC previously produced on March 30, 2017, hereby reproduced in redacted form and intended to replace the previous version with the same bates numbers | DOJ_01201924 to DOJ_01202646 |
|  | Documents pertaining to Standard Chartered Bank | DOJ_02625609 |
|  | Documents pertaining to Fedwire | DOJ_02625610 |
|  | Documents pertaining to Alcon Miami Corporation | DOJ_02625611 to DOJ_02626110 |
|  | Documents pertaining to GlobalWing USA | DOJ_02626111 to DOJ_02626165 |
|  | Documents pertaining to LH Licensed Products | DOJ_02626166 to DOJ_02630119 |
|  | Documents pertaining to Wells Fargo | DOJ_02630120 to DOJ_02632777 |
|  | Documents pertaining to JPMorgan Chase | DOJ_02632778 |
|  | Documents pertaining to Wells Fargo | DOJ_02632779 to DOJ_02632814 |
|  | A copy of a business card | DOJ_02632815 |
|  | Documents pertaining to CHIPS | DOJ_02632816 to DOJ_02632824 |
|  | Documents pertaining to Citigroup | DOJ_02632825 to DOJ_02633827 |
|  | Documents pertaining to SMD International | DOJ_02633828 to DOJ_02645926 |
|  | Documents pertaining to Mashreq Bank | DOJ_02645927 |
|  | Documents pertaining to Intervision Foods | DOJ_02645928 to DOJ_02646323 |
|  | Documents pertaining to Watanmal | DOJ_02646324 to DOJ_02646333 |
|  | Documents pertaining to Bank of America | DOJ_02646334 |

6

| | | |
|---|---|---|
| | Documents pertaining to CHIPS | DOJ_02646335 to DOJ_02646338 |
| | Documents pertaining to Bank of New York Mellon | DOJ_02646339 |
| | Documents pertaining to Seaboard | DOJ_02646340 to DOJ_02646634 |
| | Documents pertaining to NHG | DOJ_02646635 to DOJ_02653202 |
| | Documents pertaining to Grove Services | DOJ_02653203 to DOJ_02653486 |
| | Documents pertaining to Tyson Foods | DOJ_02653487 to DOJ_02767837 |
| July 10, 2017 | Documents pertaining to OFAC | DOJ_02767838 to DOJ_02769454 |
| | Documents pertaining to WilmerHale and *US v. Three Sums Totaling $1,207,035.31 In Seized United States Currency*, (D.D.C. 1:16-CV-0064-RBW) | DOJ_02769455 to DOJ_02769541 |
| | Documents pertaining to Bank of New York Mellon | DOJ_02769542 to DOJ_02769552 |
| July 18, 2017 | Documents pertaining to OFAC | DOJ_02769553 to DOJ_02770043 |
| August 16, 2017 | Data extracted from electronic devices seized from the defendant at the time of his arrest | DOJ_02770093 to DOJ_02770098 |
| August 22, 2017 | Documents pertaining to OFAC | DOJ_02770044 to DOJ_02770085 |
| | Documents pertaining to the Federal Register | DOJ_02770086 to DOJ_2770090 |
| | Press Release from the US Embassy in Luanda, Angola | DOJ_02770091 to DOJ_02770092 |
| | Documents pertaining to Young-Skiro | DOJ_02820953 to DOJ_02821233 |
| | Documents pertaining to Intervision Foods | DOJ_02821234 to DOJ_02824296 |
| | Documents pertaining to OFAC | DOJ_02824297 to DOJ_02824656 |
| | Documents pertaining to OFAC previously produced on March 30, 2017, as well as in redacted form on June 29, 2017, hereby reproduced again in further redacted form, and intended to replace the previous versions with the same bates numbers | DOJ_01201924 to DOJ_01202646 |
| | Documents pertaining to OFAC, bates labeled; | DOJ_02770099 to DOJ_02770101 |

7

|  | Documents pertaining to Tyson Foods, Clabber Girl, and Grove Services | DOJ_02770101 to DOJ_02820952 |
|---|---|---|
| September 6, 2017 | Affidavit of Special Agent Steven Miller, sworn July 19, 2017 | DOJ_02824657 to DOJ_02824714 |
|  | Document received from OFAC characterized as administrative record of 2010 designation of Husayn Tajideen, Tajco, and Kairaba Market | DOJ_02825184 to DOJ_02825223 |
|  | Exhibits from 2010 OFAC designation of defendant's brothers and companies | DOJ_02824715 to DOJ_02824763 |
|  | Documents pertaining to Intervision Foods | DOJ_02824764 to DOJ_02825183 |
| September 15, 2017 | Data extracted from electronic devices seized from the defendant at the time of his arrest | DOJ_02825224 |
| September 29, 2017 | Records pertaining to Bank of America | DOJ_02825225 |
|  | Documents pertaining to Bank of New York Mellon | DOJ_02825226 |
|  | Documents pertaining to Citibank | DOJ_02825227 |
|  | Documents pertaining to HSBC | DOJ_02825228 |
|  | Documents pertaining to JPMorgan Chase | DOJ_02825229 |
|  | Documents pertaining to Mashreq Bank | DOJ_02825230 |
|  | Documents of the U.S. government containing import and export data | DOJ_02825231 to DOJ_02825243 |
|  | Documents pertaining to Deutsche Bank | DOJ_02825244 to DOJ_02825289 |
|  | Documents pertaining to Commerzbank | DOJ_02825290 |
|  | Documents pertaining to Standard Chartered Bank | DOJ_02825291 to DOJ_02825322 |
|  | Documents pertaining to Intervision Foods | DOJ_02825323 to DOJ_02858926 |
| October 31, 2017 | Documents pertaining to Tyson Foods | DOJ_02858927 to DOJ_02904059 |
|  | Documents pertaining to Intervision Foods | DOJ_02904060 to DOJ_02979727 |
|  | Documents pertaining to NHG Timber Ltd | DOJ_02979728 to DOJ_03087736 |
|  | Documents pertaining to Belgian Federal Police investigation and prosecution of Kassim Tajideen, Huda Saad, et al. | DOJ_03087736 to DOJ_03088561 |
|  | Open source document from TheSentry.org | DOJ_03088562 to DOJ_03088604 |
|  | Documents pertaining to OFAC | DOJ_03088605 to DOJ_03088950 |
| November 28, 2017 | Documents pertaining to InterVision | DOJ_03088951 to DOJ_03090476 |

8

*U.S. v. Tajideen* 2017-CR-00046 (RBW)

The government's position regarding the defendant's requests for discovery is set forth in detail in the government's Response to Defendant's Motion to Compel Discovery of Rule 16 and *Brady* (Dkt. # 31).  Pursuant to the contours of the government's discovery obligations set forth in the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and other applicable statutes and case law, the government is providing the defendant with all materials that are within the government's custody and control to which Mr. Tajideen is entitled.

Please feel free to reach out to either of us should you wish to discuss this matter further.

Sincerely,

Thomas Gillice
Maia Luckner Miller
Assistant U.S. Attorneys
Jacqueline Barkett
Special Assistant U.S. Attorney
National Security Section
U.S. Attorney's Office for the
District of Columbia
Gillice: (202) 252-1791
Thomas.Gillice@usdoj.gov
Miller: (202) 252-6737
Maia.Miller@usdojgov
Barkett: (202) 616-2344
Jacqueline.L.Barkett@usdoj.gov


Joseph Palazzo
Trial Attorney
Money Laundering and Asset
Recovery Section
U.S. Department of Justice
202-445-7910
Joseph.Palazzo@usdoj.gov