# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :
      :
      :
      v.       :       Case No. 1:17-CR-00046 (RBW)
      :
KASSIM TAJIDEEN       :
      :
      :
_____ :

## KASSIM TAJIDEEN'S REPLY IN SUPPORT OF HIS MOTION FOR PRETRIAL RELEASE

Mr. Tajideen is entitled to release and, given his assurances that he will appear and the conditions that he offers to guarantee it, no reason exists to subject a frail sixty-two year old man who is presumed innocent to incarceration. The government has not proven, by a preponderance of the evidence, that "no conditions or combinations of conditions will reasonably assure [Mr. Tajideen's] appearance. . . ." 18 U.S.C. § 3142(c); *see also United States v. Xulam*, 84 F.3d 441, 442 & 444 (D.C. Cir. 1996). And, while the government hopes to avoid that standard by arguing that nothing has changed since Mr. Tajideen's motion, ECF No. 62 at 1, that assertion is both inconsequential and false.

## I. The Government Fails to Demonstrate that Mr. Tajideen's Proposed Conditions of Release Will Not Reasonably Assure His Appearance.

The government's opposition never explains how, in light of the onerous conditions offered, Mr. Tajideen could abscond. ECF No. 62. But that is its burden. *Xulam*, 84 F.3d at 442 (stating that the government must demonstrate, by a preponderance of the evidence, that no combination of conditions can "reasonably" assure the defendant will appear). This burden cannot be satisfied through conclusory statements that wholly ignore the conditions actually proposed. *See, e.g.*, *United States v. Hassanshahi*, 989 F. Supp. 2d 110, 118 (D.D.C. 2013) ("The

law only requires release conditions that will *reasonably* ensure a defendant's appearance, not foolproof conditions."). To overcome the "strong presumption against detention,"[1] the government must explain how Mr. Tajideen, a sixty-two year old man "could be sprung from a secure [undisclosed] residence ███████████, . . . ███████████████████ ████████████████, only to then escape the country by also evading customs and airport security [without a passport] . . . ." ECF No. 59-2 at 13.[2] Yet the government never attempts to do so. Indeed, the government never even addresses why, as Mr. Tajideen proposes, electronic home monitoring and his relative's home as security are insufficient conditions to assure the appearance of a sixty-two year old man with no military training or technological expertise who is currently in a country where the government emphasizes he has no connections. Nor does the government point to evidence that Mr. Tajideen intends to flee. *Id.* at 11-13. For those reasons alone, Mr. Tajideen should be released.

In fact, when the government actually attempts to articulate what, in its view, would be required to assure Mr. Tajideen's appearance, it proves that the conditions to which Mr. Tajideen's is willing to agree, if the Court deems them necessary,[3] are sufficient. According to

---

[1] *Hassanshahi*, 989 F. Supp. 2d at 113 ("Our system of criminal justice embraces a strong presumption against detention. In our society liberty is the norm and detention prior to trial or without trial is the carefully limited exception.") (citations and internal quotations omitted); *United States v. Hanson*, 613 F. Supp. 2d 85, 87 (D.D.C. 2009) (same).

[2] The closest the government comes to attempting to explain how Mr. Tajideen might flee is when it repeats its vague assertions about his wealth. ECF No. 62 at 9; *see also* ECF No. 22 at 9 (asserting that Mr. Tajideen is "a saavy [sic] international businessman who speaks English and has at his own disposal his own vast wealth and that of his wealthy friends in order to make arrangements for travel, documents, payoffs, private transportation, or other avenues necessary for his escape"). But this is pure conjecture, not proof – much less proof that rises to a preponderance of the evidence. Moreover, this conjecture does not address the specific conditions Mr. Tajideen proposes, or why those conditions would not reasonably assure his appearance. At times, the government also suggests that Mr. Tajideen has history of using fake documents in an attempt to suggest that he could (and would) manufacture false documents to abscond, but the purportedly falsified documents in the Belgium case were invoices. And, in any event, Mr. Tajideen appeared for that case, which, as explained in Mr. Tajideen's motion, is the significant fact here. *See* ECF No. 59-2 at 11 (citing *United States v. Battle*, 59 F. Supp. 2d 17 (D.D.C. 1999)).

