# Exhibit 2

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 2 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 1 of 86      1
GC8LNGL1

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    UNITED STATES OF AMERICA,

 4               v.                              15 CR 706 (VSB)

 5    NG LAP SENG, JEFF C. YIN,

 6               Defendants.

 7    ------------------------------x

 8                                            New York, N.Y.
                                              December 8, 2016
 9                                            3:48 p.m.

10    Before:

11
                       HON. VERNON S. BRODERICK,
12
                                              District Judge
13

14                            APPEARANCES

15    PREET BHARARA
           United States Attorney for the
16         Southern District of New York
      DOUGLAS ZOLKIND
17    JANIS ECHENBERG
      DANIEL RICHENTHAL
18         Assistant United States Attorneys
           -and-
19    DAVID A. LAST, Trial Attorney

20    SHAPIRO ARATO LLP
           Attorneys for Defendant Ng
21    BY:  ALEXANDRA SHAPIRO
           -and-
22    PARK JENSEN BENNETT LLP
      BY:  TAI H. PARK
23         CHRISTOPHER GREER
           -and-
24    THE LAW FIRM OF HUGH H. MO, P.C.
      BY:  HUGH H. MO
25
                 (Appearances continued on next page)
```

```
GC8LNGL1
```

                    APPEARANCES (cont'd)

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant Yin
BY:  SABRINA P. SHROFF
     ALLEGRA GLASHAUSSER

ALSO PRESENT:  JEAN YAP, Cantonese Interpreter

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 4 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 71 of 86    71
GC8SNGL2

1      (Discussion off the record)
2      THE COURT:  One is, Ms. Shroff, your client's
3  appearance today.  Had you discussed with him appearing today?
4  We got your waiver in connection with his arraignment
5  on the superseder, but in connection with his appearance today.
6      MS. SHROFF:  We did, your Honor.  I can show the
7  court, actually, that each time we are here, we order the
8  transcript, we send it to Mr. Yin.  And he is fully aware,
9  after speaking to us, as well as reading what happened.
10     THE COURT:  I'm sorry. I interrupted.  You said there
11 were two issues.
12     MR. ZOLKIND:  That was one, your Honor.
13     The other is whether it makes sense to set a motion
14 schedule with respect to Yin's anticipated motion for
15 severance.
16     THE COURT:  I think since you're going to be talking
17 with one another anyway, talk about that and figure out a
18 schedule that would be fine and propose it to me with regard to
19 that motion.
20     Ms. Shroff, yes.  If you want to leave, you can leave.
21     MS. SHROFF:  Thank you, your Honor.  It is not so much
22 want, but need.
23     THE COURT:  I understand.
24     (Ms. Shroff left proceeding)
25     THE COURT:  Are we prepared to now go forward on the

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 5 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 72 of 86      72
GC8SNGL2

1  bail issue?

2       MR. MO: Yes, your Honor.

3       May I?

4       THE COURT: Yes.

5       MR. MO: Your Honor, as you know, we made this

6  application to amend Mr. Ng's bail, making a modest request,

7  and that every week he is given the opportunity to leave his

8  residence in order to get some free time, if I can use that

9  term very loosely, subject to pretrial services, as well as

10 government's approval.

11      Your Honor, I want to point out that we have submitted

12 the motion initially that is by letter dated October 18, and

13 then the government opposed it by October 24. We submitted a

14 reply by October 25. Yesterday, the government submitted a

15 reply, if I can call it that. That is dated December 7.

16      One of the issues that I thought we should not lose

17 sight is that the purpose of bail in this case is to deal with

18 the issue of flight, according to the government's

19 characterization from day one, severe risk of flight. Severe.

20 They emphasize that time and time again in all their letters on

21 the issues of bail, about his wealth, about the fact that he

22 traveled by private jet, about the fact that he has no roots in

23 America, he carries passports of foreign countries, and the

24 fact that he cannot be assured that he would appear for trial.

25      Your Honor, it is interesting. That is why he is

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 6 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 73 of 86      73
GC8SNGL2

1  released on $50 million bail, $20 million cash, and all the
2  other very, very onerous conditions, I believe 27 different
