# EXHIBIT 4-D

| | |
|---|---|
| **Kingdom of Morocco**<br>--------<br>**All praise is due to God alone**<br>**In the Name of His Majesty the King**<br>**And in Accordance with the Law**<br><br>On the date of: 03-22-2017<br><br>Criminal Chamber Third Division<br><br>At the Court of Cassation in Rabat<br><br>In its public hearing issued the following ruling:<br><br>Between: The Crown Public Prosecutor before the Court of Cassation in Rabat | Decision No.: 3/531<br><br>Dated: 03-22-2017<br><br>Handover File<br><br>Number: 5892/6/3/2017<br><br>Crown Public Prosecutor before the<br><br>Court of Cassation<br><br>Against<br><br>Qassem Tajeddin |

The Applicant

And the person called: Qassem Tajeddin, Belgian and Sierra Leonese of Lebanese origin, born in Freetown on the date of 03/21/1955, of his parents, Mohamed bin Al Hussein and Khadija bint Rodaben, married with four children, and a trader.

[payment stamp: Kingdom of Morocco – 500 dirhams]

[payment stamp: Kingdom of Morocco – 20 dirhams]

The Respondent

[signature]                    [signature]                                      [signature]

531-6-3-2017

1

**EXHIBIT D**                                                                                    **04-D-1**

[Non-Arabic Text]   [cut-off Arabic Text – Rights – Attorney – Casablanca Panel – Admitted to the Court of Cassation]

Based on the official application filed by the judicial authorities in the United States of America, referred to this chamber via the Crown Public Prosecutor at the Court of Cassation, that aims for it to be delivered to the above Belgian and Sierra Leonese citizen of Lebanese origin, who was detained on the national soil of the Kingdom of Morocco on the date of 03/12/2017 under an international order for his arrest.

*The Criminal Chamber at the Court of Cassation*

After the Consultant, Mostafa Al Biaj, recited the report assigned to him in the case

And after listening attentively to Mr. Ibrahim Al Ruzaiwi, the Attorney General, in his conclusions,

*And after deliberation in accordance with the law*

*In consideration of Article 713 and thereafter of the Code of Criminal Procedure*

It is understood from the exhibits and documents enclosed in the file that the person to be handed over was been searched for under an international order for his arrest issued by the judicial authorities in the United States of America on the date of 03/07/2017 for the crimes of conspiracy to contract illegal transactions with terrorist organizations and money laundering. These are acts in which the maximum sanction of 20 years can be applied.

The facts of the case may be summarized in the fact that the person whose handover is being sought, Qassem Tajeddin, is considered by the government of the United States of America to be an internationally recognized terrorist, on account of his financial links with the Hezbollah organization. This is because his activity mainly consists of operating a business network in Lebanon, the United Arab Emirates and Africa. It is proven from the citations of the decision that ruled that he be prosecuted due to the fact that he donated millions of dollars to Hezbollah, that he is a leader in the same organization, and that he along with his brothers operates companies in the name of the same organization in all parts of the world. Further, on the date of March 7th 2017, after in-depth investigations carried out by the Drug Enforcement Administration with the assistance of the US Customs and Border Protection Administration, it was decided that he be prosecuted by a jury at the court under the Columbia district on the charge of fraud against the US government, conspiracy to carry out money laundering internationally and perpetration of violations in respect of the Economic Powers Act and Penal Laws relating to international terrorism. This was based on his having sent approximately 27 million dollars in the form of transfers and direct payments

[signature]                              [signature]                              [signature]

531-6-3-2017

to accounts in US banks, and his release of approximately 10 million dollars, in the form of goods shipments from US ports to the companies run in his name in Africa.

The judgment for prosecution also included the fact that the Respondent supervised a commercial enterprise in Beirut, Lebanon, for the distribution of goods amounting in value to billions of dollars, which is fundamentally managed in the Middle East and Africa, via a network of companies, partnerships and vertically integrated tradenames, and that he proceeded along with the other conspirators from the month of July 2013 until today to complete 47 illegal personal money transfers to parties in the United States of America, with a total of approximately 27 million dollars without obtaining the necessary permits from the US Ministry of Finance.

These acts subject to the prosecution, which were perpetrated by the person whose handover is being sought, constitute, in terms of the current law in effect in the United States of America, crimes of conspiracy for fraud, the crime of laundering money instruments and the promotion of money laundering internationally, and the crime of covering up international money laundering.

