# EXHIBIT 4-E

**Translation of excerpts of the Criminal Code
and of the Criminal Procedure Code of Morocco**

**Moroccan Criminal Procedure Code (Excerpts)**

*Part 3- Judicial relations with foreign powers*

*Chapter one: General rules*

Art.713

Priority is given to international conventions over national conventions with regard to judicial cooperation with foreign states.

The dispositions of this Part apply only if there are no international conventions or in case these conventions do not include dispositions mentioned in this Part.

*Chapter four: Extradition (surrender, deliver, taslim) of criminals*

Art.718

The Code allows the Moroccan state to extradite criminals to a foreign country, to deliver (taslim) a non-Moroccan person accused or condemned found on the territory of the Kingdom in case of an active process in the name of the requesting state, or a person condemned with a penalty issued by one of its normal courts.

The delivery will not be allowed except if the crime on which the request is based was committed:

- Either on the territory of the requesting state by one of its citizens or a foreign person.
- Or outside its territory by one of its citizens
- Or outside its territory from a foreign, non-Moroccan national, if the crime imputed to him is part of the crimes which Moroccan legislation allows to pursue in Morocco, even if the foreign person commits the crime abroad.

Art.719

Delivery to a foreign state is not allowed of a person if she is not prosecuted or condemned for a penalty for acts that the present Law includes.

Art.720 (Excerpt)

It is possible to consider the following acts either for the request for extradition or for its approval:

1- All acts which the law in the requesting state punishes as criminal [jina'iyya, for French 'crimes' of a higher degree as opposed to 'délits', see paragraph 2 below] penalties;

EXHIBIT 04-E                                04-E-1

2- Acts which the law in the requesting state punishes as delictual [French délits] penalties that suppress freedom, if the maximum penalty decided under that law is not less than a year, or if the matter concerns a person already condemned, when the duration of the penalty to which he is sentenced in one of the courts of the requesting state is equivalent or longer than four months

In no circumstance is extradition agreed if the act is not punished in accordance with Moroccan criminal law by a criminal or delictual penalty. (…)

Art.721

Extradition will not be agreed if:

1- the person concerned is a Moroccan national, at the time of his committing the crime for which extradition is sought.

2- If the crime for which extradition is sought is considered a political crime or a crime related to a political crime.

This specific disposition applies also if the Moroccan authorities believe, for serious reasons, that the request for extradition for ordinary crimes was presented to them only with the objective of pursuing or punishing a person for racial, religious considerations, or related to nationality or political opinions or if the situation of this person could lead under the above considerations to the risk of toughening the sentence.

However, the attempt on the life of a head of state or a member of his family or a member of the government is not considered in cases mentioned in the previous two paragraphs.

Also are not considered as part of these cases acts which are committed during a rebellion or rioting that touches upon public security if these acts are characterized by horrendous brutality, as well as acts of destruction and genocide forbidden by international conventions.

3- If the crimes or felonies are committed on Moroccan soil.

4- If the crimes or felonies, even if committed outside the Kingdom' territory, were followed on in Morocco and the final decision [sic] takes place in it.

5- If the public action or the sentence have fallen by prescription before the date of the request for extradition under Moroccan law or under the law of the requesting state, and generally when the public action of the foreign country has been completed or stopped.

Art. 723 (Excerpt):

Extradition is not allowed except under the condition of not prosecuting the extradited person or sentencing him or arresting him or subjecting him to any measure restricting his personal freedom, for any action whatsoever preceding the extradition, other than the crime for which he was extradited.

Art. 726:

**EXHIBIT 04-E**                                              **04-E-2**

The extradition request is presented to the Moroccan authorities in writing and by diplomatic means.
The request must be accompanied by:

1- the original or the equivalent for either a sentence ordering a penalty which can be executed, or an arrest warrant or any executive order which can be executed, issued by a judicial power in accordance with the dispositions stipulated in the law of the requesting state.
2- a summary of the acts for which extradition is sought, as well as the date and place of their performance, their legal nature, in addition, at the same time, to the legal texts applying to the criminal act.
3- a precise statement to the extent possible for the traits of the person for which extradition is sought, and all other information which can help confirm his identity or nationality.
4- with a commitment to respect the dispositions of Art. 723 above.

