# EXHIBIT 4-F

# مجموعة القانون الجنائي

## صيغة محينة بتاريخ 19 سبتمبر 2016

مديرية التشريع     وزارة العدل والحريات     المملكة المغربية

# ظهير شريف رقم 1.59.413 صادر في 28 جمادى الثانية 1382 (26 نونبر 1962) بالمصادقة على مجموعة القانون الجنائي

## كما تم تعديله:

- القانون رقم 73.15 القاضي بتغيير وتتميم بعض أحكام مجموعة القانون الجنائي الصادر بتنفيذه الظهير الشريف رقم 1.16.104 بتاريخ 13 من شوال 1437 (18 يوليو 2016)؛ الجريدة الرسمية عدد 6491 بتاريخ 11 ذو القعدة 1437 (15 أغسطس 2016)، ص 5992؛

- القانون رقم 86.14 القاضي بتغيير وتتميم بعض أحكام مجموعة القانون الجنائي وقانون المسطرة الجنائية المتعلقة بمكافحة الإرهاب، الصادر بتنفيذه الظهير الشريف رقم 1.15.53 بتاريخ فاتح شعبان 1436 (20 ماي 2015)؛ الجريدة الرسمية عدد 6365 بتاريخ 13 شعبان 1436 (فاتح يونيو 2015)، ص 5490؛

- القانون رقم 15.14 القاضي بتغيير وتتميم الفصل 475 من مجموعة القانون الجنائي؛ الصادر بتنفيذه الظهير الشريف رقم 1.14.06 بتاريخ 20 من ربيع الأخر 1435 (20 فبراير 2014) ؛ الجريدة الرسمية عدد 6238 بتاريخ 11 جمادى الأولى 1435 (13 مارس 2014)، ص 3138؛

- القانون رقم 94.13 القاضي بتعديل وتتميم الفرعين الثالث والرابع من الباب الثالث من الجزء الأول من الكتاب الثالث من مجموعة القانون الجنائي؛ الصادر بتنفيذه الظهير الشريف رقم 1.13.73 بتاريخ 18 من رمضان 1434 (27 يوليو 2013)؛ الجريدة الرسمية عدد 6177 بتاريخ 4 شوال 1434 (12 أغسطس 2013)، ص 5736؛

- القانون رقم 92.13 القاضي بتغيير وتتميم مجموعة القانون الجنائي في الفصول 494، 495، 496؛ الصادر بتنفيذه الظهير الشريف رقم 1.13.71 بتاريخ 18 من رمضان 1434 (27 يوليو 2013)؛ الجريدة الرسمية عدد 6177 بتاريخ 4 شوال 1434 (12 أغسطس 2013)، ص 5736؛

- القانون رقم 145.12 الصادر بتنفيذه الظهير الشريف رقم 1.13.54 بتاريخ 21 من جمادى الآخرة 1434 (2 ماي 2013)؛ الجريدة الرسمية عدد 6148 بتاريخ 21 جمادى الآخرة 1434 (2 ماي 2013)، ص 3614؛

المملكة المغربية       وزارة العدل والحريات       مديرية التشريع

- القانون رقم 10.11 القاضي بتغيير وتتميم الفصل 517 من مجموعة القانون الجنائي الصادر بتنفيذه ظهير شريف رقم 1.11.152 بتاريخ 16 من رمضان 1432 (17 أغسطس 2011)، الجريدة الرسمية عدد 5975 بتاريخ 6 شوال 1432 (5 سبتمبر 2011)، ص 4396؛

- القانون رقم 42.10 المتعلق بتنظيم قضاء القرب وتحديد اختصاصاته، الصادر بتنفيذه ظهير شريف رقم 1.11.151 بتاريخ 16 من رمضان 1432 (17 أغسطس 2011)، الجريدة الرسمية عدد 5975 بتاريخ 6 شوال 1432 (5 سبتمبر 2011)، ص4392؛

- القانون رقم 09.09 المتعلق بتتميم مجموعة القانون الجنائي الصادر بتنفيذه ظهير شريف رقم 1.11.38 بتاريخ 29 من جمادى الآخرة 1432 (2 يونيو 2011) الجريدة الرسمية عدد 5956 بتاريخ 27 رجب 1432 (30 يونيو 2011)، ص 3081؛

- القانون رقم 13.10 المتعلق بتغيير وتتميم مجموعة القانون الجنائي المصادق عليه بالظهير الشريف رقم 1.59.413 بتاريخ 28 من جمادى الآخرة 1382 (26 نوفمبر 1962) والقانون رقم 22.01 المتعلق بالمسطرة الجنائية والقانون رقم 43.05 المتعلق بمكافحة غسل الأموال الصادر بتنفيذه ظهير شريف رقم 1.11.02 بتاريخ 15 من صفر 1432 (20 يناير 2011)، الجريدة الرسمية عدد 5911 بتاريخ 19 صفر 1432(24 يناير 2011)، ص196؛

- القانون رقم 48.07 بتتميم الباب الثالث من الجزء الأول من الكتاب الثالث من الظهير الشريف رقم 1.59.413 الصادر في 28 من جمادى الآخرة 1382 (26 نوفمبر 1962) بالمصادقة على مجموعة القانون الجنائي الصادر بتنفيذه ظهير شريف رقم 1.08.68 بتاريخ 20 من شوال 1429 (20 أكتوبر 2008)، الجريدة الرسمية عدد 5679 بتاريخ 4 ذي القعدة 1429 (3 نوفمبر 2008)، ص 4018؛

- القانون رقم 43.05 المتعلق بمكافحة غسل الأموال الصادر بتنفيذه ظهير شريف رقم 1.07.79 بتاريخ 28 من ربيع الأول 1428 (17 أبريل 2007)، الجريدة الرسمية عدد 5522 بتاريخ 15 ربيع الآخر 1428 (3 ماي2007)، ص 1359؛

- القانون رقم 04-43 المتعلق بتغيير وتتميم مجموعة القانون الجنائي الصادر بتنفيذه ظهير شريف رقم 1.06.20 بتاريخ 15 من محرم 1427 (14 فبراير2006) الجريدة الرسمية عدد 5398 بتاريخ 24 محرم 1427(23 فبراير 2006)، ص 492؛

- القانون رقم 17.05 المتعلق بزجر إهانة علم المملكة ورموزها الصادر بتنفيذه ظهير شريف رقم 1.05.185 بتاريخ 18 من ذي القعدة 1426 (20 ديسمبر2005)، الجريدة الرسمية عدد 5380 بتاريخ 20 ذو القعدة 1426 (22 ديسمبر 2005)، ص 3535؛

- القانون رقم 79.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي وبحذف المحكمة الخاصة للعدل الصادر بتنفيذه ظهير شريف رقم 1.04.129 بتاريخ 29 من رجب 1425 (15 سبتمبر2004)، الجريدة الرسمية عدد 5248 بتاريخ فاتح شعبان 1425 (16 سبتمبر 2004)، ص 3372؛

مديرية التشريع        وزارة العدل والحريات        المملكة المغربية

- القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي الصادر بتنفيذه ظهير شريف رقم1.03.207 بتاريخ 16 من رمضان 1424 (11 نوفمبر 2003)، الجريدة الرسمية عدد 5175 بتاريخ 12 ذو القعدة 1424 (5 يناير 2004)، ص 121؛

- القانون رقم 07.03 بتتميم مجموعة القانون الجنائي في ما يتعلق بالجرائم المتعلقة بنظم المعالجة الآلية للمعطيات الصادر بتنفيذه ظهير شريف رقم 1.03.197 بتاريخ 16 من رمضان 1424 (11 نوفمبر 2003)، الجريدة الرسمية عدد 5171 بتاريخ 27 شوال 1424 (22 ديسمبر 2003)، ص 4284؛

- القانون رقم 03.03 المتعلق بمكافحة الإرهاب الصادر بتنفيذه ظهير شريف رقم 1.03.140 بتاريخ 26 من ربيع الأول 1424(28 ماي 2003)، الجريدة الرسمية عدد 5112 بتاريخ 27 ربيع الأول 1424 (29 ماي 2003)، ص 1755؛

- المادة 756 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، الصادر الأمر بتنفيذه ظهير شريف رقم 1.02.255 بتاريخ 25 من رجب 1423 (3 أكتوبر 2002)، والتي نسخت الفصول من 19 إلى 23 من مجموعة القانون الجنائي. الجريدة الرسمية عدد 5078 بتاريخ 27 ذي القعدة 1423 ( 30 يناير 2003)، ص 315؛

- المواد 31 و16 و24 من القانون رقم 37.99 المتعلق بالحالة المدنية الصادر بتنفيذه ظهير شريف رقم 1.02.239 بتاريخ 25 من رجب 1423 (3 أكتوبر 2002)، التي غيرت الفصل 468 من القانون الجنائي؛ الجريدة الرسمية عدد 5054 بتاريخ 2 رمضان 1423 (7 نوفمبر 2002)، ص 3150؛

- القانون رقم 38.00 القاضي بتغيير وتتميم مجموعة القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.01.02 بتاريخ 21 من ذي القعدة 1421 (15 فبراير 2001)، الجريدة الرسمية عدد 4882 بتاريخ 19 ذي الحجة 1421 ( 15 مارس 2001)، ص 793؛

- المادة 101 من القانون رقم 06.99 المتعلق بحرية الأسعار والمنافسة، الصادر بتنفيذه ظهير شريف رقم 1.00.225 بتاريخ 2 ربيع الأول 1421 (5 يونيو 2000)، والتي نسخت الفصول 289 و290 و291 من القانون الجنائي، الجريدة الرسمية عدد 4810 بتاريخ 3 ربيع الآخر 1421 (6 يوليو 2000)، ص 1941؛

- القانون رقم 11.99 القاضي بتغيير وتتميم الفصل 446 من القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.99.18 بتاريخ 18 من شوال 1419 (5 فبراير 1999)، الجريدة الرسمية عدد 4682 بتاريخ 28 ذي الحجة 1419 (15 أبريل 1999)، ص 852؛

- المادة 733 من القانون رقم 15.95 المتعلق بمدونة التجارة الصادر بتنفيذه ظهير شريف رقم 1.96.83 بتاريخ 15 من ربيع الأول 1417 (فاتح أغسطس 1996)، الجريدة الرسمية عدد 4418 بتاريخ 19جمادى الأولى 1417 (3 أكتوبر 1996)، ص 2187؛

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

- القانون رقم 25.93 المغير بموجبه القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.94.284 بتاريخ 15 من صفر 1415 (25 يوليو 1994)، الجريدة الرسمية عدد 4266 بتاريخ 24 صفر 1415 (3 أغسطس 1994)، ص 1231؛

- القانون رقم 16.92 القاضي بتغيير الفصل 219 من القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.92.131 بتاريخ 26 من صفر 1413 (26 أغسطس 1992)، الجريدة الرسمية عدد 4166 بتاريخ 4 ربيع الأول 1413 (2 سبتمبر 1992)، ص 1100؛

- القانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، الصادر الأمر بتنفيذه ظهير شريف رقم1.81.283 بتاريخ 11 رجب 1402 (6 مايو 1982)، الجريدة الرسمية عدد 3636 بتاريخ 15 رمضان 1402 (7 يوليوز 1982)، ص 835؛

- ظهير شريف بمثابة قانون رقم 1.77.58 بتاريخ 5 شوال 1397 (19 شتنبر 1977) يتمم بموجبه الفصل 282 من القانون الجنائي ويلغى به الظهير الشريف الصادر في 23 شوال 1358 (27 دجنبر 1937)، الجريدة الرسمية عدد 3388 بتاريخ 21 شوال 1397 (5 أكتوبر 1977)، ص 2760؛

- ظهير شريف بمثابة قانون رقم 1.74.232 بتاريخ 28 ربيع الثاني 1394 (21 مايو 1974) يغير ويتمم بموجبه الفرع الرابع من الباب السابع والباب التاسع بالجزء الأول من الكتاب الثالث من القانون الجنائي، الجريدة الرسمية عدد 3214 بتاريخ 14 جمادى الأولى 1394 (5 يونيه 1974)، ص 1524؛

- مرسوم ملكي رقم 181.66 بتاريخ 22 ربيع الأول 1387 (فاتح يوليوز 1967) بمثابة قانون يتعلق بتغيير الفصل 453 من القانون الجنائي وتتميم الفصل 455 من نفس القانون وإلغاء الظهير الشريف المؤرخ في 22 جمادى الأولى 1358 (10 يوليوز 1939)، الجريدة الرسمية عدد 2854 بتاريخ 4 ربيع الثاني 1387(12 يوليوز 1967)، ص 1547.

مديرية التشريع     وزارة العدل وانتربك     المملكة المغربية

# ظهير شريف رقم 1.59.413 صادر في 28 جمادى الثانية 1382 (26 نونبر 1962) بالمصادقة على مجموعة القانون الجنائي[1]

—

الطابع الشريف

( بداخله الحسن بن محمد بن يوسف بن الحسن الله وليه )

الحمد لله وحده،

يعلم من ظهيرنا الشريف هذا أسماه الله وأعز أمره أننا أصدرنا أمرنا الشريف بما يأتي:

## الفصل الأول

يصادق جنابنا الشريف على مجموعة القانون الجنائي حسبما هي منشورة كملحق لظهيرنا الشريف هذا.

## الفصل الثاني

يعمل بمقتضيات هذه المجموعة في جميع أنحاء المملكة ابتداء من 17 يونيو 1963.

غير أن المقتضيات المتعلقة بالوضع القضائي في مؤسسة علاجية والوضع القضائي في مؤسسة فلاحية باعتبارهما من التدابير الوقائية الشخصية المنصوص عليها في الفصل 80 وما يليه إلى الفصل 85 من مجموعة القانون المذكور، لا يجري العمل بها إلا ابتداء من اليوم الذي يحدده قرار مشترك خاص بوضعهما موضع التنفيذ يصدره الوزراء المختصون.

## الفصل الثالث

تستمر المحاكم في تطبيق القوانين والنظم الخاصة المتعلقة بالمسائل التي لا تنظمها هذه المجموعة.

بيد أن هذه المحاكم لا يجوز لها أن تحكم إلا بعقوبات تدخل في الأنواع المنصوص عليها في هذه المجموعة وطبق التمييزات المشار إليها في الفصل الخامس بعده.

---

[1] ـ الجريدة الرسمية عدد 2640 مكرر بتاريخ 12 محرم 1383 (5 يونيو 1963)، ص 1253.

## الفصل الرابع

تسري أحكام هذه المجموعة أيضا على المسائل التي تنظمها قوانين أو نظم خاصة وذلك في كل ما لم يرد به نص صريح في تلك القوانين أو النظم.

## الفصل الخامس

إن العقوبات التي صدر بها حكم قضائي غير قابل للطعن والتي هي في طور التنفيذ في تاريخ إجراء العمل بهذه المجموعة أو التي يبدأ في تنفيذها بعد ذلك التاريخ تنفذ حسبما يلي :

العقوبات السالبة للحرية التي تقل مدتها عن شهر واحد تسرى عليها أحكام عقوبة الاعتقال ضمن الشروط المنصوص عليها في الفصل 29 من المجموعة.

العقوبات السالبة للحرية التي تكون مدتها شهرا إلى خمس سنوات وكذلك العقوبات السالبة للحرية التي تتجاوز مدتها خمس سنوات، ولكن حكم بها من أجل جنحة بسبب العود، تسري عليها أحكام عقوبة الحبس ضمن الشروط المنصوص عليها في الفصل 28.

العقوبات السالبة للحرية التي تتجاوز مدتها خمس سنوات والمحكوم بها من أجل جناية تسري عليها أحكام عقوبة السجن ضمن الشروط المنصوص عليها في الفصل 24.

## الفصل السادس

في جميع الحالات التي يكون قد صدر فيها حكم بعقوبة إضافية أو تكميلية ولم يبدأ تنفيذها أو تكون في طور التنفيذ فإنها تعوض بحكم القانون بالتدبير الوقائي المطابق لها في القانون، وعلى الخصوص فإن الاعتقال التأديبي المنصوص عليه في الفصلين 16 و21 من الظهير الصادر في 15 صفر 1373 (24 أكتوبر 1953) المحتوى على القانون الجنائي المغربي، وفي ظهير شريف الصادر في 6 جمادى الأولى 1352 (28 غشت 1933) المتعلق بالزجر عن العود إلى الجريمة من طرف المحكمة العليا الشريفة، يعوض بالإقصاء المشار إليه في الفصول 63 إلى 69 من المجموعة الملحقة بظهيرنا هذا.

## الفصل السابع

إن المحاكم التي رفعت إليها دعوى بشأن جريمة بطريقة صحيحة والتي لم تعد من اختصاصها عملا بالمجموعة المصادق عليها بظهيرنا هذا تبقى - مع ذلك - مختصة بالنظر في هذه الجريمة إذا كان رفعها إليها ناتجا عن أمر بالإحالة أو عن إعلان مباشر صادرين قبل تاريخ إجراء العمل بهذه المجموعة.

أما في غير ذلك من الحالات فإن المتابعة تحال على المحكمة المختصة دون حاجة لإجراءات أخرى.

إلا أن العقوبات المطبقة تكون هي العقوبات المعمول بها وقت ارتكاب الجريمة ما لم تقرر المجموعة الملحقة بظهيرنا هذا عقوبات أخف، وفي هذه الحالة تطبق الأخيرة.

## الفصل الثامن

تلغى ابتداء من تاريخ تطبيق المجموعة الملحقة بظهيرنا هذا جميع النصوص التشريعية المخالفة ولاسيما :

ظهير 9 رمضان 1331 (12 غشت 1913) الذي أوجب تطبيق قانون العقوبات الفرنسي في المغرب، وكذلك الظهائر الموالية له الصادرة نصوصها بتتميم أو تغيير القانون المذكور.

الظهير الصادر في 16 صفر 1373 (24 أكتوبر 1953) المحتوى على القانون الجنائي المغربي، والظهير الصادر في 16 ربيع الثاني 1373 (23 دجنبر 1953) المغير والمتمم للظهير السالف الذكر، وكذلك جميع الظهائر الأخرى الصادرة بتتميمهما أو تغييرهما.

الظهير الصادر في 6 رجب 1332 (فاتح يونيو 1914) بتطبيق قانون العقوبات الخاص بالمنطقة الشمالية سابقا، وكذلك الظهائر الصادرة بتتميم أو تغيير هذا القانون.

الظهير الصادر في 19 جمادى الثانية 1343 (15 يناير 1925) الصادر بقانون العقوبات بمنطقة طنجة الدولية سابقا، وكذلك الظهائر الصادرة بتتميم أو تغيير هذا الأخير.

ظهير 6 محرم 1362 (12 يناير 1943) الذي طبق بمقتضاه قانون 23 يوليوز 1942 المتعلق بإهمال الأسرة.

ظهير 30 ربيع الأول 1379 ( 3 أكتوبر 1959) بالزجر عن إهمال الأسرة.

الظهير الخليفي الصادر في 17 يونيو 1942 والمتعلق بإهمال الأسرة بالمنطقة الشمالية سابقا.

على أن الإحالة إلى النصوص التي يلغيها ظهيرنا هذا والتي تتضمنها نصوص تشريعية أو تنظيمية تطبق على المقتضيات المطابقة المدرجة في المجموعة الملحقة بظهيرنا هذا.

## الفصل التاسع

يلغى الفصل 490 من قانون المسطرة الجنائية المؤرخ في فاتح شعبان 1378 (10 يبراير 1959)[2] ويعوض بالمقتضيات التالية:

---

2 - تم إلغاء قانون المسطرة الجنائية المؤرخ في فاتح شعبان 1378 (10 يبراير 1959) بمقتضى المادة 756 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، الصادر بتنفيذه ظهير شريف رقم 1.02.255 بتاريخ 25 من رجب 1423 (3 أكتوبر 2002)؛ الجريدة الرسمية عدد 5078 بتاريخ 27 ذي القعدة 1423 (30 يناير 2003)،

| المملكة المغربية | وزارة العدل والشؤون | مديرية التشريع |
|---|---|---|

" الفصل 490- إذا تبين من المناقشات أن المتهم كان وقت ارتكابه الفعل مصابا بخلل في قواه العقلية، أو أنه مصاب بذلك وقت المحاكمة فإن محكمة الجنايات تطبق على حسب الأحوال الفصول 76 أو 78 أو 79 من مجموعة القانون الجنائي " والسلام.

وحرر بالرباط في 28 جمادى الثانية 1382 الموافق 26 نونبر 1962.

---

ص 315. وقد نصت الفقرة الثالثة من المادة 389 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية؛ الجريدة الرسمية عدد 5078 بتاريخ 27 ذي القعدة 1423 (30 يناير 2003)، ص 315؛ الذي دخل حيز التنفيذ ابتداء من فاتح أكتوبر 2003 - على ما يلي: " إذا تبين للمحكمة أن المتهم كان وقت ارتكابه الأفعال مصابا بخلل في قواه العقلية أو أن الخلل حصل له أثناء المحاكمة، فإنها تطبق، حسب الأحوال، مقتضيات الفصول 76 و78 و79 من القانون الجنائي".

04-F-10

# مجموعة القانون الجنائي

## مبادئ عامة

(الفصول 1 – 12)

### الفصل 1

يحدد التشريع الجنائي أفعال الإنسان التي يعدها جرائم، بسبب ما تحدثه من اضطراب اجتماعي، ويوجب زجر مرتكبيها بعقوبات أو بتدابير وقائية.

### الفصل 2

لا يسوغ لأحد أن يعتذر بجهل التشريع الجنائي.

### الفصل 3

لا يسوغ مؤاخذة أحد على فعل لا يعد جريمة بصريح القانون ولا معاقبته بعقوبات لم يقررها القانون.

### الفصل 4

لا يؤاخذ أحد على فعل لم يكن جريمة بمقتضى القانون الذي كان ساريا وقت ارتكابه.

### الفصل 5

لا يسوغ مؤاخذة أحد على فعل لم يعد يعتبر جريمة بمقتضى قانون صدر بعد ارتكابه. فإن كان قد صدر حكم بالإدانة، فإن العقوبات المحكوم بها، أصلية كانت أو إضافية، يجعل حد لتنفيذها.

### الفصل 6

في حالة وجود عدة قوانين سارية المفعول، بين تاريخ ارتكاب الجريمة والحكم النهائي بشأنها، يتعين تطبيق القانون الأصلح للمتهم.

### الفصل 7

لا تشمل مقتضيات الفصلين 5 و6 القوانين المؤقتة التي تظل، ولو بعد انتهاء العمل بها، سارية على الجرائم المرتكبة خلال مدة تطبيقها.

## الفصل 8

لا يجوز الحكم بأي تدبير وقائي، إلا في الأحوال وطبق الشروط المقررة في القانون.

ولا يحكم إلا بالتدابير المنصوص عليها في القانون النافذ وقت صدور الحكم.

## الفصل 9

ينتهي تنفيذ التدبير الوقائي إذا صدر قانون جديد يزيل صبغة الجريمة عن الفعل الذي استوجبه، أو إذا صدر قانون يلغي ذلك التدبير.

## الفصل 10

يسري التشريع الجنائي المغربي على كل من يوجد بإقليم المملكة من وطنيين وأجانب وعديمي الجنسية، مع مراعاة الاستثناءات المقررة في القانون العام الداخلي والقانون الدولي.

## الفصل 11

يدخل ضمن إقليم المملكة، السفن والطائرات المغربية أينما وجدت، فيما عدا الحالات التي تكون فيها خاضعة لتشريع أجنبي بمقتضى القانون الدولي.

## الفصل 12

يطبق التشريع الجنائي المغربي على الجرائم المرتكبة خارج المملكة، إذا كانت من اختصاص المحاكم الزجرية المغربية حسب الفصول 751 إلى 756 من المسطرة الجنائية[3].

---

**3** - المواد من 707 إلى 712 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

# الكتاب الأول: في العقوبات والتدابير الوقائية

(الفصول 13 – 109)

## الفصل 13

تطبق على البالغين ثمان عشرة سنة ميلادية كاملة العقوبات والتدابير الوقائية المنصوص عليها في هذا القانون.

تطبق في حق الأحداث الجانحين القواعد الخاصة المنصوص عليها في الكتاب الثالث من القانون المتعلق بالمسطرة الجنائية[4].

# الجزء الأول: في العقوبات

(الفصول 14 – 60)

## الفصل 14

العقوبات إما أصلية أو إضافية.

فتكون أصلية عندما يسوغ الحكم بها وحدها دون أن تضاف إلى عقوبة أخرى.

وتكون إضافية عندما لا يسوغ الحكم بها وحدها، أو عندما تكون ناتجة عن الحكم بعقوبة أصلية.

# الباب الأول: في العقوبات الأصلية

(الفصول 15 – 35)

## الفصل 15

العقوبات الأصلية إما جنائية أو جنحية أو ضبطية.

## الفصل 16

العقوبات الجنائية الأصلية هي:

---

**4** - تم تغيير هذا الفصل بموجب المادة الأولى من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.03.207 صادر في 16 من رمضان 1424 (11 نوفمبر 2003)؛ الجريدة الرسمية عدد 5175 بتاريخ 12 ذو القعدة 1424 (5 يناير 2004)، ص 121.

1 - الإعدام

2 - السجن المؤبد

3 - السجن المؤقت من خمس سنوات إلى ثلاثين سنة

4 - الإقامة الإجبارية

5 - التجريد من الحقوق الوطنية

## الفصل 17

العقوبات الجنحية الأصلية هي:

1 – الحبس؛

2 - الغرامة التي تتجاوز 1200 درهم.[5]

وأقل مدة الحبس شهر وأقصاها خمس سنوات، باستثناء حالات العود أو غيرها التي يحدد فيها القانون مددا أخرى.

## الفصل 18

العقوبات الضبطية الأصلية هي:

1 - الاعتقال لمدة تقل عن شهر؛

2 - الغرامة من 30 درهم إلى 1200 درهم.[6]

## الفصول 19 - 23 [7]

## الفصل 24

تنفذ عقوبة السجن داخل سجن مركزي مع الانفراد بالليل كلما سمح المكان بذلك ومع الشغل الإجباري فيما عدا حالة ثبوت عجز بدني.

---

**5** - تم تغيير هذه الفقرة بموجب الفصل الأول من القانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم1.81.283 بتاريخ 11 رجب 1402 (6 مايو 1982)؛ الجريدة الرسمية عدد 3636 بتاريخ 15 رمضان 1402 (7 يوليوز 1982)، ص 835؛ ثم بموجب المادة الفريدة من قانون رقم 25.93 المغير بموجبه القانون الجنائي، بتنفيذه ظهير شريف رقم 1.94.284 بتاريخ 15 من صفر 1415 (25 يوليو 1994)؛ الجريدة الرسمية عدد 4266 بتاريخ 24 صفر 1415 (3أغسطس 1994)، ص 1231.

**6** - تم تغيير هذه الفقرة بموجب الفصل الأول من القانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، ثم بمقتضى المادة الفريدة من قانون رقم 25.93 المغير بموجبه القانون الجنائي، سالفي الذكر.

**7** - نسخت الفصول من 19 إلى 23 من مجموعة القانون الجنائي، بمقتضى المادة 756 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر؛ وأدرجت مقتضياتها في المواد من 601 إلى 607 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

ولا يمكن مطلقا للمحكوم عليه بالسجن أن يشغل في الخارج أن يقضي قبل عشر سنوات من العقوبة إذا كان محكوما عليه بالسجن المؤبد، أو قبل أن يقضي ربع العقوبة إذا كان محكوما عليه بالسجن المؤقت[8].

### الفصل 25

الإقامة الإجبارية هي أن تحدد المحكمة مكانا للإقامة أو دائرة محدودة لا يجوز للمحكوم عليه الابتعاد عنها بدون رخصة طوال المدة التي يحددها الحكم بحيث لا تقل عن خمس سنوات متى كانت عقوبة أصلية.

ويبلغ الحكم بالإقامة الإجبارية إلى الإدارة العامة للأمن الوطني التي يجب عليها أن تتولى مراقبة الإقامة المفروضة على المحكوم عليه.

وفي حالة الضرورة يجوز لوزير العدل أن يسلم للمحكوم عليه رخصة مؤقتة للتنقل داخل القطر.

### الفصل 26

التجريد من الحقوق الوطنية يشمل:

1 - عزل المحكوم عليه وطرده من جميع الوظائف العمومية وكل الخدمات والأعمال العمومية.

2 - حرمان المحكوم عليه من أن يكون ناخبا أو منتخبا وحرمانه بصفة عامة من سائر الحقوق الوطنية والسياسية ومن حق التحلي بأي وسام.

3 - عدم الأهلية للقيام بمهمة عضو محلف أو خبير، وعدم الأهلية لأداء الشهادة في أي رسم من الرسوم أو الشهادة أمام القضاء إلا على سبيل الإخبار فقط.

4 - عدم أهلية المحكوم عليه لأن يكون وصيا أو مشرفا على غير أولاده.

5 - الحرمان من حق حمل السلاح ومن الخدمة في الجيش والقيام بالتعليم أو إدارة مدرسة أو العمل في مؤسسة للتعليم كأستاذ أو مدرس أو مراقب.

والتجريد من الحقوق الوطنية عندما يكون عقوبة أصلية، يحكم به لزجر الجنايات السياسية ولمدة تتراوح بين سنتين وعشر سنوات ما لم تنص مقتضيات خاصة على خلاف ذلك.

---

**8** - انظر القانون 23.98 المتعلق بتنظيم وتسيير المؤسسة السجنية، بتنفيذه ظهير شريف رقم 1.99.200 صادر في 13 من جمادى الأولى 1420 (25 غشت 1999)؛ الجريدة الرسمية عدد 4726 بتاريخ 5 جمادى الآخرة 1420 (16 سبتمبر 1999)، ص 2283.

## الفصل 27

عندما يحكم بالتجريد الوطني كعقوبة أصلية فإنه يجوز أن تضاف إليه عقوبة الحبس لمدة يحددها الحكم بحيث لا تزيد عن خمس سنوات.

فإن لم يكن من الممكن الحكم بالتجريد من الحقوق الوطنية، إما لكون المتهم مغربيا سبق تجريده من هذه الحقوق، وإما لكونه أجنبيا وجب الحكم بالسجن من خمس سنوات إلى عشر.

## الفصل 28

تنفذ عقوبة الحبس في إحدى المؤسسات المعدة لهذا الغرض أو في جناح خاص من أحد السجون المركزية مع الشغل الإجباري في الداخل أو الخارج فيما عدا حالة ثبوت عجز بدني.

## الفصل 29

تنفذ عقوبة الاعتقال في السجون المدنية أو في ملحقاتها مع الشغل الإجباري في الداخل أو الخارج فيما عدا حالة ثبوت عجز بدني.

## الفصل 30

تبتدئ مدة العقوبة السالبة للحرية من اليوم الذي يصبح فيه المحكوم عليه معتقلا بمقتضى حكم حاز قوة الشيء المحكوم به.

وفي حالة تقدم اعتقال احتياطي فإن مدته تخصم بتمامها من مدة العقوبة وتحسب من يوم أن وضع المحكوم عليه تحت الحراسة أو من يوم أن ودع رهن الاعتقال من أجل الجريمة التي أدت إلى الحكم عليه.

تحسب مدة العقوبات السالبة للحرية كما يلي:

إذا كانت العقوبة المحكوم بها يوما واحدا فإن المدة هي أربع وعشرون ساعة.

إذا كانت العقوبة تقل عن شهر فإنها تحسب بالأيام. وكل يوم أربع وعشرون ساعة.

إذا كانت العقوبة المحكوم بها شهرا واحدا فإن المدة هي ثلاثون يوما.

إذا كانت العقوبة تتجاوز شهرا، فإن المدة تحسب بالشهور الميلادية من تاريخ إلى تاريخ.

## الفصل 31

إذا تعين تنفيذ عدة عقوبات سالبة للحرية فإن المحكوم عليه يبدأ بقضاء أشدها ما لم ينص القانون على خلاف ذلك.

## الفصل 32

المرأة المحكوم عليها بعقوبة سالبة للحرية إذا ثبت أنها حامل لأكثر من ستة أشهر فإنها لا تنفذ العقوبة إلا بعد وضعها بأربعين يوما فإن كانت معتقلة وقت صدور الحكم فإنها تنتفع بنظام الاعتقال الاحتياطي طوال الفترة اللازمة.

ويؤخر تنفيذ العقوبات السالبة للحرية أيضا في حق النساء اللائي وضعن قبل الحكم عليهن بأقل من أربعين يوما.

## الفصل 33

إذا حكم على رجل وزوجته، ولو عن جرائم مختلفة، بالحبس لمدة تقل عن سنة، وكانا غير معتقلين يوم صدور الحكم، فإنهما لا ينفذان عقوبتيهما في آن واحد إن هما أثبتا أن لهما محل إقامة معينا وأن في كفالتهما وتحت رعايتهما طفلا دون الثامنة عشرة ليس في الإمكان أن يقوم بكفالته على الوجه المرضي غيرهما من الأشخاص أو المؤسسات العامة أو الخاصة، ماعدا إذا صدر من طرف الزوجين طلب بخلاف ذلك.

إذا كانت عقوبة الحبس الصادرة ضد كل من الزوجين تفوق سنة، وكان تحت كفالتهما وفي رعايتهما طفل تقل سنه عن ثمان عشرة سنة، أو إذا لم يمكن رعاية الطفل من طرف أفراد عائلته أو شخص عام أو خاص في ظروف ملائمة، تطبق مقتضيات القانون المتعلق بالمسطرة الجنائية الخاصة بحماية الأطفال في وضعية صعبة[9] أو المقتضيات المتعلقة بكفالة الأطفال المهملين[10]، إذا توفرت شروطها[11].

---

9 ـ انظر المقتضيات المتعلقة بحماية الأطفال في وضعية صعبة في المواد من 512 إلى 517 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

10 ـ تنص المادة الأولى من القانون رقم 15-01 المتعلق بكفالة الأطفال المهملين، الصادر بتنفيذه ظهير شريف رقم 1.02.172 بتاريخ فاتح ربيع الآخر 1423 (13 يونيو 2002)؛ الجريدة الرسمية عدد 5031 بتاريخ 10 جمادى الآخرة 1423 (19 أغسطس 2002)، ص 2362، على أنه " يعتبر مهملا الطفل من كلا الجنسين الذي لم يبلغ سنه ثمان عشرة سنة شمسية كاملة إذا وجد في إحدى الحالات التالية:

ـ إذا ولد من أبوين مجهولين، أو ولد من أب مجهول وأم معلومة تخلت عنه بمحض إرادتها؛

ـ إذا كان يتيما أو عجز أبواه عن رعايته وليست له وسائل مشروعة للعيش؛

ـ إذا كان أبواه منحرفين ولا يقومان بواجبهما في رعايته وتوجيهه من أجل اكتساب سلوك حسن، كما في حالة سقوط الولاية الشرعية، أو كان أحد أبويه الذي يتولى رعايته بعد فقد الآخر أو عجزه عن رعايته منحرفا ولا يقوم بواجبه المذكور إزاءه ".

وتنص المادة الثانية من نفس القانون على أن " كفالة طفل مهمل بمفهوم هذا القانون، هي الالتزام برعاية طفل مهمل وتربيته وحمايته والنفقة عليه كما يفعل الأب مع ولده ولا يترتب عن الكفالة حق في النسب ولا في الإرث".

11 ـ تم تغيير وتتميم هذا الفصل بمقتضى المادة الثالثة من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

### الفصل 34

إذا صدر حكم بالغرامة وكان المحكوم عليه قد قضى مدة ما رهن الاعتقال الاحتياطي فإنه يجوز للمحكمة أن تقرر إعفاء المحكوم عليه من أداء تلك الغرامة كلا أو بعضا على أن تعلل قرارها بذلك تعليلا خاصا.

### الفصل 35

الغرامة هي إلزام المحكوم عليه بأن يؤدي لفائدة الخزينة العامة مبلغا معينا من النقود، بالعملة المتداولة قانونا في المملكة.

## الباب الثاني: في العقوبات الإضافية

(الفصول 36 – 48)

### الفصل 36

العقوبات الإضافية هي:

1 - الحجر القانوني

2 - التجريد من الحقوق الوطنية

3 - الحرمان المؤقت من ممارسة بعض الحقوق الوطنية أو المدنية أو العائلية

4 - الحرمان النهائي أو المؤقت من الحق في المعاشات التي تصرفها الدولة والمؤسسات العمومية.

غير أن هذا الحرمان لا يمكن أن يطبق على الأشخاص المكلفين بالنفقة على طفل أو أكثر، مع مراعاة الأحكام الواردة في أنظمة المعاشات في هذا الشأن[12].

5 - المصادرة الجزئية للأشياء المملوكة للمحكوم عليه، بصرف النظر عن المصادرة المقررة كتدبير وقائي في الفصل89 .

6 - حل الشخص المعنوي.

7 - نشر الحكم الصادر بالإدانة.

---

**12** - تم تتميم هذا الفصل بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

المملكة المغربية     وزارة العدل وإشرعات     مديرية التشريع

## الفصل 37

الحجر القانوني والتجريد من الحقوق الوطنية، كعقوبة تبعية، ينتجان عن العقوبات الجنائية وحدها.

ويتعين تطبيقهما بحكم القانون دون حاجة إلى النطق بهما في الحكم.

## الفصل 38

الحجر القانوني يحرم المحكوم عليه من مباشرة حقوقه المالية طوال مدة تنفيذ العقوبة الأصلية.

وله في جميع الأحوال أن يختار وكيلا ينوب عنه في مباشرة تلك الحقوق تحت إشراف الوصي القضائي المعين في أحكام الفصل التالي.

## الفصل 39

يعين وفق الإجراءات المقررة في شأن المحجورين القضائيين[13]، وصي للإشراف على إدارة أموال المحكوم عليه أثناء وجوده في حالة الحجر القانوني. فإذا كان المحكوم عليه قد اختار وكيلا لمباشرة تلك الإدارة، فإنه يكون تحت إشراف الوصي ومسؤولا أمامه. وفي غير هذه الحالة يتولى الوصي بنفسه مباشرة تلك الإدارة.

ولا يجوز طوال مدة العقوبة أن يسلم للمحجور القانوني أي مبلغ من مدخولاته ما خلا المقادير الخاصة بالمعيشة في حدود ما تسمح به إدارة السجون.

وعند انتهاء العقوبة، تعاد إلى المحجور أمواله، ويقدم له الوصي الحساب عما قام به مدة إدارته.

## الفصل 40

يجوز للمحاكم، في الحالات التي يحددها القانون، إذا حكمت بعقوبة جنحية أن تحرم المحكوم عليه، لمدة تتراوح بين سنة وعشر سنوات، من ممارسة حق أو عدة حقوق من الحقوق الوطنية أو المدنية أو العائلية المنصوص عليها في الفصل 26.

---

13 - انظر الكتاب الرابع من القانون رقم 70.03 بمثابة مدونة الأسرة، حول الأهلية والنيابة الشرعية، ولا سيما القسم الثاني حول النيابة الشرعية (المادة 229 وما يليها)، ظهير شريف رقم 1.04.22 صادر في 12 من ذي الحجة 1424 (3 فبراير 2004) بتنفيذ القانون رقم 70.03 بمثابة مدونة الأسرة؛ الجريدة الرسمية، عدد 5184 بتاريخ في 14 ذو الحجة 1424 (5 فبراير 2004)، ص 418.

يجوز أيضا للمحاكم تطبيق مقتضيات الفقرة الأولى من هذا الفصل إذا حكمت بعقوبة جنحية من أجل جريمة إرهابية[14].

## الفصل 41

كل حكم بالإعدام أو السجن المؤبد يتبعه حتما الحرمان النهائي من الحق في المعاش الذي تصرفه الدولة، ويطبق هذا الحرمان بحكم القانون، دون حاجة للنطق به في الحكم.

أما الحكم الصادر بعقوبة جنائية غير العقوبتين المنصوص عليهما في الفقرة السابقة فيجوز أن يتضمن النص على الحرمان المؤقت من الحق في المعاش طوال مدة تنفيذ العقوبة.

## الفصل 42

المصادرة هي تمليك الدولة جزءا من أملاك المحكوم عليه أو بعض أملاك له معينة.

## الفصل 43

في حالة الحكم بالمؤاخذة عن فعل يعد جناية، يجوز للقاضي أن يحكم بأن يصادر لفائدة الدولة، مع حفظ حقوق الغير، الأدوات والأشياء التي استعملت أو كانت ستستعمل في ارتكاب الجريمة أو التي تحصلت منها وكذلك المنح وغيرها من الفوائد التي كوفئ بها مرتكب الجريمة أو كانت معدة لمكافأته.

## الفصل 44

في حالة الحكم بالمؤاخذة عن أفعال تعد جنحا أو مخالفات لا يجوز الحكم بالمصادرة المشار إليها في الفصل السابق إلا في الأحوال التي يوجد فيها نص قانوني صريح.

## الفصل 44-1 [15]

يمكن للمحكمة أن تحكم بالمصادرة المنصوص عليها في الفصل 42 من هذا القانون إذا تعلق الأمر بجريمة إرهابية.

يجب دائما الحكم بالمصادرة المذكورة في الفصلين 43 و44 من هذا القانون، مع حفظ حق الغير، في حالة الحكم بالمؤاخذة من أجل جريمة إرهابية.

---

**14** - تم تتميم هذا الفصل بمقتضى المادة الثانية من الباب الأول من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، بتنفيذه ظهير شريف رقم 1.03.140 بتاريخ 26 من ربيع الأول 1424 (28 ماي 2003)؛ الجريدة الرسمية عدد 5112 بتاريخ 27 من ربيع الأول 1424 (29 ماي 2003)، ص 1755.

**15** - أضيف هذا الفصل بمقتضى المادة الثالثة من الباب الأول من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

المملكة المغربية              وزارة العدل والحريات              مديرية التشريع

## الفصل 45

المصادرة لا تمس إلا الأشياء المملوكة للمحكوم عليه. باستثناء الأحوال المنصوص عليها في هذه المجموعة.

وإذا كان المال محل المصادرة مملوكا على الشياع بين المحكوم عليه والغير فإن المصادرة لا تنصب إلا على نصيب المحكوم عليه ويترتب عنها حتما القسمة أو التصفية على طريق المزايدة.

## الفصل 46

تفويت الأموال المصادرة يباشر من طرف إدارة الأملاك المخزنية حسب الإجراءات المقررة بخصوص بيع أملاك الدولة.

وتبقى الأملاك المصادرة كافلة في حدود قيمتها للديون المشروعة السابقة لصدور الحكم.

## الفصل 47

حل الشخص المعنوي هو منعه من مواصلة النشاط الاجتماعي، ولو تحت اسم آخر وبإشراف مديرين أو مسيرين أو متصرفين آخرين ويترتب عنه تصفية أملاك الشخص المعنوي.

ولا يحكم به إلا في الأحوال المنصوص عليها في القانون وبنص صريح في الحكم بالإدانة.

## الفصل 48

للمحكمة، في الأحوال التي يحددها القانون، أن تأمر بنشر الحكم الصادر عنها بالإدانة كلا أو بعضها، في صحيفة أو عدة صحف تعينها، أو بتعليقه في أماكن تبينها. والكل على نفقة المحكوم عليه من غير أن تتعدى صوائر النشر ما قدرته المحكمة لذلك ولا أن تتجاوز مدة التعليق شهرا واحدا.

# الباب الثالث: في أسباب انقضاء العقوبات والإعفاء منها وإيقاف تنفيذها

(الفصول 49 – 60)

## الفصل 49

تنفذ على المحكوم عليه العقوبات الصادرة ضده بتمامها، إلا إذا طرأ سبب من أسباب الانقضاء أو الإعفاء أو الإيقاف الآتي بيانها:

1 – موت المحكوم عليه

2 – العفو الشامل

3 – إلغاء القانون الجنائي المحكوم بمقتضاه

4 – العفو

5 – التقادم

6 – إيقاف تنفيذ العقوبة

7 – الإفراج الشرطي

8 – الصلح، إذا أجازه القانون بنص صريح

## الفصل 50

موت المحكوم عليه لا يحول دون تنفيذ الجزاءات المالية على تركته.

## الفصل 51

لا يكون العفو الشامل إلا بنص تشريعي صريح.

ويحدد هذا النص ما يترتب عن العفو من آثار دون المساس بحقوق الغير.

## الفصل 52

باستثناء الحالة المنصوص عليها في الفصل 7، بخصوص تطبيق القوانين المؤقتة فإن إلغاء قانون جنائي يحول دون تنفيذ العقوبة المحكوم بها بموجبه والتي لم يشرع بعد في تنفيذها، كما يجعل حدا للعقوبة الجاري تنفيذها.

## الفصل 53

العفو حق من حقوق الملك، ويباشر وفق الترتيبات التي تضمنها الظهير رقم 1.57.387 الصادر في 16 رجب 1377 موافق 6 يبراير 1958 بخصوص العفو[16].

وإذا قدم طلب العفو عن محكوم عليه، معتقل من أجل جنحة أو مخالفة، جاز لوزير العدل، بصفة استثنائية، أن يأمر بالإفراج عنه ريثما يبت في الطلب.

## الفصل 54

يترتب على تقادم العقوبة تخلص المحكوم عليه من مفعول الحكم، وفق الشروط المبينة في الفصول 688 إلى 693 من المسطرة الجنائية[17].

---

**16** - الجريدة الرسمية عدد 2365 بتاريخ 2 شعبان 1377 (21 فبراير 1958)، ص. 422.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

## الفصل 55

في حالة الحكم بعقوبة الحبس أو الغرامة، في غير مواد المخالفات، إذا لم يكن قد سبق الحكم على المتهم بالحبس من أجل جناية أو جنحة عادية، يجوز للمحكمة أن تأمر بإيقاف تنفيذ تلك العقوبة، على أن تعلل ذلك.

## الفصل 56

يصبح الحكم بإيقاف التنفيذ كأن لم يكن، بعد مضي خمس سنوات من اليوم الذي صار فيه الحكم حائزا لقوة الشيء المحكوم به، إذا لم يرتكب المحكوم عليه، خلال تلك الفترة، جناية أو جنحة عادية حكم عليه من أجلها بالحبس أو بعقوبة أشد.

وبعكس ذلك إذا ارتكب جناية أو جنحة داخل أجل الخمس سنوات المنصوص عليه في الفقرة السابقة فإن الحكم بالحبس أو بعقوبة أشد بسبب تلك الجناية أو الجنحة ولو صدر الحكم بعد انصرام الأجل المذكور يترتب عنه حتما بقوة القانون عندما يصير نهائيا إلغاء وقف تنفيذ الحكم.

وتنفذ العقوبة الأولى قبل العقوبة الثانية، دون إدماج.

## الفصل 57

إيقاف التنفيذ لا يسري على أداء صائر الدعوى والتعويضات المدنية كما أنه لا يسري على العقوبات الإضافية أو فقدان الأهلية المترتب عن الحكم الزجري.

غير أن العقوبات الإضافية وحالة فقدان الأهلية ينتهي مفعولهما حتما يوم يصبح الحكم كأن لم يكن، وفقا لمقتضيات الفقرة الأولى من الفصل السابق.

## الفصل 58

إذا كان المحكوم عليه حاضرا بالجلسة، تعين على القاضي الرئيس بمجرد النطق بالحكم بإيقاف التنفيذ، أن ينذره بأنه إذا حكم عليه مرة أخرى في الأحوال المبينة في الفصل 56 فسوف تنفذ عليه فعلا هذه العقوبة، بالإضافة إلى العقوبة التي قد يحكم بها عليه فيما بعد دون أي إدماج. كما أنه سوف يتعرض للعقوبات المشددة بموجب حالة العود.

## الفصل 59

الإفراج المقيد بشروط هو إطلاق سراح المحكوم عليه قبل الأوان نظرا لحسن سيرته داخل السجن، على أن يظل مستقيم السيرة في المستقبل، أما إذا ثبت عليه سوء السلوك، أو إذا أخل بالشروط التي حددها القرار بالإفراج المقيد، فإنه يعاد إلى السجن لتتميم ما تبقى من عقوبته.

---

**17** - المواد من 648 إلى 653 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

ويطبق الإفراج المقيد حسب الفصول 663 إلى 672 من المسطرة الجنائية[18].

**الفصل 60**

ليس رد الاعتبار سببا من أسباب انقضاء العقوبة أو الإعفاء منها أو إيقافها، وإنما يمحو فيما يخص المستقبل فقط، آثار الحكم الزجري وحالات فقدان الأهلية المترتبة عن هذا الحكم، وذلك وفق مقتضيات الفصول 730 إلى 747 من المسطرة الجنائية[19].

# الجزء الثاني: في التدابير الوقائية

(الفصول 61 – 104)

# الباب الأول: في مختلف التدابير الوقائية الشخصية والعينية

(الفصول 61 – 92)

**الفصل 61**

التدابير الوقائية الشخصية هي:

1 – الإقصاء.

2 - الإجبار على الإقامة بمكان معين.

3 - المنع من الإقامة.

4 - الإيداع القضائي داخل مؤسسة لعلاج الأمراض العقلية.

5 - الوضع القضائي داخل مؤسسة للعلاج.

6 - الوضع القضائي في مؤسسة فلاحية.

7 - عدم الأهلية لمزاولة جميع الوظائف أو الخدمات العمومية.

8 - المنع من مزاولة مهنة أو نشاط أو فن سواء كان ذلك خاضعا لترخيص إداري أم لا.

9 - سقوط الحق في الولاية الشرعية على الأبناء.

---

**18** - المواد من 622 إلى 632 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.
**19** - المواد من 687 إلى 703 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

مديرية التشريع          وزارة العدل والحريات          المملكة المغربية

## الفصل 62

التدابير الوقائية العينية هي:

1 ـ مصادرة الأشياء التي لها علاقة بالجريمة أو الأشياء الضارة أو الخطيرة أو المحظور امتلاكها.

2 ـ إغلاق المحل أو المؤسسة التي استغلت في ارتكاب الجريمة.

## الفصل 63

الإقصاء هو إيداع العائدين الذين تتوفر فيهم الشروط المبينة في الفصلين 65 و66، داخل مؤسسة للشغل ذات نظام ملائم لتقويم الانحراف الاجتماعي.

## الفصل 64

لا يحكم بالإقصاء إلا المحاكم العادية، دون غيرها من المحاكم الخاصة أو الاستثنائية.

ويحدد الحكم مدة الإقصاء التي لا يسوغ أن تقل عن خمس سنوات، أو تزيد على عشر سنوات ابتداء من اليوم الذي ينتهي فيه تنفيذ العقوبة.

وإذا ما بدت علامة صادقة تفيد أن المحكوم عليه قد استقامت حاله اجتماعيا، فإنه يجوز أن يمنح الإفراج المقيد بشروط، طبق الترتيبات المنصوص عليها في الفصل 663 وما يليه من المسطرة الجنائية[20].

## الفصل 65

يتعين إقصاء العائدين الذين صدر عليهم الحكم بالسجن مرتين في ظرف عشر سنوات دون أن يدخل في حساب هذا الأجل مدة العقوبة التي وقع تنفيذها فعلا.

إلا أن المحكوم عليهم من الرجال الذين تقل سنهم عن عشرين سنة أو تتجاوز الستين، أو من النساء مطلقا، يجوز للمحكمة أن تعفيهم من الإقصاء بقرار معلل.

## الفصل 66

يمكن إقصاء العائدين الذين صدر عليهم، في ظرف عشر سنوات ـ خالصة من مدة العقوبات التي وقع تنفيذها فعلا ـ الأحكام الآتية بصرف النظر عن ترتيب صدورها:

1 ـ ثلاثة أحكام، أحدها بالسجن والآخران بالحبس من أجل أفعال تعتبر جنايات أو بالحبس لأزيد من ستة أشهر عن السرقة أو النصب أو خيانة الأمانة أو إخفاء أشياء حصل عليها من جناية أو جنحة أو الإخلال العلني بالحياء أو تحريض قاصرين على الفساد أو استخدام الغير من أجل الفساد أو استغلال البغاء أو الإجهاض أو الاتجار في المخدرات.

---

**20** ـ المادة 622 وما يليها من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

2 ـ أربعة أحكام بالحبس من أجل أفعال تعتبر جنايات، أو أربعة أحكام كل منها بالحبس لأزيد من ستة أشهر عن الجنح المنصوص عليها في الرقم 1 أعلاه.

3 ـ سبعة أحكام يكون اثنان منها على الأقل من نوع الأحكام المنصوص عليها في الرقمين السابقين، والباقي بالحبس لأزيد من ثلاثة أشهر عن جناية أو جنحة.

## الفصل 67

كل من سبق إقصاؤه ثم ارتكب، داخل العشر سنوات الموالية ليوم الإفراج عنه، جناية أو جنحة من النوع المنصوص عليه في الرقم 1 من الفصل السابق حكم عليه من أجلها بالحبس لأزيد من سنة فإنه، بعد انتهاء هذه العقوبة، يقصى من جديد، لمدة لا يمكن أن تقل عن عشر سنوات.

## الفصل 68

إذا كان من شأن المتابعة لدى محكمة زجرية أن تؤدي إلى الحكم بالإقصاء، فإنه لا يجوز وفقا للفقرة الأخيرة من الفصل 76 من المسطرة الجنائية[21] تطبيق المسطرة الخاصة بالجنحة المشاهدة.

وتكون مساعدة المدافع واجبة حسب مقتضيات الفصل 311 من المسطرة الجنائية[22].

## الفصل 69

المحكمة التي تصدر العقوبة الأصلية المستوجبة لإقصاء المحكوم عليه هي التي تبت في شأن ذلك الإقصاء.

ويحكم بالإقصاء في نفس الحكم الصادر بالعقوبة الأصلية، مع وجوب التنصيص الصريح على الأحكام السابقة التي تبرر هذا التدبير.

## الفصل 70

إذا تبين من الأحداث أن المتهم بارتكاب إحدى جرائم المس بسلامة الدولة له نشاط عادي فيه خطر على النظام الاجتماعي، جاز للمحكمة، التي تقضي عليه بالعقوبة من أجل تلك الجريمة، أن تعين له مكانا للإقامة أو دائرة محصورة لا يجوز له الابتعاد عنها بدون رخصة، طوال المدة التي يحددها الحكم على أن لا تتجاوز خمس سنوات. وتبتدئ مدة الإجبار على الإقامة من يوم انتهاء العقوبة الأصلية.

---

**21** ـ حلت المادة 74 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر، محل الفصل 76 من قانون المسطرة الجنائية القديم، مع الإشارة إلى أن الفقرة الأخيرة من الفصل 76 المذكور والتي كانت تمنع تطبيق مسطرة التلبس على القضايا التي يحكم فيها بالإقصاء، سبق أن حذفت بمقتضى الظهير في 30 دجنبر 1993، أي قبل اعتماد قانون المسطرة الجنائية الجديد.

**22** ـ المادة 316 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

إذا كانت الجريمة المرتكبة جريمة إرهابية، فيجوز للمحكمة تعيين مكان الإقامة المذكور في الفقرة الأولى أعلاه. ولا يجوز الابتعاد عنه بدون رخصة طيلة المدة التي يحددها الحكم على أن لا تتجاوز 10 سنوات[23].

ويبلغ الحكم بتحديد الإقامة إلى الإدارة العامة للأمن الوطني التي يجب عليها أن تتولى مراقبة الإقامة المحددة. ويسوغ لها، إذا اقتضى الحال، أن تسلم للمحكوم عليه رخصا مؤقتة للتنقل داخل القطر.

## الفصل 71

المنع من الإقامة هو منع المحكوم عليه من أن يحل بأماكن معينة، ولمدة محددة إذا اعتبرت المحكمة، نظرا لطبيعة الفعل المرتكب أو لشخصية فاعله أو لظروف أخرى أن إقامة المحكوم عليه بالأماكن المشار إليها يكون خطرا على النظام العام أو على أمن الأشخاص.

## الفصل 72

يجوز دائما الحكم بالمنع من الإقامة في حالة إصدار عقوبة من أجل فعل يعده القانون جناية.

أما في حالة إصدار عقوبة بالحبس من أجل جنحة، فلا يجوز الحكم بالمنع من الإقامة إلا إذا كان مقررا في النص الذي يعاقب على تلك الجنحة.

وعلى أي حال، فإن المنع من الإقامة لا يطبق إلا إذا نص عليه صراحة في الحكم الصادر بالعقوبة الأصلية.

غير أنه يجوز دائما الحكم بالمنع من الإقامة إذا صدر حكم بعقوبة حبسية من أجل جريمة إرهابية[24].

## الفصل 73

المنع من الإقامة يمكن الحكم به من خمس سنوات إلى عشرين سنة في حق المحكوم عليهم بعقوبة السجن، ومن سنتين إلى عشر سنوات في حق المحكوم عليهم بعقوبة الحبس.

ولا تبدأ مدة هذا المنع ومفعوله إلا من يوم سراح المحكوم عليه وبعد تبليغه قرار المنع.

---

23 - أضيفت هذه الفقرة بمقتضى المادة الثانية من الباب الأول من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

24 - انظر الهامش السابق.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 74

يتولى المدير العام للأمن الوطني تحرير القرار بالمنع من الإقامة ويحتوي هذا القرار على قائمة الأماكن أو الدوائر التي يمنع على المحكوم عليه أن يحل بها - وتتضمن هذه القائمة الأماكن أو الدوائر الممنوعة بصفة عامة، كما تتضمن عند الاقتضاء، الأماكن أو الدوائر التي خصها بالمنع الحكم القضائي.

ويكون المدير العام للأمن الوطني مختصا بالسهر على احترام الحكم بالمنع من الإقامة وله، إذا اقتضى الحال، أن يسلم للمعنيين بالأمر رخصا مؤقتة بالإقامة في الأماكن الممنوعة عليهم.

## الفصل 75

الإيداع القضائي داخل مؤسسة لعلاج الأمراض العقلية هو أن يوضع شخص في مؤسسة مختصة، بمقتضى قرار من محكمة الموضوع إذا كان متهما بارتكاب جناية أو جنحة أو بالمساهمة أو المشاركة فيها، ولكنه، كان وقت ارتكاب الفعل، في حالة خلل عقلي ثبت بناء على خبرة طبية، واستوجب التصريح بانعدام مسؤوليته مطلقا وإعفائه من العقوبة التي قد يستحقها وفق القانون.

## الفصل 76

إذا تبين لمحكمة الموضوع، بعد إجراء خبرة طبية، أن الشخص المتابع أمامها بجناية أو جنحة، كان عديم المسؤولية تماما وقت ارتكاب الفعل بسبب اختلال عقلي، فإنه يجب عليها:

1 - أن تثبت أن المتهم كان، وقت الفعل، في حالة خلل عقلي يمنعه تماما من الإدراك أو الإرادة.

2 - أن تصرح بانعدام مسؤوليته مطلقا وتحكم بإعفائه.

3 - أن تأمر، في حالة استمرار الخلل العقلي، بإيداعه في مؤسسة لعلاج الأمراض العقلية.

ويبقى الأمر بالاعتقال ساريا على المتهم إلى أن يودع فعلا في تلك المؤسسة.

## الفصل 77

الإيداع القضائي يستمر طالما استوجب ذلك الأمن العام وعلاج الشخص المأمور بإيداعه.

ويبقى الشخص المودع تحت الملاحظة، ويجب فحصه كلما رأى الطبيب المعالج ضرورة ذلك، وعلى أي حال كل ستة أشهر.

- 28 -

EXHIBIT F

المملكة المغربية                وزارة العدل والحريات                مديرية التشريع

وإذا استقر رأي الطبيب المعالج على إنهاء الإيداع، فإنه يجب أن يخطر بذلك رئيس النيابة العامة بمحكمة الاستئناف الذي له أن يطعن في قرار الإخراج في ظرف عشرة أيام ابتداء من تسلمه ذلك الإخطار، وذلك وفق الشروط المقررة في الفصل 28 من ظهير 21 شوال 1378 الخاص بالوقاية والعلاج من الأمراض العقلية وحماية المرضى المصابين بها[25]، وهذا الطعن يوقف مفعول الأمر بالإخراج.

## الفصل 78

إذا قررت محكمة الموضوع، بعد الخبرة الطبية، أن مرتكب جناية أو جنحة، رغم كونه قادرا على الدفاع عن نفسه في الدعوى، إلا أنه كان مصابا وقت الأفعال المنسوبة إليه بضعف في قواه العقلية يترتب عليه نقص مسؤوليته، فإنه يجب عليها:

1 ـ أن تثبت أن الأفعال المتابع من أجلها المتهم منسوبة إليه.

2 ـ أن تصرح بأن مسؤوليته ناقصة بسبب ضعف في قواه العقلية وقت ارتكاب الفعل.

3 ـ أن تصدر الحكم بالعقوبة.

4 ـ أن تأمر، إذا اقتضى الأمر ذلك، بإدخال المحكوم عليه في مؤسسة لعلاج الأمراض العقلية، قبل تنفيذ العقوبة السالبة للحرية. ومدة بقائه في هذه المؤسسة تخصم من مدة العقوبة، وينتهي إيداعه في المؤسسة وفق الشروط المقررة في الفقرة الأخيرة من الفصل 77.

## الفصل 79

إذا قررت محكمة الموضوع، بعد الخبرة الطبية، أن الشخص المتابع لديها بجناية أو جنحة كامل المسؤولية أو ناقص المسؤولية بالنسبة للوقائع المنسوبة إليه، ولكن بسبب خلل في قواه العقلية طرأ عليه أو اشتد أثره بعد ارتكاب الفعل، أصبح غير قادر على الدفاع عن نفسه في الدعوى، فإنه يجب عليها:

1 ـ أن تقرر أن المتهم عاجز عن إبداء دفاعه بسبب خلل في قواه العقلية.

2 ـ أن تأمر بوقف النظر في الدعوى.

3 ـ أن تأمر بإدخاله في مؤسسة لعلاج الأمراض العقلية.

ويبقى الأمر بالاعتقال ساريا بالنسبة للمتهم حتى يتم إيداعه فعلا.

ويجب على الطبيب المعالج أن يخطر رئيس النيابة العمومية بقرار إخراجه في ظرف عشرة أيام على الأقل قبل تنفيذ الأمر بالخروج، ويبقى الأمر بالاعتقال الذي كان نافذا وقت إدخاله بالمؤسسة ساري المفعول وتستأنف المتابعة، بناء على طلب النيابة العمومية وفي

---

**25** ـ الجريدة الرسمية عدد 2429 بتاريخ 7 ذو القعدة 1378 (15 ماي 1959)، ص 1507.

المملكة المغربية       وزارة العدل والحريات       مديرية التشريع

حالة صدور حكم بعقوبة سالبة للحرية، فإن محكمة الموضوع يمكن لها أن تخصم المدة التي قضاها في المؤسسة من مدة تلك العقوبة.

## الفصل 80

الوضع القضائي في مؤسسة للعلاج هو أن يجعل تحت المراقبة بمؤسسة ملائمة ـ وبمقتضى حكم صادر عن قضاء الحكم ـ شخص ارتكب أو ساهم أو شارك في جناية أو جنحة تأديبية أو ضبطية، وكان مصابا بتسمم مزمن ترتب عن تعاط للكحول أو المخدرات إذا ظهر أن لإجرامه صلة بذلك التسمم.

## الفصل 81

إذا ارتأى قضاء الحكم تطبيق مقتضيات الفصل السابق تعين عليه:

1 ـ أن يصرح بأن الفعل المتابع من أجله صادر عن المتهم.

2 ـ أن يثبت صراحة أن إجرام مرتكب الفعل مرتبط بتسمم مزمن مترتب عن تعاطي الكحول أو المخدرات.

3 ـ أن يحكم بالعقوبة.

4 ـ أن يأمر، علاوة على ذلك، بالوضع القضائي داخل مؤسسة للعلاج، لمدة لا تزيد عن سنتين.

ويطبق على المحكوم عليه تدبير الوضع القضائي قبل تنفيذ العقوبة، ما لم تقرر المحكمة خلاف ذلك.

## الفصل 82

يلغى التدبير الصادر بالوضع القضائي في مؤسسة للعلاج عندما يتبين أن الأسباب التي استوجبته قد انتفت.

إذا قر رأي الطبيب، رئيس مؤسسة للعلاج، على أن يجعل حدا لهذا التدبير فإنه يعلم بذلك رئيس النيابة العمومية بمحكمة الاستئناف الذي يمكن له، داخل العشرة أيام الموالية لتوصله بالإعلام المذكور، أن يطعن في قرار الطبيب، وفقا لمقتضيات الفصل 77.

## الفصل 83

الوضع القضائي في مؤسسة فلاحية هو إلزام الحكم للمحكوم عليه من أجل جناية أو من أجل أية جنحة عقابها الحبس قانونا بأن يقيم في مركز مختص يكلف فيه بأشغال فلاحية وذلك إذا ظهر أن إجرامه مرتبط بتعوده على البطالة أو تبين أنه يتعيش عادة من أعمال غير مشروعة.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 84

إذا ارتأى قضاء الحكم تطبيق مقتضيات الفصل السابق تعين عليه:

1 ـ أن يصرح بأن الفعل المتابع من أجله صادر عن المتهم.

2 ـ أن يقرر صراحة أن هذا الفعل مرتبط بما اعتاده المحكوم عليه من البطالة أو أن المحكوم عليه يتعيش عادة من أعمال غير مشروعة.

3 ـ أن يحكم بالعقوبة.

4 ـ أن يأمر، علاوة على ذلك، بالوضع القضائي في مؤسسة فلاحية لمدة لا تقل عن ستة أشهر ولا تتجاوز سنتين.

وتبدأ الإقامة بالمؤسسة الفلاحية بمجرد انتهاء تنفيذ العقوبة.

## الفصل 85

يلغى التدبير الصادر بالوضع القضائي المنصوص عليه في الفصل 83 عندما ينم سلوك المحكوم عليه عن صلاح حاله.

ويصدر القرار بهذا الإلغاء، بناء على اقتراح من مدير المؤسسة الفلاحية، عن المحكمة التي كانت أمرت بالوضع القضائي.

عندما يكون التدبير بالوضع القضائي صادرا عن محكمة للجنايات، فإن المحكمة الجنحية التي ساهمت في تأليف المحكمة الجنائية المذكورة هي التي تكون مختصة بالحكم بالإلغاء.

## الفصل 86

يجب على المحكمة أن تصرح بعدم الأهلية لمزاولة جميع الوظائف والخدمات العمومية في الأحوال التي نص فيها القانون على ذلك أو إذا تعلق الأمر بجريمة إرهابية[26].

ويجوز الحكم بهذا التدبير في غير الأحوال المشار إليها، عندما تلاحظ المحكمة وتصرح بمقتضى نص خاص بالحكم أن الجريمة المرتكبة لها علاقة مباشرة بمزاولة الوظيفة أو الخدمة وأنها تكشف عن وجود فساد في خلق مرتكبها لا يتلاءم ومزاولة الوظيفة أو الخدمة على الوجه المرضي.

ويحكم بعدم الأهلية لمدة لا يمكن أن تفوق عشر سنوات، ما لم ينص القانون على خلاف ذلك.

وتحسب هذه المدة من اليوم الذي ينتهي فيه تنفيذ العقوبة.

---

**26** ـ تم تتميم هذا الفصل بمقتضى المادة الثانية من الباب الأول من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

## الفصل 87

يتعين الحكم بالمنع من مزاولة مهنة أو نشاط أو فن في حق المحكوم عليهم من أجل جناية أو جنحة، عندما يتبين للمحكمة أن الجريمة المرتكبة لها علاقة مباشرة بمزاولة المهنة أو النشاط أو الفن وأنه توجد قرائن قوية يخشى معها أن يصبح المحكوم عليه، إن هو تمادى على مزاولة ذلك، خطرا على أمن الناس أو صحتهم أو أخلاقهم أو على مدخراتهم.

ويحكم بهذا المنع لمدة لا يمكن أن تفوق عشر سنوات، ما لم ينص القانون على خلاف ذلك. وتحسب هذه المدة من اليوم الذي ينتهي فيه تنفيذ العقوبة.

ويسوغ أن يتضمن الحكم بالمؤاخذة الأمر بتنفيذ هذا التدبير مؤقتا، بالرغم من استعمال أية طريق من طرق الطعن، عادية كانت أو غير عادية.

## الفصل 88

يتعين على المحكمة أن تحكم بسقوط الولاية الشرعية على الأولاد عندما تصدر حكما من أجل جناية أو جنحة معاقب عليها قانونا بالحبس ارتكبها أحد الأصول على شخص أحد أطفاله القاصرين، إذا ثبت لديها وصرحت بمقتضى نص خاص بالحكم أن السلوك العادي للمحكوم عليه يعرض أولاده القاصرين لخطر بدني أو خلقي.

وهذا السقوط يمكن أن يشمل جميع حقوق الولاية أو بعضها، كما يسوغ أن يكون مقصورا على بعض الأولاد أو على واحد فقط.

ويجوز أن يتضمن الحكم بالمؤاخذة الأمر بتنفيذ هذا التدبير مؤقتا، على الرغم من استعمال أية طريق من طرق الطعن، عادية كانت أو غير عادية.

## الفصل 89

يؤمر بالمصادرة كتدبير وقائي بالنسبة للأدوات والأشياء المحجوزة التي يكون صنعها أو استعمالها أو حملها أو حيازتها أو بيعها جريمة، ولو كانت تلك الأدوات أو الأشياء على ملك الغير، وحتى لو لم يصدر حكم بالإدانة.

## الفصل 90

يجوز أن يؤمر بإغلاق محل تجاري أو صناعي أو مؤقتا، إذا كان قد استعمل لارتكاب جريمة، إما بإساءة استغلال الإذن أو الرخصة المحصل عليها، وإما بعدم مراعاة النظم الإدارية.

وينتج عن الحكم بإغلاق محل تجاري أو صناعي، أو أي مؤسسة أخرى في الأحوال التي يجيز فيها القانون ذلك، منع المحكوم عليه من مزاولة نفس المهنة أو النشاط بذلك المحل. ويشمل المنع أفراد أسرة المحكوم عليه أو غيرهم ممن يكون المحكوم عليه قد باع له

المحل أو أكراه أو سلمه إليه. كما يسري المنع في حق الشخص المعنوي أو الهيئة التي كان ينتمي إليها المحكوم عليه أو كان يعمل لحسابها وقت ارتكاب الجريمة.

ومدة الإغلاق المؤقت لا يجوز أن تقل عن عشرة أيام ولا أن تتجاوز ستة أشهر، ما لم ينص القانون على خلاف ذلك.

## الفصل 91

إذا صدرت على نفس الشخص عدة تدابير وقائية غير قابلة للتنفيذ في آن واحد، فإنه يتعين على المحكمة التي أصدرت آخر تدبير أن تحدد الترتيب الذي يتبع في التنفيذ.

إلا أن الإيداع القضائي في مؤسسة لمعالجة الأمراض العقلية، أو الوضع القضائي في مؤسسة للعلاج، ينفذان حتما قبل غير هما.

## الفصل 92

إذا صدر على شخص، خلال تنفيذه لتدبير سالب للحرية، أو مقيد لها، حكم بعقوبة سالبة للحرية، من أجل جناية أو جنحة أخرى فإنه يوقف تنفيذ التدبير الوقائي كيفما كان، ما عدا الوضع القضائي في مؤسسة للعلاج، وتنفذ على المحكوم عليه العقوبة الجديدة.

# الباب الثاني: في أسباب انقضاء تدابير الوقاية والإعفاء منها أو إيقافها

(الفصول 93 – 104)

## الفصل 93

مع مراعاة مقتضيات الفصلين 103 و104 فإن أسباب انقضاء تدابير الوقاية أو الإعفاء منها أو إيقافها هي:

1 - موت المحكوم عليه.

2 - العفو الشامل.

3 - إلغاء القانون الجنائي المحكوم بمقتضاه.

4 - العفو.

5 - التقادم.

6 - الإفراج الشرطي.

7 - إعادة الاعتبار.

8 - الصلح، عندما ينص القانون على ذلك صراحة.

على أن وقف تنفيذ العقوبة لا اثر له في تدابير الوقاية.

### الفصل 94

موت المحكوم عليه لا يحول دون تنفيذ تدابير الوقاية العينية.

### الفصل 95

القانون المتعلق بالعفو الشامل عن الجريمة أو عن العقوبة الأصلية يوقف تنفيذ التدابير الوقائية الشخصية، دون التدابير العينية، ما لم يوجد نص صريح على خلاف ذلك.

### الفصل 96

إلغاء القانون الجنائي يضع حدا لتنفيذ تدابير الوقاية بالشروط المنصوص عليها في الفصل 9.

### الفصل 97

العفو الخاص بالعقوبة الأصلية لا يسري على تدابير الوقاية، إلا إذا ورد نص صريح في قرار العفو على خلاف ذلك.

### الفصل 98

تقادم العقوبة الأصلية لا ينتج عنه تقادم تدابير الوقاية.

### الفصل 99

التدبير الوقائي الذي لم ينفذ يسقط بالتقادم لمضي خمسة أعوام تبدأ إما من تاريخ تمام تنفيذ العقوبة السالبة للحرية تنفيذا فعليا، أو دفع مبلغ الغرامة وإما من تاريخ تمام تقادم العقوبة.

إلا أنه إذا كانت مدة التدبير الوقائي المحكوم به تزيد على خمس سنوات فإن مدة التقادم تكون مساوية لمدة التدبير المحكوم به.

### الفصل 100

أحكام الفصلين 98 و99 لا تطبق على المنع من الإقامة إلا طبق القواعد المنصوص عليها في الفقرة الثانية من الفصل 73 من هذا القانون، والفصل 689 من المسطرة الجنائية[27].

---

[27] - المادة 649 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

### الفصل 101

قرار الإفراج الشرطي يجوز أن ينص فيه على تنفيذ التدابير الوقائية.

### الفصل 102

رد الاعتبار للمحكوم عليه، الذي يصدر وفق الشروط المقررة في الفصول 730 إلى 747 من المسطرة الجنائية[28]، يضع حدا لتنفيذ تدابير الوقاية.

### الفصل 103

أسباب انقضاء تدابير الوقاية أو الإعفاء منها أو إيقافها، فيما عدا موت المحكوم عليه، لا تطبق على الإيداع القضائي في مؤسسة لعلاج الأمراض العقلية، ولا على الوضع القضائي في مؤسسة علاجية.

وينقضي هذان التدبيران وفق الشروط المحددة في الفصلين 78 و82.

### الفصل 104

الحرمان من الولاية على الأبناء يخضع لأحكام الانقضاء والإعفاء والإيقاف الخاصة به.

# الجزء الثالث: في باقي ما يمكن أن يحكم به

(الفصول 105 – 109)

### الفصل 105

كل حكم بعقوبة أو تدبير وقائي، يجب أن يبت في الصوائر ومصاريف الدعوى طبق القواعد المنصوص عليها في الفصلين 347 و349 من المسطرة الجنائية[29].

ويجب أن يبت علاوة على ذلك، إذا اقتضى الحال في طلبات الرد والتعويضات المدنية.

### الفصل 106

الرد هو إعادة الأشياء أو المبالغ أو الأمتعة المنقولة الموضوعة تحت يد العدالة إلى أصحاب الحق فيها.

ويمكن للمحكمة أن تأمر بالرد ولو لم يطلبه صاحب الشأن.

---

**28** - المواد من 687 إلى 703 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

**29** - المواد من 365 إلى 367 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

| مَديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 107

يجوز للمحكمة علاوة على ذلك، بقرار معلل، بناء على طلب المجني عليه أن تأمر برد:

1 ـ المبالغ المتحصلة من بيع الأشياء أو الأمتعة المنقولة التي كان له الحق في استردادها عينا.

2 ـ الأشياء أو الأمتعة المنقولة المتحصل عليها بواسطة ما نتج عن الجريمة، مع احترام حقوق الغير.

## الفصل 108

التعويضات المدنية المحكوم بها يجب أن تحقق للمتضرر تعويضا كاملا عن الضرر الشخصي الحال المحقق الذي أصابه مباشرة من الجريمة.

## الفصل 109

جميع المحكوم عليهم من أجل نفس الجناية أو نفس الجنحة أو نفس المخالفة يلزمون متضامنين بالغرامات والرد والتعويضات المدنية والصوائر، إلا إذا نص الحكم على خلاف ذلك.

المملكة المغربية     وزارة العدل والحريات     مديرية التشريع

# الكتاب الثاني: في تطبيق العقوبات والتدابير الوقائية على المجرم

(الفصول 110 – 162)

## الجزء الأول: في الجريمة

(الفصول 110 – 125)

### الفصل 110

الجريمة هي عمل أو امتناع مخالف للقانون الجنائي ومعاقب عليه بمقتضاه.

## الباب الأول: في أنواع الجرائم

(الفصول 111 – 113)

### الفصل 111

الجرائم إما جنايات أو جنح تأديبية أو جنح ضبطية أو مخالفات، على التفصيل الآتي:

الجريمة التي تدخل عقوبتها ضمن العقوبات المنصوص عليها في الفصل 16 تعد جناية.

الجريمة التي يعاقب عليها القانون بالحبس الذي يزيد حده الأقصى عن سنتين تعد جنحة تأديبية.

الجريمة التي يعاقب عليها القانون بحبس حده الأقصى سنتان أو اقل أو بغرامة تزيد عن مائتي درهم[30] تعد جنحة ضبطية.

الجريمة التي يعاقب عليها القانون بإحدى العقوبات المنصوص عليها في الفصل 18 تعد مخالفة.

### الفصل 112

لا يتغير نوع الجريمة إذا حكم بعقوبة متعلقة بنوع آخر من أنواع الجرائم لسبب تخفيف أو لحالة العود.

---

30 - تم رفع الحد الأدنى للغرامات الجنحية إلى 200 درهم بمقتضى الفصل الثاني من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، بتنفيذه ظهير شريف رقم 283-81-1 بتاريخ 11 رجب 1402 (6 مايو 1982)؛ الجريدة الرسمية عدد 3636 بتاريخ 15 رمضان 1402 (7 يوليوز 1982)، ص 835.

### الفصل 113

يتغير نوع الجريمة إذا نص القانون على عقوبة متعلقة بنوع آخر من أنواع الجرائم لسبب ظروف التشديد.

## الباب الثاني: في المحاولة

(الفصول 114 – 117)

### الفصل 114

كل محاولة ارتكاب جناية بدت بالشروع في تنفيذها أو بأعمال لا لبس فيها، تهدف مباشرة إلى ارتكابها، إذا لم يوقف تنفيذها أو لم يحصل الأثر المتوخى منها إلا لظروف خارجة عن إرادة مرتكبها، تعتبر كالجناية التامة ويعاقب عليها بهذه الصفة.

### الفصل 115

لا يعاقب على محاولة الجنحة إلا بمقتضى نص خاص في القانون.

### الفصل 116

محاولة المخالفة لا يعاقب عليها مطلقا.

### الفصل 117

يعاقب على المحاولة حتى في الأحوال التي يكون الغرض فيها من الجريمة غير ممكن بسبب ظروف واقعية يجهلها الفاعل.

## الباب الثالث: في تعدد الجرائم

(الفصول 118 – 123)

### الفصل 118

الفعل الواحد الذي يقبل أوصافا متعددة يجب أن يوصف بأشدها.

### الفصل 119

تعدد الجرائم هو حالة ارتكاب شخص جرائم متعددة في آن واحد أو في أوقات متوالية دون أن يفصل بينها حكم غير قابل للطعن.

المملكة المغربية                    وزارة العدل والحريات                    مديرية التشريع

## الفصل 120

في حالة تعدد جنايات أو جنح إذا نظرت في وقت واحد أمام محكمة واحدة، يحكم بعقوبة واحدة سالبة للحرية لا تتجاوز مدتها الحد الأقصى المقرر قانونا لمعاقبة الجريمة الأشد.

أما إذا صدر بشأنها عدة أحكام سالبة للحرية، بسبب تعدد المتابعات، فإن العقوبة الأشد هي التي تنفذ.

غير أن العقوبات المحكوم بها، إذا كانت من نوع واحد، جاز للقاضي، بقرار معلل، أن يأمر بضمها كلها أو بعضها بشرط أن لا تتجاوز الحد الأقصى المقرر في القانون للجريمة الأشد.

## الفصل 121

تضم العقوبات المالية سواء كانت أصلية أو مضافة إلى عقوبة سالبة للحرية، إلا إذا قرر الحكم خلاف ذلك بعبارة صريحة.

## الفصل 122

في حالة تعدد الجنايات أو الجنح، تضم العقوبات الإضافية وتدابير الوقاية، ما لم يقرر الحكم خلاف ذلك بنص معلل.

إلا أن التدابير الوقائية التي لا تقبل بطبيعتها أن تنفذ معا في نفس الوقت يراعى في ترتيب تنفيذها مقتضيات الفصل 91.

## الفصل 123

ضم العقوبات لزومي دائما في المخالفات.

# الباب الرابع: في الأسباب المبررة التي تمحو الجريمة

(الفصلان 124 – 125)

## الفصل 124

لا جناية ولا جنحة ولا مخالفة في الأحوال الآتية:

1 ـ إذا كان الفعل قد أوجبه القانون وأمرت به السلطة الشرعية.

2 ـ إذا اضطر الفاعل ماديا إلى ارتكاب الجريمة، أو كان في حالة استحال عليه معها، استحالة مادية، اجتنابها، وذلك لسبب خارجي لم يستطع مقاومته.

3 ـ إذا كانت الجريمة قد استلزمتها ضرورة حالة للدفاع الشرعي عن نفس الفاعل أو غيره أو عن ماله أو مال غيره، بشرط أن يكون الدفاع متناسبا مع خطورة الاعتداء.

## الفصل 125

تعتبر الجريمة نتيجة الضرورة الحالة للدفاع الشرعي في الحالتين الآتيتين:

1 ـ القتل أو الجرح أو الضرب الذي يرتكب ليلا لدفع تسلق أو كسر حاجز أو حائط أو مدخل دار أو منزل مسكون أو ملحقاتهما.

2 ـ الجريمة التي ترتكب دفاعا عن نفس الفاعل أو نفس غيره ضد مرتكب السرقة أو النهب بالقوة.

# الجزء الثاني: في المجرم

(الفصول 126 – 162)

## الفصل 126

تطبق العقوبات والتدابير الوقائية المقررة في هذه المجموعة على الأشخاص الذاتيين.

## الفصل 127

لا يمكن أن يحكم على الأشخاص المعنوية إلا بالعقوبات المالية والعقوبات الإضافية الواردة في الأرقام 5 و6 و7 من الفصل 36 ويجوز أيضا أن يحكم عليها بالتدابير الوقائية العينية الواردة في الفصل 62.

# الباب الأول: في المساهمة في الجريمة والمشاركة فيها

(الفصول 128 – 131)

## الفصل 128

يعتبر مساهما في الجريمة كل من ارتكب شخصيا عملا من أعمال التنفيذ المادي لها.

## الفصل 129

يعتبر مشاركا في الجناية أو الجنحة من لم يساهم مباشرة في تنفيذها ولكنه أتى أحد الأفعال الآتية:

1 ـ أمر بارتكاب الفعل أو حرض على ارتكابه، وذلك بهبة أو وعد أو تهديد أو إساءة استغلال سلطة أو ولاية أو تحايل أو تدليس إجرامي.

2 ـ قدم أسلحة أو أدوات أو أية وسيلة أخرى استعملت في ارتكاب الفعل، مع علمه بأنها ستستعمل لذلك.

3 ـ ساعد أو أعان الفاعل أو الفاعلين للجريمة في الأعمال التحضيرية أو الأعمال المسهلة لارتكابها، مع علمه بذلك.

4 ـ تعود على تقديم مسكن أو ملجأ أو مكان للاجتماع، لواحد أو أكثر من الأشرار الذين يمارسون اللصوصية أو العنف ضد أمن الدولة أو الأمن العام أو ضد الأشخاص أو الأموال مع علمه بسلوكهم الإجرامي.

أما المشاركة في المخالفات فلا عقاب عليها مطلقا.

## الفصل 130

المشارك في جناية أو جنحة يعاقب بالعقوبة المقررة لهذه الجناية أو الجنحة.

ولا تؤثر الظروف الشخصية التي ينتج عنها تشديد أو تخفيف أو إعفاء من العقوبة إلا بالنسبة لمن تتوفر فيه.

أما الظروف العينية المتعلقة بالجريمة، والتي تغلظ العقوبة أو تخفضها، فإنها تنتج مفعولها بالنسبة لجميع المساهمين أو المشاركين في الجريمة ولو كانوا يجهلونها.

## الفصل 131

من حمل شخصا غير معاقب، بسبب ظروفه أو صفته الشخصية، على ارتكاب جريمة، فإنه يعاقب بعقوبة الجريمة التي ارتكبها هذا الشخص.

# الباب الثاني: في المسؤولية الجنائية

(الفصول 132 – 140)

## الفرع 1 : في الأشخاص المسؤولين

(الفصلان 132 و133)

### الفصل 132

كل شخص سليم العقل قادر على التمييز يكون مسؤولا شخصيا عن:

الجرائم التي يرتكبها.

الجنايات أو الجنح التي يكون مشاركا في ارتكابها.

محاولات الجنايات.

محاولات بعض الجنح ضمن الشروط المقررة في القانون للعقاب عليها.

ولا يستثنى من هذا المبدأ إلا الحالات التي ينص فيها القانون صراحة على خلاف ذلك.

### الفصل 133

الجنايات والجنح لا يعاقب عليها إلا إذا ارتكبت عمدا.

إلا أن الجنح التي ترتكب خطأ يعاقب عليها بصفة استثنائية في الحالات الخاصة التي ينص عليها القانون.

أما المخالفات فيعاقب عليها حتى ولو ارتكبت خطأ، فيما عدا الحالات التي يستلزم فيها القانون صراحة قصد الإضرار.

## الفرع 2: في العاهات العقلية

(الفصول 134 – 137)

### الفصل 134

لا يكون مسؤولا، ويجب الحكم بإعفائه، من كان وقت ارتكابه الجريمة المنسوبة إليه، في حالة يستحيل عليه معها الإدراك أو الإرادة نتيجة لخلل في قواه العقلية.

وفي الجنايات والجنح، يحكم بالإيداع القضائي في مؤسسة لعلاج الأمراض العقلية وفق الشروط المقررة في الفصل 76.

أما في مواد المخالفات ـ فإن الشخص الذي يحكم بإعفائه ـ إذا كان خطرا على النظام العام ـ يسلم إلى السلطة الإدارية.

## الفصل 135

تكون مسؤولية الشخص ناقصة إذا كان وقت ارتكابه الجريمة مصابا بضعف في قواه العقلية من شأنه أن ينقص إدراكه أو إرادته ويؤدي إلى تنقيص مسؤوليته جزئيا.

وفي الجنايات والجنح، تطبق على الجاني العقوبات أو التدابير الوقائية المقررة في الفصل 78.

أما في المخالفات، فتطبق العقوبات مع مراعاة حالة المتهم العقلية.

## الفصل 136

إذا رأى قاضي التحقيق أن المتهم تظهر عليه علامات واضحة للخلل العقلي، فإنه يجوز له، بمقتضى أمر معلل، أن يأمر بوضعه، مؤقتا في مؤسسة لعلاج الأمراض العقلية من أجل ملاحظته وعلاجه إذا اقتضى الأمر، وذلك ضمن الشروط المقررة في الظهير رقم 1.58.295 الصادر في 21 شوال 1378 (30 أبريل 1959) الخاص بالوقاية والعلاج من الأمراض العقلية وحماية المصابين بها[31].

ويجب إخطار رئيس النيابة العمومية بمحكمة الاستئناف من طرف الطبيب المعالج بقرار إخراجه قبل تنفيذ ذلك القرار بعشرة أيام على الأقل. ويجوز لرئيس النيابة أن يطعن في هذا القرار وفق الشروط المقررة في الفصل 28 من الظهير المشار إليه، ويترتب على الطعن وقف تنفيذ القرار.

وفي حالة استئناف المتابعة وصدور حكم على المتهم بعقوبة سالبة للحرية، فإن محكمة الموضوع يجوز لها أن تأمر بخصم المدة التي قضاها في المؤسسة من مدة تلك العقوبة.

## الفصل 137

السكر وحالات الانفعال أو الاندفاع العاطفي أو الناشئ عن تعاطي المواد المخدرة عمدا لا يمكن بأي حال من الأحوال أن يعدم المسؤولية أو ينقصها.

ويجوز وضع المجرم في مؤسسة علاجية طبقا لأحكام الفصلين 80 و81.

---

**31** ـ انظر الهامش المضمن في الفصل 77 أعلاه.

## الفرع 3: في مسؤولية القاصر جنائيا

(الفصول 138 – 140)

### الفصل 138

الحدث الذي لم يبلغ سنه اثنتي عشرة سنة كاملة يعتبر غير مسؤول جنائيا لانعدام تمييزه.

لا يجوز الحكم عليه إلا طبقا للمقتضيات المقررة في الكتاب الثالث من القانون المتعلق بالمسطرة الجنائية[32].

### الفصل 139

الحدث الذي أتم اثنتي عشرة سنة ولم يبلغ الثامنة عشرة يعتبر مسؤولا مسؤولية جنائية ناقصة بسبب عدم اكتمال تمييزه.

يتمتع الحدث في الحالة المذكورة في الفقرة الأولى من هذا الفصل بعذر صغر السن ولا يجوز الحكم عليه إلا طبقا للمقتضيات المقررة في الكتاب الثالث من القانون المتعلق بالمسطرة الجنائية[33].

### الفصل 140[34]

يعتبر كامل المسؤولية الجنائية كل شخص بلغ سن الرشد بإتمام ثمان عشرة سنة ميلادية كاملة[35].

## الباب الثالث: في تفريد العقاب

(الفصول 141 – 162)

### الفصل 141

للقاضي سلطة تقديرية في تحديد العقوبة وتفريدها، في نطاق الحدين الأدنى والأقصى المقررين في القانون المعاقب على الجريمة، مراعيا في ذلك خطورة الجريمة المرتكبة من ناحية، وشخصية المجرم من ناحية أخرى.

---

**32** - تم تغيير هذا الفصل بمقتضى المادة الأولى من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**33** - انظر الهامش السابق.

**34** - انظر الهامش السابق.

**35** - نسخت أحكام الفقرة الثانية من الفصل 140 من مجموعة القانون الجنائي بمقتضى المادة السابعة من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

المملكة المغربية                   وزارة العدل والحريات                   مديرية التشريع

### الفصل 142

يتعين على القاضي أن يطبق على المؤاخذ عقوبة مخففة أو مشددة، حسب الأحوال كلما ثبت لديه واحد أو أكثر من الأعذار القانونية المخفضة للعقوبة أو واحد أو أكثر من الظروف المشددة المقررة في القانون.

ويتعين عليه أن يحكم بالإعفاء، عندما يقوم الدليل على أنه يوجد، لصالح المتهم، عذر مانع من العقاب مقرر في القانون.

وللقاضي أن يمنح المؤاخذ التمتع بظروف التخفيف، طبق الشروط المقررة في الفصول 146 إلى 151، ما لم يوجد نص خاص في القانون يمنع ذلك.

## الفرع 1: في الأعذار القانونية

(الفصول 143 – 145)

### الفصل 143

الأعذار هي حالات محددة في القانون على سبيل الحصر، يترتب عليها، مع ثبوت الجريمة وقيام المسؤولية، أن يتمتع المجرم إما بعدم العقاب، إذا كانت أعذارا معفية، وإما بتخفيض العقوبة، إذا كانت أعذارا مخفضة.

### الفصل 144

الأعذار القانونية مخصصة، لا تنطبق إلا على جريمة أو جرائم معينة. وهي مقررة في الكتاب الثالث من هذا القانون المتعلق بمختلف الجرائم.

### الفصل 145

يترتب على الأعذار المعفية منح المؤاخذ الإعفاء المانع من العقاب، غير أن القاضي يبقى له الحق في أن يحكم على المعفى بتدابير الوقاية الشخصية أو العينية ما عدا الإقصاء.

## الفرع 2: الظروف القضائية المخففة

(الفصول 146 – 151)

### الفصل 146

إذا تبين للمحكمة الزجرية، بعد انتهاء المرافعة في القضية المطروحة عليها، أن الجزاء المقرر للجريمة في القانون قاس بالنسبة لخطورة الأفعال المرتكبة، أو بالنسبة لدرجة إجرام المتهم، فإنها تستطيع أن تمنحه التمتع بظروف التخفيف، إلا إذا وجد نص قانوني يمنع ذلك.

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

ومنح الظروف المخففة موكول إلى تقدير القاضي، مع التزامه بتعليل قراره في هذا الصدد بوجه خاص، وآثار الظروف المخففة شخصية بحتة، فلا تخفف العقوبة إلا فيما يخص المحكوم عليه الذي منح التمتع بها.

ومنح الظروف المخففة ينتج عنه تخفيف العقوبات المطبقة، ضمن الشروط المقررة في الفصول التالية.

## الفصل 147

إذا كانت العقوبة المقررة في القانون هي الإعدام فإن محكمة الجنايات تطبق عقوبة السجن المؤبد أو السجن من عشرين إلى ثلاثين سنة.

وإذا كانت العقوبة المقررة هي السجن المؤبد فإنها تطبق عقوبة السجن من عشر إلى ثلاثين سنة.[36]

وإذا كان الحد الأدنى للعقوبة المقررة هو عشر سنوات سجنا فإنها تطبق السجن من خمس إلى عشر سنوات، أو عقوبة الحبس من سنتين إلى خمس.

وإذا كان الحد الأدنى للعقوبة المقررة هو خمس سنوات سجنا فإنها تطبق عقوبة الحبس من سنة إلى خمس.

وإذا كانت العقوبة المقررة هي السجن من خمس إلى عشر سنوات فإنها تطبق عقوبة الحبس من سنة إلى خمس[37].

وإذا كانت العقوبة الجنائية المقررة مصحوبة بغرامة فإن محكمة الجنايات يجوز لها أن تخفض الغرامة إلى مائة وعشرين درهما[38]، أو أن تحذفها.

في الحالة التي تحكم فيها محكمة الجنايات بعقوبة الحبس عوضا عن إحدى العقوبات الجنائية فإنه يجوز لها أن تحكم علاوة على ذلك، بغرامة من مائة وعشرين[39] إلى ألف

---

36 – لا يتضمن الفصل 147 أعلاه، كما هو منشور في الجريدة الرسمية باللغة العربية، الفقرة الثالثة من نفس الفصل كما هي منشورة في الجريدة الرسمية باللغة الفرنسية، ونصها:

"Si la peine édictée est celle de la réclusion de 20 à 30 ans, le tribunal criminel applique la peine de la réclusion de 5 à 20 ans"

بمعنى أنه إذا كانت العقوبة المقررة هي السجن من 20 إلى 30 سنة، فإن محكمة الجنايات تطبق عقوبة السجن من 5 إلى 20 سنة.

37 – تحمل هذه الفقرة (الفقرة الخامسة من الفصل 147 أعلاه) نفس مضمون الفقرة الرابعة، وليس لها مقابل في النص باللغة الفرنسية.

38 – لم يتم تعديل الحد الأدنى للغرامة المنصوص عليها في هذا الفصل تطبيقا للقانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، بتنفيذه ظهير شريف رقم 283-81-1 بتاريخ 11 رجب 1402 (6 مايو 1982)؛ الجريدة الرسمية عدد 3636 بتاريخ 15 رمضان 1402 (7 يوليوز 1982)، ص 835، لأن الأمر في هذه الحالة يتعلق بتطبيق ظروف التخفيف التي تقتضي النزول بالعقوبة عن الحد الأدنى المقرر للجريمة في الحالة العادية.

ومائتي درهم، وبالمنع من الإقامة والحرمان من الحقوق المشار إليها في الفقرتين الأولى والثانية من الفصل 26، لمدة تتراوح بين خمس وعشر سنوات.

## الفصل 148

إذا كانت العقوبة المقررة في القانون هي الإقامة الإجبارية فإن القاضي يحكم بالتجريد من الحقوق الوطنية أو الحبس من ستة أشهر إلى سنتين.

وإذا كانت العقوبة المقررة هي التجريد من الحقوق الوطنية، يحكم القاضي إما بعقوبة الحبس من ستة أشهر إلى سنتين أو بالحرمان من بعض الحقوق المشار إليها في الفصل 26.

## الفصل 149

في الجنح التأديبية، بما في ذلك حالة العود، يستطيع القاضي، في غير الأحوال التي ينص فيها القانون على خلاف ذلك، إذا كانت العقوبة المقررة هي الحبس والغرامة أو إحدى هاتين العقوبتين فقط، وثبت لديه توفر الظروف المخففة، أن ينزل بالعقوبة عن الحد الأدنى المقرر في القانون، دون أن ينقص الحبس عن شهر واحد والغرامة عن مائة وعشرين درهما[40].

## الفصل 150

في الجنح الضبطية، بما في ذلك حالة العود، يستطيع القاضي، في غير الأحوال التي ينص فيها القانون على خلاف ذلك، إذا ثبت لديه توفر الظروف المخففة، وكانت العقوبة المقررة هي الحبس والغرامة أو إحدى هاتين العقوبتين فقط أن ينزل بالعقوبة عن الحد الأدنى المقرر في القانون دون أن ينقص الحبس عن ستة أيام والغرامة عن اثني عشر درهما.

ويجوز له أيضا أن يحكم بإحدى العقوبتين فقط، كما يجوز له أن يحكم بالغرامة عوضا عن الحبس، على أن لا تقل الغرامة في أي حال عن الحد الأدنى المقرر في المخالفات.

وفي حالة الحكم بالغرامة عوضا عن الحبس إذا كانت العقوبة المقررة في القانون هي الحبس وحده، فإن الحد الأقصى لهذه الغرامة يمكن أن يصل إلى خمسة آلاف درهم.

## الفصل 151

في المخالفات، بما في ذلك حالة العود يستطيع القاضي، إذا ثبت لديه توفر الظروف المخففة، أن ينزل بعقوبة الاعتقال والغرامة إلى الحد الأدنى لعقوبة المخالفات المقررة في هذا القانون ويجوز له أن يحكم بالغرامة عوضا عن الاعتقال، في الحالة التي يكون فيها الاعتقال مقررا في القانون.

---

**39** – نفس الملاحظة السابقة.

**40** – نفس الملاحظة السابقة.

المملكة المغربية                     وزارة العدل والحريات                     مديرية التشريع

## الفرع 3: في الظروف المشددة

(الفصلان 152 – 153)

### الفصل 152

تشديد العقوبة المقررة في القانون، بالنسبة لبعض الجرائم، ينتج عن ظروف متعلقة بارتكاب الجريمة أو بإجرام المتهم.

### الفصل 153

يحدد القانون ظروف التشديد المتعلقة بجنايات أو جنح معينة.

## الفرع 4: في العود

(الفصول 154 – 160)

### الفصل 154

يعتبر في حالة عود، طبقا للشروط المقررة في الفصول التالية، من يرتكب جريمة بعد أن حكم عليه بحكم حائز لقوة الشيء المحكوم به، من أجل جريمة سابقة.

### الفصل 155

من سبق الحكم عليه بعقوبة جنائية، بحكم حائز لقوة الشيء المحكوم به، ثم ارتكب جناية ثانية من أي نوع كان، يعاقب حسب التفصيل الآتي:

بالإقامة الإجبارية مدة لا تتجاوز عشر سنوات، إذا كانت العقوبة المقررة قانونا للجناية الثانية هي التجريد من الحقوق الوطنية.

بالسجن من خمس إلى عشر سنوات، إذا كانت العقوبة المقررة قانونا للجناية الثانية هي الإقامة الإجبارية.

بالسجن من عشر إلى عشرين سنة، إذا كانت العقوبة المقررة قانونا للجناية الثانية هي السجن من خمس سنوات إلى عشر.

بالسجن من عشرين إلى ثلاثين سنة إذا كان الحد الأقصى للعقوبة المقررة قانونا للجناية الثانية هو عشرون سنة سجنا.

بالسجن المؤبد إذا كان الحد الأقصى للعقوبة المقررة للجناية الثانية قانونا هو ثلاثون سنة سجنا.

بالإعدام، إذا كانت الجناية الأولى قد عوقب عليها بالسجن المؤبد، وكانت العقوبة المقررة قانونا للجناية الثانية هي أيضا السجن المؤبد.

المملكة المغربية       وزارة العدل والحريات       مديرية التشريع

## الفصل 156

من سبق الحكم عليه من أجل جناية بعقوبة تزيد عن الحبس لمدة سنة، بحكم حائز لقوة الشيء المحكوم فيه، ثم ارتكب، قبل مضي خمس سنوات من تمام تنفيذ تلك العقوبة أو تقادمها، جناية أو جنحة يعاقب عليها القانون بالحبس، يجب أن يحكم عليه بالحد الأقصى لتلك العقوبة، ويجوز أن تبلغ العقوبة إلى ضعفه.

ويجوز علاوة على ذلك أن يحكم بالمنع من الإقامة من خمس سنوات إلى عشر.

## الفصل 157

من سبق الحكم عليه من أجل جنحة بعقوبة الحبس، بحكم حائز لقوة الشيء المحكوم فيه، ثم ارتكب جنحة مماثلة قبل مضي خمس سنوات من تمام تنفيذ تلك العقوبة أو تقادمها، يجب الحكم عليه بعقوبة الحبس الذي لا يتجاوز ضعف الحد الأقصى للعقوبة المقررة قانونا للجنحة الثانية.

## الفصل 158

تعد جنحا متماثلة لتقرير حالة العود، الجرائم المجموعة في كل فقرة من الفقرات التالية:

1 ـ السرقة والنصب وخيانة الأمانة وخيانة التوقيع على بياض وإصدار شيك بدون رصيد والتزوير واستعمال الأوراق المزورة والتفالس والتدليس وإخفاء الأشياء المتحصلة من جناية أو جنحة؛

2 ـ القتل خطأ والإصابة خطأ وجنحة الهروب عقب ارتكاب الحادث؛

3 ـ هتك العرض بدون عنف والإخلال العلني بالحياء واعتياد التحريض على الفساد والمساعدة على البغاء؛

4 ـ العصيان والعنف والإهانة تجاه رجال القضاء والأعضاء المحلفين أو رجال القوة العمومية؛

5 ـ كل الجنح التي ارتكبها زوج في حق الزوج الآخر[41]؛

6 ـ كل الجنح المرتكبة في حق الأطفال الذين لم يتموا ثمان عشرة سنة ميلادية كاملة[42].

وفي الأحوال التي يحيل فيها أحد فصول هذا القانون لتحديد عقوبة جنحة على فصل آخر يعاقب على جنحة أخرى فإن هاتين الجنحتين المتماثلتين من حيث العقوبة تكونان متماثلتين لتقرير العود.

---

41 ـ تممت هذه الفقرة بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

42 ـ الإحالة الواردة في الهامش السابق.

## الفصل 159

من سبق الحكم عليه من أجل مخالفة، ثم ارتكب نفس المخالفة خلال فترة اثني عشر شهرا من النطق بحكم الإدانة الذي صار حائزا لقوة الشيء المحكوم به، يعاقب بعقوبات العود المشددة في المخالفات طبق مقتضيات الفصل 611.

## الفصل 160

من سبق الحكم عليه من محكمة عسكرية، وارتكب بعد ذلك جناية أو جنحة لا يعتبر عائدا إلا إذا كان الحكم الصادر ضده من المحكمة العسكرية من أجل جناية أو جنحة تعاقب عليها القوانين الجنائية العادية.

# الفرع 5: في اجتماع أسباب التخفيف والتشديد

(الفصلان 161 – 162)

## الفصل 161

في حالة اجتماع أسباب التخفيف وأسباب التشديد، يراعي القاضي في تحديد العقوبة مفعول كل منها على الترتيب الآتي:

الظروف المشددة العينية المتعلقة بارتكاب الجريمة.

الظروف المشددة الشخصية المتعلقة بشخص المجرم.

الأعذار القانونية المتعلقة بارتكاب الجريمة والمخفضة للعقوبة.

الأعذار القانونية المتعلقة بشخص المجرم والمخفضة للعقوبة.

حالة العود.

الظروف القضائية المخففة.

## الفصل 162

إذا كان الجاني حدثا وقرر القاضي أن يطبق عليه عقوبة، بمقتضى الفصل 517 من المسطرة الجنائية[43]، فإن تخفيض العقوبة أو تبديلها المقررين في ذلك الفصل يراعى في تحديدها العقوبة الواجب تطبيقها على المجرم البالغ، حسب مقتضيات الفصل السابق.

---

**43** - المادة 482 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

# الكتاب الثالث: في الجرائم المختلفة وعقوباتها

(الفصول 163 – 612)

# الجزء الأول: في الجنايات والجنح التأديبية والجنح الضبطية

(الفصول 163 – 607)

# الباب الأول: في الجنايات والجنح ضد أمن الدولة

(الفصول 163 – 218)

## الفرع 1: في الاعتداءات والمؤامرات ضد الملك أو الأسرة المالكة أو شكل الحكومة

### الفصل 163

الاعتداء على حياة الملك أو شخصه يعاقب عليه بالإعدام.

ولا تطبق أبدا الأعذار القانونية في هذه الجريمة.

### الفصل 164

الاعتداء على شخص الملك، الذي لا ينتج عنه مساس بحريته ولا يسبب له إراقة دم ولا جرحا ولا مرضا، يعاقب عليه بالسجن المؤبد.

### الفصل 165

الاعتداء على حياة ولي العهد يعاقب عليه بالإعدام.

### الفصل 166

الاعتداء على شخص ولي العهد يعاقب عليه بالسجن المؤبد.

فإذا لم ينتج عنه مساس بحريته ولم يسبب له إراقة دم ولا جرحا ولا مرضا فإنه يعاقب عليه بالسجن من عشرين إلى ثلاثين سنة.

### الفصل 167

الاعتداء على حياة أحد أعضاء الأسرة المالكة يعاقب عليه بالإعدام.

والاعتداء على شخص أحدهم يعاقب عليه بالسجن من خمس إلى عشرين سنة.

فإذا لم ينتج عنه مساس بحريته ولم يسبب له إراقة دم ولا جرحا ولا مرضا، فإنه يعاقب عليه بالحبس من سنتين إلى خمس سنوات.

## الفصل 168

يعتبر من أعضاء الأسرة المالكة في تطبيق الفصل السابق:

أصول الملك وفروعه وزوجاته وإخوته وأولادهم، ذكورا وإناثا، وأخواته وأعمامه.

## الفصل 169

الاعتداء الذي يكون الغرض منه إما القضاء على النظام أو إقامة نظام آخر مكانه أو تغيير الترتيب لوراثة العرش، وإما دفع الناس إلى حمل السلاح ضد سلطة الملك يعاقب عليه بالسجن المؤبد.

## الفصل 170

يتحقق الاعتداء بمجرد وجود محاولة معاقب عليها.

## الفصل 171

في حالة ارتكاب أو محاولة ارتكاب إحدى الجنايات المنصوص عليها في الفصول 163 و165 و167 و169 من طرف عصابة، فإن العقوبات المقررة في هذه الفصول تطبق على جميع الأفراد الذين انخرطوا فيها، دون تمييز بسبب الرتب، ما داموا قد ألقي عليهم القبض في مكان التجمع الثوري.

كما تطبق نفس العقوبات على كل من سير الفتنة أو تولى داخل العصابة عملا معينا أو رئاسة، ولو لم يلق عليه القبض في مكان التجمع.

## الفصل 172

المؤامرة ضد حياة الملك أو شخصه يعاقب عليها بالسجن المؤبد، إذا تبعها القيام بعمل أو البدء فيه من أجل إعداد تنفيذها.

فإذا لم يتبعها عمل أو بدء في عمل من أجل إعداد تنفيذها، فإن العقوبة هي السجن من خمس إلى عشرين سنة.

## الفصل 173

المؤامرة ضد حياة ولي العهد يعاقب عليها بمقتضى الفصل السابق.

والمؤامرة ضد شخص ولي العهد يعاقب عليها بالسجن من عشر إلى عشرين سنة، إذا تبعها القيام بعمل أو البدء فيه من أجل إعداد تنفيذها.

فإذا لم يتبعها عمل أو بدء في عمل من أجل إعداد تنفيذها فإن العقوبة هي السجن من خمس إلى عشر سنوات.

## الفصل 174

المؤامرة التي يكون الغرض منها الوصول إلى إحدى الغايات المنصوص عليها في الفصل 169 يعاقب عليها بالسجن من عشر إلى ثلاثين سنة، إذا تبعها القيام بعمل أو البدء فيه من أجل إعداد تنفيذها.

فإذا لم يتبعها القيام بعمل أو البدء فيه من أجل إعداد تنفيذها، فإن العقوبة هي السجن من خمس إلى عشر سنوات.

## الفصل 175

المؤامرة هي التصميم على العمل، متى كان متفقا عليه ومقررا بين شخصين أو أكثر.

## الفصل 176

من دعا إلى التآمر ضد حياة أو شخص الملك أو ولي العهد، ولم تقبل دعوته، يعاقب بالسجن من خمس إلى عشر سنوات.

## الفصل 177

إذا كان موضوع الدعوة التي لم تقبل هو مؤامرة تهدف إلى إحدى الغايات المشار إليها في الفصل 169، فإن عقابها الحبس من سنتين إلى خمس سنوات.

## الفصل 178

من عقد العزم بمفرده على ارتكاب اعتداء ضد حياة الملك أو شخصه، أو ضد حياة ولي العهد، ثم ارتكب بمفرده ودون مساعدة أحد عملا أو بدأ فيه بقصد إعداد التنفيذ، يعاقب بالسجن من خمس إلى عشر سنوات.

## الفصل 179[44]

يعاقب بالحبس من ستة أشهر إلى سنتين وبغرامة من 20.000 إلى 200.000 درهم أو بإحدى هاتين العقوبتين، كل من ارتكب قذفا أو سبا أو مسا بالحياة الخاصة، لشخص الملك أو لشخص ولي العهد، أو أخل بواجب التوقير والاحترام لشخص الملك.

---

[44]- تم نسخ وتعويض المادة 179 أعلاه، بمقتضى المادة الثانية من القانون رقم 73.15 القاضي بتغيير وتتميم بعض أحكام مجموعة القانون الجنائي الصادر بتنفيذه الظهير الشريف رقم 1.16.104 بتاريخ 13 من شوال 1437 (18 يوليو 2016)؛ الجريدة الرسمية عدد 6491 بتاريخ 11 ذو القعدة 1437 (15 أغسطس 2016)، ص 5992.

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

ويعاقب بالحبس من ثلاثة أشهر إلى سنة وبغرامة من 10.000 إلى 100.000 درهم أو بإحدى هاتين العقوبتين، كل من ارتكب قذفا أو سبا أو مسا بالحياة الخاصة، لأعضاء الأسرة المالكة المشار إليهم في الفصل 168 من هذا القانون .

تضاعف العقوبة المشار إليها في الفقرتين أعلاه، إذا ارتكب القذف أو السب أو المس بالحياة الخاصة لشخص الملك أو لشخص ولي العهد أو لأعضاء الأسرة المالكة، أو الإخلال بواجب التوقير والاحترام لشخص الملك، بواسطة الخطب أو الصياح أو التهديدات المفوه بها في الأماكن والتجمعات العمومية أو بواسطة الملصقات المعروضة على أنظار العموم أو بواسطة البيع أو التوزيع أو بواسطة كل وسيلة تحقق شرط العلنية بما فيها الوسائل الإلكترونية والورقية والسمعية البصرية.

**الفصل 180**

في الحالات التي تكون فيها العقوبة المقررة عقوبة جنحية فقط، بموجب أحد فصول هذا الفرع، يجوز علاوة على ذلك، أن يحكم على المجرمين بالحرمان من واحد أو أكثر من الحقوق المنصوص عليها في الفصل 40 من هذا القانون من خمس على الأقل إلى عشرين سنة على الأكثر، كما يمكن أن يحكم عليهم أيضا بالمنع من الإقامة من سنتين إلى عشر سنوات.

## الفرع 2: في الجنايات والجنح ضد أمن الدولة الخارجي

(الفصول 181 – 200)

**الفصل 181**

يؤاخذ بجناية الخيانة، ويعاقب بالإعدام، كل مغربي ارتكب، في وقت السلم أو في وقت الحرب، أحد الأفعال الآتية:

1 - حمل السلاح ضد المغرب.

2 - باشر اتصالات مع سلطة أجنبية بقصد حملها على القيام بعدوان ضد المغرب أو زودها بالوسائل اللازمة لذلك، إما بتسهيل دخول القوات الأجنبية إلى المغرب، وإما بزعزعة إخلاص القوات البرية أو البحرية أو الجوية وإما بأية وسيلة أخرى.

3 - سلم إلى سلطة أجنبية أو إلى عملائها إما قوات مغربية وإما أراضي أو مدنا أو حصونا أو منشآت أو مراكز أو مخازن أو مستودعات حربية أو عتادا أو ذخائر أو سفنا حربية أو منشآت أو آلات للملاحة الجوية، مملوكة للدولة المغربية.

4 - سلم إلى سلطة أجنبية أو إلى عملائها، بأي شكل كان وبأية وسيلة كانت، سرا من أسرار الدفاع الوطني أو تمكن بأية وسيلة كانت، من الحصول على سر من هذا النوع، بقصد تسليمه إلى سلطة أجنبية أو إلى عملائها.

5 ـ أتلف أو أفسد عمدا سفنا أو آلات للملاحة الجوية أو أدوات أو مؤنا أو بنايات أو تجهيزات قابلة لأن تستعمل للدفاع الوطني، أو أحدث عمدا في هذه الأشياء تغييرا من شأنه أن يمنعها من العمل أو يسبب حادثة، سواء كان ذلك التغيير قبل تمام صنعها أو بعده.

## الفصل 182

يؤاخذ بجناية الخيانة، ويعاقب بالإعدام، كل مغربي ارتكب، في وقت الحرب، أحد الأفعال الآتية:

1 ـ حرض العسكريين أو جنود البحرية على الانضمام إلى خدمة سلطة أجنبية أو سهل لهم وسائل ذلك أو قام بعملية التجنيد لحساب سلطة هي في حالة حرب مع المغرب.

2 ـ باشر اتصالات مع سلطة أجنبية أو مع عملائها، وذلك بقصد مساعدتها في خططها ضد المغرب.

3 ـ ساهم عمدا في مشروع لإضعاف معنوية الجيش أو الأمة، الغرض منه الإضرار بالدفاع الوطني.

ويعد العسكريون وجنود البحرية من الأجانب العاملين في خدمة المغرب مماثلين للمغاربة فيما يتعلق بتطبيق هذا الفصل والفصل 181.

## الفصل 183

يعاقب بالسجن من خمس إلى عشرين سنة كل مغربي أو أجنبي ساهم عن علم وقت السلم، في مشروع لإضعاف معنوية الجيش، الغرض منه الإضرار بالدفاع الوطني.

## الفصل 184

يعاقب بالسجن من خمس إلى ثلاثين سنة كل مغربي أو أجنبي ارتكب، وقت السلم أحد الأفعال الآتية:

1 ـ أساء عمدا صنع عتاد حربي، إذا لم يكن من شأن ذلك أن يسبب أي حادث.

2 ـ أتلف أو حطم عمدا عتادا أو مؤنا مخصصة للدفاع الوطني أو تستعمل لفائدته.

3 ـ عطل مرور هذا العتاد بالعنف.

4 ـ ساهم عمدا في عمل أو في الإعداد لعمل قامت به عصابة واستعملت فيه القوة السافرة، قصد به ونتج عنه ارتكاب إحدى الجنايات المنصوص عليها في الفقرات السابقة من هذا الفصل.

## الفصل 185

يعد مرتكبا لجناية التجسس ويعاقب بالإعدام كل أجنبي ارتكب أحد الأفعال المبينة في الفصل 181 فقرة 2 و3 و4 و5 والفصل 182.

## الفصل 186

التحريض على ارتكاب إحدى الجنايات المنصوص عليها في الفصول 181 إلى 185، وكذلك عرض ارتكابها، يعاقب بعقاب الجناية نفسها.

## الفصل 187

تعتبر من أسرار الدفاع الوطني في تطبيق هذا القانون:

1 ـ المعلومات العسكرية أو الدبلوماسية أو الاقتصادية أو الصناعية التي توجب طبيعتها أن لا يطلع عليها إلا الأشخاص المختصون بالمحافظة عليها، وتستلزم مصلحة الدفاع الوطني أن تبقى مكتومة السر بالنسبة إلى أي شخص آخر.

2 ـ الأشياء والأدوات والمحررات والرسوم والتصميمات والخرائط والنسخ والصور الفوتوغرافية أو أي صور أخرى أو أي وثائق كيفما كانت، التي توجب طبيعتها أن لا يطلع عليها إلا الأشخاص المختصون باستعمالها أو المحافظة عليها وأن تبقى مكتومة السر بالنسبة إلى أي شخص آخر لكونها يمكن أن تؤدي إلى كشف معلومات من أحد الأنواع المبينة في الفقرة السابقة.

3 ـ المعلومات العسكرية، من أية طبيعة كانت التي لم تنشر من طرف الحكومة ولا تدخل ضمن ما سبق والتي منع نشرها أو إذاعتها أو إفشاؤها أو أخذ صور منها إما بظهير وإما بمرسوم متخذ في مجلس الوزراء.

4 ـ المعلومات المتعلقة إما بالإجراءات المتخذة للكشف عن الفاعلين أو المشاركين في جنايات أو جنح ضد أمن الدولة الخارجي، أو القبض عليهم، وإما بسير المتابعات والتحقيقات وإما بالمناقشات أمام محكمة الموضوع.

## الفصل 188

يؤاخذ بجريمة المس بسلامة الدولة الخارجية، كل مغربي أو أجنبي ارتكب أحد الأعمال الآتية:

1 ـ تعريض المغرب لإعلان الحرب، وذلك بإتيانه أعمالا عدوانية لم تقرها الحكومة.

2 ـ تعريض المغاربة إلى الانتقام، وذلك بإتيانه أعمالا لم تقرها الحكومة.

عندما ترتكب الجرائم المنصوص عليها في الفقرتين الأولى والثانية وقت الحرب، فإنها تعاقب بالسجن من خمس إلى ثلاثين سنة.

مديرية التشريع | وزارة العدل والحريات | المملكة المغربية

أما إذا ارتكبت في وقت السلم، فإنها تعاقب بالحبس من سنة إلى خمس سنوات وبغرامة من ألف إلى عشرة آلاف درهم.

## الفصل 189

يؤاخذ بجناية المس بسلامة الدولة الخارجية، ويعاقب بالسجن من خمس إلى ثلاثين سنة، كل مغربي أو أجنبي ارتكب أحد الأفعال الآتية:

1 ـ مراسلة أو اتصالا مع رعايا دولة أو عملاء سلطة معادية، في وقت الحرب، دون إذن من الحكومة.

2 ـ القيام بأعمال تجارية مع رعايا دولة أو عملاء سلطة معادية، مباشرة أو بواسطة وذلك في وقت الحرب، وبالرغم من الحظر المقرر.

## الفصل 190

يرتكب جناية المس بسلامة الدولة الخارجية كل مغربي أو أجنبي أقدم، بأية وسيلة كانت، على إلحاق الضرر بوحدة التراب المغربي.

فإذا ارتكبت هذه الجريمة وقت الحرب، فإن العقوبة هي الإعدام.

أما إذا ارتكبت وقت السلم فإن العقوبة هي السجن من خمس إلى عشرين سنة.

## الفصل 191

يؤاخذ بجريمة المس بسلامة الدولة الخارجية كل من باشر اتصالات مع عملاء سلطة أجنبية، إذا كان الغرض منها أو ترتب عنها إضرار بالوضع العسكري أو الدبلوماسي للمغرب.

فإذا كانت الجريمة قد وقعت في وقت الحرب، فإن العقوبة هي السجن من خمس إلى ثلاثين سنة.

أما إذا وقعت في وقت السلم، فإن العقوبة هي الحبس من سنة إلى خمس والغرامة من ألف إلى عشرة آلاف درهم.

## الفصل 192

يؤاخذ بجريمة المس بسلامة الدولة الخارجية كل مغربي أو أجنبي ارتكب أحد الأفعال الآتية:

1 ـ الحصول بأية وسيلة كانت على حيازة سر من أسرار الدفاع الوطني أو إبلاغه إلى علم الجمهور أو إلى أي شخص لا حق له في الاطلاع عليه من غير أن يقصد من ذلك تسليمه إلى سلطة أجنبية أو إلى عملائها.

2 ـ ارتكاب إهمال أو عدم احتياط أو عدم مراعاة للنظم، مكن غيره من إتلاف أو اختلاس أو انتزاع كلي أو جزئي، ولو بصفة مؤقتة، لأشياء أو أدوات أو وثائق أو معلومات عهد بها إليه، وكان الاطلاع عليها يؤدي إلى كشف سر من أسرار الدفاع الوطني، وكذلك السماح للغير بالاطلاع عليها أو أخذ صورة أو نسخة منها، ولو بصفة جزئية.

3 ـ تسليم أو إبلاغ إما اختراع يهم الدفاع الوطني، وإما معلومات أو دراسات أو أساليب صناعية تتصل باختراع من هذا النوع أو باستعماله الصناعي الذي يهم الدفاع الوطني، إلى شخص يعمل لحساب سلطة أو مؤسسة أجنبية، دون إذن سابق من السلطة المختصة.

فإذا ارتكبت الجرائم المشار إليها في الفقرات السابقة في وقت الحرب، فإن العقوبة تكون السجن من خمس إلى ثلاثين سنة.

أما إذا ارتكبت في وقت السلم، فإن العقوبة هي الحبس من سنة إلى خمس سنوات، والغرامة من ألف إلى عشرة آلاف درهم.

## الفصل 193

يؤاخذ بجريمة المس بسلامة الدولة الخارجية، كل مغربي أو أجنبي ارتكب أحد الأفعال الآتية:

1 ـ الدخول في أحد الحصون أو المنشآت أو المراكز أو المستودعات أو الأماكن التي تجري فيها الأشغال أو المعسكرات أو أماكن مبيت الجنود أو نزولهم أو سفينة حربية أو سفينة تجارية مستعملة لأغراض الدفاع الوطني أو طائرة أو سيارة حربية أو مبنى حربي أو بحري من أي نوع كان أو أي مبنى أو مكان شغل للدفاع الوطني، إذا كان الدخول بواسطة ارتداء زي زائف، أو اتخاذ اسم مزور أو بإخفاء صفته أو جنسيته الحقيقة.

2 ـ تنظيم أية وسيلة للتراسل أو الإرسال يمكن أن تضر بالدفاع الوطني، وذلك بطريقة خفية ولو لم يستعمل لذلك زيا زائفا، ولا أخفى اسمه أو صفته أو جنسيته.

3 ـ التحليق فوق الأراضي المغربية باستعمال طائرة أجنبية، دون أن يرخص له بذلك بمقتضى اتفاقية دبلوماسية أو تصريح من السلطات المغربية.

4 ـ القيام برسم أو تصوير أو نسخ أو عملية طوبوغرافية داخل الأماكن أو المنشآت أو المراكز أو المباني العسكرية أو البحرية الموجودة داخل منطقة محظورة بأمر صادر من السلطة العسكرية أو البحرية، وذلك دون إذن من تلك السلطة.

5 ـ الإقامة داخل دائرة معينة تحيط بمنشآت محصنة أو مبنى عسكري أو بحري وذلك بالرغم من صدور أمر من السلطة المختصة بمنع ذلك.

فإذا ارتكبت الجرائم المشار إليها في الفقرات السابقة في وقت الحرب، فإن العقوبة هي السجن من خمس إلى ثلاثين سنة.

مديرية التشريع | وزارة العدل والحريات | المملكة المغربية

أما إذا ارتكبت وقت السلم، فإن العقوبة هي الحبس من سنة إلى خمس وغرامة من ألف إلى عشرة آلاف درهم.

## الفصل 194

يؤاخذ بجريمة المس بسلامة الدولة الخارجية، ويعاقب بالحبس من سنة إلى خمس والغرامة من ألف إلى عشرة آلاف درهم، كل مغربي أو أجنبي، ارتكب عمدا في وقت الحرب، عملا من غير الأعمال المشار إليها في الفصول السابقة، من شأنه أن يضر بالدفاع الوطني.

## الفصل 195

يؤاخذ بجريمة المس بسلامة الدولة الخارجية، ويعاقب بالحبس من سنة إلى خمس والغرامة من ألف إلى عشرة آلاف درهم، كل مغربي أو أجنبي جند وقت السلم أشخاصا في الأراضي المغربية لحساب سلطة أجنبية.

وتطبق العقوبة المشار إليها في الفقرة السابقة على هذه الجريمة إذا ارتكبت في زمن الحرب، ما لم ينطبق عليها وصف جريمة أشد.

## الفصل 196

إلى جانب تطبيق الفصل 129 الذي يعاقب على المشاركة في الجرائم، والفصل 571 الذي يعاقب على جريمة الإخفاء يعد مشاركا أو مخفيا كل مغربي أو أجنبي يرتكب أحد الأفعال الآتية:

1 - أن يقدم مددا أو وسيلة تعيش أو مسكنا أو ملجأ أو مكانا للاجتماع إلى مرتكبي الجنايات أو الجنح ضد سلامة الدولة الخارجية، مع علمه بنواياهم.

2 - أن يحمل عن علم مراسلات مرتكبي الجنايات أو الجنح ضد سلامة الدولة الخارجية، أو أن يسهل لهم عن علم بأي وسيلة كانت البحث عن الأشياء موضوع الجناية أو الجنحة أو إخفاءها أو نقلها أو إرسالها.

3 - أن يخفي عن علم الأشياء أو الأدوات التي استخدمت أو أعدت لاستخدامها في ارتكاب الجنايات أو الجنح المشار إليها، أو الأشياء أو المواد أو الوثائق المتحصل عليها من تلك الجرائم.

4 - أن يتلف عن علم أو يختلس أو يخفي أو يستر أو يغير وثيقة عامة أو خاصة، كان من شأنها أن تسهل البحث عن الجنايات أو الجنح المشار إليها في الفقرات السابقة، أو العثور على أدلتها، أو معاقبة مرتكبها.

ومع ذلك، فإن قضاء الحكم يجوز له أن يعفي من العقوبة المقررة الأشخاص المشار إليهم في هذا الفصل، إذا كانوا من أقارب مرتكبي الجريمة أو أصهارهم إلى الدرجة الرابعة

المملكة المغربية وزارة العدل والحريات مديرية التشريع

ولم يساهموا في الجناية أو الجنحة بوسيلة أخرى من وسائل المساهمة غير ما نص عليه هذا الفصل.

## الفصل 197

في الحالات التي تكون فيها العقوبة المقررة طبقا لأحد فصول هذا الفرع عقوبة جنحية فقط، فإن هذه العقوبة يجوز أن تصل إلى الضعف، بالنسبة للجرائم المعاقب عليها في الفصول 188 فقرة أولى، و191 و193، ويجوز علاوة على ذلك أن يحكم على مرتكبيها بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 لمدة لا تقل عن خمس سنوات ولا تزيد على عشرين سنة، كما يمكن أن يحكم عليهم بالمنع من الإقامة من سنتين إلى عشر سنوات.

## الفصل 198

الجرائم التي تمس بسلامة الدولة الخارجية، يطبق عليها القانون الجنائي المغربي، سواء ارتكبت داخل المملكة أو خارجها.

وتجوز متابعة مرتكبيها دون تقيد بأحكام الفصول 751 إلى 756 من المسطرة الجنائية[45].

ويعاقب على محاولة الجنح بالعقوبة المقررة للجريمة التامة.

## الفصل 199

يحكم حتما بمصادرة موضوع الجناية أو الجنحة وكذلك الأشياء والأدوات التي استخدمت في ارتكابها، دون حاجة للبحث فيما إذا كانت ملكا للمحكوم عليه أم لا.

أما ما تسلمه المجرم من مكافأة أو ما يعادل قيمتها، إذا لم تكن قد ضبطت، فيجب أن يصرح في الحكم بأنها ملك لخزينة الدولة.

وإذا كان المساس بسلامة الدولة الخارجية قد ارتكب في وقت الحرب، فيجوز أن يحكم بمصادرة جزء من أموال المحكوم عليه لا يتجاوز النصف.

## الفصل 200

أحكام هذا الفرع لا تحول دون تطبيق النصوص التي تضمنتها قوانين العدل العسكري للقوات البرية والبحرية في جرائم الخيانة والتجسس، في الحالات المشار إليها في تلك القوانين.

---

**45** - المواد من 707 إلى 712 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

## الفرع 3: في الجنايات والجنح ضد سلامة الدولة الداخلية

(الفصول 201 – 207)

### الفصل 201

يؤاخذ بجناية المس بسلامة الدولة الداخلية ويعاقب بالإعدام، من ارتكب اعتداء الغرض منه إما إثارة حرب أهلية بتسليح فريق من السكان أو دفعهم إلى التسلح ضد فريق آخر وإما بإحداث التخريب والتقتيل والنهب في دوار أو منطقة أو أكثر.

ويعاقب بالسجن من خمس إلى عشرين سنة من دبر مؤامرة لهذا الغرض إذا تبعها ارتكاب عمل أو الشروع فيه لإعداد تنفيذها.

أما إذا لم يتبع تدبير المؤامرة ارتكاب عمل ولا الشروع فيه لإعداد التنفيذ، فإن العقوبة تكون الحبس من سنة إلى خمس سنوات.

ويعاقب بالحبس من ستة شهور إلى ثلاث سنوات من دعا إلى تدبير مؤامرة ولم تقبل دعوته.

### الفصل 202

يؤاخذ بجناية المس بسلامة الدولة الداخلية ويعاقب بالإعدام:

1 - من تولى أو باشر بغير حق ولا مبرر مشروع رئاسة إحدى وحدات الجيش أو سفينة حربية أو أكثر أو طائرة عسكرية أو أكثر أو مكان محصن أو مركز عسكري أو ميناء أو مدينة.

2 - من احتفظ برئاسة عسكرية، أيا كانت، ضد أوامر الحكومة.

3 - كل قائد عسكري استبقى قواته متجمعة بعد صدور أمر بتسريحها أو تفرقها.

4 - من قام بدون أمر أو إذن من السلطة الشرعية بتأليف فرق مسلحة أو أمر بتأليفها. أو قام باستخدام أو تجنيد جنود أو أمر بذلك أو أمدهم أو زودهم بأسلحة أو ذخائر.

### الفصل 203

يؤاخذ بجناية المس بالسلامة الداخلية للدولة، ويعاقب بالإعدام كل من ترأس عصابة مسلحة أو تولى فيها وظيفة أو قيادة ما، وذلك إما بقصد الاستيلاء على أموال عامة، وإما بقصد اكتساح عقارات أو أملاك أو ساحات أو مدن أو حصون أو مراكز أو مخازن أو مستودعات أو موانئ أو سفن أو مراكب، مملوكة للدولة، وإما بقصد نهب أو اقتسام الممتلكات العامة، سواء كانت قومية أو مملوكة لفئة من المواطنين وإما بقصد الهجوم على القوات العمومية العاملة ضد مرتكبي تلك الجنايات أو مقاومتها.

وتطبق نفس العقوبة على من تولى تسيير العصابة الثائرة أو تأليفها أو أمر بتأليفها، أو قام بتنظيمها أو أمر بتنظيمها، أو زودها أو أمدها عمدا وعن علم بأسلحة أو ذخيرة أو أدوات الجناية أو بعث لها بإمدادات من المؤن أو قدم مساعدة بأي وسيلة أخرى إلى مسيري العصابة أو قوادها.

## الفصل 204

في الأحوال التي ترتكب فيها إحدى الجنايات المشار إليها في الفصل 201، أو تقع محاولة ارتكابها بواسطة عصابة، فإن العقوبات المقررة في ذلك الفصل تطبق، وفق الشروط المشار إليها في الفصل 171، على جميع الأشخاص المنخرطين في العصابة، بدون تمييز بسبب الرتب.

## الفصل 205

في حالة التجمع الثوري الذي يكون الغرض منه أو ينتج عنه إحدى الجنايات المشار إليها في الفصل 203، فإن الأشخاص الذين انخرطوا في تلك العصابة دون أن يباشروا فيها قيادة ولا وظيفة معينة، ولكن قبض عليهم في مكان التجمع يعاقبون بالسجن من خمس إلى عشرين سنة.

## الفصل 206

يؤاخذ بجريمة المس بالسلامة الداخلية للدولة، ويعاقب بالحبس من سنة إلى خمس سنوات، وغرامة من ألف إلى عشرة آلاف درهم، من تسلم، بطريق مباشر أو غير مباشر، من شخص أو جماعة أجنبية، بأي صورة من الصور هبات أو هدايا أو قروضا أو أية فوائد أخرى مخصصة أو مستخدمة كليا أو جزئيا لتسيير أو تمويل نشاط أو دعاية من شأنها المساس بوحدة المملكة المغربية أو سيادتها أو استقلالها أو زعزعة ولاء المواطنين للدولة المغربية ولمؤسسات الشعب المغربي.

## الفصل 207

في الأحوال المشار إليها في الفصل السابق، يجب حتما الحكم بمصادرة النقود أو الأشياء التي سلمت للمجرم.

ويجوز علاوة على ذلك أن يحكم بحرمانه كليا أو جزئيا من الحقوق المشار إليها في الفصل 40.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

# الفرع 4: أحكام عامة على نصوص هذا الباب

(الفصول 208 – 218)

## الفصل 208

من كان على علم بأغراض وطبيعة العصابات المسلحة المشار إليها في الفصول 171 و203 و205، وقدم لها، باختياره وبدون أي إكراه، مسكنا أو مكانا للالتجاء أو التجمع يعاقب بالسجن من خمس سنوات إلى عشر.

## الفصل 209

يؤاخذ بجريمة عدم التبليغ عن المس بسلامة الدولة، ويعاقب بالحبس من سنتين إلى خمس سنوات وغرامة من ألف إلى عشرة آلاف درهم، كل شخص كان على علم بخطط أو أفعال تهدف إلى ارتكاب أعمال معاقب عليها بعقوبة جناية بمقتضى نصوص هذا الباب، ورغم ذلك لم يبلغ عنها فورا السلطات القضائية أو الإدارية أو العسكرية بمجرد علمه بها.

## الفصل 210

في الحالة المشار إليها في الفصل السابق، يجوز أن يحكم على مرتكب الجريمة علاوة على ذلك، بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة مدة لا تتجاوز عشر سنوات.

## الفصل 211

يتمتع بعذر معف من العقوبة، طبقا للشروط المقررة في الفصول 143 إلى 145، من أخبر من الجناة، قبل غيره السلطات المشار إليها في الفصل 209 بجناية أو جنحة ضد سلامة الدولة وبفاعليها أو المشاركين فيها، وذلك قبل أي تنفيذ أو شروع في التنفيذ.

## الفصل 212

إذا حصل التبليغ بعد تمام تنفيذ الجناية أو الجنحة أو بعد محاولتها، ولكن قبل بدء المتابعة، فإن العذر المعفي من العقاب، المقرر في الفصل السابق يكون اختياريا فقط.

## الفصل 213

يتمتع بعذر معف من العقوبة، فيما يتعلق بالجرائم المشار إليها في الفصول 203 إلى 205، الأشخاص الذين انخرطوا في العصابات المسلحة من غير أن يباشروا فيها قيادة ما ولم يتولوا فيها أي وظيفة معينة، وعلاوة على ذلك فإنهم انسحبوا منها عند أول إنذار يصدر من السلطات المدنية أو العسكرية، أو انسحبوا بعد ذلك ولكن قبض عليهم خارج أماكن التجمع الثوري، دون أن يحملوا سلاحا ودون أن يبدوا مقاومة.

| مَديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

### الفصل 214

الأعذار المعفية من العقوبة لا تحول دون معاقبة المستفيدين منها عن الجنايات أو الجنح الأخرى التي ارتكبوها شخصيا أثناء الفتنة أو بسببها.

### الفصل 215

الأشخاص الذين يعفون من العقوبة، تطبيقا للفصلين 211 و213 يجوز أن يحكم عليهم بالتدابير الوقائية تطبيقا للفصل 145.

### الفصل 216

الجنايات والجنح المشار إليها في هذا الباب تعتبر من القضايا المستعجلة ولها الأولوية على غيرها في التحقيق والمحاكمة.

### الفصل 217

قرار الإحالة الصادر من غرفة الاتهام، بشأن الجرائم المعاقب عليها في هذا الباب، لا يمكن الطعن فيه بالنقض إلا طبق الفقرة الأخيرة من الفصل 451 من المسطرة الجنائية[46]، دون طلب النقض المقرر في الفصل 452 من نفس المسطرة[47].

### الفصل 218

الجنايات والجنح المعاقب عليها في هذا الباب تعد مماثلة للجنايات والجنح العادية فيما يخص تنفيذ العقوبات.

## الباب الأول المكرر: الإرهاب[48]

### الفصل 1-218

تعتبر الجرائم الآتية أفعالا إرهابية، إذا كانت لها علاقة عمدا بمشروع فردي أو جماعي يهدف إلى المس الخطير بالنظام العام بواسطة التخويف أو الترهيب أو العنف:

1 ـ الاعتداء عمدا على حياة الأشخاص أو على سلامتهم أو على حرياتهم أو اختطافهم أو احتجازهم؛

---

**46** ـ حذف مقابل الفصل 451 من قانون المسطرة الجنائية الملغي، انظر بشأن طلبات نقض قرارات الإحالة الفقرة الأولى من المادة 524 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر، المطابقة للفقرة الأولى من الفصل 574 من قانون المسطرة الجنائية الملغي.

**47** ـ لا يوجد مقابل لهذا الفصل في قانون المسطرة الجنائية الجديد.

**48** ـ أضيف هذا الباب بمقتضى المادة الأولى من الباب الأول من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

المملكة المغربية   وزارة العدل والحريات   مديرية التشريع

2 ـ تزييف أو تزوير النقود أو سندات القرض العام، أو تزييف أختام الدولة والدمغات والطوابع والعلامات، أو التزوير أو التزييف المنصوص عليه في الفصول 360 و361 و362 من هذا القانون؛

3 ـ التخريب أو التعييب أو الإتلاف؛

4 ـ تحويل الطائرات أو السفن أو أي وسيلة أخرى من وسائل النقل أو إتلافها أو إتلاف منشآت الملاحة الجوية أو البحرية أو البرية أو تعييب أو تخريب أو إتلاف وسائل الاتصال؛

5 ـ السرقة وانتزاع الأموال؛

6 ـ صنع أو حيازة أو نقل أو ترويج أو استعمال الأسلحة أو المتفجرات أو الذخيرة خلافا لأحكام القانون؛

7 ـ الجرائم المتعلقة بنظم المعالجة الآلية للمعطيات؛

8 ـ تزوير أو تزييف الشيكات أو أي وسيلة أداء أخرى المشار إليها على التوالي في المادتين 316 و 331 من مدونة التجارة[49]؛

9 ـ تكوين عصابة أو اتفاق لأجل إعداد أو ارتكاب فعل من أفعال الإرهاب؛

10 ـ إخفاء الأشياء المتحصل عليها من جريمة إرهابية مع علمه بذلك.

---

**49** ـ المادة 316 من القانون رقم 15.95 المتعلق بمدونة التجارة، الصادر بتنفيذه ظهير شريف رقم 1.96.83 بتاريخ 15 من ربيع الأول 1417 (فاتح أغسطس 1996)؛ الجريدة الرسمية عدد 4418 بتاريخ 19 جمادى الأولى 1417 (3 أكتوبر 1996 )، ص 2187: يعاقب بالحبس من سنة إلى خمس سنوات وبغرامة تتراوح بين 2.000 و10.000 درهم، دون أن تقل قيمتها عن خمسة وعشرين في المائة من مبلغ الشيك أو من الخصاص:

1 ـ ساحب الشيك الذي أغفل أو لم يقم بتوفير مؤونة الشيك قصد أدائه عند تقديمه؛

2 ـ ساحب الشيك المتعرض بصفة غير صحيحة لدى المسحوب عليه؛

3 ـ من زيف أو زور شيكا؛

4 ـ من قام عن علم بقبول تسلم شيك مزور أو مزيف أو بتظهيره أو ضمانه احتياطيا؛

5 ـ من استعمل عن علم أو حاول استعمال شيك مزيف أو مزور؛

6 ـ كل شخص قام عن علم بقبول أو تظهير شيك شرط أن لا يستخلص فورا وأن يحتفظ به على سبيل الضمان. تصادر الشيكات المزيفة أو المزورة وتبدد. ويتم مصادرة المواد والآلات والأجهزة والأدوات التي استعملت أو كانت معدة لإنتاج هذه الشيكات، بأمر قضائي، إلا إذا استعملت دون علم مالكها.

المادة 331 من القانون رقم 15.95 المتعلق بمدونة التجارة:

يعاقب بالعقوبات المنصوص عليها في المادة 316 بخصوص وسائل الأداء موضوع هذا القسم :

1 ـ كل من زيف أو زور وسيلة أداء؛

2 ـ كل من استعمل عن علم أو حاول استعمال وسيلة أداء مزيفة أو مزورة؛

3 ـ كل من قبل عن علم أداء بواسطة وسيلة أداء مزيفة أو مزورة.

المملكة المغربية                وزارة العدل والحريات                مديرية التشريع

## الفصل 218-1-1 [50]

تعتبر الأفعال التالية جرائم إرهابية:

ـ الالتحاق أو محاولة الالتحاق بشكل فردي أو جماعي في إطار منظم أو غير منظم، بكيانات أو تنظيمات أو عصابات أو جماعات، إرهابية أياً كان شكلها أو هدفها أو مكان وجودها، ولو كانت الأفعال الإرهابية لا تستهدف الإضرار بالمملكة المغربية أو بمصالحها؛

ـ تلقي تدريب أو تكوين، كيفما كان شكله أو نوعه أو مدته داخل  أو خارج  المملكة المغربية أو  محاولة ذلك، بقصد ارتكاب أحد الأفعال الإرهابية داخل المملكة أو خارجها، سواء وقع الفعل المذكور أو لم يقع؛

ـ تجنيد بأي وسيلة كانت أو تدريب أو تكوين شخص أو أكثر من أجل الالتحاق بكيانات أو تنظيمات أو عصابات أو جماعات، إرهابية داخل المملكة المغربية أو خارجها، أو محاولة ارتكاب هذه الأفعال.

يعاقب على الأفعال المذكورة بالسجن من خمس إلى عشر سنوات وبغرامة تتراوح بين 5.000 و 10.000 درهم.

تضاعف العقوبات المشار إليها في الفقرة السابقة إذا تعلق الأمر بتجنيد أو تدريب أو تكوين قاصر، أو إذا تم استغلال الإشراف على المدارس أو المعاهد أو مراكز التربية أو التكوين كيفما كان نوعها، للقيام بذلك.

غير أنه ، إذا كان الفاعل شخصا معنويا، يعاقب بغرامة تتراوح بين 1.000.000 و10.000.000 درهم، مع الحكم بحله وبالتدابير الوقائية المنصوص عليها في الفصل 62 من هذا القانون، دون المساس بحقوق الغير ودون الإخلال بالعقوبات التي يمكن إصدارها في حق مسيري الشخص المعنوي أو مستخدميه المرتكبين للجريمة  أو المحاولة.

## الفصل 218-2 [51]

يعاقب بالحبس من سنتين إلى ست سنوات وبغرامة تتراوح بين 10.000 و200.000 درهم كل من أشاد بأفعال تكون جريمة إرهابية بواسطة الخطب أو الصياح أو التهديدات المفوه بها في الأماكن أو الاجتماعات العمومية أو بواسطة المكتوبات والمطبوعات المبيعة أو الموزعة أو المعروضة للبيع أو المعروضة في الأماكن أو الاجتماعات العمومية أو

---

**50** ـ تم تتميم أحكام الباب الأول مكرر من الجزء الأول من الكتاب الثالث، بالفصل 218-1-1 أعلاه، بمقتضى المادة الأولى من القانون رقم 86.14 القاضي بتغيير وتتميم بعض أحكام مجموعة القانون الجنائي وقانون المسطرة الجنائية المتعلقة بمكافحة الإرهاب، الصادر بتنفيذه الظهير الشريف رقم 1.15.53 بتاريخ فاتح شعبان 1436 (20 ماي 2015)؛ الجريدة الرسمية عدد 6365 بتاريخ 13 شعبان 1436 (فاتح يونيو 2015)، ص 5490.

**51-** تم تتميم أحكام الفصل 218-2 أعلاه، بمقتضى المادة الثانية من القانون رقم 86.14، السالف الذكر.

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

بواسطة الملصقات المعروضة على أنظار العموم بواسطة مختلف وسائل الإعلام السمعية البصرية والإلكترونية.

يعاقب بنفس العقوبة كل من قام بالدعاية أو الإشادة أو الترويج لفائدة شخص أو كيان أو تنظيم أو عصابة أو جماعة، إرهابية بإحدى الوسائل المنصوص عليها في الفقرة الأولى من هذه المادة.

غير أنه، إذا كان الفاعل شخصا معنويا، يعاقب بغرامة تتراوح بين 1.000.000 و10.000.000 درهم، مع الحكم بحله وبالتدابير الوقائية المنصوص عليها في الفصل 62 من هذا القانون، دون المساس بحقوق الغير ودون الإخلال بالعقوبات التي يمكن إصدارها في حق مسيري الشخص المعنوي أو مستخدميه المرتكبين للجريمة أو المحاولة.

## الفصل 218-3

يعتبر أيضا فعلا إرهابيا، بالمفهوم الوارد في الفقرة الأولى من الفصل 218-1 أعلاه، إدخال أو وضع مادة تعرض صحة الإنسان أو الحيوان أو المجال البيئي للخطر، في الهواء أو في الأرض أو في الماء، بما في ذلك المياه الإقليمية.

يعاقب عن الأفعال المنصوص عليها في الفقرة الأولى أعلاه بالسجن من 10 إلى 20 سنة.

تكون العقوبة هي السجن المؤبد إذا ترتب عن الفعل فقد عضو أو بتره أو الحرمان من منفعته أو عمى أو عور أو أي عاهة دائمة أخرى لشخص أو أكثر.

تكون العقوبة هي الإعدام إذا ترتب عن الفعل موت شخص أو أكثر.

## الفصل 218-4 [52]

يعتبر تمويل الإرهاب فعلا إرهابيا.

تكون الأفعال التالية تمويلا للإرهاب، ولو ارتكبت خارج المغرب، وبصرف النظر عما إذا كانت الأموال قد استعملت فعلا أو لم تستعمل :

- القيام عمدا وبأي وسيلة كانت، مباشرة أو غير مباشرة، بتوفير أو تقديم أو جمع أو تدبير أموال أو ممتلكات، ولو كانت مشروعة، بنية استخدامها أو مع العلم أنها ستستخدم كليا أو جزئيا:

• لارتكاب فعل إرهابي أو أفعال إرهابية سواء وقع الفعل الإرهابي أو لم يقع؛

---

[52] - تم تغيير وتتميم أحكام هذا الفصل بمقتضى المادة الأولى من القانون 13.10 المتعلق بتغيير وتتميم مجموعة القانون الجنائي والقانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر، والقانون رقم 43.05 المتعلق بمكافحة غسل الأموال، الصادر بتنفيذه ظهير شريف رقم 1.11.02 بتاريخ 15 من صفر 1432 (20 يناير 2011)؛ الجريدة الرسمية عدد 5911 بتاريخ 19 صفر 1432 (24 يناير 2011)، ص 196.

• أو بواسطة شخص إرهابي؛

• أو بواسطة جماعة أو عصابة أو منظمة إرهابية[53]؛

- تقديم مساعدة أو مشورة لهذا الغرض؛

- محاولة ارتكاب الأفعال المذكورة.

يعاقب على الجرائم المنصوص عليها في هذا الفصل:

• فيما يخص الأشخاص الطبيعيين، بالسجن من 5 سنوات إلى 20 سنة وبغرامة من 500.000 إلى 2.000.000 درهم؛

• فيما يخص الأشخاص المعنوية، بغرامة من 1.000.000 إلى 5.000.000 درهم دون الإخلال بالعقوبات التي يمكن إصدارها على مسيريها أو المستخدمين العاملين بها المتورطين في الجرائم.

ترفع عقوبة السجن إلى عشر سنوات وإلى ثلاثين سنة، كما ترفع الغرامة إلى الضعف:

- عندما ترتكب الجرائم باستعمال التسهيلات التي توفرها مزاولة نشاط مهني؛

- عندما ترتكب الجرائم في إطار عصابة منظمة؛

- في حالة العود.

## الفصل 218-4-1[54]

يجب الحكم في حالة الإدانة من أجل جريمة تمويل الإرهاب أو من أجل جريمة إرهابية، بالمصادرة الكلية للأشياء والأدوات والممتلكات التي استعملت أو كانت ستستعمل في ارتكاب الجريمة والعائدات المتحصلة منها أو القيمة المعادلة لتلك الأشياء والأدوات والممتلكات والعائدات مع حفظ حق الغير حسن النية.

## الفصل 218-4-2[55]

من أجل تطبيق أحكام الفصلين 218-4 و218-4-1 من هذا القانون، يراد بما يلي:

- العائدات: جميع الممتلكات المتحصلة بطريقة مباشرة أو غير مباشرة من ارتكاب إحدى الجرائم المنصوص عليها في الفصلين المذكورين؛

---

**53**- تم تغيير وتتميم الفصل 218-4 أعلاه بمقتضى المادة الأولى من القانون رقم 145.12 الصادر بتنفيذه الظهير الشريف رقم 1.13.54 بتاريخ 21 من جمادى الآخرة 1434 (2 ماي 2013)؛ الجريدة الرسمية عدد 6148 بتاريخ 21 جمادى الآخرة 1434 (2 ماي 2013)، ص 3614.
**54**- أضيف هذا الفصل إلى الباب الأول المكرر من الجزء الأول من الكتاب الثالث من مجموعة القانون الجنائي بمقتضى المادة الثانية من القانون رقم 13.10 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.
**55** - انظر الهامش السابق.

- الممتلكات: أي نوع من الأموال والأملاك، المادية أو غير المادية، المنقولة أو العقارية[56]، المملوكة لشخص واحد أو المشاعة وكذا العقود أو الوثائق القانونية التي تثبت ملكية هذه الممتلكات أو الحقوق المرتبطة بها، أيا كانت دعامتها، بما فيها الإلكترونية أو الرقمية.

## الفصل 218-5 [57]

كل من قام بأية وسيلة من الوسائل بإقناع الغير بارتكاب جريمة من الجرائم المنصوص عليها في هذا الباب أو دفعه إلى القيام بها أو حرضه على ذلك يعاقب بالسجن من خمس إلى عشر سنوات وبغرامة تتراوح بين 5.000 و 10.000 درهم.

تضاعف العقوبات المشار إليها في الفقرة السابقة إذا تعلق الأمر بإقناع أو دفع أو تحريض قاصر، أو إذا تم استغلال الإشراف على المدارس أو المعاهد أو مراكز التربية أو التكوين كيفما كان نوعها، للقيام بذلك.

غير أنه، إذا كان الفاعل شخصا معنويا، يعاقب بغرامة تتراوح بين 1.000.000 و10.000.000 درهم، مع الحكم بحله وبالتدابير الوقائية المنصوص عليها في الفصل 62 من هذا القانون، دون المساس بحقوق الغير ودون الإخلال بالعقوبات التي يمكن إصدارها في حق مسيري الشخص المعنوي أو مستخدميه المرتكبين للجريمة أو المحاولة.

## الفصل 218-6

بالإضافة إلى حالات المشاركة المنصوص عليها في الفصل 129 من هذا القانون، يعاقب بالسجن من عشر إلى عشرين سنة، كل شخص يقدم عمدا لمن يرتكب فعلا إرهابيا أو يساهم أو يشارك فيه، أسلحة أو ذخائر أو أدوات تنفيذ الجريمة أو مساعدات نقدية أو وسائل تعيش أو تراسل أو نقل، أو مكانا للاجتماع أو السكن أو الاختباء، وكل من يعينه على التصرف فيما حصل عليه من عمله الإجرامي، وكل من يقدم له أي نوع من أنواع المساعدة مع علمه بذلك.

غير أنه يجوز للمحكمة أن تعفي من العقوبة أقارب وأصهار من ارتكب جريمة إرهابية أو ساهم أو شارك فيها، إلى غاية الدرجة الرابعة، إذا قدموا له مسكنا أو وسائل تعيش شخصية فقط.

## الفصل 218-7

يرفع الحد الأقصى للعقوبة عن الجرائم المنصوص عليها في الفصل 218-1 أعلاه، إذا كان الفعل المرتكب يكون جريمة إرهابية كما يلي:

---

**56-** تم تغيير وتتميم الفصل218-2-4 أعلاه بمقتضى المادة الأولى من القانون رقم 12.145، السالف الذكر.

**57-** تم تغيير أحكام الفصل 218-5 أعلاه، بمقتضى المادة الثالثة من القانون رقم 14.86، السالف الذكر.

ـ الإعدام إذا كانت العقوبة المقررة للفعل هي السجن المؤبد؛

ـ السجن المؤبد إذا كان الحد الأقصى للعقوبة المقررة للفعل يصل إلى 30 سنة؛

ـ يرفع الحد الأقصى للعقوبات الأخرى السالبة للحرية إلى الضعف دون أن يتجاوز ثلاثين سنة إذا كانت العقوبة المقررة هي السجن أو الحبس؛

ـ إذا كانت العقوبة المقررة للفعل غرامة فيضاعف الحد الأقصى للغرامة مائة مرة دون أن تقل عن 100.000 درهم؛

إذا كان الفاعل شخصا معنويا فيجب الحكم بحله والحكم بالتدبيرين الوقائيين المنصوص عليهما في الفصل 62 من القانون الجنائي مع عدم المساس بحقوق الغير.

### الفصل 218-8

يؤاخذ بعدم التبليغ عن جريمة إرهابية ويعاقب بالسجن من خمس إلى عشر سنوات كل من كان على علم بمخطط أو أفعال تهدف إلى ارتكاب أعمال معاقب عليها بوصفها جريمة إرهابية ولم يبلغ عنها فورا بمجرد علمه بها الجهات القضائية أو الأمنية أو الإدارية أو العسكرية.

غير أنه يجوز للمحكمة في الحالة المنصوص عليها في الفقرة الأولى من هذه المادة أن تعفي من العقوبة أقارب وأصهار من ارتكب جريمة إرهابية أو ساهم أو شارك فيها إلى غاية الدرجة الرابعة.

إذا تعلق الأمر بشخص معنوي، فيعاقب بغرامة تتراوح بين مائة ألف ومليون درهم.

### الفصل 218-9

يتمتع بعذر معف من العقاب طبق الشروط المنصوص عليها في الفصول 143 إلى 145 من هذا القانون، الفاعل أو المساهم أو المشارك الذي يكشف قبل غيره للجهات القضائية أو الأمنية أو الإدارية أو العسكرية عن وجود اتفاق جنائي أو وجود عصابة لأجل ارتكاب جريمة إرهابية، إذا قام بذلك قبل محاولة ارتكاب الجريمة التي كانت موضوع الاتفاق أو هدف العصابة وقبل إقامة الدعوى العمومية.

إذا تم التبليغ عن الأفعال المذكورة بعد ارتكاب الجريمة، فتخفض العقوبة إلى النصف بالنسبة للفاعل أو المساهم أو المشارك الذي يقدم نفسه تلقائيا للسلطات المذكورة أعلاه أو الذي يبلغ عن المساهمين أو المشاركين في الجريمة.

إذا كانت العقوبة هي الإعدام فتحول إلى السجن المؤبد وإذا كانت هي السجن المؤبد فتخفض إلى السجن من 20 سنة إلى 30 سنة.

# الباب الثاني : في الجنايات والجنح الماسة بحريات المواطنين وحقوقهم

(الفصول 219 – 232)

## الفرع 1: في الجرائم المتعلقة بممارسة الحقوق الوطنية

### الفصل 219

يعاقب على الجرائم المرتكبة في عمليات الاستفتاء والانتخابات، سواء وقعت قبل التصويت أو أثناءه أو بعده، طبقا للأحكام والعقوبات المقررة في القوانين المتعلقة بها[58].

## الفرع 2: في الجرائم المتعلقة بالعبادات

(الفصول 220 – 223)

### الفصل 220

من استعمل العنف أو التهديد لإكراه شخص أو أكثر على مباشرة عبادة ما أو على حضورها، أو لمنعهم من ذلك، يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين[59] إلى خمسمائة درهم.

ويعاقب بنفس العقوبة كل من استعمل وسائل الإغراء لزعزعة عقيدة مسلم أو تحويله إلى ديانة أخرى، وذلك باستغلال ضعفه أو حاجته إلى المساعدة أو استغلال مؤسسات التعليم أو الصحة أو الملاجئ أو المياتم، ويجوز في حالة الحكم بالمؤاخذة أن يحكم بإغلاق المؤسسة التي استغلت لهذا الغرض، وذلك إما بصفة نهائية أو لمدة لا تزيد على ثلاث سنوات.

---

**58** - تم تغيير هذا الفصل بمقتضى المادة الفريدة من القانون رقم 16.92 القاضي بتغيير الفصل 219 من القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.92.131 بتاريخ 26 من صفر 1413 (26 أغسطس 1992)؛ الجريدة الرسمية عدد 4166 بتاريخ 4 ربيع الأول 1413 (2 شتنبر 1992)، ص 1100.

ومن أهم القوانين المتعلقة بالانتخابات:

- القانون التنظيمي رقم 27.11 المتعلق بمجلس النواب، الصادر بتنفيذه ظهير شريف رقم 1.11.165 بتاريخ 16 من ذي القعدة 1432 ( 14 أكتوبر 2011 )؛ الجريدة الرسمية عدد 5987، ص 5053.

- القانون التنظيمي رقم 28.11 المتعلق بمجلس المستشارين، الصادر بتنفيذه ظهير شريف رقم 1.11.172 بتاريخ 24 من ذي الحجة 1432 ( 21 نوفمبر 2011 )؛ الجريدة الرسمية عدد 5997 مكرر، ص 5520.

- القانون رقم 9.97 المتعلق بمدونة الانتخابات، الصادر بتنفيذه ظهير شريف رقم 1.97.83 بتاريخ 23 من ذي القعدة 1417 (2 أبريل 1997)؛ الجريدة الرسمية عدد 4470 بتاريخ 24 ذي القعدة 1417 (3 أبريل 1997)، ص 570، كما تم تغييره وتتميمه.

**59** انظر الهامش المضمن في الفصل 111 أعلاه.

## الفصل 221

من عطل عمدا مباشرة إحدى العبادات، أو الحفلات الدينية، أو تسبب عمدا في إحداث اضطراب من شأنه الإخلال بهدوئها ووقارها، يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين[60] إلى خمسمائة درهم.

## الفصل 222

كل من عرف باعتناقه الدين الإسلامي، وتجاهر بالإفطار في نهار رمضان، في مكان عمومي، دون عذر شرعي، يعاقب بالحبس من شهر إلى ستة أشهر وغرامة <u>من اثني عشر إلى مائة وعشرين درهما</u>[61].

## الفصل 223

من تعمد إتلاف بنايات أو آثار أو أي شيء مما يستخدم في عبادة ما، أو خرب ذلك أو لوثه، يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين[62] إلى خمسمائة درهم.

## الفرع الثالث: شطط الموظفين في استعمال سلطتهم إزاء الأفراد وممارسة التعذيب[63]

(الفصول 224 – 232)

## الفصل 224

يعد موظفا عموميا، في تطبيق أحكام التشريع الجنائي، كل شخص كيفما كانت صفته، يعهد إليه، في حدود معينة بمباشرة وظيفة أو مهمة ولو مؤقتة بأجر أو بدون أجر ويساهم بذلك في خدمة الدولة، أو المصالح العمومية أو الهيئات البلدية، أو المؤسسات العمومية أو مصلحة ذات نفع عام.

وتراعى صفة الموظف في وقت ارتكاب الجريمة ومع ذلك فإن هذه الصفة تعتبر باقية له بعد انتهاء خدمته، إذا كانت هي التي سهلت له ارتكاب الجريمة أو مكنته من تنفيذها.

---

**60** - نفس الإحالة.

**61** - بعد رفع الحد الأدنى للغرامات الجنحية إلى 200 درهم بمقتضى الفصل الثاني من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، سالف الذكر، أصبح الحد الأدنى للغرامة في هذا الفصل أكبر من الحد الأقصى. ولذلك فإن مبلغ الغرامة في هذه الحالة لا يمكن أن يقل عن الحد الأدنى.

**62** - انظر الهامش المضمن في الفصل 111 أعلاه.

**63** - تم تتميم عنوان الفرع الثالث من الباب الثاني من الجزء الأول من الكتاب الثالث من مجموعة القانون الجنائي، بمقتضى المادة الأولى من القانون رقم 43.04 يتعلق بتغيير وتتميم مجموعة القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.06.20 بتاريخ 15 من محرم 1427 (14 فبراير 2006)؛ الجريدة الرسمية عدد 5398 بتاريخ 24 محرم 1427 (23 فبراير 2006)، ص 492.

## الفصل 225

كل قاض، أو موظف عمومي، أو أحد رجال أو مفوضي السلطة أو القوة العمومية يأمر أو يباشر بنفسه عملا تحكميا، ماسا بالحريات الشخصية أو الحقوق الوطنية لمواطن أو أكثر يعاقب بالتجريد من الحقوق الوطنية.

لكن إذا أثبت أنه تصرف بناء على أمر صادر من رؤسائه في مادة تدخل في نطاق اختصاصهم ويوجب عليه طاعتهم، فإنه يتمتع بعذر معف من العقاب، وفي هذه الحالة تطبق العقوبة على الرئيس الذي أصدر الأمر وحده.

وإذا كان العمل التحكمي أو المساس بالحرية الفردية قد ارتكب أو أمر به لغرض ذاتي أو بقصد إرضاء أهواء شخصية، طبقت العقوبة المقررة في الفصول 436 إلى 440.

## الفصل 226

الجنايات المعاقب عليها في الفصل 225 تنتج عنها مسؤولية مدنية شخصية على عاتق مرتكبها كما تنتج عنها مسؤولية الدولة مع احتفاظها بالحق في الرجوع على الجاني.

## الفصل 227

كل موظف عمومي، أو أحد رجال القوة العمومية، أو مفوضي السلطة العامة المكلفين بالشرطة القضائية أو الإدارية، يرفض أو يهمل الاستجابة لطلب وجه إليه يرمي إلى إثبات حالة اعتقال تحكمي غير مشروع، سواء في الأمكنة أو المحلات المخصصة للاعتقال، أو في أي مكان آخر ولم يقدم دليلا على أنه قد أبلغه إلى السلطة الرئاسية، يعاقب بالتجريد من الحقوق الوطنية.

## الفصل 228

كل مشرف أو حارس في سجن أو في مكان مخصص لإقامة المعتقلين، تسلم معتقلا بدون الوثائق القانونية المبررة لذلك، طبقا للفصل 653 من المسطرة الجنائية[64]، أو رفض تقديم المعتقل إلى السلطات أو الأشخاص الذين لهم الحق في رؤيته، طبقا لأحكام الفصول 660 إلى 662 من المسطرة الجنائية[65]، وذلك دون وجود أمر من قاضي التحقيق بمنع الاتصال بالمعتقل، أو رفض تقديم سجلاته إلى من لهم الحق في الاطلاع عليها، يعد مرتكبا لجريمة الاعتقال التحكمي ويعاقب بالحبس من ستة أشهر إلى سنتين وغرامة من مائتين[66] إلى خمسمائة درهم.

---

**64** - المادة 608 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

**65** - المواد 616 و620 و 621 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

**66** - انظر الهامش المضمن في الفصل 111 أعلاه.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 229

كل عضو في الهيئة القضائية، أو أحد ضباط الشرطة القضائية، في غير حالات التلبس، يثير متابعة أو يصدر أو يوقع أمرا من أوامر التحقيق أو حكما، أو يعطي أمرا بإجراء احتياطي ضد شخص يتمتع بحصانة قضائية، وذلك قبل أن يحصل على رفع تلك الحصانة بالطرق القانونية، يعاقب بالتجريد من الحقوق الوطنية.

## الفصل 230

كل قاض أو موظف عمومي، أو أحد رجال أو مفوضي السلطة العامة أو القوة العمومية يدخل، بهذه الصفة، مسكن أحد الأفراد، رغم عدم رضائه، في غير الأحوال التي قررها القانون، يعاقب بالحبس من شهر إلى سنة وغرامة من مائتين[67] إلى خمسمائة درهم.

وتطبق أحكام الفقرة الثانية من الفصل 225 على الجريمة المنصوص عليها في هذا الفصل.

## الفصل 231

كل قاض أو موظف عمومي، أو أحد رجال أو مفوضي السلطة أو القوة العمومية يستعمل أثناء قيامه بوظيفته أو بسبب قيامه بها، العنف ضد الأشخاص أو يأمر باستعماله بدون مبرر شرعي، يعاقب على هذا العنف، على حسب خطورته، طبقا لأحكام الفصول 401 إلى 403 مع تشديد العقوبات على النحو الآتي:

إذا كانت الجريمة جنحة ضبطية أو تأديبية، فإن العقوبة تكون ضعف العقوبة المقررة لتلك الجنحة؛

إذا كانت جناية معاقبا عليها بالسجن من خمس إلى عشر سنوات فإن العقوبة تكون السجن من عشر إلى خمس عشرة سنة؛

إذا كانت جناية معاقبا عليها بالسجن من عشر إلى عشرين سنة فإن العقوبة تكون من عشرين إلى ثلاثين سنة[68].

## الفصل 231-1 [69]

يقصد بالتعذيب بمفهوم هذا الفرع، كل فعل ينتج عنه ألم أو عذاب شديد جسدي أو نفسي يرتكبه عمدا موظف عمومي أو يحرض عليه أو يوافق عليه أو يسكت عنه، في حق شخص لتخويفه أو إرغامه أو إرغام شخص آخر على الإدلاء بمعلومات أو بيانات أو

---

**67** - نفس الإحالة.

**68** - تم تغيير وتتميم الفصل 231 أعلاه بمقتضى المادة الثانية من القانون رقم 43.04 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**69** - أضيفت إلى الفرع الثالث من الباب الثاني من الجزء الأول من الكتاب الثالث من القانون الجنائي أحكام الفصول من 231-1 إلى 231-8، وذلك بمقتضى المادة الثالثة من القانون رقم 43.04 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

المملكة المغربية     وزارة العدل والحريات     مديرية التشريع

اعتراف بهدف معاقبته على عمل ارتكبه أو يشتبه في أنه ارتكبه هو أو شخص آخر، أو عندما يلحق مثل هذا الألم أو العذاب لأي سبب من الأسباب يقوم على التمييز أيا كان نوعه.

ولا يعتبر تعذيبا الألم أو العذاب الناتج عن عقوبات قانونية أو المترتب عنها أو الملازم لها.

### الفصل 231-2

دون الإخلال بالعقوبات الأشد، يعاقب بالسجن من خمس إلى خمس عشرة سنة وغرامة من 10.000 إلى 30.000 درهم كل موظف عمومي مارس على شخص التعذيب المشار إليه في الفصل 231-1 أعلاه.

### الفصل 231-3

دون الإخلال بالعقوبات الأشد، يعاقب بالسجن من عشر إلى عشرين سنة وغرامة من 20.000 إلى 50.000 درهم إذا ارتكب التعذيب:

- ضد قاض أو عون من أعوان القوة العمومية أو موظف عمومي أثناء ممارسته لمهامه أو بمناسبة ممارسته لها؛

- ضد شاهد أو ضحية أو طرف مدني بسبب إدلائه بتصريح أو لتقديمه شكاية أو لإقامته دعوى أو للحيلولة دون القيام بذلك؛

- من طرف مجموعة من الأشخاص بصفتهم فاعلين أو مشاركين؛

- مع سبق الإصرار أو باستعمال السلاح أو التهديد به.

### الفصل 231-4

يعاقب بالسجن المؤبد:

- إذا ارتكب التعذيب ضد قاصر دون سن 18 سنة؛

- إذا ارتكب ضد شخص يعاني من وضعية صعبة بسبب كبر سنه أو بسبب مرض أو إعاقة أو بسبب نقص بدني أو نفسي على أن تكون هذه الوضعية ظاهرة أو معروفة لدى الفاعل؛

- إذا ارتكب ضد امرأة حامل إذا كان حملها بينا أو كان معروفا لدى الفاعل؛

- إذا كان مسبوقا باعتداء جنسي أو مصحوبا به أو تلاه هذا الاعتداء.

وتطبق نفس العقوبة في حالة الاعتياد على ارتكاب التعذيب .

## الفصل 231-5

دون الإخلال بالعقوبات الأشد، إذا نتج عن التعذيب فقد عضو أو بتره أو الحرمان من منفعته أو عمى أو عور أو أي عاهة دائمة أخرى فإن العقوبة تكون السجن من عشر إلى عشرين سنة.

وفي حالة توفر سبق الإصرار أو استعمال السلاح تكون العقوبة السجن من عشرين إلى ثلاثين سنة.

## الفصل 231-6

دون الإخلال بالعقوبات الأشد، كل تعذيب نتج عنه موت دون نية إحداثه يعاقب عليه بالسجن من عشرين سنة إلى ثلاثين سنة.

وفي حالة توفر سبق الإصرار أو استعمال السلاح تكون العقوبة السجن المؤبد.

## الفصل 231-7

في جميع الحالات المنصوص عليها في الفصول من 231-2 إلى 231-6 يجب على المحكمة أن تأمر، إذا حكمت بعقوبة جنحية بحرمان المحكوم عليه لمدة تتراوح بين سنتين وعشر سنوات من ممارسة حق أو عدة حقوق من الحقوق الوطنية أو لمدنية أو العائلية المنصوص عليها في الفصل 26 من هذا القانون.

## الفصل 231-8

يجب على المحكمة في جميع الحالات المنصوص عليها في الفصول من 231-2 إلى 231-6 إذا حكمت بالمؤاخذة أن تأمر:

– بمصادرة الأشياء والأدوات المستعملة في ارتكاب التعذيب؛

– بنشر الحكم وبتعليقه طبقا لمقتضيات الفصل 48 من هذا القانون.

## الفصل 232

كل موظف عمومي، أو أحد أعوان الحكومة أو المستخدمين في إدارة البريد أو وكلائها يفتح أو يختلس أو يبدد رسائل عهد بها إلى مصلحة البريد، أو يسهل فتحها أو اختلاسها أو تبديدها[70]، يعاقب بالحبس من ثلاثة أشهر إلى خمس سنوات وغرامة من مائتين[71] إلى ألف درهم.

---

**70** - ظهير شريف صادر في 3 رجب 1343 (28 يناير 1925) بالمنع المتعلق بالإرساليات البريدية؛ الجريدة الرسمية عدد 643 بتاريخ 3 رجب 1343 (17 فبراير 1925)، ص 308.

**71** - انظر الهامش المضمن في الفصل 111 أعلاه.

المملكة المغربية وزارة العدل والحريات مديرية التشريع

ويعاقب بنفس العقوبة كل مستخدم أو وكيل لإدارة البرق إذا اختلس أو بدد برقية أو أذاع محتوياتها.

ويحرم مرتكب الجريمة، علاوة على ذلك، من مباشرة جميع الوظائف العامة أو الخدمات العمومية لمدة لا تقل عن خمس سنوات ولا تزيد على عشر.

# الباب الثالث: في الجنايات والجنح التي يرتكبها الموظفون ضد النظام العام

(الفصول 233 – 262)

## الفرع 1: في تواطؤ الموظفين

(الفصول 233 – 236)

### الفصل 233

إذا حصل اتفاق على أعمال مخالفة للقانون، إما بواسطة اجتماع أفراد أو هيئات تتولى قدرا من السلطة العامة، وإما بواسطة رسل أو مراسلات، فإن مرتكبي الجريمة يعاقبون بالحبس من شهر واحد إلى ستة أشهر.

ويجوز كذلك أن يحكم عليهم بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40، وبالحرمان من تولي الوظائف أو الخدمات العامة لمدة لا تتجاوز عشر سنين.

### الفصل 234

إذا حصل اتفاق، بوسيلة من الوسائل المشار إليها في الفصل السابق، على إجراءات ضد تنفيذ القوانين أو أوامر الحكومة، فإن الجناة يعاقبون بالإقامة الإجبارية مدة لا تتجاوز عشر سنوات.

فإذا كان الاتفاق على هذه الإجراءات حصل بين سلطات مدنية وهيئات عسكرية أو رؤسائها فإن المحرضين على ذلك يعاقبون بالسجن من خمس إلى عشر سنوات. أما الجناة الآخرون فيعاقبون بالإقامة الإجبارية مدة لا تتجاوز عشر سنوات.

### الفصل 235

في الحالة التي تكون فيها الإجراءات المتفق عليها بين سلطات مدنية وهيئات عسكرية أو رؤسائها قد قصد منها أو نتج عنها مساس بالأمن الداخلي للدولة، فإن المحرضين يعاقبون بالإعدام، أما غيرهم من الجناة فيعاقبون بالسجن المؤبد.

المملكة المغربية     وزارة العدل وإشريات     مديرية التشريع

## الفصل 236

رجال القضاء والموظفون العموميون الذين يقررون، بناء على تفاهم بينهم، تقديم استقالتهم بقصد منع أو توقيف سير العدالة أو سير مصلحة عامة، يعاقبون بالتجريد من الحقوق الوطنية.

## الفرع 2: في تجاوز السلطات الإدارية أو القضائية اختصاصاتها وفي إنكار العدالة

(الفصول 237 – 240)

## الفصل 237

يعاقب بالتجريد من الحقوق الوطنية كل من ارتكب من رجال القضاء أو ضباط الشرطة أحد الأفعال الآتية:

1 ـ التدخل في أعمال السلطة التشريعية، وذلك إما بإصدار نظم تشتمل على نصوص تشريعية، وإما بتعطيل أو توقيف تنفيذ قانون أو أكثر.

2 ـ التدخل في المسائل المخولة للسلطات الإدارية، وذلك إما بإصدار نظم متعلقة بهذه المسائل، وإما بمنع تنفيذ أوامر الإدارة.

## الفصل 238

يعاقب بالتجريد من الحقوق الوطنية كل عامل أو باشا أو قائد ممتاز أو قائد أو حاكم إداري تدخل إما في عمل من أعمال السلطة التشريعية، وذلك بإصدار نظم تتضمن نصوصا تشريعية، أو بتعطيل أو توقيف تنفيذ قانون أو أكثر، وإما في عمل من أعمال السلطة القضائية بإصدار أمر أو نهي إلى المحاكم.

## الفصل 239

يعاقب بالحبس من شهر واحد إلى سنتين وغرامة من خمسين إلى خمسمائة درهم كل عامل أو باشا أو قائد ممتاز أو قائد أو أي حاكم إداري آخر فصل في مسألة من اختصاص المحاكم، وذلك في غير الحالات التي ينص عليها القانون، ورغم معارضة الخصوم أو أحدهم.

## الفصل 240

كل قاض أو موظف عمومي، له اختصاصات قضائية، امتنع من الفصل بين الخصوم لأي سبب كان، ولو تعلل بسكوت القانون أو غموضه، وصمم على الامتناع، بعد الطلب القانوني الذي قدم إليه ورغم الأمر الصادر إليه من رؤسائه، يمكن أن يتابع ويحكم عليه

بغرامة من مائتين وخمسين إلى ألفين وخمسمائة درهم على الأكثر، وبالحرمان من تولي الوظائف العمومية من سنة إلى عشر سنوات.

## الفرع الثالث: في الاختلاس والغدر الذي يرتكبه الموظفون العموميون[72]

(الفصول 241 – 247)

### الفصل 241

يعاقب بالسجن من خمس إلى عشرين سنة وبغرامة من خمسة آلاف إلى مائة ألف درهم كل قاض أو موظف عمومي بدد أو اختلس أو احتجز بدون حق أو أخفى أموالا عامة أو خاصة أو سندات تقوم مقامها أو حججا أو عقودا أو منقولات موضوعة تحت يده بمقتضى وظيفته أو بسببها.

فإذا كانت الأشياء المبددة أو المختلسة أو المحتجزة أو المخفاة تقل قيمتها عن مائة ألف درهم، فإن الجاني يعاقب بالحبس من سنتين إلى خمس سنوات، وبغرامة من ألفين إلى خمسين ألف درهم[73].

---

72 – تنص المادة 260-1 من قانون المسطرة الجنائية على أنه: "استثناء من قواعد الاختصاص المنصوص عليها في هذا الفرع تختص أقسام الجرائم المالية بمحاكم الاستئناف المحددة والمعينة دوائر نفوذها بمرسوم، بالنظر في الجنايات المنصوص عليها في الفصول من 241 إلى 256 من القانون الجنائي وكذا الجرائم التي لا يمكن فصلها عنها أو المرتبطة بها." القانون رقم 36.10 بتغيير وتتميم القانون رقم 22.01 المتعلق بالمسطرة الجنائية، الصادر بتنفيذه ظهير شريف رقم 1.11.150 بتاريخ 16 من رمضان 1432 (17 أغسطس 2011)؛ الجريدة الرسمية عدد 5975 بتاريخ 6 من شوال 1432 (5 سبتمبر 2011)، ص 4390.

الجدول الملحق بالمرسوم رقم 2.11.445 صادر في 7 ذي الحجة 1432 (4 نوفمبر 2011) بتحديد عدد محاكم الاستئناف المحدثة بها أقسام للجرائم المالية وتعيين دوائر نفوذها.

| محاكم الاستئناف المحدثة بها أقسام | دوائر نفوذ محاكم الاستئناف |
|---|---|
| الرباط | الرباط – القنيطرة – طنجة - تطوان |
| الدار البيضاء | الدار البيضاء – سطات – الجديدة – خريبكة – بني ملال |
| فاس | فاس – مكناس – الرشيدية – تازة – الحسيمة – الناضور - وجدة |
| مراكش | مراكش – آسفي – ورزازات – أكادير - العيون |

الجريدة الرسمية عدد 5995 بتاريخ 17 ذو الحجة 1432 (14 نوفمبر 2011)، ص 5415.

73 – تم تغيير هذا الفصل بمقتضى المادة الأولى من الباب الأول من القانون رقم 79.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي وبحذف المحكمة الخاصة للعدل، الصادر بتنفيذه ظهير شريف رقم 1.04.129 بتاريخ 29 من رجب 1425 (15 سبتمبر 2004)؛ الجريدة الرسمية عدد 5248 بتاريخ فاتح شعبان 1425 (16 سبتمبر 2004)، ص 3372.

المملكة المغربية                  وزارة العدل والحريات                  مديرية التشريع

## الفصل 242

كل قاض أو موظف عمومي أتلف أو بدد مستندات أو حججا أو عقودا أو منقولات أؤتمن عليها بصفته تلك، أو وجهت إليه بسبب وظيفته، وكان ذلك بسوء نية أو بقصد الإضرار، فإنه يعاقب بالسجن من خمس إلى عشر سنوات.

## الفصل 242 مكرر [74]

كل إهمال خطير صادر عن قاض أو موظف عمومي، نتج عنه ارتكاب أحد الأفعال المنصوص عليها في الفصلين 241 و 242، من طرف الغير، يعاقب عليه بالحبس من شهر واحد إلى ستة أشهر وبغرامة من ألفي درهم إلى عشرين ألف درهم أو إحدى هاتين العقوبتين.

تضاعف العقوبة إذا تجاوزت قيمة الأشياء المبددة أو المختلسة أو المحتجزة أو المخفاة مائة ألف درهم.

## الفصل 243

يعد مرتكبا للغدر، ويعاقب بالحبس من سنتين إلى خمس وبغرامة من خمسة آلاف إلى مائة ألف درهم، كل قاض أو موظف عمومي طلب أو تلقى أو فرض أوامر بتحصيل ما يعلم أنه غير مستحق أو أنه يتجاوز المستحق، سواء للإدارة العامة أو الأفراد الذين يحصل لحسابهم أو لنفسه خاصة.

تضاعف العقوبة إذا كان المبلغ يفوق مائة ألف درهم [75].

## الفصل 244

يعاقب بالعقوبات المقررة في الفصل السابق، كل ذي سلطة عامة أمر بتحصيل جبايات مباشرة أو غير مباشرة لم يقررها القانون وكذلك كل موظف عمومي أعد قوائم التحصيل أو باشر استخلاص تلك الجبايات.

وتطبق نفس العقوبات على ذوي السلطة العمومية أو الموظفين العموميين الذين يمنحون، بدون إذن من القانون بأي شكل ولأي سبب كان، إعفاء أو تجاوزا عن وجيبة أو ضريبة أو رسم عام أو يسلمون مجانا محصولات مؤسسات الدولة؛ أما المستفيد من ذلك فيعاقب كمشارك.

---

**74** - تم تعديل وتتميم الفرعين الثالث والرابع من الجزء الأول من الكتاب الثالث من مجموعة القانون الجنائي بمقتضى المادة الفريدة من القانون رقم 94.13 الصادر بتنفيذه الظهير الشريف رقم 1.13.73 بتاريخ 18 من رمضان 1434 (27 يوليو 2013)؛ الجريدة الرسمية عدد 6177 بتاريخ 4 شوال 1434 (12 أغسطس 2013)، ص 5736.

**75** – تم تغيير وتتميم هذا الفصل بمقتضى المادة الثانية من الباب الأول من القانون رقم 79.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 245

كل موظف عمومي أخذ أو تلقى أية فائدة في عقد أو دلالة أو مؤسسة أو استغلال مباشر يتولى إدارته أو الإشراف عليه، كليا أو جزئيا، أثناء ارتكابه الفعل، سواء قام بذلك صراحة أو بعمل صوري أو بواسطة غيره، يعاقب بالسجن من خمس سنوات إلى عشر سنوات وبغرامة من خمسة آلاف إلى مائة ألف درهم.

وتطبق نفس العقوبة على كل موظف عام حصل على فائدة ما في عملية كلف بتسيير الدفع أو بإجراء التصفية بشأنها.

إذا كانت قيمة الفائدة التي تم الحصول عليها تقل عن مائة ألف درهم فإن الجاني يعاقب بالحبس من سنة إلى خمس سنوات وبغرامة من ألفي درهم إلى خمسين ألف درهم[76].

## الفصل 246

تطبق أحكام الفصل السابق على الموظف العمومي خلال خمس سنوات بعد انتهاء وظيفته، أيا كانت كيفية هذا الانتهاء، وذلك فيما عدا الحالة التي يكون قد حصل فيها على الفائدة عن طريق الميراث.

## الفصل 247

في حالة الحكم بعقوبة جنحية فقط، طبقا لفصول هذا الفرع، فإن مرتكب الجريمة يمكن علاوة على ذلك، أن يحكم عليه بالحرمان من واحد أو أكثر من الحقوق المنصوص عليها في الفصل 40 وذلك لمدة لا تقل عن خمس سنوات ولا تزيد على عشر سنوات ويجوز أن يحكم عليه أيضا بالحرمان من تولى الوظائف أو الخدمات العامة مدة لا تزيد على عشر سنوات.

في حالة الحكم بعقوبة طبقاً للفقرة الأولى من الفصل 241، والفقرتين الأولى والثانية من الفصل 245 أعلاه، يجب أن يحكم بمصادرة الأموال والقيم المنقولة والممتلكات والعائدات لفائدة الدولة إما كلياً أو جزئياً، وذلك إذا كانت متحصلة من ارتكاب الجريمة، من يد أي شخص كان وأياً كان المستفيد منها.

تمتد المصادرة طبقاً للفقرة الثانية من هذا الفصل إلى كل ما هو متحصل من ارتكاب الجرائم المنصوص عليها في الفصول 242 و 243 و 244 و 245 من هذا القانون، من يد أي شخص كان وأياً كان المستفيد منها[77].

---

**76** – نفس الإحالة.

**77** – نفس الإحالة.

## الفرع الرابع: في الرشوة واستغلال النفوذ[78]

(الفصول 248 – 256)

### الفصل 248[79]

يعد مرتكبا لجريمة الرشوة ويعاقب بالحبس من سنتين إلى خمس سنوات وبغرامة من خمسة آلاف إلى مائة ألف درهم من طلب أو قبل عرضا أو وعدا أو طلب أو تسلم هبة أو هدية أو أية فائدة أخرى من أجل:

1 ـ القيام بعمل من أعمال وظيفته بصفته قاضيا أو موظفا عموميا أو متوليا مركزا نيابيا أو الامتناع عن هذا العمل، سواء كان عملا مشروعا أو غير مشروع، طالما أنه غير مشروط بأجر. وكذلك القيام أو الامتناع عن أي عمل ولو أنه خارج عن اختصاصاته الشخصية إلا أن وظيفته سهلته أو كان من الممكن أن تسهله.

2 ـ إصدار قرار أو إبداء رأي لمصلحة شخص أو ضده، وذلك بصفته حكما أو خبيرا عينته السلطة الإدارية أو القضائية أو اختاره الأطراف.

3 ـ الانحياز لصالح أحد الأطراف أو ضده، وذلك بصفته أحد رجال القضاء أو المحلفين أو أحد أعضاء هيئة المحكمة.

4 ـ إعطاء شهادة كاذبة بوجود أو عدم وجود مرض أو عاهة أو حالة حمل أو تقديم بيانات كاذبة عن أصل مرض أو عاهة أو عن سبب وفاة وذلك بصفته طبيبا أو جراحا أو طبيب أسنان أو مولدة.

إذا كانت قيمة الرشوة تفوق مائة ألف درهم تكون العقوبة السجن من خمس سنوات إلى عشر سنوات والغرامة من مائة ألف درهم إلى مليون درهم، دون أن تقل قيمتها عن قيمة الرشوة المقدمة أو المعروضة.

### الفصل 249[80]

يعد مرتكبا لجريمة الرشوة، ويعاقب بالحبس من سنة إلى ثلاث سنوات وبغرامة من خمسة آلاف إلى مائة ألف درهم؛ كل عامل أو مستخدم أو موكل بأجر أو بمقابل، من أي نوع كان طلب أو قبل عرضا أو وعدا، أو طلب أو تسلم هبة أو هدية أو عمولة أو خصما أو مكافأة، مباشرة أو عن طريق وسيط، دون موافقة مخدومه ودون علمه، وذلك من أجل

---

**78** – انظر الهامش المضمن في الفرع الثالث أعلاه.

**79** – تم تعديل وتتميم الفرعين الثالث والرابع من الجزء الأول من الكتاب الثالث من مجموعة القانون الجنائي بمقتضى المادة الفريدة من القانون رقم 94.13 الصادر بتنفيذه الظهير الشريف رقم 1.13.73 بتاريخ 18 من رمضان 1434 (27 يوليو 2013)؛ الجريدة الرسمية عدد 6177 بتاريخ 4 شوال 1434 (12 أغسطس 2013)، ص 5736.

**80** – نفس الإحالة.

المملكة المغربية            وزارة العدل والحريات            مديرية التشريع

القيام بعمل أو الامتناع عن عمل من أعمال خدمته أو عمل خارج عن اختصاصاته الشخصية ولكن خدمته سهلته أو كان من الممكن أن تسهله.

إذا كانت قيمة الرشوة تفوق مائة ألف درهم تكون عقوبة السجن من خمس سنوات إلى عشر سنوات، والغرامة من مائة ألف درهم إلى مليون درهم، دون أن تقل قيمتها عن قيمة الرشوة المقدمة أو المعروضة.

## الفصل 250

يعد مرتكبا لجريمة استغلال النفوذ، ويعاقب بالحبس من سنتين إلى خمس سنوات وبغرامة من خمسة آلاف إلى مائة ألف درهم[81]، من طلب أو قبل عرضا أو وعدا، أو طلب أو تسلم هبة أو هدية أو أية فائدة أخرى، من أجل تمكين شخص أو محاولة تمكينه، من الحصول على وسام أو نيشان أو رتبة شرفية أو مكافأة أو مركز أو وظيفة أو خدمة أو أية مزية أخرى تمنحها السلطة العمومية أو صفقة أو مشروع أو أي ربح ناتج عن اتفاق يعقد مع السلطة العمومية أو مع إدارة موضوعة تحت إشرافها، وبصفة عامة الحصول على قرار لصالحه من تلك السلطة أو الإدارة، مستغلا بذلك نفوذه الحقيقي أو المفترض.

وإذا كان الجاني قاضيا أو موظفا عاما أو متوليا مركزا نيابيا، فإن العقوبة ترفع إلى الضعف.

## الفصل 251

من استعمل عنفا أو تهديدا، أو قدم وعدا أو عرضا أو هبة أو هدية أو أية فائدة أخرى لكي يحصل على القيام بعمل أو الامتناع عن عمل أو على مزية أو فائدة مما أشير إليه في الفصول 243 إلى 250، وكذلك من استجاب لطلب رشوة ولو بدون أي اقتراح من جانبه، يعاقب بنفس العقوبات المقررة في تلك الفصول، سواء أكان للإكراه أو للرشوة نتيجة أم لا.

## الفصل 252

إذا كان الغرض من الرشوة أو استغلال النفوذ هو القيام بعمل يكون جناية في القانون، فإن العقوبة المقررة لتلك الجناية تطبق على مرتكب الرشوة أو استغلال النفوذ.

## الفصل 253

إذا كانت رشوة أحد رجال القضاء أو الأعضاء المحلفين أو قضاة المحكمة قد أدت إلى صدور حكم بعقوبة جنائية ضد متهم، فإن هذه العقوبة تطبق على مرتكب جريمة الرشوة.

---

[81] – انظر الهامش المضمن في الفرع 3 أعلاه.

## الفصل 254

كل قاض أو حاكم إداري تحيز لصالح أحد الأطراف ممالأة له، أو تحيز ضده عداوة له، يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من خمسة آلاف إلى خمسين ألف درهم[82].

## الفصل 255

لا يجوز مطلقا أن ترد إلى الراشي الأشياء التي قدمها ولا قيمتها، بل يجب أن يحكم بمصادرتها وتمليكها لخزينة الدولة، باستثناء الحالة المنصوص عليها في الفصل 256-1 أسفله.

تمتد المصادرة إلى كل ما هو متحصل من ارتكاب الجرائم المنصوص عليها في الفصول 248 و249 و250 من هذا القانون، من يد أي شخص كان وأياً كان المستفيد منه[83].

## الفصل 256

في الحالات التي تكون فيها العقوبة المقررة، طبقا لأحد فصول هذا الفرع عقوبة جنحية فقط، يجوز أيضا أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 من خمس سنوات إلى عشر، كما يجوز أن يحكم عليه بالحرمان من مزاولة الوظائف أو الخدمات العامة مدة لا تزيد عن عشر سنوات.

## الفصل 256-1[84]

لا يمكن متابعة الراشي بالمعنى الوارد في الفصل 251 من هذا القانون الذي يبلغ السلطات القضائية عن جريمة الرشوة، إذا قام بذلك قبل تنفيذ الطلب المقدم إليه إذا كان الموظف هو الذي طلبها.

يتمتع بعذر معفف من العقاب الراشي بالمعنى الوارد أعلاه، الذي يبلغ السلطات القضائية عن جريمة الرشوة إذا أثبت أن الموظف هو الذي طلبها وأنه كان مضطرا لدفعها.

---

**82** – نفس الإحالة.

**83** – تم تغيير وتتميم هذا الفصل بمقتضى المادة الثانية من الباب الأول من القانون رقم 79.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**84** – تم تعديل وتتميم الفرعين الثالث والرابع من الجزء الأول من الكتاب الثالث من مجموعة القانون الجنائي بمقتضى المادة الفريدة من القانون رقم 94.13 الصادر بتنفيذه الظهير الشريف رقم 1.13.73 بتاريخ 18 من رمضان 1434 (27 يوليو 2013)؛ الجريدة الرسمية عدد 6177 بتاريخ 4 شوال 1434 (12 أغسطس 2013)، ص 5736.

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

## الفصل 256-2[85]

يعاقب على المحاولة في الجنح المنصوص عليها في الفرعين الثالث والرابع بالعقوبة المقررة للجريمة التامة.

## الفرع 5: الشطط في استعمال الموظفين للسلطة ضد النظام العام

(الفصول 257 – 260)

### الفصل 257

كل قاض أو موظف عمومي يكلف أو يأمر أو يحمل غيره على أن يكلف أو يأمر باستعمال القوة العمومية أو تدخلها ضد تنفيذ قانون أو تحصيل جباية مقررة بوجه قانوني أو ضد تنفيذ إما أوامر أو قرارات قضائية وإما أي أمر آخر صادر من سلطة شرعية، يعاقب بالحبس من سنة إلى خمس سنوات.

ويجوز، علاوة على ذلك، أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 كما يجوز الحكم عليه بالحرمان من مباشرة جميع الوظائف والخدمات العامة مدة لا تزيد على عشر سنوات.

### الفصل 258

إذا أثبت القاضي أو الموظف العمومي أنه تصرف بناء على أمر من رؤسائه، في نطاق اختصاصاتهم التي يجب عليه طاعتهم فيها، فإنه يتمتع بعذر معف من العقاب؛ وفي هذه الحالة تطبق العقوبة على الرئيس الذي أصدر الأمر وحده.

### الفصل 259

إذا كان الأمر أو التكليف سببا مباشرا في فعل يعد جناية في القانون، فإن العقوبة المقررة لتلك الجناية تطبق على مرتكب الشطط في استعمال السلطة.

### الفصل 260

كل قائد أو ضابط أو ضابط صف من القوة العمومية رفض أو امتنع عن استخدام القوة الموجودة تحت إمرته، بعد أن صدر له تكليف من السلطة المدنية بوجه قانوني يعاقب بالحبس من شهر إلى ستة أشهر.

---

**85** - نفس الإحالة.

# الفرع 6: في مزاولة السلطة العامة قبل أوانها أو بعد زوال الحق في مباشرتها

(الفصلان 261 و262)

## الفصل 261

كل قاض أو موظف عمومي يلزمه القانون بأداء يمين مهنية بدأ في مزاولة مهامه قبل أداء تلك اليمين، في غير حالة الضرورة، يعاقب بالغرامة من مائتين [86] إلى خمسمائة درهم.

## الفصل 262

كل قاض أو موظف عمومي فصل أو عزل أو أوقف عن مزاولة وظيفته أو حرم من توليها، وأخطر بوجه رسمي بالقرار الصادر بذلك، ثم استمر في مباشرة أعمال وظيفته، يعاقب بالحبس من ستة أشهر إلى سنتين وغرامة من مائتين إلى ألف درهم.

ويعاقب بنفس العقوبات الموظفون العموميون المنتخبون أو المؤقتون، إذا استمروا في مباشرة مهامهم بعد زوال الصفة التي خولتهم إياها.

ويجوز علاوة على ذلك، أن يحكم على مرتكب الجريمة بالحرمان من مباشرة جميع الوظائف أو الخدمات العامة، مدة لا تزيد على عشر سنوات.

# الفرع 7 : الإخلال بإلزامية التصريح بالممتلكات[87]

## الفصل 262 مكرر

دون الإخلال بالمقتضيات الجنائية الأشد يعاقب بغرامة من 3.000 إلى 15.000 درهم كل شخص ملزم بالتصريح بالممتلكات، نظرا إلى مهام يمارسها أو نيابة انتخابية يتولاها، والذي لم يقم بالتصريح المذكور داخل الآجال القانونية بعد انتهاء مهامه أو نيابته أو أدلى بتصريح غير مطابق أو غير كامل.

ويجوز علاوة على ذلك أن يحكم على المعني بالأمر بالحرمان من مزاولة الوظائف العامة أو الترشح للانتخابات خلال مدة أقصاها ست سنوات.

---

**86** - انظر الهامش المضمن في الفصل 111 أعلاه.

**87** - تم تتميم الباب الثالث من الجزء الأول من الكتاب الثالث من ظهير شريف رقم 1.59.413 صادر في 28 جمادى الثانية 1382 (26 نونبر 1962) بالمصادقة على مجموعة القانون الجنائي، بالفرع 7، وذلك بمقتضى المادة الفريدة من القانون رقم 48.07 بتتميم الباب الثالث من الجزء الأول من الكتاب الثالث من الظهير الشريف رقم 1.59.413 الصادر في 28 من جمادى الآخرة 1382 (26 نوفمبر 1962) بالمصادقة على مجموعة القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.08.68 بتاريخ 20 من شوال 1429 (20 أكتوبر 2008)؛ الجريدة الرسمية عدد 5679 بتاريخ 4 ذي القعدة 1429 (3 نوفمبر 2008)، ص 4018.

# الباب الرابع: في الجنايات والجنح التي يرتكبها الأفراد ضد النظام العام

(الفصول 263 – 292)

## الفرع 1: إهانة الموظف العمومي، والاعتداء عليه

(الفصول 263 – 267)

### الفصل 263

يعاقب بالحبس من شهر إلى سنة وغرامة من مائتين وخمسين إلى خمسة آلاف درهم، من أهان أحدا من رجال القضاء أو من الموظفين العموميين أو من رؤساء أو رجال القوة العامة أثناء قيامهم بوظائفهم أو بسبب قيامهم بها، بأقوال أو إشارات أو تهديدات أو إرسال أشياء أو وضعها، أو بكتابة أو رسوم غير علنية وذلك بقصد المساس بشرفهم أو بشعورهم أو الاحترام الواجب لسلطتهم.

وإذا وقعت الإهانة على واحد أو أكثر من رجال القضاء أو الأعضاء المحلفين في محكمة، أثناء الجلسة، فإن الحبس يكون من سنة إلى سنتين.

وفي جميع الأحوال، يجوز لمحكمة القضاء، علاوة على ذلك، أن تأمر بنشر حكمها وإعلانه، بالطريقة التي تحددها، على نفقة المحكوم عليه، بشرط ألا تتجاوز هذه النفقات الحد الأقصى للغرامة المقررة في الفقرة الأولى.

### الفصل 264

يعتبر إهانة، ويعاقب بهذه الصفة، قيام أحد الأشخاص بتبليغ السلطات العامة عن وقوع جريمة يعلم بعدم حدوثها أو بتقديم أدلة زائفة متعلقة بجريمة خيالية أو التصريح لدى السلطة القضائية بارتكابه جريمة لم يرتكبها ولم يساهم في ارتكابها.

### الفصل 265

إهانة الهيئات المنظمة يعاقب عليها طبقا لأحكام الفقرتين الأولى والثالثة من الفصل 263.

### الفصل 266

يعاقب بالعقوبات المقررة في الفقرتين الأولى والثالثة من الفصل 263 على:

1 - الأفعال أو الأقوال أو الكتابات العلنية، التي يقصد منها التأثير على قرارات رجال القضاء، قبل صدور الحكم غير القابل للطعن في قضية ما.

المملكة المغربية       وزارة العدل والحريات       مديرية التشريع

2 ـ الأفعال أو الأقوال أو الكتابات العلنية، التي يقصد منها تحقير المقررات القضائية، ويكون من شأنها المساس بسلطة القضاء أو استقلاله.

**الفصل 267**

يعاقب بالحبس من ثلاثة أشهر إلى سنتين من ارتكب عنفا أو إيذاء ضد أحد من رجال القضاء أو الموظفين العموميين أو رؤساء أو رجال القوة العامة أثناء قيامهم بوظائفهم أو بسبب قيامهم بها.

وإذا ترتب عن العنف إراقة دم أو جرح أو مرض أو إذا ارتكب مع سبق الإصرار أو الترصد، أو ارتكب ضد أحد من رجال القضاء أو الأعضاء المحلفين بالمحكمة أثناء الجلسة، فإن الحبس يكون من سنتين إلى خمس سنوات.

فإذا ترتب عن العنف قلع أو بتر أو حرمان من استعمال عضو أو عمى أو عور أو أي عاهة مستديمة، فإن العقوبة تكون السجن من عشر إلى عشرين سنة.

وإذا ترتب عن العنف موت، دون نية إحداثه، فإن العقوبة تكون السجن من عشرين إلى ثلاثين سنة.

وإذا ترتب عن العنف موت مع توفر نية إحداثه، تكون العقوبة الإعدام.

وعلاوة على ذلك يجوز بالنسبة للمحكوم عليه بعقوبة الحبس الحكم بالمنع من الإقامة من سنتين إلى خمس سنوات.

## الفرع الأول المكرر: إهانة علم المملكة ورموزها والإساءة لثوابتها[88]

**الفصل 1-267**

يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وبغرامة من 000. 10 إلى 000. 100 درهم كل من أهان بإحدى الوسائل المشار إليها في الفصل 263 أعلاه، أو بأي وسيلة أخرى، علم المملكة ورموزها كما هو منصوص عليها في الفصل 4- 267 أدناه.

وإذا ارتكبت الإهانة خلال اجتماع أو تجمع، فإن العقوبة تكون بالحبس من سنة إلى خمس سنوات وبغرامة من 10.000 إلى 100.000 درهم.

تطبق نفس العقوبات على محاولة ارتكاب الجريمة المذكورة.

ويجوز علاوة على ذلك أن يحكم على الفاعلين بالحرمان، لمدة سنة على الأقل وعشر سنوات على الأكثر، من ممارسة واحد أو أكثر من الحقوق الواردة في الفصل 40 من هذا القانون كما يمكن أن يحكم عليهم بالمنع من الإقامة لمدة تتراوح بين سنتين وعشر سنوات.

---

[88] - تم تغيير وتتميم عنوان الفرع الأول المكرر من الباب الرابع من الجزء الأول من الكتاب الخامس أعلاه، بمقتضى المادة الأولى من القانون رقم 73.15، السالف الذكر.

## الفصل 267-2

يعاقب بالحبس من ثلاثة أشهر إلى سنة وبغرامة من 20.000 إلى 200.000 درهم كل من أشاد بإهانة علم المملكة ورموزها أو حرض على ارتكاب مثل تلك الأفعال بواسطة الخطب أو الصياح أو التهديدات المفوه بها في الأماكن أو الاجتماعات العمومية أو بواسطة المكتوبات والمطبوعات المبيعة أو الموزعة أو المعروضة للبيع أو المعروضة في الأماكن أو الاجتماعات العمومية أو بواسطة الملصقات المعروضة على أنظار العموم بواسطة مختلف وسائل الإعلام السمعية البصرية والإلكترونية.

## الفصل 267-3

يعاقب بغرامة من 50.000 إلى 500.000 درهم كل استعمال لعلم المملكة في أية علامة مسجلة أو غير مسجلة دون ترخيص من الإدارة وكذا حيازة منتوجات كيفما كانت طبيعتها بهدف تجاري أو صناعي، أو عرضها للبيع أو بيعها إذا كانت تحمل كعلامة صناعية أو تجارية أو خدماتية صورة تمثل علم المملكة دون أن يكون استعمالها مرخصا به.

في حالة العود، يرفع مبلغ الغرامة إلى الضعف.

يعتبر في حالة عود كل شخص يرتكب مخالفة ذات تكييف مماثل داخل أجل الخمس سنوات التي تلي التاريخ الذي صار فيه الحكم الأول بالإدانة حائزا لقوة الشيء المقضي به.

## الفصل 267-4

لتطبيق أحكام هذا الفرع، يراد بعلم المملكة ورموزها ما يلي:

ـ شعار المملكة المنصوص عليه في الفصل 7 من الدستور[89]؛

ـ لواء المملكة والنشيد الوطني كما هما محددان بظهير شريف[90]؛

ـ رمز المملكة كما تم تعريفه في ظهير شريف رقم 1.00.284 بتاريخ 19 من رجب 1421 ( 17 أكتوبر 2000)[91] ؛

---

**89** ـ يقابله الفصل 4 من الدستور الجديد، ظهير شريف رقم 1.11.91 صادر في 27 من شعبان 1432 (29 يوليو 2011) بتنفيذ نص الدستور؛ الجريدة الرسمية عدد 5964 مكرر بتاريخ 28 شعبان 1432 (30 يوليو 2011)، ص 3600.

**90** ـ تنص المادة الأولى من ظهير شريف رقم 1.05.99 الصادر في 20 من شوال 1426 (23 نوفمبر 2005)، المتعلق بخصوصيات علم المملكة وبالنشيد الوطني، على أن علم المملكة هو اللواء الأحمر الذي يتوسطه نجم أخضر خماسي الفروع. ويكون اللواء من ثوب أحمر قان، غير شفاف، ومستطيل الشكل. ويكون النجم مفتوحا، لونه أخضر كسعف النخيل ويتألف من خمسة فروع مرسومة بشكل متواصل ومنسوجا في نفس الثوب بحيث يرى من جهتي اللواء. ويتجه رأس الفرع إلى الأعلى. ويبلغ علو اللواء ثلثي (2/3) طول مخففه. ويرقم النجم داخل دائرة غير ظاهرة يعادل شعاعها سدس (1/6) طول مخفف اللواء ويقع مركزا في نقطة تقاطع الخطوط القطرية غير الظاهرة لمستطيل اللواء. ويمثل عرض كل فرع من فروع النجم 1/20 من طوله. الجريدة الرسمية عدد 5378 بتاريخ 13 ذو القعدة 1426 (15 ديسمبر 2005)، ص 3379.

المملكة المغربية     وزارة العدل والحريات     مديرية التشريع

- أوسمة المملكة كما تم تعريفها في ظهير شريف رقم 1.00.218 بتاريخ 2 ربيع الأول 1421( 5 يونيو 2000).

## الفصل 267-5[92]

يعاقب بالحبس من ستة أشهر إلى سنتين وبغرامة من 20.000 إلى 200.000 درهم أو بإحدى هاتين العقوبتين، كل من أساء إلى الدين الإسلامي أو النظام الملكي أو حرض ضد الوحدة الترابية للمملكة.

ترفع العقوبة إلى الحبس من سنتين إلى خمس سنوات وبغرامة من 50.000 إلى 500.000 درهم أو بإحدى هاتين العقوبتين، إذا ارتكبت الأفعال المشار إليها في الفقرة الأولى أعلاه بواسطة الخطب أو الصياح أو التهديدات المفوه بها في الأماكن والتجمعات العمومية أو بواسطة الملصقات المعروضة على أنظار العموم أو بواسطة البيع أو التوزيع أو بواسطة كل وسيلة كل وسيلة تحقق شرط العلنية بما فيها الوسائل الإلكترونية والورقية والسمعية البصرية.

## الفرع 2: في الجرائم المتعلقة بالمقابر وحرمة الموتى

(الفصول 268 – 272)

## الفصل 268

من هدم أو امتهن أو لوث المقابر، بأية وسيلة كانت، يعاقب بالحبس من ستة أشهر إلى سنتين وغرامة من مائتين[93] إلى خمسمائة درهم.

---

**91** - تنص المادة الأولى من ظهير شريف رقم 1.00.284 بتاريخ 19 من رجب 1421 (17 أكتوبر 2000) المتعلق برمز المملكة على أنه:

" يحدد رمز مملكتنا على الشكل التالي:

تُرْسٌ حُمْرِيٌّ، بِمَعْلاَّتِه نِصْفُ شَمْسٍ بَازِغَة، ذَات 15 شُعَاعاً مِنْ ذَهَبٍ فَوْقَ سَاحَة لأَزَوَرْدِيَّة، مُدَعَّمَة بِعُوَيْرِضَة مُقَبَّبَة خُضْرِيَّة، مُعَرْنَسَة مِنْ ذَهَبٍ وَفِضَّةٍ؛ الْكُلُّ مُثَقَّلٌ بِنَجْمَة خُمَاسِيَّة مُفَرَّغَة خُضْرِيَّة. وَالتُّرْس مَوْسُومٌ بِالتَّاج الْمَلَكِيِّ الْمَغْرِبِيِّ مِنْ ذَهَبٍ، مُزَخْرَف بِجَوَاهِرَ تَتَنَاوَبُ حُمْرِياً وَخُضْرِياً؛ وَهُوَ مُحَشَّى بِشَرَارِيفَ مِنْ ذَهَبٍ مُدَعَّمَة بِقَرْنَيْ خِصْبٍ وَمَسْنُودٌ بِأَسَدَيْنِ طَبِيعِيَّيْنِ: أَسَدُ الْيَمِينِ يُرَى مِنَ الْجَانِبِيَّة وَأَسَدُ الْيَسَار مُتَنَمِّرٌ. وَبِالتُّرْسِ لاَفِقَةٌ مِنْ ذَهَبٍ بِهَا الآيَةُ الْكَرِيمَةُ: " إِنْ تَنْصُرُوا اللهَ يَنْصُرْكُم" ".

الجريدة الرسمية عدد 4844 بتاريخ 5 شعبان 1421 (2 نوفمبر 2000) ص 2896.

**92** - تم تتميم الفرع الأول المكرر من الباب الرابع من الجزء الأول من الكتاب الخامس بالمادة 267-5 أعلاه، بمقتضى المادة الأولى من القانون رقم 73.15، السالف الذكر.

**93** - انظر الهامش المضمن في الفصل 111 أعلاه.

المملكة المغربية       وزارة العدل والحريات       مديرية التشريع

## الفصل 269

من ارتكب عملا من شأنه الإخلال بالاحترام الواجب للموتى في مقبرة أو في أي مكان آخر للدفن، يعاقب بالحبس من شهر إلى ثلاثة أشهر وغرامة من مائتين[94] إلى مائتين وخمسين درهما.

## الفصل 270

من انتهك قبرا أو دفن جثة أو استخرجها خفية[95] يعاقب بالحبس من ثلاثة أشهر إلى سنتين وغرامة من مائتين[96] إلى خمسمائة درهم.

## الفصل 271

من لوث جثة أو مثل بها أو ارتكب عليها عملا من الأعمال الوحشية أو البذيئة يعاقب بالحبس من سنتين إلى خمس سنوات وغرامة من مائتين[97] إلى خمسمائة درهم.

## الفصل 272

من أخفى جثة أو ضيعها يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين[98] إلى مائتين وخمسين درهما.

فإذا كانت الجثة لشخص مجني عليه في جريمة قتل أو مات نتيجة ضرب أو جرح، فإن العقوبة تكون الحبس من سنتين إلى خمس سنوات وغرامة من مائتين[99] إلى ألف درهم.

## الفرع 3: في كسر الأختام وأخذ الأوراق من مستودعاتها العامة

### (الفصول 273 – 277)

## الفصل 273

يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات من كسر، عن علم، الأختام الموضوعة بأمر السلطة العامة، أو حاول كسرها.

---

**94** - نفس الإحالة.

**95** - انظر الظهير الشريف رقم 986. 68 بتاريخ 19 شعبان 1389 (31 اكتوبر 1969) المتعلق بنظام دفن الجثث وإخراجها من القبور ونقلها؛ الجريدة الرسمية عدد 2981 بتاريخ 7 شوال 1389 (17 دجنبر 1969)، ص 3143.

**96** - انظر الهامش المضمن في الفصل 111 أعلاه.

**97** - نفس الإحالة.

**98** - نفس الإحالة.

**99** - نفس الإحالة.

فإذا كان كسر الختم أو نزعه أو محاولة ذلك قد ارتكب من طرف الحارس، أو ارتكب باستعمال العنف ضد الأشخاص، أو بقصد انتزاع أو إتلاف أدلة أو رسائل[100] إثبات متعلقة بإجراءات جنائية، فإن الحبس يكون من سنتين إلى خمس.

## الفصل 274

كل سرقة ترتكب بكسر الأختام يعاقب عليها باعتبارها سرقة ارتكبت بالكسر، طبقا للشروط المقررة في الفصل 510.

## الفصل 275

يعاقب الحارس بالحبس من شهر إلى ستة أشهر إذا وقع منه إهمال سهل ارتكاب كسر الأختام.

## الفصل 276

يعاقب بالسجن من خمس إلى عشر سنوات من عيب عن علم أو أتلف أو بدد أو نزع أوراقا أو سجلات أو صكوكا أو سندات محفوظة في مضابط أو في كتابات الضبط أو مستودعات عامة أو مودعة لدى أمين عمومي بصفته هذه.

فإذا كان التعييب أو الإتلاف أو التبديد أو الانتزاع قد ارتكب من طرف الأمين العمومي، أو ارتكب بواسطة العنف ضد الأشخاص، فإن السجن يكون من عشر إلى عشرين سنة.

## الفصل 277

يعاقب الأمين العمومي بالحبس من ثلاثة أشهر إلى سنة، إذا وقع منه إهمال سهل ارتكاب التعييب أو الإتلاف أو التبديد أو الانتزاع.

# الفرع 4: في الجنايات والجنح التي يرتكبها ممونو القوات المسلحة الملكية

(الفصول 278 – 281)

## الفصل 278

كل شخص كلف، إما بصفته الفردية أو بصفته عضوا في شركة، بتموينات أو إنشاءات أو إدارة مباشرة لحساب القوات المسلحة الملكية، ولم يف بالخدمات التي كلف بها، من غير أن يكون قد اضطر إلى ذلك بقوة قاهرة، يعاقب بالسجن من خمس إلى عشر سنوات وبغرامة لا تزيد على ربع التعويض عن الأضرار، ولا تقل عن ألف درهم.

---

**100** - وردت في الجريدة الرسمية عبارة "رسائل" ويبدو أن الأمر مجرد خطأ مادي، فالمقصود هو عبارة "وسائل".

مديرية التشريع   وزارة العدل والحريات   المملكة المغربية

وتطبق نفس العقوبة على أعوان الممونين، إذا كان عدم الوفاء بالخدمات يرجع إلى فعلهم.

ويعاقب الموظفون العموميون الذين حرضوا أو ساعدوا الجناة على الإخلال بالتزاماتهم بالسجن من عشر إلى عشرين سنة.

وفي حالة التواطؤ مع العدو تطبق أحكام الفصل 184.

## الفصل 279

إذا كانت التموينات أو الأشغال، ولو أنها لم تتعطل كليا إلا أنها قد تأخرت عن موعدها نتيجة للإهمال، فإن مرتكب الجريمة يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وبغرامة لا تزيد على ربع التعويض عن الأضرار، ولا تقل عن مائتي درهم[101].

## الفصل 280

إذا حصل غش في نوع أو جودة أو كمية الأشغال أو اليد العاملة أو الأشياء المسلمة، فإن مرتكبي الجريمة يعاقبون بالحبس من سنتين إلى خمس سنوات وبغرامة لا تزيد على ربع التعويض عن الأضرار، ولا تقل عن ألف درهم.

وترفع عقوبة الحبس المنصوص عليها في الفقرة السابقة إلى الضعف ضد الموظفين العموميين الذين ساهموا في الغش، كما يجوز علاوة على ذلك، أن يحكم على هؤلاء الموظفين بالمنع من ممارسة كل وظيفة أو خدمة عمومية أو كل عمل عمومي، وذلك لمدة لا تزيد على عشر سنوات.

## الفصل 281

في الحالات المختلفة المنصوص عليها في هذا الفرع لا يمكن أن تثار المتابعة إلا بناء على شكاية من وزير الدفاع الوطني.

## الفرع 5: في الجرائم المخلة بالضوابط المنظمة لدور القمار واليانصيب والتسليف على رهون

(الفصول 282 – 286)

## الفصل 282

يعاقب بالحبس من ثلاثة أشهر إلى سنة وبالغرامة من ألف ومائتين إلى مائة ألف درهم الأشخاص الذين يقومون بما يلي، دون إذن من السلطة العمومية:

---

**101** - انظر الهامش المضمن في الفصل 111 أعلاه.

1 - يديرون محلا لألعاب القمار ويقبلون فيه الجمهور سواء كان هذا القبول بدون شرط أو بناء على تقديم المنتسبين أو السماسرة أو من لهم مصلحة في استغلال المحل وكذلك الأمر بالنسبة لأصحاب البنوك والمسيرين والوكلاء أو الأعوان في هذا المحل؛

2 - ينصبون في الطريق وفي الأماكن العمومية ولا سيما في أماكن بيع المشروبات، أجهزة لتوزيع النقود والقطع المستعملة للأداء عن الاستهلاك وبصفة عامة أجهزة يرتكز استعمالها على المهارة في اللعب أو على الصدفة وتعد للحصول على ربح أو استهلاك مقابل رهان.

ترفع العقوبة إلى الضعف إذا وقع استدراج الأطفال الذين تقل سنهم عن ثمان عشرة سنة إلى المحلات والأماكن المشار إليها في هذا الفصل[102].

ويجوز علاوة على ذلك أن يحكم على مرتكبي هذه الجريمة بالحرمان من واحد أو أكثر من الحقوق المنصوص عليها في الفصل 40، وبالمنع من الإقامة من سنتين إلى خمس سنوات.

ويجب الحكم حتما بمصادرة الأموال والسندات موضوع الرهان، وكذلك ما يضبط منها في صناديق المؤسسة أو مما يوجد منها مع أشخاص المسيرين، أو مع أعوانهم وكذا جميع الأثاث والأشياء المنقولة التي أثث أو زين بها المحل وجميع الأدوات المعدة أو المستعملة لغرض اللعب[103].

## الفصل 283

تطبق العقوبات وتدابير الوقاية، المنصوص عليها في الفصل السابق، على أصحاب اليانصيب غير المرخص به من طرف السلطة العمومية، وعلى المنظمين له والمسيرين والوكلاء والأعوان.

على أنه إذا كان موضوع الجائزة في اليانصيب عقارا، فإنه يستعاض عن مصادرته بغرامة لا يتجاوز مقدارها قيمة العقار.

## الفصل 284

يعتبر من قبيل اليانصيب جميع العمليات المعروضة على الجمهور، مهما كانت تسميتها، متى كانت تهدف إلى خلق أمل في الحصول على ربح بواسطة إجراء قرعة.

---

[102] - أضيفت هذه الفقرة بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

[103] - تم تعديل هذا الفصل بمقتضى الفصل الأول من ظهير شريف بمثابة قانون رقم 1.77.58 بتاريخ 5 شوال 1397 (19 شتنبر 1977) يتمم بموجبه الفصل 282 من القانون الجنائي ويلغى به الظهير الشريف الصادر في 23 شوال 1358 (27 دجنبر 1937)؛ الجريدة الرسمية عدد 3388، بتاريخ 21 شوال 1397 (5أكتوبر1977)، ص 2760، وبمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

المملكة المغربية                   وزارة العدل والحريات                   مديرية التشريع

## الفصل 285

يعاقب بالحبس من شهر واحد إلى ثلاثة وبغرامة من مائتين[104] إلى ألف درهم من يروج أوراق اليانصيب غير المرخص به أو يبيعها أو يوزعها، ومن يقوم بالإعلان عن وجود هذا اليانصيب أو يسهل إصدار أوراقه، وذلك بواسطة نشر أو إشهار أو إلصاق إعلانات أو أية وسيلة أخرى من وسائل الدعاية.

ويجب حتما أن يحكم بمصادرة المبالغ الموجودة في حوزة المروجين أو الباعة أو الموزعين والمتحصلة من بيع هذه الأوراق.

## الفصل 286

من أسس أو أدار محلا للتسليف على رهون أو ودائع مالية بدون ترخيص من السلطة العامة يعاقب بالحبس من شهر إلى ستة أشهر وبغرامة من مائتين[105] إلى خمسة آلاف درهم.

## الفرع 6: في الجرائم المتعلقة بالصناعة والتجارة والمزايدات العمومية

(الفصول 287 – 292)

## الفصل 287

كل إخلال بالتنظيم المتعلق بالمنتجات المعدة للتصدير الذي يهدف إلى ضمان جودتها ونوعها وحجمها، يعاقب بغرامة تتراوح بين مائتين[106] وخمسة آلاف درهم وبمصادرة السلعة.

## الفصل 288

يعاقب بالحبس من شهر واحد إلى سنتين وبغرامة من مائتين[107] إلى خمسة آلاف درهم أو بإحدى هاتين العقوبتين فقط من حمل على التوقف الجماعي عن العمل أو على الاستمرار فيه، أو حاول ذلك مستعملا الإيذاء أو العنف أو التهديد أو وسائل التدليس متى كان الغرض منه هو الإجبار على رفع الأجور أو خفضها أو الإضرار بحرية الصناعة أو العمل.

وإذا كان العنف أو الإيذاء أو التهديد أو التدليس قد ارتكب بناء على خطة متواطأ عليها، جاز الحكم على مرتكبي الجريمة بالمنع من الإقامة من سنتين إلى خمس سنوات.

---

104 - انظر الهامش المضمن في الفصل 111 أعلاه.

105 - نفس الإحالة.

106 - نفس الإحالة.

107 - نفس الإحالة.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

## الفصل 292 [108]

يعد مرتكبا لعرقلة حرية المزاد، ويعاقب بالحبس من شهر إلى ثلاثة أشهر وبغرامة من مائتين [109] إلى خمسين ألف درهم، كل من أحدث عرقلة أو اضطرابا أو حاول إحداثهما، في حرية المزاد أو المناقصة سواء قبل المزاد أو المناقصة أو أثناءهما وذلك بوسائل العنف أو الإيذاء أو التهديد إذا تعلق ذلك بملكية أو انتفاع أو استئجار عقار أو منقول، أو تعلق بمشروع أو توريد أو استغلال أو أية مصلحة أخرى.

ويعاقب بنفس العقوبات من أقصى أو حاول إقصاء المنافسين، أو حدد أو حاول تحديد المزايدة أو المناقصة، وذلك إما بهدايا أو وعود أو تواطؤ أو أساليب احتيالية أخرى، وكذلك من تسلم هذه الهدايا أو قبل هذه الوعود.

---

**108** - نسخت الفصول 289 - 290- 291 بمقتضى المادة 101 من القانون رقم 06.99 المتعلق بحرية الأسعار والمنافسة، الصادر بتنفيذه ظهير شريف رقم 1.00.225 بتاريخ 2 ربيع الأول 1421 (5 يونيه 2000)؛ الجريدة الرسمية، عدد 4810 بتاريخ 3 ربيع الآخر 1421 (6 يوليو 2000)، ص 1941.

وقد ضمنت مقتضيات الفصول 289 و290 و291 سالفة الذكر أعلاه، في المادتين 68 و 69 من القانون رقم 06.99 المتعلق بحرية الأسعار والمنافسة كالآتي:

المادة 68: يعاقب بالحبس من شهرين إلى سنتين وبغرامة من 10.000 إلى 500.000 درهم أو بإحدى هاتين العقوبتين فقط، كل من افتعل أو حاول افتعال رفع أو تخفيض سعر سلع أو خدمات أو سندات عامة أو خاصة، باستعمال أية وسيلة كانت لنشر معلومات كاذبة أو افتراءات أو بتقديم عروض في السوق قصد الإخلال بسير الأسعار أو عروض مزايدة على الأسعار التي طلبها الباعة أو باستخدام أية وسيلة أخرى من وسائل التدليس.

عندما يتعلق رفع أو تخفيض الأسعار المفتعل بالمواد الغذائية أو الحبوب أو الدقيق أو المواد الطحينية أو المشروبات أو العقاقير الطبية أو الوقود أو السماد التجاري، يعاقب بالحبس من سنة إلى ثلاث سنوات وبغرامة لا يزيد مبلغها على 800.000 درهم.

يمكن أن ترفع مدة الحبس إلى خمس سنوات والغرامة إلى 1.000.000 درهم إذا تعلقت المضاربة بمواد غذائية أو بضائع لا تدخل في الممارسة الاعتيادية لمهنة المخالف.

المادة 69: يمكن في جميع الحالات المنصوص عليها في المادتين 67 و68 أعلاه، أن يعاقب مرتكب المخالفة بالحرمان من واحد أو أكثر من الحقوق المنصوص عليها في الفصل 40 من القانون الجنائي بصرف النظر عن تطبيق الفصل 87 من القانون المذكور.

**109** - انظر الهامش المضمن في الفصل 111 أعلاه.

# الباب الخامس: في الجنايات والجنح ضد الأمن العام

(الفصول 293 – 333)

## الفرع 1: في العصابات الإجرامية والتعاون مع المجرمين

(الفصول 293 – 299)

### الفصل 293

كل عصابة أو اتفاق، مهما تكن مدته أو عدد المساهمين فيه، أنشئ أو وجد للقيام بإعداد أو ارتكاب جنايات ضد الأشخاص أو الأموال، يكون جناية العصابة الإجرامية بمجرد ثبوت التصميم على العدوان باتفاق مشترك.

### الفصل 294

يعاقب بالسجن من خمس إلى عشر سنوات، كل من يدخل في عصابة أو اتفاق مما نص عليه الفصل السابق.

ويكون السجن من عشر إلى عشرين سنة لمسيري العصابة أو الاتفاق ولمن باشر فيه قيادة ما.

### الفصل 295

في غير حالات المشاركة المنصوص عليها في الفصل 129، يعاقب بالسجن من خمس إلى عشر سنوات، كل شخص يقدم عمدا وعن علم للمساهمين في العصابة أو الاتفاق إما أسلحة أو ذخائر أو أدوات تنفيذ الجناية، وإما مساعدات نقدية أو وسائل تعيش أو تراسل أو نقل، وإما مكانا للاجتماع أو السكن أو الاختباء وكذلك كل من يعينهم على التصرف فيما تحصلوا عليه بأعمالهم الإجرامية وكل من يقدم لهم مساعدة بأية صورة أخرى.

ومع ذلك، يجوز لقضاء الحكم أن يعفي من العقوبة المقررة الأقارب والأصهار إلى غاية الدرجة الرابعة لأحد المساهمين في العصابة أو الاتفاق إذا قدموا له مسكنا أو وسائل تعيش شخصية فقط.

### الفصل 296

يتمتع بعذر معف من العقوبة، طبق الشروط المنصوص عليها في الفصول 143 إلى 145 المجرم، الذي يكشف قبل غيره للسلطات العامة عن وقوع اتفاق جنائي أو وجود عصابة إجرامية إذا فعل ذلك قبل محاولة الجناية التي كانت موضوع الاتفاق أو هدف العصابة وقبل البدء في المتابعة.

## الفصل 297

في غير الحالات المشار إليها في الفصول 129 (رابعا) و196 و295، يعاقب بالحبس من شهر إلى سنتين، وغرامة من مائتين[110] إلى ألف درهم أو بإحدى هاتين العقوبتين فقط، كل من يخفي عمدا أحد الأشخاص مع علمه بارتكابه جناية أو بأن العدالة تبحث عنه بسبب جناية، وكذلك من يقوم عن علم بتهريب مجرم أو محاولة تهريبه من الاعتقال أو البحث أو من يساعده على الاختفاء أو الهروب.

ولا تطبق مقتضيات الفقرة السابقة على أقارب أو أصهار المجرم إلى غاية الدرجة الرابعة.

## الفصل 298

الأشخاص المشار إليهم في الفصل السابق يتمتعون بعذر معف من العقاب وفق الشروط المشار إليها في الفصول 143 إلى 145، إذا ثبت فيما بعد عدم إدانة الشخص الذي أخفوه أو ساعدوه.

## الفصل 299

في غير الحالة المنصوص عليها في الفصل 209، يعاقب بالحبس من شهر إلى سنتين وغرامة من مائتين[111] إلى ألف درهم، أو بإحدى هاتين العقوبتين وحدها، من علم بوقوع جناية أو شروع فيها ولم يشعر بها السلطات فورا.

تضاعف العقوبة إذا كان ضحية الجناية أو ضحية محاولة ارتكاب الجناية طفلا تقل سنه عن ثمان عشرة سنة.

يستثنى من تطبيق الفقرتين السابقتين أقارب الجاني وأصهاره إلى غاية الدرجة الرابعة. ولا يسري هذا الاستثناء إذا كان ضحية الجناية أو محاولة ارتكاب الجناية طفلا تقل سنه عن ثمان عشرة سنة[112].

---

**110** - انظر الهامش المضمن في الفصل 111 أعلاه.

**111** - نفس الإحالة.

**112** - تم تتميم هذا الفصل بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

## الفرع الأول المكرر: في التحريض على ارتكاب الجنايات والجنح[113]

### الفصل 299-1

في غير حالات المشاركة المنصوص عليها في الفصل 129 من هذا القانون، وما لم ينص القانون على عقوبات أشد، يعاقب بالحبس من ثلاثة أشهر إلى سنة وغرامة من 5.000 إلى 50.000 درهم أو بإحدى هاتين العقوبتين، كل من حرض مباشرة شخصا أو عدة أشخاص على ارتكاب جناية أو جنحة إذا لم يكن للتحريض مفعول فيما بعد، وذلك بواسطة الخطب أو الصياح أو التهديدات المفوه بها في الأماكن والتجمعات العمومية أو بواسطة الملصقات المعروضة على أنظار العموم أو بواسطة كل وسيلة تحقق شرط العلنية بما فيها الوسائل الإلكترونية والورقية والسمعية البصرية.

غير أنه إذا كان التحريض على ارتكاب الجنايات والجنح مفعول فيما بعد أو لم ينجم عن التحريض سوى محاولة ارتكاب جريمة، فإن العقوبة تكون هي الحبس من سنة إلى خمس سنوات وغرامة من 5000 إلى 100.000 درهم أو بإحدى هاتين العقوبتين.

## الفرع 2: في جريمة العصيان

(الفصول 300 – 308)

### الفصل 300

كل هجوم أو مقاومة، بواسطة العنف أو الإيذاء ضد موظفي أو ممثلي السلطة العامة القائمين بتنفيذ الأوامر أو القرارات الصادرة من تلك السلطة أو القائمين بتنفيذ القوانين أو النظم أو أحكام القضاء أو قراراته أو الأوامر القضائية يعتبر عصيانا.

والتهديد بالعنف يعتبر مماثلا للعنف نفسه.

### الفصل 301

إذا وقعت جريمة العصيان من شخص أو شخصين، فعقوبة الحبس من شهر إلى سنة والغرامة من ستين إلى مائة درهم[114].

فإذا كان مرتكب الجريمة أو أحد مرتكبيها مسلحا، فإن الحبس يكون من ثلاثة أشهر إلى سنتين والغرامة من مائتين[115] إلى خمسمائة درهم.

---

**113-** تم تغيير وتتميم الباب الخامس من الجزء الأول من الكتاب الخامس بالفرع الأول المكرر أعلاه، بمقتضى المادة الأولى من القانون رقم 15.73، السالف الذكر.

**114** - بعد رفع الحد الأدنى للغرامات الجنحية إلى 200 درهم بمقتضى الفصل الثاني من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، سالف الذكر، أصبح الحد الأدنى للغرامة في هذا الفصل أكبر من الحد الأقصى. ولذلك فإن مبلغ الغرامة في هذه الحالة لا يمكن أن يقل عن الحد الأدنى.

## الفصل 302

جريمة العصيان التي تقع من أكثر من شخصين مجتمعين يعاقب عليها بالحبس من سنة إلى ثلاث سنوات وغرامة من مائتين[116] إلى ألف درهم.

ويكون الحبس من سنتين إلى خمس والغرامة من مائتين[117] إلى ألف درهم إذا كان في الاجتماع أكثر من شخصين يحملون أسلحة ظاهرة.

أما إذا وجد أحد الأشخاص حاملا لسلاح غير ظاهر، فإن العقوبة المقررة في الفقرة السابقة تطبق عليه وحده.

## الفصل 303

يعد سلاحا في تطبيق هذا القانون، جميع الأسلحة النارية والمتفجرات[118] وجميع الأجهزة والأدوات أو الأشياء الواخزة أو الراضة أو القاطعة أو الخانقة[119].

## الفصل 303 المكرر[120]

دون الإخلال بالعقوبات المقررة في حالة خرق النصوص المتعلقة بالأسلحة والعتاد والأدوات المفرقعة، يعاقب بالحبس من شهر إلى سنة وبالغرامة من 1200 إلى 5000 درهم أو بإحدى هاتين العقوبتين فقط، كل من ضبط في ظروف تشكل تهديدا للأمن العام أو لسلامة الأشخاص أو الأموال وهو يحمل جهازا أو أداة أو شيئا واخزا أو راضا أو قاطعا أو خانقا، ما لم يكن ذلك بسبب نشاطه المهني أو لسبب مشروع.

---

**115** - انظر الهامش المضمن في الفصل 111 أعلاه.

**116** - نفس الإحالة.

**117** - نفس الإحالة.

**118** - انظر بشأن الأسلحة النارية والمتفجرات:

- ظهير شريف بتاريخ 18 محرم 1356 (31 مارس 1937) في ضبط جلب الأسلحة وعددها للمنطقة الفرنسية من الايالة الشريفة وفي المتاجرة بها وحملها وحيازتها واستيداعها؛ الجريدة الرسمية عدد 1279 بتاريخ 19 صفر 1356 (30 أبريل 1937)، ص 761؛

- ظهير شريف رقم 1.58.286 بتاريخ 17 صفر 1378 (2 شتنبر 1958 ) بشأن الزجر عن المخالفات للتشريع الخاص بالأسلحة والعتاد والأدوات المفرقعة؛ الجريدة الرسمية عدد 2393 بتاريخ 20 صفر 1378 (5 شتنبر 1958)، ص 2078؛

- ظهير شريف بتاريخ 24 جمادى الأولى 1373 (30 يناير 1954) بشأن إجراء المراقبة على المواد المنفجرة؛ الجريدة الرسمية عدد 2154 بتاريخ 29 جمادى الأولى 1373 ( 5 فبراير 54)، ص 307.

**119** - تم تغيير وتتميم الفصل 303 بمقتضى المادة الأولى من القانون رقم 38.00 القاضي بتغيير وتتميم مجموعة القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.01.02 بتاريخ 21 من ذي القعدة 1421 (15 فبراير 2001)؛ الجريدة الرسمية عدد 4882 بتاريخ 19 ذي الحجة 1421 (15 مارس2001)، ص 793.

**120** - أضيف هذا الفصل بمقتضى المادة الثانية من القانون رقم 38.00 القاضي بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

| محديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

### الفصل 304

يعتبر مرتكبا للعصيان من حرض عليه، سواء بخطب ألقيت في أمكنة أو اجتماعات عامة أو بواسطة ملصقات أو إعلانات أو منشورات أو كتابات.

### الفصل 305

زيادة على العقوبات المشار إليها في الفصل السابق، فإنه يمكن أن يحكم على المحرضين أو المتزعمين للعصيان بالمنع من الإقامة مدة أدناها خمس سنوات وأقصاها عشر.

### الفصل 306

لا يحكم بعقوبة العصيان على من ساهموا في التجمع دون أن يقوموا فيه بعمل أو وظيفة، إذا انسحبوا منه عند أول إنذار تصدره السلطة العامة.

### الفصل 307

إذا وقع عصيان من شخص أو أكثر من المحبوسين فعلا بسبب جريمة أخرى، سواء بصفتهم متهمين أو محكوما عليهم بحكم قابل للطعن فإنه، استثناء من مقتضيات الفصل 120، تنفذ عليهم العقوبة المحكوم بها من أجل العصيان بالإضافة إلى أية عقوبة مؤقتة سالبة للحرية حكم عليهم بها بسبب الجريمة الأصلية التي كانوا محبوسين من أجلها.

وفي حالة صدور قرار بعدم المتابعة أو بالبراءة أو الإعفاء من أجل تلك الجريمة الأصلية، فإن مدة الحبس الاحتياطي الذي قضوه بسببها لا تخصم من مدة العقوبة المحكوم بها من أجل العصيان.

### الفصل 308

كل من قاوم تنفيذ أشغال أمرت بها السلطة العامة أو صرحت بها يعاقب بالحبس من شهرين إلى ستة أشهر وبغرامة لا تقل عن مائتي درهم[121] ولا تتجاوز ربع مبلغ التعويضات.

أما الأشخاص الذين يعترضون على تنفيذ هذه الأشغال بواسطة التجمهر أو التهديد أو العنف فإنهم يعاقبون بالحبس من ثلاثة أشهر إلى سنتين وبالغرامة المشار إليها في الفقرة السالفة.

---

**121** - انظر الهامش المضمن في الفصل 111 أعلاه.

| المملكة المغربية | وزارة العدل والحريات | مديرية التشريع |
|---|---|---|

## الفرع 2 مكرر: في العنف المرتكب أثناء المباريات أو التظاهرات الرياضية أو بمناسبتها[122]

### الفصل 308-1

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من سنة إلى خمس سنوات وبغرامة من 1.200 إلى 20.000 درهم كل من ساهم في أعمال عنف أثناء مباريات أو تظاهرات رياضية أو بمناسبتها أو أثناء بث هذه المباريات أو التظاهرات في أماكن عمومية أو بمناسبة هذا البث، ارتكبت خلالها أفعال ترتب عنها موت طبقا للشروط المنصوص عليها في الفصل 403 من هذا القانون.

غير أن المدبرين والمحرضين على الأفعال المذكورة في الفقرة السابقة، يعاقبون بالعقوبة المقررة في الفصل 403 من هذا القانون.

### الفصل 308-2

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من ثلاثة أشهر إلى سنتين وبغرامة من 1.200 إلى 10.000 درهم أو بإحدى هاتين العقوبتين فقط، كل من ساهم في أعمال عنف أثناء مباريات أو تظاهرات رياضية أو بمناسبتها أو أثناء بث هذه التظاهرات أو المباريات في أماكن عمومية أو بمناسبة هذا البث، ارتكب خلالها ضرب أو جرح أو أي نوع آخر من أنواع العنف أو الإيذاء.

غير أن المدبرين والمحرضين على الأفعال المذكورة في الفقرة السابقة يعاقبون بالعقوبات المقررة في هذا القانون للزجر عن أفعال الضرب أو الجرح أو أي نوع آخر من أنواع العنف أو الإيذاء.

### الفصل 308-3

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من ثلاثة أشهر إلى سنة وبغرامة من 1.200 إلى 10.000 درهم أو بإحدى هاتين العقوبتين فقط، كل من ساهم في أعمال عنف أثناء مباريات أو تظاهرات رياضية أو بمناسبتها أو أثناء بث تلك التظاهرات أو المباريات في أماكن عمومية أو بمناسبة هذا البث وقع خلالها إلحاق أضرار مادية بأملاك عقارية أو منقولة مملوكة للغير.

غير أن العقوبة تضاعف بالنسبة للمدبرين والمحرضين على الأفعال المذكورة في الفقرة السابقة.

---

**122-** أضيف الفرع 2 مكرر إلى الباب الخامس من الجزء الأول من الكتاب الثالث بالمادة الأولى من القانون رقم 09.09 المتعلق بتتميم مجموعة القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.11.38 بتاريخ 29 من جمادى الآخرة 1432 (2 يونيو 2011)؛ الجريدة الرسمية، عدد 5956 بتاريخ 27 رجب 1432 (30 يونيو 2011)، ص 3081.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

## الفصل 308-4

تطبق أحكام الفصول 308-1 و 308-2 و 308-3 على أعمال العنف المرتكبة أثناء مباريات أو تظاهرات رياضية أو بمناسبتها أو أثناء بث تلك المباريات أو التظاهرات أو بمناسبة هذا البث في الطرق العمومية أو الساحات العمومية أو في وسائل النقل الجماعي أو محطات نقل المسافرين أو غيرها من الأماكن العمومية، سواء ارتكبت قبل المباراة أو التظاهرة أو البث أو بعد ذلك أو بالتزامن معه.

## الفصل 308-5

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من شهر إلى ستة أشهر وبغرامة من 1.200 إلى 10.000 درهم، أو بإحدى هاتين العقوبتين فقط، كل من حرض على التمييز العنصري أو على الكراهية أثناء مباريات أو تظاهرات رياضية أو بمناسبتها أو أثناء بث تلك التظاهرات أو المباريات في أماكن عمومية أو بمناسبة هذا البث، بواسطة خطب أو صراخ أو نداءات أو شعارات أو لافتات أو صور أو تماثيل أو منحوتات أو بأية وسيلة أخرى، ضد شخص أو عدة أشخاص بسبب الأصل الوطني أو الأصل الاجتماعي أو اللون أو الجنس أو الوضعية العائلية أو الحالة الصحية أو الإعاقة أو الرأي السياسي أو الانتماء النقابي أو بسبب الانتماء أو عدم الانتماء الحقيقي أو المفترض لعرق أو لأمة أو لسلالة أو لدين معين.

يعاقب بنفس العقوبة كل من ارتكب قذفا أو سبا، بمفهوم الفصلين 442 و 443 من هذا القانون بواسطة إحدى الوسائل المشار إليها في الفقرة السابقة، أو تفوه بعبارات منافية للآداب والأخلاق العامة في حق شخص أو مجموعة أشخاص أو هيئة أو عدة هيئات.

## الفصل 308-6

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من ثلاثة أشهر إلى سنة وبغرامة من 1.200 إلى 20.000 درهم أو بإحدى هاتين العقوبتين فقط، كل من ألقى عمدا أثناء مباريات أو تظاهرات رياضية على شخص آخر أو عدة أشخاص أو على مكان وجود الجمهور أو اللاعبين، أو داخل الملعب أو الحلبة أو المضمار الرياضي، أحجارا أو مواد صلبة أو سائلة أو قاذورات أو مواد حارقة أو أية أداة أو مادة أخرى من شأنها إلحاق ضرر بالغير أو بالمنشآت، أو قام بأعمال عنف من شأنها الإخلال بسير مباراة أو تظاهرة رياضية، أو منع أو عرقل إجراءها بأية وسيلة كانت.

## الفصل 308-7

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من شهرين إلى ستة أشهر وبغرامة من 1.200 إلى 10.000 درهم أو بإحدى هاتين العقوبتين فقط، كل من عيب أو أتلف، بأية وسيلة كانت، تجهيزات الملاعب أو المنشآت الرياضية.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

## الفصل 308-8

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بغرامة من 5.000 إلى 50.000 درهم، المسؤولون عن تنظيم الأنشطة الرياضية الذين لم يتخذوا التدابير المنصوص عليها في القانون أو في النصوص التنظيمية أو في أنظمة الهيئات الرياضية، المقررة لمنع أعمال العنف أثناء المباريات والتظاهرات الرياضية إذا نتج عن ذلك أعمال عنف.

يعاقب بنفس العقوبة الأشخاص الموكول إليهم تنفيذ التدابير المشار إليها في الفقرة السابقة إذا ترتب عن إهمالهم أو تهاونهم في القيام بها أعمال عنف.

## الفصل 308-9

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من شهر إلى ثلاثة أشهر وبغرامة من 1.200 إلى 5.000 درهم أو بإحدى هاتين العقوبتين فقط، كل من دخل أو حاول الدخول إلى ملعب أو مكان عمومي تجري به أو تبث فيه مباراة أو تظاهرة رياضية وهو يحمل، دون سبب مشروع، سلاحا بمفهوم الفصل 303 من هذا القانون أو شيئا به أشعة لازر أو مادة حارقة أو قابلة للاشتعال أو أية أداة أو مادة أخرى يمكن استعمالها في ارتكاب العنف أو الإيذاء أو في تعييب أو إتلاف منشآت أو أداة تحظر حيازتها بمقتضى القانون أو الأنظمة الرياضية.

## الفصل 308-10

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بغرامة من 1.200 إلى 10.000 درهم، كل من دخل أو حاول الدخول وهو في حالة سكر أو تحت تأثير مخدر أو مؤثرات عقلية أو يحمل مواد مسكرة أو مؤثرات عقلية إلى ملعب أو قاعة للرياضة أو إلى أي مكان عمومي تجري به أو تبث فيه مباراة أو تظاهرة رياضية.

## الفصل 308-11

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بغرامة من 1.200 إلى 5.000 درهم، كل من دخل أو حاول الدخول باستعمال القوة أو التدليس إلى ملعب أو قاعة للرياضة أو أي مكان تجري فيه مباراة أو تظاهرة رياضية.

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بنفس العقوبة كل من دخل أو حاول الدخول إلى أرضية ملعب أو حلبة أو مضمار، بدون سبب مشروع، أثناء جريان مباراة أو تظاهرة رياضية.

## الفصل 308-12

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بغرامة من 1.200 إلى 10.000 درهم، كل من قام ببيع تذاكر المباريات أو التظاهرات الرياضية بسعر أعلى أو أقل من السعر المحدد لبيعها من طرف الهيئات التي لها حق تحديد أسعارها أو بدون ترخيص منها.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

## الفصل 308-13

ترفع الغرامات المحددة في الفصول 308-1 إلى 308-12 أعلاه إلى مبلغ يتراوح بين ضعف الغرامة وخمسة أضعافها، إذا كان مرتكب الجريمة شخصا معنويا.

## الفصل 308-14

تضاعف العقوبة في حالة العود بالنسبة لمرتكبي الجرائم المنصوص عليها في الفصول 308-1 إلى 308-12 أعلاه.

يوجد في حالة عود كل من سبق الحكم عليه من أجل إحدى الأفعال المنصوص عليها في الفصول 308-1 إلى 308-12 أعلاه، بحكم حائز لقوة الشيء المقضي به ثم ارتكب جنحة مماثلة قبل مضي خمس سنوات من تمام تنفيذ تلك العقوبة أو تقادمها.

تعتبر جنحا متماثلة لتطبيق هذا المقتضى جميع الجنح المنصوص عليها في هذا الفرع.

## الفصل 308-15

يجوز للمحكمة أن تحكم في حالة الإدانة من أجل إحدى الجرائم المنصوص عليها في الفصول 308-1 إلى 308-12 أعلاه بالمصادرة لفائدة الدولة، مع حفظ حقوق الغير حسن النية، الأدوات والأشياء التي استعملت أو كانت ستستعمل في ارتكاب الجريمة أو التي تحصلت منها، وكذلك المنح وغيرها من الفوائد التي كوفئ بها مرتكب الجريمة أو كانت معدة لمكافأته.

## الفصل 308-16

يجوز للمحكمة أن تأمر بنشر المقرر الصادر بالإدانة طبقا لأحكام الفصل 48 من هذا القانون أو بثه بمختلف الوسائل السمعية البصرية أو بتعليقه.

## الفصل 308-17

يجوز للمحكمة أن تأمر بحل الشخص المعنوي في حالة صدور مقرر بإدانته من أجل إحدى الجرائم المنصوص عليها في هذا الفرع.

## الفصل 308-18

يجوز للمحكمة أن تحكم، علاوة على العقوبات المنصوص عليها في الفصول 308-1 إلى 308-12 من هذا القانون، على الشخص المدان بالمنع من حضور المباريات والتظاهرات الرياضية لمدة لا يمكن أن تتجاوز سنتين مع إمكانية شمول هذا التدبير بالنفاذ المعجل.

يجوز للمحكمة أيضا إلزام المعني بالأمر بملازمة محل إقامته أو مكان آخر، أو تكليفه بالتردد على مركز الأمن أو السلطة المحلية، وذلك خلال وقت إجراء المباريات أو التظاهرات الرياضية التي منع من حضورها.

يعاقب على مخالفة أحكام الفقرتين الأولى والثانية بالعقوبة المقررة في الفصل 318 من هذا القانون.

تبلغ النيابة العامة مقرر المنع من حضور المباريات أو التظاهرات الرياضية إلى السلطات والهيئات المشار إليها في الفصل 308-19 أدناه قصد العمل على تنفيذه.

## الفصل 308-19

يعهد إلى السلطة الحكومية المكلفة بالرياضة والجامعات والأندية الرياضية واللجنة المحلية لمكافحة العنف بالملاعب الرياضية المحدثة بنص خاص والسلطات والقوات العمومية وضباط الشرطة القضائية – كل فيما يخصه – بتنفيذ المقررات الصادرة عن المحكمة بالمنع من حضور المباريات أو التظاهرات الرياضية.

# الفرع 3: في الهروب

(الفصول 309 – 316)

## الفصل 309

يعاقب بالحبس من شهر واحد إلى ثلاثة من كان معتقلا أو مقبوضا عليه قانونا بمقتضى حكم أو أمر قضائي من أجل جناية أو جنحة ثم هرب أو حاول الهروب من المكان المخصص للاعتقال بأمر السلطة المختصة أو من مكان الشغل أو أثناء نقله.

ويعاقب المتهم بالحبس من سنتين إلى خمس سنوات إذا كان الهروب أو محاولته قد وقع باستعمال العنف ضد الأشخاص أو بتهديدهم أو بواسطة الكسر أو نقب السجن.

## الفصل 310

العقوبات المحكوم بها طبقا لمقتضيات الفصل السابق، ضد المعتقل الهارب أو محاول الهروب، تنفذ، استثناء من حكم الفصل 120 بالإضافة إلى أية عقوبة مؤقتة سالبة للحرية وقعت عليه من أجل الجريمة التي كانت سببا في القبض أو الاعتقال.

وإذا انتهت الإجراءات بأمر أو قرار بعدم المتابعة أو بحكم بالبراءة أو الإعفاء فإن مدة الحبس الاحتياطي التي قضاها المتهم من أجل تلك الجريمة الأصلية، لا تخصم من مدة العقوبة المحكوم بها من أجل الهروب أو محاولته.

## الفصل 311

إن الرؤساء أو المأمورين، سواء في الدرك الملكي أو في القوات المسلحة أو الشرطة، المكلفين بمراقبة السجناء أو بحراسة المراكز، وكذلك الموظفين بإدارة السجون وغيرهم من المكلفين بالحراسة أو بنقل المسجونين، يعاقبون بالحبس من شهر واحد إلى سنتين، إذا حصل منهم إهمال مكن أو سهل الهروب.

## الفصل 312

يعتبر مرتكبا لجريمة التواطؤ على الهروب ويعاقب بالحبس من سنتين إلى خمس كل شخص ممن أشير إليهم في الفصل السابق، مكن أو ساعد على هروب أحد المسجونين أو حاول ذلك، ولو بغير علم السجين، بل ولو لم يقع الهروب فعلا أو محاولته من طرف السجين، وتطبق نفس العقوبة ولو كانت المساعدة على الهروب قد وقعت بعمل سلبي متعمد.

ويمكن أن تصل العقوبة إلى الضعف إذا كانت المساعدة قد تضمنت التزويد بسلاح.

وفي جميع الحالات يجب، علاوة على ذلك، أن يحكم على مرتكب الجريمة بالحرمان من مباشرة جميع الوظائف أو الخدمات العامة مدة لا تتجاوز عشر سنين.

## الفصل 313

يعاقب بالحبس من شهر واحد إلى ستة أشهر وبالغرامة من مائتين[123] إلى خمسمائة درهم، كل شخص غير من أشير إليهم في الفصل 311 مكن أو سهل هروبا أو حاول ذلك ولو لم يتحقق الهروب.

وإذا حصلت رشوة الحراس أو تواطؤ معهم فإن الحبس يكون من ستة أشهر إلى سنتين والغرامة من مائتين وخمسين إلى ألف درهم.

وإذا حصلت المساعدة على الهروب بواسطة التزويد بالسلاح، فإن الحبس يكون من سنتين إلى خمس والغرامة من مائتين وخمسين إلى ألفي درهم.

## الفصل 314

جميع الأشخاص الذين مكنوا من الهروب أو سهلوه عن علم يجب أن يحكم عليهم متضامنين بدفع التعويضات المستحقة للمجني عليه أو لذوي حقوقه في مقابل الأضرار الناتجة عن الجريمة التي كان الهارب محبوسا من أجلها.

---

[123] - انظر الهامش المضمن في الفصل 111 أعلاه.

### الفصل 315

من حكم عليه من أجل تسهيل الهروب أو محاولته بعقوبة الحبس لأكثر من ستة أشهر يمكن أن يحكم عليه، زيادة على ذلك، بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40، وبالمنع من الإقامة الذي لا يتجاوز خمس سنوات.

### الفصل 316

فيما عدا الحالات التي تنطبق عليها عقوبات أشد، بسبب التواطؤ على الهروب، يعاقب بالحبس من شهر إلى ثلاثة أشهر كل من أعطى لمسجون، أو أوصل إليه أو حاول إعطاءه وإيصاله في أي مكان وجد فيه، مبالغ نقدية أو رسائل أو أشياء من أي نوع، مخالفا بذلك النظم التي سنتها إدارة السجون أو التي أقرت العمل بها.

ويعاقب بنفس العقوبة إخراج أو محاولة إخراج مبالغ نقدية أو رسائل أو أشياء من أي نوع من طرف مسجون، إذا وقع ذلك خرقا للنظم المشار إليها.

وإذا كان الجاني أحد الأشخاص المشار إليهم في الفصل 311، أو ممن تبيح لهم وظائفهم الاتصال بالمسجونين بأي صفة كانت، فإن العقوبة تكون الحبس من ثلاثة أشهر إلى سنة.

## الفرع 4: في خرق الإقامة الإجبارية وعدم مراعاة تدابير الوقاية

(الفصول 317 – 325)

### الفصل 317

من كان قد حكم عليه بالإقامة الإجبارية كعقوبة جنائية أصلية وفقا للفصل 25، ثم غادر المكان أو المنطقة المحددة لإقامته دون إذن من السلطة المختصة يعاقب بالحبس من سنة إلى خمس سنوات.

### الفصل 318

إذا ارتكب الجريمة المشار إليها في الفصل السابق محكوم عليه بالإقامة الإجبارية كتدبير وقائي طبقا للفصل 61، فإنه يعاقب بالحبس من ستة أشهر إلى سنتين.

### الفصل 319

من كان قد فرض عليه المنع من الإقامة، وأخطر بذلك بالطريق القانوني، ثم ظهر في أحد الأمكنة المحظورة عليه، يعاقب بالحبس من ستة أشهر إلى سنتين.

المملكة المغربية            وزارة العدل والحريات            مديرية التشريع

## الفصل 320

من صدر ضده حكم أو أمر بالإيداع القضائي في مؤسسة لعلاج الأمراض العقلية طبقا للفصلين 78 و79 أو الفصل 136 بناء على قرار بثبوت مسؤوليته الناقصة، ثم تهرب من تنفيذ هذا التدبير، يعاقب بالحبس من ثلاثة أشهر إلى سنة وغرامة من مائتين[124] إلى خمسمائة درهم.

## الفصل 321

من كان قد صدر في حقه قرار بالوضع في مؤسسة علاجية، تطبيقا لأحكام الفصل 80، ثم تهرب من تنفيذ هذا التدبير، فإنه يعاقب بالحبس من شهر واحد إلى ستة أشهر وغرامة من مائتين[125] إلى خمسمائة درهم.

ويبدأ تنفيذ عقوبة الحبس التي يحكم بها في هذه الحالة عقب انقضاء مدة الوضع وتضاف إلى عقوبة الحبس التي قد يكون محكوما عليه بها طبقا للفصل 81.

## الفصل 322

من كان قد صدر في حقه قرار بالوضع القضائي في مؤسسة فلاحية، تطبيقا لأحكام الفصل 83، ثم تهرب من تنفيذ هذا التدبير يعاقب بالحبس من شهرين إلى سنة.

وتنفذ عقوبة الحبس المحكوم بها في هذه الحالة فورا، ولا تخصم مدتها من فترة الوضع المفروضة على المتهرب.

## الفصل 323

من كان قد حرم من مزاولة الوظائف أو الخدمات العمومية، ولو بصفة مؤقتة، تطبيقا لأحكام الفصل 86، ثم تهرب من تنفيذ هذا التدبير فإنه يعاقب بالعقوبات المقررة في الفصل 262.

وتطبق نفس العقوبة على من يتهرب من تنفيذ تدبير بالحرمان من مزاولة مهنة أو عمل أو فن متى كان هذا التدبير محكوما به، تطبيقا لأحكام الفصل 87.

## الفصل 324

كل شخص، ممن أشير إليهم في الفقرة الثانية من الفصل 90، خرق أحكام تلك الفقرة، مخالفا بذلك القرار الصادر بإغلاق مؤسسة تجارية أو صناعية، يعاقب بالحبس من شهر واحد إلى ستة أشهر وغرامة من مائتين إلى ألفي درهم.

---

**124** - نفس الإحالة.

**125** - نفس الإحالة.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

### الفصل 325

من تعمد عن علم إزالة أو إخفاء أو تمزيق إعلان وضع بمقتضى أمر قضائي صادر طبقا للفصل 48، سواء كان ذلك كليا أو جزئيا، يعاقب بالحبس من ستة أيام إلى شهر وغرامة من مائتين[126] إلى مائتين وخمسين درهما.

ويعاد من جديد تنفيذ ما تضمنه الحكم المتعلق بالإلصاق، تنفيذا كاملا على نفقة المحكوم عليه.

## الفرع 5: في التسول والتشرد

(الفصول 326 – 333)

### الفصل 326

يعاقب بالحبس من شهر واحد إلى ستة أشهر من كانت لديه وسائل التعيش أو كان بوسعه الحصول عليها بالعمل أو بأية وسيلة مشروعة، ولكنه تعود ممارسة التسول في أي مكان كان.

### الفصل 327

يعاقب بالحبس من ثلاثة أشهر إلى سنة كل متسول، حتى ولو كان ذا عاهة أو معدما، استجدى بإحدى الوسائل الآتية:

1 ـ استعمال التهديد.

2 ـ التظاهر بالمرض أو ادعاء عاهة.

3 ـ تعود استصحاب طفل صغير أو أكثر من غير فروعه.

4 ـ الدخول إلى مسكن أو أحد ملحقاته، دون إذن مالكه أو شاغله.

5 ـ التسول جماعة، إلا إذا كان التجمع مكونا من الزوج وزوجته أو الأب والأم وأولادهما الصغار، أو الأعمى أو العاجز ومن يقودهما.

### الفصل 328

يعاقب بالعقوبة المشار إليها في الفصل السابق من يستخدم في التسول، صراحة أو تحت ستار مهنة أو حرفة ما، أطفالا يقل سنهم عن ثلاثة عشر عاما.

---

**126** ـ نفس الإحالة.

### الفصل 329

يعد متشردا ويعاقب بالحبس من شهر واحد إلى ستة أشهر من ليس له محل إقامة معروف ولا وسائل للتعيش ولا يزاول عادة أية حرفة أو مهنة، رغم قدرته على العمل، إذا لم يثبت أنه طلب عملا ولم يجده أو إذا ثبت أنه عرض عليه عمل بأجر فرفضه.

### الفصل 330

يعاقب بالحبس من ستة أشهر إلى سنتين الأب أو الأم أو الوصي أو المقدم أو الكافل أو المشغل، وعلى العموم كل من له سلطة على طفل أو من كان يقوم برعايته، إذا سلم، ولو بدون مقابل، الطفل أو اليتيم المكفول أو الطفل المهمل الخاضع للكفالة أو المتعلم الذي تقل سنه عن ثمان عشرة سنة إلى متشرد أو متشردين أو متسول أو متسولين.

تطبق نفس العقوبة على كل من سلم الطفل أو اليتيم المكفول أو الطفل الخاضع للكفالة أو المتعلم الذي تقل سنه عن ثمان عشرة سنة أو حمل غيره على تسليمه إلى متسول أو متسولين أو متشرد أو متشردين أو حرضه على مغادرة مسكن أهله أو الوصي عليه أو المقدم عليه أو كافله أو مشغله أو الشخص الذي يقوم برعايته، ليتبع متسولا أو متسولين أو متشردا أو متشردين[127].

### الفصل 331

يعاقب بالحبس من سنة إلى ثلاث سنوات كل متسول، ولو كان من ذوي العاهات، وكل متشرد، يوجد حاملا أسلحة أو مزودا بأدوات أو أشياء مما يستعمل لارتكاب جنايات أو جنح.

### الفصل 332

يعاقب بالحبس من سنة إلى خمس سنوات كل متشرد يرتكب أو يحاول ارتكاب أي فعل من أفعال العنف على الأشخاص أيا كان نوعه، إلا إذا كان يستحق عقوبة أشد بسبب طبيعة هذه الأعمال، تطبيقا لنص قانوني آخر.

### الفصل 333

يجوز الحكم بالمنع من الإقامة مدة خمس سنوات على مرتكبي الجرائم المشار إليها في الفصلين 331 و332.

---

**127** - تم تتميم هذا الفصل بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

# الباب السادس: في التزوير والتزييف والانتحال

(الفصول 334 – 391)

## الفرع 1: في تزييف أو تزوير النقود أو سندات القرض العام

(الفصول 334 – 341)

### الفصل 334

يعاقب بالسجن المؤبد كل من زيف أو زور أو غير أحد الأشياء الآتية:

نقودا معدنية أو أوراقا نقدية متداولة قانونا بالمملكة المغربية أو الخارج؛

أوراقا مالية، أذونات أو سندات، تصدرها الخزينة العامة وتحمل طابعها أو علامتها، أو قسائم الفوائد المتعلقة بتلك الأوراق المالية أو الاذونات أو السندات.

### الفصل 335

يعاقب بالعقوبة المشار إليها في الفصل السابق كل من ساهم، بأية وسيلة كانت، في إصدار النقود، أو الأوراق المالية أو الاذونات أو السندات المشار إليها في الفصل السابق، أو في توزيعها أو بيعها أو في إدخالها إلى المملكة.

### الفصل 336

يعفى من العقوبة بالشروط المنصوص عليها في الفصول 143 إلى 145، أي واحد من مرتكبي الجنايات المشار إليها في الفصلين السالفين إذا أشعر بها السلطات العامة وكشف عن شخصية مرتكبيها وذلك قبل تمام تلك الجنايات وقبل إجراء أية متابعة فيها، وكذلك من مكن السلطة من اعتقال الجناة الآخرين، ولو لم يفعل ذلك إلا بعد ابتداء المتابعة.

ويجوز مع ذلك أن يحكم بالمنع من الإقامة من خمس سنوات إلى عشرين سنة على من أعفي من العقاب طبقا لهذا الفصل.

### الفصل 337

يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات من لون نقودا متداولة قانونا بالمغرب أو بالخارج، وذلك بقصد تضليل الناس في طبيعة المعدن، أو من أصدر أو أدخل نقودا ملونة بهذه الكيفية إلى المملكة.

ويعاقب بنفس العقوبة كل من ساهم في إصدار أو إدخال النقود الملونة المشار إليها.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 338

لا عقاب على من تسلم نقودا معدنية أو أوراقا نقدية مزيفة أو مزورة أو مغيرة أو ملونة، إذا تسلمها على اعتبار أنها صحيحة، ثم أعادها للتداول وهو لازال يجهل عيوبها.

أما من يعيد تلك النقود إلى التداول بعد أن اكتشف عيبها، فإنه يعاقب بالحبس من شهر واحد إلى ستة أشهر وبغرامة تساوي أربعة أمثال النقد الذي أعاده إلى التداول.

## الفصل 339

صنع العملات التي تقوم مقام النقود المتداولة قانونا وكذلك إصدارها أو توزيعها أو بيعها أو إدخالها إلى المملكة، يعاقب عليه بالحبس من سنة إلى خمس سنوات وغرامة من خمسمائة إلى عشرين ألف درهم.

## الفصل 340

من صنع أو اقتنى أو حاز أو أعطى مواد أو أدوات مخصصة لصنع أو تزييف أو تغيير النقود أو سندات القروض العامة يعاقب بالحبس من سنتين إلى خمس سنوات وغرامة من مائتين وخمسين إلى خمسة آلاف درهم إلا إذا كان الفعل يكون جريمة أشد.

## الفصل 341

في الجرائم المشار إليها في الفصول 334 و338 إلى 340، يجب على المحاكم أن تقضي بالمصادرة المشار إليها في الفصول 43 و44 و89.

## الفرع 2: في تزييف أختام الدولة والدمغات والطوابع والعلامات

(الفصول 342 – 350)

## الفصل 342

يعاقب بالسجن المؤبد من زيف خاتم الدولة أو استعمل هذا الخاتم المزيف. ويسري العذر المعفي من العقاب المنصوص عليه في الفصل 336 على مرتكبي الجناية المشار إليها في الفقرة السالفة.

## الفصل 343

يعاقب بالسجن من خمس إلى عشرين سنة، من زيف أو زور واحدا أو أكثر من الطوابع الوطنية أو واحدة أو أكثر من علامات الدولة المستخدمة للحدود الغابوية أو واحدة أو أكثر من دمغات الذهب أو الفضة، وكذلك من يستعمل الطوابع أو الأوراق أو العلامات أو الدمغات المزيفة أو المزورة.

المملكة المغربية        وزارة العدل والحريات        مديرية التشريع

## الفصل 344

يعاقب بالسجن من خمس إلى عشرين سنة من حصل، بدون حق، على أحد الطوابع أو العلامات أو الدمغات الحقيقية للدولة، المشار إليها في الفصل السابق، ثم استعملها أو استخدمها استخداما يضر بحقوق الدولة أو مصالحها.

## الفصل 345

في غير الأحوال التي يكون فيها الفعل جريمة أشد، يعاقب بالحبس من شهر إلى ستة أشهر، وغرامة من مائتين[128] إلى ألف درهم أو بإحدى هاتين العقوبتين فقط، من يرتكب أحد الأفعال الآتية:

1 - صنع خاتم أو طابع أو علامة للدولة أو لإحدى السلطات العامة، دون أمر كتابي ممن يمثلها بتفويض رسمي؛

2 - صنع أو إحراز أو توزيع أو شراء أو بيع الطوابع أو الأختام أو العلامات التي يمكن أن تختلط مع أختام الدولة أو إحدى السلطات ولو لبلد أجنبي.

## الفصل 346

يعاقب بالحبس من سنة إلى خمس سنوات، وغرامة من مائتين وخمسين إلى عشرة آلاف درهم:

1 - من يزيف العلامات المخصصة لوضعها باسم الحكومة، أو إحدى المصالح العامة، على مختلف أنواع المواد الغذائية أو البضائع، وكذلك من يستعمل هذه العلامات المزيفة؛

2 - من يزيف خاتما أو طابعا أو علامة لإحدى السلطات، وكذلك من يستعمل هذه الأختام أو الطوابع أو العلامات المزيفة؛

3 - من يزيف أوراقا مطبوعة العنوان أو المطبوعات ذات الصفة الرسمية، والتي تستعمل في المجالس التي يوجدها الدستور أو الإدارات العامة أو المحاكم المختلفة، وكذلك من يبيع أو يروج أو يوزع أو يستعمل هذه الأوراق أو المطبوعات المزيفة بهذه الصورة؛

4 - من يزيف أو يزور طوابع البريد أو شارات الأداء أو قسائم الرد التي تصدرها إدارة البريد أو الطوابع المالية المنفصلة أو الأوراق أو النماذج ذات الطوابع وكذلك من يبيع أو يروج أو يوزع أو يستعمل، عن علم، هذه الطوابع أو الشارات أو القسائم أو الأوراق أو النماذج ذات الطوابع، المزيفة أو المزورة.

ويجوز أن يحكم على المتهم، علاوة على ذلك، بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة لمدة لا تزيد عن خمس سنوات.

---

**128** - انظر الهامش المضمن في الفصل 111 أعلاه.

ويعاقب على المحاولة في تلك الجرائم بعقوبة الجريمة التامة.

## الفصل 347

يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين وخمسين إلى خمسة آلاف درهم من كان قد حصل، بغير حق، على خاتم حقيقي أو علامة أو مطبوعات، مما أشير إليه في الفصل السابق، ثم استعمله أو حاول استعماله أو استخدامه بطريق الغش.

ويمكن الحكم على مرتكب الجريمة، فضلا عن ذلك، بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة لمدة لا تتجاوز خمس سنين.

## الفصل 348

يعاقب بالحبس من شهرين إلى سنة واحدة وغرامة من مائتين[129] إلى ألف درهم:

1 - من استعمل عن علم طابع بريد أو طوابع منفصلة أو أوراقا أو نماذج ذات طابع، سبق استعمالها، وكذلك من غير في طوابع بأي وسيلة كانت، بقصد تفادي إبطالها والتمكن من إعادة استعمالها فيما بعد؛

2 - من زاد في قيمة طوابع البريد المغربية أو أية أوراق ذات قيم نقدية بريدية سواء كانت صالحة أو أبطلت، وذلك بواسطة الطبع عليها أو تخريمها، أو أية وسيلة أخرى، وكذلك من يبيع أو يروج أو يعرض أو يوزع أو يصدر طوابع بريدية، زيد في قيمتها بهذه الطريقة؛

3 - من زيف أو أصدر أو غير علامات الأداء أو الطوابع أو شارات الأداء أو قسائم الرد التي تصدرها إدارة البريد في بلد أجنبي، وكذلك من يبيع أو يروج أو يوزع مثل هذه العلامات أو الطوابع أو الشارات أو القسائم ومن يستعملها عن علم.

## الفصل 349

يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين[130] إلى ألفي درهم أو بإحدى هاتين العقوبتين فقط:

1 - من صنع أو باع أو روج أو وزع أشياء أو مطبوعات أو نماذج حصل عليها بأية وسيلة كانت، إذا كان شكلها الخارجي يوحي بتشابه بينها وبين النقود المعدنية أو الأوراق النقدية المتداولة قانونا، في المغرب أو في الخارج، أو بينها وبين سندات المعاش المرتب أو علامات أو طوابع إدارة البريد والبرق والتليفون، أو مؤسسات الاستغلال المباشر للدولة أو أوراق أو نماذج ذات طوابع أو أسهم أو سندات أو حصص الفوائد أو قسائم الأرباح أو قسائم الفوائد المتعلقة بها، وعلى العموم، إذا وجد التشابه مع أوراق ذات قيمة مالية تصدرها الدولة أو البلديات أو المؤسسات العمومية أو الشركات أو المؤسسات أو المشروعات الخاصة، متى

---

**129** - نفس الإحالة.

**130** - نفس الإحالة.

كان هذا التشابه من شأنه أن يسهل قبول هذه الأشياء أو المطبوعات أو النماذج، بدلا من القيم المقلدة؛

2 - من صنع أو باع أو روج أو وزع أو استعمل مطبوعات، إذا كان من حيث حجمها أو لونها أو عباراتها أو محتوياتها المطبوعة أو أي صفة من صفاتها يوجد بينها وبين الأوراق المطبوعة العناوين أو المطبوعات الرسمية المستعملة في المجالس التي ينشئها الدستور أو الإدارات العامة أو الهيئات القضائية المختلفة، تشابه من شأنه أن يحدث لبسا في نفوس الجمهور.

## الفصل 350

في جميع الجرائم المنصوص عليها في هذا الفرع، يجب على المحاكم حتما أن تقضي بالمصادرة المشار إليها في الفصول 43 و44 و89.

## الفرع 3: في تزوير الأوراق الرسمية أو العمومية

(الفصول 351 – 356)

## الفصل 351

تزوير الأوراق هو تغيير الحقيقة فيها بسوء نية، تغييرا من شأنه أن يسبب ضررا متى وقع في محرر بإحدى الوسائل المنصوص عليها في القانون.

## الفصل 352

يعاقب بالسجن المؤبد كل قاض أو موظف عمومي وكل موثق أو عدل ارتكب، أثناء قيامه بوظيفته، تزويرا بإحدى الوسائل الآتية:

- وضع توقيعات مزورة؛

- تغيير المحرر أو الكتابة أو التوقيع؛

- وضع أشخاص موهومين أو استبدال أشخاص بآخرين؛

- كتابة إضافية أو مقحمة في السجلات أو المحررات العمومية، بعد تمام تحريرها أو اختتامها.

## الفصل 353

يعاقب بالسجن المؤبد كل واحد من رجال القضاء أو الموظفين العموميين أو الموثقين أو العدول ارتكب، بسوء نية، أثناء تحريره ورقة متعلقة بوظيفته، تغييرا في جوهرها أو في ظروف تحريرها، وذلك إما بكتابة اتفاقات تخالف ما رسمه أو أملاه الأطراف المعنيون، وإما بإثبات صحة وقائع يعلم أنها غير صحيحة، وإما بإثبات وقائع على أنها اعترف بها

| محديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

لديه، أو حدثت أمامه بالرغم من عدم حصول ذلك، وإما بحذف أو تغيير عمدي في التصريحات التي يتلقاها.

## الفصل 354

يعاقب بالسجن من عشر إلى عشرين سنة كل شخص، عدا من أشير إليهم في الفصل السابق، يرتكب تزويرا في محرر رسمي أو عمومي بإحدى الوسائل الآتية:

ـ بالتزييف أو التحريف في الكتابة أو التوقيع؛

ـ باصطناع اتفاقات أو تضمينات أو التزامات أو إبراء أو بإضافتها في تلك المحررات بعد تحريرها؛

ـ بإضافة أو حذف أو تحريف الشروط أو التصريحات أو الوقائع التي خصصت تلك المحررات لإثباتها أو الإدلاء بها؛

ـ بخلق أشخاص وهميين أو استبدال أشخاص بآخرين.

## الفصل 355

يعاقب بالحبس من سنة إلى خمس سنوات، وغرامة من مائتين[131] إلى خمسمائة درهم كل شخص ليس طرفا في المحرر، أدلى أمام العدل بتصريحات يعلم أنها مخالفة للحقيقة.

ومع ذلك يتمتع بعذر معفٍ من العقوبة، بالشروط المشار إليها في الفصول 143 إلى 145، من كان قد أدلى، بصفته شاهدا، أمام العدل، بتصريح مخالف للحقيقة، ثم عدل عنه قبل أن يترتب على استعمال المحرر أي ضرر للغير وقبل أية متابعة ضده.

## الفصل 356

يعاقب بالسجن من خمس إلى عشر سنوات من يستعمل الورقة المزورة، في الأحوال المشار إليها في هذا الفرع، مع علمه بتزويرها.

## الفرع 4: في تزوير الأوراق العرفية أو المتعلقة بالتجارة والبنوك

(الفصول 357 – 359)

## الفصل 357

من ارتكب، بإحدى الوسائل المشار إليها في الفصل 354، تزويرا في محرر تجاري أو بنكي، أو حاول ذلك، يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين وخمسين إلى عشرين ألف درهم.

---

**131** ـ نفس الإحالة.

ويجوز علاوة على ذلك، الحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة لمدة لا تزيد على خمس سنوات.

ويجوز أن تصل العقوبة إلى ضعف الحد الأقصى المشار إليه في الفقرة الأولى، إذا كان مرتكب الجريمة صاحب مصرف أو مدير شركة، أو على العموم، شخصا ممن يلجأون إلى الاكتتاب العام بواسطة إصدار الأسهم أو السندات أو الأذونات أو الحصص أو الأوراق المالية أيا كان نوعها، سواء كانت متعلقة بشركة أو مؤسسة تجارية أو صناعية.

## الفصل 358

من ارتكب بإحدى الوسائل المشار إليها في الفصل 354 تزويرا في محرر عرفي، أو حاول ذلك، يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين وخمسين إلى ألفي درهم.

ويجوز علاوة على ذلك، أن يحكم عليه بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة مدة لا تزيد على خمس سنوات.

## الفصل 359

من يستعمل ورقة مزورة في الحالات المشار إليها في هذا الفرع، مع علمه بتزويرها، يعاقب بالعقوبات المقررة للتزوير حسب التفصيلات المنصوص عليها في الفصول السابقة.

## الفرع 5: في تزوير أنواع خاصة من الوثائق الإدارية والشهادات

(الفصول 360 – 367)

## الفصل 360

من زيف أو زور أو غير في الرخص أو الشهادات أو الكتيبات أو البطاقات أو النشرات أو التواصيل أو جوازات السفر أو أوامر الخدمة أو أوراق الطريق أو جوازات المرور، أو أية وثيقة أخرى تصدرها الإدارات العامة إثباتا لحق أو هوية أو صفة أو منح ترخيص، يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين[132] إلى ألف وخمسمائة درهم.

ويجوز علاوة على ذلك، أن يحكم عليه بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40، لمدة لا تقل عن خمس سنوات ولا تزيد على عشر.

ويعاقب على المحاولة بنفس العقوبة المقررة للجريمة التامة.

وتطبق نفس العقوبات على من ارتكب أحد الأفعال الآتية:

---

**132** - نفس الإحالة.

1 ـ استعمال تلك الوثائق المزيفة أو المزورة أو المغيرة المشار إليها مع علمه بذلك؛

2 ـ استعمال إحدى الوثائق المشار إليها في الفقرة الأولى، مع علمه بأن البيانات المضمنة فيها قد أصبحت ناقصة أو غير صحيحة.

## الفصل 361

من توصل، بغير حق، إلى تسلم إحدى الوثائق المشار إليها في الفصل السابق، أو حاول ذلك، إما عن طريق الإدلاء ببيانات غير صحيحة، وإما عن طريق انتحال اسم كاذب أو صفة كاذبة، وإما بتقديم معلومات أو شهادات أو إقرارات غير صحيحة، يعاقب بالحبس من ثلاثة أشهر إلى ثلاث سنوات وغرامة من مائتين[133] إلى ثلاثمائة درهم.

أما الموظف الذي يسلم أو يأمر بتسليم إحدى الوثائق المشار إليها في الفصل 360 لشخص يعلم أنه لا حق له فيها، فإنه يعاقب بالحبس من سنة إلى أربع سنوات وغرامة من مائتين وخمسين إلى ألفين وخمسمائة درهم، ما لم يكن فعله إحدى الجرائم الأشد المعاقب عليها بالفصل 248 وما بعده؛ كما يجوز الحكم عليه، علاوة على ذلك، بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 من خمس سنوات إلى عشر.

وتطبق العقوبات المقررة في الفقرة الأولى على من يستعمل وثيقة حصل عليها في الظروف المشار إليها فيما سبق أو كانت تحمل اسما غير اسمه.

## الفصل 362

أصحاب الغرف أو الأنزال، إذا قيدوا في سجلاتهم أحد النزلاء تحت اسم زائف أو مختلق، وكذلك إذا أغفلوا تقييدهم باتفاق معهم، يعاقبون بالحبس من شهر إلى ستة أشهر وغرامة من مائتين[134] إلى خمسمائة درهم، أو بإحدى هاتين العقوبتين فقط.

وعلاوة على ذلك، فإنهم يكونون مسؤولين مدنيا عن كل ما يستحق من رد أو تعويضات أو مصاريف للمجني عليهم بسبب الجنايات أو الجنح التي يرتكبها هؤلاء الأشخاص أثناء نزولهم عندهم، في الظروف المشار إليها فيما سبق.

## الفصل 363

من يصطنع شهادة بمرض أو عجز تحت اسم أحد الأطباء أو الجراحين أو أطباء الأسنان أو ملاحظي الصحة أو قابلة بقصد أن يعفي نفسه أو يعفي غيره من خدمة عامة أيا كانت، يعاقب بالحبس من سنة إلى ثلاث سنوات.

---

**133** ـ نفس الإحالة.

**134** ـ نفس الإحالة.

### الفصل 364

كل طبيب أو جراح أو طبيب أسنان أو ملاحظ صحي أو قابلة، إذا صدر منه، أثناء مزاولة مهنته وبقصد محاباة شخص ما، إقرار كاذب أو فيه تستر على وجود مرض أو عجز أو حالة حمل، أو قدم بيانات كاذبة عن مصدر المرض أو العجز أو سبب الوفاة، يعاقب بالحبس من سنة إلى ثلاث سنوات، ما لم يكون فعله جريمة أشد، مما نص عليه في الفصل 248 وما بعده.

ويجوز علاوة على ذلك، أن يحكم عليه بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 من خمس سنوات إلى عشر.

### الفصل 365

من اصطنع، تحت اسم موظف عمومي أو مكلف بخدمة عامة، شهادة بحسن السيرة أو العدم أو شهادة تتضمن أية ظروف من شأنها أن تجلب عطف السلطات العامة أو عطف الأفراد على الشخص المذكور فيها، أو أن تمكنه من الحصول على عمل أو قرض أو إعانة، يعاقب بالحبس من ستة أشهر إلى سنتين.

ويعاقب بنفس العقوبة:

1 - من زور شهادة صحيحة الأصل، من الشهادات المشار إليها، وذلك بقصد جعلها سارية على شخص غير من صدرت له في الأصل.

2 - من استعمل عن علم شهادة مصطنعة أو مزورة على النحو السالف الذكر.

وإذا اصطنعت الشهادة تحت اسم فرد غير موظف فإن صنعها أو استعمالها يعاقب عليه بالحبس من شهر إلى ستة شهور.

### الفصل 366

يعاقب بالحبس من ستة أشهر إلى سنتين وغرامة من مائتين[135] إلى ألف درهم أو بإحدى هاتين العقوبتين فقط، ما لم يكون الفعل جريمة أشد، من:

1 - صنع عن علم إقرارا أو شهادة تتضمن وقائع غير صحيحة؛

2 - زور أو عدل، بأية وسيلة كانت، إقرارا أو شهادة صحيحة الأصل؛

3 - استعمل عن علم إقرارا أو شهادة غير صحيحة أو مزورة.

---

**135** - نفس الإحالة.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 367

جرائم التزوير المعاقب عليها في هذا الفرع، إذا ارتكبت أضرارا بالخزينة العامة أو بالغير، يعاقب عليها، بحسب ما يناسب طبيعتها إما باعتبارها تزويرا في المحررات العامة أو الرسمية، وإما باعتبارها تزويرا في المحررات الخاصة أو التجارية أو البنكية.

## الفرع 6: في شهادة الزور واليمين الكاذبة والامتناع عن الشهادة

(الفصول 368 – 379)

## الفصل 368

شهادة الزور هي تغيير الحقيقة عمدا، تغييرا من شأنه تضليل العدالة لصالح أحد الخصوم أو ضده، إذا أدلى بها شاهد، بعد حلف اليمين، في قضية جنائية أو مدنية أو إدارية، متى أصبحت أقواله نهائية.

## الفصل 369

من شهد زورا في جناية، سواء ضد المتهم أو لصالحه، يعاقب بالسجن من خمس سنوات إلى عشر.

فإذا ثبت أنه تسلم نقودا أو مكافأة من أي نوع كانت، أو حصل على وعد، كانت العقوبة السجن من عشر إلى عشرين سنة.

وإذا حكم على المتهم بعقوبة أشد من السجن الموقت، فإن شاهد الزور الذي شهد ضده يحكم عليه بنفس العقوبة.

## الفصل 370

من شهد زورا في قضية جنحية، سواء ضد المتهم أو لصالحه يعاقب بالحبس من سنتين إلى خمس سنوات وغرامة من مائتين[136] إلى ألف درهم.

فإذا ثبت أن شاهد الزور تسلم نقودا أو مكافأة من أي نوع كانت، أو حصل على وعد فإن عقوبة الحبس يمكن أن تصل إلى عشر سنين، والغرامة إلى ألفي درهم.

## الفصل 371

من شهد زورا في مخالفة، سواء ضد المتهم أو لصالحه، يعاقب بالحبس من ثلاثة أشهر إلى سنة وغرامة من ستين إلى مائة درهم[137].

---

**136** - انظر الهامش المضمن في الفصل 111 أعلاه.

فإذا ثبت أن شاهد الزور تسلم نقودا أو مكافأة من أي نوع كانت، أو حصل على وعد، فالعقوبة الحبس من ستة أشهر إلى سنتين والغرامة من مائتين[138] إلى خمسمائة درهم.

## الفصل 372

من شهد زورا في قضية مدنية أو إدارية يعاقب بالحبس من سنتين إلى خمس سنوات وغرامة من مائتين[139] إلى ألفي درهم.

فإذا ثبت أن شاهد الزور تسلم نقودا أو مكافأة من أي نوع كانت، أو حصل على وعد، فإن عقوبة الحبس يمكن أن تصل إلى عشر سنين والغرامة إلى أربعة آلاف درهم.

ويطبق هذا الفصل على شهادة الزور في قضية مدنية مرفوعة أمام القضاء الزجري تبعا لدعوى عمومية.

## الفصل 373

من استعمل الوعود أو الهبات أو الهدايا أو الضغط أو التهديد أو العنف أو المناورة أو التحايل لحمل الغير على الإدلاء بشهادة أو تصريحات أو تقديم إقرارات كاذبة، في أية حالة كانت عليها الدعوى، أو بقصد إعداد طلبات أو دفوع قضائية، في أية مادة كانت، يعاقب بالحبس من شهر واحد إلى ثلاث سنوات وغرامة من مائتين[140] إلى ألفي درهم أو بإحدى هاتين العقوبتين فقط، سواء أدى تدخله إلى نتيجة أم لا، ما لم يكن فعله مشاركة في جريمة أشد، من الجرائم المعاقب عليها بالفصول 369 و370 و372.

## الفصل 374

المترجم الذي يغير عمدا في جوهر التصريحات الشفوية أو الترجمة الشفوية لوثائق مكتوبة، سواء كان ذلك في المواد الجنائية أو المدنية أو الإدارية، يعاقب بعقوبة شهادة الزور، حسب التفصيلات المشار إليها في الفصول 369 إلى 372.

وإذا وقع التغيير في ترجمة مكتوبة لإحدى الوثائق المعدة لإثبات حق أو واقعة لها نتائج قانونية أو التي يمكن استعمالها لذلك، فإن المترجم يعاقب بعقوبة التزوير في المحررات، حسب التفصيلات المشار إليها في الفصول 352 إلى 359، تبعا لطبيعة الورقة المغيرة.

---

**137** - بعد رفع الحد الأدنى للغرامات الجنحية إلى 200 درهم بمقتضى الفصل الثاني من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، سالف الذكر، أصبح الحد الأدنى للغرامة في هذا الفصل أكبر من الحد الأقصى، ولذلك فإن مبلغ الغرامة في هذه الحالة لا يمكن أن يقل عن الحد الأدنى.

**138** - انظر الهامش المضمن في الفصل 111 أعلاه.

**139** - نفس الإحالة.

**140** - نفس الإحالة.

## الفصل 375

الخبير الذي تعينه السلطة القضائية، إذا قدم شفويا أو كتابيا، في أية مرحلة من مراحل الدعوى، رأيا كاذبا أو قرر وقائع يعلم أنها مخالفة للحقيقة، يعاقب بعقوبة شهادة الزور، حسب التفصيلات المشار إليها في الفصول 369 إلى 372.

## الفصل 376

التأثير على الخبير أو المترجم يعاقب عليه بالعقاب المقرر للتأثير على الشهود، حسب مقتضيات الفصل 373.

## الفصل 377

كل شخص وجهت إليه اليمين أو ردت عليه في المواد المدنية، إذا أدى يمينا كاذبة، يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين[141] إلى ألفي درهم.

## الفصل 378

من كان يعلم دليلا على براءة متهم محبوس احتياطيا، أو مقدم للمحاكمة من أجل جناية أو جنحة، وسكت عمدا عن الإدلاء بشهادته عنه فورا إلى السلطات القضائية أو الشرطة، يعاقب بما يلي:

- الحبس من سنتين إلى خمس سنوات والغرامة من مائتين وخمسين إلى ألف درهم، إذا كان الأمر متعلقا بجناية.

- الحبس من شهر واحد إلى سنتين والغرامة من مائتين[142] إلى خمسة آلاف درهم أو بإحدى هاتين العقوبتين فقط، إذا كان الأمر متعلقا بجنحة تأديبية أو ضبطية.

ولكن لا يعاقب إذا أدى شهادته متأخرا، متى تقدم بها من تلقاء نفسه.

ولا تطبق أحكام هذا الفصل على المتهم في الجريمة موضوع المتابعة ولا على المساهمين أو المشاركين فيها، ولا على أقاربهم، أو أصهارهم إلى الدرجة الرابعة.

## الفصل 379

في الحالة التي تكون فيها العقوبة جنحية فقط، تطبيقا لفصول هذا الفرع، فإن المجرم يمكن أن يحكم عليه علاوة على ذلك، بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 من خمس سنوات إلى عشر.

---

**141** - نفس الإحالة.

**142** - نفس الإحالة.

# الفرع 7: في انتحال الوظائف أو الألقاب أو الأسماء أو استعمالها بدون حق

(الفصول 380 – 391)

## الفصل 380

من تدخل بغير صفة في وظيفة عامة، مدنية كانت أو عسكرية، أو قام بعمل من أعمال تلك الوظيفة، يعاقب بالحبس من سنة إلى خمس سنوات، ما لم يكن فعله جريمة أشد.

## الفصل 381

من استعمل أو ادعى لقبا متعلقا بمهنة نظمها القانون أو شهادة رسمية أو صفة حددت السلطة العامة شروط اكتسابها، دون أن يستوفي الشروط اللازمة لحمل ذلك اللقب أو تلك الشهادة أو تلك الصفة، يعاقب بالحبس من ثلاثة أشهر إلى سنتين وغرامة من مائتين[143] إلى خمسة آلاف درهم، أو بإحدى هاتين العقوبتين فقط، ما لم يوجد نص خاص يقرر عقوبة أشد.

## الفصل 382

من تزيا علنا بغير حق بزي نظامي أو بذلة مميزة لإحدى الوظائف أو الصفات أو بشارة رسمية أو وسام وطني أو أجنبي يعاقب بالحبس من ثلاثة أشهر إلى سنة وغرامة من مائتين[144] إلى ألف درهم، أو بإحدى هاتين العقوبتين فقط، ما لم يكن الفعل ظرفا مشددا في جريمة أشد.

## الفصل 383

من ادعى لنفسه، بغير حق، في ورقة رسمية أو بصفة معتادة، لقبا أو ميزة شرفية، يعاقب بالحبس من شهر إلى شهرين وغرامة من مائتين[145] إلى ألف درهم.

## الفصل 384

من ارتدى علنا بذلة شبه لها بالزي النظامي، من شأنه أن يحدث في نظر الجمهور التباسا بالزي النظامي الخاص بالقوات المسلحة الملكية أو الدرك أو الشرطة العامة أو إدارة الجمارك أو أي موظف يتولى وظيفة الشرطة القضائية أو القوات المساعدة، يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين[146] إلى خمسمائة درهم، أو بإحدى هاتين العقوبتين فقط.

---

143 - نفس الإحالة.

144 - نفس الإحالة.

145 - نفس الإحالة.

146 - نفس الإحالة.

## الفصل 385

من انتحل لنفسه بغير حق اسما غير اسمه الحقيقي في ورقة عامة أو رسمية أو في وثيقة إدارية موجهة إلى السلطة العامة، يعاقب بغرامة من مائتين [147] إلى ألف درهم.

## الفصل 386

من حصل على شهادة من السجل العدلي للسوابق المتعلق بشخص آخر باتخاذ اسم كاذب أو صفة غير صحيحة، يعاقب بالحبس من شهر واحد إلى سنة.

## الفصل 387

من انتحل اسم شخص آخر، في ظروف ترتب عنها، أو كان من شأنها أن يترتب عنها تقييد حكم بالإدانة في السجل العدلي للسوابق لهذا الشخص، يعاقب بالحبس من ستة أشهر إلى خمس سنوات، مع عدم الإخلال بالمتابعة عن جناية التزوير إذا وجد.

ويعاقب بنفس العقوبة من أدلى بتصريحات كاذبة بشأن الحالة المدنية لمتهم وتسبب بذلك، عن علم، في تقييد حكم بالسجل العدلي للسوابق لشخص آخر غير هذا المتهم.

## الفصل 388

في جميع الحالات المنصوص عليها في هذا الفرع، يمكن لقاضي الحكم أن يأمر إما بنشر الحكم كله أو بعضه في الصحف التي يعينها، وإما بإلصاقه في أماكن معينة، وذلك على نفقة المحكوم عليه.

ويجوز له، إذا اقتضى الأمر، أن يأمر بالإشارة إلى الحكم في هامش الورقة الرسمية، أو ورقة الحالة المدنية التي انتحل فيها اللقب أو حرف فيها الاسم بغير حق.

## الفصل 389

يعاقب بغرامة من مائتين [148] إلى خمسة آلاف درهم من يزاول مهنة وكيل تجاري أو مستشار قانوني أو جبائي إذا وضع أو ترك غيره يضع صفته كأحد رجال القضاء السابقين أو رجال القضاء الشرفيين أو المحامين السابقين أو المحامين الشرفيين أو موظف سابق أو موظف شرفي أو رتبة عسكرية في منشورات أو إعلانات أو كراسات أو لافتات أو صفائح أو أوراق معنونة، وعلى العموم، في أي وثيقة أو كتابة مستعملة في نطاق نشاطه المهني.

---

147 - نفس الإحالة.

148 - نفس الإحالة.

المملكة المغربية       وزارة العدل والحريات       مديرية التشريع

### الفصل 390

يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين [149] إلى عشرة آلاف درهم، أو بإحدى هاتين العقوبتين فقط، المؤسسون أو المديرون أو المسيرون لشركة أو مؤسسة تجارية أو صناعية أو مالية، إذا وضعوا، أو تركوا غيرهم يضع اسم أحد أعضاء الحكومة أو أحد أعضاء المجالس، مصحوبا بصفته تلك، في أية دعاية لصالح المؤسسة التي يديرونها أو التي يعتزمون إنشاءها.

### الفصل 391

يعاقب بالعقوبات المنصوص عليها في الفصل السابق المؤسسون والمديرون والمسيرون لشركة أو مؤسسة تجارية أو صناعية أو مالية إذا وضعوا أو تركوا غيرهم يضع اسم عضو سابق في الحكومة أو اسم أحد رجال القضاء الحاليين أو السابقين أو موظف أو موظف سابق أو صاحب اعتبار سام، إذا كان الاسم مصحوبا بتلك الصفة، في أية دعاية لصالح المؤسسة التي يديرونها أو التي يعتزمون إنشاءها.

## الباب السابع: في الجنايات والجنح ضد الأشخاص

(الفصول 392 – 448)

## الفرع 1: في القتل العمد، والتسميم والعنف

(الفصول 392 – 424)

### الفصل 392

كل من تسبب عمدا في قتل غيره يعد قاتلا، ويعاقب بالسجن المؤبد.

لكن يعاقب على القتل بالإعدام في الحالتين الآتيتين:

- إذا سبقته أو صحبته أو أعقبته جناية أخرى؛

- إذا كان الغرض منه إعداد جناية أو جنحة أو تسهيل ارتكابها أو إتمام تنفيذها أو تسهيل فرار الفاعلين أو شركائهم أو تخليصهم من العقوبة.

### الفصل 393

القتل العمد مع سبق الإصرار أو الترصد يعاقب عليه بالإعدام.

---

149 - نفس الإحالة.

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

## الفصل 394

سبق الإصرار هو العزم المصمم عليه، قبل وقوع الجريمة، على الاعتداء على شخص معين أو على أي شخص قد يوجد أو يصادف، حتى ولو كان هذا العزم معلقا على ظرف أو شرط.

## الفصل 395

الترصد هو التربص فترة طويلة أو قصيرة في مكان واحد أو أمكنة مختلفة بشخص قصد قتله أو ارتكاب العنف ضده.

## الفصل 396

من قتل عمدا أحد أصوله يعاقب بالإعدام.

## الفصل 397

من قتل عمدا طفلا وليدا يعاقب بالعقوبات المقررة في الفصلين 392 و393، على حسب الأحوال المفصلة فيهما.

إلا أن الأم، سواء كانت فاعلة أصلية أو مشاركة في قتل وليدها، تعاقب بالسجن من خمس سنوات إلى عشر. ولا يطبق هذا النص على مشاركيها ولا على المساهمين معها.

## الفصل 398

من اعتدى على حياة شخص بواسطة مواد من شأنها أن تسبب الموت عاجلا أو آجلا أيا كانت الطريقة التي استعملت أو أعطيت بها تلك المواد وأيا كانت النتيجة، يعد مرتكبا لجريمة التسميم ويعاقب بالإعدام.

## الفصل 399

يعاقب بالإعدام كل من يستعمل وسائل التعذيب أو يرتكب أعمالا وحشية لتنفيذ فعل يعد جناية.

## الفصل 400

من ارتكب عمدا ضد غيره جرحا أو ضربا أو أي نوع آخر من العنف أو الإيذاء سواء لم ينتج عنه مرض أو عجز عن الأشغال الشخصية أو نتج عنه مرض أو عجز لا تتجاوز مدته عشرين يوما، يعاقب بالحبس من شهر واحد إلى سنة وغرامة من مائتين[150] إلى خمسمائة درهم، أو بإحدى هاتين العقوبتين فقط.

---

**150** - نفس الإحالة.

وفي حالة توفر سبق الإصرار أو الترصد أو استعمال السلاح تكون العقوبة الحبس من ستة شهور إلى سنتين والغرامة من مائتين[151] إلى ألف درهم.

## الفصل 401

إذا كان الجرح أو الضرب أو غيرهما من أنواع العنف أو الإيذاء قد نتج عنه عجز تتجاوز مدته عشرين يوما، فإن العقوبة تكون الحبس من سنة إلى ثلاث سنوات وغرامة من مائتين[152] إلى ألف درهم.

وفي حالة توفر سبق الإصرار أو الترصد أو استعمال السلاح، تكون العقوبة الحبس من سنتين إلى خمس، والغرامة من مائتين وخمسين إلى ألفي درهم.

ويجوز أن يحكم على مرتكب الجريمة، علاوة على ذلك، بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة من خمس سنوات إلى عشر.

## الفصل 402

إذا كان الجرح أو الضرب أو غيرهما من وسائل العنف أو الإيذاء قد نتج عنه فقد عضو أو بتره أو الحرمان من منفعته أو عمى أو عور أو أي عاهة دائمة أخرى، فإن العقوبة تكون السجن من خمس إلى عشر سنوات.

وفي حالة توفر سبق الإصرار أو الترصد أو استعمال السلاح، تكون العقوبة السجن من عشر إلى عشرين سنة.

## الفصل 403

إذا كان الجرح أو الضرب أو غيرهما من وسائل الإيذاء أو العنف قد ارتكب عمدا، ولكن دون نية القتل، ومع ذلك ترتب عنه الموت، فإن العقوبة تكون السجن من عشر إلى عشرين سنة.

وفي حالة توفر سبق الإصرار أو الترصد أو استعمال السلاح، تكون العقوبة السجن المؤبد.

## الفصل 404

يعاقب كل من ارتكب عمدا ضربا أو جرحا أو أي نوع آخر من العنف أو الإيذاء ضد أحد أصوله أو ضد كافله أو ضد زوجه كما يلي[153]:

---

**151** - نفس الإحالة.

**152** - نفس الإحالة.

**153** - تم تتميم هذا الفصل بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

1 ـ في الحالات المنصوص عليها في الفصلين 400 و401، ضعف العقوبة المقررة لكل حالة، حسب التفصيلات المشار إليها فيهما.

2 ـ في الحالة المنصوص عليها في الفقرة الأولى من الفصل 402، السجن من عشر إلى عشرين سنة. أما في الحالة المنصوص عليها في الفقرة الثانية، فهي السجن من عشرين إلى ثلاثين سنة.

3 ـ في الحالة المنصوص عليها في الفقرة الأولى من الفصل 403، السجن من عشرين إلى ثلاثين سنة. أما في الحالة المنصوص عليها في الفقرة الثانية، فهي السجن المؤبد.

**القتل العمد**

| الإعدام | السجن المؤبد<br>( الفصل 392ـفقرة 1) |
|---|---|
| سبقته أو صحبته أو أعقبته جناية أخرى.<br>ارتكابه لإعداد أو تسهيل أو إتمام تنفيذ جنايـــة أخرى أو جنحة .<br>ارتكابه لتسهيل فرار مرتكبي الجريمة أو مشاركيهم أو لتخليصهم من العقاب،<br>الفصل 392 فقرة 2.<br>مع سبق الإصرار أو الترصد، الفصل 393.<br>قتل أحد الأصول، الفصل 396.<br>استعمال التعذيب أو ارتكاب عمل وحشي (عند اقتراف جناية )، الفصل 399.<br>التسميم، الفصل 398. | القتل العمد بدون ظرف مشدد |

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

**الباب الخامس – الجرائم ضد الأشخاص**

| الأصناف (أو المادة في القانون الجنائي) (المادة 404) | العقوبات الحالية | نوع الجريمة | العقوبة الحبسية القصوى (المواد 400 و 2) | طبيعة الأفعال المجرمة (المواد 395-394) | ملاحظات |
|---|---|---|---|---|---|
| | الجنحة (المادة 20 إلى 608) تأديبية من 200 إلى 15 درهم | مخالفة | | | جريمة جنحية |
| العقوبة في المادة 404 (الفقرة 1) | الغرامة (المادة 400) (الفقرة 1) من 200 إلى 500 درهم | جنحة ضبطية | | جنحة | |
| العقوبة في المادة 404 (الفقرة 1) | الحبس (المادة 400) من 200 إلى 1.000 درهم | جنحة ضبطية | | جنحة | |
| العقوبة في المادة 404 (الفقرة 1) | الحبس (المادة 2) من 1.000 درهم من 250 إلى 200 درهم | جنحة تأديبية (المادة 401 الفقرة 3) | نعم (المادة 400 2 درهم) | نعم | |
| العقوبة في المادة 404 (الفقرة 2) | الحبس (المادة 402) (الفقرة 1) من 40 إلى 2.000 درهم | جنحة | نعم | نعم | |
| العقوبة في المادة 404 (الفقرة 2) | الحبس (المادة 402) (الفقرة 2) | جنحة | نعم | نعم | |
| العقوبة في المادة 404 (الفقرة 3) | الجنحة (المادة 403 الفقرة 2) | جنحة | نعم | نعم | |

المملكة المغربية       وزارة العدل والحريات       مديرية التشريع

## الفصل 405

من ساهم في مشاجرة أو عصيان أو تجمع ثوري، ارتكب أثناءه عنف أفضى إلى موت، طبق الشروط المشار إليها في الفصل 403، يعاقب بالحبس من سنة إلى خمس، ما لم يستحق عقوبة أشد باعتباره مرتكبا للعنف.

أما الرؤساء والمنظمون والمدبرون والمحرضون على المشاجرة أو العصيان أو التجمع الثوري فيعاقبون كما لو كانوا هم الذين ارتكبوا أفعال العنف المشار إليها.

## الفصل 406

من ساهم في مشاجرة أو عصيان أو تجمع ثوري وقع أثناءه ضرب أو جرح، يعاقب بالحبس من ثلاثة أشهر إلى سنتين، ما لم يستحق عقوبة أشد باعتباره مرتكبا لهذا العنف.

أما الرؤساء والمنظمون والمدبرون والمحرضون على المشاجرة أو العصيان أو التجمع الثوري فإنهم يعاقبون كما لو كانوا هم الذين ارتكبوا أفعال العنف المشار إليها.

## الفصل 407

من ساعد، عن علم، شخصا في الأعمال المحضرة أو المسهلة لانتحاره أو زوده بالسلاح أو السم أو الأدوات اللازمة للانتحار، مع علمه بأنها ستستعمل لهذا الغرض يعاقب، في حالة وقوع الانتحار، بالحبس من سنة إلى خمس.

## الفصل 408

يعاقب بالحبس من سنة إلى ثلاث سنوات كل من جرح أو ضرب عمدا طفلا دون الخامسة عشرة من عمره أو تعمد حرمانه من التغذية أو العناية، حرمانا يضر بصحته، أو ارتكب عمدا ضد هذا الطفل أي نوع آخر من العنف أو الإيذاء، فيما عدا الإيذاء الخفيف[154].

## الفصل 409

إذا نتج عن الضرب أو الجرح أو العنف أو الإيذاء أو الحرمان المشار إليه في الفصل السابق مرض أو ملازمة للفراش أو عجز عن العمل تتجاوز مدته عشرين يوما أو إذا توفر سبق الإصرار أو الترصد أو استعمال السلاح، فعقوبته الحبس من سنتين إلى خمس.

ويجوز علاوة على ذلك، أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة من خمس سنوات إلى عشر.

---

**154** - عدل هذا الفصل بمقتضى المادة الأولى من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

مديرية التشريع          وزارة العدل والحريات          المملكة المغربية

## الفصل 410

إذا نتج عن الضرب أو الجرح أو العنف أو الإيذاء أو الحرمان المشار إليه في الفصل 408، فقد عضو أو بتره أو الحرمان من منفعته أو عمى أو عور أو أية عاهة دائمة أخرى فإن عقوبته السجن من عشر إلى عشرين سنة.

أما إذا نتج عنه الموت، دون أن يقصد الجاني إحداثه، فإن عقوبته السجن من عشرين إلى ثلاثين سنة.

وفي حالة حدوث الموت، دون أن يقصده الجاني، ولكنه كان نتيجة لأعمال معتادة، فإن العقوبة تكون السجن المؤبد.

وإذا كان الجرح أو الضرب أو العنف أو الإيذاء أو الحرمان قد ارتكب بقصد إحداث الموت، فإن الجاني يعاقب بالإعدام.

## الفصل 411

إذا كان مرتكب الجريمة أحد أصول الطفل المجنى عليه أو شخصا له سلطة عليه أو مكلفا برعايته، فعقوبته على التفصيل الآتي:

1 - في الحالات المشار إليها في الفصل 408، الحبس من سنتين إلى خمس.

2 - في الحالات المشار إليها في الفصل 409، ضعف العقوبة المقررة في ذلك الفصل.

وعلاوة على ذلك، ففي جميع الأحوال المشار إليها في الفقرتين السالفتين، يجوز أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة من خمس سنوات إلى عشر.

3 - في الحالات المشار إليها في الفقرة الأولى من الفصل 410 السجن من عشرين إلى ثلاثين سنة.

4 - في الحالة المنصوص عليها في الفقرة الثانية من الفصل 410، السجن المؤبد.

5 - في الحالات المنصوص عليها في الفقرتين الثالثة والرابعة من الفصل 410، تكون العقوبة الإعدام.

**الباب الثالث عشر**

| نص القانون رقم 411) الجديد المعدل بالقانون رقم | ...1 (المادة 409) نص القانون المعدل سابقا بالقانون رقم... | النص القديم | نص المادة |
|---|---|---|---|
| الإجراء | معدل بالقانون رقم 40 كما تم تغييره بالقانون | النص كما تم تغييره بالقانون رقم 40 | (المادة 408) النص الحالي المادة |
| | | | (المادة 409) النص الحالي تم تغييره بالقانون رقم 40 |
| الإجراء | معدل بالقانون رقم كما تم تغييره بالقانون | النص كما تم تغييره بالقانون رقم كما تم تغييره | (المادة 410 فقرة 1) |
| النص كما تم تغييره بالقانون رقم كما تم تغييره | | معدل بالقانون كما تم تغييره | (المادة 410 فقرة 2) |
| الإجراء | | معدل بالقانون كما تم تغييره | (المادة 410 فقرة 3) |
| الإجراء | | | (المادة 410 فقرة 4) |

المملكة المغربية     وزارة العدل والحريات     مديرية التشريع

## الفصل 412

من يرتكب جناية الخصاء يعاقب بالسجن المؤبد.

فإذا نشأ عنها موت، يعاقب الجاني بالإعدام.

## الفصل 413

يعاقب بالحبس من شهر إلى ثلاث سنوات وغرامة من مائتين[155] إلى خمسمائة درهم، من سبب لغيره مرضا أو عجزا عن الأشغال الشخصية، بإعطائه عمدا، وبأية وسيلة كانت، بدون قصد القتل، مواد تضر بالصحة.

فإذا نتج عن ذلك مرض أو عجز عن الأشغال الشخصية تتجاوز مدته عشرين يوما فعقوبته الحبس من سنتين إلى خمس سنوات.

و يجوز علاوة على ذلك، أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة، من خمس سنوات إلى عشر.

و في حالة ما إذا نتج عن المواد التي أعطيت مرض لا يرجى برؤه، أو فقد منفعة عضو أو عاهة دائمة، فعقوبته السجن من خمس إلى عشر سنوات.

أما إذا نتج عنها الموت، دون أن يقصده الجاني، فعقوبته السجن من عشر إلى عشرين سنة.

## الفصل 414

إذا كان مرتكب الجرائم المشار إليها في الفصل السابق أحد أصول المجني عليه أو فروعه أو زوجه أو المستحق في ميراثه أو من له سلطة عليه أو المكلف برعايته، فعقوبته على التفصيل الآتي:

1 - في الحالة المنصوص عليها في الفقرة الأولى من الفصل 413، الحبس من سنتين إلى خمس.

2 - في الحالة المنصوص عليها في الفقرة الثانية من الفصل 413 ضعف عقوبة الحبس المقررة في تلك الفقرة.

3 - في الحالة المنصوص عليها في الفقرة الرابعة من الفصل 413، السجن من عشر إلى عشرين سنة.

4 - في الحالة المنصوص عليها في الفقرة الخامسة من الفصل 413، السجن المؤبد.

---

[155] - انظر الهامش المضمن في الفصل 111 أعلاه.

المملكة المغربية     وزارة العدل والحريات     مديرية التشريع

## الفصل 415

إذا ارتكبت الجرائم المعاقب عليها بالفصل 413 في نطاق تجاري، وجب تطبيق الظهير رقم 1.59.380 المؤرخ في 26 ربيع الثاني 1379 (29 أكتوبر 1959) بشأن العقاب على الجنايات ضد صحة الأمة[156].

## الفصل 416

يتوفر عذر مخفض للعقوبة، إذا كان القتل أو الجرح أو الضرب قد ارتكب نتيجة استفزاز ناشئ عن اعتداء بالضرب أو العنف الجسيم على شخص ما.

## الفصل 417

يتوفر عذر مخفض للعقوبة في جرائم القتل أو الجرح أو الضرب، إذا ارتكبت نهارا، لدفع تسلق أو كسر سور أو حائط أو مدخل منزل أو بيت مسكون أو أحد ملحقاتهما؛

أما إذا حدث ذلك ليلا، فتطبق أحكام الفصل 125 الفقرة 1.

## الفصل 418

يتوفر عذر مخفض للعقوبة في جرائم القتل أو الجرح أو الضرب، إذا ارتكبها أحد الزوجين ضد الزوج الآخر وشريكه عند مفاجأتهما متلبسين بجريمة الخيانة الزوجية[157].

## الفصل 419

يتوفر عذر مخفض للعقوبة في جناية الخصاء، إذا ارتكبت فورا نتيجة هتك عرض إنسان بالقوة.

## الفصل 420

يتوفر عذر مخفض للعقوبة في جرائم الجرح والضرب دون نية القتل، حتى ولو نشأ عنها موت، إذا ارتكبها رب أسرة على أشخاص فاجأهم بمنزله وهم في حالة اتصال جنسي غير مشروع.

## الفصل 421

يتوفر عذر مخفض للعقوبة في جرائم الضرب والجرح إذا ارتكبت ضد شخص بالغ عند مفاجأته متلبسا بهتك أو بمحاولة هتك عرض بعنف أو بدون عنف، على طفل دون الثامنة عشرة.

---

**156** - الجريدة الرسمية عدد 2454 بتاريخ 4 جمادى الأولى 1379 (6 نونبر 1959)، ص 3203.

**157** - تم تغيير هذا الفصل بمقتضى المادة الأولى من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

يتوفر نفس العذر في جرائم الضرب والجرح، إذا ارتكبت ضد شخص بالغ عند مفاجأته متلبسا باغتصاب أو بمحاولة اغتصاب[158].

## الفصل 422

لا يوجد مطلقا عذر مخفض للعقوبة في جناية قتل الأصول.

## الفصل 423

عندما يثبت العذر القانوني، فإن العقوبات تخفض إلى:

1 - الحبس من سنة إلى خمس في الجنايات المعاقب عليها قانونا بالإعدام أو السجن المؤبد.

2 - الحبس من ستة أشهر إلى سنتين في جميع الجنايات الأخرى.

3 - الحبس من شهر إلى ثلاثة أشهر في الجنح.

## الفصل 424

في الحالات المشار إليها في الرقمين (1) و(2) من الفصل السابق، يجوز أن يحكم أيضا على الجاني بالمنع من الإقامة من خمس سنوات إلى عشر.

## الفرع 2: في التهديد وعدم تقديم المساعدة

(الفصول 425 – 431)

## الفصل 425

من هدد بارتكاب جناية ضد الأشخاص أو الأموال، وذلك بكتابة موقع عليها أو بدون توقيع، أو صورة أو رمز أو علامة، يعاقب، بالحبس من سنة إلى ثلاث سنوات وغرامة من مائتين[159] إلى خمسمائة درهم.

## الفصل 426

التهديد المشار إليه في الفصل السابق، إذا كان مصحوبا بالأمر بإيداع مبلغ من المال في مكان معين، أو بالقيام بأي شرط آخر، فعقوبته الحبس من سنتين إلى خمس والغرامة من مائتين وخمسين إلى ألف درهم.

---

**158** - تم تغيير وتتميم هذا الفصل بمقتضى المادة الثالثة من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**159** - انظر الهامش المضمن في الفصل 111 أعلاه.

## الفصل 427

التهديد المشار إليه في الفصل 425 إذا وقع شفاهيا وكان مصحوبا بأمر أو معلقا على شرط، عقوبته الحبس من ستة أشهر إلى سنتين وغرامة من مائتين[160] إلى مائتين وخمسين درهما.

## الفصل 428

في الحالات المشار إليها في الفصول الثلاثة السابقة، يجوز أيضا أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة، من خمس سنوات إلى عشر.

## الفصل 429

التهديد بارتكاب فعل من أفعال الاعتداء على الأشخاص أو الأموال عدا ما نص عليه في الفصول 425 إلى 427، إذا ارتكب بإحدى الوسائل المشار إليها في تلك الفصول، وكان مصحوبا بأمر أو معلقا على شرط، يعاقب مرتكبه بالحبس من شهر واحد إلى ثلاثة وغرامة من مائتين[161] إلى مائتين وخمسين درهما أو بإحدى هاتين العقوبتين فقط.

## الفصل 430

من كان في استطاعته، دون أن يعرض نفسه أو غيره للخطر، أن يحول بتدخله المباشر دون وقوع فعل يعد جناية أو دون وقوع جنحة تمس السلامة البدنية للأشخاص، لكنه أمسك عمدا عن ذلك، يعاقب بالحبس من ثلاثة أشهر إلى خمس سنوات وغرامة من مائتين[162] إلى ألف درهم أو بإحدى هاتين العقوبتين فقط.

## الفصل 431

من أمسك عمدا عن تقديم مساعدة لشخص في خطر، رغم أنه كان يستطيع أن يقدم تلك المساعدة إما بتدخله الشخصي وإما بطلب الإغاثة، دون تعريض نفسه أو غيره لأي خطر، يعاقب بالحبس من ثلاثة أشهر إلى خمس سنوات وغرامة من مائتين[163] إلى ألف درهم أو بإحدى هاتين العقوبتين فقط.

---

**160** - نفس الإحالة.
**161** - نفس الإحالة.
**162** - نفس الإحالة.
**163** - نفس الإحالة.

## الفرع 2 مكرر: التمييز [164]

### الفصل 431-1

تكون تمييزا كل تفرقة بين الأشخاص الطبيعيين بسبب الأصل الوطني أو الأصل الاجتماعي أو اللون أو الجنس أو الوضعية العائلية أو الحالة الصحية أو الإعاقة أو الرأي السياسي أو الانتماء النقابي أو بسبب الانتماء أو عدم الانتماء الحقيقي أو المفترض لعرق أو لأمة أو لسلالة أو لدين معين.

تكون أيضا تمييزا كل تفرقة بين الأشخاص المعنوية بسبب أصل أعضائها أو بعض أعضائها أو جنسهم أو وضعيتهم العائلية أو حالتهم الصحية أو إعاقتهم أو آرائهم السياسية أو أنشطتهم النقابية أو بسبب انتمائهم أو عدم انتمائهم الحقيقي أو المفترض لعرق أو لأمة أو لسلالة أو لدين معين.

### الفصل 431-2

يعاقب على التمييز كما تم تعريفه في الفصل 431-1 أعلاه بالحبس من شهر إلى سنتين وبالغرامة من ألف ومائتين إلى خمسين ألف درهم إذا تمثل فيما يلي:

- الامتناع عن تقديم منفعة أو عن أداء خدمة؛

- عرقلة الممارسة العادية لأي نشاط اقتصادي؛

- رفض تشغيل شخص أو معاقبته أو فصله من العمل؛

- ربط تقديم منفعة أو أداء خدمة أو عرض عمل بشرط مبني على أحد العناصر الواردة في الفصل 431-1 أعلاه.

### الفصل 431-3

دون الإخلال بالعقوبات التي قد تطبق على مسيريه، يعاقب الشخص المعنوي إذا ارتكب التمييز كما تم تعريفه في الفصل 431-1 أعلاه بالغرامة من ألف ومائتين إلى خمسين ألف درهم.

### الفصل 431-4

لا يعاقب على التمييز في الحالات الآتية :

1 - إذا بني التمييز بسبب الحالة الصحية على عمليات هدفها الوقاية من مخاطر الوفاة أو مخاطر المس بالسلامة البدنية للشخص أو من العجز عن العمل أو من الإعاقة وتغطية هذه المخاطر؛

---

**164** - أضيف هذا الفرع بمقتضى المادة السادسة من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

2 ـ إذا تمثل التمييز بسبب الحالة الصحية أو الإعاقة في رفض التشغيل أو في الفصل من العمل المبني على عدم القدرة على العمل الثابتة طبيا وفقا لأحكام تشريع الشغل أو التشريع المتعلق بأنظمة الوظيفة العمومية؛

3 ـ إذا بني التمييز بسبب الجنس، فيما يخص التشغيل، على أن الانتماء لجنس أو لآخر يكون حسب تشريع الشغل أو أنظمة الوظيفة العمومية الشرط الحاسم لممارسة عمل أو نشاط مهني.

## الفصل 431-5 [165]

يعاقب بالحبس من شهر إلى سنة وبغرامة من 5.000 إلى 50.000 درهم أو بإحدى هاتين العقوبتين، كل من قام بالتحريض على التمييز أو على الكراهية بين الأشخاص.

تكون العقوبة في الحبس من سنة إلى سنتين وبغرامة من 5.000 إلى 50.000 درهم أو بإحدى هاتين العقوبتين، إذا ارتكب التحريض على التمييز أو على الكراهية بين الأشخاص بواسطة الخطب أو الصياح أو التهديدات المفوه بها في الأماكن والتجمعات العمومية أو بواسطة الملصقات المعروضة على أنظار العموم أو بواسطة كل وسيلة تحقق شرط العلنية بما فيها الوسائل الإلكترونية والورقية والسمعية البصرية.

## الفرع 3: في القتل أو الجرح خطأ

(الفصول 432- 435)

## الفصل 432

من ارتكب، بعدم تبصره أو عدم احتياطه أو عدم انتباهه أو إهماله أو عدم مراعاته النظم أو القوانين، قتلا غير عمدي، أو تسبب فيه عن غير قصد، يعاقب بالحبس من ثلاثة أشهر إلى خمس سنوات وغرامة من مائتين وخمسين إلى ألف درهم.

## الفصل 433

من تسبب، بعدم تبصره أو عدم احتياطه أو عدم انتباهه أو إهماله أو عدم مراعاته النظم أو القوانين، في جرح غير عمدي أو إصابة أو مرض، نتج عنه عجز عن الأشغال الشخصية تزيد مدته على ستة أيام، يعاقب بالحبس من شهر واحد إلى سنتين، وغرامة من مائتين [166] إلى خمسمائة درهم، أو بإحدى هاتين العقوبتين فقط.

---

[165] ـ تم تتميم الفرع الثاني مكرر من الباب السابع من الجزء الأول من الكتاب الثالث بالمادة 431-5 أعلاه، بمقتضى المادة الأولى من القانون رقم 73.15، السالف الذكر.

[166] ـ انظر الهامش المضمن في الفصل 111 أعلاه.

## الفصل 434

تضاعف العقوبات المقررة في الفصلين السابقين، إذا كان الجاني قد ارتكب الجنحة وهو في حالة سكر، أو كان قد حاول التخلص من المسؤولية الجنائية أو المدنية التي قد يتعرض لها وذلك بفراره عقب وقوع الحادث أو بتغيير حالة مكان الجريمة أو بأية وسيلة أخرى.

## الفصل 435

من تسبب عن غير عمد، في الأحوال المشار إليها في الفصل 607 وبالفقرة (5) من الفصل 608، في حريق نتج عنه موت شخص أو أكثر، أو إصابته بجروح، يعد مرتكبا للقتل أو الإصابة خطأ، ويعاقب بهذه الصفة، تطبيقا للفصول الثلاثة السالفة.

## الفرع الرابع: الاعتداء على الحرية الشخصية وأخذ الرهائن وحرمة المسكن الذي يرتكبه الأفراد[167]

(الفصول 436- 441)

## الفصل 436

يعاقب بالحبس من خمس إلى عشر سنوات كل من يختطف شخصا أو يقبض عليه أو يحبسه أو يحجزه دون أمر من السلطات المختصة وفي غير الحالات التي يجيز فيها القانون أو يوجب ضبط الأشخاص.

وإذا استغرقت مدة الحبس أو الحجز 30 يوما أو أكثر كانت العقوبة بالسجن من 10 سنوات إلى 20 سنة.

وإذا ارتكب القبض أو الاختطاف إما عن طريق ارتداء بذلة أو حمل شارة نظامية أو مماثلة لما هو منصوص عليه في الفصل 384، وإما عن طريق انتحال اسم كاذب أو تقديم أمر مزور على السلطة العمومية أو استعمال وسيلة من وسائل النقل ذات المحرك أو تهديد بارتكاب جريمة ضد الأشخاص أو الممتلكات كانت العقوبة بالسجن من 20 إلى 30 سنة[168].

---

**167** - تم تغيير وتتميم عنوان هذا الفرع بمقتضى الفصل الأول من ظهير شريف بمثابة قانون رقم 1.74.232 بتاريخ 28 ربيع الثاني 1394 (21 مايو 1974) يغير ويتمم بموجبه الفرع الرابع من الباب السابع والباب التاسع بالجزء الأول من الكتاب الثالث من القانون الجنائي؛ الجريدة الرسمية عدد 3214 بتاريخ 14 جمادى الأولى 1394 (5 يونيه 1974)، ص 1524.

**168** - تم تغيير وتتميم هذا الفصل بمقتضى الفصل الأول من ظهير شريف بمثابة قانون رقم 1.74.232 بتاريخ 28 ربيع الثاني 1394 (21 مايو 1974) يغير ويتمم بموجبه الفرع الرابع من الباب السابع والباب التاسع بالجزء الأول من الكتاب الثالث من القانون الجنائي، سالف الذكر.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

تطبق العقوبة المشار إليها في الفقرة الثالثة أعلاه إذا كان مرتكب الفعل أحد الأشخاص الذين يمارسون سلطة عمومية أو أحد الأشخاص المنصوص عليهم في الفصل 225 من هذا القانون متى ارتكب الفعل لغرض ذاتي أو بقصد إرضاء أهواء شخصية[169].

## الفصل 437

إذا كان الاختطاف أو القبض أو الحبس أو الحجز يهدف إلى تمكين مرتكبيه من أخذ رهائن إما لإعداد أو تسهيل ارتكاب جريمة أو جنحة وإما لتيسير هروب مرتكبي الجناية أو الجنحة أو إفلاتهم من العقاب كانت العقوبة بالسجن المؤبد.

وكذا الشأن إذا كانت هذه الأفعال تهدف إلى تنفيذ أمر أو توفير شرط ولاسيما أداء فدية[170].

## الفصل 438

إذا وقع تعذيب بدني للشخص المخطوف أو المقبوض عليه أو المحبوس أو المحجوز عوقب المجرمون بالإعدام في جميع الحالات المنصوص عليها في الفصول السابقة[171].

## الفصل 439

إن العقوبات المقررة في الفصول 436 و437 و438 تطبق حسب الكيفيات المبينة في هذه الفصول على الأشخاص الذين يقدمون عن علم محلا لحبس أو حجز المعتدى عليهم أو وسيلة لنقلهم[172].

## الفصل 440

كل مجرم وضع من تلقاء نفسه حدا للحبس أو الحجز يستفيد من العذر المقبول لتخفيض العقوبة بحسب مدلول الفصل 143 من هذا القانون طبق الكيفيات الآتية:

1 - في الحالات المنصوص عليها في الفصلين 437 و439، إذا أطلق سراح الشخص المقبوض عليه أو المختطف أو المحبوس أو المحجوز كرهينة وهو يتمتع بصحة جيدة قبل مضي اليوم الخامس على يوم القبض أو الاختطاف أو الحبس أو الحجز فإن العقوبة تخفض إلى الحبس من خمس إلى عشر سنوات.

---

**169** - أضيفت هذه الفقرة بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**170** - تم تغيير وتتميم هذا الفصل بمقتضى الفصل الأول من ظهير شريف بمثابة قانون رقم 1.74.232 بتاريخ 28 ربيع الثاني 1394 (21 مايو 1974) يغير ويتمم بموجبه الفرع الرابع من الباب السابع والباب التاسع بالجزء الأول من الكتاب الثالث من القانون الجنائي، سالف الذكر.

**171** - نفس الإحالة.

**172** - نفس الإحالة.

ويطبق هذا العذر إذا كانت الأعمال الإجرامية تهدف إلى تنفيذ أمر أو توفير شرط وكان إطلاق سراح الشخص قد تم دون تنفيذ الأمر أو توفير الشرط ؛

2 ـ في الحالات المنصوص عليها في الفصلين 436 و439:

إذا أطلق سراح الشخص المحبوس أو المحجوز وهو يتمتع بصحة جيدة قبل مضي أقل من عشرة أيام على يوم القبض أو الاختطاف أو الحبس أو الحجز كانت العقوبة بالحبس من سنة إلى خمس سنوات.

إذا أطلق سراح الشخص فيما بين اليوم العاشر واليوم الثلاثين المواليين ليوم القبض أو الاختطاف أو الحبس أو الحجز كانت العقوبة بالسجن من خمس إلى عشر سنوات،

إذا أطلق المعتدي سراح الشخص من تلقاء نفسه وكان هذا الأخير قد تعرض من قبل لمعاملات سيئة حسب مدلول الفصل 438 كانت العقوبة بالسجن من 10 سنوات إلى 20 سنة[173].

## الفصل 441

من دخل أو حاول الدخول إلى مسكن الغير، باستعمال التدليس أو التهديد أو العنف ضد الأشخاص أو الأشياء، يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين[174] إلى مائتين وخمسين درهما.

وإذا انتهكت حرمة المسكن ليلا، أو باستعمال التسلق أو الكسر أو بواسطة عدة أشخاص، أو إذا كان الفاعل أو أحد الفاعلين يحمل سلاحا ظاهرا أو مخبأ، فالعقوبة الحبس من ستة أشهر إلى ثلاث سنوات والغرامة من مائتين[175] إلى خمسمائة درهم.

## الفرع 5: في الاعتداء على الشرف أو الاعتبار الشخصي وإفشاء الأسرار

(الفصول 442 – 448)

## الفصل 442

يعد قذفا ادعاء واقعة أو نسبتها إلى شخص أو هيئة، إذا كانت هذه الواقعة تمس شرف أو اعتبار الشخص أو الهيئة التي نسبت إليها.

## الفصل 443

يعد سبا كل تعبير شائن أو عبارة تحقير أو قدح لا تتضمن نسبة أي واقعة معينة.

---

**173** ـ نفس الإحالة.

**174** ـ انظر الهامش المضمن في الفصل 111 أعلاه.

**175** ـ نفس الإحالة.

## الفصل 444

القذف والسب العلني يعاقب عليهما وفقا للظهير رقم 1.58.378 المؤرخ في 3 جمادى الأولى 1378 موافق 15 نونبر 1958 المعتبر بمثابة قانون الصحافة[176].

---

176 - راجع مقتضيات القسم الثالث من الباب الرابع من قانون الصحافة كما تم تغييره وتتميمه بمقتضى القانون رقم 77.00 الصادر بتنفيذه ظهير شريف رقم 1.02.207 بتاريخ 25 رجب 1423 (3 أكتوبر 2002)، سالف الذكر، وهي كالتالي:

الفصل الرابع والأربعون: يعد قذفا إدعاء واقعة أو نسبتها إلى شخص أو هيأة إذا كانت هذه الواقعة تمس شرف أو اعتبار الشخص أو الهيأة التي نسبت إليها.

ويعد سبا كل تعبير شائن أو مشين أو عبارة تحقير حاطة من الكرامة أو قدح لا يتضمن نسبة أية واقعة معينة.

ويعاقب على نشر هذا القذف أو السب سواء كان هذا النشر بطريقة مباشرة أو بطريق النقل حتى ولو أفرغ ذلك في صيغة الشك والارتياب أو كان يشار في النشر إلى شخص أو هيئة لم تعين بكيفية صريحة ولكن يمكن إدراكه من خلال عبارات الخطب، أو الصياح أو التهديدات أو المكتوبات أو المطبوعات أو الملصقات أو الإعلانات المجرمة.

الفصل الخامس والأربعون: يعاقب بحبس تتراوح مدته بين شهر واحد وسنة واحدة وبغرامة يتراوح قدرها بين 1.200 و100.000 درهم أو بإحدى هاتين العقوبتين فقط عن كل قذف يرتكب بإحدى الوسائل المبينة بالفصل 38 في حق المجالس القضائية والمحاكم والجيوش البرية أو البحرية أو الجوية والهيئات المؤسسة والإدارات العمومية بالمغرب.

الفصل السادس والأربعون: تطبق نفس العقوبات على مرتكبي القذف بنفس الوسائل المذكورة في حق وزير أو عدة وزراء من أجل مهامهم أو صفاتهم أو نحو موظف أو أحد رجال أو أعوان السلطة العمومية أو كل شخص مكلف بمصلحة أو مهمة عمومية مؤقتة كانت أم مستمرة أو مساعد قضائي أو شاهد من جراء تأدية شهادته.

أما مرتكبو القذف الموجه إلى الشخصيات المذكورة فيما يهم حياتهم الخاصة فتطبق عليهم العقوبات المبينة في الفصل السابع والأربعون الموالي.

الفصل السابع والأربعون: يعاقب بحبس تتراوح مدته بين شهر واحد وستة أشهر وبغرامة يتراوح قدرها بين 10.000 و50.000 درهم أو بإحدى هاتين العقوبتين فقط عن القذف الموجه للأفراد بإحدى الوسائل المبينة في الفصل 38.

الفصل الثامن والأربعون: يعاقب بغرامة يتراوح قدرها بين 50.000 و100.000 درهم عن السب الموجه بنفس الوسائل إلى الهيئات والأشخاص المعينين في الفصلين 45 و46.

ويعاقب بغرامة يتراوح قدرها بين 5.000 و50.000 درهم عن السب الموجه إلى الأفراد بنفس الطريقة بدون أن يتقدمه استفزاز.

الفصل الواحد والخمسون: كل من يوجه عن طريق إدارة البريد والتلغراف أو بالطرق الإلكترونية الأخرى مراسلة مكشوفة محتوية على قذف يوجه إما إلى الأفراد وإما إلى الهيئات أو الأشخاص المعينين في الفصول 41 و45 و46 و52 و53 يعاقب بحبس أقصاه شهر واحد وبغرامة تتراوح بين 1.200 و5.000 درهم أو بإحدى هاتين العقوبتين فقط.

وإذا ما احتوت المراسلة على سب فيعاقب على هذا الإرسال بالحبس لمدة تتراوح بين ستة أيام وشهرين اثنين، وبغرامة يتراوح قدرها بين 200 و1.200 درهم.

وإذا تعلق الأمر بما هو منصوص عليه في الفصل 41 يعاقب بحبس تتراوح مدته بين شهر واحد وستة أشهر وبغرامة يتراوح قدرها بين 1.200 إلى 5.000 درهم.

الفصل الواحد والخمسون مكرر: يعاقب بحبس تتراوح مدته بين شهر واحد وستة أشهر وبغرامة يتراوح قدرها بين 5.000 و20.000 درهم أو بإحدى هاتين العقوبتين فقط عن نشر كل من ادعاءات أو وقائع أو صور تمس بالحياة الخاصة للغير.

مديرية التشريع          وزارة العدل والحريات          المملكة المغربية

## الفصل 445

من أبلغ بأي وسيلة كانت، وشاية كاذبة ضد شخص أو أكثر إلى الضباط القضائيين أو إلى ضباط الشرطة القضائية أو الإدارية أو إلى هيئات مختصة باتخاذ إجراءات بشأنها أو تقديمها إلى السلطة المختصة، وكذلك من أبلغ الوشاية إلى رؤساء المبلغ ضده أو أصحاب العمل الذين يعمل لديهم، يعاقب بالحبس من ستة أشهر إلى خمس سنوات وغرامة من مائتين[177] إلى ألف درهم، ويجوز للمحكمة أن تأمر علاوة على ذلك، بنشر حكمها كله أو بعضه في صحيفة أو أكثر، على نفقة المحكوم عليه.

وإذا كانت الوقائع المبلغ بها تستوجب زجرا جزائيا أو إداريا، فإن المتابعة عن الوشاية الكاذبة، تطبيقا لهذا النص، يمكن الشروع فيها، إما عقب الحكم النهائي ببراءة المبلغ ضده أو إعفائه أو عقب صدور أمر أو قرار بعدم متابعته أو عقب حفظ الشكاية بأمر من أحد رجال القضاء أو الموظف أو رئيس المبلغ ضده أو مستخدمه المختص بالبت في الشكاية.

وعلى المحكمة التي ترفع لها الدعوى، بمقتضى هذا الفصل، أن تأمر بوقف نظر دعوى البلاغ الكاذب، إذا كانت المتابعة عن الواقعة المبلغ بها لازالت جارية.

## الفصل 446

الأطباء والجراحون وملاحظو الصحة، وكذلك الصيادلة والمولدات وكل شخص يعتبر من الأمناء على الأسرار، بحكم مهنته أو وظيفته، الدائمة أو المؤقتة، إذا أفشى سرا أودع لديه، وذلك في غير الأحوال التي يجيز له فيها القانون أو يوجب عليه فيها التبليغ عنه، يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من ألف ومائتين إلى عشرين ألف درهم.

غير أن الأشخاص المذكورين أعلاه لا يعاقبون بالعقوبات المقررة في الفقرة السابقة:

1 – إذا بلغوا عن إجهاض، علموا به بمناسبة ممارستهم مهنتهم أو وظيفتهم، وإن كانوا غير ملزمين بهذا التبليغ؛

2 – إذا بلغوا السلطات القضائية أو الإدارية المختصة عن ارتكاب أفعال إجرامية أو سوء المعاملة أو الحرمان في حق أطفال دون الثامنة عشرة أو من طرف أحد الزوجين في حق الزوج الآخر أو في حق امرأة[178]، علموا بها بمناسبة ممارستهم مهنتهم أو وظيفتهم[179].

إذا استدعي الأشخاص المذكورون للشهادة أمام القضاء في قضية متعلقة بالجرائم المشار إليها في الفقرة أعلاه، فإنهم أحرار في الإدلاء بشهادتهم أو عند[180] الإدلاء بها.

---

**177** - انظر الهامش المضمن في الفصل 111 أعلاه.

**178** - تم تتميم هذا الفصل المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**179** - تم تغيير وتتميم الفقرة الثانية من هذا الفصل بمقتضى المادة الفريدة من القانون رقم 11.99 القاضي بتغيير وتتميم الفصل 446 من القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.99.18 بتاريخ 18 شوال 1419 (5 فبراير 1999)؛ الجريدة الرسمية عدد 4682 بتاريخ 28 ذي الحجة 1419(15 أبريل 1999)، ص 852.

مديرية التشريع          وزارة العدل والحريات          المملكة المغربية

## الفصل 447

كل مدير أو مساعد أو عامل في مصنع، إذا أفشى أو حاول إفشاء أسرار المصنع الذي يعمل به، سواء كان ذلك الإفشاء إلى أجنبي أو إلى مغربي مقيم في بلد أجنبي يعاقب بالحبس من سنتين إلى خمس سنوات وغرامة من مائتين[181] إلى عشرة آلاف درهم.

وإذا أفشى هذه الأسرار إلى مغربي مقيم بالمغرب، فعقوبته الحبس من ثلاثة أشهر إلى سنتين والغرامة من مائتين[182] إلى مائتين وخمسين درهما.

ويحكم بالحد الأقصى المقرر في الفقرتين السالفتين حتما، إذا كانت الأسرار متعلقة بمصنع للسلاح أو الذخيرة الحربية مملوك للدولة.

وفي جميع الأحوال، يجوز أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 من خمس سنوات إلى عشر.

## الفصل 448

من فتح أو أخفى أو أتلف، بسوء نية، مراسلات أو مكاتب أو مراسلات موجهة إلى غيره، وذلك في غير الحالات المشار إليها في الفصل 232، يعاقب بالحبس من شهر إلى سنة وغرامة من مائتين[183] إلى خمسمائة درهم، أو بإحدى هاتين العقوبتين فقط.

## الفرع السادس: في الاتجار بالبشر [184]

### الفصل 448-1

يقصد بالاتجار بالبشر تجنيد شخص أو استدراجه أو نقله أو تنقيله أو إيواؤه أو استقباله، أو الوساطة في ذلك، بواسطة التهديد بالقوة أو باستعمالها أو باستعمال مختلف أشكال القسر أو الاختطاف أو الاحتيال أو الخداع، أو إساءة استعمال السلطة أو الوظيفة أو النفوذ أو استغلال حالة الضعف أو الحاجة أو الهشاشة، أو بإعطاء أو بتلقي مبالغ مالية أو منافع أو مزايا للحصوص على موافقة شخص له سيطرة على شخص آخر لغرض الاستغلال.

---

**180** - وردت عبارة " عند الإدلاء بها " في القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر، ويبدو أن الأمر مجرد خطأ مادي، وأن المقصود هو عبارة "عدم الإدلاء بها"، كما جاءت في القانون رقم 11.99 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**181** - انظر الهامش المضمن في الفصل 111 أعلاه.

**182** - نفس الإحالة.

**183** - نفس الإحالة.

**184** - تم تتميم أحكام الباب السابع من الجزء الأول من الكتاب الثالث بالفرع السادس أعلاه، بمقتضى المادة الأولى من القانون رقم 27.14 المتعلق بمكافحة الاتجار بالبشر الصادر بتنفيذه الظهير الشريف رقم 1.16.127 بتاريخ 21 من ذي القعدة 1437 (25 أغسطس 2016)؛ الجريدة الرسمية عدد 6501 بتاريخ 17 ذو الحجة 1437 (19 سبتمبر 2016)، ص 6644.

المملكة المغربية                    وزارة العدل والحريات                    مديرية التشريع

لا يشترط استعمال أي وسيلة من الوسائل المنصوص عليها في الفقرة الأولى أعلاه لقيام جريمة الاتجار بالبشر تجاه الأطفال الذين تقل سنهم عن ثمان عشرة سنة بمجرد تحقق قصد الاستغلال.

يشمل الاستغلال جميع أشكال الاستغلال الجنسي، لا سيما استغلال دعارة الغير والاستغلال عن طريق المواد الإباحية بما في ذلك وسائل الاتصال والتواصل المعلوماتي، ويشمل أيضا الاستغلال عن طريق العمل القسري أو السخرة أو التسول أو الاسترقاق أو الممارسات الشبيهة بالرق أو نزع الأعضاء أو نزع الأنسجة البشرية أو بيعها، أو الاستغلال عن طريق إجراء التجارب والأبحاث الطبية على الأحياء، أو استغلال شخص للقيام بأعمال إجرامية أو في النزاعات المسلحة.

لا يتحقق هذا الاستغلال إلا إذا ترتب عنه سلب إرادة الشخص وحرمانه من حرية تغيير وضعه وإهدار كرامته الإنسانية، بأي وسيلة كانت ولو تلقى مقابلا أو أجرا عن ذلك.

يقصد بالسخرة في مفهوم هذا القانون جميع الأعمال أو الخدمات التي تفرض قسرا على أي شخص تحت التهديد، والتي لا يكون هذا الشخص قد تطوع لأدائها بمحض اختياره. ولا يدخل في مفهوم السخرة الأعمال المفروضة لأداء خدمة عسكرية إلزامية، أو نتيجة إدانة قضائية، أو أي عمل أو خدمة أخرى تفرض في حالة الطوارئ.

### الفصل 2-448

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالسجن من خمس إلى عشر سنوات وبغرامة من 10.000 إلى 500.000 درهم كل من ارتكب جريمة الاتجار بالبشر.

### الفصل 3-448

دون الإخلال بالمقتضيات الجنائية الأشد، ترفع عقوبة الاتجار بالبشر إلى السجن من عشر إلى عشرين سنة وغرامة من 100.000 إلى 1.000.000 درهم في الحالات التالية:

1- إذا ارتكبت الجريمة بواسطة التهديد بالقتل أو بالإيذاء أو التعذيب أو الاحتجاز أو التشهير؛

2- إذا كان مرتكب الجريمة حاملا لسلاح ظاهر أو مخبئ؛

3- إذا كان مرتكب الجريمة موظفا عموميا استغل وظيفته لارتكاب الجريمة أو تسهيل ارتكابها؛

4- إذا أصيبت الضحية بواسطة استغلالها في جريمة الاتجار بالبشر بعاهة دائمة أو بمرض عضوي أو نفسي أو عقلي عضال؛

5- إذا ارتكبت الجريمة من قبل شخصين أو أكثر بصفتهم فاعلين أصليين أو مساهمين أو مشاركين؛

6- إذا كان مرتكب الفعل معتادا على ارتكابه؛

7- إذا ارتكبت الجريمة ضد عدة أشخاص مجتمعين.

## الفصل 448-4

يعاقب على جريمة الاتجار بالبشر بالسجن من عشرين إلى ثلاثين سنة وغرامة من 200.000 إلى 2.000.000 درهم في الحالات التالية:

1- إذا ارتكبت الجريمة ضد قاصر دون الثامنة عشر؛

2- إذا ارتكبت الجريمة ضد شخص يعاني من وضعية صعبة بسبب كبر سنه أو بسبب المرض أو الإعاقة أو نقص بدني أو نفسي أو ضد امرأة حامل سواء كان حملها بينا أو كان معروفا لدى الفاعل؛

3- إذا كان مرتكب الجريمة زوجا للضحية أو أحد أصولها أو فروعها أو وصيا عليها أو كافلا لها أو مكلف برعايتها او كانت له سلطة عليها.

## الفصل 448-5

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالسجن من عشرين إلى ثلاثين سنة وغرامة من 1.000.000 إلى 6.000.000 درهم عن جريمة الاتجار بالبشر، إذا ارتكبت الجريمة بواسطة عصابة إجرامية أو في إطار عابر للحدود الوطنية، أو إذا نتج عن الجريمة وفاة الضحية.

وترفع العقوبة المنصوص عليها في الفقرة الأولى أعلاه إلى السجن المؤبد إذا ارتكبت الجريمة بواسطة التعذيب أو أعمال وحشية.

## الفصل 448-6

يعاقب بغرامة من 1.000.000 إلى 10.000.000 درهم، الشخص الاعتباري إذا ارتكب جريمة الاتجار بالبشر دون الإخلال بالعقوبات التي تطبق على الشخص الذاتي الذي يمثله أو يديره أو يعمل لحسابه.

علاوة على ذلك، يجب على المحكمة الحكم بحل الشخص الاعتباري وبالتدبيرين الوقائيين المنصوص عليهما في الفصل 62 من هذا القانون.

## الفصل 448-7

يعاقب بالحبس من سنة على خمس سنوات وغرامة من 5.000 إلى 50.000 درهم، كل من علم بارتكاب جريمة الاتجار بالبشر أو الشروع فيها ولم يبلغها إلى السلطات المختصة.

غير أنه يجوز الإعفاء من هذه العقوبة إذا كان من امتنع عن التبليغ زوجا لمرتكب الجريمة أو كان من أحد أصوله أو فروعه.

### الفصل 448-8

يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من 5.000 إلى 50.000 درهم، كل من استعمل العنف أو التهديد باستعماله أو وعد بمنفعة لمنع شخص من الإدلاء بشهادته أو تقديم أدلة، أو حرضه على الإدلاء بشهادة زور، أو على الامتناع عن تقديم أدلة، أو على تقديم إقرارات أو تصريحات أو أدلة غير صحيحة تتعلق بجريمة الاتجار بالبشر أمام أي سلطة مختصة، وفي أي مرحلة من مراحل التقاضي بشأنها.

### الفصل 448-9

يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من 5.000 إلى 50.000 درهم، كل من عرض للخطر عمدا ضحية من ضحايا الاتجار بالبشر أو الشاهد، بالكشف عن هويته أو مكان إقامته أو عرقلة إجراءات الحماية المتخذة لفائدته.

يقصد بضحية من ضحايا الاتجار بالبشر كل شخص ذاتي، مغربيا كان أو أجنبيا، ثبت تعرضه، لأي ضرر مادي أو معنوي ناتج مباشرة عن الاتجار بالبشر طبقا للتعريف المنصوص عليه في هذا القانون.

### الفصل 448-10

يعاقب بالحبس من سنة على خمس سنوات وغرامة من 5.000 إلى 50.000 درهم، كل من استفاد، مع علمه بجريمة الاتجار بالبشر من خدمة أو منفعة أو عمل يقدمه ضحية من ضحايا الاتجار بالبشر.

تضاعف العقوبة إذا كان ضحية الاتجار بالبشر قاصرا دون الثامنة عشر.

### الفصل 448-11

يعاقب على محاولة ارتكاب الجرائم المنصوص عليها في هذا الفرع بالعقوبة المقررة للجريمة التامة.

### الفصل 448-12

يعفى من العقوبات المنصوص عليها في هذا الفرع، كل من بادر من الجناة بإبلاغ السلطات المختصة بما يعلمه عن جريمة الاتجار بالبشر قبل تنفيذها أو الشروع في تنفيذها أو مكن من الحيلولة دون إتمامها.

إذا حصل التبليغ عن الجريمة، فإنه يجوز إعفاء الجاني المبلغ من العقوبة أو تخفيفها، حسب ظروف التبليغ، إذا مكن السلطات المختصة أثناء التحقيق من القبض على باقي الجناة.

المملكة المغربية وزارة العدل والحريات مديرية التشريع

وتستثنى من ذلك الجرائم المؤدية إلى وفاة الضحية أو إصابتها بعاهة دائمة أو بمرض عضوي أو نفسي أو عقلي عضال.

## الفصل 448-13

مع مراعاة حقوق الغير حسن النية، تصادر لفائدة الخزينة العامة الأموال والأدوات التي استعملت أو كانت ستستعمل في ارتكاب جريمة الاتجار بالبشر أو التي تحصلت منها.

علاوة على ذلك، يجب الحكم بنشر المقرر القضائي الصادر بالإدانة أو تعليقه أو بثه عبر وسائل الاتصال السمعي البصري.

## الفصل 448-14

لا يكون ضحية الاتجار بالبشر مسؤولا جنائيا أو مدنيا عن أي فعل قام به تحت التهديد متى ارتبط ذلك الفعل مباشرة بكونه شخصيا ضحية الاتجار بالبشر، إلا إذا ارتكب فعلا مجرما بمحض إرادته دون أن يتعرض لأي تهديد.

# الباب الثامن: في الجنايات والجنح ضد نظام الأسرة والأخلاق العامة

(الفصول 449 – 504)

## الفرع 1: في الإجهاض

(الفصول 449 – 458)

## الفصل 449

من أجهض أو حاول إجهاض امرأة حبلى أو يظن أنها كذلك، برضاها أو بدونه سواء كان ذلك بواسطة طعام أو شراب أو عقاقير أو تحايل أو عنف أو أية وسيلة أخرى، يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين[185] إلى خمسمائة درهم.

وإذا نتج عن ذلك موتها، فعقوبته السجن من عشر إلى عشرين سنة.

## الفصل 450

إذا ثبت أن مرتكب الجريمة يمارس الأفعال المشار إليها في الفصل السابق بصفة معتادة، ترفع عقوبة الحبس إلى الضعف في الحالة المشار إليها في الفقرة الأولى، وتكون عقوبة السجن من عشرين إلى ثلاثين سنة في الحالة المشار إليها في الفقرة الثانية.

---

**185** - نفس الإحالة.

وفي الحالة التي تطبق فيها عقوبة جنحية فقط، حسب هذا الفصل أو الفصل 449، فإنه يجوز علاوة على ذلك أن يحكم على الفاعل بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة، من خمس سنوات إلى عشر.

## الفصل 451

الأطباء والجراحون وملاحظو الصحة وأطباء الأسنان والقابلات والمولدات والصيادلة وكذلك طلبة الطب أو طب الأسنان أو الصيدلة وعمال الصيدليات والعشابون والمضمدون وبائعو الأدوات الجراحية والممرضون والمدلكون والمعالجون بالتسبب والقابلات العرفية، الذين يرشدون إلى وسائل تحدث الإجهاض أو ينصحون باستعمالها أو يباشرونها، يعاقبون بالعقوبات المقررة في أحد الفصلين 449 و450 على حسب الأحوال.

ويحكم على مرتكب الجريمة، علاوة على ذلك، بالحرمان من مزاولة المهنة، المقرر في الفصل 87، إما بصفة نهائية، أو لمدة محدودة.

## الفصل 452

من خرق المنع من مزاولة المهنة، المحكوم به عليه، طبقا للفقرة الأخيرة من الفصل السابق، يعاقب بالحبس من ستة أشهر إلى سنتين وغرامة من خمسمائة إلى خمسة آلاف درهم، أو بإحدى هاتين العقوبتين فقط.

## الفصل 453

لا عقاب على الإجهاض إذا استوجبته ضرورة المحافظة على صحة الأم متى قام به علانية طبيب أو جراح بإذن من الزوج.

ولا يطالب بهذا الإذن إذا ارتأى الطبيب أن حياة الأم في خطر غير أنه يجب عليه أن يشعر بذلك الطبيب الرئيسي للعمالة أو الإقليم.

وعند عدم وجود الزوج أو إذا امتنع الزوج من إعطاء موافقته أو عاقه عن ذلك عائق فإنه لا يسوغ للطبيب أو الجراح أن يقوم بالعملية الجراحية أو يستعمل علاجا يمكن أن يترتب عنه الإجهاض إلا بعد شهادة مكتوبة من الطبيب الرئيس للعمالة أو الإقليم يصرح فيها بأن صحة الأم لا تمكن المحافظة عليها إلا باستعمال مثل هذا العلاج[186].

---

[186] - تم تغيير هذا الفصل بموجب الفصل الأول من مرسوم ملكي رقم 181.66 بتاريخ 22 ربيع الأول 1387 (فاتح يوليوز 1967) بمثابة قانون يتعلق بتغيير الفصل 453 من القانون الجنائي وتتميم الفصل 455 من نفس القانون وإلغاء الظهير الشريف المؤرخ في 22 جمادى الأولى 1358 (10 يوليوز 1939)؛ الجريدة الرسمية عدد 2854 بتاريخ 4 ربيع الثاني 1387 (12 يوليوز 1967)، ص 1547.

## الفصل 454

تعاقب بالحبس من ستة أشهر إلى سنتين وغرامة من مائتين [187] إلى خمسمائة درهم، كل امرأة أجهضت نفسها عمدا أو حاولت ذلك أو قبلت أن يجهضها غيرها أو رضيت باستعمال ما رشدت إليه أو ما أعطي لها لهذا الغرض.

## الفصل 455

يعاقب بالحبس من شهرين إلى سنتين وغرامة من مائتين [188] إلى ألفي درهم، أو بإحدى هاتين العقوبتين فقط كل من حرض على الإجهاض ولو لم يؤد هذا التحريض إلى نتيجة ما.

وتجري نفس العقوبات على كل من باع أدوية أو مواد أو أجهزة أو أشياء، كيفما كان نوعها أو عرضها للبيع أو عمل على بيعها أو وزعها أو عمل على توزيعها بأية طريقة كانت مع علمه أنها معدة للإجهاض حتى ولو كانت هذه الأدوية أو المواد أو الأجهزة أو الأشياء المقترحة كوسائل فعالة للإجهاض غير قادرة عمليا على تحقيقه.

غير أنه إذا ما تحقق الإجهاض على إثر العمليات والأعمال المشار إليها في المقطع السابق فإن العقوبات المنصوص عليها في الفصل 449 من القانون الجنائي تطبق على القائمين بالعمليات أو الأعمال المذكورة [189].

## الفصل 456

كل حكم بالمؤاخذة عن جريمة، مما أشير إليه في هذا الفرع، ينتج عنه، بحكم القانون الحرمان من مزاولة أي وظيفة أو القيام بأي عمل، بأي صفة كانت، في مصحة أو دار للولادة أو في أي مؤسسة عامة أو خاصة، تستقبل عادة سواء بمقابل أو بغير مقابل، نساء في حالة حمل حقيقي أو ظاهر أو مفترض أيا كان عددهن.

وينتج الحرمان أيضا عن الحكم بالمؤاخذة من أجل المحاولة أو المشاركة في تلك الجرائم.

## الفصل 457

إذا صدر حكم من قضاء أجنبي بمؤاخذة شخص عن جريمة تدخل، طبقا للقانون المغربي، تحت مقتضيات فصول هذا الفرع، وأصبح الحكم حائزا لقوة الشيء المحكوم به، فإن محكمة الجنح التأديبية، التي يقيم بدائرتها المحكوم عليه، بناء على طلب من النيابة العامة، وبعد استدعاء قانوني موجه لصاحب الشأن، تصرح، مجتمعة في غرفة المشورة بانطباق الحرمان المقرر في الفصل السابق.

---

187 - انظر الهامش المضمن في الفصل 111 أعلاه.

188 - نفس الإحالة.

189 - تم تتميم هذا الفصل بموجب الفصل الثاني من المرسوم الملكي رقم 181.66، سالف الذكر.

### الفصل 458

من خالف الحرمان من مزاولة المهنة المقررة في الفصلين السابقين، يعاقب بالحبس من ستة أشهر إلى سنتين وغرامة من مائتين[190] إلى ألف درهم، أو بإحدى هاتين العقوبتين فقط.

## الفرع 2: في ترك الأطفال أو العاجزين وتعريضهم للخطر

(الفصول 459 – 467.4)

### الفصل 459

من عرض أو ترك طفلا دون سن الخامسة عشرة أو عاجزا لا يستطيع أن يحمي نفسه بسبب حالته الجسمية أو العقلية، في مكان خال من الناس أو حمل غيره على ذلك، يعاقب لمجرد هذا الفعل، بالحبس من سنة إلى ثلاث سنوات[191].

فإذا نشأ عن التعريض للخطر أو عن الترك مرض أو عجز لمدة تزيد عن عشرين يوما، فإن العقوبة هي الحبس من سنتين إلى خمس.

أما إذا أصيب الطفل أو العاجز ببتر أو عطب، أو إذا بقي مصابا بعاهة مستديمة، فإن العقوبة هي السجن من خمس إلى عشر سنوات.

وإذا نتج عن التعريض للخطر أو عن الترك موته، كانت العقوبة السجن من عشر إلى عشرين سنة.

### الفصل 460

إذا كان مرتكب الجريمة أحد أصول الطفل أو العاجز أو أحد الأشخاص الذين لهم سلطة عليه أو المكلفين برعايته، فإن العقوبة تكون على التفصيل الآتي:

- الحبس من سنتين إلى خمس، في الحالات المشار إليها في الفقرة الأولى من الفصل السابق.

- في الحالات المشار إليها في الفقرة الثانية من الفصل السابق، ترفع العقوبة إلى الضعف.

- في الحالة المنصوص عليها في الفقرة الثالثة من نفس الفصل، تكون العقوبة السجن من عشر إلى عشرين سنة.

---

**190** - انظر الهامش المضمن في الفصل 111 أعلاه.

**191** - تم تغيير هذه الفقرة بمقتضى المادة الأولى من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

- في الحالات المشار إليها في الفقرة الرابعة من نفس الفصل، تكون العقوبة السجن من عشرين إلى ثلاثين سنة.

## الفصل 461

من عرض أو ترك طفلا دون سن الخامسة عشرة أو عاجزا لا يستطيع أن يحمي نفسه بسبب حالته الجسمية أو العقلية، في مكان غير خال من الناس أو حمل غيره على ذلك يعاقب لمجرد هذا الفعل بالحبس من ثلاثة أشهر إلى سنة[192].

فإذا نشأ عن التعريض للخطر أو عن الترك مرض أو عجز لمدة تزيد عن عشرين يوما، فالعقوبة هي الحبس من ستة أشهر إلى سنتين.

أما إذا أصيب الطفل أو العاجز ببتر أو عطب، أو إذا بقي مصابا بعاهة مستديمة، فالعقوبة الحبس من سنتين إلى خمس.

وإذا نتج عن التعريض للخطر أو عن الترك موته، فالعقوبة السجن من خمس إلى عشر سنوات.

## الفصل 462

إذا كان مرتكب الجريمة من أصول المجني عليه أو ممن لهم سلطة عليه أو ممن يتولون رعايته، كانت العقوبة على التفصيل الآتي:

- الحبس من ستة أشهر إلى سنتين، في الحالة المنصوص عليها في الفقرة الأولى من الفصل السابق.

- الحبس من سنة إلى ثلاث سنوات، في الحالة المشار إليها في الفقرة الثانية من نفس الفصل.

- في الحالة المشار إليها في الفقرة الثالثة من نفس الفصل، ترفع العقوبة إلى الضعف.

- السجن من خمس إلى عشرين سنة، في الحالة المشار إليها في الفقرة الرابعة من نفس الفصل.

## الفصل 463

إذا نتج عن التعريض للخطر أو الترك موت الطفل أو العاجز، وكانت لدى الجاني نية إحداثه، فإنه يعاقب بالعقوبات المقررة في الفصول 392 إلى 397، على حسب الأحوال.

---

**192** - الإحالة السابقة.

## الفصل 464

في الحالة التي لا تطبق فيها إلا عقوبة جنحية، طبقا للفصول 459 إلى 462 فإن المجرم يمكن أن يعاقب، زيادة على ذلك، بالحرمان من واحد أو أكثر من الحقوق المنصوص عليها في الفصل 40 من خمس سنوات إلى عشر.

## الفصل 465

من حمل إلى مؤسسة خيرية طفلا يقل عمره عن سبع سنوات كاملة، كان قد عهد به إليه للعناية أو لأي سبب آخر، فإنه يعاقب بالحبس من شهر إلى ستة أشهر وبغرامة من مائتين 193 إلى ألفي درهم أو بإحدى هاتين العقوبتين فقط.

إلا أنه لا تطبق أية عقوبة إذا كان مرتكب هذا الترك غير ملزم ولا متعهد بأن يقدم المؤونة والعناية للطفل مجانا، ولم يقم أي شخص آخر بتقديم ذلك.

## الفصل 466

يعاقب بالحبس من شهر إلى ستة أشهر وبغرامة من مائتين 194 إلى خمسة آلاف درهم من ارتكب، بقصد الحصول على فائدة، أحد الأفعال الآتية:

- حرض الأبوين أو أحدهما على التخلي عن طفلهما الوليد أو الذي سيولد.

- قدم أو حاول أن يقدم وساطته للتكفل بطفل وليد أو سيولد أو لتبنيه.

## الفصل 467

يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين 195 إلى خمسة آلاف درهم:

1 - من حمل الوالدين أو أحدهما على التعهد في عقد بالتخلي عن طفل سيولد لهما، أو حاول ذلك.

2 - من أحرز مثل هذا العقد أو استعمله أو حاول استعماله.

## الفصل 1-467 196

يعاقب بالحبس من سنتين إلى عشر سنوات وبغرامة من خمسة آلاف إلى مليوني درهم كل شخص يقوم ببيع أو شراء طفل تقل سنه عن ثمان عشرة سنة.

---

**193** - انظر الهامش المضمن في الفصل 111 أعلاه.

**194** - نفس الإحالة.

**195** - نفس الإحالة.

**196** - تممت فصول الفرع الثاني من الباب الثامن من الجزء الأول من الكتاب الثالث من مجموعة القانون الجنائي، بالفصل 1-467 وما يليه، بموجب المادة الرابعة من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

المملكة المغربية                    وزارة العدل والحريات                    مديرية التشريع

يقصد ببيع الأطفال كل فعل أو تعامل يتم بمقتضاه نقل طفل من شخص أو مجموعة أشخاص إلى شخص آخر أو مجموعة أشخاص بمقابل كيفما كان نوعه.

يعاقب بالعقوبة المنصوص عليها في الفقرة الأولى من هذا الفصل:

- كل من حرض الأبوين أو أحدهما أو الكافل أو الوصي أو المقدم أو من له سلطة على طفل أو يتولى رعايته على بيع طفل دون سن الثامنة عشرة أو سهل ذلك أو أعان عليه؛

- كل من قام بالوساطة في بيع أو شراء طفل دون سن الثامنة عشرة أو سهل ذلك أو أعان عليه بأية وسيلة من الوسائل.

يعاقب على محاولة ارتكاب هذه الجرائم بالعقوبة المقررة للجريمة التامة.

يجوز الحكم على المدان بالحرمان من حق أو أكثر من الحقوق المنصوص عليها في الفصل 40 وبالمنع من الإقامة من خمس إلى عشر سنوات.

## الفصل 467-2

يعاقب بالحبس من سنة إلى ثلاث سنوات وبغرامة من خمسة آلاف إلى عشرين ألف درهم ما لم يكن الفعل جريمة أشد، كل من استغل طفلا دون الخامسة عشرة سنة لممارسة عمل قسري أو توسط أو حرض على ذلك[197].

يقصد بالعمل القسري بمفهوم الفقرة السابقة إجبار الطفل على ممارسة عمل لا يسمح به القانون أو القيام بعمل مضر بصحته أو سلامته أو أخلاقه أو تكوينه.

## الفصل 467-3

يعاقب بنفس العقوبة المقررة للجريمة التامة كل من حاول ارتكاب الأفعال المنصوص عليها في الفصول 467-1 و467-2.

## الفصل 467-4

تسري مقتضيات الفصل 464 من هذا القانون على مرتكبي الأفعال المعاقب عليها في الفصول 467-1 إلى 467-3.

---

**197** - استدراك خطأ، منشور بالجريدة الرسمية عدد 5188 بتاريخ 28 ذو الحجة 1424 (19 فبراير2004)، ص 641.

مديرية التشريع          وزارة العدل والحريات          المملكة المغربية

# الفرع 3: في الجنايات والجنح التي تحول دون التعرف على هوية الطفل

## (الفصول 468 – 470)

### الفصل 468

الأب، وعند عدم وجوده، الطبيب أو الجراح أو ملاحظ الصحة أو الحكيمة أو المولدة أو القابلة أو أي شخص حضر الولادة أو وقعت بمحله، يعاقب بالحبس من شهر إلى شهرين وبغرامة من مائة وعشرين[198] إلى مائتي درهم، إذا لم يقم بالتصريح بالازدياد في الأجل القانوني، وذلك في الحالات التي يكون فيها التصريح واجبا[199].

---

**198** - بعد رفع الحد الأدنى للغرامات الجنحية إلى 200 درهم بمقتضى الفصل الثاني من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، سالف الذكر، أصبح الحد الأدنى للغرامة في هذا الفصل مطابقا للحد الأقصى.

**199** - قارن مع مقتضيات المواد 31 و16 و24 من القانون رقم 37.99 المتعلق بالحالة المدنية، الصادر بتنفيذه ظهير شريف رقم 1.02.239 بتاريخ 25 من رجب 1423 (3 أكتوبر 2002)؛ الجريدة الرسمية عدد 5054 بتاريخ 2 رمضان 1423 (7 نوفمبر 2002)، ص 3150.

المادة 31: يعاقب بغرامة مالية من 300 على 1200 درهم كل من وجب عليه التصريح بولادة أو وفاة طبقا لأحكام المادة 16 والمادة 24 ولم يقم بهذا الإجراء، داخل الأجل القانوني.

المادة 16: يقوم بالتصريح بالولادة لدى ضابط الحالة المدنية لمحل وقوعها أقرباء المولود حسب الترتيب:

- الأب أو الأم؛

- وصي الأب؛

- الأخ؛

- ابن الأخ.

يقدم الأخ الشقيق على الأخ للأب، ويقدم هذا الأخير على الأخ للأم، كما يقدم الأكبر سنا على من هو أصغر منه متى كانت له القدرة الكافية على التصريح.

ينتقل واجب التصريح من أحد الأشخاص المذكورين في الفقرة أعلاه إلى الذي يليه في المرتبة متى تعذر التصريح من الأول لسبب من الأسباب.

يقوم الوكيل في ذلك مقام موكله.

إذا تعلق الأمر بمولود من أبوين مجهولين، أو بمولود وقع التخلي عنه بعد الوضع، يصرح بولادته وكيل الملك بصفة تلقائية، أو بناء على طلب من السلطة المحلية، أو من كل من يعنيه الأمر، معززا تصريحه بمحضر منجز في هذا الشأن، وبشهادة طبية تحدد عمر المولود على وجه التقريب، ويختار له اسم شخصي واسم عائلي، وأسماء أبوين أو اسم أب إذا كان معروف الأم، ويشير ضابط الحالة المدنية بطرة رسم ولادته إلى أن أسماء الأبوين أو الأب، حسب الحالة، قد اختيرت له طبقا لأحكام هذا القانون.

يبلغ ضابط الحالة المدنية وكيل الملك بالولادة التي سجلت بهذه الكيفية داخل أجل ثلاثة أيام من تاريخ التصريح.

تصرح بالابن المجهول الأب أمه أو من يقوم مقامها، كما تختار له اسما شخصيا واسم أب مشتقا من أسماء العبودية لله تعالى واسما عائليا خاصا به.

يشار بطرة رسم ولادة الطفل المكفول إلى الوثيقة التي تم بمقتضاها إسناد الكفالة طبقا للتشريع الجاري به العمل.

المادة 24: يصرح بالوفاة لدى ضابط الحالة المدنية لمحل وقوعها عند الأشخاص المبينون أسفله مع مراعاة الترتيب:

- الولد؛

- الزوج؛

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

## الفصل 469

من عثر على وليد، ولم يخطر به ضابط الحالة المدنية ولا السلطات المحلية، يعاقب بالحبس من شهر إلى شهرين وغرامة من مائة وعشرين[200] إلى مائتي درهم أو بإحدى هاتين العقوبتين فقط.

## الفصل 470

من تعمد نقل طفل أو إخفاءه أو تغييبه أو استبداله بطفل آخر أو تقديمه ماديا على أنه ولد لامرأة لم تلده، يعاقب بالحبس من سنتين إلى خمس.

فإذا لم يثبت أنه ولد حيا، فإن العقوبة تكون الحبس من ثلاثة أشهر إلى سنتين.

أما إذا ثبت أنه لم يولد حيا، فإن المتهم يعاقب بالحبس من شهر إلى شهرين، وغرامة من ألف ومائتين إلى مائة ألف درهم أو بإحدى هاتين العقوبتين فقط.

تضاعف العقوبة المنصوص عليها في الفقرة الأولى من هذا الفصل، إذا كان الفاعل من أصول الطفل أو شخصا مكلفا برعايته أو له سلطة عليه[201].

---

- الأب أو الأم أو وصي الأب أو المقدم على الهالك قبل وفاته؛
- الكافل بالنسبة لمكفوله؛
- الأخ؛
- الجد؛
- الأقربون بعد بالترتيب.

تطبق نفس المقتضيات المنصوص عليها في المادة 16 أعلاه فيما يخص الأسبقية وانتقال واجب التصريح والوكالة.

إذا لم يوجد أي شخص من الأشخاص المشار إليهم أعلاه، فإن السلطة المحلية تشعر ضابط الحالة المدنية بهذه الوفاة معززة ذلك بالوثائق اللازمة.

**200** - بعد رفع الحد الأدنى للغرامات الجنحية إلى 200 درهم بمقتضى الفصل الثاني من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، سالف الذكر، أصبح الحد الأدنى للغرامة في هذا الفصل مطابقا للحد الأقصى.

**201** - تم تتميم هذا الفصل بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

مديرية التشريع          وزارة العدل والحريات          المملكة المغربية

## الفرع 4: في خطف القاصرين وعدم تقديمهم

(الفصول 471 – 478)

### الفصل 471

من استعمل العنف أو التهديد أو التدليس لاختطاف قاصر دون الثامنة عشر عاما أو لاستدراجه أو إغرائه أو نقله من الأماكن التي وضع فيها من طرف من له سلطة أو إشراف عليه، سواء فعل ذلك بنفسه أو بواسطة غيره، يعاقب بالسجن من خمس إلى عشر سنوات.

### الفصل 472

إذا كان القاصر الذي وقعت عليه الجريمة المشار إليها في الفصل السابق تقل سنه عن اثني عشر عاما فعقوبة الجاني السجن من عشر إلى عشرين سنة.

ومع ذلك، فإذا كان القاصر قد عثر عليه حيا قبل صدور الحكم بمؤاخذة الجاني، فإن العقوبة تكون السجن من خمس إلى عشر سنوات.

### الفصل 473

إذا أخذ الجاني من الشخص الذي كان القاصر تحت سلطته أو تحت إشرافه فدية مالية، أو كان غرضه أن يحصل على هذه الفدية، كانت عقوبته السجن المؤبد، مهما تكن سن القاصر المجني عليه.

ومع ذلك، فإنه إذا عثر على القاصر حيا قبل صدور الحكم بالمؤاخذة، فإن العقوبة تكون السجن من عشر إلى عشرين سنة.

### الفصل 474

في الحالات المشار إليها في الفصول 471 إلى 473، يعاقب على الاختطاف، بالإعدام، إذا تبعه موت القاصر.

### الفصل 475[202]

من اختطف أو غرر بقاصر تقل سنه عن ثمان عشرة سنة بدون استعمال عنف ولا تهديد ولا تدليس أو حاول ذلك[203]، يعاقب بالحبس من سنة إلى خمس سنوات وبغرامة من مائتين[204] (200) إلى خمسمائة (500) درهم.

---

**202** - تم تغيير وتتميم هذا الفصل بمقتضى المادة الفريدة من القانون رقم 15.14 القاضي بتغيير وتتميم الفصل 475 من مجموعة القانون الجنائي، الصادر بتنفيذه الظهير الشريف رقم 1.14.06 بتاريخ 20 من ربيع الأخر 1435 (20 فبراير 2014)؛ الجريدة الرسمية عدد 6238 بتاريخ 11 جمادى الأولى 1435 (13 مارس 2014)، ص 3138.

## الفصل 476

من كان مكلفا برعاية طفل، وامتنع من تقديمه إلى شخص له الحق في المطالبة به، يعاقب بالحبس من شهر إلى سنة.

## الفصل 477

إذا صدر حكم قضائي بالحضانة وكان نهائيا أو نافذا بصفة مؤقتة، فإن الأب أو الأم أو أي شخص يمتنع عن تقديم القاصر إلى من له الحق في المطالبة بذلك، وكذلك إذا اختطفه أو غرر به، ولو دون تدليس أو عنف أو حمل غيره على التغرير به أو اختطافه ممن عهد إليه بحضانته أو من المكان الذي وضعه فيه، فإنه يعاقب بالحبس من شهر إلى سنة وغرامة من مائتين[205] إلى ألف درهم.

فإذا كان مرتكب الجريمة قد حرم من الولاية الأبوية على القاصر، فإن الحبس يمكن أن يصل إلى ثلاث سنوات.

## الفصل 478

في غير الحالات التي يكون فيها الفعل مشاركة معاقبا عليها، فإن من تعمد إخفاء قاصر مخطوف أو مهرب أو مغرر به أو هارب من سلطة من لهم الولاية القانونية عليه، وكذلك من تعمد تهريبه من البحث عنه، يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين[206] إلى خمسمائة درهم أو بإحدى هاتين العقوبتين فقط.

---

**203** - تم تغيير هذا الفصل بمقتضى المادة الأولى من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**204** - انظر الهامش المضمن في الفصل 111 أعلاه.

**205** - نفس الإحالة.

**206** - نفس الإحالة.

## الفرع 5: في إهمال الأسرة [207]

(الفصول 479 – 482)

### الفصل 479

يعاقب بالحبس من شهر إلى سنة وبالغرامة من 200 إلى 2.000 درهم أو بإحدى هاتين العقوبتين فقط:

1 ـ الأب أو الأم إذا ما ترك أحدهما بيت الأسرة دون موجب قاهر لمدة تزيد على شهرين وتملص من كل أو بعض واجباته المعنوية والمادية الناشئة عن الولاية الأبوية أو الوصاية أو الحضانة،

ولا ينقطع أجل الشهرين إلا بالرجوع إلى بيت الأسرة رجوعا ينم عن إرادة استئناف الحياة العائلية بصورة نهائية،

2 ـ الزوج الذي يترك عمدا، لأكثر من شهرين ودون موجب قاهر، زوجته وهو يعلم أنها حامل.

### الفصل 480

يعاقب بنفس العقوبة من صدر عليه حكم نهائي أو قابل للتنفيذ الموقت بدفع نفقة إلى زوجه أو أحد أصوله أو فروعه وأمسك عمدا عن دفعها في موعدها المحدد،

وفي حالة العود يكون الحكم بعقوبة الحبس حتميا،

والنفقة التي يحددها القاضي تكون واجبة الأداء في محل المستحق لها ما لم ينص الحكم على خلاف ذلك[208].

---

**207** - انظر المقتضيات الزجرية الواردة في المادتين 30 و31 من القانون رقم 01-15 المتعلق بكفالة الأطفال المهملين، سالف الذكر:

المادة 30: تطبق على الكافل عند ارتكابه جريمة في حق المكفول مقتضيات القانون الجنائي التي تعاقب الوالدين على الجرائم التي يرتكبونها في حق الأولاد.

تطبق على المكفول عند ارتكابه جريمة في حق الكافل مقتضيات القانون الجنائي التي تعاقب على الجرائم التي يرتكبها الأولاد في حق الوالدين.

المادة 31: يعاقب الشخص الذي يمتنع عمدا عن أن يقدم لطفل وليد مهمل، المساعدة أو العناية التي تستلزمها حالته أو عن إخبار مصالح الشرطة أو الدرك أو السلطات المحلية لمكان العثور عليه، بالعقوبات المقررة في القانون الجنائي.

**208** - تنص المادة 202 من القانون رقم 70.03 بمثابة مدونة الأسرة، سالف الذكر، على أنه: "كل توقف ممن تجب عليه نفقة الأولاد عن الأداء لمدة أقصاها شهر دون عذر مقبول، تطبق عليه أحكام إهمال الأسرة".

## الفصل 481

إلى جانب المحاكم المختصة طبقا لقواعد الاختصاص العادية فإن المحكمة التي يقيم بدائرتها الشخص المهمل أو المستحق للنفقة تختص هي أيضا بالنظر في الدعاوى المرفوعة تنفيذا لمقتضيات الفصلين السابقين،

ولا يجوز رفع هذه الدعاوى إلا بناء على شكوى من الشخص المهمل أو المستحق للنفقة أو نائبه الشرعي مع الإدلاء بالسند الذي يعتمد عليه، غير أنها ترفع مباشرة من طرف النيابة العمومية عندما يكون النائب الشرعي المذكور هو المقترف للجريمة،

ويجب أن يسبق المتابعة اعذار المخل بالواجب أو المدين بالنفقة بأن يقوم بما عليه في ظرف خمسة عشر يوما،

ويتم هذا الاعذار في شكل استجواب يقوم به أحد ضباط الشرطة القضائية وذلك بناء على طلب من النيابة العمومية،

وإذا كان المدين هاربا أو ليس له محل إقامة معروف فإن ضابط الشرطة القضائية يسجل ذلك ويستغني عن الاستجواب.

## الفصل 482

إذا تسبب أحد الأبوين في إلحاق ضرر بالغ بأطفاله أو بواحد أو أكثر منهم، وذلك نتيجة سوء المعاملة أو إعطاء القدوة السيئة في السكر أو سوء السلوك أو عدم العناية أو التقصير في الإشراف الضروري من ناحية الصحة أو الأمن أو الأخلاق، يعاقب بالحبس من شهر واحد إلى سنة وغرامة من مائتين[209] إلى خمسمائة درهم، سواء حكم عليه بالحرمان من السلطة الأبوية أم لا.

ويجوز علاوة على ذلك، أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 من خمس سنوات إلى عشر.

## الفرع 6: في انتهاك الآداب

(الفصول 483 – 496)

## الفصل 483

من ارتكب إخلالا علنيا بالحياء، وذلك بالعرى المتعمد أو بالبذاءة في الإشارات أو الأفعال، يعاقب بالحبس من شهر واحد إلى سنتين وبغرامة من مائتين[210] إلى خمسمائة درهم.

---

**209** - انظر الهامش المضمن في الفصل 111 أعلاه.

**210** - نفس الإحالة.

المملكة المغربية                    وزارة العدل والحريات                    مديرية التشريع

ويعتبر الإخلال علنيا متى كان الفعل الذي كونه قد ارتكب بمحضر شخص أو أكثر شاهدوا ذلك عفوا أو بمحضر قاصر دون الثامنة عشرة من عمره، أو في مكان قد تتطلع إليه أنظار العموم.

## الفصل 484

يعاقب بالحبس من سنتين إلى خمس سنوات من هتك دون عنف أو حاول هتك عرض قاصر تقل سنه عن ثمان عشرة سنة أو عاجز أو معاق أو شخص معروف بضعف قواه العقلية، سواء كان ذكرا أو أنثى[211].

## الفصل 485

يعاقب بالسجن من خمس إلى عشر سنوات من هتك أو حاول هتك عرض أي شخص ذكرا كان أو أنثى، مع استعمال العنف.

غير أنه إذا كان المجني عليه طفلا تقل سنه عن ثمان عشرة سنة أو كان عاجزا أو معاقا أو معروفا بضعف قواه العقلية، فإن الجاني يعاقب بالسجن من عشر إلى عشرين سنة[212].

## الفصل 486

الاغتصاب هو مواقعة رجل لامرأة بدون رضاها، ويعاقب عليه بالسجن من خمس إلى عشر سنوات.

غير أنه إذا كانت سن المجني عليها تقل عن ثمان عشرة سنة أو كانت عاجزة أو معاقة أو معروفة بضعف قواها العقلية أو حاملا، فإن الجاني يعاقب بالسجن من عشر إلى عشرين سنة[213].

## الفصل 487

إذا كان الفاعل من أصول الضحية أو ممن لهم سلطة عليها أو وصيا عليها أو خادما بالأجرة عندها أو عند أحد من الأشخاص السالف ذكرهم، أو كان موظفا دينيا أو رئيسا دينيا، وكذلك أي شخص استعان في اعتدائه بشخص أو بعدة أشخاص فإن العقوبة هي:

- السجن من خمس إلى عشر سنوات، في الحالة المشار إليها في الفصل 484.

---

**211** - تم تتميم هذا الفصل بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**212** - الإحالة السابقة.

**213** - تم تتميم هذا الفصل بمقتضى المادة الثانية من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، الصادر بتنفيذه ظهير شريف رقم 1.03.207 بتاريخ 16 من رمضان 1424 (11 نوفمبر 2003)؛ الجريدة الرسمية عدد 5175 بتاريخ 12 ذو القعدة 1424 (5 يناير 2004)، ص 121.

- السجن من عشر إلى عشرين سنة، في الحالة المشار إليها في الفقرة الأولى من الفصل 485.

- السجن من عشرين إلى ثلاثين سنة، في الحالة المشار إليها في الفقرة الثانية من الفصل 485.

- السجن من عشر إلى عشرين سنة، في الحالة المشار إليها في الفقرة الأولى من الفصل 486.

- السجن من عشرين إلى ثلاثين سنة، في الحالة المشار إليها في الفقرة الثانية من الفصل 486.

## الفصل 488

في الحالات المشار إليها في الفصول 484 إلى 487، إذا نتج عن الجريمة افتضاض المجني عليها، فإن العقوبة تكون على التفصيل الآتي:

- السجن من خمس إلى عشر سنوات، في الحالة المشار إليها في الفصل 484.

- السجن من عشر إلى عشرين سنة، في الحالة المشار إليها في الفقرة الأولى من الفصل 485.

- السجن من عشرين إلى ثلاثين سنة، في الحالة المشار إليها في الفقرة الثانية من الفصل 485.

- السجن من عشر إلى عشرين سنة، في الحالة المشار إليها في الفقرة الأولى من الفصل 486.

- السجن من عشرين إلى ثلاثين سنة، في الحالة المشار إليها في الفقرة الثانية من الفصل 486.

على أنه إذا كان الجاني أحد الأشخاص المشار إليهم في الفصل 487، فإن الحد الأقصى المقرر للعقوبة في كل فقرة من فقراته يكون هو العقاب.

المملكة المغربية     وزارة العدل والحريات     مديرية التشريع

**رقم الفصل**

| وصف الجريمة | بيان العقوبة (الفصل 483) | العقوبة الإضافية (الفصل 485-484) | العقوبة الأصلية (الفصل 486) | ملاحظات |
|---|---|---|---|---|

2004 بتاريخ 5 يناير 5.1175 عدد دسور الرسمي الجريدة بها بنشر 2003 نونبر 11 بتاريخ 24.03 رقم القانون بنسخ تم - ...

1982/7/7 بتاريخ 3636 عدد الرسمي الجريدة بها المنشورة 1982 يونيو 6 بتاريخ الصادر 200 ...

المملكة المغربية                    وزارة العدل والحريات                    مديرية التشريع

## الفصل 489

يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين[214] إلى ألف درهم من ارتكب فعلا من أفعال الشذوذ الجنسي مع شخص من جنسه، ما لم يكون فعله جريمة أشد.

## الفصل 490

كل علاقة جنسية بين رجل وامرأة لا تربط بينهما علاقة الزوجية تكون جريمة الفساد ويعاقب عليها بالحبس من شهر واحد إلى سنة.

## الفصل 491

يعاقب بالحبس من سنة إلى سنتين أحد الزوجين الذي يرتكب جريمة الخيانة الزوجية، ولا تجوز المتابعة في هذه الحالة إلا بناء على شكوى من الزوجة أو الزوج المجني عليه.

غير أنه في حالة غياب أحد الزوجين خارج تراب المملكة، فإنه يمكن للنيابة العامة أن تقوم تلقائيا بمتابعة الزوج الآخر الذي يتعاطى الخيانة الزوجية بصفة ظاهرة[215].

## الفصل 492

تنازل أحد الزوجين عن شكايته يضع حدا لمتابعة الزوج أو الزوجة المشتكى بها عن جريمة الخيانة الزوجية.

فإذا وقع التنازل بعد صدور حكم غير قابل للطعن، فإنه يضع حدا لآثار الحكم بالمؤاخذة الصادر ضد الزوج أو الزوجة المحكوم عليها.

ولا يستفيد مشارك الزوجة ولا مشاركة الزوج مطلقا من هذا التنازل.

## الفصل 493

الجرائم المعاقب عليها في الفصلين 490 و491 لا تثبت إلا بناء على محضر رسمي يحرره أحد ضباط الشرطة القضائية في حالة التلبس أو بناء على اعتراف تضمنته مكاتيب أو أوراق صادرة عن المتهم أو اعتراف قضائي.

---

**214** - انظر الهامش المضمن في الفصل 111 أعلاه.

**215** - تم تغيير هذا الفصل بمقتضى المادة الأولى من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

مديرية التشريع | وزارة العدل والحريات | المملكة المغربية

## الفصول من 494 إلى 496[216]

## الفرع 7: في إفساد الشباب وفي البغاء

(الفصول 497 – 504)

### الفصل 497

يعاقب بالحبس من سنتين إلى عشر سنوات وبغرامة من عشرين ألف إلى مائتي ألف درهم كل من حرض القاصرين دون الثامنة عشرة على الدعارة أو البغاء أو شجعهم عليها أو سهلها لهم[217].

### الفصل 498

يعاقب بالحبس من سنة إلى خمس سنوات وبالغرامة من خمسة آلاف إلى مليون درهم، ما لم يكن فعله جريمة أشد كل من ارتكب عمدا أحد الأفعال الآتية:

1 ـ أعان أو ساعد أو حمى ممارسة البغاء أو جلب الأشخاص للبغاء وذلك بأية وسيلة كانت؛

2 ـ أخذ بأي شكل كان نصيبا مما يحصل عليه الغير عن طريق البغاء أو الدعارة أو أخذ معونات من شخص اعتاد على تعاطي البغاء أو الدعارة وهو يعلم بذلك؛

3 ـ عاش مع شخص اعتاد على تعاطي البغاء وهو يعلم بذلك؛

4 ـ استخدم أو استدرج أو سلم أو حمى شخصا بقصد ممارسة البغاء أو الدعارة برضاه أو مارس عليه ضغوطا من أجل ممارسة البغاء أو الدعارة أو الاستمرار في ذلك؛

5 ـ مارس الوساطة، بأية صفة كانت، بين من يتعاطى البغاء أو الدعارة وبين من يستغل بغاء الغير أو دعارته أو يؤدي مقابلا عن ذلك؛

6 ـ ساعد من يستغل بغاء أو دعارة الغير على إعطاء تبرير وهمي لموارده المالية؛

7 ـ عجز عن تبرير مصادر مالية ملائمة لمستوى معيشته في الوقت الذي يعيش فيه مع شخص اعتاد على تعاطي البغاء أو الدعارة أو له علاقات مشبوهة مع شخص أو عدة أشخاص يتعاطون البغاء أو الدعارة؛

---

216 - تم إلغاء الفصول من 494 إلى 496 أعلاه بمقتضى المادة الفريدة من القانون رقم 92.13 القاضي بتغيير وتتميم مجموعة القانون الجنائي في الفصول 494، 495، 496؛ الصادر بتنفيذه الظهير الشريف رقم 1.13.71 بتاريخ 18 من رمضان 1434 (27 يوليو 2013)؛ الجريدة الرسمية عدد 6177 بتاريخ 4 شوال 1434 (12 أغسطس 2013)، ص 5736.

**217** - تم تغيير هذا الفصل بمقتضى المادة الأولى من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

8 ـ عرقل أعمال الوقاية أو المراقبة أو المساعدة أو إعادة التربية التي تقوم بها القطاعات أو الهيآت أو المنظمات المؤهلة لذلك تجاه أشخاص يمارسون البغاء أو الدعارة أو معرضين لتلك الممارسة[218].

## الفصل 499

ترفع العقوبات المنصوص عليها في الفصل السابق إلى الحبس من سنتين إلى عشر سنوات وغرامة من عشرة آلاف إلى مليوني درهم في الحالات الآتية:

1 ـ إذا ارتكبت الجريمة تجاه قاصر دون الثامنة عشرة؛

2 ـ إذا ارتكبت الجريمة تجاه شخص يعاني من وضعية صعبة بسبب سنه أو بسبب المرض أو الإعاقة أو نقص بدني أو نفسي أو ضد امرأة حامل سواء كان حملها بينا أو كان معروفا لدى الفاعل؛

3 ـ إذا ارتكبت الجريمة ضد عدة أشخاص؛

4 ـ إذا كان مرتكب الجريمة هو أحد الزوجين أو أحد الأشخاص المذكورين في الفصل 487 من هذا القانون؛

5 ـ إذا استعمل في ارتكاب الجريمة إكراه أو استغلال للسلطة أو تدليس أو استعملت وسائل للتصوير أو التسجيل؛

6 ـ إذا كان مرتكب الجريمة من المكلفين بحكم وظيفتهم بالمساهمة في محاربة البغاء أو الدعارة[219] في حماية الصحة أو الشبيبة أو المحافظة على النظام العام؛

7 ـ إذا كان مرتكب الجريمة حاملا لسلاح ظاهر أو مخبأ؛

8 ـ إذا ارتكبت الجريمة من طرف عدة أشخاص كفاعلين أصليين أو مساهمين أو مشاركين دون أن يكونوا عصابة؛

9 ـ إذا ارتكبت الجريمة بواسطة توجيه بلاغات عبر وسائل الاتصال إلى جمهور غير محدد أو إلى أشخاص محددين[220].

---

218 ـ تم تغيير وتتميم هذا الفصل بمقتضى المادة الثالثة من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

219 ـ وردت عبارة " محاربة البغاء أو الدعارة في حماية الصحة ..." في البند 6 من الفصل 499 أعلاه، ويبدو أن الأمر مجرد خطأ مادي، وأن المقصود هو عبارة " محاربة البغاء أو الدعارة أو في حماية الصحة ..."، كما جاءت في مشروع القانون رقم 24.03، سالف الذكر.

220 ـ تم تغيير وتتميم هذا الفصل بمقتضى المادة الثالثة من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

## الفصل 499-1

يعاقب على الأفعال المنصوص عليها في الفصل 499 أعلاه بالسجن لمدة تتراوح بين عشر سنوات وعشرين سنة وبالغرامة من مائة ألف إلى ثلاثة ملايين درهم إذا ارتكبت بواسطة عصابة إجرامية[221].

## الفصل 499-2

يعاقب بالسجن المؤبد على الأفعال المنصوص عليها في الفصل 499 والفصل 499-1 إذا ارتكبت بواسطة التعذيب أو أعمال وحشية[222].

## الفصل 500

يحكم بالعقوبات المنصوص عليها في الفصول 497 إلى 499، ولو كانت بعض الأفعال المكونة لعناصر الجريمة قد ارتكبت خارج المملكة.

## الفصل 501

يعاقب بالحبس من أربع سنوات إلى عشر سنوات وبالغرامة من خمسة آلاف إلى مليوني درهم كل من ارتكب مباشرة أو بواسطة الغير أحد الأفعال الآتية:

1 - حيازة أو تسيير أو استغلال أو إدارة أو تمويل أو المشاركة في تمويل محل أو مؤسسة تستعمل بصفة اعتيادية للدعارة أو البغاء؛

2 - قيام من يتولى حيازة أو تسيير أو استغلال أو إدارة أو تمويل أو المشاركة في تمويل أية مؤسسة مفتوحة للعموم أو يستعملها العموم بالاعتياد على قبول ممارسة شخص أو عدة أشخاص للدعارة أو البغاء داخل المؤسسة أو ملحقاتها أو قبول بحثهم داخلها عن زبناء لأجل الدعارة أو البغاء أو تغاضيه عن ذلك أو تشجيع السياحة الجنسية؛

3 - وضع محلات أو أماكن لا يستعملها العموم رهن إشارة شخص أو عدة أشخاص مع العلم بأنهم سيستعملونها للدعارة أو البغاء.

تطبق نفس العقوبة على مساعدي الأشخاص المذكورين في الفقرات السابقة من هذا الفصل.

يجب في جميع الحالات، أن يؤمر في الحكم بالإدانة بسحب الترخيص الذي كان يستفيد منه المحكوم عليه كما يجوز أن يحكم بإغلاق المحل نهائيا أو بصفة مؤقتة[223].

---

**221** - أضيف هذا الفصل بمقتضى المادة الخامسة من القانون رقم 03.24 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

**222** - نفس الإحالة.

**223** - تم استدراك خطأ بشأن تغيير وتتميم الفصل 501 بمقتضى المادة الثالثة من القانون رقم 03.24 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

## الفصل 1-501

إذا كان مرتكب الجرائم المنصوص عليها في الفصول 497 إلى 503 شخصا معنويا، فيعاقب بالغرامة من عشرة آلاف إلى ثلاثة ملايين درهم وتطبق في حقه العقوبات الإضافية والتدابير الوقائية المنصوص عليها في الفصل 127 من هذا القانون وذلك مع عدم الإخلال بالعقوبات التي قد تطبق على مسيريه[224].

## الفصل 502

يعاقب بالحبس من شهر واحد إلى سنة وبالغرامة من عشرين ألف إلى مائتي ألف درهم[225]، من قام علنا بجلب أشخاص، ذكورا أو إناثا، لتحريضهم على الدعارة، وذلك بواسطة إشارات أو أقوال أو كتابات أو أية وسيلة أخرى.

## الفصل 503

يعاقب بالحبس من شهر واحد إلى سنتين وبالغرامة من عشرين ألف إلى مائتي ألف درهم[226] ما لم يكن فعله جريمة أشد، من تغاضى عن ممارسة الدعارة بصفة مستترة ومعتادة من أشخاص يتعاطون البغاء في محلات أو أمكنة يتصرف فيها بأية صفة إذا كانت مما لا يستعمله الجمهور.

## الفصل 1-503

يعاقب بالحبس من سنة إلى سنتين وبالغرامة من خمسة آلاف إلى خمسين ألف درهم، من أجل جريمة التحرش الجنسي كل من استعمل ضد الغير أوامر أو تهديدات أو وسائل للإكراه أو أية وسيلة أخرى مستغلا السلطة التي تخولها له مهامه، لأغراض ذات طبيعة جنسية[227].

## الفصل 2-503

يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من عشرة آلاف إلى مليون درهم كل من حرض أو شجع أو سهل استغلال أطفال تقل سنهم عن ثمان عشرة سنة في مواد إباحية، وذلك بإظهار أنشطة جنسية بأية وسيلة كانت سواء أثناء الممارسة الفعلية أو بالمحاكاة أو المشاهدة أو أي تصوير للأعضاء الجنسية للأطفال يتم لأغراض ذات طبيعة جنسية.

---

224 ـ أضيف هذا الفصل بمقتضى المادة الخامسة من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

225 ـ تم تغيير هذا الفصل بمقتضى المادة الأولى من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

226 ـ نفس الإحالة.

227 ـ أضيف هذا الفصل بمقتضى المادة الخامسة من القانون رقم 24.03 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

تطبق نفس العقوبة على كل من قام بإنتاج أو توزيع أو نشر أو استيراد أو تصدير أو عرض أو بيع أو حيازة مواد إباحية من هذا النوع.

يعاقب على هذه الأفعال حتى لو ارتكبت عناصرها خارج المملكة.

تضاعف العقوبة المنصوص عليها في الفقرة الأولى من هذا الفصل إذا كان الفاعل من أصول الطفل أو مكلفا برعايته أو له سلطة عليه.

تطبق نفس العقوبة على محاولة الأفعال المذكورة.

يأمر الحكم الصادر بالإدانة بمصادرة وإتلاف المواد الإباحية.

ويمكن للمحكمة أن تأمر بنشر أو تعليق الحكم الصادر بالإدانة.

علاوة على ذلك، يمكن أن يأمر، عند الاقتضاء، في الحكم بالإدانة بسحب الترخيص الذي كان يستفيد منه المحكوم عليه كما يجوز أن يحكم بإغلاق المحلات بصفة نهائية أو بصفة مؤقتة[228].

## الفصل 504

في جميع الحالات، يجوز الحكم على مرتكبي الجنح المعاقب عليها في هذا الفرع، زيادة على ما ذكر، بالحرمان من حق أو أكثر من الحقوق المنصوص عليها في الفصل 40 وبالمنع من الإقامة، من خمس إلى عشر سنوات.

ومحاولة هذه الجنح تعاقب بنفس العقوبات التي تعاقب بها الجريمة التامة.

# الباب التاسع: في الجنايات والجنح المتعلقة بالأموال

(الفصول 505 – 607)

## الفرع 1: في السرقات وانتزاع الأموال

(الفصول 505 – 539)

## الفصل 505

من اختلس عمدا مالا مملوكا للغير يعد سارقا، ويعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين[229] إلى خمسمائة درهم.

---

**228** - نفس الإحالة.

**229** - انظر الهامش المضمن في الفصل 111 أعلاه.

## الفصل 506

استثناء من أحكام الفصل السابق، فإن سرقة الأشياء الزهيدة القيمة يعاقب عليها بالحبس من شهر إلى سنتين وغرامة من مائتين[230] إلى مائتين وخمسين درهما.

على أنه إذا اقترنت هذه السرقة بظروف مشددة، مما أشير إليه في الفصول 507 إلى 510 طبقت عليها العقوبات المقررة في تلك الفصول.

## الفصل 507

يعاقب على السرقة بالسجن المؤبد إذا كان السارقون أو أحدهم حاملا لسلاح، حسب مفهوم الفصل 303، سواء كان ظاهرا أو خفيا، حتى ولو ارتكب السرقة شخص واحد وبدون توفر أي ظرف آخر من الظروف المشددة.

وتطبق نفس العقوبة، إذا احتفظ السارقون أو احتفظ أحدهم فقط بالسلاح في الناقلة ذات المحرك التي استعملت لنقلهم إلى مكان الجريمة أو خصصت لهروبهم.

## الفصل 508

السرقات التي ترتكب في الطرق العمومية أو في ناقلات تستعمل لنقل الأشخاص أو البضائع أو الرسائل، أو في نطاق السكك الحديدية أو المحطات أو الموانئ أو المطارات أو أرصفة الشحن أو التفريغ، إذا اقترنت بظرف واحد على الأقل من الظروف المشددة المشار إليها في الفصل التالي، يعاقب عليها بالسجن من عشرين إلى ثلاثين سنة.

## الفصل 509

يعاقب بالسجن من عشر إلى عشرين سنة على السرقات التي تقترن بظرفين على الأقل من الظروف الآتية:

- استعمال العنف أو التهديد به أو تزي بغير حق بزي نظامي أو انتحال وظيفة من وظائف السلطة.

- ارتكابها ليلا.

- ارتكابها بواسطة شخصين أو أكثر.

- استعمال التسلق أو الكسر من الخارج أو الداخل أو نفق تحت الأرض أو مفاتيح مزورة أو كسر الأختام للسرقة من دار أو شقة أو غرفة أو منزل مسكون أو معد للسكنى أو أحد ملحقاته.

- إذا استعمل السارقون ناقلة ذات محرك لتسهيل السرقة أو الهروب.

---

**230** - نفس الإحالة.

ـ إذا كان السارق خادما أو مستخدما بأجر، ولو وقعت السرقة على غير مخدومه ممن وجدوا في منزل المخدوم أو في مكان آخر ذهب إليه صحبة مخدومه.

ـ إذا كان السارق عاملا أو متعلما لمهنة، وارتكب السرقة في مسكن مستخدمه أو معلمه أو محل عمله أو محل تجارته، وكذلك إذا كان السارق ممن يعملون بصفة معتادة في المنزل الذي ارتكب فيه السرقة.

### الفصل 510

يعاقب على السرقة بالسجن من خمس إلى عشر سنوات إذا اقترنت بواحد من الظروف الآتية:

ـ استعمال العنف أو التهديد به أو تزي بغير حق بزي نظامي أو انتحال وظيفة من وظائف السلطة.

ـ وقوعها ليلا.

ـ ارتكابها من شخصين أو أكثر.

ـ استعمال التسلق أو الكسر أو استخدام نفق تحت الأرض أو مفاتيح مزورة أو كسر الأختام، حتى ولو كان المكان الذي ارتكبت فيه السرقة غير معد للسكنى، أو كان الكسر داخليا.

ـ ارتكاب السرقة في أوقات الحريق أو الانفجار أو الانهدام أو الفيضان، أو الغرق أو الثورة أو التمرد أو أية كارثة أخرى.

ـ إذا وقعت السرقة على شيء يتعلق بسلامة وسيلة من وسائل النقل، الخاص أو العام.

### الفصل 511

يعد منزلا مسكونا كل مبنى أو بيت أو مسكن أو خيمة أو مأوى، ثابت أو متنقل، سواء كان مسكونا فعلا أو معدا للسكنى، وكذلك جميع ملحقاته، كالساحات وحظائر الدواجن والخزين والإصطبل أو أي بناية داخلة في نطاقه مهما كان استعمالها، حتى ولو كان لها سياج خاص بها داخل السياج أو الحائط العام.

### الفصل 512

يعد كسرا التغلب أو محاولة التغلب على أي وسيلة من وسائل الإغلاق سواء بالتحطيم أو الإتلاف أو بأية طريقة أخرى تمكن الشخص من الدخول إلى مكان مغلق، أو من أخذ شيء موضوع في مكان مقفل أو أثاث أو وعاء مغلق.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 513

يعد تسلقا الدخول إلى منزل أو مبنى أو ساحة أو حظيرة أو أية بناية أو حديقة أو بستان أو مكان مسور، وذلك بطريق تسور الحوائط أو الأبواب أو السقوف أو الحواجز الأخرى.

## الفصل 514

تعد مفاتيح مزورة المخاطيف أو المفاتيح المقلدة أو الزائفة أو المغيرة أو التي لم يعدها المالك أو الحائز لفتح الأماكن التي فتحها السارق.

ويعد كذلك مفتاحا مزورا المفتاح الحقيقي الذي احتفظ به السارق بغير حق.

## الفصل 515

من زيف أو غير المفاتيح يعاقب بالحبس من ثلاثة أشهر إلى سنتين، وغرامة من مائتين[231] إلى خمسمائة درهم.

فإذا كان مرتكب الجريمة ممن يشتغل بصناعة الأقفال، فإن الحبس يكون من سنتين إلى خمس والغرامة من مائتين وخمسين إلى خمسمائة درهم، ما لم يكن فعله عملا من أعمال المشاركة في جريمة أشد.

## الفصل 516

تعد طرقا عمومية الطرق والمسالك والممرات أو أي مكان مخصص لاستعمال الجمهور، الموجود خارج حدود العمران والتي يستطيع كل فرد أن يتجول فيها ليلا أو نهارا دون معارضة قانونية من أي كان.

---

**231** - انظر الهامش المضمن في الفصل 111 أعلاه.

المملكة المغربية   وزارة العدل والحريات   مديرية التشريع



**الفصل 517**[232]

من سرق من الحقول خيولا أو دواب للحمل أو عربات أو دواب للركوب أو مواشي، كبيرة أو صغيرة، أو أدوات فلاحية، يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من ألف ومائتين إلى خمسة آلاف درهم.

---

**232**- غير وتمم بالمادة الفريدة من القانون رقم 10.11 الصادر بتنفيذه ظهير شريف رقم 1.11.152 بتاريخ 16 من رمضان 1432 (17 أغسطس 2011)؛ الجريدة الرسمية عدد 5975 بتاريخ 6 شوال 1432 (5 سبتمبر 2011)، ص 4396.

وتطبق نفس العقوبة على سرقة الأخشاب من أماكن قطعها والأحجار من محاجرها والرمال من الشواطئ أو من الكثبان الرملية الساحلية أو من الأودية أو من أماكنها الطبيعية والأسماك من بركة أو حوض أو ترعة خاصة.

غير أنه إذا تعلق الأمر بجنحة سرقة الرمال من الأماكن المنصوص عليها في الفقرة السابقة وتم تحديد الكمية المسروقة منها، فإن الغرامة تكون خمسمائة درهم عن كل متر مكعب على أن لا تقل عن ألف ومائتي درهم. ويعتبر كل جزء من متر مكعب بمثابة متر مكعب.

تأمر المحكمة، علاوة على ذلك، بأن يصادر لفائدة الدولة، مع حفظ حقوق الغير حسني النية، الآلات والأدوات والأشياء ووسائل النقل التي استعملت في ارتكاب الجريمة أو كانت ستستعمل في ارتكابها أو التي تحصلت منها وكذلك المنح وغيرها من الفوائد التي كوفئ بها مرتكب الجريمة أو كانت معدة لمكافأته.

## الفصل 518

من سرق من الحقول محاصيل أو منتجات نافعة منفصلة عن الأرض ولو كانت في حزم أو أكوام، يعاقب بالحبس من خمسة عشر يوما إلى سنتين وغرامة من مائتين[233] إلى مائتين وخمسين درهما.

فإذا ارتكبت السرقة ليلا أو من عدة أشخاص أو بالاستعانة بناقلات أو دواب الحمل، فإن الحبس يكون من سنة إلى خمس والغرامة من مائتين[234] إلى خمسمائة درهم.

## الفصل 519

من سرق محاصيل أو منتجات نافعة لم تفصل عن الأرض بعد، وكان ذلك بواسطة سلات، أو حقائب أو ما يماثلها من أدوات، أو مستعينا بناقلات أو بدواب الحمل، أو كان ذلك ليلا أو بواسطة شخصين أو أكثر، يعاقب بالحبس من خمسة عشر يوما إلى سنتين، وغرامة من مائتين[235] إلى مائتين وخمسين درهما.

فإذا اجتمع في السرقة ظروف التشديد الأربعة المعدودة في الفقرة السابقة، فعقوبتها الحبس من سنتين إلى خمس وغرامة من مائتين[236] إلى خمسمائة درهم.

## الفصل 520

من نزع حدودا فاصلة بين عقارين، وذلك بقصد ارتكاب سرقة، يعاقب بالحبس من سنتين إلى خمس سنوات وغرامة من مائتين[237] إلى ألف درهم.

---

**233** - انظر الهامش 31 أعلاه.

**234** - نفس الإحالة.

**235** - نفس الإحالة.

**236** - نفس الإحالة.

## الفصل 521

من اختلس عمدا قوى كهربائية، أو أي قوى ذات قيمة اقتصادية، يعاقب بالحبس من شهر إلى سنتين وغرامة من مائتين وخمسين إلى ألفي درهم أو بإحدى هاتين العقوبتين فقط.

## الفصل 522

من استعمل ناقلة ذات محرك، بغير علم صاحب الحق فيها أو رغم اعتراضه، يعاقب بالحبس من شهر إلى سنتين، ما لم يكن فعله جريمة أشد.

ولا تجوز المتابعة إلا بناء على شكوى من أضرت به الجريمة، وتنتهي المتابعة إذا سحبت الشكوى.

## الفصل 523

يعاقب بالحبس من شهر إلى سنة وغرامة من مائتين[238] إلى ألف درهم، أحد الورثة أو مدعي الوراثة، الذي يتصرف بسوء نية في التركة أو جزء منها قبل اقتسامها.

ويعاقب بنفس العقوبة المالك على الشياع أو الشريك الذي يتصرف بسوء نية في المال المشترك أو رأس المال.

## الفصل 524

يعاقب بالحبس من سنة إلى خمس وغرامة من مائتين[239] إلى خمسمائة درهم، المحجوز عليه الذي يتلف أو يبدد عمدا الأشياء المحجوزة المملوكة له التي سلمت لغيره لحراستها.

أما في حالة وضع الأشياء المحجوزة تحت حراسة مالكها، فعقوبته الحبس من ستة أشهر إلى ثلاثة سنوات وغرامة من مائتين[240] إلى خمسمائة درهم.

## الفصل 525

الراهن الذي يبدد أو يتلف عمدا شيئا مملوكا له، رهنه في دين عليه أو على غيره يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين[241] إلى خمسمائة درهم.

---

**237** - نفس الإحالة.

**238** - نفس الإحالة.

**239** - نفس الإحالة.

**240** - نفس الإحالة.

**241** - نفس الإحالة.

## الفصل 526

في الحالات المشار إليها في الفصلين السابقين، يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين[242] إلى خمسمائة درهم، من أخفى عمدا الأشياء المبددة؛ وتطبق نفس العقوبة على زوج أو أصل أو فرع المحجوز عليه والمدين والمقترض أو الراهن إذا ساعدوا في تبديدها أو إتلافها أو في محاولة ذلك.

## الفصل 527

من عثر مصادفة على منقول، وتملكه بدون أن يخطر به مالكه ولا الشرطة المحلية، يعاقب بالحبس من شهر إلى سنة.

ويعاقب بنفس العقوبة من تملك، بسوء نية، منقولا وصل إلى حيازته صدفة أو خطأ.

## الفصل 528

من عثر على كنز، ولو في ملك له، ولم يخطر به السلطة العامة، في ظرف خمسة عشر يوما من يوم اكتشافه، يعاقب بغرامة من مائتين[243] إلى مائتين وخمسين درهما.

أما من عثر على كنز وتملكه، كله أو بعضه، دون أن يصدر له إذن بذلك من الجهة القضائية المختصة، حتى ولو كان قد أخطر به السلطة العامة، فإنه يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين[244] إلى مائتين وخمسين درهما.

## الفصل 529

من سبق الحكم عليه من أجل جناية أو جنحة ضد الأموال، منذ مدة تقل عن عشرة أعوام، ثم وجد في حيازته نقود أو أوراق مالية أو أشياء لا تتناسب مع حالته ولم يستطع أن يثبت حصوله عليها من مصدر مشروع، يعاقب بالحبس من شهر إلى ستة أشهر.

## الفصل 530

من وجد في حيازته أدوات، مما يستخدم في فتح الأقفال أو كسرها ولم يستطع أن يثبت لهذه الحيازة غرضا مشروعا، يعاقب بالحبس من ثلاثة أشهر إلى سنة.

## الفصل 531

في الحالات المشار إليها في الفصلين السابقين، يجب على المحكمة أن تقضي بمصادرة النقود أو الأوراق المالية أو الأشياء أو الأدوات، طبقا لأحكام الفصل 89.

---

242 - نفس الإحالة.

243 - نفس الإحالة.

244 - نفس الإحالة.

## الفصل 532

من طلب طعاما أو شرابا وتناوله كله أو بعضه، في أحد المحلات المعدة لذلك، حتى ولو كان من نزلائه، وكان يعلم أنه يستحيل عليه مطلقا دفع ثمنه، فإنه يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين [245] إلى مائتين وخمسين درهما.

وتطبق نفس العقوبة على من احتجز لنفسه غرفة أو أكثر في فندق أو نزل وشغلها فعلا وهو يعلم أنه يستحيل عليه مطلقا دفع كرائها.

على أنه في الحالات المشار إليها في الفقرتين السابقتين يشترط للعقاب أن تكون إقامة الشخص في الفندق أو النزل لم تتجاوز سبعة أيام، محسوبة طبقا للعوائد المحلية.

## الفصل 533

من ركب سيارة أجرة، وهو يعلم أنه يستحيل عليه مطلقا أن يدفع أجر مقعده، يعاقب بالحبس من شهر إلى ثلاثة أشهر وغرامة من مائتين [246] إلى خمسمائة درهم.

## الفصل 534

يعفى من العقاب، مع التزامه بالتعويضات المدنية، السارق في الأحوال الآتية:

1 ـ إذا كان المال المسروق مملوكا لزوجه.

2 ـ إذا كان المال المسروق مملوكا لأحد فروعه.

## الفصل 535

إذا كان المال المسروق مملوكا لأحد أصول السارق أو أحد أقاربه أو أصهاره إلى الدرجة الرابعة، فلا يجوز متابعة الفاعل إلا بناء على شكوى من المجني عليه؛ وسحب الشكوى يضع حدا للمتابعة.

## الفصل 536

المشاركون أو المساهمون مع السارقين، الذين تنطبق عليهم أحكام الفصلين السابقين، وكذلك مرتكبو جريمة إخفاء تلك المسروقات، لا تسري عليهم أحكام هذين الفصلين، طالما أنهم لا تتوفر فيهم الصفات المشار إليها فيهما.

---

**245** ـ نفس الإحالة.

246 ـ نفس الإحالة.

المملكة المغربية      وزارة العدل والحريات      مديرية التشريع

## الفصل 537

من انتزع توقيعا أو حصل على محرر أو عقد أو سند أو أية ورقة أخرى تتضمن أو تثبت التزاما أو تصرفا أو إبراء، وكان ذلك بواسطة القوة أو العنف أو الإكراه، فإنه يعاقب بالسجن من خمس سنوات إلى عشر.

## الفصل 538

من حصل على مبلغ من المال، أو الأوراق المالية أو على توقيع أو على تسليم ورقة مما أشير إليه في الفصل السابق، وكان ذلك بواسطة التهديد بإفشاء أو نسبة أمور شائنة، سواء كان التهديد شفويا أو كتابيا، يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين[247] إلى ألفي درهم.

## الفصل 539

في جميع الجرائم المشار إليها في فصول هذا الفرع، يجوز الحكم على المتهمين أيضا بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة؛ من خمس سنوات إلى عشر.

ويعاقب على المحاولة في تلك الجنح بالعقوبة المقررة للجريمة التامة.

# الفرع 2: في النصب وإصدار شيك دون رصيد

(الفصول 540 – 546)

## الفصل 540

يعد مرتكبا لجريمة النصب، ويعاقب بالحبس من سنة إلى خمس سنوات وغرامة من خمسمائة إلى خمسة آلاف درهم، من استعمل الاحتيال ليوقع شخصا في الغلط بتأكيدات خادعة أو إخفاء وقائع صحيحة أو استغلال ماكر لخطأ وقع فيه غيره ويدفعه بذلك إلى أعمال تمس مصالحه أو مصالح الغير المالية بقصد الحصول على منفعة مالية له أو لشخص آخر.

وترفع عقوبة الحبس إلى الضعف والحد الأقصى للغرامة إلى مائة ألف درهم، إذا كان مرتكب الجريمة أحد الأشخاص الذين استعانوا بالجمهور في إصدار أسهم أو سندات أو اذنوات أو حصص أو أي أوراق مالية أخرى متعلقة بشركة أو بمؤسسة تجارية أو صناعية.

## الفصل 541

الإعفاء من العقوبة، وقيود المتابعة الجنائية، التي قررتها الفصول 534 إلى 536 تطبق على جريمة النصب المعاقب عليها في الفقرة الأولى من الفصل السابق.

---

**247** - نفس الإحالة.

## الفصل 542

يعاقب بعقوبة النصب المقررة في الفقرة الأولى من الفصل 540 من يرتكب بسوء نية أحد الأفعال الآتية:

1 ـ أن يتصرف في أموال غير قابلة للتفويت.

2 ـ أن يتصرف في مال برهنه عقاريا أو حيازيا أو إعطاء حق انتفاع أو كراء أو أي تصرف آخر، إضرارا بمن سبق له التعاقد معه بشأنه.

3 ـ أن يستمر في تحصيل دين انقضى بالوفاء أو التجديد.

## الفصل 543

يعد مصدرا لشيك بدون رصيد من يرتكب بسوء نية أحد الأفعال الآتية:

1 ـ إصدار شيك ليس له رصيد قائم قابل للتصرف أو له رصيد يقل عن قيمته، وكذلك سحب الرصيد كله أو جزء منه بعد إصدار الشيك، أو إصدار أمر للمسحوب عليه بعدم الدفع.

2 ـ قبول تسلم شيك صدر في الظروف المشار إليها في الفقرة السابقة.

ويعاقب مرتكب الجريمة بالعقوبة المقررة في الفقرة الأولى من الفصل 540، على أن لا تقل الغرامة عن قيمة الشيك أو قيمة الرصيد الناقص[248].

---

248 ـ انظر المواد المتعلقة بالشيك في القانون رقم 15.95 المتعلق بمدونة التجارة، سالف الذكر، ويتعلق الأمر بالمواد 239 وما بعدها، ولا سيما المواد من 316 إلى 333 والمادة 733.

المادة 316: يعاقب بالحبس من سنة إلى خمس سنوات وبغرامة تتراوح بين 2.000 و10.000 درهم، دون أن تقل قيمتها عن خمسة وعشرين في المائة من مبلغ الشيك أو من الخصاص:

1 ـ ساحب الشيك الذي أغفل أو لم يقم بتوفير مؤونة الشيك قصد أدائه عند تقديمه؛

2 ـ ساحب الشيك المتعرض بصفة غير صحيحة لدى المسحوب عليه؛

3 ـ من زيف أو زور شيكا؛

4 ـ من قام عن علم بقبول تسلم شيك مزور أو مزيف أو بتظهيره أو ضمانه ضمانا احتياطيا؛

5ـ من استعمل عن علم أو حاول استعمال شيك مزيف أو مزور؛

6 ـ كل شخص قام عن علم بقبول أو تظهير شيك شرط أن لا يستخلص فورا وأن يحتفظ به على سبيل الضمان. تصادر الشيكات المزيفة أو المزورة وتبدد. ويتم مصادرة المواد والآلات والأجهزة والأدوات التي استعملت أو كانت معدة لإنتاج هذه الشيكات، إلا إذا استعملت دون علم مالكها.

المادة 733: إن أحكام هذا القانون (مدونة التجارة) تنسخ وتعوض الأحكام المتعلقة بالموضوعات نفسها حسبما وقع تغييرها أو تتميمها...

مديرية التشريع            وزارة العدل والحريات            المملكة المغربية

### الفصل 544

من أصدر أو قبل شيكا بشرط ألا يصرف فورا وأن يحتفظ به كضمانة، يعاقب بالعقوبات المقررة في الفقرة الأولى في الفصل 540؛ على أن لا تقل الغرامة عن قيمة الشيك.

### الفصل 545

يعاقب بالعقوبات المقررة في الفصلين 357 و358، حسب التفصيلات المبينة في كل منهما، من ارتكب أحد الأفعال الآتية:

1 - تزييف شيك أو تزويره.

2 - قبول تسلم شيك يعلم أنه مزيف أو مزور.

### الفصل 546

في الحالات المشار إليها في الفصلين 540 و541، يجوز أيضا أن يحكم على المجرم بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة من خمس سنوات إلى عشر.

ويعاقب على محاولة هذه الجرائم بالعقوبة المقررة للجريمة التامة.

## الفرع 3: في خيانة الأمانة، والتملك بدون حق

(الفصول 547 – 555)

### الفصل 547

من اختلس أو بدد بسوء نية، اضرارا بالمالك أو واضع اليد أو الحائز، أمتعة أو نقودا أو بضائع أو سندات أو وصولات أو أوراقا من أي نوع تتضمن أو تنشئ التزاما أو ابراء كانت سلمت إليه على أن يردها، أو سلمت إليه لاستعمالها أو استخدامها لغرض معين، يعد خائنا للأمانة ويعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين[249] إلى ألفي درهم.

وإذا كان الضرر الناتج عن الجريمة قليل القيمة، كانت عقوبة الحبس من شهر إلى سنتين والغرامة من مائتين[250] إلى مائتين وخمسين درهما مع عدم الإخلال بتطبيق الظروف المشددة المقررة في الفصلين 549 و550.

---

249 - انظر الهامش المضمن في الفصل 111 أعلاه.

250 - نفس الإحالة.

## الفصل 548

الإعفاء من العقوبة، وقيود المتابعة الجنائية، المقررة في الفصول 534 إلى 536، تسري على جريمة خيانة الأمانة المعاقب عليها بالفصل 547.

## الفصل 549

ترفع عقوبة خيانة الأمانة إلى الحبس من سنة إلى خمس سنوات والغرامة من مائتين[251] إلى خمسة آلاف درهم، في الحالات الآتية:

- إذا ارتكبها عدل أو حارس قضائي أو قيم أو مشرف قضائي، وذلك أثناء قيامه بوظيفته أو بسببها.

- إذا ارتكبها الناظر أو الحارس أو المستخدم في وقف، إضرارا بهذا الأخير.

- إذا ارتكبها أجير أو موكل، إضرارا بمستخدمه أو موكله.

## الفصل 550

إذا ارتكب خيانة الأمانة أحد الأشخاص الذين يحصلون من الجمهور على مبالغ أو قيم على سبيل الوديعة أو الوكالة أو الرهن، سواء بصفتهم الشخصية أو بصفتهم مديرين أو مسيرين أو عملاء لشركات أو مؤسسات تجارية أو صناعية، فإن عقوبة الحبس المقررة في الفصل 547 ترفع إلى الضعف، كما يرفع الحد الأقصى للغرامة إلى مائة ألف درهم.

## الفصل 551

من تسلم مقدما مبالغ من أجل تنفيذ عقد، ثم رفض تنفيذ هذا العقد أو رد تلك المبالغ المسبقة، دون عذر مشروع، يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين[252] إلى مائتين وخمسين درهما.

## الفصل 552

من استغل حاجة قاصر دون الواحدة والعشرين أو بالغا فاقد الأهلية أو محجورا، أو استغل أهواءه أو عدم خبرته، ليحصل منه على التزام أو إبراء أو أي سند يمس ذمته المالية، إضرارا به، يعاقب بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين[253] إلى ألفي درهم.

وإذا كان المجني عليه تحت سلطة الجاني أو تحت إشرافه أو تحت رعايته، رفعت العقوبة إلى الحبس من سنة إلى خمس والغرامة من مائتين وخمسين إلى ثلاثة آلاف درهم.

---

**251** - نفس الإحالة.

**252** - نفس الإحالة.

**253** - نفس الإحالة.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 553

من أؤتمن على ورقة موقعة على بياض ثم خان أمانتها، بأن كتب بسوء نية فوق التوقيع التزاما أو إبراء أو أي تصرف يمكن أن يمس شخص الموقع عليها أو ذمته المالية، يعاقب بالحبس من سنة إلى خمس وغرامة من مائتين[254] إلى خمسة آلاف درهم.

وفي حالة ما إذا كانت الورقة لم تسلم إليه على سبيل الأمانة، فإنه يعاقب كمزور بالعقوبات المنصوص عليها في الفصلين 357 أو 358 حسب التفصيلات المقررة فيهما.

## الفصل 554

من قدم ورقة أو مستندا أو مذكرة في نزاع إداري أو قضائي، ثم اختلسها أو بددها، يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين[255] إلى خمسمائة درهم.

## الفصل 555

في الحالات المشار إليها في الفصول 547 و549 و550 و552 و553، يجوز أيضا أن يحكم على الجاني بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة، من خمس سنوات إلى عشر.

---

**254** - نفس الإحالة.

**255** - نفس الإحالة.

# الفرع 4: في التفالس[256]

(الفصول 556 – 569)

## الفصل 556

يعد مرتكبا لجريمة التفالس ويعاقب بالعقوبات المقررة في هذا الفرع للتفالس البسيط أو للتفالس بالتدليس، على حسب الأحوال، التاجر المتوقف عن الدفع الذي يرتكب، إهمالا أو عمدا، أحد الأعمال المعاقب عليها والتي من شأنها الإضرار بحقوق دائنيه.

---

**256** - قارن مع مقتضيات المواد من 721 إلى 727 من القانون رقم 95-15 المتعلق بمدونة التجارة، سالف الذكر، مع مراعاة مقتضيات المادة 733 من نفس القانون سالف ذكرها.

المادة 721: يدان بالتفالس في حالة افتتاح إجراء المعالجة الأشخاص المشار إليهم في المادة 702 الذين تبين أنهم ارتكبوا أحد الأفعال التالية:

1- قاموا إما بعمليات شراء قصد البيع بثمن أقل من السعر الجاري أو لجأوا إلى وسائل مجحفة قصد الحصول على أموال بغية تجنب أو تأخير فتح مسطرة المعالجة؛

2 - اختلسوا أو أخفوا كلا أو جزءا من أصول المدين؛

3 - قاموا تدليسيا بالزيادة في خصوم المدين؛

4 - قاموا بمسك حسابات وهمية أو أخفوا وثائق للمقاولة أو الشركة أو امتنعوا عن مسك أية حسابات رغم أن القانون يفرض ذلك.

المادة 722: يعاقب المتفالس بالحبس من سنة إلى خمس سنوات وبغرامة من 10.000 إلى 100.000 درهم أو بإحدى هاتين العقوبتين فقط.

يتعرض المشاركون في التفالس لنفس العقوبات ولن تكن لهم صفة مسيرى المقاولة.

عندما يكون المتفالس مسيرا قانونيا أو فعليا لشركة ذات أسهم مسعرة ببورصة القيم، تضاعف العقوبات المنصوص عليها في الفقرة الأولى.

المادة 723: يتعرض كذلك لسقوط الأهلية التجارية المنصوص عليه في الباب الثاني من هذا القسم كعقوبة إضافية الأشخاص المدانون من أجل الجرائم المنصوص عليها في هذا الفصل.

المادة 725: لا يسري تقادم الدعوى العمومية لتطبيق أحكام الفصلين 1 و2 من هذا الباب إلا من يوم النطق بحكم فتح مسطرة إجراء المعالجة حينما تكون الأفعال المجرمة قد ظهرت في هذا التاريخ.

المادة 726: تعرض الدعوى على أنظار القضاء الزجري إما بمتابعة من النيابة العامة أو من طرف السنديك بصفته طرفا مدنيا.

تطبق المقتضيات المنصوص عليها في المادة 710.

المادة 727: يمكن للنيابة العامة أن تطلب من السنديك أن يسلمها جميع العقود والوثائق التي بحوزته.

انظر كذلك المواد من 62 إلى 68 من مدونة التجارة التي تضمنت جزاءات أخرى عن بعض الأفعال المرتبطة بالتجارة؛

انظر أيضا المخالفات والعقوبات الزجرية المنصوص عليها في القانون رقم 17.95 المتعلق بشركات المساهمة، الصادر بتنفيذه ظهير شريف رقم 1.96.124 بتاريخ 14 من ربيع الآخر 1417 (30 أغسطس 1996)؛ الجريدة الرسمية عدد 4422 بتاريخ 4 جمادى الآخرة 1417 ( 17 أكتوبر 1996)، ص 2320)، وكذا في الفصول من 100 إلى 118 من القانون رقم 5.96 المتعلق بشركة التضامن وشركة التوصية البسيطة وشركة التوصية بالأسهم والشركة ذات المسؤولية المحدودة وشركة المحاصة، الصادر بتنفيذه ظهير شريف رقم 1.97.49 بتاريخ 5 شوال 1417 ( 13 فبراير 1997)؛ الجريدة الرسمية عدد 4478 بتاريخ 23 ذي الحجة 1417 ( فاتح ماي 1997)، ص 1058.

مديرية التشريع          وزارة العدل والحريات          المملكة المغربية

## الفصل 557

يعد مرتكبا للتفالس البسيط، ويعاقب بالحبس من ثلاثة أشهر إلى ثلاث سنوات، التاجر المتوقف عن الدفع في الحالات الآتية:

1 ـ إذا أنفق نفقات باهضة في معيشته أو في القمار أو المراهنات.

2 ـ إذا أنفق مبالغ جسيمة في عمليات المضاربة أو العمليات الصورية في البورصة أو بشأن بضائع.

3 ـ إذا قام بعمليات شراء بقصد البيع بسعر أقل من السعر الجاري أو استخدم وسائل مجحفة للحصول على رؤوس أموال، وذلك كله لغرض تأخير ثبوت توقفه عن الدفع.

4 ـ إذا أدى ديون بعض الدائنين، بعد توقفه عن الدفع إضرارا ببقية الدائنين.

5 ـ إذا كان قد سبق إشهار إفلاسه مرتين وتم كل منهما بعدم كفاية أصوله لتسديد ديونه.

6 ـ إذا لم يمسك حسابا.

7 ـ إذا كان يباشر مهنته رغم المنع القانوني.

## الفصل 558

يعد مرتكبا للتفالس البسيط، ويعاقب بالعقوبات المقررة في الفصل السابق، التاجر المتوقف عن الدفع إذا ارتكب بسوء نية أحد الأفعال الآتية:

1 ـ إذا عقد لحساب الغير التزامات دون حصوله على قيم مقابلة، وكانت هذه الالتزامات مغالى فيها بالنظر إلى حالته عند عقدها.

2 ـ إذا أعلن إفلاسه قبل أن يوفي بجميع التزاماته التي تعهد بها من قبل، بمقتضى صلح واق من الإفلاس.

3 ـ إذا امتنع، عن التصريح في كتابة الضبط المختصة بتوقفه عن الدفع وإيداع ميزانيته، وذلك في ظرف خمسة عشر يوما الموالية ليوم التوقف عن الدفع.

4 ـ إذا امتنع من الحضور شخصيا أمام وكيل التفليسة "السانديك" في الحالات والمواعد المحددة.

5 ـ إذا قدم حسابات ناقصة أو غير منتظمة.

## الفصل 559

في حالة توقف شركة عن الدفع، فإن الذي يعاقب بعقوبة التفالس البسيط هم المديرون أو المسيرون أو المصفون في الشركات المجهولة الاسم، والمسيرون والمصفون في

المملكة المغربية                 وزارة العدل والحريات                 مديرية التشريع

الشركات المحدودة المسؤولية، وعلى العموم، أي واحد ممن يمثلون الشركة، إذا قاموا بصفتهم هذه، بأحد الأعمال الآتية عن سوء نية:

1 ـ إنفاق مبالغ جسيمة مملوكة للشركة في عمليات مضاربة أو عمليات صورية.

2 ـ القيام بعمليات شراء بقصد البيع بسعر أقل من السعر الجاري، أو استعمال وسائل مجحفة للحصول على رؤوس الأموال، وذلك كله بقصد تأخير ثبوت توقف الشركة عن الدفع.

3 ـ الوفاء بديون بعض الدائنين، أو حمل غيرهم على هذا الوفاء، بعد توقف الشركة عن الدفع، إضرارا ببقية الدائنين.

4 ـ حمل الشركة على عقد التزامات باهظة بالنسبة إلى حالتها وقت التعاقد وذلك لحساب الغير ودون حصول الشركة على قيم مقابلة.

5 ـ مسك أو حمل الغير على مسك حسابات الشركة بصورة غير منتظمة.

## الفصل 560

يعاقب بعقوبة التفالس البسيط مديرو الشركات المجهولة الاسم ومسيروها والمصفون لها ومسيرو الشركات المحدودة المسؤولية والمصفون لها، وعلى العموم، كل ممثلي هذه الشركات الذين يبددون أو يخفون أموالهم كلها أو بعضها بسوء نية أو يعترفون بمديونيتهم بديون لا حقيقة لها بسوء نية قصد تخليص أموالهم كلها أو بعضها من متابعة الشركة المتوقفة عن الدفع أو متابعة الشركاء أو دائني الشركة.

## الفصل 561

يعد مرتكبا للتفالس بالتدليس، ويعاقب بالحبس من سنتين إلى خمس سنوات، التاجر المتوقف عن الدفع الذي يخفي حساباته أو يبدد أصوله كلها أو بعضها أو يتلفها، وكذلك الذي يقر بمديونيته بديون لا حقيقة لها إما في أوراق أو عقود رسمية أو عرفية، وإما بإثباتها في الميزانية.

ويجوز أيضا أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 من خمس سنوات إلى عشر.

## الفصل 562

في حالة توقف شركة عن الدفع، فإن الذي يعاقب بعقوبة التفالس بالتدليس هم:

مديرو الشركات المجهولة الاسم أو مسيروها أو المصفون لها، وكذلك المسيرون للشركات المحدودة المسؤولية أو المصفون لها، وعلى العموم، كل ممثلي هذه الشركات، إذا أخفوا دفاتر الشركة أو بددوا أو أخفوا كل أصولها أو بعضها، وكذلك إذا أقروا بمديونية

الشركة بديون لا حقيقة لها إما في أوراق أو عقود رسمية أو عرفية وإما بإثباتها في الميزانية، وكان ذلك كله بسوء نية.

## الفصل 563

يعاقب بعقوبة التفالس بالتدليس:

1 - من ثبت أنه اختلس أو أخفى أو هرب لصالح المدين أمواله العقارية أو المنقولة كلها أو بعضها، ما لم يكون فعله مشاركة معاقبا عليها طبقا للفصل 129.

2 - من ثبت أنه تقدم، بسوء نية، بديون صورية في التفليسة، سواء فعل ذلك باسمه أو باسم شخص آخر.

3 - من كان يباشر التجارة باسم غيره أو تحت اسم صوري، وثبت ارتكابه لعمل من الأعمال المشار إليها في الفصل 561.

4 - من كان يمارس مهنة وكيل الصرف أو سمسار في القيم المنقولة ولو لم تثبت إدانته إلا عن تفالس بسيط.

## الفصل 564

زوج المدين أو أصوله أو فروعه أو أقاربه أو أصهاره إلى الدرجة الرابعة، الذين يبددون أو يهربون أو يخفون أموالا منقولة قابلة لأن تدخل في أصول التفليسة، وذلك دون أن يكونوا متواطئين مع المدين، يعاقبون بالحبس من ستة أشهر إلى ثلاث سنوات وغرامة من مائتين[257] إلى ثلاثة آلاف درهم.

## الفصل 565

إذا اشترط أحد الدائنين على المدين أو على أي شخص آخر حصوله على فوائد خاصة به مقابل تصويته في مداولات جمعية الدائنين، يعاقب بالعقوبة المقررة في الفصل السابق.

## الفصل 566

" سنديك " التفليسة، الذي يرتكب خيانة أو يتلاعب في أداء مهمته، يعاقب بالعقوبة المقررة في الفصل 549.

## الفصل 567

يعاقب المشاركون في التفالس البسيط أو بالتدليس بالعقوبة المقررة للفاعل الأصلي، حتى ولو لم يكونوا تجارا.

---

257 - انظر الهامش المضمن في الفصل 111 أعلاه.

### الفصل 568

في جميع الأحوال المشار إليها في هذا الفرع، يجوز أيضا أن يحكم على مرتكب الجريمة بالحرمان من مباشرة المهنة المقرر في الفصل 87.

### الفصل 569

كل حكم بالمؤاخذة تطبيقا لهذا الفرع، يجب إلصاقه ونشره في صحيفة من الصحف التي تنشر الإعلانات القضائية، وذلك على نفقة المحكوم عليه.

## الفرع 5: في الاعتداء على الأملاك العقارية

(فصل وحيد)

### الفصل 570

يعاقب بالحبس من شهر إلى ستة أشهر وغرامة من مائتين[258] إلى خمسمائة درهم من انتزع عقارا من حيازة غيره خلسة أو باستعمال التدليس.

فإذا وقع انتزاع الحيازة ليلا أو باستعمال العنف أو التهديد أو التسلق أو الكسر أو بواسطة أشخاص متعددين أو كان الجاني أو أحد الجناة يحمل سلاحا ظاهرا أو مخبأ فإن الحبس يكون من ثلاثة أشهر إلى سنتين والغرامة من مائتين[259] إلى سبعمائة وخمسين درهما.

## الفرع 6: في إخفاء الأشياء

(الفصول 571 – 574)

### الفصل 571

من أخفى عن علم كل أو بعض الأشياء المختلسة، أو المبددة، أو المتحصل عليها من جناية أو جنحة، يعاقب بالحبس من سنة واحدة إلى خمس سنوات وغرامة من مائتين[260] إلى ألفي درهم، ما لم يكون الفعل مشاركة معاقبا عليها بعقوبة جناية طبقا للفصل 129.

إلا أنه إذا كانت العقوبة المقررة في القانون للجنحة التي تحصلت منها الأشياء أقل من العقوبة المشار إليها في الفقرة السابقة فإن هذه العقوبة الأخيرة تعوض بالعقوبة المقررة لمرتكب الجريمة الأصلية.

---

**258** - نفس الإحالة.

**259** - نفس الإحالة.

**260** - نفس الإحالة.

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

## الفصل 572

في الحالة التي تكون فيها العقوبة المطبقة على مرتكبي الجريمة التي تحصلت منها الأشياء المخفاة أو المبددة أو المتحصل عليها هي عقوبة جنائية فإن المخفي تطبق عليه نفس العقوبة إذا ثبت أنه كان يعلم وقت الإخفاء الظروف التي استوجبت تلك العقوبة حسب القانون.

غير أن عقوبة الإعدام تعوض بالنسبة للمخفي بعقوبة السجن المؤبد.

## الفصل 573

في حالة الحكم على المخفي بعقوبة جنحية، يجوز أيضا أن يحكم عليه بالحرمان من واحد أو أكثر من الحقوق المنصوص عليها في الفصل 40 من خمس سنوات إلى عشر.

## الفصل 574

الإعفاء من العقوبة، وقيود المتابعة الجنائية، المقررة في الفصول 534 إلى 536 تطبق على جريمة الإخفاء المشار إليها في الفصلين 571 و572.

## الفرع السادس مكرر: غسل الأموال [261]

### (الفصول 574-1 – 574-7)

### الفصل 574-1[262]

تكون الأفعال التالية جريمة غسل الأموال عندما ترتكب عمدا وعن علم:

- اكتساب أو حيازة أو استعمال أو استبدال أو تحويل أو نقل ممتلكات أو عائداتها بهدف إخفاء أو تمويه طبيعتها الحقيقية أو مصدرها غير المشروع لفائدة الفاعل أو لفائدة الغير، عندما تكون متحصلة من إحدى الجرائم المنصوص عليها في الفصل 574-2 بعده ؛

- إخفاء أو تمويه الطبيعة الحقيقية للممتلكات أو مصدرها أو مكانها أو كيفية التصرف فيها أو حركتها أو ملكيتها أو الحقوق المتعلقة بها، مع العلم بأنها عائدات متحصلة من إحدى الجرائم المنصوص عليها في الفصل 574.2 بعده؛

- مساعدة أي شخص متورط في ارتكاب إحدى الجرائم المنصوص عليها في الفصل 574-2 بعده على الإفلات من الآثار التي يرتبها القانون على أفعاله؛

- تسهيل التبرير الكاذب، بأية وسيلة من الوسائل، لمصدر ممتلكات أو عائدات مرتكب إحدى الجرائم المشار إليها في الفصل 574-2 بعده، التي حصل بواسطتها على ربح مباشر أو غير مباشر؛

- تقديم المساعدة أو المشورة في عملية حراسة أو توظيف أو إخفاء أو استبدال أو تحويل أو نقل العائدات المتحصل عليها بطريقة مباشرة أو غير مباشرة من ارتكاب إحدى الجرائم المذكورة في الفصل 574.2 بعده.

- محاولة ارتكاب الأفعال المنصوص عليها في هذا الفصل.

---

261 - تَمَّمَتْ أحكام الفرع السادس مكرر أعلاه، الباب التاسع من القسم الأول من الكتاب الثالث من مجموعة القانون الجنائي، وذلك بمقتضى المادة الأولى من القانون رقم 43.05 المتعلق بمكافحة غسل الأموال، الصادر بتنفيذه ظهير شريف رقم 1.07.79 بتاريخ 28 من ربيع الأول 1428 (17 أبريل 2007)؛ الجريدة الرسمية عدد 5522 بتاريخ 15 من ربيع الآخر 1428 (03 ماي 2007)، ص 1359؛ وتتضمن هذه المادة الباب الأول تحت عنوان "أحكام زجرية". فيما تتضمن المادة الثانية من هذا القانون أحكام الباب الثاني حول الوقاية من غسل الأموال، والباب الثالث أحكام خاصة بالجرائم الإرهابية، وأحكام ختامية في الباب الرابع والأخير.
262 - تم تغيير وتتميم أحكام هذا الفصل بمقتضى المادة الثالثة من القانون 13.10 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

### الفصل 574-2[263]

يسري التعريف الوارد في الفصل 574-1 أعلاه على الجرائم التالية ولو ارتكبت خارج المغرب:

– الاتجار غير المشروع في المخدرات والمؤثرات العقلية؛

– الاتجار في البشر؛

– تهريب المهاجرين؛

– الاتجار غير المشروع في الأسلحة والذخيرة؛

– الرشوة والغدر واستغلال النفوذ واختلاس الأموال العامة والخاصة؛

– الجرائم الإرهابية؛

– تزوير أو تزييف النقود وسندات القروض العمومية ووسائل الأداء الأخرى؛

– الانتماء إلى عصابة منظمة أنشئت أو وجدت للقيام بإعداد أو ارتكاب فعل إرهابي أو أفعال إرهابية؛

– الاستغلال الجنسي؛

– إخفاء أشياء متحصلة من جناية أو جنحة؛

– خيانة الأمانة؛

– النصب؛

– الجرائم التي تمس بالملكية الصناعية؛

– الجرائم التي تمس بحقوق المؤلف والحقوق المجاورة؛

– الجرائم المرتكبة ضد البيئة؛

– القتل العمدي أو العنف أو الإيذاء العمدي؛

– الاختطاف والاحتجاز وأخذ الرهائن؛

– السرقة وانتزاع الأموال؛

– تهريب البضائع؛

---

**263** - تم تغيير وتتميم أحكام هذا الفصل بمقتضى المادة الثالثة من القانون 13.10 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

− الغش في البضائع وفي المواد الغذائية؛

− التزييف والتزوير وانتحال الوظائف أو الألقاب أو الأسماء أو استعمالها بدون حق؛

− تحويل الطائرات أو السفن أو أية وسيلة أخرى من وسائل النقل أو إتلافها أو إتلاف منشآت الملاحة الجوية أو البحرية أو البرية أو تعييب أو تخريب أو إتلاف وسائل الاتصال؛

− الحصول أثناء مزاولة مهنة أو القيام بمهمة على معلومات متميزة واستخدامها لإنجاز أو المساعدة عمدا على إنجاز عملية أو أكثر في السوق؛

− المس بنظم المعالجة الآلية للمعطيات.

**الفصل 574-3[264]**

دون الإخلال بالعقوبات الأشد، يعاقب على غسل الأموال :

- فيما يخص الأشخاص الطبيعيين بالحبس من سنتين إلى خمس سنوات وبغرامة من 20.000 إلى 100.000 درهم؛

- فيما يخص الأشخاص المعنوية بغرامة من 500.000 إلى 3.000.000 درهم، دون الإخلال بالعقوبات التي يمكن إصدارها على مسيريها أو المستخدمين العاملين بها المتورطين في الجرائم.

**الفصل 574-4**

ترفع عقوبات الحبس والغرامة إلى الضعف:

- عندما ترتكب الجرائم باستعمال التسهيلات التي توفرها مزاولة نشاط مهني؛

- عندما يتعاطى الشخص بصفة اعتيادية لعمليات غسل الأموال؛

- عندما ترتكب الجرائم في إطار عصابة إجرامية منظمة؛

- في حالة العود.

يوجد في حالة العود من ارتكب الجريمة داخل الخمس سنوات الموالية لصدور حكم مكتسب لقوة الشيء المقضي به من أجل إحدى الجرائم المنصوص عليها في الفصل 574-1 أعلاه.

---

[264] - تم تغيير وتتميم أحكام هذا الفصل بمقتضى المادة الثالثة من القانون 13.10 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

مديرية التشريع                    وزارة العدل والحريات                    المملكة المغربية

## الفصل 574-5[265]

يجب دائما الحكم في حالة الإدانة من أجل جريمة غسل الأموال بالمصادرة الكلية للأشياء والأدوات والممتلكات التي استعملت أو كانت ستستعمل في ارتكاب الجريمة والعائدات المتحصلة منها أو القيمة المعادلة لتلك الأشياء والأدوات والممتلكات والعائدات مع حفظ حق الغير حسن النية.

يمكن أيضا الحكم على مرتكبي جريمة غسل الأموال بواحدة أو أكثر من العقوبات الإضافية التالية:

- حل الشخص المعنوي ؛

- نشر المقررات المكتسبة لقوة الشيء المقضي به الصادرة بالإدانة بواسطة جميع الوسائل الملائمة على نفقة المحكوم عليه.

يمكن علاوة على ذلك الحكم على مرتكب جريمة غسل الأموال بالمنع المؤقت أو النهائي من أن يزاول بصفة مباشرة أو غير مباشرة واحدة أو أكثر من المهن أو الأنشطة أو الفنون التي ارتكبت الجريمة أثناء مزاولتها.

## الفصل 574-6

تطبق العقوبات المنصوص عليها في هذا القانون، حسب الحالة، على مسيري ومستخدمي الأشخاص المعنويين المتورطين في عمليات غسل الأموال، عندما تثبت مسؤوليتهم الشخصية.

## الفصل 574-7

يستفيد من الأعذار المعفية، وفق الشروط المنصوص عليها في الفصول من 143 إلى 145 من مجموعة القانون الجنائي، الفاعل أو المساهم أو المشارك الذي يبلغ للسلطات المختصة، قبل علمها عن الأفعال المكونة لمحاولة ارتكاب جريمة غسل الأموال.

تخفض العقوبة إلى النصف، إذا تم التبليغ بعد ارتكاب الجريمة.

---

**265** - تم تغيير وتتميم أحكام هذا الفصل بمقتضى المادة الثالثة من القانون 13.10 المتعلق بتغيير وتتميم مجموعة القانون الجنائي، سالف الذكر.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

## الفرع 7: في بعض الاعتداءات على الملكية الأدبية والفنية 266

(الفصول 575 – 579)

### الفصل 575

من طبع في المملكة كلا أو بعضا من الكتب أو التصانيف الموسيقية أو الرسوم أو الصور الفنية أو أي إنتاج آخر مطبوع أو منقوش، مخالفا بذلك القوانين والنظم المتعلقة

---

266 - قارن مع مقتضيات المادتين 64 و65 من القانون رقم 2.00 المتعلق بحقوق المؤلف والحقوق المجاورة، الصادر بتنفيذه ظهير شريف رقم 1.00.20 بتاريخ 9 ذي القعدة 1420 (15 فبراير 2000)؛ الجريدة الرسمية عدد 4796 بتاريخ 14 صفر 1421 (18 ماي 2000)، ص. 1112.

المادة 64: كل خرق لحق محمي بموجب هذا القانون يتم اقترافه عن قصد أو نتيجة إهمال بهدف الربح، يعرض صاحبه للعقوبات المنصوص عليها في القانون الجنائي، وتقوم المحكمة بتحديد مبلغ الغرامة، مع مراعاة الأرباح التي حصل عليها المدعى عليه من الخرق.

للسلطات القضائية الصلاحية في رفع الحد الأقصى للعقوبات إلى ثلاثة أضعاف عندما تتم إدانة المدعى عليه في المرة الثانية بسبب اقترافه لعمل يشكل خرقا للحقوق، قبل انقضاء مدة خمس سنوات على إدانته بسبب اقترافه لخرق سابق.

كما تطبق السلطات القضائية التدابير والعقوبات المشار إليها في الفصلين 59 و60 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر، شريطة ألا يكون قد سبق اتخاذ قرار بشأن هذه العقوبات في محاكمة مدنية.

التدابير والتعويضات عن الضرر والعقوبات في حالة التجاوز في استعمال الوسائل التقنية وتحريف المعلومات المتعلقة بنظام الحقوق.

المادة 65: تعتبر الأعمال التالية غير قانونية وتعتبر بمثابة خرق لحقوق المؤلفين وغيرهم من أصحاب حق المؤلف بموجب المواد من 61 إلى 63 :

أ) صنع أو استيراد، بهدف البيع أو التأجير، لأداة أو وسيلة تم إعدادها أو تكييفها خصيصا لتعطيل أي أداة أو وسيلة بهدف استعمالها أو منع أو تقليص استنساخ مصنف أو إفساد جودة النسخ أو النسخ المنجزة؛

ب) صنع أو استيراد، بهدف البيع أو التأجير، لأداة أو وسيلة من شأنها أن تمكن أو تسهل استقبال برنامج مشفر مذاع أو مبلغ للجمهور بأي شكل آخر من لدن أشخاص غير مؤهلين لاستقباله؛

ج) الحذف أو التغيير بدون تفويض لأي معلومة متعلقة بنظام الحقوق المقدمة على شكل إلكتروني؛

د) التوزيع أو الاستيراد بهدف التوزيع، والإذاعة والتبليغ للجمهور أو الوضع في متناول الجمهور بدون تفويض لمصنفات أداءات ومسجلات صوتية أو بث إذاعي، مع العلم أن المعلومات المتعلقة بنظام الحقوق المقدمة على شكل إلكتروني يكون قد وقع حذفها أو تغييرها بدون ترخيص؛

ه) طبقا لمقتضيات هذه المادة، يقصد بعبارة "المعلومات المتعلقة بنظام الحقوق" تلك التي تمكن من تحديد هوية المؤلف والمصنف، وفنان الأداء، وأوجه الأداء ومنتج المسجلات الصوتية. والمسجل الصوتي، وهيأة الإذاعة، والبرنامج الإذاعي، وكل صاحب حق طبقا لهذا القانون، أو أي معلومة متعلقة بشروط وكيفيات استعمال المصنف، والإنتاجات الأخرى المقصودة بهذا القانون، وكل رقم أو رمز يمثل هذه المعلومات، عندما يكون أي عنصر من عناصر هذه المعلومة ملحقا بنسخة مصنف أو أداءات مثبتة أو نسخة مسجل صوتي، أو برنامج إذاعي مثبت، أو يبدو متعلقا بالبث الإذاعي، أو تبليغ مصنفات أو أداءات أو مسجلات صوتية أو برنامج إذاعي للجمهور أو وضع رهن تداوله.

عملا بمقتضيات المواد من 61 إلى 63، فإن كل أداة أو وسيلة مشار إليها في الفقرة الأولى، وكل نسخة وقع فيها حذف أو تغيير معلومات متعلقة بنظام الحقوق منه، تدخل في حكم النسخ أو النظائر المزورة للمصنفات.

بملكية مؤلفيها، يعد مرتكبا لجريمة التقليد، ويعاقب بغرامة من مائتين [267] إلى عشرة آلاف درهم، سواء نشرت هذه المؤلفات في المغرب أو في الخارج.

ويعاقب بنفس العقوبة من يعرض هذه المؤلفات المقلدة للبيع أو يوزعها أو يصدرها أو يستوردها.

## الفصل 576

يعد مرتكبا لجريمة التقليد ويعاقب بالعقوبة المقررة في الفصل السابق من أنتج أو عرض أو أذاع، بأية وسيلة كانت، مؤلفا أدبيا، منتهكا بذلك حقوق المؤلف التي يحميها وينظمها القانون.

## الفصل 577

إذا كان مرتكب التقليد قد تعود ارتكاب الأعمال المعاقب عليها بالفصلين السابقين، فإنه يعاقب بالحبس من ثلاثة أشهر إلى سنتين والغرامة من خمسمائة إلى عشرين ألف درهم.

وفي حالة العود إلى ارتكاب الجريمة، بعد الحكم عليه من أجل جريمة الاعتياد، فإن عقوبة الحبس والغرامة يمكن أن ترفع إلى الضعف كما يجوز أيضا الحكم بإغلاق المحل الذي يستغله المقلد أو شركاؤه إغلاقا نهائيا أو مؤقتا.

## الفصل 578

في جميع الحالات المشار إليها في الفصول 575 إلى 577، يحكم أيضا على مرتكبي الجريمة بمصادرة مبلغ يعادل حصتهم في المدخول الحاصل من الإنتاج أو العرض أو الإذاعة غير المشروعة، وكذلك مصادرة جميع الأدوات التي أقيمت خصيصا لهذا الإنتاج غير المشروع، والأشياء المقلدة ونسخها.

ويجوز أيضا للمحكمة أن تأمر، بناء على طلب المدعى بالحق المدني، وتطبيقا لأحكام الفصل 48، بنشر الحكم بالمؤاخذة كله أو بعضه في صحف تعينها، وبإلصاقه في الأمكنة التي تحددها، وخاصة على أبواب مسكن المحكوم عليه والمؤسسة أو قاعة العرض المملوكة له، وذلك على نفقة المحكوم عليه، بشرط أن لا تجاوز نفقات هذا النشر الحد الأقصى للغرامة المقررة.

## الفصل 579

في الأحوال المشار إليها في الفصول 575 إلى 578، تسلم الأدوات والنسخ المقلدة والمبالغ المصادرة إلى المؤلف أو خلفه تعويضا له عن الضرر الذي أصابه، أما باقي التعويضات التي قد يستحقها أو التعويضات الكاملة في حالة عدم وجود مصادرة، فإن للمدعي بالحق المدني أن يطالب بها بالطرق المعتادة.

---

**267** - انظر الهامش المضمن في الفصل 111 أعلاه.

# الفرع 8: في التخريب والتعييب والإتلاف

(الفصول 580 – 607)

## الفصل 580

من أوقد النار عمدا في مبنى أو بيت أو مسكن أو خيمة أو مأوى ثابت أو متنقل، أو باخرة أو سفينة أو متجر أو ورش، إذا كانت هذه المحلات مسكونة أو معدة للسكنى، وعلى العموم، في أي محل آخر مسكون أو معد للسكنى، سواء كان مملوكا له أو لغيره، يعاقب بالإعدام.

ويعاقب بنفس العقوبة من أوقد النار عمدا في ناقلات أو طائرات أو عربات بها أشخاص أو في عربات ليس بها أحد ولكنها تكون جزءا من قافلة بها أشخاص.

## الفصل 581

يعاقب بالسجن من عشر إلى عشرين سنة من أوقد النار عمدا في شيء غير مملوك له من الأشياء الآتية:

- مبنى أو بيت أو مسكن أو خيمة أو مأوى، ثابت أو متنقل، أو باخرة أو سفينة أو ورش أو متجر، إذا كان غير مسكون ولا معد للسكنى.

- ناقلة أو طائرة ليس بها أشخاص.

- غابات أو أخشاب مقطوعة أو أخشاب موضوعة في حزم أو أكوام.

- مزروعات قائمة أو تبن أو قش أو محصولات موضوعة في حزم أو أكوام.

- عربات خاوية أو عامرة ببضائع أو منقولات أخرى، إذا لم تكن جزءا من قافلة.

## الفصل 582

من أوقد النار عمدا أو أمر بذلك في شيء مملوك له من الأشياء المعدودة في الفصل السابق، وسبب بذلك لغيره ضررا أيا كان عن عمد، يعاقب بالسجن من خمس سنوات إلى عشر.

وتطبق نفس العقوبة على من أوقد النار، بناء على أمر المالك، في هذه الحالة.

## الفصل 583

من أوقد النار عمدا في شيء، أيا كان مملوك له أو لا، موضوع بشكل يسمح بانتقال الحريق، فحرق بسبب هذا الاتصال مالا مملوكا للغير من الأموال المعدودة في الفصل 581، يعاقب بالسجن من خمس إلى عشر سنوات.

### الفصل 584

في جميع الحالات المشار إليها في الفصول 581 إلى 583، إذا ترتب عن الحريق العمد موت شخص أو أكثر، فإن مرتكب الحريق يعاقب بالإعدام.

وإذا ترتب عن الحريق جروح أو عاهة مستديمة، فالعقوبة هي السجن المؤبد.

### الفصل 585

تطبق العقوبات المقررة في الفصول 580 إلى 584، حسب التفصيلات المقررة فيها، على من خرب عمدا بواسطة مفرقعات أو أية مادة متفجرة، كلا أو جزءا من مبنى أو بيت أو مسكن أو خيمة أو مأوى أو باخرة أو سفينة أو ناقلة من أي نوع أو عربة أو طائرة أو متجر أو ورش أو إحدى ملحقاتها، وعلى العموم أي شيء منقول أو عقاري من أي نوع كان؛ ويعاقب على المحاولة كالجريمة التامة.

### الفصل 586

من خرب عمدا، بواسطة مفرقعات أو أية مادة متفجرة، مسالك عامة أو خاصة أو حواجز أو سدودا أو طرقا أو قناطر أو منشآت الموانئ أو منشآت صناعية، يعاقب بالسجن من عشرين إلى ثلاثين سنة؛ ويعاقب على المحاولة كالجريمة التامة.

### الفصل 587

من وضع عمدا شحنة متفجرة في طريق عام أو خاص يعاقب بالسجن من عشرين إلى ثلاثين سنة.

### الفصل 588

إذا نتج عن الجرائم المشار إليها في أحد الفصلين 586 أو 587 موت شخص أو أكثر، فإن الجاني يعاقب بالإعدام. وإذا نتج عن الجريمة جروح أو عاهة مستديمة، فالعقوبة هي السجن المؤبد.

### الفصل 589

يتمتع بعذر معف من العقاب، بالشروط المقررة في الفصلين 143 و145، أحد الجناة في الجرائم المشار إليها في الفصول 585 إلى 587، إذا أخطر بها السلطات الإدارية أو القضائية وكشف عن شخصية الجناة الآخرين وكان ذلك قبل تمام الجريمة وقبل أية متابعة؛ وكذلك إذا مكن من القبض على بقية الجناة ولو كان ذلك بعد ابتداء المتابعة. إلا أنه يجوز أن يحكم عليه بالمنع من الإقامة من عشر إلى عشرين سنة.

## الفصل 590

من خرب أو هدم عمدا بأية وسيلة كانت، كلا أو بعضا من مبان أو قناطر، أو حواجز أو سدود أو طرق أو منشآت الموانئ أو منشآت صناعية، يعلم أنها مملوكة لغيره وكذلك من تسبب في انفجار آلة بخارية، أو تخريب محرك آلي في منشآت صناعية، يعاقب بالسجن من خمس سنوات إلى عشر.

وإذا نتج عن الجريمة المشار إليها في الفقرة السابقة قتل إنسان أو جروح أو عاهة مستديمة للغير، فإن الجاني يعاقب بالإعدام في حالة القتل وبالسجن من عشر إلى عشرين سنة في الحالات الأخرى.

## الفصل 591

من وضع في ممر أو طريق عام شيئا يعوق مرور الناقلات، أو استعمل أي وسيلة كانت لعرقلة سيرها، وكان غرضه من ذلك التسبب في حادث أو تعطيل المرور أو مضايقته، فإنه يعاقب بالسجن من خمس سنوات إلى عشر.

وإذا نتج عن الجريمة المشار إليها في الفقرة السابقة قتل إنسان أو جروح أو عاهة مستديمة للغير، فإن الجاني يعاقب بالإعدام في حالة القتل، وبالسجن من عشر إلى عشرين سنة في الحالات الأخرى.

## الفصل 592

في غير الحالات المشار إليها في الفصل 276 فإن من يحرق أو يتلف عمدا بأي وسيلة كانت، سجلات أو أصول الوثائق المتعلقة بالسلطة العامة أو صورها الرسمية أو سندات أو حجمها، أو سفتجة أو أوراقا تجارية أو بنكية متضمنة أو منشئة لالتزامات أو تصرفات أو إبراء، فإنه يعاقب بالسجن من خمس إلى عشر سنوات، إن كانت الأوراق المتلفة متعلقة بالسلطة العامة أو أوراقا تجارية أو بنكية، وبالحبس من سنتين إلى خمس سنوات وغرامة من مائتين [268] إلى خمسمائة درهم، إن كانت أوراقا أخرى.

## الفصل 593

يعاقب بالعقوبات المقررة في الفصل السابق، حسب التفصيلات الموضحة به، ما لم يكون فعله جريمة أشد، من أتلف أو اختلس أو أخفى أو ستر أو حرف، عن علم وثيقة عامة أو خاصة، من شأنها أن تسهل البحث عن الجنايات أو الجنح أو كشف أدلتها أو عقاب مرتكبيها.

---

**268** - نفس الإحالة.

## الفصل 594

مرتكبو النهب أو التخريب لمواد غذائية أو بضائع أو منقولات أخرى، في جماعات أو عصابات باستعمال القوة، يعاقبون بالسجن من عشر إلى عشرين سنة، ما لم يكن الفعل جريمة أشد مثل إحدى الجنايات المشار إليها في الفصلين 201 و203.

و مع ذلك فإن الجناة الذين يثبتون أنهم قد دفعوا إلى المساهمة في هذه الاضطرابات بواسطة محرضين أو مهيجين، تكون عقوبتهم السجن من خمس سنوات إلى عشر.

## الفصل 595

يعاقب بالحبس من شهر إلى سنتين وغرامة من مائتين[269] إلى خمسمائة درهم من خرب أو هدم أو كسر أو عيب، عمدا شيئا مما يأتي:

ـ بناء أو تمثالا أو رسما أو أي شيء آخر مخصص للزينة أو المنفعة العمومية أنشأته أو وضعته السلطة العامة أو أذنت به.

ـ بناء أو تمثالا أو رسما أو شيئا ما له قيمة فنية موضوعا في متحف أو مكان مخصص للعبادة، أو في أي مبنى مفتوح للجمهور.

## الفصل 596

من عيب عمدا بضائع أو مواد أو محركات آلية أو أدوات أيا كانت تستخدم في الصناعة وذلك باستعمال مواد متلفة أو أية وسيلة أخرى، يعاقب بالحبس من شهر إلى سنتين وغرامة من مائتين[270] إلى ألف درهم.

فإذا كان مرتكب الجريمة عاملا في المصنع أو مستخدما في المحل التجاري فإن عقوبة الحبس تكون من سنتين إلى خمس.

## الفصل 597

في غير الحالات المشار إليها في الظهير الخاص بقانون الغابات[271]، فإن من يتلف مزروعات قائمة على سوقها أو نباتات نمت طبيعيا أو بغرس الإنسان، يعاقب بالحبس من سنتين إلى خمس سنوات وغرامة من مائتين[272] إلى مائتين وخمسين درهما.

---

**269** ـ نفس الإحالة.

**270** ـ نفس الإحالة.

**271** ـ الظهير الشريف الصادر في 23 من ذي الحجة 1335 (10 أكتوبر 1917) المتعلق بالمحافظة على الغابات واستغلالها، كما وقع تغييره وتتميمه؛ الجريدة الرسمية عدد 235 بتاريخ 12 محرم 1336 (29 أكتوبر 1917)، ص 901.

**272** ـ انظر الهامش المضمن في الفصل 111 أعلاه.

## الفصل 598

في غير الحالات المشار إليها في الفصلين 518 و519 فإن من قطع حبوبا أو كلاء يعلم أنه مملوك لغيره، يعاقب بالحبس من شهر إلى ثلاثة أشهر وغرامة من مائتين[273] إلى مائتين وخمسين درهما.

فإذا كانت الحبوب لم تنضج بعد، فإن الحبس يكون من شهرين إلى ستة أشهر.

## الفصل 599

في غير الحالات المشار إليها في الظهير الخاص بقانون الغابات، فإن من اقتلع شجرة أو أكثر وهو يعلم أنها مملوكة لغيره، أو قطعها أو عيبها أو أزال قشرتها بطريقة تميتها أو أتلف طعمة أو أكثر مغروسة فيها، يعاقب على التفصيل الآتي، استثناء من قاعدة عدم تعدد العقوبات المقررة في الفصل 120:

- بالحبس من شهر إلى ستة أشهر وغرامة من مائتين[274] إلى مائتين وخمسين درهما عن كل شجرة، بشرط ألا يتجاوز مجموع عقوبات الحبس خمس سنوات.

- بالحبس من شهر إلى ثلاثة أشهر وغرامة من مائة وعشرين[275] إلى مائتي درهم عن كل طعمة، بشرط ألا يتجاوز مجموع عقوبات الحبس سنتين.

## الفصل 600

من أتلف أو كسر آلة من آلات الزراعة أو حظيرة ماشية أو مأوى ثابتا أو متنقلا مخصصا للحارس أو جعلها غير صالحة للاستعمال، يعاقب بالحبس من شهر إلى سنة وغرامة من مائتين[276] إلى مائتين وخمسين درهما.

## الفصل 601

من سمم دابة من دواب الركوب أو الحمل أو الجر، أو من البقر أو الأغنام أو الماعز أو غيرها من أنواع الماشية، أو كلب حراسة، أو أسماكا في مستنقع أو ترعة أو حوض مملوكة لغيره يعاقب بالحبس من سنة إلى خمس سنوات وغرامة من مائتين[277] إلى خمسمائة درهم.

---

[273] - نفس الإحالة.

[274] - نفس الإحالة.

[275] - بعد رفع الحد الأدنى للغرامات الجنحية إلى 200 درهم بمقتضى الفصل الثاني من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، سالف الذكر، أصبح الحد الأدنى للغرامة في هذا الفصل مطابقا للحد الأقصى.

[276] - انظر الهامش المضمن في الفصل 111 أعلاه.

[277] - نفس الإحالة.

## الفصل 602

من قتل أو بتر بغير ضرورة أحد الحيوانات المشار إليها في الفصل السابق أو أي حيوان آخر من الحيوانات المستأنسة الموجودة في أماكن أو مباني أو حدائق أو ملحقات أو أراض يملكها أو يستأجرها أو يزرعها صاحب الحيوان المقتول أو المبتور، يعاقب بالحبس من شهرين إلى ستة أشهر وغرامة من مائتين[278] إلى مائتين وخمسين درهما.

فإذا ارتكبت الجريمة بواسطة انتهاك سياج، فإن عقوبة الحبس ترفع إلى الضعف.

## الفصل 603

من قتل أو بتر بدون ضرورة، أحد الحيوانات المشار إليها في الفصل 601 يعاقب على التفصيل الآتي:

- إذا ارتكبت الجريمة في مكان يملكه أو يستأجره أو يزرعه الجاني فعقابه الحبس من ستة أيام إلى شهرين وغرامة من مائتين[279] إلى مائتين وخمسين درهما أو بإحدى هاتين العقوبتين فقط.

- إذا ارتكبت الجريمة في أي مكان آخر، فعقوبتها الحبس من خمسة عشر يوما إلى ثلاثة أشهر وغرامة من مائتين[280] إلى ثلاثمائة درهم.

## الفصل 604

في الحالات المشار إليها في الفصول 597 إلى 602، إذا ارتكبت الجريمة ليلا، أو انتقاما من موظف عمومي بسبب وظيفته، فإن الجاني يعاقب بأقصى العقوبة المقررة في الفصل الذي يعاقب على الجريمة.

## الفصل 605

في الحالات المشار إليها في الفصول 596 و597 و601، يجوز أيضا أن يحكم على مرتكب الجريمة بالحرمان من واحد أو أكثر من الحقوق المشار إليها في الفصل 40 وبالمنع من الإقامة، من خمس سنوات إلى عشر.

## الفصل 606

من ردم كلا أو جزءا من خندق أو أتلف كلا أو جزءا من سياج، مهما تكن المادة التي صنع منها، أو قطع أو قلع حسكا أخضر أو جافا، أو نقل أو أزال نصبا أو أي علامة أخرى

---

278 - نفس الإحالة.

279 - نفس الإحالة.

280 - نفس الإحالة.

مديرية التشريع     وزارة العدل والحريات     المملكة المغربية

مغروسة أو متعارفا عليها لإثبات الحدود الفاصلة بين العقارات المختلفة، يعاقب بالحبس من شهر إلى سنة وغرامة من مائتين[281] إلى خمسمائة درهم.

ويعاقب بالحبس من شهر إلى سنتين وغرامة من مائتين[282] إلى خمسة آلاف درهم من حول عمدا وبدون حق مياها عامة أو خاصة.

## الفصل 607

يعاقب بالحبس من شهر إلى سنتين أو بالغرامة من مائتين[283] إلى خمسمائة درهم من تسبب في غير الحالات المشار إليها في الفصل 435 والفقرة الخامسة من الفصل 608، في إحداث حريق في أملاك عقارية أو منقولة للغير وكان ذلك ناتجا عن عدم تبصره أو عدم احتياطه أو عدم انتباهه أو إهماله أو عدم مراعاته النظم أو القوانين.

## الفرع التاسع: تحويل الطائرات وإتلافها وإتلاف منشآت الملاحة الجوية[284]

## الفصل 607 المكرر

يعاقب بالسجن من 10 سنوات إلى 20 سنة كل من كان على متن طائرة ما، خلال تحليقها فاستولى على هذه الطائرة أو فرض مراقبته عليها بعنف بأية وسيلة من الوسائل.

كل من قام عمدا بتهديدات أو أعمال عنف ضد الملاحين الموجودين على متن طائرة ما خلال تحليقها قصد تحويلها أو المس بسلامتها يعاقب بالسجن من خمس إلى عشر سنوات بصرف النظر عن العقوبات الأكثر شدة التي يمكن أن يتعرض إليها تطبيقا للفصلين 392 و403 من القانون الجنائي.

لأجل تطبيق الفصلين السابقين[285] تعتبر الطائرة في حالة تحليق من الوقت الذي تنتهي فيه عملية الركوب وتغلق فيه جميع الأبواب الخارجية إلى الوقت الذي تفتح فيه هذه الأبواب لأجل نزول الركاب.

وفي حالة نزول اضطراري يعتبر التحليق مستمرا إلى أن تتكفل السلطة المختصة بالطائرة والأشخاص والأمتعة الموجودة على متنها.

---

281 - نفس الإحالة.

282 - نفس الإحالة.

283 - نفس الإحالة.

284 - أضيف هذا الفرع بمقتضى الفصل الثاني من ظهير شريف بمثابة قانون رقم 1.74.232 بتاريخ 28 ربيع الثاني 1394 (21 مايو 1974) يغير ويتمم بموجبه الفرع الرابع من الباب السابع والباب التاسع بالجزء الأول من الكتاب الثالث من القانون الجنائي، سالف الذكر.

285 - المقصود "لأجل تطبيق الفقرتين السابقتين...".

يعاقب بالسجن من خمس إلى عشر سنوات بصرف النظر عن تطبيق مقتضيات الفصول 580 و581 و585 من القانون الجنائي كل من ألحق عمدا بطائرة في حالة عمل أضرارا تجعلها غير قادرة على التحليق أو من شأنها المس بسلامة تحليقها.

تعتبر الطائرة في حالة عمل من الوقت الذي يشرع فيه المستخدمون بالأرض أو الطاقم في إعداد هذه الطائرة لتحليق معين إلى أن ينصرم أجل أربع وعشرين ساعة على كل نزول، وتمتد مدة العمل كيفما كان الحال إلى مجموع المدة التي توجد الطائرة خلالها في حالة تحليق حسب مدلول الفقرة الثالثة أعلاه.

## الفصل 607 المكرر مرتين

يعاقب بالسجن من خمس إلى عشر سنوات كل من أتلف منشآت أو مصالح للملاحة الجوية أو ألحق بها أضرارا أو أخل بسيرها إذا كان من شأن أحد هذه الأعمال المس بسلامة الطائرة وكذا كل من قدم معلومات يعرف أنها خاطئة قصد المس بسلامة هذه الطائرة.

# الباب العاشر: المس بنظم المعالجة الآلية للمعطيات [286]

## الفصل 607-3

يعاقب بالحبس من شهر إلى ثلاثة أشهر وبالغرامة من 2.000 إلى 10.000 درهم أو بإحدى هاتين العقوبتين فقط كل من دخل إلى مجموع أو بعض نظام للمعالجة الآلية للمعطيات عن طريق الاحتيال.

ويعاقب بنفس العقوبة من بقي في نظام للمعالجة الآلية للمعطيات أو في جزء منه، كان قد دخله عن طريق الخطأ وهو غير مخول له حق دخوله.

تضاعف العقوبة إذا نتج عن ذلك حذف أو تغيير المعطيات المدرجة في نظام للمعالجة الآلية للمعطيات أو اضطراب في سيره.

## الفصل 607-4

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من ستة أشهر إلى سنتين وبالغرامة من 10.000 إلى 100.000 درهم كل من ارتكب الأفعال المشار إليها في الفصل السابق في حق مجموع أو بعض نظام للمعالجة الآلية للمعطيات يفترض أنه يتضمن معلومات تخص الأمن الداخلي أو الخارجي للدولة أو أسرارا تهم الاقتصاد الوطني.

---

286 - أضيف هذا الباب بمقتضى المادة الفريدة من القانون رقم 07.03 بتتميم مجموعة القانون الجنائي في ما يتعلق بالجرائم المتعلقة بنظم المعالجة الآلية للمعطيات، الصادر بتنفيذه ظهير شريف رقم 1.03.197 بتاريخ 16 من رمضان 1424 (11 نوفمبر 2003)؛ الجريدة الرسمية عدد 5171 بتاريخ 27 شوال 1424 (22 ديسمبر 2003)، ص 4284.

مديرية التشريع          وزارة العدل والحريات          المملكة المغربية

دون الإخلال بالمقتضيات الجنائية الأشد، ترفع العقوبة إلى الحبس من سنتين إلى خمس سنوات وبالغرامة من 100.000 إلى 200.000 درهم إذا نتج عن الأفعال المعاقب عليها في الفقرة الأولى من هذا الفصل تغيير المعطيات المدرجة في نظام للمعالجة الآلية للمعطيات أو حذفها أو اضطراب في سير النظام، أو إذا ارتكبت الأفعال من طرف موظف أو مستخدم أثناء مزاولة مهامه أو بسببها، أو إذا سهل للغير القيام بها.

## الفصل 607-5

يعاقب بالحبس من سنة إلى ثلاث سنوات وبالغرامة من 10.000 إلى 200.000 درهم أو بإحدى هاتين العقوبتين كل من عرقل عمدا سير نظام للمعالجة الآلية للمعطيات أو أحدث فيه خللا.

## الفصل 607-6

يعاقب بالحبس من سنة إلى ثلاث سنوات وبالغرامة من 10.000 إلى 200.000 درهم أو بإحدى هاتين العقوبتين فقط كل من أدخل معطيات في نظام للمعالجة الآلية للمعطيات أو أتلفها أو حذفها منه أو غير المعطيات المدرجة فيه، أو غير طريقة معالجتها أو طريقة إرسالها عن طريق الاحتيال.

## الفصل 607-7

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من سنة إلى خمس سنوات وبالغرامة من 10.000 إلى 1.000.000 درهم كل من زور أو زيف وثائق المعلوميات أيا كان شكلها إذا كان من شأن التزوير أو التزييف إلحاق ضرر بالغير.

دون الإخلال بالمقتضيات الجنائية الأشد، تطبق نفس العقوبة، على كل من استعمل وثائق المعلوميات المشار إليها في الفقرة السابقة وهو يعلم أنها مزورة أو مزيفة.

## الفصل 607-8

يعاقب على محاولة ارتكاب الجنح المنصوص عليها في الفصول 607-3 إلى 607-7 أعلاه والفصل 607-10 بعده بالعقوبة المطبقة على الجريمة التامة.

## الفصل 607-9

تطبق عقوبة نفس الجريمة المرتكبة أو العقوبة المطبقة على الجريمة الأشد على كل من اشترك في عصابة أو اتفاق تم لأجل الإعداد لواحدة أو أكثر من الجرائم المنصوص عليها في هذا الباب، إذا تمثل الإعداد في فعل أو أكثر من الأفعال المادية.

مديرية التشريع     وزارة العدل والحريات     المملكة المغربية

## الفصل 607-10

يعاقب بالحبس من سنتين إلى خمس سنوات وبالغرامة من 50.000 إلى 2.000.000 درهم كل من صنع تجهيزات أو أدوات أو أعد برامج للمعلوماتيات أو أية معطيات أعدت أو اعتمدت خصيصا لأجل ارتكاب الجرائم المعاقب عليها في هذا الباب أو تملكها أو حازها أو تخلى عنها للغير أو عرضها أو وضعها رهن إشارة الغير.

## الفصل 607-11

يجوز للمحكمة مع مراعاة حقوق الغير حسن النية أن تحكم بمصادرة الأدوات التي استعملت في ارتكاب الجرائم المنصوص عليها في هذا الباب والمتحصل عليه منها.

يمكن علاوة على ذلك، الحكم على الفاعل بالحرمان من ممارسة واحد أو أكثر من الحقوق المنصوص عليها في الفصل 40 من هذا القانون لمدة تتراوح بين سنتين وعشر سنوات.

يمكن أيضا الحكم بالحرمان من مزاولة جميع المهام والوظائف العمومية لمدة تتراوح بين سنتين وعشر سنوات وينشر أو بتعليق الحكم الصادر بالإدانة.

# الجزء الثاني: في المخالفات [287]

## (الفصول 608 – 612)

# الفرع 1: في المخالفات من الدرجة الأولى

## الفصل 608

يعاقب بالاعتقال من يوم إلى خمسة عشر يوما وبغرامة من عشرين إلى مائتي درهم أو بإحدى هاتين العقوبتين فقط[288]:

1 - من ارتكب أعمال عنف أو إيذاء خفيف.

2 - من ألقى عمدا على شخص آخر مواد صلبة أو قاذورات أو أية مادة أخرى من شأنها أن تلوث الملابس.

---

**287** - قارن مع أحكام الفرع الثالث من الباب الثاني من القانون رقم 42.10 المتعلق بتنظيم قضاء القرب وتحديد اختصاصاته، الصادر بتنفيذه ظهير شريف رقم 1.11.151 بتاريخ 16 من رمضان 1432 (17 أغسطس 2011)؛ الجريدة الرسمية عدد 5975 بتاريخ 6 من شوال 1432 (5 سبتمبر 2011)، ص 4392.
**288** - غير المقطع الأول من الفصل 608 من مجموعة القانون الجنائي، بموجب الفصل الأول من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، سالف الذكر.

3 - من سبب عن غير قصد بعدم تبصره أو عدم احتياطه أو عدم انتباهه أو بإهماله أو بعدم مراعاته للنظم جرحا أو إصابة أو مرضا نتج عنه عجز عن الأشغال الشخصية مدة تعادل أو تقل عن ستة أيام.

4 - من عرض، أو حمل غيره على أن يعرض على الطريق العام أو في محل عام إعلانات أو صورا منافية للآداب، ويؤمر في الحكم برفع الأشياء المعروضة وإذا لم ينفذ هذا الأمر اختياريا من جانب المحكوم عليه، يجب تنفيذه على نفقته جبرا ودون أي إمهال ولو كان الحكم قابلا للطعن بأي طريق من طرق الطعن.

5 - من تسبب في إحراق مال منقول أو عقار مملوك للغير في الحالات الآتية، إما نتيجة قدم أو عدم إصلاح أو عدم تنظيف الأفران أو المداخن أو محلات الحدادة أو المساكن أو المصانع المجاورة. وإما نتيجة الإهمال أو عدم الاحتياط عند إشعال حرائقيات أو إطلاقها.

6 - من ارتكب سرقة، دون أي ظرف من ظروف التشديد المشار إليها في الفصلين 518 و519 من محصول أو غيره من المنتجات النافعة التي لازالت متصلة بالأرض وقت اختلاسها.

7 - من عيب أو خندقا أو سياجا أو قطع أغصانا من حسك أخضر أو انتزع أو انتزع أعوادا يابسة من الحسك.

8 - من تسبب في إغراق طريق أو أملاك للغير نتيجة رفع مستوى مساقط المياه في الطواحن أو المصانع أو البرك فوق الارتفاع الذي حددته السلطات المختصة.

9 - من تسبب عمدا في الأضرار بمال منقول مملوك للغير، في غير الحالات التي يكون فيها فعله جريمة أشد، مما أشير إليه في الفصول 580 إلى 607.

10 - من ضايق الطريق العام بأن وضع أو ترك فيه، دون ضرورة، مواد أو أشياء من أي نوع كانت، تعطل أو تحد من حرية المرور أو سلامته.

## الفرع 2: في المخالفات من الدرجة الثانية

### الفصل 609

يعاقب بغرامة من عشرة إلى مائة وعشرين درهما من ارتكب إحدى المخالفات الآتية[289].

### المخالفات ضد السلطة العمومية

1 - من رفض أو تهاون في القيام بأشغال أو خدمة أو تقديم مساعدة كلف بها بوجه قانوني وكان في استطاعته القيام بها، وذلك في حالة حادثة أو اضطراب أو غرق أو فيضان

---

**289** - غير المقطع الأول من الفصل 609 من مجموعة القانون الجنائي، بموجب الفصل الأول من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، سالف الذكر.

أو حريق أو أية كارثة أخرى، أو في حالة لصوصية أو نهب أو جريمة مشهودة أو صياح الجمهور أو تنفيذ قضائي.

2 - من رفض إعطاء اسمه وعنوانه أو أعطى اسما أو عنوانا غير صحيح عند مطالبته بذلك بوجه قانوني.

3 - من امتنع دون عذر مقبول، عن الحضور بعد استدعاء قانوني وجهته إليه السلطة العامة.

4 - من شوش على سير العدالة في الجلسة أو في أي مكان آخر، في غير الحالات المشار إليها في الفصل341 من المسطرة الجنائية[290].

5 - من رفض دخول أحد رجال السلطة العامة الذي يقوم بتنفيذ القانون مراعيا مقتضيات المسطرة الجنائية الخاصة بتفتيش أو دخول المساكن.

6 - أصحاب الفنادق والأنزال والدور أو الغرف المؤثثة الذين يتهاونون في تقييد أسماء وصفات وعناوين وتاريخ دخول شخص نام أو قضى الليل كله أو بعضه في محلهم، بمجرد دخوله وكذلك تاريخ خروجه بمجرد مغادرته، في سجل موافق للقانون دون ترك أي بياض، وكذلك من لم يقدم منهم هذا السجل إلى السلطة المختصة في المواعد التي تحددها النظم، أو عند مطالبته بذلك.

7 - من قبل أو حاز أو أحدث وسائل للأداء لكي تحل أو تعوض العملة المتداولة قانونا، وذلك في غير الحالات المشار إليها في الفصل 339.

8 - من رفض قبول العملة الوطنية بالقيمة المقررة لتداولها قانونا، ما لم تكن زائفة أو مغيرة.

9 - من استعمل أوزانا أو مقاييس تختلف عن تلك التي اقرها التشريع الجاري به العمل.

10 - من أقام أو وضع في الشوارع أو الطرق أو الساحات أو الأماكن العامة بدون رخصة صحيحة، العاب قمار أو يانصيب أو أية ألعاب قمار أخرى.

11 - من خالف مرسوما أو قرارا صدر من السلطة الإدارية بصورة قانونية، إذا كان هذا المرسوم أو القرار لم ينص على عقوبات خاصة لمن يخالف أحكامه.

**المخالفات المتعلقة بالنظام والأمن العام**

12 - من سلم سلاحا إلى شخص لا خبرة له فيه، أو لا يتمتع بقواه العقلية.

13 - من كان تحت ملاحظته مجنون وتركه يهيم على وجهه.

---

[290] - المادة 357 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، سالف الذكر.

| مديرية التشريع | وزارة العدل وإشريات | المملكة المغربية |
|---|---|---|

14 ـ سائقو العربات والناقلات والسيارات من أي نوع كانت أو دواب الحمل الذين يخالفون النظم المفروضة عليهم:

ـ بالملازمة المستمرة لخيولهم أو دواب الجر أو الحمل أو سيارتهم بحيث يكونون متمكنين دائما من توجيهها وقيادتها.

ـ بالتزام جانب واحد من الشارع أو الممر أو الطريق العام.

ـ بالانحياز والتنحي أمام السيارات الأخرى وترك نصف الطريق على الأقل لتسهيل مرورها عند اقترابها.

15 ـ من أجرى خيولا أو غيرها من دواب الجر أو الحمل أو الركوب أو تركها تجري داخل مكان آهل بالسكان، وكذلك من خالف النظم المتعلقة بالحمولة أو السرعة أو قيادة السيارة.

16 ـ من خالف مقتضيات النظم المتعلقة بما يأتي:

ـ متانة السيارات العمومية.

ـ وزنها.

ـ كيفية تحميلها.

ـ عدد الركاب وسلامتهم.

ـ وضع بيان بعدد مقاعد السيارة وثمن كل مقعد في داخلها.

ـ بيان اسم مالك السيارة على ظهرها.

17 ـ من قاد حصانا أو أية دابة أخرى من دواب الركوب أو الجر أو الناقلات بسرعة زائدة وخطرة على الجمهور.

18 ـ من ترك حيوانا مؤذيا أو خطرا أو حرض حيوانا على مهاجمة الغير أو لم يمنع حيوانا تحت حراسته من تلك المهاجمة.

19 ـ من لم يتخذ الاحتياطات الضرورية لمنع الحوادث أثناء إقامة بناء أو إصلاحه أو هدمه.

20 ـ من ألقى مواد ضارة أو سامة في سائل يستعمل لشرب الإنسان أو الحيوان دون أن يكون عنده قصد الإضرار بالغير.

21 ـ من أهمل صيانة الأفران أو المداخن أو المصانع التي تستخدم فيها النار، أو أهمل إصلاحها أو نظافتها.

22 ـ من خالف حظر إطلاق الحراقيات في أماكن معينة.

23 - مرتكبو الضجيج أو الضوضاء أو التجمع المهين أو الليلي الذي يقلق راحة السكان.

24 - من عرضت عليه أشياء للشراء أو الرهن وهو يعلم بوجود شك في مشروعية مصدرها ولم يخطر بذلك فورا الشرطة.

25 - في غير الحالات التي يكون فيها الفعل الجنحة المشار إليها في الفصل 515، يرتكب مخالفة صانع الأقفال أو أي عامل آخر في الحالات الآتية:

- إذا باع أو أعطى مخا طيف معدة للكسر إلى شخص دون أن يتأكد من صفته.

- إذا صنع مفاتيح، من أي نوع كان، بناء على اثر مطبوع على الشمع أو قوالب أو نماذج من أي نوع لشخص ليس بمالك للمال أو للشيء الذي أعدت له تلك المفاتيح ولا بوكيل عنه، معروف لدى الصانع أو العامل.

- إذا فتح أقفالا دون التأكد من صفة الشخص الذي طلب منه ذلك.

26 - من ترك في الشوارع أو الممرات أو الساحات أو الأماكن العمومية أو في الحقول آلات أو أدوات أو أسلحة يمكن استعمالها من طرف اللصوص أو الأشرار.

**المخالفات المتعلقة بالطرق والمحافظة على الصحة العمومية**

27 - من عيب أو اتلف، بأية وسيلة كانت طريقا عاما أو اغتصب جزءا منه.

28 - من أخذ بدون إذن من الطريق العام حشائش أو ترابا أو أحجارا أو أخذ ترابا أو مواد من مكان مملوك للجماعات، ما لم تكن هناك عوائد عامة تسمح بذلك.

29 - من كان مكلفا بإضاءة جزء من شارع عام، وأهمل إضاءته.

30 - من أهمل إضاءة مواد وضعها أو حفر أحدثها في شارع أو ساحة، مخالفا بذلك القوانين والنظم.

31 - من رفض أو تهاون في تنفيذ النظم أو القرارات المتعلقة بالطرق، أو في الخضوع لإنذار أصدرته السلطة الإدارية بإصلاح مبنى آيل للسقوط أو هدمه.

32 - من ألقى أو وضع في الطريق العام قاذورات أو فضلات أو أزبالا أو ماء الغسيل أو أي مادة من شأنها أن تؤذي بسقوطها أو أن تنشر روائح ضارة أو كريهة.

33 - من أهمل تنظيف الشوارع أو الأزقة في الأماكن التي يعهد إلى السكان فيها بالقيام بذلك.

**المخالفات المتعلقة بالأشخاص**

34 - من ألقى، بغير احتياط، قاذورات على شخص.

35 - من احترف التكهن والتنبؤ بالغيب أو تفسير الأحلام.

## المخالفات المتعلقة بالحيوانات

36 - من تسبب في موت أو جرح حيوان أو دابة مملوكة للغير، بإحدى الوسائل الآتية:

ـ سرعة العربات أو الخيول أو دواب الجر أو الحمل أو الركوب أو سوء توجيهها أو زيادة في حمولتها.

ـ استعمال أو استخدام سلاح دون احتياط أو عن رعونة أو إلقاء أحجار أو أجسام صلبة.

ـ قدم المنازل أو المباني أو تعييبها أو عدم إصلاحها أو أشغال شارع أو ممر أو ساحة أو طريق عمومي أو إحداث حفر أو أي أشغال أخرى قريبة منه دون اتخاذ الاحتياطات والإشارات المعتادة أو المقررة قانونا.

37 - من ارتكب علانية قسوة على حيوان مستأنس مملوك له أو معهود إليه برعايته، وكذلك من أساء معاملته بالزيادة في حمولته.

## المخالفات المتعلقة بالأموال

38 - من قطف ثمارا مملوكة للغير، وأكلها في عين المكان.

39 - من التقط، أو جمع بيد، أو بمشط محصولا في المزارع التي لم تجرد نهائيا أو لم تفرغ إفراغا تاما من محصولها.

40 - من عثر على دابة ضالة أو مهملة من دواب الجر أو الحمل أو الركوب، ولم يخطر بها السلطة المحلية في ظرف ثلاثة أيام.

41 - من قاد دواب موجودة تحت ملاحظته، مما أشير إليه في الفقرة السالفة، أو مر بها، أو تركها تمر إما في أراضي الغير، المهيأة أو المبذورة فعلا ولم تفرغ من محصولها وإما في مغارس أو مشاتل الأشجار المثمرة أو غيرها.

42 - من دخل ومر في أرض أو جزء من أرض إما مهيأة للبذر أو مبذورة فعلا وإما بها حبوب أو ثمار ناضجة أو قريبة النضج، دون أن يكون مالكا لهذه الأرض ولا منتفعا بها ولا مستأجرا ولا مزارعا لها، وليس له عليها حق ارتفاق أو مرور وليس تابعا ولا موكلا لأحد هؤلاء الأشخاص.

43 - من ألقى أحجارا أو أجساما صلبة أو قاذورات على منزل أو مبنى أو سور لغيره، أو في حديقة أو مكان مسور.

44 - من وضع، بأية وسيلة كانت، بدون إذن من الجهة الإدارية المختصة، كتابات أو خطط علامات أو رسوما على منقول أو عقار مملوك للدولة أو الجماعات المحلية، أو على منقول موجود في تلك العقارات إما من أجل إنجاز مصلحة عمومية وإما موضوع تحت تصرف الجمهور.

45 - من وضع، بأية وسيلة كانت، كتابات أو خطط علامات أو رسوما على عقار، دون أن يكون مالكا له ولا منتفعا به ولا مستأجرا له ولا مأذونا بذلك من أحد هؤلاء الأشخاص.

46 - من وضع أو ترك في مجاري المياه أو الينابيع مواد أو أشياء أخرى من شأنها أن تعطل جريانها.

## الفرع 3: أحكام مشتركة لجميع المخالفات

(الفصول 610 – 612)

### الفصل 610

تصادر، ضمن الشروط المقررة في الفصلين 44 و89، الأشياء الآتية:

- وسائل الأداء التي أعدت لتحل محل العملات المتداولة قانونا، المشار إليها في الفقرة السابعة من الفصل 609.

- الأوزان والمقاييس المشار إليها في الفقرة التاسعة من الفصل 609.

- المناضد والأدوات، وأجهزة القمار أو اليانصيب، وكذلك أنصبة المقامرين والنقود والسلع، أو الأشياء أو الأنصبة موضوع القمار، المشار إليها في الفقرة العاشرة من الفصل 609.

- الأشياء المشتراة أو المرهونة ضمن الشروط المشار إليها في الفقرة الرابعة والعشرين من الفصل 609، إذا لم يعرف مالكها الشرعي.

- المفاتيح، والمخاطيف، المشار إليها في الفقرة الخامسة والعشرين من الفصل 609.

- الأدوات، والأجهزة أو الملابس المستخدمة أو التي أعدت لاستخدامها في مهنة التكهن أو التنبؤ بالغيب، المشار إليها في الفقرة 35 من الفصل 609.

### الفصل 611

المخالفون الذين سبق الحكم عليهم بالعقوبة بحكم غير قابل للطعن من أجل جريمة مماثلة، خلال مدة اثني عشر شهرا السابقة على ارتكاب المخالفة، يعتبرون في حالة العود، طبقا للفصل 159، ويعاقبون على النحو الآتي:

في حالة العود بالنسبة إلى المخالفات المعاقب عليها في الفصل 608، يجوز أن ترفع عقوبة الاعتقال والغرامة إلى الضعف.

في حالة العود بالنسبة إلى المخالفات المعاقب عليها في الفصل 609 يجوز أن ترفع عقوبة الغرامة إلى مائتي درهم، ويجوز أن يضاف إليها عقوبة الاعتقال مدة لا تتجاوز ستة أيام[291].

## الفصل 612

منح ظروف التخفيف القضائية، ومفعول تلك الظروف في مواد المخالفات، تطبق بشأنها مقتضيات الفصل 151.

93009166

---

**291** - تم تغيير المقطع الثالث من الفصل 611 من مجموعة القانون الجنائي، بموجب الفصل الأول من قانون رقم 3.80 المغيرة بموجبه بعض مقتضيات القانون الجنائي، سالف الذكر.

مديرية التشريع      وزارة العدل والحريات      المملكة المغربية

# فهرس

ظهير شريف رقم 1.59.413 صادر في 28 جمادى الثانية 1382 (26 نونبر 1962) بالمصادقة على مجموعة
القانون الجنائي.................................................................................................................. 6

مجموعة القانون الجنائي.................................................................................................... 11

مبادئ عامة ................................................................................................................... 10

الكتاب الأول: في العقوبات والتدابير الوقائية ....................................................................... 13

الجزء الأول: في العقوبات ............................................................................................ 13

الباب الأول: في العقوبات الأصلية .............................................................................. 13

الباب الثاني: في العقوبات الإضافية ............................................................................ 18

الباب الثالث: في أسباب انقضاء العقوبات والإعفاء منها وإيقاف تنفيذها .................................. 21

الجزء الثاني: في التدابير الوقائية .................................................................................. 24

الباب الأول: في مختلف التدابير الوقائية الشخصية والعينية................................................ 24

الباب الثاني: في أسباب انقضاء تدابير الوقاية والإعفاء منها أو إيقافها .................................. 33

الجزء الثالث: في باقي ما يمكن أن يحكم به.................................................................... 35

الكتاب الثاني: في تطبيق العقوبات والتدابير الوقائية على المجرم......................................... 37

الجزء الأول: في الجريمة ............................................................................................ 37

الباب الأول: في أنواع الجرائم................................................................................... 37

الباب الثاني: في المحاولة......................................................................................... 38

الباب الثالث: في تعدد الجرائم.................................................................................. 38

الباب الرابع: في الأسباب المبررة التي تمحو الجريمة .................................................... 39

الجزء الثاني: في المجرم.............................................................................................. 40

الباب الأول: في المساهمة في الجريمة والمشاركة فيها ..................................................... 40

الباب الثاني: في المسؤولية الجنائية ............................................................................ 42

الفرع 1 : في الأشخاص المسؤولين ......................................................................... 42

الفرع 2: في العاهات العقلية ................................................................................. 42

الفرع 3: في مسؤولية القاصر جنائيا ........................................................................ 44

الباب الثالث: في تفريد العقاب ................................................................................. 44

الفرع 1: في الأعذار القانونية................................................................................. 45

الفرع 2: الظروف القضائية المخففة......................................................................... 45

الفرع 3: في الظروف المشددة................................................................................ 48

الفرع 4: في العود............................................................................................... 48

الفرع 5: في اجتماع أسباب التخفيف والتشديد ........................................................... 50

الكتاب الثالث: في الجرائم المختلفة وعقوباتها ................................................................ 51

الجزء الأول: في الجنايات والجنح التأديبية والجنح الضبطية .................................................. 51

الباب الأول: في الجنايات والجنح ضد أمن الدولة............................................................. 51

الفرع 1: في الاعتداءات والمؤامرات ضد الملك أو الأسرة المالكة أو شكل الحكومة..................... 51

الفرع 2: في الجنايات والجنح ضد أمن الدولة الخارجي ................................................... 54

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

الفرع 3: في الجنايات والجنح ضد سلامة الدولة الداخلية ........................... 61

الفرع 4: أحكام عامة على نصوص هذا الباب ..................................... 63

الباب الأول المكرر: الإرهاب ......................................................... 64

الباب الثاني : في الجنايات والجنح الماسة بحريات المواطنين وحقوقهم .......... 71

الفرع 1: في الجرائم المتعلقة بممارسة الحقوق الوطنية ......................... 71

الفرع 2: في الجرائم المتعلقة بالعبادات ......................................... 71

الفرع الثالث: شطط الموظفين في استعمال سلطتهم إزاء الأفراد وممارسة التعذيب .. 72

الباب الثالث: في الجنايات والجنح التي يرتكبها الموظفون ضد النظام العام ...... 77

الفرع 1: في تواطؤ الموظفين ..................................................... 77

الفرع 2: في تجاوز السلطات الإدارية أو القضائية اختصاصاتها وفي إنكار العدالة ... 78

الفرع الثالث: في الاختلاس والغدر الذي يرتكبه الموظفون العموميون ............. 79

الفرع الرابع: في الرشوة واستغلال النفوذ ....................................... 82

الفرع 5: الشطط في استعمال الموظفين للسلطة ضد النظام العام ................. 85

الفرع 6: في مزاولة السلطة العامة قبل أوانها أو بعد زوال الحق في مباشرتها ..... 86

الفرع 7 : الإخلال بإلزامية التصريح بالممتلكات ................................. 86

الباب الرابع: في الجنايات والجنح التي يرتكبها الأفراد ضد النظام العام ......... 87

الفرع 1: إهانة الموظف العمومي، والاعتداء عليه .............................. 87

الفرع الأول المكرر: إهانة علم المملكة ورموزها والإساءة لثوابتها ............... 88

الفرع 2: في الجرائم المتعلقة بالمقابر وحرمة الموتى ............................ 90

الفرع 3: في كسر الأختام وأخذ الأوراق من مستودعاتها العامة ................... 91

الفرع 4: في الجنايات والجنح التي يرتكبها ممونو القوات المسلحة الملكية ........ 92

الفرع 5: في الجرائم المخلة بالضوابط المنظمة لدور القمار واليانصيب والتسليف على رهون ... 93

الفرع 6: في الجرائم المتعلقة بالصناعة والتجارة والمزايدات العمومية ............ 95

الباب الخامس: في الجنايات والجنح ضد الأمن العام ............................. 97

الفرع 1: في العصابات الإجرامية والتعاون مع المجرمين ........................ 97

الفرع الأول المكرر: في التحريض على ارتكاب الجنايات والجنح ................. 99

الفرع 2: في جريمة العصيان ..................................................... 99

الفرع 2 مكرر : في العنف المرتكب أثناء المباريات أو التظاهرات الرياضية أو بمناسبتها ... 102

الفرع 3: في الهروب ............................................................. 106

الفرع 4: في خرق الإقامة الإجبارية وعدم مراعاة تدابير الوقاية ................. 108

الفرع 5: في التسول والتشرد .................................................... 110

الباب السادس: في التزوير والتزييف والانتحال .................................. 112

الفرع 1: في تزييف أو تزوير النقود أو سندات القرض العام .................... 112

الفرع 2: في تزييف أختام الدولة والدمغات والطوابع والعلامات ................. 113

الفرع 3: في تزوير الأوراق الرسمية أو العمومية .............................. 116

الفرع 4: في تزوير الأوراق العرفية أو المتعلقة بالتجارة والبنوك ............... 117

الفرع 5: في تزوير أنواع خاصة من الوثائق الإدارية والشهادات ................ 118

الفرع 6: في شهادة الزور واليمين الكاذبة والامتناع عن الشهادة ................ 121

الفرع 7: في انتحال الوظائف أو الألقاب أو الأسماء أو استعمالها بدون حق ...... 124

الباب السابع: في الجنايات والجنح ضد الأشخاص ............................... 126

الفرع 1: في القتل العمد، والتسميم والعنف .................................... 126

الفرع 2: في التهديد وعدم تقديم المساعدة ...................................... 136

| مديرية التشريع | وزارة العدل والحريات | المملكة المغربية |
|---|---|---|

الفرع 2 مكرر: التمييز ........................................................ 138
الفرع 3: في القتل أو الجرح خطأ ............................................. 139
الفرع الرابع: الاعتداء على الحرية الشخصية وأخذ الرهائن وحرمة المسكن الذي يرتكبه الأفراد ......... 140
الفرع 5: في الاعتداء على الشرف أو الاعتبار الشخصي وإفشاء الأسرار ................ 142
الفرع السادس: في الاتجار بالبشر ............................................. 145
الباب الثامن: في الجنايات والجنح ضد نظام الأسرة والأخلاق العامة ............... 149
الفرع 1: في الإجهاض ........................................................ 149
الفرع 2: في ترك الأطفال أو العاجزين وتعريضهم للخطر ........................ 152
الفرع 3: في الجنايات والجنح التي تحول دون التعرف على هوية الطفل ............ 156
الفرع 4: في خطف القاصرين وعدم تقديمهم ................................... 158
الفرع 5: في إهمال الأسرة ................................................... 160
الفرع 6: في انتهاك الآداب ................................................... 161
الفرع 7: في إفساد الشباب وفي البغاء ......................................... 166
الباب التاسع: في الجنايات والجنح المتعلقة بالأموال .......................... 170
الفرع 1: في السرقات وانتزاع الأموال ........................................ 170
الفرع 2: في النصب وإصدار شيك دون رصيد ................................. 179
الفرع 3: في خيانة الأمانة، والتملك بدون حق ................................ 181
الفرع 4: في التفالس ....................................................... 184
الفرع 5: في الاعتداء على الأملاك العقارية ................................... 188
الفرع 6: في إخفاء الأشياء ................................................... 188
الفرع السادس مكرر: غسل الأموال ........................................... 190
الفرع 7: في بعض الاعتداءات على الملكية الأدبية والفنية ...................... 194
الفرع 8: في التخريب والتعييب والإتلاف ...................................... 196
الفرع التاسع: تحويل الطائرات وإتلافها وإتلاف منشآت الملاحة الجوية ........... 202
الباب العاشر: المس بنظم المعالجة الآلية للمعطيات ......................... 203
الجزء الثاني: في المخالفات ................................................. 205
الفرع 1: في المخالفات من الدرجة الأولى ..................................... 205
الفرع 2: في المخالفات من الدرجة الثانية .................................... 206
الفرع 3: أحكام مشتركة لجميع المخالفات .................................... 211
**فهرس** ........................................................................ **213**