[3] ECF No. 59-2 at 3.

the government, the necessary conditions are "[1] a legitimate holding facility, [2] administered

by unbiased and otherwise accountable officials, [3] with multiple locked doors, [4] numerous

rotating staff, [5] video surveillance and [6] restricted access to the facility . . . ."  ECF No. 62 at

9. Mr. Tajideen's proposal satisfies all of those conditions. ████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████ *id.* at 6, have surrendered his passports, *id.* at 11-12, and

████████████████████████████████████████████████████████████████████████████████████

███████████████████████████ Even assuming that Mr. Tajideen is a flight risk, and his past actions

(which the government also ignores) demonstrate otherwise, *id.* at 11, his proposal satisfies every

condition that the government states is necessary to guarantee his appearance, going well-beyond

the actual standard of providing a *reasonable* assurance.

## II.      Mr. Tajideen Has Presented Changed Circumstances that Further Support His Motion for Pretrial Release.

Even without changed circumstances, Mr. Tajideen would be entitled to release, but the

government's assertion that "the defendant presents no new facts or changed circumstances,"

ECF No. 62 at 1, disregards the following:

1. Because the government refuses to provide any discovery regarding Mr. Tajideen's purported link to Hizballah, and states that any such proof is irrelevant to this action, *see, e.g.*, ECF No. 62 at n.1,[4] the Court must now disregard or presume to be untrue any allegation of any link to any terrorist group for purposes of release. Put differently, the government has now fundamentally recast this case from one involving (as they alleged in the indictment) terrorism to one simply involving alleged financial improprieties. The allegations thus are significantly less serious than was the case when the Court first visited the issue.

2. Mr. Tajideen's ████████████████, a U.S. citizen with substantial ties to this country, now will post his family's home to assure Mr. Tajideen's appearance. The government attempts to attack the importance of this new condition by questioning the value of the home. ECF No. 62 at 8. But that misses the mark. ████████ is putting up his family's home; it is the home they can afford; and, if Mr. Tajideen absconded, the loss of the home would inflict significant harm on ████████ and his family.

3. Mr. Tajideen has engaged a new company, ████████, to secure him. The government attempts to treat ████████ as identical to the security company previously proposed, but Zuckerman Spaeder engaged ████████ specifically to address this Court's expressed concerns about accountability. ECF No. 59-2 at 7-10; *see also id.* at Ex. A. ████████ is a highly respected and reputable company that is run by individuals with impeccable credentials. *Id.* at 7-10; *see also id.* at Ex. A. Courts have approved it to secure people pretrial, and each of those individuals has made every required appearance. *Id.* at 8; *id.* at Ex. A ¶ 6. The government, including the Department of Justice, has also appointed ████████ to monitor the conduct of organizations. *Id.* at 9; *id.* at Ex. A ¶ 5. If Mr. Tajideen were to flee while under

---

[4] The government incorrectly asserts that Mr. Tajideen's motion to compel discovery "acknowledge[s]" that such evidence is irrelevant. *Id.* On the contrary, Mr. Tajideen maintains that such evidence is relevant, and the government must produce such evidence to comply with its discovery obligations.

███████ supervision, it would substantially harm ████ by damaging its reputation and limiting its ability to secure future work, including appointments to secure individuals pre-trial and other important work where it is either approved or appointed by the government itself. *Id.* at 9-10; *id.* at Ex. A ¶¶ 4-5.

## CONCLUSION

For the reasons stated in Mr. Tajideen's motion and this reply, Mr. Tajideen respectfully requests that the Court grant his motion for pre-trial release.

Dated: January 26, 2018                           Respectfully submitted,

/s/ Eric R. Delinsky
William W. Taylor, III (D.C. Bar No. 84194)
Eric R. Delinsky (D.C. Bar No. 460958)
Steven N. Herman (D.C. Bar No. 987250)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
E-mail: edelinsky@zuckerman.com


Paul G. Cassell (Utah Bar No. 6078)
S.J. Quinney College of Law, Univ. of Utah[5]
383 S. University Street
Salt Lake City, UT 84112-0730
Tel: (801) 585-5202
Fax: (801) 585-2750
E-mail: cassellp@law.utah.edu

*Attorneys for Defendant Kassim Tajideen*

---

[5] This address is provided for identification and contact purposes only and is not intended to imply institutional endorsement for this private representation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2018, the foregoing was served on counsel of record via the Court's CM/ECF Service.

/s/ Eric R. Delinsky
Eric R. Delinsky