3  conditions, that would ensure that he will not be a flight.
4  There will be no flight here.  That is why we have 24/7 armed
5  security at his premises.
6         I find it very troublesome that the government
7  frequently alluded to the fact that he is living in a
8  four-bedroom multi-million dollar apartment.  He has all these
9  assets.  He has recently, by the way, over government's
10 objection, vigorous objection, he was granted the privilege of
11 using his building's gym so he can exercise three times a week,
12 again, subject to notification of pretrial, subject to
13 monitoring by armed security that he pays for.
14         The fact that he has the opportunity to make frequent
15 calls from the apartment, frequent visitors from family and
16 business, as well as the opportunity to visit counsel on a
17 regular basis, as well as go out to come to court on
18 notification and whatnot.
19         Your Honor, one thing that is lost in the government's
20 argument is that Mr. Ng is not free.  He is subject to all of
21 these restrictions that the government also lost sight of, the
22 fact that all of these restrictions imposes a severe, severe
23 psychological, mental, physical, as well as financial burden on
24 Mr. Ng.  Those are the collateral consequences of this bail
25 condition that this court has imposed, inasmuch as he is not

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 7 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 74 of 86      74
GC8SNGL2

1   detained, that it has tremendous collateral consequences on him
2   that the government is totally ignoring.
3         There is a saying, the freedom, even the slightest
4   infringement of freedom, causes severe hardship on Mr. Ng.  I
5   submit that, your Honor, in this court, he is presumed
6   innocent, that's the only issue, and I submit that the letter
7   that was submitted yesterday by the government.  If you examine
8   it carefully, it doesn't raise any issues of flight.
9         The government submitted two pieces of exhibits.  I
10  considered those exhibits that are disingenuous and were also
11  submitted in bad faith.  They submitted a telephone recording
12  of a conversation that Mr. Ng had with someone in China.  This
13  was soon after he was released from MDC, after being confined
14  for 45 days, and that he told his friend, oh, I'm so happy.  I
15  am very, very happy in my new surrounding, that it is not so
16  bad to be back home.
17        In order to demonstrate that all these onerous
18  conditions and restrictive conditions that have been imposed
19  upon him, it is not so bad, that being confined at home under
20  27 onerous conditions, 24/7 security guards who are really
21  depriving him of any privacy, your Honor, he has cameras
22  mounted throughout his apartment, except for his bathroom and
23  bedroom, his phone calls are recorded pursuant to his consent,
24  Title III consent, and the fact that everything he does in his
25  apartment, while he is eating, sitting there, he is walking

1  around, there are two pairs of eyes observing him. There are
2  two security guards. I can say they're strangers, but they are
3  paid by him. And also the fact that, your Honor, that his
4  entire life, particularly the business, the extensive
5  businesses that he normally conducts when he is at liberty, are
6  being severely affected. And the fact that all his loved ones
7  have to travel more than 10,000 miles at great expenses, at
8  great hardship, in order to visit him, also for a very limited
9  period, and social friends, the business friends or the
10 business associates have to visit him at great expenses. As
11 far as I'm concerned, your Honor, these are issues that the
12 government is trivializing. They are ignoring it. They are
13 taking the position that you should be very, very happy,
14 Mr. Ng, that you are in a gilded cage.
15       Your Honor, at the end of the day, the issue that we
16 are dealing with is any flight. The government submitted six
17 photographs of Mr. Ng while he was on his way back to his
18 residence under armed security. He came out of his car in
19 order to place an order for some Chinese take-out. And, in
20 fact, those photographs actually show one of the security
21 guards standing right next to him. Now, he was not patronizing
22 the restaurant. He was not sitting down to eat. He was just
23 merely picking up a Chinese take-out.
24       Your Honor, I submit that, at the appropriate time,
25 I will submit to pretrial to allow Mr. Ng to go out and do some

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 9 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 76 of 86    76
GC8SNGL2