Based on the order for the arrest issued by the requesting judicial authorities, the person to be handed over was made to appear on the date of 03/13/2016 before the Respected Crown Public Prosecutor of the Court of First Instance Restrain in Casablanca and he was questioned about his identity and informed about the content of the warrant on account of which he was arrested and he was temporarily held in the prison compound in Salé.

The respected Crown Public Prosecutor at the Court of Cassation submitted a request on the date of 03/20/2017 along with the letter of the Minister of Justice and Freedoms Number 1523 S/3 dated 03/20/2017 and the original official documents, containing his conclusions with regard to the current hand-over ruling in respect of the person to be handed over with the aim of expressing an opinion to approve the hand-over request.

After the file was referred to the Court of Cassation and all the legal procedures were taken, the file was included at the hearing of 03/22/2017, at which the Respondent was brought whilst being in detention with the support of Mr. Abdul Latif Al Umrani, in his defense, on behalf of Mr. Mounir Tabite. After verification of his identity, notifying him of the content of the hand-over request, and recital of the report, he refused to be handed over the judicial authorities requesting the same. The floor was given to the Respondent's defense who requested that the case be postponed to prepare the defense. The Crown Public Prosecutor strongly objected to this seeking that the case be considered ready, citing the requirements of Article 732 of the Code of Criminal Procedure, which requires the Court to consider the hand-over cases within a maximum period of not more than five days from the date the case was referred to it.

[signature]                           [signature]                           [signature]

531-6-3-2017

It was decided to consider the case to be ready and the floor was given to the Crown Public Prosecutor, who reaffirmed his written requests explaining that the legal requirements for the handover were found. The floor was thereafter given to Mr. Abdul Latif Al Umrani, who appeared at the hearing. He explained that the acts for which the Respondent was being brought to trial relate to the year 2003; that there was a breach of the requirements of Article 721 of the Code of Criminal Procedure; that his client does not have any political affiliation to Hezbollah; that he is a businessman who has companies in Africa and America; and that there is no proof in the charges leveled against him, seeking that the handover ruling be deemed to be invalid.

### *After Deliberation*

Whereas the handover request subject to the case was submitted to the Moroccan authorities in writing and by diplomatic channels. It was also attached to the order for arrest issued by the judicial authorities in the United States of America, to the summary of the acts on account of which the handover was requested, to an accurate statement of the description of the person whose handover is sought, and to all the information that proves his identity as well as the legal sections applicable to the matter.

And whereas it is established from the file exhibits that the person whose handover is sought is a Belgian and Sierra Leonese citizen, and is not of Moroccan nationality. He was detained on Moroccan soil and he was being search for on account of the acts mentioned above.

And whereas the acts perpetrated by the person whose handover is sought are punishable under Moroccan law, and constitute the crimes of perpetration of terrorist acts and money laundering in accordance with Article 218-1 onwards of the Criminal Code and the requirements of Royal Decree 04/17/2007.

And whereas the crime on the basis of which the handover is sought does not relate to military breaches, does not fall away by the lapse of the criminal prescription period, does not bear a political nature or any relation to political acts.

And whereas, consequently, and contrary to what has been raised by the Respondent's defense with regard to the requirements of Article 721 of the Code of Criminal Procedure not being found, and that the handover ruling be deemed invalid, the handover request has satisfied the formal and objective requirements provided by law as indicated above.

[signature]                         [signature]                                         [signature]

531-6-3-2017

### *On these Grounds*

It is declared that an opinion is expressed to approve the handover of the Respondent, Qassem Tajeddin, to the authorities of the United States of America, requesting the same, and that there is no need to derive court expenses.

Accordingly, the decision was issued and recited at the public hearing held on the date mentioned above in the ordinary hearings hall at the Court of Cassation situated in Al Nakheel Street, Riyadh District, in Rabat. The ruling panel was made up of Messrs: Mohamed bin Hamo, as President, and the Consultants, Messrs: Mostafa Al Biaj as rapporteur, Zakariyya Kanuni, Mostafa Najid and Mohamed Zahloul; in the presence of the Attorney General, Mr. Ibrahim Al Ruzaiwi with the assistance of the Clerk, Mr. Aziz Aibork.

| *President* | *Consultant Rapporteur* | *Clerk* |
|---|---|---|
| [signature] | [signature] | [signature] |

531-6-3-2017