Art.727:

The Minister of Foreign Affairs sends the extradition request after examining its documentation, together with the file, to the Minister of Justice who ensures that the request is valid, and decides what he considers appropriate in law.

Art.729

The Representative of the King at the first instance court or one of his deputies can, in case of haste, ask directly the judicial powers of the requesting state, or on the basis of notices from the services of the international organization for criminal police "Interpol", order the arrest of a foreign person temporarily if he receives notice by way of mail, or any faster way of communication which leaves tracks in writing or materially to one of the documents in paragraph 1 of Art.726 above.

At the same time, an official request must be sent by diplomatic means to the Minister of Foreign Affairs.

The representative of the King must inform immediately both the Minister of Justice and the General Representative of the King with the Court of Cassation of the arrest.

Art.730

The Representative of the King at the first instance court or one of his deputies to whom the person has been presented undertakes, within 24 hours from the moment of arrest, a hearing of this person about his identity, and informs him of the content of the instrument for which he was detained, then produces minutes of this operation.

Art.731

EXHIBIT 04-E                                            04-E-3

The detained person is remanded as soon as possible to the jail institution in the location of the Court of Cassation.

Art.732

The Representative of the King sends immediately the request and the accompanying documents to the General Representative of the King with the Court of Cassation, who transfers it to the Criminal chamber of the same Court.

The Criminal chamber in the court of Cassation decides on the extradition order with a motivated decision within five days of receipt of the transfer, on the basis of the report of one of the judges and after the public prosecution has issued its conclusions and hearing the person concerned who may be accompanied by a lawyer.

The criminal Chamber can decide if necessary to conduct a complementary investigation.

**Moroccan Criminal Code (Excerpts)**

*Part one bis: Terrorism*

Art.218-1

The following crimes are considered terrorist acts, if they have an intentional relation with a personal or collective project aiming at dangerously affecting public order by creating fear, intimidation, or violence:

1- Intentional attack on the life of persons, their security, their freedom, abducting or imprisoning them;

2- forging or counterfeiting money or public debt instruments, or counterfeiting state seals or imprints or stamps or marks, or forging or counterfeiting mentioned in Articles 360, 361 and 362 of the present law.

3- Vandalizing or vitiating or destroying;

4- hijacking planes or ships or any other transport vehicles, or destroying them, or destroying buildings of air, sea, or land transport, or vitiating or vandalizing communication means;

5- Theft and embezzlement of money;

6- Fabrication or possession or transportation or dissemination or use of weapons or explosives or ammunition in violation of the law;

7- Crimes related to the systems of digital treatment of information;

8- Forging or counterfeiting cheques or any other means of payment mentioned in Arts 316 and 331 of the Commercial Code;

EXHIBIT 04-E                                                    04-E-4

9- Formation of a gang or agreement to prepare or commit a terrorist act;

10- Hiding objects proceeding from a terrorist crime, knowingly.

Art.218-1-1

The following crimes are considered crimes of terrorism:

- Joining or attempting to join individually or collectively, within an organised frame or not, entities or organizations or bands or groups that are terrorist regardless of their shape or object or place, even if terrorist acts do not aim at harm to the Moroccan Kingdom or to its interests;

- receiving training or formation, regardless of its shape or type or duration within or outside the Moroccan Kingdom, or attempt at doing so, with the aim to committing any of the terrorist acts within the Kingdom or outside, regardless of whether the aforementioned acts were effectively committed or not;

- mobilizing a person or more, by any means or training or formation, in order to join entities or organizations or bands or groups that are terrorist, within the Moroccan Kingdom or outside, or attempting to do so;

The person convicted of committing the acts above will be punished with jail of five to ten years, and with a fine between 5000 and 10000 dirhams.

The penalties are doubled if the matter is related to mobilizing or training an underage person, or if there is exploitation of schools or institutes or educational sites or formation regardless of their type, to commit the same.

However, if the author is a moral person, he is punished with a fine between 1,000,000 and 10,000,000 dirhams, with an order to dissolve it and precautionary measures mentioned in Art.62 of this Law, without harming the rights of third parties and without undermining punishment which might be meted out on the ringleaders of the moral person or its users who commit the crime or prepare for it.

**EXHIBIT 04-E**                                                                                          **04-E-5**