```
 1   food shopping, so at least he can buy the food that he likes to
 2   eat, as well as those personal sundry items.  Because I submit
 3   that both pieces of evidence, the exhibits that the government
 4   has attached, do not demonstrate flight risk, and I believe
 5   that there is no inferences that any of the things that have
 6   occurred over the past 15 months demonstrate flight risk.
 7           In fact, your Honor, I want to point out that the
 8   government tried to claim that the motivation of flight has
 9   somehow increased over the period of 15 months because right
10   now the case is stronger.  Your Honor, the motivation of
11   flight, potential motivation that would lead to flight, is a
12   perception of the defendant.
13           Clearly Mr. Ng wants a trial.  Clearly Mr. Ng doesn't
14   believe that the government's case is strong.  And, in fact,
15   the defense team doesn't think that the government's case is
16   strong.  The fact that the government conceded that there is no
17   new evidence over the past 12 months in support of the
18   superseding indictment speaks volumes.
19           I also want to point out, your Honor, that Mr. Ng has
20   been fully aware from day one of the charges against him, the
21   seriousness of the charges against him, and Mr. Ng has been
22   aware since early this spring that the government has a
23   cooperating witness who are cooperating with the government and
24   would testify against him during trial.  However, despite the
25   terabytes of evidence that have been produced, there is not a
```

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 10 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 77 of 86      77
GC8SNGL2

1  single piece of evidence directly connecting Mr. Ng to any of
2  the allegations of bribery in any of the charging instruments
3  that have been brought against him.
4        I submit to your Honor that we are requesting a very
5  modest request in light of the fact that your Honor denied his
6  motion for severance and right now moving this trial to
7  sometime in May, and we are talking about something like
8  21 month since his arrest. If there is any meaning to a speedy
9  trial, a prompt trial for Mr. Ng, I think your Honor should
10 seriously consider this very modest request, and the fact that
11 I submit that he has a right to have some free time, and that
12 the bail conditions that were imposed was merely to deal with
13 flight risk, that there is absolutely no evidence of any flight
14 risk, that throughout the 13 months that he's been in home
15 confinement subject to 24-hour security, there is no breach
16 that would trigger any concern of flight.
17       I submit that this argument that the government is
18 making in support of keeping him under those strict, onerous
19 conditions is really amounted to punitive measure to punish him
20 or to break down his will to fight this case. I submit that
21 your Honor could confer with pretrial and certainly order
22 conditions that have been imposed would be abided by Mr. Ng
23 in giving him that one day a week. I submit that that is very
24 important for his mental, physical well-being.
25       I think that that is what this court should be

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 11 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 78 of 86    78
GC8SNGL2

1    concerned about, whether there is any flight risk, and I submit
2    that the government has not raised any issue of a concern of
3    flight based on this very, very modest request.
4             THE COURT:  I'm sorry, Mr. Mo, you had mentioned that
5    in the photos, or one of the photos, that one of the security
6    detail is with Mr. Ng.  Which photo is that?
7             MR. MO:  Your Honor, I submit that there is a
8    gentleman here with white hair.
9             THE COURT:  I am not sure what you're --
10            MR. MO:  I'm not sure.  Page six of six.
11            THE COURT:  OK.
12            MS. ECHENBERG:  It's the second to last in the last
13   photo.
14            THE COURT:  I see what you're saying.
15            The gentleman who is standing who is with the gray
16   hair to the left of where Mr. Ng is?
17            MR. MO:  I believe it's the white-haired gentleman.
18            THE COURT:  Yes, yes.
19            Let me hear from the government.
20            MR. RICHENTHAL:  Your Honor, Mr. Mo mentioned
21   pretrial.  Pretrial opposes this request.  In our judgment, it
22   does so appropriately.
23            I am not going to say very much.  We have been here
24   a long time with a lot of discussion about bail.  A couple
25   quick corrections to the record.  I think Mr. Mo misspoke.  We

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 12 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 79 of 86        79
GC8SNGL2

1  don't concede no new evidence over the past few months.  That
2  is just not true, nor is it the case, as we understand it, that
3  the Guidepost individuals follow Mr. Ng around his apartment.
4  As we understand it, they are essentially posted in the
5  hallway, but this is all sort of besides the point.
6          As your Honor knows maybe all too well, we had a
7  really lengthy argument, series of arguments, in October of
8  last year, and there have been a series of submissions, both
9  before and during and after that argument, and they are all
10 about one thing, the same thing Mr. Mo keeps saying this is
11 about, the same thing the Bail Reform Statute said this is
12 about, which is what are the reasonable conditions that can
13 assure the defendant's appearance in court.  Having considered
14 all of that, this court ordered a series of them for really
15 good reason.
16         Mr. Ng's counsel is now essentially asking this court
17 at bottom, stripped of all the rhetoric, to remove the most
18 important one, for one day a week, all day.  That should not
19 happen.  It should not happen for the same reason the court
20 ordered that condition in the first place, that is, that he be
21 confined in his apartment, except for specified purposes in
22 confined spaces, with notice because his risk of flight was
23 then, and is now, extraordinarily severe.  Maybe it's gotten
24 better or worse.  We think it has gotten worse.  We think the
25 risk is more severe.

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 13 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 80 of 86        80
GC8SNGL2

1            Even if the court thinks it is the same as it was last
2    year, there is reason the court ordered what it ordered.  And
3    nothing has changed except one thing.  We now have reason to
4    be concerned that Guidepost isn't doing the job as well as it
5    should be.  I don't say that easily.  Guidepost was not
6    supposed to allow Mr. Ng to go to a restaurant whether it is
7    for 20 minutes or two hours.  They were told that, and this
8    court order is clear, and they did it anyway.
9            In addition, as your Honor knows, Mr. Ng's ankle
10   bracelet was going off this afternoon.  Our understanding from
11   pretrial, Mr. Ulrich, is that that is not the first time it's
12   failed to be charged.  I can't attribute that necessarily to
13   Guidepost, but it is concerning.
14           So on the one hand, we have a defendant who this court
15   already decided, already decided presented a severe risk of
16   flight requiring these conditions.  On the other hand, we have
17   no diminishment in that risk.  We think we have increased risk.
18   Let's stipulate, perhaps, it hasn't changed.  We have increased
19   concern about the key party here that is supposed to keep him
20   from fleeing, and that Mr. Mo didn't mention this, and he is
21   supposed to keep him from violating the other important
22   conditions imposed by this court, like no communication with
23   other proved individuals, which is exactly what that photograph
24   shows, and so on and so forth.
25           It is a set of interlocking conditions for a very good

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 14 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 81 of 86                81
GC8SNGL2

1  reason. They were appropriate last year. Indeed, as your
2  Honor knows, we thought he actually should be detained. They
3  are appropriate now. Pretrial opposes. We oppose. The recent
4  events should give this court even greater pause about giving
5  Mr. Ng what he wants.
6        The purpose of our listing of the conditions of his
7  bail is not because they're inappropriate. That is where he
8  lives. That is his right. It is because the entire premise of
9  his motion is that his conditions are so onerous, so extreme,
10 that your Honor should relax the most important one. And the
11 point that we were making is, they are actually not. They are
12 very different than being at liberty, and we could not remotely
13 suggest otherwise. They are also very different from being
14 detained, and they are not what is being suggested in this
15 court. But, again, that ultimately doesn't matter either. The
16 question is, is he a risk of flight. Absolutely.
17       Other conditions that can assure his appearance in
18 court. This court has previously decided yes, they are really
19 restricted. Is there reason to remove the most important of
20 them? Absolutely not. And, in fact, there is increased reason
21 not to do it because of recent events.
22       As I said, we oppose, and so does pretrial, which
23 lives with this every day. The court should deny the
24 defendant's motion.
25       MR. MO: May I be heard, your Honor?

Case 1:17-cr-00046-RBW Document 95-2 Filed 02/20/18 Page 15 of 19
Case 1:15-cr-00706-VSB Document 350 Filed 12/19/16 Page 82 of 86    82
GC8SNGL2

1    THE COURT: OK.
2    MR. MO: I submit that certain misstatements have been
3 made on the record, and I would like to correct them.
4    The Guidepost Securities are physically stationed
5 inside the apartment, and despite the fact that government's
6 characterization is a 3,000 square feet apartment, it is a very
7 small living room area right when the door opens, a small
8 living room area, a little out cove, and the two security
9 officers are stationed there 24 hours separately.
10   On top of that, your Honor, Mr. Ng going in that
11 restaurant, not to patronize, not to sit down, basically on his
12 way to pick up some take-out orders, and he did not engage in
13 any conversation with anybody in that restaurant. In fact, he
14 was under observation by a security officer who is photographed
15 standing right in front of him.
16   Your Honor, I submit that any inferences the Guidepost
17 was not doing its job is inappropriate and there is no evidence
18 to support that. I think Guidepost is a professional outfit.
19 They have been carrying out their duties. There are no
20 documented instances of potential flight risk or even
21 violations of the court orders.
22   I further submit that, your Honor, we are asking for a
23 very modest request. When Mr. Ng, under court authorization,
24 is permitted to go out into public space whether to come to
25 court, go to see the doctor, go to the barber shop, or come to

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 16 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 83 of 86   83
GC8SNGL2

1   my law office, he is in the public space, and then at some
2   point he is in an enclosed space.
3           We are asking, your Honor, that Guidepost should
4   be able to have its input in terms of maintaining the security
5   arrangement, that when Mr. Ng is given the right to leave his
6   residence one time a week subject to pretrial, as well as
7   government's approval, if there are any issues to be raised,
8   your Honor would definitely be advised.
9           THE COURT:  OK.  I am prepared to rule.
10          Look, this is obviously a very unusual situation.
11  Bail was granted in this case really because Mr. Ng has the
12  means to provide security, and I am saying that not in the
13  money sense, but security that would ensure his appearance
14  here.  And by that, I am talking about all the conditions.
15          My sense is there is some debate about whether or not
16  the conditions that I have imposed were appropriate because it,
17  in essence, allows the defendants who have means to get out of
18  prison, when those who don't have to remain incarcerated.
19          So I understand initially that is one of the unusual
20  situations here, but typically, when someone is on home
21  confinement, that means home confinement.  I do not find that
22  there are any changed conditions.  While I have relaxed some of
23  the conditions of Mr. Ng's release, I am not prepared to allow
24  Mr. Ng the one day a week.  I previously denied the three days.
25  I am not prepared at this time to allow Mr. Ng that one day a

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 17 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 84 of 86      84
GC8SNGL2

1       week.

2              I am not in any way questioning Guidepost and what
3       they do, but the bottom line is, obviously I made the decision
4       and I implemented the rules that I did in connection with the
5       release because of a risk of flight. But whenever Mr. Ng is
6       commuting, there is an increased risk that maybe -- perhaps,
7       not a tremendous risk necessarily of flight -- but some of the
8       other conditions would be violated.

9              As I stated, I did speak to pretrial, and they
10      informed me that basically they would make the same call. In
11      other words, in any other case, home confinement means -- and I
12      guess in this case it may be home incarceration, I don't know
13      if whether there is a difference -- they would make that call
14      in other cases. In other words, it is what is typically an
15      all-or-nothing thing. So they would either consent to have
16      someone released from the home confinement or they would
17      maintain the home confinement. That has been my experience
18      also with recommendations from pretrial.

19             Look, putting that aside, I am not prepared, based
20      upon what I have heard on the record here today of this case,
21      to grant the requested bail modification.

22             Yes?

23             MR. MO: Your Honor, not to belabor the issue, would
24      your Honor consider granting Mr. Ng's the opportunity, when he
25      visits his lawyer's office, on his way back, he can stop by and

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 18 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 85 of 86                85
GC8LNGL3

```
 1   pick up some Chinese food?  Because I do not want that issue
 2   ever to trigger as a violation of the terms of his departure
 3   or, let's say, picking up a food order.
 4           MR. RICHENTHAL:  Your Honor.
 5           THE COURT:  I was going to suggest, I mean, I don't
 6   know the restaurant you're talking about.  Perhaps it would be
 7   more efficient if he orders it and has it delivered to your
 8   office.  That is what I would suggest.
 9           Here is the problem -- and I don't want any -- part of
10   it is one of misinterpretation of what may be going on.  The
11   time that Mr. Ng is out and in, in particular, in an
12   environment where he speaks the language the Guidepost folks
13   don't.  A, I don't want to -- you know, it is not -- and so the
14   Guidepost has a lot of responsibilities.
15           I am not going to add to that gag, a gag order that he
16   can't speak.  So, again, I think the way around that, again, I
17   understand your request, but I think, perhaps, getting the food
18   brought in is a better way to proceed.
19           (Continued on next page)
20
21
22
23
24
25
```

Case 1:17-cr-00046-RBW   Document 95-2   Filed 02/20/18   Page 19 of 19
Case 1:15-cr-00706-VSB   Document 350   Filed 12/19/16   Page 86 of 86                86
GC8LNGL3

1           MR. MO:  Okay.

2           THE COURT:  Is there anything else we need to deal
3    with today?

4           MR. RICHENTHAL:  Not from the government, your Honor.

5           THE COURT:  So when will I get the letter about all
6    the scheduling motions, can we get that by early next week?

7           MS. SHAPIRO:  Sure.

8           MR. ZOLKIND:  Next week is fine.

9           THE COURT:  And once I get it, I'm assuming it's a
10   reasonable schedule, I'll endorse that.

11          Okay.  Anything from the defense?

12          MR. PARK:  No, your Honor.

13          THE COURT:  Okay.  All right.  Thank you all again for
14   your patience.  It's several hours we've been here, but thank
15   you very much and we'll stand adjourned.

16                                 oOo