# EXHIBIT 4-G

# قانون المسطرة الجنائية

## صيغة محينة بتاريخ 19 سبتمبر 2016

**EXHIBIT G**      04-G-1

# القانون رقم 22.01 المتعلق بالمسطرة الجنائية كما تم تعديله بالقوانين التالية :

1- القانون رقم 27.14 المتعلق بمكافحة الاتجار بالبشر الصادر بتنفيذه الظهير الشريف رقم 1.16.127 بتاريخ 21 من ذي القعدة 1437 (25 أغسطس 2016)؛ الجريدة الرسمية عدد 6501 بتاريخ 17 ذو الحجة 1437 (19 سبتمبر 2016)، ص 6644؛

2- القانون رقم 86.14 القاضي بتغيير وتتميم بعض أحكام مجموعة القانون الجنائي وقانون المسطرة الجنائية المتعلقة بمكافحة الإرهاب، الصادر بتنفيذه الظهير الشريف رقم 1.15.53 بتاريخ فاتح شعبان 1436 (20 ماي 2015)؛ الجريدة الرسمية عدد 6365 بتاريخ 13 شعبان 1436 (فاتح يونيو 2015)، ص 5490؛

3- القانون رقم 35.11 القاضي بتغيير وتتميم القانون رقم 22.01 المتعلق بالمسطرة الجنائية، الصادر بتنفيذه ظهير شريف رقم 1.11.169 بتاريخ 19 من ذي القعدة 1432 (17 أكتوبر 2011)؛ الجريدة الرسمية عدد 5990 بتاريخ 29 ذو القعدة 1432 (27 أكتوبر 2011)، ص 5235؛

4- القانون رقم 58.11 المتعلق بمحكمة النقض المغير بموجبه الظهير الشريف رقم 1.57.223 الصادر في 2 ربيع الأول 1377 (27 سبتمبر 1957) بشأن المجلس الأعلى، الصادر بتنفيذه ظهير شريف رقم 1.11.170 بتاريخ 27 من ذي القعدة 1432 (25 أكتوبر 2011)؛ الجريدة الرسمية عدد 5989 مكرر بتاريخ 28 ذو القعدة 1432(26 أكتوبر 2011)، ص 5228؛

5- القانون رقم 37.10 القاضي بتغيير وتتميم القانون رقم 22.01 المتعلق بالمسطرة الجنائية، في شأن حماية الضحايا والشهود والخبراء والمبلغين، فيما يخص جرائم الرشوة والاختلاس واستغلال النفوذ وغيرها، الصادر بتنفيذه ظهير شريف رقم 1.11.164 بتاريخ 19 من ذي القعدة 1432 (17 أكتوبر 2011)؛ الجريدة الرسمية عدد 5988 بتاريخ 22 ذو القعدة 1432 (20 أكتوبر 2011)، ص 5123؛

6- القانون رقم 36.10 بتغيير وتتميم القانون رقم 22.01 المتعلق بالمسطرة الجنائية، الصادر بتنفيذه ظهير شريف رقم 1.11.150 بتاريخ 16 من رمضان 1432 (17 أغسطس 2011)؛ الجريدة الرسمية عدد 5975 بتاريخ 6 شوال 1432 (5 سبتمبر 2011)، ص 4390؛

7- القانون رقم 13.10 المتعلق بتغيير وتتميم مجموعة القانون الجنائي المصادق عليه بالظهير الشريف رقم 1.59.413 بتاريخ 28 من جمادى الآخرة 1382 (26 نوفمبر 1962) والقانون رقم 22.01 المتعلق بالمسطرة الجنائية الصادر بتنفيذه الظهير الشريف رقم 1.02.255 بتاريخ 25 من رجب 1423 (3 أكتوبر 2002) والقانون رقم 43.05 المتعلق بمكافحة غسل الأموال الصادر بتنفيذه الظهير الشريف رقم 1.07.79 بتاريخ 28 من ربيع الأول 1428 (17 أبريل 2007)، الصادر بتنفيذه ظهير شريف رقم 1.11.02 بتاريخ 15

من صفر 1432 (20 يناير 2011)؛ الجريدة الرسمية عدد 5911 بتاريخ 19 صفر 1432 (24 يناير 2011)، ص 196؛

8- القانون رقم 24.05 بتعديل و تتميم المادتين 523 و 530 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، الصادر بتنفيذه ظهير شريف رقم 1.05.112 بتاريخ 20 من شوال 1426 (23 نوفمبر 2005)؛ الجريدة الرسمية عدد 5374 بتاريخ 28 شوال 1426 (فاتح ديسمبر2005)، ص 3141؛

9- القانون رقم 23.05 بتعديل المادة 528 من القانون رقم 22.01 المتعلق بالمسطرة الجنائية، الصادر بتنفيذه ظهير شريف رقم 1.05.111 بتاريخ 20 من شوال 14(23 نوفمبر 2005)؛ الجريدة الرسمية عدد 5374 بتاريخ 28 شوال 1426(فاتح ديسمبر2005)، ص 3140؛

10- القانون رقم 03.03 المتعلق بمكافحة الإرهاب، الصادر بتنفيذه ظهير شريف رقم 1.03.140 بتاريخ 26 من ربيع الأول 1424 (28 ماي 2003)؛ الجريدة الرسمية عدد 5112 بتاريخ 27 من ربيع الأول 1424 (29 ماي 2003)، ص 1755.

# ظهير شريف رقم 1.02.255 صادر في 25 من رجب 1423 (3 أكتوبر 2002) بتنفيذ القانون رقم 22.01 المتعلق بالمسطرة الجنائية [1]

- - -

الحمد لله وحده،

الطابع الشريف – بداخله:

( محمد بن الحسن بن محمد بن يوسف الله وليه )

يعلم من ظهيرنا الشريف هذا، أسماه الله وأعز أمره أننا:

بناء على الدستور ولا سيما الفصلين 26 و58 منه،

أصدرنا أمرنا الشريف بما يلي:

ينفذ وينشر بالجريدة الرسمية، عقب ظهيرنا الشريف هذا، القانون رقم 22.01 المتعلق بالمسطرة الجنائية، كما وافق عليه مجلس المستشارين ومجلس النواب.

وحرر بمراكش في 25 من رجب 1423 ( 3 أكتوبر 2002).

وقعه بالعطف:

الوزير الأول

الإمضاء: عبد الرحمن يوسفي

---

1 - الجريدة الرسمية عدد 5078 بتاريخ 27 ذي القعدة 1423 (30 يناير 2003)، ص 315.

المملكة المغربية      وزارة العدل والحريات      مديرية التشريع

# قانون رقم 22.01 يتعلق بالمسطرة الجنائية

# ديباجة

أصبح الاقتناع راسخاً بتغيير قانون المسطرة الجنائية الصادر بتاريخ 10 فبراير 1959 منذ بداية السبعينات من القرن الماضي. وقد تدخل المشرع بمقتضى الظهير الشريف المتعلق بالإجراءات الانتقالية الصادر في 28 شتنبر 1974 ليدخل تعديلات مهمة على ذلك القانون. وكرس في فصله الأول قناعته بتغيير قانون 1959 معتبراً ما تضمنه قانون الإجراءات الانتقالية مجرد تغييرات مرحلية يعمل بها إلى حين دخول «القانون الجديد للمسطرة الجنائية في حيز التطبيق».

وقد كشفت الممارسة اليومية عن وجود عدة ثغرات ومشاكل مرتبطة بالنصوص القانونية أو بالواقع الاجتماعي ينبغي التصدي لها وتقديم حلول وأجوبة لما تطرحه من إشكاليات. كما أن مصادقة المملكة المغربية على جملة من المواثيق والاتفاقيات الدولية أصبحت تفرض تدخل المشرع من أجل ملاءمة قانونه مع التوجه العالمي. يضاف إلى ذلك الطفرة الكبرى التي عرفها مجال حقوق الإنسان ببلادنا، والحرص على صيانة هذه الحقوق وحماية الحريات الفردية والجماعية، و بناء دولة الحق والقانون.

وقد وجدت أسباب أخرى دعت إلى تعديل قانون المسطرة الجنائية والتعجيل بإخراجه إلى حيز التطبيق من بينها:

- إن نظام العدالة الجنائية لم يعد مبعث ارتياح لدى مختلف الفعاليات المهتمة على كافة الأصعدة، وأصبح محل انتقاد من المهتمين والمتتبعين نتيجة بطء الإجراءات وعدم فعاليتها بسبب عدم جدوى الأساليب الإجرائية المقررة أو عدم كفايتها، أو لكون الآجال المسطرية طويلة أو غير محددة بالمرة؛

- تصاعد ظاهرة الجريمة، وظهور أنواع جديدة من الجرائم مرتبطة بالتقدم العلمي والتكنولوجي وبالظروف الاجتماعية والاقتصادية، أبان عن قصور المسطرة الجنائية الحالية في مكافحتها؛

- تضخم عدد القضايا المعروضة على العدالة الجنائية بشكل بات معه البت في قدر هائل منها بواسطة تشكيلات القضاء الجماعي يؤدي إلى زيادة تراكمها رغم بساطة بعضها.

وعلى العموم فقد كان هاجس توفير ظروف المحاكمة العادلة وفقاً للنمط المتعارف عليه عالمياً و احترام حقوق الأفراد وصون حرياتهم من جهة، والحفاظ على المصلحة العامة والنظام العام من جهة أخرى، عناصر أساسية شكلت نقطة مركزية أثناء إعادة النظر في قانون المسطرة الجنائية الصادر سنة 1959، والظهير الشريف المتعلق بالإجراءات الانتقالية الجنائية الصادر سنة 1974 لجعلهما يواكبان ترسيخ بناء دولة الحق والقانون مع تلافي كل السلبيات التي أفرزتها تجربة الأربعين سنة الأخيرة من الممارسة باستحضار تعاليم الدين الإسلامي الحنيف وقيم المجتمع المغربي مع الحفاظ على الأسس المستقرة في

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

التراث القضائي ودعم المكتسبات التي حققها التشريع الوطني في مجال حقوق الإنسان بمقتضى التعديلات التي أدخلت على قانون المسطرة الجنائية خلال التسعينات سواء فيما يتعلق بمدة الحراسة النظرية أو توفير حق الدفاع للمتهمين أو إشعار عائلات المعتقلين بوضعهم تحت الحراسة النظرية، أو حقهم في أن يعرضوا على طبيب لمعاينتهم بطلب منهم أو إذا عاين القاضي ما يبرر ذلك ودعم هذه المكتسبات على نحو يتماشى مع المفهوم الكوني لحقوق الإنسان في الوقت الراهن.

وبالإضافة إلى ذلك فقد كان من الضروري تبني المعايير الدولية للمحاكمة العادلة تشريعياً. وفي هذا الصدد فإن القانون الحالي يحتوي بالإضافة إإلى الكتاب التمهيدي على ثمانية كتب هي:

- الكتاب الأول: التحري عن الجرائم ومعاينتها؛

- الكتاب الثاني: الحكم في الجرائم؛

- الكتاب الثالث: القواعد الخاصة بالأحداث؛

- الكتاب الرابع: طرق الطعن غير العادية؛

- الكتاب الخامس: المساطر الخاصة؛

- الكتاب السادس: تنفيذ المقررات القضائية والسجل العدلي ورد الاعتبار؛

- الكتاب السابع: الاختصاص المتعلق ببعض الجرائم المرتكبة خارج المملكة والعلاقات مع السلطات القضائية الأجنبية؛

- الكتاب الثامن: أحكام مختلفة وختامية.

وقد اهتم قانون المسطرة الجنائية بإبراز المبادئ والأحكام الأساسية في مجال حقوق الإنسان وتوفير ظروف المحاكمة العادلة، وكان توجهه الأساسي يرمي إلى تحقيق تلك المبادئ السامية والمحافظة عليها باعتبارها من الثوابت في نظام العدالة الجنائية المعاصرة، ولذلك فقد حرص على إقرار المبادئ التالية:

- أن تكون المسطرة الجنائية منصفة وحضورية وحافظة لتوازن حقوق الأطراف؛

- أن تتضمن الفصل بين السلطات المكلفة بممارسة الدعوى العمومية والتحقيق وسلطات الحكم؛

- أن تتم محاكمة الأشخاص الموجودين في شروط مماثلة والمتابعين بنفس الأفعال على أساس نفس القواعد؛

- أن كل شخص مشتبه فيه أو متابع تفترض براءته ما دامت إدانته غير مقررة بمقتضى حكم نهائي. وكل مساس ببراءته المفترضة محرم ومعاقب عليه بمقتضى القانون؛

- أن يفسر الشك دائماً لفائدة المتهم؛

- أن يتمتع كل شخص بالحق في العلم بجميع أدلة الإثبات القائمة ضده ومناقشتها وأن يكون له الحق في مؤازرة محام؛

- أن تسهر السلطة القضائية على الإخبار وعلى ضمان حقوق الضحايا خلال مراحل المسطرة الجنائية؛

- أن يقع البت في التهم المنسوبة إلى الشخص داخل أجل معقول؛

- كل شخص مدان له الحق في أن يطلب إعادة فحص التهم المنسوبة إليه والمدان من أجلها أمام محكمة أخرى عبر وسائل الطعن المحددة في القانون.

ويمكن اختصار أهم المبادئ التي تضمنها القانون فيما يلي:

**• قرينة البراءة:**

نصت المادة الأولى من قانون المسطرة الجنائية على اعتبار البراءة هي الأصل إلى أن تثبت إدانة الشخص بحكم مكتسب لقوة الشيء المقضي به بناء على محاكمة عادلة تتوفر فيها كل الضمانات القانونية. هذا المبدأ يكرس ما تضمنه الدستور من أن المملكة المغربية تتعهد « بالتزام ما تقتضيه المواثيق (الدولية) من مبادئ وحقوق وواجبات وتؤكد تشبثها بحقوق الإنسان كما هي متعارف عليها دولياً»[2].

والجدير بالذكر أن الإعلان العالمي لحقوق الإنسان الذي أقرته الجمعية العامة للأمم المتحدة بتاريخ 10 دجنبر 1948 كان قد نص على هذا المبدأ في مادته الحادية عشرة كما يلي: « كل شخص متهم بجريمة يعتبر بريئاً إلى أن تثبت إدانته قانوناً بمحاكمة علنية تؤمن له فيها الضمانات الضرورية للدفاع عنه»، وأكدته المادة 14 من العهد الدولي الخاص بالحقوق المدنية والسياسية.

وبالإضافة إلى النص صراحة على قرينة البراءة، فإن قانون المسطرة الجنائية أحاطها بعدة تدابير عملية لتعزيزها وتقويتها من بينها:

- اعتبار الاعتقال الاحتياطي والمراقبة القضائية تدبيرين استثنائيين؛

- تحسين ظروف الحراسة النظرية والاعتقال الاحتياطي، وإحاطتهما بإجراءات مراقبة صارمة من طرف السلطة القضائية؛

- ترسيخ حق المتهم بإشعاره بالتهمة؛

- حقه في الاتصال بمحامي خلال فترة تمديد الحراسة النظرية، وحق المحامي في تقديم ملاحظات كتابية خلال تلك الفترة؛

- حقه في أن تشعر عائلته بوضعه تحت الحراسة النظرية؛

- إمكانية النشر الكلي أو الجزئي لقرار عدم المتابعة الذي يصدره قاضي التحقيق بالصحف بناء على طلب من يعنيه الأمر أو النيابة العامة؛

---

2 - هذا المبدأ كرسه تصدير الدستور الجديد في فقرته الثالثة: "وإدراكا منها لضرورة تقوية الدور الذي تضطلع به على الصعيد الدولي، فإن المملكة المغربية، العضو العامل النشيط في المنظمات الدولية، تتعهد بالتزام ما تقتضيه مواثيقها من مبادئ وحقوق وواجبات، وتؤكد تشبثها بحقوق الإنسان كما هي متعارف عليها عالميا".

- منع تصوير شخص معتقل أو يحمل أصفاداً أو قيوداً أو نشر صورته أو اسمه أو أية إشارة تعرف به دون موافقة منه والمعاقبة على ذلك أو القيام بأية وسيلة كانت بنشر تحقيق أو تعليق أو استطلاع للرأي يتعلق بشخص تجري في حقه مسطرة قضائية سواء كان متهماً أو ضحية دون موافقته.

**• دور فعال للقضاء في مراقبة وتقييم وسائل الإثبات:**

حرص القانون الجديد على إبراز دور القاضي في مراقبة وسائل الإثبات وتقدير قيمتها، وفي هذا الصدد أصبح القاضي ملزماً بتضمين ما يبرر اقتناعه ضمن حيثيات الحكم الذي يصدره. وأعيدت صياغة المقتضيات المتعلقة بإثبات الجرائم بشكل واضح.

كما نصت المادة 293 صراحة على عدم الاعتداد بكل اعتراف ينتزع بالعنف أو الإكراه. وهو مبدأ كرس ما نصت عليه المادة الخامسة من الإعلان العالمي لحقوق الإنسان « لا يعرض أي إنسان للتعذيب ولا للعقوبات أو المعاملات القاسية أو الوحشية أو الحاطة بالكرامة »، والمادة السابعة من العهد الدولي الخاص بالحقوق المدنية والسياسية. وبالإضافة إلى ذلك فإن القانون الجديد قد نص على خضوع الاعتراف نفسه للسلطة التقديرية للقضاء.

**• تعزيز وتقوية ضمانات المحاكمة العادلة:**

حرص قانون المسطرة الجنائية على تكريس هذا المبدأ الذي نادى به الإعلان العالمي لحقوق الإنسان (المادة 10) ، وبينت خصوصياته المادة 14 من العهد الدولي الخاص بالحقوق المدنية والسياسية. وقد تم تدعيم هذا المبدأ وتعزيزه بالنص صراحة على ضمانات أخرى من بينها:

- ضرورة استعانة ضابط الشرطة القضائية بمترجم إذا كان الشخص المستمع إليه يتحدث لغة أو لهجة لا يحسنها ضابط الشرطة القضائية، أو استعانته بشخص يحسن التخاطب مع المعني بالأمر إذا كان أصما أو أبكما، وإمضاء المترجم على المحضر (المادة 21)؛

- التأكيد على هذه الضمانة كذلك أمام النيابة العامة (المادة 47) بالإضافة لترسيخها أمام قضاء التحقيق وقضاء الحكم؛

- تقوية دور المحامي أثناء الاستنطاق الذي تقوم به النيابة العامة للمتهم في حالة تلبس، إذ أصبح من حقه أن يلتمس إجراء فحص طبي على موكله أو يدلي نيابة عنه بوثائق أو إثباتات كتابية أو يعرض تقديم كفالة مقابل إطلاق سراحه (المادتان 73 و74)؛

- تحديد آجال لإنجاز الإجراءات القضائية وللبت في القضايا لتحقيق السرعة والفعالية في أداء العدالة الجنائية ولا سيما في قضايا المعتقلين، ومن ذلك ما نصت عليه (المواد 180، 196، 215، 234، 381، 528 و 540...)؛

- فتح طرق أخرى لتبليغ الاستدعاءات والمقررات القضائية بإمكانها تسريع وتيرة البت في القضايا. وتتمثل هذه الطرق في اللجوء إلى الوسائل والكيفيات المشار إليها في الفصول 37، 38، و39 من قانون المسطرة المدنية، بالإضافة للتبليغ بواسطة الأعوان القضائيين وأعوان المحاكم أو بالطريقة الإدارية.

- الحفاظ على مبادئ الشريعة الإسلامية وقيم وتقاليد المجتمع المغربي في معاملة المرأة. والنص في هذا الخصوص على احترام حرمة النساء وعدم تفتيش المرأة إلا بواسطة جنسها (المادتان 60 و 81).

- تعزيز مراقبة حقوق المعتقلين والسجناء، بالنص على زيارة المؤسسات السجنية من قبل قضاة النيابة العامة وقضاة التحقيق وقضاة الأحداث وقضاة تطبيق العقوبات ورئيس الغرفة الجنحية لدى محكمة الاستئناف، وذلك بكيفية دورية ومنتظمة. علاوة على الدور الذي تقوم به اللجنة الإقليمية التي يترأسها الوالي أو العامل، والتي دعم القانون الجديد تركيبتها البشرية بإشراك فعاليات المجتمع المدني (الجمعيات المهتمة) وتوسيع دائرة القطاعات الحكومية المشاركة فيها، وتمديد صلاحياتها لتشمل مراقبة المؤسسات المكلفة برعاية الأحداث الجانحين (المواد 249، 616، 620 و 621).

- تقوية مراقبة القضاء لأعمال الشرطة القضائية، حيث أصبح متعيناً على وكيل الملك معاينة أماكن الوضع تحت الحراسة النظرية مرة كل أسبوع على الأقل، للتحقق من شرعية الاعتقال وظروفه. كما أصبحت النيابة العامة ملزمة بتقييم أداء ضباط الشرطة القضائية وتنقيطهم. وهو ما سيمكن رؤساءهم الإداريين من التعرف بكيفية منظمة على مؤهلاتهم وقدراتهم ومجهوداتهم في مجال الشرطة القضائية، مع المحافظة على صلاحيات الغرفة الجنحية لدى محكمة الاستئناف كسلطة تأديبية بالنسبة لضباط الشرطة القضائية.

- النص على إشراف وزير العدل على السياسة الجنائية وتبليغها للوكلاء العامين للملك للسهر على تطبيقها (المادة 51).

- النص على وجوب أن تكون التعليمات التي يعطيها وزير العدل للنيابة العامة - بحكم تبعيتها له- مكتوبة (المادة 51).

- تعريف المحضر الذي ينجزه ضباط الشرطة القضائية وتحديد الشكليات المتطلبة في إنجازه توخياً للدقة والضبط وسلامة الإجراءات.

- وجوب إشعار المشتكي بقرار الحفظ الذي تتخذه النيابة العامة بشأن شكايته داخل 15 يوماً من اتخاذه ليمكنه سلوك الإجراءات التي يخولها له القانون للحفاظ على حقوقه.

- توضيح مسطرة التعاون القضائي مع الدول الأجنبية، وإدراج مسطرة تسليم المجرمين ضمن قانون المسطرة الجنائية بشكل ملائم لمقتضيات القانون الدولي.

- تناول القانون مسطرة الإكراه البدني بكيفية منسجمة مع ما تضمنه القانون رقم 15.97 بمثابة مدونة تحصيل الديون العمومية الصادر بتنفيذ الظهير الشريف رقم 1.00.175 الصادر في 28 من محرم 1421 (3 ماي 2000)[3]، سواء من حيث مدة الإكراه البدني أو من حيث المسطرة أو أسباب الإعفاء (المواد 635 وما يليها إلى 647) واعتبر الإعسار سببا لعدم تطبيق الإكراه، وأقر مراقبة قضائية مسبقة على طلبات الإكراه، مع الإبقاء على حق الطعن في صحة إجراءاته أو في الصعوبات التي تعترض تطبيقه، ورفع

---

3 - الجريدة الرسمية عدد 4800 بتاريخ 28 صفر 1421 (فاتح يونيو 2000)، ص 1256.

المملكة المغربية                        وزارة العدل والحريات                        مديرية التشريع

السن الأدنى لتطبيق الإكراه البدني من 16 إلى 18 سنة وخفض السن الأقصى إلى 60 سنة بدل 65 سنة.

- تمت مراجعة بعض آجال رد الاعتبار بتخفيضها على نحو يكفل إعادة إدماج الأشخاص المستفيدين منه في المجتمع (المواد 688 و689 و692).

وبالإضافة إلى هذه المبادئ الأساسية فإن القانون أتى بمستجدات هامة الهدف منها توفير ظروف مثلى للمحاكمة العادلة وتدعيم مبادئ حقوق الإنسان في المحاكمة الجنائية وحماية حقوق الأفراد متهمين كانوا أم ضحايا أو شهوداً من جهة، وإعطاء نظام العدالة الجنائية الوسائل الضرورية لمكافحة الجريمة وفقاً لمبادئ حقوق الإنسان والقانون المقارن من جهة أخرى آخذاً بعين الاعتبار خصوصيات المجتمع المغربي والإمكانيات المادية والبشرية المتوفرة لنظام العدالة الجنائية ببلادنا.

ومن أهم المستجدات:

**أولاً: آليات جديدة لمكافحة الجريمة وحماية الضحايا**

اتجه القانون نحو القضاء الفوري على آثار الجريمة والحفاظ على الوضعيات التي كانت قائمة قبل ارتكابها، كما أوجد آلية جديدة ترمي إلى رأب الصدع الذي يمكن أن يطال العلاقات الاجتماعية، مستهدفاً تحقيق الصلح بين الخصوم، علما أن مؤتمر الأمم المتحدة العاشر لمنع الجريمة ومعاملة المجرمين كان قد تبنى هذا التوجه وأقره في إعلان فيينا خلال شهر أبريل 2000، حيث قرر استحداث « خطط عمل وطنية وإقليمية ودولية لدعم ضحايا الجريمة تشمل آليات للوساطة والعدالة التصالحية» وقرر أن يكون عام 2002 هو الموعد المستهدف لكي تراجع الدول ممارساتها في هذا الشأن.

**1. إرجاع الحالة في حالة الاعتداء على الحيازة إلى ما كانت عليه:**

وهي سلطة تمكن النيابة العامة من إرجاع الحيازة إلى الأشخاص الذين كانت لديهم بمقتضى حكم قضائي ثم انتزعت منهم بفعل اعتداء جرمي يتم بعد تنفيذ الحكم باسترداد الحيازة، وهو إجراء سيكون من شأنه تلافي استمرار اثر الجريمة قائما في انتظار صدور حكم قد تطول إجراءاته. ويقع هذا الإجراء تحت مراقبة القضاء الذي له أن يقره أو يلغيه أو يعدله (المادتان 40 و49).

**2. رد الأشياء المحجوزة لمن له الحق فيها:**

وهو إجراء يمكن ذوي الحقوق من أن يتسلموا فوراً ممتلكاتهم المنقولة التي سلبت منهم من جراء فعل جرمي كالسرقة أو خيانة الأمانة، وتجنب حرمانهم منها أو تلفها أو تضررها بمستودعات المحاكم في انتظار صدور حكم نهائي. وذلك ما لم تكن محل نزاع أو لازمة لسير الدعوى أو خطيرة أو قابلة للمصادرة(المادتان 40 و49).

**3. الصلح بين الخصوم:**

أصبح التشريع الجنائي الدولي الحديث يولي اهتماماً كبيراً لضحايا الجرائم الذين تم تجاهلهم وإقصاؤهم في وقت تنامى فيه الاهتمام بالجناة. ولذلك فإن من أسباب الاطمئنان إلى العدالة الجنائية تمكن الضحايا من الوصول إلى حقوقهم عبر تسوية حبية دون اللجوء إلى

حكم قضائي، علماً أن من أسباب استقرار الأمن واستتباب الطمأنينة بالمجتمع تحقيق تصالح بين طرفي الخصومة المباشرين. وهو ما يؤدي إلى رأب الصدع وجبر الضرر والقضاء على الفتن والاضطرابات والحد من النزعات الانتقامية لدى الضحايا. وهذا التدبير أحدث حلاً وسطاً بين قراري الحفظ والمتابعة اللذين تملكهما النيابة العامة إذ سيمكن من تجنب متابعة المتهم وفي نفس الوقت يقدم حلاً للضحية بالحفاظ على حقوقه ويصون حقوق المجتمع.

ويهم هذا التدبير جنحاً محددة على سبيل الحصر تتسم بكونها لا تعتبر خطيرة على النظام العام ويقتصر ضررها الظاهر على أطرافها الذين يعتبر رضاهم ضرورياً لتحقيق المصالحة.

وقد قيد هذا التدبير بمراقبة القضاء الذي له أن يتأكد من وقوعه بحضور الأطراف ودفاعهم قبل إقراره بأمر قضائي يصدره رئيس المحكمة الابتدائية أو من ينوب عنه (المادة 41).

### 4. إيقاف سير الدعوى

إن بعض النزاعات التي تقع بين الأفراد وترفع إلى المحاكم، يكون من شأن استمرار عرضها على القضاء التأثير على الروابط والعلاقات الإنسانية القائمة بين طرفي النزاع خاصة حين لا يكون الضرر الإجتماعي ذا أهمية بالغة.

ورغبة في الحفاظ على هذه الروابط التي يؤدي الحكم فيها إلى أضرار لا تتحقق معها المصلحة العامة، فقد أحدث هذا القانون آلية جديدة نصت عليها المادة 372 يمكن بمقتضاها للمحكمة في بعض الجرائم، إذا تنازل الطرف المتضرر أثناء سريان الدعوى، أن تأمر بإيقاف سير إجراءات الدعوى العمومية وذلك بناء على ملتمس تقدمه النيابة العامة، مع إمكانية مواصلة النظر في الدعوى بطلب من النيابة العامة كلما طرأت عناصر جديدة تمس الدعوى العمومية ما لم تكن قد انقضت بأحد أسباب السقوط كالتقادم وغيره.

وتتوخى هذه الإمكانية الحفاظ على الروابط الاجتماعية وإذكاء فضائل التعايش والتسامح.

### 5. السند التنفيذي للنيابة العامة في المخالفات

إن المسطرة التي كان معمولاً بها تعطي للقضاة حق إصدار أوامر قضائية في غيبة الأطراف في المخالفات التي لا يعاقب عنها بعقوبات سالبة للحرية ولا يظهر فيها متضرر وذلك بناء على ملتمسات النيابة العامة، وهو ما يضعنا أمام مسطرة طويلة ومعقدة تستهلك وقتاً طويلاً ومجهوداً فائضاً من عدة أطراف (الشرطة القضائية – كتابة النيابة العامة – وكيل الملك – كتابة الضبط – القاضي) لينتهي الأمر بصدور أمر بغرامة بسيطة يملك المحكوم عليه حق التعرض عليها.

وقد استهدف القانون تقليص وقت البت في هذا النوع من القضايا واختزال المجهودات البشرية والمادية التي تنفق لإنجازه، ومنح للنيابة العامة حق اقتراح أداء غرامة جزافية لا تتجاوز نصف الحد الأقصى للغرامة المقررة للمخالفة، وفي حالة عدم موافقته تعرض القضية على القضاء للبت فيها وفقاً للمسطرة الحضورية العادية، وبالمقابل فإن الاقتراح

المملكة المغربية                    وزارة العدل والحريات                    مديرية التشريع

يصبح سنداً قابلاً للتنفيذ في حالة قبول المخالف به أو عدم تعرضه عليه (المواد 375 إلى 382).

## 6. دور النيابة العامة في حماية المجتمع ومحاربة الجريمة:

نظراً لتنامي وتزايد ظاهرة الجريمة وتعقد أساليبها وامتداد أنشطة شبكاتها عبر حدود الدول واستغلالها لوسائل التكنولوجيا الحديثة. وحرصاً على تفادي التأخير في إنجاز الأبحاث والحيلولة دون فرار المشتبه فيهم، فقد جاء هذا القانون بمقتضيات تخول للنيابة العامة (وقاضي التحقيق كذلك) وسائل جديدة للبحث عن أدلة لإثبات الجرائم وضبط مرتكبيها من أجل محاكمتهم، من بينها:

### أ) سحب جواز السفر وإغلاق الحدود:

بالإضافة للإمكانية المتاحة أمام هيئة الحكم وهيئة التحقيق بمقتضى المادة 182، يمكن للنيابة العامة إذا اقتضت ذلك ضرورة البحث التمهيدي أن تسحب جواز سفر المشتبه فيه وتغلق الحدود في وجهه لمدة لا تتجاوز شهراً واحداً،ويمكن تمديد هذا الأجل لغاية انتهاء البحث التمهيدي إذا كان المعني بالأمر هو المتسبب في تأخير إتمامه، وينتهي مفعول الإجراءين في كل الأحوال بإحالة القضية على هيئة الحكم أو التحقيق أو باتخاذ قرار بحفظ القضية (المادتان 40 و49).

وهذا الإجراء يتيح للأجهزة المكلفة بمكافحة الجريمة فرصة كافية للتثبت من الجرائم وجمع الأدلة، ويعتبر بالنسبة للمشتبه فيه إجراء ناجعاً في عدة أحوال إذ يمكنه من وقت أوسع للبحث عن وسائل للدفاع عن نفسه، ويعد في نفس الوقت إجراء كفيلاً بضمان حضور المتهم من غير اللجوء إلى وضعه تحت الحراسة النظرية.

### ب) التقاط المكالمات والاتصالات المنجزة بوسائل الاتصال عن بعد وتسجيلها وحجزها:

هذه الإمكانية مخولة لقاضي التحقيق، كلما اقتضتها ضرورة التحقيق. ويمكن كذلك للوكيل العام للملك إذا اقتضت ذلك ضرورة البحث أن يلتمس من الرئيس الأول لمحكمة الاستئناف الإذن له كتابة بالتقاط المكالمات وكافة الاتصالات المرسلة بواسطة وسائل الاتصال المختلفة وتسجيلها. ويتم ذلك تحت سلطته ومراقبته.

ونظراً لخطورة الإجراء فإن القانون اعتبره إجراء استثنائياً ووضعه أساساً بيد قاضي التحقيق متى كانت القضية معروضة عليه، واستثناء وإذا اقتضت ذلك ضرورة البحث في قضية غير معروضة على التحقيق يمكن للوكيل العام للملك أن يحصل على إذن من الرئيس الأول للقيام بهذا الإجراء في بعض الجرائم شديدة الخطورة على أمن المواطن وسلامة الوطن. وفي حالة الاستعجال القصوى يمكن للوكيل العام للملك بكيفية استثنائية إذا كانت ضرورة البحث تقتضي التعجيل خوفا من اندثار وسائل الإثبات، أن يبادر إلى القيام بذلك الإجراء و إشعار الرئيس الأول على الفور، والذي عليه أن يقرر بشأن قرار الوكيل العام للملك خلال أربع وعشرين ساعة.

وقد حدد القانون مدة وشكليات هذا الإجراء بكل دقة وأحاطه بقيود صارمة تكفل حماية حرمة الأشخاص وعدم استغلال هذه الإمكانية خلافاً للقانون، وفرض عقوبات على مخالفتها (المواد من 108 إلى 116).

## ج) إصدار أوامر دولية بإلقاء القبض:

منح هذا القانون لوكيل الملك وللوكيل العام للملك الصلاحية لإصدار أوامر دولية بإلقاء القبض لتطبيق مسطرة تسليم المجرمين. ولقد كانت هذه النقطة تشكل عائقاً أمام النيابة العامة يحول دون أدائها لدورها كاملاً في محاربة الجريمة إذا غادر مرتكبوها التراب الوطني.

وفي القضايا الجنحية التي لا يمكن عرضها على قاضي التحقيق لإصدار مثل هذا الأمر فإن الجناة والمشتبه فيهم يظلون بمنأى عن يد القضاء المغربي بسبب عدم إمكانية نشر الأوامر بإلقاء القبض التي تصدرها النيابة العامة في حقهم على الصعيد الدولي، نظراً لعدم وجود نص صريح يمنحها حق إصدار هذه الأوامر.

ويتوخى هذا القانون من هذا المقتضى الذي تضمنته المادتان 40 و49 تحقيق الفعالية اللازمة للعدالة الجنائية.

## ثانياً: توفير أجوبة ملائمة للانحراف البسيط والمتوسط

بالنظر لكثرة بعض القضايا التي لا تكتسي خطورة بالغة، والتي أضحت تؤثر على سير وأداء عمل القضاء الجنائي، وتستغرق من الجهد والوقت ما ينبغي تخصيصه للقضايا المعقدة والشائكة، فقد قدم المشروع جواباً لذلك عبر آليتين:

1. القضاء الفردي؛
2. الأمر القضائي في الجنح.

## 1: القضاء الفردي

رغم أن تجربة القضاء الفردي كانت محل انتقاد جعل المشرع يعتنق نظام القضاء الجماعي منذ تعديل سنة 1993، إلا أنه لا يمكن إنكار الدور الإيجابي الذي لعبه القضاء الفردي خلال الحقبة التي طبق فيها في تصفية العديد من القضايا بالسرعة المطلوبة. ولذلك فإن القانون بتبنيه للقضاء الفردي من جديد في البت في القضايا التي لا تتجاوز العقوبات المقررة لها سنتين حبساً أو مجرد غرامة فقط، يكون قد توخى الحرص على سرعة وفعالية نظام العدالة الجنائية في معالجة هذا النوع من القضايا. وذلك مع ترك البت في القضايا الجنحية المهمة إلى القضاء الجماعي، مما سيوفر لهذا النوع من القضايا حظاً أوفر من العناية ستنعكس بالإيجاب على مستوى المقررات القضائية (المادة 374).

## 2: الأمر القضائي في الجنح

أوجد القانون مسطرة مبسطة للجنح البسيطة التي يعاقب عنها فقط بغرامة لا تتجاوز خمسة آلاف درهم ولا يظهر فيها مطالب بالحق المدني، إذا كانت ثابتة بمقتضى محضر أو تقرير. و تمكن هذه المسطرة القاضي من إصدار أمر بأداء الغرامة بناء على ملتمس النيابة العامة، والبت في غيبة المتهم والمسؤول عن الحق المدني بأمر يمكنهما التعرض عليه بعد تبليغه. ويتيح التعرض فرصة المحاكمة الحضورية العادية (المادة 383).

### ثالثاً: ثنائية التحقيق

بالنظر إلى أن ظهير الإجراءات الانتقالية كان قد حول البت في الجنايات إلى محاكم الاستئناف ونقل قضاة التحقيق إلى هذه المحاكم، فإن التحقيق في الجنح أصبح رهيناً بوجود نص قانوني صريح يجيزه، وهو ما جعل مجموعة من الجنح التي تكتسي أهمية بالغة كالجرائم الاقتصادية وتزوير الوثائق، غير مشمولة بمسطرة التحقيق وهو ما قد لا يساعد على الكشف عن الحقيقة، علماً بأن تقليص مدة الحراسة النظرية لدى الشرطة القضائية قد أثر بدوره على نتائج الأبحاث في الحالات التي لم يكن ممكناً فيها الإفراج عن المشتبه فيهم.

وبالنظر لخطورة بعض الجنح والتي تصل عقوبتها القصوى إلى خمس سنوات حبسا أو أكثر.

وبالنظر كذلك إلى أن مشروع القانون الجنائي المرتقب قد يتبنى عقوبات تتجاوز خمس سنوات لبعض الجنح ذات الخطورة.

فقد أتى القانون بمسطرة التحقيق الاختياري بالنسبة للجنح التي يكون الحد الأقصى للعقوبة المقررة لها خمس سنوات أو أكثر بالإضافة للجنح التي يجيز أو يوجب نص خاص التحقيق فيها.

ولتحقيق هذه الغاية فقد تم إحداث مؤسسة قاضي التحقيق لدى المحاكم الابتدائية بالإضافة لاستمرار المؤسسة الموجودة لدى محاكم الاستئناف.

### رابعاً: بدائل للاعتقال الاحتياطي (الوضع تحت المراقبة القضائية)

لا يتضمن قانون المسطرة الجنائية لسنة 1959 أي تدبير بديل للاعتقال الاحتياطي ذي بعد إنساني، ولا يوفر ذلك القانون لقاضي التحقيق إمكانيات بديلة مهمة وفعالة من شأنها ضمان حضور المتهم لإجراءات التحقيق الجنائي في إطار المحاكمة العادلة وضمان حقوق الدفاع. ولذلك تم إحداث نظام الوضع تحت المراقبة القضائية.

ويتوخى القانون الجديد من إقرار هذه التدابير إيجاد آليات تكفل سير تطبيق الإجراءات القضائية دون اللجوء إلى تدبير الاعتقال الاحتياطي الذي أصبح منتقداً لعدة اعتبارات إنسانية واجتماعية (المواد من 159 إلى 174).

### خامساً: الجديد في طرق الطعن

### 1: استئناف القرارات الصادرة عن غرف الجنايات

لا يتوفر المتهم الذي يحاكم أمام غرفة الجنايات – ولو من أجل جنحة– سوى على درجة واحدة من التقاضي، علماً أن هذه الغرف تصدر أحكاماً تصل لحد الإعدام والسجن المؤبد بشأن الجنايات؛ في حين يتوفر المتهم الذي تحاكمه المحكمة الابتدائية على الحق في الاستئناف ولو كان متابعاً من أجل جنحة يعاقب عليها القانون بغرامة بسيطة فقط.

وهذا الوضع منتقد لأنه يهدر حق المتهم في التوفر على درجتين من درجات التقاضي، ويمس بمبدأ المحاكمة العادلة.

المملكة المغربية        وزارة العدل والحريات        مديرية التشريع

ولذلك فقد جاء القانون الجديد بمقتضيات تنص على إمكانية الطعن بالاستئناف في القرارات الصادرة عن غرف الجنايات لدى محاكم الاستئناف من قبل أطراف الدعوى.

ولتوفير مزيد من الضمانات للمحاكمة العادلة فإن غرفة الجنايات الاستئنافية التي تنظر في الطعن تتكون من رئيس وأربعة مستشارين لم يسبق لهم النظر في القضية. مع العلم أنه ضمانا لحسن سير العدالة وتقريب القضاء من المتقاضين فإن هذه الغرفة توجد بنفس محكمة الاستئناف التي توجد بها غرفة الجنايات التي أصدرت الحكم الابتدائي (المادة 457).

## 2: الطعن بالنقض في القرارات الجنائية القاضية بالبراءة أو الإعفاء

إن الوضع الحالي لا يتيح الطعن بالنقض في القرارات الصادرة عن غرف الجنايات إذا قضت بالبراءة أو بالإعفاء، ولذلك فإن المستفيد الوحيد من هذه الوضعية هو المتهم الذي لا يمكن للنيابة العامة أن تطعن بالنقض في مواجهته إذا صرحت غرفة الجنايات ببراءته أو بإعفائه.

والواقع أن هذه وضعية منتقدة، لكونها لا تضع الخصوم على قدم المساواة حيث يمكن للمتهم الطعن بالنقض في حالة إدانته، و لا يتاح هذا الحق للنيابة العامة بصفتها ممثلة للمجتمع ومدافعة عن النظام العام في حالة استفادة المتهم من البراءة أو من الإعفاء من العقوبة.

وهي من جهة أخرى لا تتيح الفرصة لتصحيح الأخطاء التي قد تعتري قرارات غرفة الجنايات، والتي – في حالة حدوثها – تجعل المتهم يفلت من العقاب رغم فظاعة الجرم المرتكب من قبله، علماً أن الطعن بالنقض لفائدة القانون لا يوفر إمكانية إصلاح الخطأ إلا من الناحية المبدئية، إذ لا يسمح بمعاقبة المتهم أو إعادة محاكمته رغم قبول الطعن (النقض لفائدة القانون).

ولذلك فإن القانون الجديد تخلى عن هذا المقتضى الذي كان مقررا في الفصل 576 من قانون 1959.

## 3: الطعن بإعادة النظر

أحدث القانون وسيلة طعن جديدة هي الطعن بإعادة النظر في القرارات الصادرة عن محكمة النقض[4] حفاظاً على حقوق الأطراف، وذلك في الحالات الآتية:

- ضد القرارات الصادرة استناداً إلى وثائق صرح أو اعترف بزوريتها؛

- من أجل تصحيح أخطاء مادية؛

- إذا أغفل القرار البت في أحد الطلبات المعروضة بمقتضى بعض وسائل استدل بها؛

- في حالة عدم تعليل قرار محكمة النقض؛

---

4 - حلت عبارة محكمة النقض محل العبارة السابقة المجلس الأعلى وذلك بمقتضى التنزيل الدستوري بمادة فريدة من القانون 11.58 الصادر بتنفيذه الظهير الشريف رقم 1.11.170 بتاريخ 27 من ذي القعدة 1432 (25 أكتوبر 2011)، الجريدة الرسمية عدد 5989 مكرر بتاريخ 28 ذو القعدة 1432 (26 أكتوبر 2011)، ص 5228.

- ضد القرار الصادر بعدم القبول أو بالسقوط لأسباب ناشئة عن بيانات ذات صبغة رسمية تبين عدم صحتها عن طريق وثائق رسمية جديدة وقع الاستدلال بها فيما بعد (المادتان 563 و 564 ).

## سادساً: التوجهات الكبرى لحماية الأحداث

إذا كان الهدف الذي توخاه القانون الجديد هو حماية الأحداث الجانحين وتقويم سلوكهم بقصد إعادة إدماجهم في المجتمع، فإنه لم يقصر هذه الحماية على الحدث الجانح أو ضحية الجريمة فقط، وإنما شمل بها الأحداث الموجودين في وضعية صعبة كذلك (المواد من 512 إلى 517).

وقد سلك القانون الجديد في معالجته لقضايا الأحداث اعتماد مبادئ التكريم والعناية التي أقرتها الشريعة الإسلامية للطفل وأحكام الاتفاقيات والمعاهدات الدولية التي صادقت عليها المملكة المغربية وأقر عدة مقتضيات لبلوغ ذلك الهدف، من بينها:

- رفع سن الرشد الجنائي إلى 18 سنة ميلادية كاملة (المادة 458)؛

- إحداث نظام قاضي الأحداث بالمحكمة الابتدائية وإعطائه دوراً فاعلاً في حماية الأحداث، بالإضافة لتكريس الدور الذي يقوم به المستشار المكلف بالأحداث لدى محكمة الاستئناف؛

- إحداث هيئات قضائية متخصصة للنظر في قضايا الأحداث يرأسها وجوباً قاض مكلف بالأحداث. وعلى غرار ذلك أوكل للوكيل العام للملك تعيين قاضي النيابة العامة الذي يضطلع بمهام الأحداث (المادتان 467 و485). كما نهج نفس السبيل بتخصيص فئة من ضباط الشرطة القضائية مكلفين بالأحداث (المادة 19)، انسجاماً مع ما نصت عليه الاتفاقيات الدولية وقواعد بكين النموذجية حول جنوح الأحداث؛

- إسناد حق رعاية الصلح في الجنح التي يرتكبها أحداث للنيابة العامة، التي أصبح بإمكانها أيضاً المطالبة بإيقاف سير الدعوى العمومية المرفوعة ضد الحدث في حالة سحب الشكاية أو تنازل المتضرر (المادة 461)؛

- وإذا كان القانون الجديد قد راعى حماية الحدث وأوجد لذلك مسطرة تأخذ بعين الاعتبار مصلحته الفضلى وتقوم على تقويم سلوكه وتحسين تربيته وتهذيبه، فإنه قد أوجد لذلك آليات وأساليب متعددة منها نظام الحراسة المؤقتة المنصوص عليه في المادة 471 وتدابير الحماية أو التهذيب المنصوص عليها في المادة 481 ونظام الحرية المحروسة الذي تطرقت إليه المواد من 496 إلى 500.

وتهدف هذه الأنظمة جميعاً إلى بلوغ غاية وحيدة وتحقيق مطلب سام هو حماية الحدث من الانحراف وتقويم سلوكه لإعادة إدماجه في المجتمع.

وقد أشرك القانون في تحقيق هذه الغاية الآباء والأوصياء والكفلاء وكل شخص جدير بالثقة بالإضافة إلى المؤسسات والمصالح العمومية والجمعيات والمؤسسات الخصوصية المهتمة بالطفولة أو المكلفة بالتربية أو التكوين المهني أو المعدة للعلاج أو التربية الصحية.

وأعطى لقاضي الأحداث أو المستشار المكلف بالأحداث الصلاحية المخولة لقضاة التحقيق ومكنهما من إجراء أبحاث يمكن على ضوئها «تحديد التدابير الواجب اتخاذها لضمان حماية الحدث و إنقاذه ».

ولم يفت القانون الجديد أن يراعي خطورة بعض الأحداث والحفاظ على سلامتهم، فأعطى لضابط الشرطة القضائية إمكانية الاحتفاظ بالحدث الذي يجري في حقه بحث، في مكان مخصص لمدة لا تتجاوز مدة الحراسة النظرية بعد موافقة النيابة العامة. ولا يعمل بهذا الإجراء إلا إذا تعذر تسليم الحدث لأوليائه أو كانت سلامته أو ضرورة البحث تقتضي ذلك. وعلى ضابط الشرطة القضائية أن يتخذ كل التدابير اللازمة لتفادي إيذاء الحدث (المادة 460).

وفي نفس الإطار، سمح بصفة استثنائية بإيداع الأحداث الذين يتجاوز سنهم 12 سنة بالسجن، إذا ظهر أن هذا التدبير ضروري أو استحال اتخاذ أي تدبير آخر غيره. وفي هذه الحالة حرص القانون على صون حرمة الحدث وعدم اختلاطه مع من قد يهدد سلوكه أو سلامته وذلك بالاحتفاظ به في مكان أو جناح خاص معزول عن أماكن وضع الرشداء، وإبقائه منفرداً بالليل حسب الإمكان (المادة 473).

وإذا اقتضت الضرورة إصدار حكم بعقوبة سالبة للحرية على الحدث الجانح، فإن المحكمة تكون ملزمة بتعليل مقررها تعليلاً خاصاً. كما أن العقوبة المقررة للجريمة تخفض إلى النصف دون أن تزيد عن السجن من 10 سنوات إلى 15 سنة إذا كانت العقوبة المقررة هي الإعدام أو السجن المؤبد أو السجن لمدة ثلاثين سنة (المادتان 482 و 493).

وأوجب القانون إشعار عائلة الحدث أو الشخص أو الهيئة المكلفة برعايته متى تم الاحتفاظ به لدى الشرطة القضائية (المادة 460) أو إذا تمت متابعته (المادة 475) أو تقرير نظام الحرية المحروسة في حقه (المادة 500).

كما أوجب فصل قضيته عن شركائه أو المساهمين معه من المتهمين الرشداء، وحافظ على سرية جلسات الأحداث وسرية السجلات وخصوصية السجل العدلي الخاص بهم (المواد 461 و476 و478 و505 و506 و507).

ونص القانون كذلك على طرق الطعن في مقررات الهيئات القضائية المكلفة بالأحداث، ومكن قاضي الأحداث أو المستشار المكلف بالأحداث من تغيير التدابير المأمور بها في حق الحدث كلما اقتضت ذلك مصلحته (المادة 501 وما بعدها).

ومن أوجه الحماية المقررة لفائدة الحدث ما نصت عليه المادة 466 حول منع نشر بيان عن جلسات الهيئات القضائية للأحداث أو نشر كل نص أو رسم أو صورة تتعلق بهوية وشخصية الأحداث الجانحين، مع السماح بنشر الحكم دون الإشارة فيه لاسم الحدث بأية إشارة تمكن من التعرف على هويته.

وعلى العموم فإن القانون توخى رعاية الأحداث وتقويم سلوكهم وحمايتهم، ولعل أهم مستجداته في هذا الباب ما تضمنته المواد 512 إلى 517 التي اهتمت بتنظيم كيفية حماية الأطفال الموجودين في وضعية صعبة، وذلك دون أن يكون هؤلاء قد ارتكبوا فعلاً جرمياً

ولا كانوا ضحية لفعل جرمي، وإنما يوجدون بفعل ظروف تهدد تربيتهم أو صحتهم أو أخلاقهم على حافة الانحراف.

وهذه الحماية مقررة لفائدة الحدث الذي يقل عمره عن ست عشرة سنة إذا كانت سلامته البدنية أو الذهنية أو النفسية أو أخلاقه أو تربيته معرضة للخطر من جراء اختلاطه بأشخاص منحرفين أو معرضين للانحراف أو معروفين بسوء سيرتهم أو من ذوي السوابق الإجرامية، أو إذا كان الحدث مارقاً من سلطة أوليائه أو اعتاد الفرار من مدرسته أو هجر إقامة وليه أو لم يعد يتوفر على مكان صالح يستقر به.

ويحق لقاضي الأحداث أن يخضع الحدث الموجود في وضعية صعبة لواحد أو أكثر من التدابير المنصوص عليها في البنود 1 و3 و4 و5 و6 من المادة 471.

## سابعاً: حضور القضاء في مجال تطبيق العقوبة

إن قانون المسطرة لسنة 1959 لا يتضمن أي مقتضيات تهم قاضي تطبيق العقوبة. ولتدارك هذا النقص أحدث القانون الجديد مؤسسة قاضي تطبيق العقوبة الذي عهد إليه في كل محكمة ابتدائية باختصاصات لتتبع تنفيذ العقوبة بكيفية تسمح بإعادة إدماج المحكوم عليه في المجتمع. وقد أسندت إليه صلاحيات من بينها:

- زيارة المؤسسات السجنية مرة كل شهر على الأقل؛

- تتبع مدى تطبيق القانون المتعلق بتنظيم المؤسسات السجنية وتسييرها فيما يتعلق بقانونية الاعتقال وحقوق السجناء ومراقبة سلامة إجراءات التأديب؛

- تتبع وضعية تنفيذ العقوبات المحكوم بها من طرف المحاكم ومسك بطاقات خاصة بالسجناء؛

- الإطلاع على سجلات الاعتقال؛

- تقديم مقترحات حول الإفراج المقيد بشروط والعفو؛

- التأكد من سلامة الإجراءات المتعلقة بالإكراه البدني.

ولعل في إحداث مؤسسة قاضي تطبيق العقوبة تدعيم ضمانات حقوق الدفاع وصيانة كرامة المعتقل بالإضافة إلى استمرار الحماية القضائية للمحكوم عليه لما بعد صدور الحكم. وهو شيء ايجابي لأن صلة القضاء بالمحكوم عليهم كانت تنتهي بمجرد صدور الحكم ليصبح تنفيذه بيد جهاز إداري (المادتان 596 و 640).

وإذا كانت هذه أهم الخطوط العريضة للقانون الجديد، فإنه حافظ بشكل إجمالي على أهم المكتسبات في حقوق الإنسان ورسخ عدة اجتهادات قضائية أساسية في شكل نصوص قانونية، وبلور كافة الضمانات التي تقتضيها المحاكمة العادلة كما تنص عليها المواثيق الدولية.

ومن الناحية الشكلية فان القانون الجديد استهدف تحسين تبويب مقتضياته وصياغتها صياغة واضحة.

# الكتاب التمهيدي

## الباب الأول: قرينة البراءة

### المادة 1

كل متهم أو مشتبه فيه بارتكاب جريمة يعتبر بريئا إلى أن تثبت إدانته قانوناً بمقرر مكتسب لقوة الشيء المقضي به، بناء على محاكمة عادلة تتوفر فيها كل الضمانات القانونية[5].

يفسر الشك لفائدة المتهم.

## الباب الثاني: إقامة الدعوى العمومية والدعوى المدنية

### المادة 2

يترتب عن كل جريمة الحق في إقامة دعوى عمومية لتطبيق العقوبات والحق في إقامة دعوى مدنية للمطالبة بالتعويض عن الضرر الذي تسببت فيه الجريمة.

## الباب الثالث: الدعوى العمومية

### المادة 3

تمارس الدعوى العمومية ضد الفاعل الأصلي للجريمة والمساهمين والمشاركين في ارتكابها.

يقيم الدعوى العمومية ويمارسها قضاة النيابة العامة، كما يمكن أن يقيمها الموظفون المكلفون بذلك قانوناً.

يمكن أن يقيمها الطرف المتضرر طبقا للشروط المحددة في هذا القانون.

إذا أقيمت الدعوى العمومية في حق قاض أو موظف عمومي أو عون أو مأمور للسلطة أو القوة العمومية، فتبلغ إقامتها إلى الوكيل القضائي للمملكة.

### المادة 4

تسقط الدعوى العمومية بموت الشخص المتابع، وبالتقادم وبالعفو الشامل وبنسخ المقتضيات الجنائية التي تجرم الفعل، وبصدور مقرر اكتسب قوة الشيء المقضي به.

وتسقط بالصلح عندما ينص القانون صراحة على ذلك.

---

5 - انظر الفقرة 4 من الفصل 23 من الدستور الجديد: " قرينة البراءة والحق في محاكمة عادلة مضمونان".

تسقط أيضا بتنازل المشتكي عن شكايته، إذا كانت الشكاية شرطاً ضرورياً للمتابعة، ما لم ينص القانون على خلاف ذلك.

## المادة 5 [6]

تتقادم الدعوى العمومية، ما لم تنص قوانين خاصة على خلاف ذلك بمرور :

- خمس عشرة سنة ميلادية كاملة تبتدئ من يوم ارتكاب الجناية؛
- أربع سنوات ميلادية كاملة تبتدئ من يوم ارتكاب الجنحة؛
- سنة ميلادية كاملة تبتدئ من يوم ارتكاب المخالفة.

غير أنه إذا كان الضحية قاصراً وتعرض لاعتداء جرمي ارتكبه في حقه أحد أصوله أو من له عليه رعاية أو كفالة أو سلطة، فإن أمد التقادم يبدأ في السريان من جديد لنفس المدة ابتداء من تاريخ بلوغ الضحية سن الرشد المدني.

لا تتقادم الدعوى العمومية الناشئة عن الجرائم التي ينص على عدم تقادمها القانون أو اتفاقية دولية صادقت عليها المملكة المغربية وتم نشرها بالجريدة الرسمية.

## المادة 6 [7]

ينقطع أمد تقادم الدعوى العمومية بكل إجراء من إجراءات المتابعة أو التحقيق أو المحاكمة تقوم به السلطة القضائية أو تأمر به، وبكل إجراء يعتبره القانون قاطعاً للتقادم.

يقصد بإجراءات المتابعة في مفهوم هذه المادة، كل إجراء يترتب عنه رفع الدعوى العمومية إلى هيئة التحقيق أو هيئة الحكم.

يقصد بإجراءات التحقيق في مفهوم هذه المادة، كل إجراء صادر عن قاضي التحقيق خلال مرحلة التحقيق الإعدادي أو التحقيق التكميلي وفقا لمقتضيات القسم الثالث من الكتاب الأول من هذا القانون.

يقصد بإجراءات المحاكمة في مفهوم هذه المادة، كل إجراء تتخذه المحكمة خلال دراستها للدعوى.

يسري هذا الانقطاع كذلك بالنسبة للأشخاص الذين لم يشملهم إجراء التحقيق أو المتابعة أو المحاكمة.

يسري أجل جديد للتقادم ابتداء من تاريخ آخر إجراء انقطع به أمده، وتكون مدته مساوية للمدة المحددة في المادة السابقة.

---

6 - تم تغيير وتتميم المادة 5 أعلاه بمقتضى المادة الثانية من القانون رقم 35.11 القاضي بتغيير وتتميم القانون رقم 22.01 المتعلق بالمسطرة الجنائية، الصادر بتنفيذه الظهير الشريف رقم 1.11.169 بتاريخ 19 من ذي القعدة 1432 (17 أكتوبر 2011)، الجريدة الرسمية عدد 5990 بتاريخ 29 ذو القعدة 1432 (27 أكتوبر 2011) ص 5235.

7 - تم تغيير وتتميم المادة 6 أعلاه بمقتضى المادة الثانية من القانون رقم 35.11، سالف الذكر.

تتوقف مدة تقادم الدعوى العمومية فيما إذا كانت استحالة إقامتها ترجع إلى القانون نفسه.

يبدأ التقادم من جديد ابتداء من اليوم الذي ترتفع فيه الاستحالة لمدة تساوي ما بقي من أمده في وقت توقفه.

# الباب الرابع: الدعوى المدنية

## المادة 7

يرجع الحق في إقامة الدعوى المدنية للتعويض عن الضرر الناتج عن جناية أو جنحة أو مخالفة، لكل من تعرض شخصياً لضرر جسماني أو مادي أو معنوي تسببت فيه الجريمة مباشرة.

يمكن للجمعيات المعلن أنها ذات منفعة عامة أن تنتصب طرفاً مدنياً، إذا كانت قد تأسست بصفة قانونية منذ أربع سنوات على الأقل قبل ارتكاب الفعل الجرمي، وذلك في حالة إقامة الدعوى العمومية من قبل النيابة العامة أو الطرف المدني بشأن جريمة تمس مجال اهتمامها المنصوص عليه في قانونها الأساسي.

يمكن للدولة وللجماعات المحلية أن تتقدم بصفتها طرفا مدنيا، لمطالبة مرتكب الجريمة بأن يرد لها المبالغ التي طلب منها دفعها لموظفين أو لذوي حقوقهم طبقا للقانون الجاري به العمل.

## المادة 8

يمكن أن تقام الدعوى المدنية ضد الفاعلين الأصليين أو المساهمين أو المشاركين في ارتكاب الجريمة، وضد ورثتهم أو الأشخاص المسؤولين مدنياً عنهم.

## المادة 9

يمكن إقامة الدعوى المدنية والدعوى العمومية في آن واحد أمام المحكمة الزجرية المحالة إليها الدعوى العمومية.

تختص هذه المحكمة سواء كان المسؤول عن الضرر شخصا ذاتيا أو معنويا خاضعا للقانون المدني. كما تختص بالنظر في القضايا المنسوبة لأشخاص القانون العام في حالة ما إذا كانت دعوى المسؤولية ناتجة عن ضرر تسببت فيه وسيلة من وسائل النقل.

## المادة 10

يمكن إقامة الدعوى المدنية، منفصلة عن الدعوى العمومية، لدى المحكمة المدنية المختصة.

غير أنه يجب أن توقف المحكمة المدنية البت في هذه الدعوى إلى أن يصدر حكم نهائي في الدعوى العمومية إذا كانت قد تمت إقامتها.

## المادة 11

لا يجوز للطرف المتضرر الذي أقام دعواه لدى المحكمة المدنية المختصة أن يقيمها لدى المحكمة الزجرية.

غير أنه يجوز له ذلك إذا أحالت النيابة العامة الدعوى العمومية إلى المحكمة الزجرية قبل أن تصدر المحكمة المدنية حكمها في الموضوع.

## المادة 12

إذا كانت المحكمة الزجرية تنظر في الدعوى العمومية والدعوى المدنية معاً، فإن وقوع سبب مسقط للدعوى العمومية يترك الدعوى المدنية قائمة، وتبقى خاضعة لاختصاص المحكمة الزجرية.

## المادة 13

يمكن للطرف المتضرر أن يتخلى عن دعواه أو يصالح بشأنها أو يتنازل عنها دون أن يترتب عن ذلك انقطاع سير الدعوى العمومية أو توقفها، إلا إذا سقطت هذه الدعوى تطبيقا للفقرة الثالثة من المادة الرابعة، مع مراعاة مقتضيات المادة 372 بعده.

## المادة 14

تتقادم الدعوى المدنية طبقا للقواعد المعمول بها في القانون المدني.

إذا تقادمت الدعوى العمومية فلا يمكن إقامة الدعوى المدنية إلا أمام المحكمة المدنية.

# الكتاب الأول: التحري عن الجرائم ومعاينتها

## القسم الأول: السلطات المكلفة بالتحري عن الجرائم

### الباب الأول: سرية البحث والتحقيق

**المادة 15**

تكون المسطرة التي تجرى أثناء البحث والتحقيق سرية.

كل شخص يساهم في إجراء هذه المسطرة ملزم بكتمان السر المهني ضمن الشروط وتحت طائلة العقوبات المقررة في القانون الجنائي.

## الباب الثاني: الشرطة القضائية

## الفرع الأول: أحكام عامة

**المادة 16**

يمارس مهام الشرطة القضائية القضاة والضباط والموظفون والأعوان المبينون في هذا القسم.

يسير وكيل الملك أعمال الشرطة القضائية في دائرة نفوذه.

**المادة 17**

توضع الشرطة القضائية في دائرة نفوذ كل محكمة استئناف تحت سلطة الوكيل العام للملك ومراقبة الغرفة الجنحية بمحكمة الاستئناف المشار إليها في الفرع الخامس من هذا الباب.

**المادة 18**

يعهد إلى الشرطة القضائية تبعا للبيانات المقررة في هذا القسم بالتثبت من وقوع الجرائم وجمع الأدلة عنها والبحث عن مرتكبيها.

تقوم بتنفيذ أوامر وإنابات قضاء التحقيق وأوامر النيابة العامة.

**المادة 19**

تضم الشرطة القضائية بالإضافة إلى الوكيل العام للملك ووكيل الملك ونوابهما وقاضي التحقيق، بوصفهم ضباطاً سامين للشرطة القضائية:

أولا: ضباط الشرطة القضائية؛

ثانياً: ضباط الشرطة القضائية المكلفين بالأحداث؛

ثالثاً: أعوان الشرطة القضائية؛

رابعاً: الموظفون والأعوان الذين ينيط بهم القانون بعض مهام الشرطة القضائية.

# الفرع الثاني: ضباط الشرطة القضائية

## المادة 20

يحمل صفة ضابط للشرطة القضائية:

ـ المدير العام للأمن الوطني وولاة الأمن والمراقبون العامون للشرطة وعمداء الشرطة وضباطها؛

ـ ضباط الدرك الملكي وذوو الرتب فيه وكذا الدركيون الذين يتولون قيادة فرقة أو مركز للدرك الملكي طيلة مدة هذه القيادة؛

ـ الباشوات والقواد.

ـ المدير العام لإدارة مراقبة التراب الوطني وولاة الأمن والمراقبون العامون للشرطة وعمداء الشرطة وضباطها بهذه الإدارة، فيما يخص الجرائم المنصوص عليها في المادة 108 من هذا القانون[8].

يمكن تخويل صفة ضابط للشرطة القضائية:

ـ لمفتشي الشرطة التابعين للأمن الوطني، ممن قضوا على الأقل ثلاث سنوات بهذه الصفة بقرار مشترك صادر من وزير العدل ووزير الداخلية؛

ـ للدركيين الذين قضوا على الأقل ثلاث سنوات من الخدمة بالدرك الملكي وعينوا اسميا بقرار مشترك من وزير العدل والسلطة الحكومية المكلفة بالدفاع الوطني.

## المادة 21

يباشر ضباط الشرطة القضائية السلطات المحددة في المادة 18.

يتلقون الشكايات والوشايات ويجرون الأبحاث التمهيدية، طبقا للشروط المنصوص عليها في الباب الثاني من القسم الثاني من الكتاب الأول الآتي بعده.

يمارسون السلطات المخولة لهم بمقتضى الباب الأول من القسم الثاني من الكتاب الأول الآتي بعده في حالة التلبس بجناية أو جنحة.

يتعين عليهم الاستعانة بمترجم، إذا كان الشخص المستمع إليه يتحدث لغة أو لهجة لا يحسنها ضباط الشرطة القضائية، أو يستعينون بكل شخص يحسن التخاطب مع المعني

---

8 ـ تمت إضافة هذا البند إلى المادة 20 أعلاه بمقتضى المادة الثانية من القانون رقم 11.35، سالف الذكر.

بالأمر إذا كان أصما أو أبكما، ويشار إلى هوية المترجم أو الشخص المستعان به بالمحضر ويمضي عليه.

يحق لهم أن يلتمسوا مباشرة مساعدة القوة العمومية لتنفيذ مهامهم.

## المادة 22[9]

يمارس ضباط الشرطة القضائية اختصاصاتهم في نطاق الحدود الترابية التي يزاولون فيها وظائفهم.

يمكنهم في حالة الاستعجال أو إذا استدعت ضرورة البحث ذلك، أن يمارسوا مهامهم في جميع أنحاء المملكة إذا طلبت منهم ذلك السلطة القضائية أو العمومية.

يتعين إشعار النيابة العامة المختصة مكانيا بهذا الانتقال كما يتعين أن يتم تنفيذ الإجراءات بحضور ضابط شرطة مختص مكانيا.

يمارس ضباط الشرطة القضائية في هذه الحالة كافة الصلاحيات التي يخولها لهم القانون.

إذا تعلق الأمر بانتقال ضباط شرطة قضائية يشمل اختصاصهم أكثر من دائرة قضائية، تعين عليهم إشعار الجهة القضائية التي تشرف على البحث وكذلك النيابة العامة التي انتقلوا لإجراء البحث في دائرتها. كما يمكنهم الاستعانة بضابط شرطة قضائية أو أكثر مختص مكانيا.

في كل دائرة حضرية مقسمة إلى دوائر للشرطة، يمتد اختصاص ضباط الشرطة القضائية الممارسين لمهامهم في إحدى هذه الدوائر إلى مجموع الدائرة.

إذا حدث لأحد هؤلاء الضباط مانع، يكلف ضابط من أي دائرة مجاورة للقيام مقامه.

يجب إخبار وكيل الملك والوكيل العام للملك المختص، بكل تغيير يطرأ تنفيذا لمقتضيات الفقرات السابقة.

## المادة 1‑22[10]

يمكن إنشاء فرق وطنية أو جهوية للشرطة القضائية بمقتضى قرار مشترك لوزير العدل والسلطة الحكومية المشرفة إداريا على الفرقة.

تخضع هذه الفرق لتسيير النيابة العامة التي تشرف على البحث.

يمكن للنيابة العامة إذا اقتضت ضرورة البحث أو طبيعة الجريمة، أن تعهد بالبحث إلى فرقة مشتركة تتألف من ضباط للشرطة القضائية ينتمون لجهات إدارية مختلفة يرأسها ضابط للشرطة القضائية تعينه النيابة العامة المختصة لهذا الغرض.

---

9 ـ تم تغيير وتتميم المادة 22 أعلاه بمقتضى المادة الثانية من القانون رقم 11.35، سالف الذكر.

10 ـ تمت إضافة المادة 1‑22 أعلاه بمقتضى المادة الأولى من القانون رقم 11.35، سالف الذكر.

## المادة 23

يجب على ضباط الشرطة القضائية أن يحرروا محاضر بما أنجزوه من عمليات وأن يخبروا وكيل الملك أو الوكيل العام للملك المختص فورا بما يصل إلى علمهم من جنايات وجنح.

يجب على ضباط الشرطة القضائية، بمجرد انتهاء عملياتهم، أن يوجهوا مباشرة إلى وكيل الملك أو الوكيل العام للملك أصول المحاضر التي يحررونها مرفقة بنسختين منها مشهود بمطابقتهما للأصل، وكذا جميع الوثائق والمستندات المتعلقة بها.

توضع الأشياء المحجوزة رهن إشارة وكيل الملك أو الوكيل العام للملك.

يجب أن تشير المحاضر إلى أن لمحررها صفة ضابط الشرطة القضائية.

## المادة 24

المحضر في مفهوم المادة السابقة هو الوثيقة المكتوبة التي يحررها ضابط الشرطة القضائية أثناء ممارسة مهامه و يضمنها ما عاينه أو ما تلقاه من تصريحات أو ما قام به من عمليات ترجع لاختصاصه.

دون الإخلال بالبيانات المشار إليها في مواد أخرى من هذا القانون أو في نصوص خاصة أخرى، يتضمن المحضر خاصة اسم محرره وصفته ومكان عمله وتوقيعه، ويشار فيه إلى تاريخ وساعة إنجاز الإجراء وساعة تحرير المحضر إذا كانت تخالف ساعة إنجاز الإجراء.

يتضمن محضر الاستماع هوية الشخص المستمع إليه ورقم بطاقة تعريفه عند الاقتضاء، وتصريحاته والأجوبة التي يرد بها عن أسئلة ضابط الشرطة القضائية.

إذا تعلق الأمر بمشتبه فيه، يتعين على ضابط الشرطة القضائية إشعاره بالأفعال المنسوبة إليه.

يقرأ المصرح تصريحاته أو تتلى عليه، ويشار إلى ذلك بالمحضر ثم يدون ضابط الشرطة القضائية الإضافات أو التغييرات أو الملاحظات التي يبديها المصرح، أو يشير إلى عدم وجودها.

يوقع المصرح إلى جانب ضابط الشرطة القضائية على المحضر عقب التصريحات وبعد الإضافات ويدون اسمه بخط يده. وإذا كان لا يحسن الكتابة أو التوقيع يضع بصمته ويشار إلى ذلك في المحضر.

يصادق ضابط الشرطة القضائية والمصرح على التشطيبات والإحالات.

يتضمن المحضر كذلك الإشارة إلى رفض التوقيع أو الإبصام أو عدم استطاعته، مع بيان أسباب ذلك.

# الفرع الثالث: أعوان الشرطة القضائية

## المادة 25

أعوان الشرطة القضائية هم:

أولا: موظفو المصالح العاملة للشرطة؛

ثانيا: الدركيون الذين ليست لهم صفة ضابط الشرطة القضائية؛

ثالثاً: خلفاء الباشوات وخلفاء القواد.

## المادة 26

تناط بأعوان الشرطة القضائية المهام التالية:

أولا: مساعدة ضباط الشرطة القضائية في مباشرة مهامهم؛

ثانيا: إخبار رؤسائهم المباشرين بجميع الجرائم التي تبلغ إلى علمهم؛

ثالثا: جمع كل المعلومات المؤدية إلى العثور على مرتكبيها، وفقا لأوامر رؤسائهم ونظام الهيئة التي ينتمون إليها.

# الفرع الرابع: الموظفون والأعوان المكلفون ببعض مهام الشرطة القضائية

## المادة 27

يمارس موظفو وأعوان الإدارات والمرافق العمومية الذين تسند إليهم بعض مهام الشرطة القضائية بموجب نصوص خاصة، هذه المهام حسب الشروط وضمن الحدود المبينة في هذه النصوص.

## المادة 28

يجوز للوالي أو العامل، في حالة الاستعجال، عند ارتكاب جرائم تمس أمن الدولة الداخلي أو الخارجي، أن يقوم شخصياً بالإجراءات الضرورية للتثبت من ارتكاب الجرائم المبينة أعلاه أو أن يأمر كتابة ضباط الشرطة القضائية المختصين بالقيام بذلك، ما لم يخبر بإحالة القضية إلى السلطة القضائية.

يجب على الوالي أو العامل في حالة استعماله لهذا الحق، أن يخبر بذلك فوراً ممثل النيابة العامة لدى المحكمة المختصة، وأن يتخلى له عن القضية خلال الأربع والعشرين ساعة الموالية للشروع في العمليات و يوجه إليه جميع الوثائق ويقدم له جميع الأشخاص الذين ألقي عليهم القبض.

يجب على كل ضابط من ضباط الشرطة القضائية تلقى أمرا بالتسخير من الوالي أو العامل عملا بالمقتضيات أعلاه، وعلى كل موظف بلغ إليه أمر القيام بحجز عملا بنفس

المقتضيات، أن يمتثل لتلك الأوامر وأن يخبر بذلك فورا ممثل النيابة العامة المشار إليه في الفقرة السابقة.

إذا تبين للنيابة العامة أن القضية من اختصاص المحكمة العسكرية، فإنها توجه الوثائق إلى السلطة الحكومية المكلفة بالدفاع الوطني وتأمر فورا عند الاقتضاء بتقديم الأشخاص الملقى عليهم القبض إلى السلطة المختصة وهم في حالة اعتقال وتحت الحراسة.

# الفرع الخامس: مراقبة أعمال الشرطة القضائية

## المادة 29

تراقب الغرفة الجنحية بمحكمة الاستئناف أعمال ضباط الشرطة القضائية عندما تكون صادرة عنهم بهذه الصفة.

## المادة 30

يحيل الوكيل العام للملك لدى محكمة الاستئناف إلى الغرفة الجنحية بمحكمة الاستئناف كل إخلال ينسب لضابط من ضباط الشرطة القضائية أثناء قيامه بمهامه.

## المادة 31

تأمر الغرفة الجنحية بمحكمة الاستئناف، بعد إحالة القضية إليها وتقديم الوكيل العام للملك لملتمساته الكتابية، بإجراء بحث وتستمع لأقوال ضابط الشرطة القضائية المنسوب إليه الإخلال.

يجب أن يستدعى هذا الأخير للاطلاع على ملفه المفتوح له بالنيابة العامة لمحكمة الاستئناف بصفته ضابطا للشرطة القضائية.

يمكنه اختيار محام لمساعدته.

## المادة 32

يمكن للغرفة الجنحية لدى محكمة الاستئناف، بصرف النظر عن العقوبات التأديبية التي قد يتخذها في حقه رؤساؤه الإداريون، أن تصدر في حق ضباط الشرطة القضائية إحدى العقوبات التالية:

- توجيه ملاحظات؛
- التوقيف المؤقت عن ممارسة مهام الشرطة القضائية لمدة لا تتجاوز سنة واحدة؛
- التجريد النهائي من مهام الشرطة القضائية.

يمكن الطعن بالنقض في قرار الغرفة الجنحية، وفقاً للشروط والكيفيات العادية.

### المادة 33

إذا ارتأت الغرفة الجنحية أن ضابط الشرطة القضائية ارتكب جريمة، أمرت علاوة على ما ذكر بإرسال الملف إلى الوكيل العام للملك.

### المادة 34

تبلغ المقررات المتخذة ضد ضباط الشرطة القضائية بناء على المقتضيات السابقة، إلى علم السلطات التي ينتمون إليها بمبادرة من الوكيل العام للملك.

### المادة 35

تطبق مقتضيات هذا الفرع على جميع الموظفين وأعوان الإدارات والمرافق العمومية، الذين تخولهم نصوص خاصة بعض مهام الشرطة القضائية، عندما يمارسون هذه المهام، حسب الشروط وضمن الحدود المبينة في هذه النصوص.

## الباب الثالث: النيابة العامة

## الفرع الأول: أحكام عامة

### المادة 36

تتولى النيابة العامة إقامة و ممارسة الدعوى العمومية ومراقبتها وتطالب بتطبيق القانون، ولها أثناء ممارسة مهامها الحق في تسخير القوة العمومية مباشرة.

### المادة 37

تمثل النيابة العامة لدى كل محكمة زجرية وتحضر مناقشات هيئات الحكم. ويجب النطق بجميع المقررات بحضورها.

تقوم النيابة العامة بإشعار الوكيل القضائي للمملكة بالمتابعات المقامة في حق القضاة أو الموظفين أو الأعوان التابعين للسلطة أو القوة العمومية وتشعر كذلك الإدارة التي ينتمون إليها.

تسهر النيابة العامة على تنفيذ المقررات القضائية.

### المادة 38

يجب على النيابة العامة أن تقدم ملتمسات كتابية، طبقا للتعليمات التي تتلقاها، ضمن الشروط المنصوص عليها في المادة 51. وهي حرة في تقديم الملاحظات الشفهية التي ترى أنها ضرورية لفائدة العدالة.

# الفرع الثاني: وكيل الملك

## المادة 39

يمثل وكيل الملك شخصياً أو بواسطة نوابه النيابة العامة، في دائرة نفوذ المحكمة الابتدائية المعين بها، ويمارس الدعوى العمومية تحت مراقبة الوكيل العام للملك إما تلقائياً أو بناء على شكاية أي شخص متضرر.

يمارس وكيل الملك سلطته على نوابه، وله أثناء مزاولة مهامه الحق في تسخير القوة العمومية مباشرة.

يجب عليه أن يخبر الوكيل العام للملك بالجنايات التي تبلغ إلى علمه وكذا بمختلف الأحداث والجرائم الخطيرة أو التي من شأنها أن تخل بالأمن العام.

## المادة 40

يتلقى وكيل الملك المحاضر والشكايات والوشايات ويتخذ بشأنها ما يراه ملائماً.

يباشر بنفسه أو يأمر بمباشرة الإجراءات الضرورية للبحث عن مرتكبي المخالفات للقانون الجنائي ويصدر الأمر بضبطهم وتقديمهم ومتابعتهم.

يحق لوكيل الملك، لضرورة تطبيق مسطرة تسليم المجرمين، إصدار أوامر دولية بالبحث وإلقاء القبض.

يحيل ما يتلقاه من محاضر وشكايات ووشايات وما يتخذه من إجراءات بشأنها، إلى هيئات التحقيق أو إلى هيئات الحكم المختصة أو يأمر بحفظها بمقرر دائماً يمكن التراجع عنه.

يقدم لتلك الهيئات ملتمسات بقصد القيام بإجراءات التحقيق.

يطالب بتطبيق العقوبات المقررة في القانون ويقدم باسم القانون جميع المطالب التي يراها صالحة، وعلى المحكمة أن تشهد بها عليه بتضمينها في محضرها وأن تبت في شأنها.

يستعمل عند الاقتضاء وسائل الطعن ضد ما يصدر من مقررات.

يجوز له، إذا تعلق الأمر بانتزاع حيازة بعد تنفيذ حكم، أن يأمر باتخاذ أي إجراء تحفظي يراه ملائماً لحماية الحيازة وإرجاع الحالة إلى ما كانت عليه، على أن يعرض هذا الأمر على المحكمة أو هيئة التحقيق التي رفعت إليها القضية أو التي سترفع إليها خلال ثلاثة أيام على الأكثر لتأييده أو تعديله أو إلغائه.

يجوز له في حالة عدم وجود منازعة جدية، أن يأمر برد الأشياء التي ضبطت أثناء البحث لمن له الحق فيها، ما لم تكن لازمة لسير الدعوى أو خطيرة أو قابلة للمصادرة.

يسهر على تنفيذ أوامر قاضي التحقيق وقضاء الأحداث ومقررات هيئات الحكم.

يحق له كلما تعلق الأمر بجنحة يعاقب عليها بسنتين حبساً أو أكثر— إذا اقتضت ذلك ضرورة البحث التمهيدي — سحب جواز سفر الشخص المشتبه فيه وإغلاق الحدود في حقه

لمدة لا تتجاوز شهراً واحداً. ويمكن تمديد هذا الأجل إلى غاية انتهاء البحث التمهيدي، إذا كان الشخص المعني بالأمر هو المتسبب في تأخير إتمامه.

ينتهي مفعول إجراءي إغلاق الحدود وسحب جواز السفر في كل الأحوال، بإحالة القضية على هيئة الحكم أو التحقيق أو باتخاذ قرار بحفظ القضية، وبوضع حد لإغلاق الحدود ويرد جواز السفر إلى المعني بالأمر فور انتهاء مفعول الإجراءين.

يتعين على وكيل الملك إذا قرر حفظ الشكاية، أن يخبر المشتكي أو دفاعه بذلك خلال خمسة عشر يوماً تبتدئ من تاريخ اتخاذه قرار الحفظ.

## المادة 41

يمكن للمتضرر أو المشتكى به قبل إقامة الدعوى العمومية وكلما تعلق الأمر بجريمة يعاقب عليها بسنتين حبساً أو أقل أو بغرامة لا يتجاوز حدها الأقصى 5.000 درهم، أن يطلب من وكيل الملك تضمين الصلح الحاصل بينهما في محضر.

في حالة موافقة وكيل الملك وتراضي الطرفين على الصلح، يحرر وكيل الملك محضراً بحضورهما وحضور دفاعهما، ما لم يتنازلا أو يتنازل أحدهما عن ذلك، ويتضمن هذا المحضر ما اتفق عليه الطرفان.

يتضمن المحضر كذلك إشعار وكيل الملك للطرفين أو لدفاعهما بتاريخ جلسة غرفة المشورة، ويوقعه وكيل الملك والطرفان.

يحيل وكيل الملك محضر الصلح على رئيس المحكمة الابتدائية ليقوم هو أو من ينوب عنه بالتصديق عليه بحضور ممثل النيابة العامة والطرفين أو دفاعهما بغرفة المشورة، بمقتضى أمر قضائي لا يقبل أي طعن.

يتضمن الأمر القضائي ما اتفق عليه الطرفان، وعند الاقتضاء ما يلي:

ـ أداء غرامة لا تتجاوز نصف الحد الأقصى للغرامة المقررة قانوناً؛

ـ تحديد أجل لتنفيذ الصلح.

إذا لم يحضر المتضرر أمام وكيل الملك، وتبين من وثائق الملف وجود تنازل مكتوب صادر عنه، أو في حالة عدم وجود مشتك، يمكن لوكيل الملك أن يقترح على المشتكى به أو المشتبه فيه صلحاً يتمثل في أداء نصف الحد الأقصى للغرامة المقررة للجريمة أو إصلاح الضرر الناتج عن أفعاله، وفي حالة موافقته يحرر وكيل الملك محضراً يتضمن ما تم الاتفاق عليه وإشعار المعني بالأمر أو دفاعه بتاريخ جلسة غرفة المشورة، ويوقع وكيل الملك و المعني بالأمر على المحضر.

يحيل وكيل الملك المحضر على رئيس المحكمة الابتدائية أو من ينوب عنه للتصديق عليه بحضور ممثل النيابة العامة والمعني بالأمر أو دفاعه، بمقتضى أمر قضائي لا يقبل أي طعن.

توقف مسطرة الصلح والأمر الذي يتخذه رئيس المحكمة أو من ينوب عنه، في الحالتين المشار إليهما في هذه المادة إقامة الدعوى العمومية. ويمكن لوكيل الملك إقامتها في حالة عدم

المصادقة على محضر الصلح أو في حالة عدم تنفيذ الالتزامات التي صادق عليها رئيس المحكمة أو من ينوب عنه داخل الأجل المحدد أو إذا ظهرت عناصر جديدة تمس الدعوى العمومية، ما لم تكن هذه الأخيرة قد تقادمت.

يشعر رئيس المحكمة أو من ينوب عنه وكيل الملك فوراً بالأمر الصادر عنه.

يتأكد وكيل الملك من تنفيذ الالتزامات التي صادق عليها الرئيس.

## المادة 42

يجب على كل سلطة منتصبة وعلى كل موظف بلغ إلى علمه أثناء ممارسته لمهامه ارتكاب جريمة، أن يخبر بذلك فوراً وكيل الملك أو الوكيل العام للملك وأن يوجه إليه جميع ما يتعلق بالجريمة من معلومات ومحاضر ووثائق.

## المادة 43

يجب أيضا على كل من شاهد ارتكاب جريمة تمس بالأمن العام أو بحياة شخص أو أمواله أن يبلغ وكيل الملك أو الوكيل العام للملك أو الشرطة القضائية.

إذا كان الضحية قاصراً أو معاقاً ذهنياً، تبلغ أي سلطة قضائية أو إدارية مختصة.

## المادة 44

يرجع الاختصاص المحلي إما لوكيل الملك في مكان ارتكاب الجريمة، وإما لوكيل الملك في محل إقامة أحد الأشخاص المشتبه في مشاركته في ارتكابها، وإما لوكيل الملك في مكان إلقاء القبض على أحد هؤلاء الأشخاص ولو تم هذا القبض لسبب آخر.

## المادة 45 [11]

يسير وكيل الملك في دائرة نفوذ محكمته أعمال ضباط الشرطة القضائية ويقوم بتنقيطهم في نهاية كل سنة.

يوجه وكيل الملك لائحة التنقيط إلى الوكيل العام للملك قصد إبداء وجهة نظره وإحالتها على السلطة المشرفة إداريا على ضباط الشرطة القضائية. ويؤخذ هذا التنقيط بعين الاعتبار من أجل التقييم العام للمعني بالأمر.

يقوم الوكيل العام للملك لدى محكمة الاستئناف بتنقيط ضباط الفرقة الوطنية أو الجهوية للشرطة القضائية التي يقع بدائرته مقرها. ويمكن لهذه الغاية لجميع الوكلاء العامين للملك أن يرفعوا إليه تلقائياً ملاحظاتهم حول أداء ضباط الفرقة الذين سبق أن أجروا أبحاثاً تحت إشرافهم خلال السنة.

يسهر وكيل الملك على احترام إجراءات الحراسة النظرية وآجالها وعلى مباشرتها في الأماكن المعدة لهذه الغاية الموجودة في دائرة نفوذه. كما يسهر على احترام التدابير الكفيلة باحترام أنسنة ظروف الاعتقال.

---

11 - تم تغيير وتتميم المادة 45 أعلاه بمقتضى المادة الثانية من القانون رقم 11.35، سالف الذكر.

يتعين عليه أن يقوم بزيارة هذه الأماكن في أي وقت شاء ومتى دعت الضرورة لذلك، دون أن تقل هذه الزيارة عن مرتين في الشهر، وعليه أيضا مراقبة سجلات الحراسة النظرية.

يحرر تقريراً بمناسبة كل زيارة يقوم بها، ويشعر الوكيل العام للملك بملاحظاته وبما يعاينه من إخلالات.

يتخذ الوكيل العام للملك التدابير والإجراءات الكفيلة بوضع حد للإخلالات ويرفع تقريرا بذلك لوزير العدل.

## المادة 46

إذا حدث لوكيل الملك مانع فيخلفه نائبه، وإذا تعدد النواب فيخلفه النائب المعين من قبله.

إذا تغيب جميع ممثلي النيابة العامة أو حدث لهم مانع، فإن الوكيل العام للملك ينتدب أحد نوابه أو أحد قضاة النيابة العامة بالدائرة القضائية لمحكمة الاستئناف ليقوم بجميع اختصاصات النيابة العامة مؤقتا، إن اقتضت ضرورة العمل ذلك، على أن يشعر وزير العدل فوراً[12].

## المادة 47[13]

إذا تعلق الأمر بالتلبس بجنحة طبقا للمادة 56، فإن وكيل الملك يقوم باستنطاق المشتبه فيه. ويمكنه مع مراعاة مقتضيات المادة 74 أن يصدر أمراً بالإيداع في السجن، إذا كانت الجنحة يعاقب عليها بالحبس.

يستعين وكيل الملك بترجمان أو بكل شخص يحسن التخاطب أو التفاهم مع من يقع استنطاقه عند الاقتضاء.

إذا صدر الأمر بالإيداع في السجن، فإن القضية تحال إلى أول جلسة مناسبة تعقدها المحكمة الابتدائية، حسب الشروط المنصوص عليها في المادة 385.

في حالة عدم إصدار أمر بالإيداع في السجن، فإن وكيل الملك يحيل القضية إلى المحكمة إما طبقاً للفقرة السابقة أو طبقا للشروط المحددة في الكتاب الثاني من هذا القانون المتعلق بالحكم في الجرائم.

يمكن لوكيل الملك في غير حالة التلبس بجنحة، أن يطبق المسطرة المنصوص عليها في الفقرتين الأولى والثالثة أعلاه في حق المشتبه فيه الذي اعترف بالأفعال المكونة لجريمة يعاقب عليها بالحبس أو ظهرت معالم أو أدلة قوية على ارتكابه لها، والذي لا تتوفر فيه ضمانات الحضور أو ظهر أنه خطير على النظام العام أو على سلامة الأشخاص أو الأموال، وفي هذه الحالة يعلل وكيل الملك قراره.

---

12 - تم تغيير وتتميم الفقرة الثانية من المادة 46 أعلاه بمقتضى المادة الثانية من القانون رقم 35.11، سالف الذكر.

13 - تم تغيير وتتميم الفقرة الخامسة وإضافة الفقرة الأخيرة إلى المادة 47 أعلاه بمقتضى المادة الثانية من القانون رقم 35.11، سالف الذكر.

يمكن لوكيل الملك لضرورة البحث إذا عرضت عليه مسألة فنية أن يستعين بأهل الخبرة والمعرفة. كما يمكنه أن يأمر بإجراء خبرة لتحديد فصيلة البصمات الجينية للأشخاص المشتبه فيهم الذين توجد قرائن على تورطهم في ارتكاب إحدى الجرائم.

# الفرع الثالث: اختصاصات الوكيل العام للملك لدى محكمة الاستئناف

## المادة 48

يمثل النيابة العامة أمام محكمة الاستئناف الوكيل العام للملك شخصياً بوصفه رئيساً للنيابة العامة أو بواسطة نوابه.

إذا حدث للوكيل العام للملك مانع، فيخلفه نائب الوكيل العام للملك المعين من قبله.

## المادة 49

يتولى الوكيل العام للملك السهر على تطبيق القانون الجنائي في مجموع دائرة نفوذ محكمة الاستئناف.

يمارس سلطته على جميع قضاة النيابة العامة التابعين لدائرة نفوذه وكذا على ضباط وأعوان الشرطة القضائية وعلى الموظفين القائمين بمهام الشرطة القضائية استنادا إلى المادة 17 أعلاه.

وله أثناء ممارسة مهامه، الحق في تسخير القوة العمومية مباشرة.

يتلقى الشكايات والوشايات والمحاضر الموجهة إليه ويتخذ بشأنها ما يراه ملائما من الإجراءات أو يرسلها مرفقة بتعليماته إلى وكيل الملك المختص.

يباشر بنفسه أو يأمر بمباشرة الإجراءات الضرورية للبحث عن مرتكبي الجنايات وضبطهم وتقديمهم ومتابعتهم.

يحيل الوكيل العام للملك ما يتلقاه من محاضر وشكايات ووشايات وما يتخذه من إجراءات، إلى هيئات التحقيق أو هيئات الحكم المختصة، أو يأمر بحفظها بمقرر يمكن دائماً التراجع عنه.

يقدم لتلك الهيئات ملتمسات بقصد القيام بإجراءات التحقيق.

يحق له لضرورة تطبيق مسطرة تسليم المجرمين إصدار أوامر دولية بالبحث وإلقاء القبض.

يطالب بتطبيق العقوبات المقررة في القانون ويقدم جميع المطالب التي يراها صالحة وعلى محكمة الاستئناف أن تشهد بها عليه بتضمينها في محضرها وأن تبت بشأنها.

يستعمل عند الاقتضاء وسائل الطعن ضد ما يصدر من مقررات.

يجوز له، إذا تعلق الأمر بانتزاع حيازة بعد تنفيذ حكم، أن يأمر باتخاذ أي إجراء تحفظي يراه ملائماً لحماية الحيازة وإرجاع الحالة إلى ما كانت عليه، على أن يعرض هذا

الأمر على المحكمة أو هيئة التحقيق التي رفعت إليها القضية أو التي سترفع إليها خلال ثلاثة أيام على الأكثر لتأييده أو تعديله أو إلغائه.

يجوز له في حالة عدم وجود منازعة جدية، أن يأمر برد الأشياء التي ضبطت أثناء البحث لمن له الحق فيها ما لم تكن لازمة لسير الدعوى أو خطيرة أو قابلة للمصادرة.

يسهر على تنفيذ أوامر قاضي التحقيق والمستشار المكلف بالأحداث ومقررات هيئات الحكم.

يحق له إذا تعلق الأمر بجناية أو جنحة مرتبطة بها يعاقب عليها القانون بسنتين حبسا أو أكثر ‑ إذا اقتضت ذلك ضرورة البحث التمهيدي ‑ سحب جواز سفر الشخص المشتبه فيه وإغلاق الحدود في حقه لمدة لا تتجاوز شهراً واحداً. ويمكن تمديد هذا الأجل إلى غاية انتهاء البحث التمهيدي إذا كان الشخص المعني بالأمر هو المتسبب في تأخير إتمامه.

غير أنه إذا تعلق الأمر بجرائم إرهابية فإن مدة سحب جواز سفر الشخص المشتبه فيه وإغلاق الحدود في حقه ترفع إلى ستة أشهر قابلة للتمديد مرة واحدة، ويمكن تمديد هذا الأجل إلى غاية انتهاء البحث التمهيدي إذا كان الشخص المعني بالأمر هو المتسبب في تأخير إتمامه[14].

ينتهي مفعول إجراءي إغلاق الحدود وسحب جواز السفر في كل الأحوال بإحالة القضية على هيئة الحكم أو التحقيق المختصة أو باتخاذ قرار بحفظ القضية، ويوضع حد لإغلاق الحدود ويرد جواز السفر إلى المعني بالأمر فور انتهاء مفعول الإجراءين.

إذا قرر الوكيل العام للملك حفظ الشكاية، تعين عليه أن يخبر المشتكي أو دفاعه بذلك خلال خمسة عشر يوما تبتدئ من تاريخ اتخاذه قرار الحفظ.

تطبق مقتضيات المادة 73 إذا تعلق الأمر بالتلبس بالجناية والجنح المرتبطة بها.

### المادة 50

يختص الوكيل العام للملك محلياً، طبقاً لمقتضيات المادة 44 من هذا القانون.

### المادة 51

يشرف وزير العدل على تنفيذ السياسة الجنائية، ويبلغها إلى الوكلاء العامين للملك الذين يسهرون على تطبيقها[15].

---

14 - تم  تتميم أحكام المادة 49 أعلاه، بمقتضى المادة الرابعة من القانون رقم 86.14 القاضي بتغيير وتتميم بعض أحكام مجموعة القانون الجنائي وقانون المسطرة الجنائية المتعلقة بمكافحة الإرهاب، الصادر بتنفيذه الظهير الشريف رقم 1.15.53 بتاريخ فاتح شعبان 1436 (20 ماي 2015)؛ الجريدة الرسمية عدد 6365 بتاريخ 13 شعبان 1436 (فاتح يونيو 2015)، ص 5490.

15 - بموجب المادة الأولى من المرسوم رقم 2.12.17الصادر في 2 ربيع الأول 1433 (26 يناير 2012) المتعلق باختصاصات وزير العدل والحريات، يمارس وزير العدل والحريات الاختصاصات المسندة إلى السلطة الحكومية المكلفة بالعدل بموجب النصوص الجاري بها العمل... وعلاوة على ذلك، يساهم في إعداد السياسة الحكومية في مجال حماية الحريات وحقوق الإنسان والنهوض بها في مجال اختصاصه، والعمل على تتبعها وتنفيذها، بتنسيق مع القطاعات والهيئات المعنية، الجريدة الرسمية عدد 6018 بتاريخ 9 ربيع الأول 1433 (2 فبراير 2012)، ص 486.

وله أن يبلغ إلى الوكيل العام للملك ما يصل إلى علمه من مخالفات للقانون الجنائي، وأن يأمره كتابة بمتابعة مرتكبيها أو يكلف من يقوم بذلك، أو أن يرفع إلى المحكمة المختصة ما يراه الوزير ملائما من ملتمسات كتابية.

# الباب الرابع: القضاة المكلفون بالتحقيق

## المادة 52

يعين القضاة المكلفون بالتحقيق في المحاكم الابتدائية من بين قضاة الحكم فيها لمدة ثلاث سنوات قابلة للتجديد بقرار لوزير العدل، بناء على اقتراح من رئيس المحكمة الابتدائية.

يعين القضاة المكلفون بالتحقيق في محاكم الاستئناف من بين مستشاريها لمدة ثلاث سنوات قابلة للتجديد بقرار لوزير العدل، بناء على اقتراح من الرئيس الأول لمحكمة الاستئناف.

يمكن خلال هذه المدة إعفاؤهم من مهامهم بنفس الكيفية.

يباشر هؤلاء القضاة مهامهم وفق ما هو منصوص عليه في القسم الثالث بعده.

لا يمكن لقضاة التحقيق، تحت طائلة البطلان، أن يشاركوا في إصدار حكم في القضايا الزجرية التي سبق أن أحيلت إليهم بصفتهم قضاة مكلفين بالتحقيق.

## المادة 53

إذا لم يوجد في المحكمة سوى قاض واحد مكلف بالتحقيق وحال مانع مؤقت دون ممارسته لمهامه، فيمكن لرئيسها في حالة الاستعجال، بناء على طلب من النيابة العامة، وفي انتظار زوال المانع أو صدور التعيين بقرار نظامي، أن يعين أحد قضاة أو مستشاري المحكمة لممارسة هذه المهام.

## المادة 54

لا يمكن لقاضي التحقيق إجراء تحقيق إلا بناء على ملتمس محال إليه من النيابة العامة، أو بناء على شكاية مرفقة بتنصيب المشتكي طرفاً مدنياً.

يحق له عند ممارسته لمهامه، أن يسخر القوة العمومية مباشرة.

يقوم قاضي التحقيق بتفقد المعتقلين الاحتياطيين مرة كل شهر على الأقل.

## المادة 55

يختص قاضي التحقيق محلياً، طبقا لمقتضيات المادة 44 من هذا القانون.

# القسم الثاني: إجراءات البحث

# الباب الأول: حالة التلبس بالجنايات والجنح

## المادة 56

تتحقق حالة التلبس بجناية أو جنحة:

أولاً: إذا ضبط الفاعل أثناء ارتكابه الجريمة أو على إثر ارتكابها؛

ثانياً: إذا كان الفاعل ما زال مطاردا بصياح الجمهور على إثر ارتكابها؛

ثالثا: إذا وجد الفاعل بعد مرور وقت قصير على ارتكاب الفعل حاملا أسلحة أو أشياء يستدل معها أنه شارك في الفعل الإجرامي، أو وجد عليه أثر أو علامات تثبت هذه المشاركة.

يعد بمثابة تلبس بجناية أو جنحة، ارتكاب جريمة داخل منزل في ظروف غير الظروف المنصوص عليها في الفقرات السابقة إذا التمس مالك أو ساكن المنزل من النيابة العامة أو من ضابط للشرطة القضائية معاينتها.

## المادة 57

يجب على ضابط الشرطة القضائية الذي أشعر بحالة تلبس بجنحة أو جناية أن يخبر بها النيابة العامة فوراً وأن ينتقل في الحال إلى مكان ارتكابها لإجراء المعاينات المفيدة.

وعليه أن يحافظ على الأدلة القابلة للاندثار وعلى كل ما يمكن أن يساعد على إظهار الحقيقة وأن يحجز الأسلحة والأدوات التي استعملت في ارتكاب الجريمة أو التي كانت معدة لارتكابها وكذا جميع ما قد يكون ناتجا عن هذه الجريمة.

يعرض الأشياء المحجوزة على الأشخاص المشتبه في مشاركتهم في الجناية أو الجنحة قصد التعرف عليها.

يقوم ضابط الشرطة القضائية عند الاقتضاء بأخذ البصمات من مكان ارتكاب الجريمة، وله أن يستعين بأشخاص مؤهلين لذلك. كما يمكنه أن يطلب إجراء خبرات عليها وعلى بقية أدوات الجريمة والأشياء التي تم العثور عليها وحجزها بمكان ارتكاب الجريمة أو لدى المشتبه فيهم بارتكابها[16].

## المادة 58

يمنع على كل شخص غير مؤهل قانوناً أن يغير حالة المكان الذي وقعت فيه الجريمة، أو أن يقوم بإزالة أي شيء منه قبل القيام بالعمليات الأولية للبحث القضائي، وذلك تحت طائلة غرامة تتراوح بين 1.200 و10.000 درهم.

---

16 - تمت إضافة هذه الفقرة إلى المادة 57 أعلاه بمقتضى المادة الثانية من القانون رقم 35.11، سالف الذكر.

غير أنه يسمح، بصفة استثنائية، بهذه التغييرات أو هذه الإزالات إذا كانت تفرضها ضرورة المحافظة على السلامة أو الصحة العمومية أو تقديم الإسعافات للضحايا.

إذا كان القصد من محو الأثر أو إزالة الأشياء هو عرقلة سير العدالة، تكون العقوبة هي الحبس من ثلاثة أشهر إلى ثلاث سنوات وغرامة من 3.000 درهم إلى 12.000 درهم.

## المادة 59

إذا كان نوع الجناية أو الجنحة مما يمكن إثباته بحجز أوراق ووثائق أو أشياء أخرى في حوزة أشخاص يظن أنهم شاركوا في الجريمة، أو يحوزون مستندات أو أشياء تتعلق بالأفعال الإجرامية، فإن ضابط الشرطة القضائية ينتقل فورا إلى منزل هؤلاء الأشخاص ليجري فيه طبقا للشروط المحددة في المادتين 60 و 62 تفتيشا يحرر محضراً بشأنه.

وفيما عدا حالات المس بأمن الدولة أو إذا تعلق الأمر بجريمة إرهابية، فلا يحق إلا لضابط الشرطة القضائية ومعه الأشخاص المشار إليهم في المادة 60 وحدهم الاطلاع على الأوراق أو المستندات قبل القيام بحجزها[17].

وفيما عدا حالات المس بأمن الدولة، فلا يحق إلا لضابط الشرطة القضائية ومعه الأشخاص المشار إليهم في المادة 60 وحدهم الاطلاع على الأوراق أو المستندات قبل القيام بحجزها.

إذا تعين إجراء التفتيش في أماكن معدة لاستعمال مهني يشغلها شخص يلزمه القانون بكتمان السر المهني، فعلى ضابط الشرطة القضائية أن يشعر النيابة العامة المختصة وأن يتخذ مسبقاً جميع التدابير لضمان احترام السر المهني.

إذا كان التفتيش أو الحجز سيجري بمكتب محام، يتولى القيام به قاض من قضاة النيابة العامة بمحضر نقيب المحامين أو من ينوب عنه أو بعد إشعاره بأي وسيلة من الوسائل الممكنة[18].

تحصى الأشياء والوثائق المحجوزة فورا وتلف أو توضع في غلاف أو وعاء أو كيس ويختم عليها ضابط الشرطة القضائية. وإذا استحال ذلك، فإن ضابط الشرطة القضائية يختم عليها بطابعه.

إذا تعذر إحصاء الأشياء المحجوزة على الفور، فإن ضابط الشرطة القضائية يختم عليها مؤقتاً إلى حين إحصائها والختم النهائي عليها.

---

17 - تممت الفقرة الثانية من المادة 59 أعلاه بمقتضى المادة الرابعة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، الصادر الأمر بتنفيذه الظهير الشريف رقم 1.03.140 الصادر في 26 من ربيع الأول 1424 (28 ماي 2003)، الجريدة الرسمية عدد 5112 بتاريخ 27 من ربيع الأول 1424 (29 ماي 2003)، ص 1755.

18 - قارن مع مقتضيات الفقرة 2 من المادة 59 من القانون رقم 28.08 المتعلق بتعديل القانون المنظم لمهنة المحاماة:

"لا يجرى أي بحث مع المحامي، أو تفتيش لمكتبه، من أجل جناية أو جنحة ذات صلة بالمهنة، إلا من طرف النيابة العامة أو قاضي التحقيق أو وفق المقتضيات أعلاه".

المملكة المغربية               وزارة العدل والحريات               مديرية التشريع

تتم هذه الإجراءات بحضور الأشخاص الذين حضروا التفتيش، ويحرر ضابط الشرطة القضائية محضرا بما قام به من عمليات.

## المادة 60

يطبق ما يلي، مع مراعاة مقتضيات المادة السابقة:

أولا: إذا كان التفتيش سيجري بمنزل شخص يشتبه في مشاركته في الجريمة، وجب أن يتم التفتيش بحضور هذا الشخص أو ممثله، فإن تعذر ذلك وجب على ضابط الشرطة القضائية أن يستدعي شاهدين لحضور التفتيش من غير الموظفين الخاضعين لسلطته؛

ثانيا: إذا كان التفتيش سيجرى في منزل شخص من الغير يحتمل أن يكون في حيازته مستندات أو أشياء لها علاقة بالأفعال الإجرامية، فإنه يجب حضور هذا الشخص لعملية التفتيش، وإذا تعذر أن يجري التفتيش طبقا لما جاء في الفقرة السابقة.

تحضر هذا التفتيش في جميع الأحوال امرأة ينتدبها ضابط الشرطة القضائية لتفتيش النساء في الأماكن التي يوجدن بها؛

ثالثاً: يمكن لضابط الشرطة القضائية أن يستدعي أي شخص لسماعه، إذا تبين له أن بوسع هذا الشخص أن يمده بمعلومات حول الأفعال أو الأشياء أو الوثائق المحجوزة، وأن يرغمه على الحضور في حالة امتناعه بعد إذن النيابة العامة؛

رابعا: توقع محاضر العمليات من طرف الأشخاص الذين أجري التفتيش بمنازلهم أو من يمثلهم أو الشاهدين، أو يشار في المحضر إلى امتناعهم عن التوقيع أو الإبصام أو تعذره.

## المادة 61

كل إبلاغ أو إفشاء لوثيقة وقع الحصول عليها من تفتيش إلى شخص ليست له صلاحية قانونية للاطلاع عليها، يتم دون موافقة المشتبه فيه أو ذوي حقوقه أو الموقع على الوثيقة أو ممن وجهت إليه، ولو كان ذلك لفائدة البحث، يعاقب عليه بالحبس من شهر واحد إلى ستة أشهر وغرامة من 1.200 إلى 2.000 درهم.

## المادة 62

لا يمكن الشروع في تفتيش المنازل أو معاينتها قبل الساعة السادسة صباحا وبعد الساعة التاسعة ليلا، إلا إذا طلب ذلك رب المنزل أو وجهت استغاثة من داخله، أو في الحالات الاستثنائية التي ينص عليها القانون. غير أن العمليات التي ابتدأت في ساعة قانونية يمكن مواصلتها دون توقف.

لا تطبق هذه المقتضيات إذا تعين إجراء التفتيش في محلات يمارس فيها عمل أو نشاط ليلي بصفة معتادة.

إذا تعلق الأمر بجريمة إرهابية واقتضت ذلك ضرورة البحث أو حالة الاستعجال القصوى أو إذا كان يخشى اندثار الأدلة فإنه يمكن الشروع في تفتيش المنازل أو معاينتها

المملكة المغربية      وزارة العدل والحريات      مديرية التشريع

بصفة استثنائية قبل الساعة السادسة صباحاً أو بعد التاسعة ليلاً بإذن كتابي من النيابة العامة[19].

## المادة 63

يعمل بالإجراءات المقررة في المواد 59 و60 و62 أعلاه تحت طائلة بطلان الإجراء المعيب وما قد يترتب عنه من إجراءات.

## المادة 64

إذا تعين القيام بمعاينات لا تقبل التأخير، فلضابط الشرطة القضائية أن يستعين بأي شخص مؤهل لذلك، على أن يعطي رأيه بما يمليه عليه شرفه وضميره.

## المادة 65

يمكن لضابط الشرطة القضائية أن يمنع أي شخص مفيد في التحريات من الابتعاد عن مكان وقوع الجريمة إلى أن تنتهي تحرياته.

يجب على كل شخص ظهر من الضروري معاينة هويته أو التحقق منها، بناء على طلب من ضابط الشرطة القضائية، أن يمتثل للعمليات التي يستلزمها هذا التدبير.

وكل من خالف مقتضيات الفقرة السابقة يتعرض لعقوبة الاعتقال لمدة تتراوح بين يوم واحد وعشرة أيام وغرامة يتراوح قدرها بين 200 و1.200 درهم أو لإحدى هاتين العقوبتين فقط.

## المادة 66[20]

إذا تطلبت ضرورة البحث أن يحتفظ ضابط الشرطة القضائية بشخص أو عدة أشخاص ممن أشير إليهم في المادة 65 أعلاه ليكونوا رهن إشارته، فله أن يضعهم تحت الحراسة النظرية لمدة لا تتجاوز 48 ساعة تحسب ابتداء من ساعة توقيفهم، وتشعر النيابة العامة بذلك.

يتعين على ضابط الشرطة القضائية إخبار كل شخص تم القبض عليه أو وضع تحت الحراسة النظرية فورا و بكيفية يفهمها، بدواعي اعتقاله و بحقوقه، و من بينها حقه في التزام الصمت[21].

---

19 ـ أضيفت الفقرة الثالثة من المادة 62 أعلاه بمقتضى المادة الرابعة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

20 ـ تم تغيير وتتميم المادة 66 أعلاه بمقتضى المادة الثانية من القانون رقم 35.11، سالف الذكر.

21 ـ انظر مقتضيات الفقرة 3 من الفصل 23 من الدستور الجديد:

" يجب إخبار كل شخص تم اعتقاله، على الفور وبكيفية يفهمها، بدواعي اعتقاله وبحقوقه، ومن بينها حقه في التزام الصمت...".

يمكن بإذن كتابي من النيابة العامة لضرورة البحث، تمديد مدة الحراسة النظرية لمرة واحدة أربعا وعشرين ساعة.

إذا تعلق الأمر بالمس بأمن الدولة الداخلي أو الخارجي، فإن مدة الحراسة النظرية تكون ستا وتسعين ساعة قابلة للتمديد مرة واحدة، بناء على إذن كتابي من النيابة العامة.

إذا تعلق الأمر بجريمة إرهابية، فإن مدة الحراسة النظرية تكون ستاً وتسعين ساعة قابلة للتمديد مرتين لمدة ست وتسعين ساعة في كل مرة، بناء على إذن كتابي من النيابة العامة[22].

يحق للشخص الذي ألقي القبض عليه أو وضع تحت الحراسة النظرية الاستفادة من مساعدة قانونية، ومن إمكانية الاتصال بأحد أقربائه[23]، وله الحق في تعيين محام وكذا الحق في طلب تعيينه في إطار المساعدة القضائية[24].

تقوم الشرطة القضائية فورا بإشعار المحامي المعين مع إخبار النقيب بذلك. وإذا طلب المعني بالأمر تعيين محام في إطار المساعدة القضائية تقوم الشرطة القضائية فورا بإشعار النقيب الذي يتولى تعيين هذا المحامي.

يتم الاتصال بالمحامي قبل انتهاء نصف المدة الأصلية للحراسة النظرية. ويمكن لممثل النيابة العامة، كلما تعلق الأمر بوقائع تكون جناية واقتضت ضرورة البحث ذلك، أن يؤخر بصفة استثنائية، اتصال المحامي بموكله بناء على طلب من ضابط الشرطة القضائية على ألا تتجاوز مدة التأخير اثنتي عشرة ساعة ابتداء من انتهاء نصف المدة الأصلية للحراسة النظرية.

غير أنه إذا تعلق الأمر بجريمة إرهابية أو بالجرائم المشار إليها في المادة 108 من هذا القانون فإن الاتصال بالمحامي يتم قبل انصرام المدة الأصلية للحراسة النظرية.

يتم الاتصال بمحام بترخيص من النيابة العامة، لمدة لا تتجاوز ثلاثين دقيقة تحت مراقبة ضابط الشرطة القضائية في ظروف تكفل سرية المقابلة.

غير أنه إذا تعذر الحصول على ترخيص النيابة العامة خاصة لبعد المسافة، فإن ضابط الشرطة القضائية يأذن بصفة استثنائية للمحامي بالاتصال بالشخص الموضوع تحت الحراسة النظرية، على أن يرفع فوراً تقريراً في هذا الشأن إلى النيابة العامة.

---

22 - أضيفت هذه الفقرة بمقتضى المادة الخامسة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

23 - انظر مقتضيات الفقرة 3 من الفصل 23 من الدستور الجديد:

"يجب إخبار كل شخص تم اعتقاله، على الفور وبكيفية يفهمها، بدواعي اعتقاله وبحقوقه، ومن بينها حقه في التزام الصمت. ويحق له الاستفادة، في أقرب وقت ممكن، من مساعدة قانونية، ومن إمكانية الاتصال بأقربائه، طبقا للقانون".

24 - انظر المرسوم الملكي رقم 514.65 بتاريخ 17 رجب 1386 (فاتح نونبر 1966) بمثابة قانون يتعلق بالمساعدة القضائية كما تم تغييره وتتميمه، الجريدة الرسمية عدد 2820 بتاريخ 3 شعبان 1386 (16 نونبر 1966)، ص 2379.

يمنع على المحامي إخبار أي كان بما راج خلال الاتصال بموكله قبل انقضاء مدة الحراسة النظرية.

يمكن لممثل النيابة العامة تأخير اتصال المحامي بموكله بناء على طلب من ضباط الشرطة القضائية، إذا اقتضت ذلك ضرورة البحث، كلما تعلق الأمر بجريمة إرهابية أو بالجرائم المشار إليها في المادة 108 من هذا القانون، على ألا يتجاوز ذلك التأخير مدة 48 ساعة ابتداء من انصرام المدة الأصلية للحراسة النظرية.

يمكن للمحامي المرخص له بالاتصال بالشخص الموضوع تحت الحراسة النظرية أن يقدم أثناء مدة تمديد هذه الحراسة وثائق أو ملاحظات كتابية للشرطة القضائية أو للنيابة العامة قصد إضافتها للمحضر مقابل إشهاد.

يجب مسك سجل ترقم صفحاته وتذيل بتوقيع وكيل الملك في كل المحلات التي يمكن أن يوضع فيها الأشخاص تحت الحراسة النظرية.

تقيد في هذا السجل هوية الشخص الموضوع تحت الحراسة النظرية وسبب ذلك وساعة بداية الحراسة النظرية وساعة انتهائها، ومدة الاستنطاق وأوقات الراحة والحالة البدنية والصحية للشخص المعتقل والتغذية المقدمة له.

يجب أن يوقع في هذا السجل الشخص الذي وضع تحت الحراسة النظرية وضابط الشرطة القضائية بمجرد انتهائها، وإذا كان ذلك الشخص غير قادر على التوقيع أو الإبصام، أو رفض القيام به يشار إلى ذلك في السجل.

يجب أن يعرض هذا السجل على وكيل الملك للاطلاع عليه ومراقبته والتأشير عليه مرة في كل شهر على الأقل.

تقوم النيابة العامة بمراقبة الوضع تحت الحراسة النظرية، ويمكن لها أن تأمر في أي وقت بوضع حد لها أو بمثول الشخص المحتجز أمامها.

## المادة 67

يجب على كل ضابط من ضباط الشرطة القضائية أن يبين في محضر سماع أي شخص وضع تحت الحراسة النظرية، يوم وساعة ضبطه، ويوم وساعة إطلاق سراحه أو تقديمه إلى القاضي المختص.

يجب أن تذيل هذه البيانات، إما بتوقيع الشخص المعني بالأمر أو بإبصامه وإما بالإشارة إلى رفضه ذلك أو استحالته مع بيان أسباب الرفض أو الاستحالة.

يجب تضمين بيانات مماثلة في السجل المنصوص عليه في المادة السابقة.

يقوم ضابط الشرطة القضائية بإشعار عائلة المحتجز، فور اتخاذ قرار وضعه تحت الحراسة النظرية بأية وسيلة من الوسائل ويشير إلى ذلك بالمحضر. ويتعين عليه أن يوجه يومياً إلى النيابة العامة لائحة بالأشخاص الذين تم وضعهم تحت الحراسة النظرية خلال الأربع وعشرين ساعة السابقة.

## المادة 68

إذا تعلق الأمر بهيئات أو مصالح يلزم فيها ضباط الشرطة القضائية بمسك دفتر التصريحات، تعين عليهم أن يضمنوا في هذا الدفتر البيانات والتوقيعات المشار إليها في المادة السابقة.

تدرج بيانات مماثلة في المحضر الذي يوجه إلى السلطة القضائية.

توضع دفاتر التصريحات رهن إشارة ممثل النيابة العامة كلما طلبها.

## المادة 69

يحرر ضابط الشرطة القضائية فورا المحاضر التي أنجزها تنفيذا للمادة 57 وما بعدها إلى المادة 67 ويوقع على كل ورقة من أوراقها.

## المادة 70

تسري مقتضيات المادة 57 وما بعدها إلى المادة 69 على قضايا التلبس بالجنح في جميع الأحوال التي ينص فيها القانون على عقوبة الحبس.

## المادة 71

يستلزم حضور ممثل النيابة العامة في حال وقوع جناية أو جنحة تخلي ضباط الشرطة عن العملية. ويتولى القاضي المذكور كل أعمال الشرطة القضائية المنصوص عليها في هذا الباب، ويمكنه أيضا أن يكلف أي ضابط للشرطة القضائية لمواصلة العمليات.

## المادة 72

يجوز لممثل النيابة العامة أثناء قيامه بالإجراءات كما هو منصوص عليه في هذا الباب، أن ينتقل كلما استلزمت ذلك ضرورة البحث إلى دوائر نفوذ المحاكم المجاورة للمحكمة التي يمارس فيها مهامه، شريطة أن يخبر بذلك مسبقاً النيابة العامة لدى المحكمة التي سينتقل إليها، ويبين سبب هذا التنقل بالمحضر.

علاوة على ذلك، يجب على وكيل الملك أن يخبر بتنقله الوكيل العام للملك الذي يتبع لدائرة نفوذه.

## المادة 73

إذا تعلق الأمر بالتلبس بجناية طبقا لمقتضيات المادة 56، ولم تكن الجريمة من الجرائم التي يكون التحقيق فيها إلزامياً طبقاً لمقتضيات المادة 83 بعده، استفسر الوكيل العام للملك أو أحد نوابه المعين من طرفه المتهم عن هويته وأجرى استنطاقه بعد إشعاره أن من حقه تنصيب محام عنه حالاً وإلا عين له تلقائياً من طرف رئيس غرفة الجنايات.

يحق للمحامي المختار أو المعين أن يحضر هذا الاستنطاق كما يحق له أن يلتمس إجراء فحص طبي على موكله، وأن يدلي نيابة عنه بوثائق أو إثباتات كتابية. ويمكنه أيضاً

أن يعرض تقديم كفالة مالية أو شخصية مقابل إطلاق سراحه، إذا تعلق الأمر بالمتابعة من أجل جنحة. وتطبق عندئذ المقتضيات المتعلقة بالكفالة المشار إليها في المادة 74 بعده.

يستعين الوكيل العام للملك بترجمان أو بكل شخص يحسن التخاطب أو التفاهم مع من يقع استنطاقه عند الاقتضاء.

إذا ظهر أن القضية جاهزة للحكم، أصدر الوكيل العام للملك أمراً بوضع المتهم رهن الاعتقال وأحاله على غرفة الجنايات داخل أجل خمسة عشر يوما على الأكثر.

إذا ظهر أن القضية غير جاهزة للحكم، التمس إجراء تحقيق فيها.

يتعين على الوكيل العام للملك إذا طلب منه إجراء فحص طبي أو عاين بنفسه آثاراً تبرر ذلك أن يخضع المشتبه فيه لذلك الفحص.

إذا تعلق الأمر بحدث يحمل آثاراً ظاهرة للعنف أو إذا اشتكى من وقوع عنف عليه يجب على ممثل النيابة العامة وقبل الشروع في الاستنطاق إحالته على فحص يجريه طبيب.

ويمكن أيضاً لمحامي الحدث أن يطلب إجراء الفحص المشار إليه في الفقرة السابقة.

### المادة 74

إذا تعلق الأمر بالتلبس بجنحة معاقب عليها بالحبس، أو إذا لم تتوفر في مرتكبها ضمانات كافية للحضور، فإنه يمكن لوكيل الملك أو نائبه أن يصدر أمراً بإيداع المتهم بالسجن بعد إشعاره بأن من حقه تنصيب محام عنه حالاً واستنطاقه عن هويته والأفعال المنسوبة إليه، كما يمكن أن يقدمه للمحكمة حراً بعد تقديم كفالة مالية أو كفالة شخصية.

يحق للمحامي أن يحضر هذا الاستنطاق، كما يحق له أن يلتمس إجراء فحص طبي على موكله، وأن يدلي نيابة عنه بوثائق أو إثباتات كتابية. كما يمكنه أن يعرض تقديم كفالة مالية أو شخصية مقابل إطلاق سراحه.

يراعى في تقدير الكفالة المالية – عند الاقتضاء – مقتضيات المادة 184من هذا القانون. ويحدد مقرر النيابة العامة بكل دقة القدر المخصص كضمان لحضور المتهم.

تضمن النيابة العامة مقرر تحديد الكفالة في سجل خاص وتوضع بالملف نسخة من المقرر ومن وصل إيداع المبلغ.

تطبق على إيداع الكفالة واستردادها ومصادرتها مقتضيات المواد 185 وما يليها إلى 188.

يستعين وكيل الملك بترجمان أو بكل شخص يحسن التخاطب أو التفاهم مع من يقع استنطاقه عند الاقتضاء.

إذا صدر الأمر بالإيداع في السجن، فإن القضية تحال إلى أول جلسة مناسبة تعقدها المحكمة الابتدائية، حسب الشروط المنصوص عليها في المادة 385 الآتية بعده.

يتعين على وكيل الملك إذا طلب منه إجراء فحص طبي أو عاين بنفسه آثاراً تبرر ذلك، أن يخضع الشخص المستجوب لذلك الفحص.

إذا تعلق الأمر بحدث يحمل آثاراً ظاهرة للعنف أو إذا اشتكى من وقوع عنف عليه، وجب على ممثل النيابة العامة وقبل الشروع في الاستنطاق إحالته على فحص يجريه طبيب.

ويمكن أيضاً لمحامي الحدث أن يطلب إجراء الفحص المشار إليه في الفقرة السابقة.

## المادة 75

إذا حضر قاضي التحقيق بمكان وقوع الجناية أو الجنحة المتلبس بها، فإن الوكيل العام للملك أو وكيل الملك وضباط الشرطة القضائية يتخلون له عن القضية بقوة القانون.

يقوم قاضي التحقيق في هذه الحالة بجميع أعمال ضباط الشرطة القضائية المنصوص عليها في هذا الباب. وله أن يأمر أياً من ضباط الشرطة القضائية بمتابعة العمليات.

يرسل قاضي التحقيق إلى الوكيل العام للملك أو وكيل الملك بمجرد انتهاء تلك العمليات جميع وثائق التحقيق ليقرر بشأنها ما يقتضيه الأمر.

وإذا حل بالمكان الوكيل العام للملك أو وكيل الملك وقاضي التحقيق في آن واحد، فلممثل النيابة العامة أن يلتمس مباشرة تحقيق قانوني يكلف بإجرائه قاضي التحقيق الحاضر، ولو أدى ذلك إلى خرق مقتضيات المادة 90 الآتية بعده.

## المادة 76

يحق في حالة التلبس بجناية أو جنحة يعاقب عليها بالحبس لكل شخص ضبط الفاعل وتقديمه إلى أقرب ضابط للشرطة القضائية.

## المادة 77

يتعين على ضابط الشرطة القضائية الذي أُشعر بالعثور على جثة شخص مات بسبب عنف أو غيره، وظل سبب موته غير معروف أو يحيط به شك، أن يخبر بذلك فورا النيابة العامة، وأن ينتقل في الحال إلى مكان العثور على الجثة ويجري المعاينات الأولى.

يمكن لممثل النيابة العامة أن ينتقل إلى مكان العثور على الجثة، إذا رأى ضرورة لذلك، وأن يستعين بأشخاص لهم كفاءة لتحديد ظروف الوفاة، أو أن يختار من بين ضباط الشرطة القضائية من ينوب عنه للقيام بنفس المهمة.

يؤدي الأشخاص الذين تستعين بهم النيابة العامة اليمين كتابة على إبداء رأيهم بما يمليه عليهم الشرف والضمير، ما لم يكونوا مسجلين في لائحة الخبراء المحلفين لدى المحاكم.

يجوز لممثل النيابة العامة أيضا أن ينتدب أهل الخبرة للكشف عن أسباب الوفاة.

# الباب الثاني: البحث التمهيدي

## المادة 78

يقوم ضباط الشرطة القضائية بأبحاث تمهيدية، بناء على تعليمات النيابة العامة أو تلقائيا.

يسير هذه العمليات وكيل الملك أو الوكيل العام للملك كل فيما يخصه.

## المادة 79

لا يمكن دخول المنازل و تفتيشها وحجز ما بها من أدوات الاقتناع دون موافقة صريحة من الشخص الذي ستجري العمليات بمنزله.

تضمن هذه الموافقة في تصريح مكتوب بخط يد المعني بالأمر، فإن كان لا يعرف الكتابة يشار إلى ذلك في المحضر كما يشار فيه إلى قبوله.

تسري في هذه الحالة مقتضيات المواد 59 و 60 و 62 و 63.

إذا تعلق الأمر بجريمة إرهابية وامتنع الشخص الذي سيجري التفتيش أو الحجز بمنزله عن إعطاء موافقته أو تعذر الحصول عليها، فإنه يمكن إجراء العمليات المذكورة في الفقرة الأولى من هذه المادة بإذن كتابي من النيابة العامة بحضور الشخص المعني بالأمر وفي حالة امتناعه أو تعذر حضوره فبحضور شخصين من غير مرؤوسي ضابط الشرطة القضائية[25].

## المادة 80

إذا تعلق الأمر بجناية أو جنحة يعاقب عليها بالحبس، وكانت ضرورة البحث التمهيدي تقتضي من ضابط الشرطة القضائية إبقاء شخص رهن إشارته، فله أن يضعه تحت الحراسة النظرية لمدة لا تتجاوز ثمان وأربعين ساعة بإذن من النيابة العامة. ويتعين لزوما تقديمه إلى وكيل الملك أو الوكيل العام للملك قبل انتهاء هذه المدة.

يمكن لوكيل الملك أو الوكيل العام للملك بعد الاستماع إلى الشخص الذي قدم إليه، أن يمنح إذنا مكتوبا بتمديد الحراسة النظرية مرة واحدة لمدة أربع وعشرين ساعة.

إذا تعلق الأمر بالمس بأمن الدولة الداخلي أو الخارجي، فإن مدة الوضع تحت الحراسة النظرية تحدد في ست وتسعين ساعة قابلة للتجديد مرة واحدة بإذن كتابي من النيابة العامة.

إذا تعلق الأمر بجريمة إرهابية فإن مدة الحراسة النظرية تكون ستاً وتسعين ساعة قابلة للتمديد مرتين لمدة ست وتسعين ساعة في كل مرة، بناء على إذن كتابي من النيابة العامة[26].

ويمكن بصفة استثنائية منح الإذن المذكور بموجب مقرر معلل بأسباب دون أن يقدم الشخص إلى النيابة العامة.

يحق للشخص الموضوع تحت الحراسة النظرية في حالة تمديدها أن يطلب من ضابط الشرطة القضائية الاتصال بمحام. كما يحق للمحامي المنتصب الاتصال بالشخص الموضوع تحت الحراسة النظرية.

---

25 ـ أضيفت الفقرة الرابعة من المادة 79 أعلاه بمقتضى المادة الرابعة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

26 ـ أضيفت الفقرة الرابعة من المادة 80 أعلاه بمقتضى المادة الخامسة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

يتم الاتصال بترخيص من النيابة العامة ابتداء من الساعة الأولى من فترة تمديد الحراسة النظرية لمدة لا تتجاوز ثلاثين دقيقة، تحت مراقبة ضابط الشرطة القضائية في ظروف تكفل سرية المقابلة.

غير أنه إذا تعذر الحصول على ترخيص النيابة العامة خاصة لبعد المسافة، فإن ضابط الشرطة القضائية يأذن بصفة استثنائية للمحامي بالاتصال بالشخص الموضوع تحت الحراسة النظرية، على أن يرفع فوراً تقريراً في هذا الشأن إلى النيابة العامة.

يمنع على المحامي إخبار أي كان بما راج خلال الاتصال بموكله قبل انقضاء مدة الحراسة النظرية.

يمكن لممثل النيابة العامة تأخير اتصال المحامي بموكله بناء على طلب من ضابط الشرطة القضائية، إذا اقتضت ذلك ضرورة البحث، كلما تعلق الأمر بجريمة إرهابية أو بالجرائم المشار إليها في المادة 108 من هذا القانون على أن لا يتجاوز ذلك التأخير مدة ثمان وأربعين ساعة ابتداء من التمديد الأول[27].

يمكن للمحامي المرخص له بالاتصال بالشخص الموضوع تحت الحراسة النظرية أن يقدم أثناء مدة تمديد هذه الحراسة وثائق أو ملاحظات كتابية للشرطة القضائية أو للنيابة العامة قصد إضافتها للمحضر مقابل إشهاد.

## المادة 81

يجوز لضابط الشرطة القضائية إجراء تفتيش جسدي على كل شخص تم وضعه تحت الحراسة النظرية.

لا تنتهك حرمة المرأة عند التفتيش، وإذا تطلب الأمر إخضاعها للتفتيش الجسدي يتعين أن تقوم به امرأة ينتدبها ضابط الشرطة القضائية لذلك، ما لم يكن الضابط امرأة.

تسري مقتضيات هذه المادة أيضاً في حالة التلبس بجناية أو جنحة.

## المادة 82

يثبت الوضع تحت الحراسة حسب الشكليات المنصوص عليها في المواد 66 و67 و68 أعلاه.

---

27 - تم تغيير وتتميم أحكام الفقرة العاشرة من المادة 80 أعلاه بمقتضى المادة الخامسة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

# الباب الثالث: تقنيات البحث الخاصة[28]

# فرع فريد: التسليم المراقب

## المادة 82–1

التسليم المراقب هو السماح بعبور شحنة غير مشروعة أو يشتبه في كونها كذلك إلى داخل المغرب أو عبره أو إلى خارجه، دون ضبطها، أو بعد سحبها أو استبدالها كليا أو جزئيا، تحت مراقبة السلطات المختصة، بقصد التعرف على الوجهة النهائية لهذه الشحنة والتحري عن جريمة والكشف عن هوية مرتكبيها والأشخاص المتورطين فيها وإيقافهم.

يراد في مدلول هذا الفرع بشحنة غير مشروعة، الأشياء أو الأموال التي تعد حيازتها جريمة، أو تكون متحصلة من جريمة أو كانت أداة في ارتكابها أو معدة لارتكابها.

## المادة 82–2

يمنح الوكيل العام للملك لدى محكمة الاستئناف الإذن بالتسليم المراقب.

تتولى الشرطة القضائية تنفيذ الإذن المشار إليه أعلاه وتخبر الوكيل العام للملك بكل إجراء تقوم به.

يحرر ضباط الشرطة القضائية بعد انتهاء عملية التسليم المراقب محضرا أو محاضر بالإجراءات المنجزة توجه إلى النيابة العامة التي منحت الإذن.

يلتزم ضباط وأعوان الشرطة القضائية بالحفاظ على سرية الإجراءات المنصوص عليها في هذا الفرع.

## المادة 82–3

يؤجل الوكيل العام للملك الذي منح الإذن بالتسليم المراقب اتخاذ أي إجراء من إجراءات البحث المرتبطة بعملية التسليم المراقب أو إيقاف مرتكبي الجريمة والمتورطين فيها إلى حين علمه بوصول الشحنة إلى وجهتها النهائية.

---

28 - تمم القسم الثاني من الكتاب الأول أعلاه بموجب المادة الرابعة من القانون رقم 13.10 المتعلق بتغيير وتتميم مجموعة القانون الجنائي المصادق عليه بالظهير الشريف رقم 1.59.413 بتاريخ 28 من جمادى الأخرة 1382 (26 نوفمبر 1962) والقانون رقم 22.01 المتعلق بالمسطرة الجنائية الصادر بتنفيذه الظهير الشريف رقم 1.02.255 بتاريخ 25 من رجب 1423 (3 أكتوبر 2002) والقانون رقم 43.05 المتعلق بمكافحة غسل الأموال الصادر بتنفيذه الظهير الشريف رقم 1.07.79 بتاريخ 28 من ربيع الأول 1428 (17 أبريل 2007)، الصادر بتنفيذه الظهير الشريف رقم 1.11.02 بتاريخ 15 من صفر 1432 (20 يناير 2011)، الجريدة الرسمية عدد 5911 بتاريخ 19 صفر 1432 (24 يناير 2011)، ص 196.

# القسم الثاني مكرر: حماية الضحايا والشهود والخبراء والمبلغين [29]

## الباب الأول: حماية الضحايا

### المادة 82-4

يتعين إشعار الضحية المتضرر من جريمة بحقه في الانتصاب كمطالب بالحق المدني أمام قاضي التحقيق أو أمام هيئة المحكمة كما يتعين إشعاره بالحقوق التي يخولها له القانون .

يشار إلى هذا الإشعار بالمحضر المنجز من طرف الشرطة القضائية، أو من طرف النيابة العامة في الحالة التي يمثل فيها الضحية أمامها.

### المادة 82-5

يقوم وكيل الملك أو الوكيل العام للملك أو قاضي التحقيق كل فيما يخصه، باتخاذ تدابير الحماية الكفيلة بتأمين سلامة الضحية أو أفراد أسرته أو أقاربه أو ممتلكاته من كل ضرر قد يتعرض له جراء تقديم شكايته، ويمكن لهذه الغاية أن يوضع رهن إشارة الضحية ما يلي:

- رقم هاتفي خاص بالشرطة القضائية أو بالمصالح الأمنية يمكنه الاتصال به في أي وقت لطلب الحماية؛

- حماية جسدية له أو لأفراد أسرته أو لأقاربه من طرف القوة العمومية؛

- تغيير أماكن الإقامة وعدم إفشاء المعلومات المتعلقة بالهوية.

يمكن عرض الضحية على أنظار طبيب مختص وتخصيصه بالرعاية الاجتماعية اللازمة، عند الاقتضاء.

إذا كانت تدابير الحماية المذكورة غير كافية، يمكن بقرار معلل اتخاذ أي تدبير آخر يعتبر ضمانة فعلية لفائدة مستحق الحماية.

يتمتع الضحية الشاهد أو الضحية المبلغ بتدابير الحماية المنصوص عليها في المادتين 82-6 و82-7 أدناه، حسب الأحوال.

---

29 - تمت إضافة القسم الثاني مكرر أعلاه بمقتضى المادة الأولى من القانون رقم 37.10 يقضي بتغيير وتتميم القانون رقم 22.01 المتعلق بالمسطرة الجنائية، في شأن حماية الضحايا والشهود والخبراء والمبلغين، فيما يخص جرائم الرشوة والاختلاس واستغلال النفوذ وغيرها، الصادر بتنفيذه الظهير الشريف رقم 1.11.164 بتاريخ 19 من ذي القعدة 1432 (17 أكتوبر 2011)، الجريدة الرسمية عدد 5988 بتاريخ 22 ذو القعدة 1432 (20 أكتوبر 2011)، ص 5123.

المملكة المغربية                وزارة العدل والحريات                مديرية التشريع

## المادة 1–5–82[30]

إذا تعلق الأمر بجريمة الاتجار بالبشر، يجب، في جميع مراحل البحث والتحقيق والمحاكمة، العمل فورا على التعرف على ضحية الجريمة وهويتها وجنسيتها وسنها.

يمكن للسلطات القضائية المختصة أن تأمر بمنع المشتبه فيهم أو المتهمين من الاتصال أو الاقتراب من ضحية الاتجار بالبشر.

يمكن أيضا للسلطات القضائية المختصة الأمر بالترخيص للضحية الأجنبي بالبقاء بتراب المملكة إلى غاية انتهاء إجراءات المحاكمة.

تسري أحكام الفقرتين الثانية والثالثة أعلاه على الشهود والخبراء والمبلغين في جريمة الاتجار بالبشر.

# الباب الثاني : حماية الشهود والخبراء

## المادة 82–6

يحق للشاهد أو الخبير في أي قضية، إذا ما كانت هناك أسباب جدية من شأنها أن تعرض حياته أو سلامته الجسدية أو مصالحه الأساسية أو حياة أفراد أسرته أو أقاربه أو سلامتهم الجسدية أو مصالحهم الأساسية للخطر أو لضرر مادي أو معنوي إذا ما أدلى بشهادته أو إفادته، أن يطلب من وكيل الملك أو الوكيل العام للملك أو قاضي التحقيق – حسب الأحوال - تطبيق أحد الإجراءات المنصوص عليها في البنود 6 و7 و8 من المادة 82–7 بعده، وذلك بعد بيان الأسباب المذكورة.

## المادة 82–7[31]

يمكن لوكيل الملك أو الوكيل العام للملك أو قاضي التحقيق كل فيما يخصه، تلقائيا أو بناء على طلب، إذا تعلق الأمر بجريمة الرشوة أو استغلال النفوذ أو الاختلاس أو التبديد أو الغدر أو غسل الأموال أو الاتجار بالبشر إحدى الجرائم المنصوص عليها في المادة 108 من هذا القانون أن يتخذ بقرار معلل واحدا أو أكثر من التدابير التالية لضمان حماية الشهود والخبراء:

1- الاستماع شخصيا للشاهد أو الخبير ؛

2- إخفاء هوية الشاهد أو الخبير في المحاضر والوثائق التي تتعلق بالقضية المطلوب فيها شهادة الشاهد أو إفادة الخبير، وذلك بشكل يحول دون التعرف على هويته الحقيقية؛

3- تضمين هوية مستعارة أو غير صحيحة للشاهد أو الخبير في المحاضر والوثائق التي ستقدم أمام المحكمة بشكل يحول دون تعرف الغير على هويته الحقيقية؛

---

30- تمت إضافة المادة 1-5-82 أعلاه، بمقتضى المادة الثانية من القانون رقم 27.14 المتعلق بمكافحة الاتجار بالبشر الصادر بتنفيذه الظهير الشريف رقم 1.16.127 بتاريخ 21 من ذي القعدة 1437 (25 أغسطس 2016)؛ الجريدة الرسمية عدد 6501 بتاريخ 17 ذو الحجة 1437 (19 سبتمبر 2016)، ص 6644.
31- تم تتميم المادة 82-7 أعلاه، بمقتضى المادة الثالثة من القانون رقم 27.14، السالف الذكر.

4 - عدم الإشارة إلى العنوان الحقيقي للشاهد أو الخبير ضمن المحاضر والوثائق التي تنجز في القضية المطلوب فيها شهادة الشاهد أو إفادة الخبير، وذلك بشكل يحول دون التعرف على عنوانه؛

5 - الإشارة في عنوان إقامة الشاهد أو الخبير إلى مقر الشرطة القضائية التي تم فيها الاستماع إليه أو المحكمة المختصة للنظر في القضية إذا ما كان قد استدعي أول مرة أمام قاضي التحقيق أو المحكمة؛

6 - وضع رهن إشارة الشاهد أو الخبير الذي يكون قد أدلى بشهادته أو إفادته، رقم هاتفي خاص بالشرطة القضائية حتى يتمكن من إشعارها بالسرعة اللازمة إزاء أي فعل قد يهدد سلامته أو سلامة أسرته أو أقاربه؛

7 - إخضاع الهواتف التي يستخدمها الشاهد أو الخبير لرقابة السلطات المختصة بعد موافقة المعني بالأمر كتابة ضمانا لحمايته؛

8 - توفير حماية جسدية للشاهد أو الخبير من طرف القوة العمومية بشكل يحول دون تعرض الشاهد أو الخبير أو أحد أفراد أسرته أو أقاربه للخطر.

إذا كانت تدابير الحماية المذكورة غير كافية، يمكن بقرار معلل اتخاذ أي تدبير آخر يعتبر ضمانة فعلية لفائدة مستحق الحماية.

### المادة 82-8

إلى جانب اتخاذ أحد التدابير المنصوص عليها في البنود من 2 إلى 5 من المادة السابقة، يتعين الاحتفاظ بالهوية الحقيقية للشاهد أو الخبير في ملف خاص يوضع رهن إشارة هيئة المحكمة لتطلع عليه وحدها عند الاقتضاء.

غير أنه، إذا كان الكشف عن هوية الشخص ضروريا لممارسة حق الدفاع، جاز للمحكمة، إذا اعتبرت أن شهادة الشاهد أو إفادة الخبير أو المبلغ هي وسيلة الإثبات الوحيدة في القضية، السماح بالكشف عن هويته الحقيقية بعد موافقته، شريطة توفير تدابير الحماية الكافية له.

إذا قررت المحكمة عدم الكشف عن هوية الشخص لا تعتبر شهادة الشاهد أو إفادة الخبير أو المبلغ إلا مجرد معلومات لا تقوم بها حجة بمفردها.

## الباب الثالث: حماية المبلغين

### المادة 82-9

يحق للمبلغ الذي يقوم بإبلاغ السلطات المختصة لأسباب وجيهة وبحسن نية عن إحدى الجرائم المشار إليها في المادة 82-7 أعلاه، أن يطلب من وكيل الملك أو الوكيل العام للملك أو قاضي التحقيق كل فيما يخصه، اتخاذ واحد أو أكثر من التدابير المنصوص عليها في المادة 82-7 أعلاه.

خلافا لأية مقتضيات قانونية لا يمكن متابعة المبلغين سواء تأديبيا أو جنائيا على أساس إفشاء السر المهني، إذا كانت الجرائم المبلغ عنها تم الاطلاع عليها بمناسبة مزاولتهم لمهامهم.

يتعرض المبلغ الذي يقوم بالإبلاغ بسوء نية عن وقائع غير صحيحة لإحدى العقوبات المنصوص عليها في الفصلين 369 و370 من مجموعة القانون الجنائي.

## الباب الرابع: نطاق الحماية

### المادة 82-10

يمكن لوكيل الملك أو الوكيل العام للملك أو قاضي التحقيق كل فيما يخصه، تغيير تدابير الحماية المتخذة لفائدة الضحايا أو الشهود أو الخبراء أو المبلغين أو إضافة تدبير آخر أو أكثر إليها أو إلغاؤها، تلقائيا أو بناء على طلب.

تستمر تدابير الحماية المأمور بها حتى بعد صدور الحكم إذا اقتضت الضرورة ذلك.

وفي كل الأحوال، يتعين إخبار المعني بالأمر بالتدبير المتخذ لضمان حمايته.

## القسم الثالث: التحقيق الإعدادي

## الباب الأول: أحكام عامة

### المادة 83

يكون التحقيق إلزاميا:

1) في الجنايات المعاقب عليها بالإعدام أو السجن المؤبد أو التي يصل الحد الأقصى للعقوبة المقررة لها ثلاثين سنة؛

2) في الجنايات المرتكبة من طرف الأحداث؛

3) في الجنح بنص خاص في القانون[32].

يكون اختياريا فيما عدا ذلك من الجنايات وفي الجنح المرتكبة من طرف الأحداث، وفي الجنح التي يكون الحد الأقصى للعقوبة المقررة لها خمس سنوات أو أكثر.

---

32 - انظر على سبيل المثال إلزامية التحقيق في حوادث السير المميتة طبقا للفقرة الأخيرة من المادة 137 من القانون رقم 52.05 المتعلق بمدونة السير على الطرق الصادر بتنفيذه ظهير شريف رقم 1.10.07 بتاريخ 26 من صفر 1431 (11 فبراير 2010)، الجريدة الرسمية عدد 5824 الصادرة بتاريخ 8 ربيع الآخر 1431 (25 مارس 2010)، ص 2168.

### المادة 84

يجري التحقيق بناء على ملتمس من النيابة العامة، ولو كان قاضي التحقيق يقوم بالمهام المخولة إليه في حالة التلبس.

يمكن تقديم هذا الملتمس ضد شخص معين أو مجهول.

يحق لقاضي التحقيق توجيه التهمة لأي شخص بصفته فاعلا أصليا أو مساهما أو مشاركا في الوقائع المعروضة عليه بناء على ملتمس النيابة العامة.

إذا علم قاضي التحقيق بوقائع لم يشر إليها في ملتمس إجراء التحقيق، تعين عليه أن يرفع حالا إلى النيابة العامة الشكايات والمحاضر المتعلقة بها.

في حالة تقديم شكاية مرفقة بالمطالب المدنية للمشتكي، يتم الإجراء وفقا لما نصت عليه المادة 93 بعده.

### المادة 85

يقوم قاضي التحقيق – وفقا للقانون – بجميع إجراءات التحقيق التي يراها صالحة للكشف عن الحقيقة.

علاوة على الأصول تستخرج من وثائق الإجراءات نسخ مرقمة يشهد بمطابقتها للأصل كاتب الضبط أو ضابط الشرطة القضائية المنتدب بمقتضى المادة 86 الآتية بعده.

### المادة 86

إذا تعذر على قاضي التحقيق أن يقوم شخصياً ببعض إجراءات التحقيق، جاز له بصفة استثنائية أن يكلف بإنابة قضائية ضباطا للشرطة القضائية لتنفيذ هذه الإجراءات، ضمن الشروط ومع مراعاة التحفظات المنصوص عليها في المواد 189 و190 و193 بعده.

## الباب الثاني: القاضي المكلف بالتحقيق

### المادة 87

يقوم قاضي التحقيق إلزاميا في مادة الجنايات، واختياريا في مادة الجنح بإجراء بحث حول شخصية المتهم وحالته العائلية والاجتماعية.

ويقوم قاضي التحقيق أيضاً بإجراء بحث حول التدابير الكفيلة بتسهيل إعادة إدماج المتهم في المجتمع، إذا كانت سنه تقل عن عشرين سنة وكانت العقوبة المقررة لا تتجاوز خمس سنوات، وارتأى قاضي التحقيق وضع المتهم تحت الاعتقال الاحتياطي.

يمكنه أن يكلف بذلك إما ضباط الشرطة القضائية طبقا للمادة السابقة وإما أي شخص أو مؤسسة مؤهلة للقيام بهذا البحث.

يترتب عن هذا البحث تكوين ملف خاص يضاف إلى المسطرة.

## المادة 88

يمكن لقاضي التحقيق أن يأمر في أي وقت باتخاذ جميع التدابير المفيدة وأن يقرر إجراء فحص طبي أو يكلف طبيبا بالقيام بفحص طبي نفساني.

يجوز له بعد تلقي رأي النيابة العامة أن يأمر بإخضاع المتهم لعلاج ضد التسمم، إذا ظهر أن هذا الأخير مصاب بتسمم مزمن ناتج عن تعاطي الكحول أو المخدرات أو المواد ذات المؤثرات العقلية.

يباشر هذا العلاج إما في المؤسسة التي يوجد فيها المتهم رهن الاعتقال وإما في مؤسسة متخصصة حسب الشروط المنصوص عليها قانوناً، وتتوقف مسطرة التحقيق أثناء مدة العلاج ويحتفظ سند الاعتقال بمفعوله.

إذا طلب المتهم أو محاميه إجراء فحوص عليه أو إخضاعه للعلاج، فلا يمكن رفض الطلب إلا بأمر معلل.

## المادة 89

يمكن للنيابة العامة عند وضعها ملتمس فتح التحقيق أن تطلب من قاضي التحقيق القيام بكل إجراء مفيد لإظهار الحقيقة، وبأي إجراء ضروري للحفاظ على الأمن وخاصة وضع المتهم رهن إشارة العدالة.

يمكنها أن تطلب بملتمسات إضافية القيام بنفس الإجراءات أثناء مراحل التحقيق إلى غاية إنهائه.

ويمكنها لنفس الغاية أن تطلب تسليمها ملف الإجراءات شريطة إرجاعه إلى قاضي التحقيق في ظرف أربع وعشرين ساعة.

يتعين على قاضي التحقيق إذا ارتأى ألا موجب للقيام بالإجراءات المطلوبة من طرف النيابة العامة، أن يصدر بذلك أمرا معللا خلال الخمسة أيام الموالية لتقديم ملتمس النيابة العامة، مع مراعاة الفقرة الأخيرة من المادة 134 من هذا القانون.

## المادة 90

إذا تعدد قضاة التحقيق في محكمة واحدة، فإن للنيابة العامة أن تعين من يحقق في كل قضية على حدة.

## المادة 91

يمكن للنيابة العامة إما تلقائيا وإما بناء على طلب من الطرف المدني، ويمكن أيضاً للمتهم تقديم ملتمس معلل للغرفة الجنحية بمحكمة الاستئناف يرمي إلى سحب قضية من قاض للتحقيق وإحالتها إلى قاض آخر للتحقيق ضمانا لحسن سير العدالة.

يجب أن تبت الغرفة في الطلب داخل عشرة أيام من تاريخ توصلها به ولا يقبل مقررها أي طعن.

ليس لهذا الملتمس أي أثر موقف لسير البحث.

# الباب الثالث: تنصيب الطرف المدني

## المادة 92

يمكن لكل شخص ادعى أنه تضرر من جناية أو جنحة أن ينصب نفسه طرفا مدنيا عند تقديم شكايته أمام قاضي التحقيق المختص، ما لم ينص القانون على خلاف ذلك.

## المادة 93

يأمر قاضي التحقيق بتبليغ الشكاية إلى وكيل الملك أو الوكيل العام للملك لتقديم ملتمساته.

يمكن إصدار ملتمس ضد شخص معين أو ضد شخص مجهول.

لا يمكن للنيابة العامة أن تحيل على قاضي التحقيق ملتمسات بعدم إجراء تحقيق، إلا إذا كانت الوقائع المعروضة لا تستوجب قانونا إجراء المتابعة لوجود أسباب تمس الدعوى العمومية، أو إذا كانت الوقائع لا تقبل أي تكييف جرمي حتى لو افترض وجودها أو لم تكن الجريمة من النوع القابل للتحقيق.

إذا اتخذ قاضي التحقيق موقفا مخالفا لما التمسته النيابة العامة، فعليه أن يصدر بذلك أمراً معللاً.

يمكن للنيابة العامة، في حالة تقديم شكاية لا تدعمها أسباب كافية أو لا تبررها المستندات المقدمة، أن تلتمس من قاضي التحقيق فتح تحقيق مؤقت حول أي شخص قد يكشف عنه البحث.

يمكن لقاضي التحقيق في هذه الحالة أن يستمع إلى الشخص أو الأشخاص المشار إليهم في الشكاية بصفتهم شهودا، مع مراعاة المادة 118 وإطلاع الشهود على مقتضياتها، وذلك إلى أن يتم توجيه التهم، أو عند الاقتضاء تقديم ملتمسات جديدة ضد شخص معين.

## المادة 94

يمكن للطرف المدني أن يتقدم بطلباته بعد فتح التحقيق، وفي أية مرحلة من مراحله، وكيفما كان نوع الجريمة.

يمكن في جميع الأحوال إما للنيابة العامة أو المتهم أو أي طرف مدني آخر أن ينازع في قبول طلبات الطرف المدني.

تطبق مقتضيات الفقرة الثانية من المادة 95 إذا كان الطرف المدني هو الذي أقام الدعوى العمومية.

يبت قاضي التحقيق بأمر قضائي بعد اطلاع النيابة العامة على الملف.

## المادة 95

يجب على الطرف المدني عند إقامته للدعوى العمومية، ما لم يكن محصلاً على المساعدة القضائية، أن يودع بكتابة الضبط المبلغ الذي يفترض أنه ضروري لمصاريف الدعوى، ويحدد له أجل للإيداع وذلك تحت طائلة عدم قبول شكايته، ويحدد هذا المبلغ بأمر من قاضي التحقيق الذي يراعي فيه عليه أن يراعي الإمكانيات المالية للمشتكي.

إذا أقيمت هذه الدعوى ضد قاض أو موظف عمومي أو عون تابع للسلطة أو القوة العمومية، وظهر أن الدولة يمكن أن تتحمل المسؤولية المدنية من جراء أعمال تابعها، يتعين على قاضي التحقيق أن يشعر بإقامتها الوكيل القضائي للمملكة.

## المادة 96

يجب على كل طرف مدني لا يقيم داخل دائرة نفوذ المحكمة التي يجري فيها التحقيق أن يختار موطنا بدائرة تلك المحكمة.

إذا لم يختر الطرف المدني موطنا، فلا يمكنه الدفع بعدم تبليغه الإجراءات التي كان يجب تبليغها إليه بمقتضى القانون.

## المادة 97

يتعين على قاضي التحقيق في حالة عدم اختصاصه، أن يصدر بعد تلقي ملتمسات النيابة العامة أمراً بإحالة الطرف المدني ليقيم دعواه أمام الهيئة القضائية المختصة بالنظر فيها.

## المادة 98

إذا صدر أمر بعدم المتابعة بعد فتح تحقيق بناء على طلب من الطرف المدني وأصبح نهائياً، فيمكن للمتهم ولكل الأشخاص المشار إليهم في الشكاية، أن يطلبوا من المشتكي تعويضهم عن الضرر أمام المحكمة المدنية المختصة، دون الإخلال بحقهم في متابعته بالوشاية الكاذبة.

# الباب الرابع: التنقل والتفتيش والحجز

## المادة 99

يجوز لقاضي التحقيق أن ينتقل إلى أي مكان لإجراء المعاينات المفيدة أو للقيام بتفتيش. ويشعر بذلك النيابة العامة التي لممثلها الخيار في مرافقته.

يساعده في ذلك دائما كاتب الضبط.

يحرر قاضي التحقيق محضرا بما أنجزه من أعمال.

## المادة 100

يمكن لقاضي التحقيق بعد إخبار النيابة العامة بمحكمته، أن ينتقل صحبة كاتبه قصد القيام بإجراءات التحقيق خارج نفوذ المحكمة التي يمارس فيها مهامه إذا استلزمت ذلك متطلبات التحقيق، ويتعين عليه أن يشعر مقدما النيابة العامة لدى المحكمة التي سينتقل إلى دائرة نفوذها.

## المادة 101

يجري التفتيش في جميع الأماكن التي قد يعثر فيها على أشياء يكون اكتشافها مفيدا لإظهار الحقيقة.

ويجب في هذه الحالة على قاضي التحقيق، تحت طائلة البطلان، أن يتقيد بمقتضيات المواد 59 و60 و62.

## المادة 102 [33]

إذا كان التفتيش سيجري في منزل المتهم في قضية جنائية أو بشأن جريمة إرهابية، فإنه يجوز لقاضي التحقيق أن يباشره خارج الأوقات المحددة في المادة 62 شريطة أن يقوم به شخصياً وبحضور ممثل النيابة العامة.

إذا تعلق الأمر بجريمة إرهابية، فإنه يجوز لقاضي التحقيق في حالة الاستعجال القصوى وبقرار معلل أن ينتدب قاضياً أو ضابطاً أو أكثر من ضباط الشرطة القضائية لإجراء التفتيش خارج الساعات القانونية بحضور ممثل النيابة العامة.

## المادة 103

إذا كان التفتيش سيجري في غير منزل المتهم، تعين استدعاء رب المنزل أو من يشغله لحضوره، فإن تغيب أو رفض الحضور أجري التفتيش بحضور شخصين من أقاربه أو أصهاره الموجودين بالمكان. وإذا تعذر ذلك، فيتم إجراء التفتيش بحضور شاهدين لا تربطهما علاقة التبعية بالسلطة القضائية أو الشرطة القضائية.

يجب في حالة إجراء التفتيش في أماكن يشغلها شخص يلزمه القانون بكتمان السر المهني، أن تتخذ جميع التدابير اللازمة لضمان احترام ذلك السر.

وإذا كان التفتيش أو الحجز سيجرى بمكتب محام، يتولى القيام به قاضي التحقيق أو قاض آخر ينتدبه بحضور نقيب المحامين أو من ينوب عنه أو بعد إشعاره بأي وسيلة من الوسائل الممكنة[34].

---

33 - تممت أحكام المادة 102 أعلاه بمقتضى المادة الرابعة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

34 - انظر مقتضيات الفقرة 2 من المادة 59 من القانون رقم 28.08 المتعلق بتعديل القانون المنظم لمهنة المحاماة:

المملكة المغربية                           وزارة العدل والحريات                     مديرية التشريع

## المادة 104

إذا تبين أثناء التحقيق ما يستوجب البحث عن وثائق، فيجب التقيد بالمقتضيات المنصوص عليها في الفقرة الثالثة من المادة 59، ويكون لقاضي التحقيق وحده أو لضابط الشرطة القضائية المنتدب من طرفه حق الاطلاع على الوثائق قبل حجزها ما لم يتعلق الموضوع بالمس بأمن الدولة الداخلي أو الخارجي.

يجب على الفور إحصاء جميع الأشياء والوثائق المحجوزة ووضع الأختام عليها.

إذا أجري الحجز على نقود أو سبائك أو سندات أو قيم أو أوراق تجارية لم يكن الاحتفاظ بها عينا ضروريا لإظهار الحقيقة أو للمحافظة على حقوق الأطراف، فلقاضي التحقيق أن يأذن لكاتب الضبط في إيداعها إما بصندوق الإيداع والتدبير وإما في بنك المغرب.

لا يمكن فتح الأختام وفرز الوثائق إلا بحضور المتهم مؤازرا بمحاميه أو بعد استدعائهما قانونيا، ما لم يكن المتهم في حالة فرار أو تعذر حضوره لأي سبب من الأسباب.

إذا أجري الحجز لدى الغير طبقا للمادة 103 أعلاه، فيدعى هذا الأخير لحضور العملية، ولا يمكن لقاضي التحقيق أن يبقي تحت الحجز سوى الأشياء والوثائق المفيدة لإظهار الحقيقة والتي قد يضر الكشف عنها بسير التحقيق.

يأمر قاضي التحقيق بناء على طلب من المعنيين بالأمر أن تسلم لهم في أقرب وقت نسخة من الوثائق المستمر حجزها يصادق كاتب الضبط على مطابقتها للأصل، ما لم يتعارض ذلك مع متطلبات التحقيق.

## المادة 105

كل إبلاغ أو إفشاء لوثيقة وقع الحصول عليها من تفتيش، يتم لفائدة شخص ليست له صلاحية قانونية للاطلاع عليها دون الحصول على موافقة المشتبه فيه أو ذوي حقوقه أو الموقع على الوثيقة أو من وجهت إليه وكل استعمال آخر لهذه الوثيقة، يعاقب عليه بالحبس من شهرين إلى سنتين وبغرامة من 5.000 إلى 30.000 درهم.

## المادة 106

يجوز للمتهم وللطرف المدني ولكل شخص آخر يدعي أن له حقوقا على شيء محتفظ به لدى العدالة أن يقدم طلباً لقاضي التحقيق لاسترداده أو استرداد ثمنه إذا كان قاضي التحقيق قد قرر بيعه خشية فساده أو تلفه أو لتعذر الاحتفاظ به.

يبلغ كل طلب قدمه المتهم أو الطرف المدني أو الغير للنيابة العامة ولكل الأطراف الأخرى.

يجب على هؤلاء تقديم ملاحظاتهم داخل ثلاثة أيام من تاريخ التبليغ.

---

"لا يجرى أي بحث مع المحامي، أو تفتيش لمكتبه، من أجل جناية أو جنحة ذات صلة بالمهنة، إلا من طرف النيابة العامة أو قاضي التحقيق وفق المقتضيات أعلاه".

يبت قاضي التحقيق بأمر معلل داخل ثمانية أيام فيما قدم له من طلبات وذلك بعد أخذ رأي النيابة العامة، وله أن يأمر برد الأشياء تلقائياً أو بناء على ملتمس من النيابة العامة.

يمكن للأطراف الطعن في قرار قاضي التحقيق أمام الغرفة الجنحية خلال عشرة أيام من تاريخ تبليغه، ولا يترتب عن الطعن أي تأخير في سير التحقيق.

عندما يكون الطلب صادرا عن الغير، فلمن صدر عنه أن يوجه مثل باقي الأطراف إلى الغرفة الجنحية ملاحظاته مكتوبة، لكن لا يحق له أن يطالب بوضع ملف الإجراءات رهن إشارته.

## المادة 107

يبقى قاضي التحقيق مختصا بالبت في رد الأشياء المحجوزة ولو بعد صدور قرار بعدم المتابعة.

يمكن الطعن في قراراته أمام الغرفة الجنحية بمحكمة الاستئناف وفقاً لما جاء في المادة السابقة.

# الباب الخامس: التقاط المكالمات والاتصالات المنجزة بوسائل الاتصال عن بعد

## المادة 108

يمنع التقاط المكالمات الهاتفية أو الاتصالات المنجزة بوسائل الاتصال عن بعد وتسجيلها أو أخذ نسخ منها أو حجزها[35].

غير أنه يمكن لقاضي التحقيق إذا اقتضت ضرورة البحث ذلك، أن يأمر كتابة بالتقاط المكالمات الهاتفية وكافة الاتصالات المنجزة بواسطة وسائل الاتصال عن بعد وتسجيلها وأخذ نسخ منها أو حجزها.

كما يمكن للوكيل العام للملك إذا اقتضت ذلك ضرورة البحث، أن يلتمس كتابة من الرئيس الأول لمحكمة الاستئناف، إصدار أمر بالتقاط المكالمات الهاتفية أو الاتصالات المنجزة بوسائل الاتصال عن بعد وتسجيلها وأخذ نسخ منها أو حجزها وذلك إذا كانت الجريمة موضوع البحث تمس بأمن الدولة أو جريمة إرهابية[36] أو تتعلق بالعصابات الإجرامية، أو بالقتل أو التسميم، أو بالاختطاف وأخذ الرهائن، أو بتزييف أو تزوير النقود أو سندات القرض العام، أو بالمخدرات والمؤثرات العقلية، أو بالأسلحة والذخيرة والمتفجرات، أو بحماية الصحة.

---

35 - انظر الفقرة 3 من الفصل 24 من الدستور الجديد: " لا تنتهك سرية الاتصالات الشخصية، كيفما كان شكلها. ولا يمكن الترخيص بالاطلاع على مضمونها أو نشرها، كلا أو بعضا، أو باستعمالها ضد أي كان، إلا بأمر قضائي، ووفق الشروط والكيفيات التي ينص عليها القانون".

36 - تم تتميم الفقرة الثالثة من المادة 108 أعلاه بمقتضى المادة الرابعة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

غير أنه يجوز للوكيل العام للملك في حالة الاستعجال القصوى بصفة استثنائية، أن يأمر كتابة بالتقاط المكالمات الهاتفية أو الاتصالات المنجزة بوسائل الاتصال عن بعد وتسجيلها وأخذ نسخ منها وحجزها، متى كانت ضرورة البحث تقتضي التعجيل خوفاً من اندثار وسائل الإثبات، إذا كانت الجريمة تمس بأمن الدولة أو جريمة إرهابية[37] أو تتعلق بالمخدرات والمؤثرات العقلية أو بالأسلحة والذخيرة والمتفجرات أو بالاختطاف أو بأخذ الرهائن.

يجب على الوكيل العام للملك أن يشعر فوراً الرئيس الأول بالأمر الصادر عنه.

يصدر الرئيس الأول خلال أجل أربع وعشرين ساعة مقرراً بتأييد أو تعديل أو إلغاء قرار الوكيل العام للملك، وفقاً للشروط والكيفيات المنصوص عليها في هذه المادة وما يليها إلى المادة 114 بعده.

إذا ألغى الرئيس الأول الأمر الصادر عن الوكيل العام للملك، فإن التقاط المكالمات الهاتفية أو الاتصالات المشار إليها أعلاه يتم إيقافه على الفور، وتعتبر الإجراءات المنجزة تنفيذاً للأمر الملغى كأن لم تكن.

ولا يقبل المقرر الصادر عن الرئيس الأول بشأن قرار الوكيل العام للملك أي طعن.

تتم العمليات المأمور بها طبقاً لمقتضيات هذه المادة تحت سلطة ومراقبة قاضي التحقيق أو تحت سلطة ومراقبة الوكيل العام للملك حسب الأحوال.

## المادة 109

يجب أن يتضمن المقرر الذي يتخذ طبقا للمادة السابقة كل العناصر التي تعرف بالمكالمة الهاتفية أو بالمراسلة المراد التقاطها وتسجيلها أو أخذ نسخ منها أو حجزها، والجريمة التي تبرر ذلك والمدة التي تتم فيها العملية.

لا يمكن أن تتجاوز المدة المذكورة في الفقرة الأولى من هذه المادة أربعة أشهر قابلة للتجديد مرة واحدة ضمن نفس الشروط المشار إليها في المادة السابقة.

## المادة 110

يمكن للسلطة القضائية المكلفة بالبحث أو التحقيق أو لضابط الشرطة القضائية الذي تعينه، أن تطلب من كل عون مختص تابع لمصلحة أو لمؤسسة موضوعة تحت سلطة أو وصاية الوزارة المكلفة بالاتصالات والمراسلات، أو من أي عون مكلف باستغلال شبكة أو مزود مسموح له بخدمات الاتصال، وضع جهاز للالتقاط.

## المادة 111

تحرر السلطة القضائية المكلفة بالبحث أو التحقيق أو ضابط الشرطة القضائية المكلف من طرفها، محضرا عن كل عملية من عمليات التقاط الاتصالات والمراسلات المرسلة

---

37 ـ تم تتميم الفقرة الرابعة من المادة 108 أعلاه بمقتضى المادة الرابعة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

بواسطة وسائل الاتصال عن بعد وتسجيلها وأخذ نسخ منها وحجزها، ويبين في هذا المحضر تاريخ بداية العملية وتاريخ نهايتها.

توضع التسجيلات والمراسلات في وعاء أو غلاف مختوم.

## المادة 112

تنقل السلطة القضائية المكلفة بالبحث أو التحقيق أو الضابط المكلف من طرفها كتابة محتويات الاتصال المفيدة لإظهار الحقيقة التي لها علاقة بالجريمة، وتحرر محضرا عن هذا النقل يوضع في ملف القضية. ويمكن الاستعانة بذوي الاختصاص للتعرف على الرموز والألغاز.

تنقل كتابة الاتصالات والمراسلات التي تمت بلغة أجنبية إلى اللغة العربية بمساعدة ترجمان يسخر لهذا الغرض، ويؤدي اليمين كتابة على أن يترجم بأمانة وأن لا يفشي أسرار البحث والمراسلات، إن لم يكن مسجلا بجدول التراجمة المقبولين لدى المحاكم.

## المادة 113

يتم بمبادرة من قاضي التحقيق أو من النيابة العامة المختصة إبادة التسجيلات والمراسلات عند انصرام أجل تقادم الدعوى العمومية أو بعد اكتساب الحكم الصادر في الدعوى قوة الشيء المقضي به. ويحرر محضر عن عملية الإبادة يحفظ بملف القضية.

## المادة 114

يمكن، قصد القيام بعمليات التقاط الاتصالات المأذون بها وتسجيلها وأخذ نسخ منها وحجزها، الحصول على المعلومات والوثائق الضرورية للتعرف على الاتصال الذي سيتم التقاطه من أي مستغل لشبكة عامة أو مصلحة للاتصالات المشار إليها في القانون رقم 24.96 المتعلق بالبريد والمواصلات الصادر بتنفيذه الظهير الشريف رقم 1.97.162 بتاريخ 2 ربيع الثاني 1418 (7 أغسطس1997)[38].

## المادة 115

دون الإخلال بالمقتضيات الجنائية الأشد، يعاقب بالحبس من شهر إلى سنة وبالغرامة من 10.000 درهم إلى 100.000 درهم أو بإحدى هاتين العقوبتين فقط كل من قام بوضع وسائل مهيأة لإنجاز التقاطات أو التقط أو بدد أو استعمل أو نشر مراسلات مرسلة بواسطة وسائل الاتصال عن بعد خلافاً للمقتضيات المشار إليها في المواد السابقة.

---

38 ـ كما تم تغييره وتتميمه، الجريدة الرسمية عدد 4518 بتاريخ 15 جمادى الأولى 1418 (18 سبتمبر 1997)، ص 3721.

دون الإخلال بالعقوبات الجنائية الأشد، تكون العقوبة السجن من خمس إلى عشر سنوات إذا ارتكبت الأفعال المشار إليها في الفقرة الأولى من هذه المادة لغرض إرهابي[39].

## المادة 116

يعاقب بنفس العقوبات كل عون من أعوان السلطة العمومية، أو أجير لدى شبكة عمومية للاتصالات أو لدى مزود بخدمات الاتصالات قام بمناسبة ممارسة مهامه بالكشف عن وجود التقاط أو أمر أو ارتكب أو سهل التقاط أو تبديد مراسلات مرسلة بواسطة وسائل الاتصال عن بعد.

# الباب السادس: الاستماع إلى الشهود

## المادة 117

يوجه قاضي التحقيق بواسطة أحد أعوان القوة العمومية استدعاء لأي شخص يرى فائدة لسماع شهادته قصد الحضور أمامه، وتسلم له نسخة من الاستدعاء.

يمكن استدعاء الشهود أيضا بواسطة الأعوان القضائيين أو برسالة مضمونة أو بالطريقة الإدارية، كما يمكنهم الحضور بمحض إرادتهم.

## المادة 118

يتعين على كل شخص استدعي لسماعه بصفته شاهدا، أن يحضر ويؤدي اليمين القانونية عند الاقتضاء، وأن يدلي بشهادته، وذلك تحت طائلة العقوبات المقررة في القانون.

غير أنه يمكن للشخص الموجهة ضده شكاية مرفقة بالمطالبة بالحق المدني أن يرفض سماعه بصفة شاهد، وعلى قاضي التحقيق أن يشعره بهذا الحق، وأن يطلعه على الشكاية ويضمن هذا الإجراء في المحضر، وفي حالة الرفض لا يمكن سماع الشخص المذكور إلا بصفته متهماً.

## المادة 119

يستمع قاضي التحقيق بمساعدة كاتبه إلى كل شاهد على حدة وبدون حضور المتهم.

يحرر محضر بتصريح كل شاهد.

## المادة 120

إذا كان الشهود يتكلمون لغة أو لهجة أو لسانا يصعب فهمه على المتهمين أو الأطراف أو الشهود الآخرين أو قاضي التحقيق، فإن قاضي التحقيق يستعين إما تلقائيا وإما بناء على

---

39 ـ أضيفت الفقرة الثانية من المادة 115 أعلاه بمقتضى المادة الرابعة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر.

طلب من المتهم أو الأطراف، بكل شخص قادر على الترجمة، شريطة أن يكون بالغا من العمر 18 سنة وغير مدعو لأداء شهادته في القضية.

إذا كان الترجمان غير محلف وجب أن يؤدي أمام قاضي التحقيق يمينا على أن يترجم بأمانة.

إذا أثير أثناء القيام بالترجمة نزاع يتعلق بأمانتها، فلقاضي التحقيق أن يقرر ما إذا كان من الملائم تعيين ترجمان آخر.

## المادة 121

توجه الأسئلة وترد الأجوبة عنها كتابة إذا كان الشاهد أصما أو أبكما، فإذا كان لا يعرف الكتابة يساعده شخص اعتاد التحدث معه، فإن لم يكن من يساعده حاضرا فأي شخص قادر على التفاهم معه، وتسري على هذا الشخص المقتضيات المنصوص عليها في الفقرتين الثانية والثالثة من المادة 120.

يضمن في المحضر اسم الترجمان العائلي والشخصي وسنه ومهنته ومحل سكناه واليمين التي أداها، ويوقع المحضر الترجمان نفسه أو يضع بصمته أو يشار إلى تعذر ذلك.

## المادة 122

يطلب من الشهود، قبل سماع شهادتهم حول الوقائع، أن يبينوا أسماءهم العائلية والشخصية وسنهم وحالتهم العائلية ومهنتهم ومحل سكناهم، وعند الاقتضاء قبيلتهم والفخذة التي ينتمون إليها وما يربطهم بالأطراف من قرابة أو مصاهرة ودرجة هذه العلاقة إن وجدت، وما إذا كانوا يعملون تحت إمرة أحد الأطراف أو هم من فاقدي الأهلية.

ينص في المحضر على هذه الأسئلة والأجوبة عنها.

يجوز أن تتلى على الشهود المقتضيات الجنائية المتعلقة بالمعاقبة على شهادة الزور.

## المادة 123

يؤدي كل شاهد بعد ذلك اليمين حسب الصيغة التالية:

« أقسم بالله العظيم على أن أشهد بدون حقد ولا خوف، وأن أقول الحق كل الحق وأن لا أشهد إلا بالحق».

تسمع شهادة القاصرين الذين لم يبلغوا الثامنة عشرة من عمرهم وكذا الأشخاص المحكوم عليهم بعقوبة جنائية دون يمين.

يعفى أصول المتهم وفروعه وزوجه من أداء اليمين.

لا يعد سببا للبطلان أداء اليمين من شخص معفى منها أو فاقد الأهلية أو محروم من أداء الشهادة.

## المادة 124

يدعى الشاهد بمجرد الانتهاء من أداء شهادته إلى قراءة نصها كما نقلت عنه، فإن تمسك بما صرح به، يطلب منه التوقيع وتذييل كل صفحة على حدة.

إذا كان الشاهد أميا، يتلو عليه كاتب الضبط نص الشهادة ثم يضع الشاهد بصمته على كل صفحة بدلا من تذييل الصفحات والتوقيع عليها.

إذا رفض الشاهد التوقيع أو وضع البصمة أو تعذر عليه ذلك، نص عليه في المحضر.

يوقع القاضي والكاتب على كل صفحة، وكذلك الترجمان إن تمت الاستعانة به.

## المادة 125

يمكن لقاضي التحقيق أن يستجوب الشاهد وأن يجري مواجهة بينه وبين شهود آخرين أو المتهمين بحضور دفاعهم ما لم يتنازلوا عن ذلك صراحة، وأن يقوم بإشراكهم في كل تشخيص للجريمة و في كل العمليات المفيدة لإظهار الحقيقة.

## المادة 126

يجب ألا تتضمن المحاضر أي كتابة بين السطور، ويصادق قاضي التحقيق وكاتب الضبط والشاهد، وعند الاقتضاء الترجمان على ما يقع من تشطيبات وما يلحق بالهامش، وفي حال عدم المصادقة عليها تعتبر كأن لم تكن.

يسري نفس الحكم على المحضر الذي لم يوقع بكيفية صحيحة وعلى الصفحات التي لم تذيل أو لم يقع بصمها من الشاهد، ما لم ينص المحضر على تعذر ذلك وفقاً للمادة 121 أعلاه.

## المادة 127

يحق لكل شاهد حضر لأداء الشهادة أن يحصل بناء على طلبه على تعويض عن الحضور، وعند الاقتضاء، تعويض عن الإقامة. وله أيضا أن يسترد مصاريف السفر.

تؤدى هذه التعويضات والمصاريف فورا بعد أن يحددها قاضي التحقيق وفقا للتعريفة القانونية.

## المادة 128

إذا لم يحضر الشاهد ثم وجه إليه استدعاء ثان، إما برسالة مضمونة مع إشعار بالاستلام أو باستدعاء بلغ بصفة قانونية بواسطة عون للتبليغ أو عون قضائي أو بطريقة إدارية وبقي دون جدوى، جاز لقاضي التحقيق بناء على ملتمسات النيابة العامة، أن يجبره على الحضور بواسطة القوة العمومية وأن يصدر في حقه أمراً بأداء غرامة تتراوح بين 1.200 و 12.000 درهم.

غير أنه إذا حضر الشاهد فيما بعد وقدم اعتذاراً أو مبرراً، فيمكن لقاضي التحقيق بناء على ذلك إعفاؤه من الغرامة كليا أو جزئيا بعد تقديم ملتمس النيابة العامة.

وزارة العدل والحريات

ويمكن بناء على ملتمسات النيابة العامة إصدار نفس العقوبة على الشاهد الذي يمتنع رغم حضوره من أداء اليمين أومن الإدلاء بشهادته، ويمكن إعفاؤه من الغرامة كلياً أو جزئياً إذا عدل عن امتناعه قبل انتهاء التحقيق.

وتصدر العقوبة المنصوص عليها في هذه المادة بموجب أمر قضائي غير قابل لأي طعن.

## المادة 129

تنفذ الشرطة أو الدرك الملكي بناء على تسخير موجه من قاضي التحقيق التدبير المتخذ لإجبار الشاهد المتخلف عن الحضور، ويقدم الشاهد فورا ومباشرة إلى القاضي الذي اتخذ التدبير.

## المادة 130

يعاقب بالحبس من شهر إلى ثلاثة أشهر وبغرامة من 1.200 إلى 10.000 درهم أو بإحدى هاتين العقوبتين فقط كل شخص صرح علانية بأنه يعرف مرتكب جناية أو جنحة ورفض الجواب على الأسئلة الموجهة إليه في هذا الصدد من قاضي التحقيق.

## المادة 131

إذا كان الشاهد يقيم بالدائرة القضائية لقاضي التحقيق وادعى تعذر حضوره أمامه، فإن قاضي التحقيق ينتقل لسماع شهادته أو يصدر لهذه الغاية إنابة قضائية وفقا للشكل المنصوص عليه في المادة 189 بعده.

إذا كان الشاهد يقيم خارج الدائرة القضائية لقاضي التحقيق، فإن القاضي يطلب من نظيره بالمحكمة التي يقيم الشاهد في دائرة نفوذها أن ينتقل إلى محل إقامة الشاهد للقيام بسماع شهادته.

إذا كان الشاهد لا يقيم في المكان الموجود فيه مقر القاضي المنتدب، فيمكن للقاضي أن يكلف أحد ضباط الشرطة القضائية للقيام بسماع الشهادة.

ترسل التصريحات المتلقاة تنفيذا للفقرات السابقة، مباشرة داخل ظرف مختوم، إلى قاضي التحقيق المكلف بالقضية.

## المادة 132

إذا تبين لقاضي التحقيق عدم صحة ما ادعاه الشاهد من تعذر الحضور، أمكن له أن يحكم عليه بغرامة تتراوح بين 2.000 و10.000 درهم.

### المادة 133

تطبق أثناء التحقيق الإعدادي مقتضيات المادتين 326 و327 فيما يتعلق بشهادة الوزير الأول[40] وباقي أعضاء الحكومة وممثلي الدول الأجنبية.

# الباب السابع: استنطاق المتهم ومواجهته مع الغير

### المادة 134

يطلب قاضي التحقيق من المتهم بمجرد مثوله الأول أمامه بيان اسمه العائلي والشخصي ونسبه وتاريخ ومكان ولادته وحالته العائلية ومهنته ومكان إقامته وسوابقه القضائية. وله عند الاقتضاء أن يأمر بكل التحريات للتحقق من هوية المتهم، بما في ذلك عرضه على مصلحة التشخيص القضائي أو إخضاعه للفحص الطبي.

يشعر القاضي المتهم فورا بحقه في اختيار محام، فإن لم يستعمل حقه في الاختيار عين له قاضي التحقيق بناء على طلبه محاميا ليؤازره، وينص على ذلك في المحضر.

يحق للمحامي أن يحضر الاستنطاق المتعلق بالتحقيق في هوية المتهم.

يبين قاضي التحقيق للمتهم الأفعال المنسوبة إليه ويشعره بأنه حر في عدم الإدلاء بأي تصريح، ويشار إلى ذلك في المحضر.

يجب على قاضي التحقيق أن يستجيب لطلب المتهم الذي كان موضوعاً تحت الحراسة النظرية أو لطلب دفاعه الرامي إلى إخضاعه لفحص طبي، ويتعين عليه أن يأمر به تلقائيا إذا لاحظ على المتهم علامات تبرر إجراءه، ويعين لهذه الغاية خبيرا في الطب.

علاوة على ذلك، ينبه القاضي المتهم إلى وجوب إخباره بكل تغيير في عنوانه، ويمكن للمتهم أن يختار محلا للمخابرة معه في دائرة نفوذ المحكمة.

إذا طالبت النيابة العامة في ملتمسها بفتح التحقيق بإصدار أمر بإيداع المتهم في السجن، وارتأى قاضي التحقيق أن لا داعي للاستجابة لهذا الطلب، فإنه يجب عليه إصدار أمر بذلك داخل أربع وعشرين ساعة، يبلغه فوراً إلى النيابة العامة.

### المادة 135

يجوز لقاضي التحقيق بالرغم من مقتضيات المادة السابقة، أن يقوم فوراً بإجراء أي استجواب أو مواجهة إذا دعت لذلك حالة الاستعجال الناتجة إما عن ظروف شاهد يهدده خطر الموت، وإما لأن علامات موجودة أصبحت على وشك الاندثار.

يجب أن ينص في المحضر على أسباب الاستعجال.

---

40 - حلت تسمية "رئيس الحكومة" محل "الوزير الأول" تطبيقا لأحكام الدستور الجديد.

| المملكة المغربية | وزارة العدل والحريات | مديرية التشريع |
|---|---|---|

## المادة 136

يحق للمتهم المعتقل بمجرد مثوله لأول مرة أمام قاضي التحقيق أن يتصل بحرية بمحاميه.

يمكن لقاضي التحقيق أن يأمر بمنع اتصال المتهم بالغير لمدة عشرة أيام قابلة للتجديد مرة واحدة فقط.

لا يسري المنع من الاتصال على محامي المتهم في جميع الأحوال.

## المادة 137

يمكن للطرف المدني الذي نصب نفسه بكيفية صحيحة قانونا أن يستعين بمحام بمجرد البدء في أول استماع لتصريحاته.

## المادة 138

يمكن للمتهم وللطرف المدني أثناء جميع مراحل التحقيق، إخبار قاضي التحقيق باسم المحامي الذي وقع عليه اختيار كل واحد منهما.

## المادة 139

لا يجوز سماع المتهم والطرف المدني أو مواجهتهما إلا بحضور محامي كل منهما أو بعد استدعاء هؤلاء المحامين بصفة قانونية، ما لم يتنازل أحد الطرفين أو كلاهما صراحة عن مؤازرة الدفاع.

يستدعى المحامي قبل كل استنطاق بيومين كاملين على الأقل إما برسالة مضمونة أو بإشعار يسلم إليه مقابل وصل ما لم يكن قد تم إشعاره في جلسة سابقة للتحقيق وأثبت ذلك في المحضر.

يجب أن يوضع ملف القضية رهن إشارة محامي المتهم، قبل كل استنطاق بيوم واحد على الأقل.

يجب أن يوضع الملف رهن إشارة محامي الطرف المدني، قبل كل استماع إليه بيوم واحد على الأقل.

يمكن للنيابة العامة أن تقدم ما تراه ملائما من ملتمسات.

إذا نص محضر الاستنطاق أو المواجهة أو الاستماع على حضور المحامي وعدم دفعه بأي إخلال يتعلق بالاستدعاء أو بالاطلاع على ملف القضية، فإنه لا يجوز للمحامي أو للطرف الذي يمثله أن يثير هذا الدفع فيما بعد.

## المادة 140

لا يمكن لمحامي المتهم ولا لمحامي الطرف المدني أن يتناولا الكلمة إلا لتوجيه أسئلة أثناء استنطاق المتهم أو مواجهته بغيره أو أثناء الاستماع إلى الطرف المدني، بعد أن يأذن

لهما بذلك قاضي التحقيق، فإن رفض الإذن لهما بالكلمة تعين تسجيل الأسئلة في المحضر أو إرفاق نصها به.

## المادة 141

توضع محاضر الاستنطاقات والمواجهات وفقا للكيفيات المنصوص عليها في المادتين 124و126.

# الباب الثامن: أوامر قاضي التحقيق

# الفرع الأول: أحكام عامة

## المادة 142

يمكن لقاضي التحقيق في القضايا الجنائية أو الجنحية أن يصدر حسب الأحوال أمراً بالحضور أو أمراً بالإحضار أو أمراً بالإيداع في السجن أو أمرا بإلقاء القبض.

تتم هذه العمليات تحت إشرافه ومراقبته.

يمكنه لضرورة البحث الأمر بإغلاق الحدود وسحب جواز السفر لضمان عدم فرار المتهم طيلة فترة البحث. كما يحق له تحديد كفالة مالية أو شخصية لضمان حضور المتهم.

وله متى قامت دلائل كافية على جدية الاتهام في جرائم الاعتداءات على الحيازة أن يأمر بإرجاع الحالة إلى ما كانت عليه.

يجوز له في حالة عدم وجود منازعة جدية، أن يأمر برد الأشياء التي ضبطت أثناء التحقيق لمن له الحق فيها ما لم تكن لازمة لسير الدعوى أو خطيرة أو محلا للمصادرة.

يجوز لقاضي التحقيق أن يأمر ببيع الأشياء المحجوزة التي يخشى فسادها أو تلفها أو لتعذر الاحتفاظ بها.

## المادة 143

يجب أن يشار في كل أمر إلى نوع التهمة والنصوص القانونية المطبقة عليها، وأن تبين فيه هوية المتهم ورقم بطاقة تعريفه عند الاقتضاء. ويؤرخ الأمر ويوقعه القاضي الذي أصدره ويختمه بطابعه. وتكون الأوامر القضائية الصادرة عن قاضي التحقيق نافذة المفعول في جميع أنحاء المملكة.

# الفرع الثاني: الأمر بالحضور

## المادة 144

يقصد من الأمر بالحضور إنذار المتهم بالحضور أمام القاضي في التاريخ والساعة المبينين في نص الأمر.

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

يقوم بتبليغ الأمر بالحضور وتسليم نسخة منه إلى المعني بالأمر عون قضائي أو ضابط أو عون للشرطة القضائية أو أحد أعوان القوة العمومية.

## المادة 145

يجب على قاضي التحقيق أن يستنطق فورا المتهم الذي تقدم إليه بناء على أمر بالحضور.

يستعين قاضي التحقيق بمترجم إذا كان المتهم يتحدث لغة أو لهجة لا يفهمها قاضي التحقيق، ويستعين بكل شخص يحسن التخاطب مع المتهم إذا كان هذا الأخير أصما أو أبكما.

يحق لمحامي المتهم حضور الاستنطاق.

# الفرع الثالث: الأمر بالإحضار

## المادة 146

الأمر بالإحضار هو الأمر الذي يعطيه قاضي التحقيق للقوة العمومية لتقديم المتهم أمامه في الحال.

يقوم بتبليغ هذا الأمر وتنفيذه أحد ضباط أو أعوان الشرطة القضائية أو عون من القوة العمومية، ويعرضه على المتهم ويسلم له نسخة منه.

إذا كان الشخص في حالة اعتقال، فإن رئيس المؤسسة السجنية هو الذي يبلغه الأمر ويسلم له نسخة منه.

يمكن في حالة الاستعجال نشر الأمر بالإحضار بكافة الوسائل. ويجب أن تحدد بدقة جميع البيانات الأساسية الواردة في الأصل وخصوصا هوية المتهم ونوع التهمة واسم القاضي الصادر عنه الأمر وصفته، ويوجه أصل الأمر في أسرع وقت إلى العون المكلف بتنفيذه.

## المادة 147

يجب أن يستنطق في الحال المتهم المقدم إلى قاضي التحقيق تنفيذا للأمر بالإحضار الصادر عنه.

يحق لمحامي المتهم حضور هذا الاستنطاق.

إذا تعذر استنطاق المتهم على الفور، ينقل إلى المؤسسة السجنية حيث لا يجوز اعتقاله فيها أكثر من أربع وعشرين ساعة.

إذا انتهت هذه المدة، ولم يتم بعد استنطاق المتهم، فيجب على رئيس المؤسسة السجنية أن يقدمه تلقائيا إلى قاضي النيابة العامة المختصة، الذي يلتمس من قاضي التحقيق، وعند تغيبه، من أي قاض من قضاة الحكم استنطاق المتهم فورا، وإلا فيطلق سراحه.

يستعين قاضي التحقيق بمترجم إذا كان المتهم يتحدث لغة أو لهجة لا يفهمها قاضي التحقيق، ويستعين بكل شخص يحسن التخاطب مع المتهم إذا كان هذا الأخير أصما أو أبكما.

## المادة 148

كل متهم ألقي عليه القبض بناء على أمر بالإحضار واحتفظ به في المؤسسة السجنية أكثر من أربع وعشرين ساعة دون أن يستنطق، يعتبر معتقلا اعتقالا تعسفيا.

كل قاض أو موظف أمر بإبقاء المتهم في السجن، أو سمح بإبقائه فيه عن قصد يتعرض للعقوبات المقررة للزجر عن الاعتقال التعسفي.

## المادة 149

إذا كان المتهم المطلوب إحضاره بموجب أمر صادر عن قاضي التحقيق يوجد خارج دائرة نفوذ هذا القاضي، فإنه يقدم للنيابة العامة لمكان إلقاء القبض.

يسأل قاضي النيابة العامة المتهم عن هويته ويتلقى تصريحاته بعد إشعاره بأنه حر في عدم الإدلاء بها، ثم يأمر بنقله إلى مقر قاضي التحقيق المكلف بالقضية.

غير أنه إذا اعترض المتهم على نقله مستدلا بحجج قوية لنفي التهمة عنه، فإنه ينقل إلى المؤسسة السجنية، ويوجه في الحال وبأسرع الوسائل إشعار بذلك إلى قاضي التحقيق المختص، كما يوجه إليه دون تأخير محضر حضور المتهم متضمنا أوصافه الكاملة وجميع البيانات التي تساعد على معرفة هويته أو على فحص ما تقدم به من حجج.

يجب أن ينص في المحضر على إشعار المتهم بحريته في عدم الإدلاء بأي تصريح.

يقرر قاضي التحقيق ما إذا كان هناك مبرر لإصدار أمر بنقل المتهم.

## المادة 150

إذا تعذر العثور على المتهم الصادر ضده أمر بالإحضار، فإن السلطة المكلفة بالتنفيذ ترجع هذا الأمر إلى قاضي التحقيق مرفوقا بمحضر يثبت عدم العثور عليه.

## المادة 151

إذا رفض المتهم الامتثال للأمر بالإحضار أو حاول الهروب بعد أن صرح باستعداده للامتثال، فإنه يجبر على ذلك بالقوة العمومية.

يستعمل المكلف بالأمر بالإحضار في هذه الحالة القوة العمومية الموجودة بأقرب مكان مجاور، ويتعين على هذه القوة الاستجابة لطلب التسخير المضمن في نص الأمر.

# الفرع الرابع: الأمر بالإيداع في السجن

## المادة 152

الأمر بالإيداع في السجن هو أمر يصدره قاضي التحقيق إلى رئيس المؤسسة السجنية كي يتسلم المتهم ويعتقله اعتقالاً احتياطياً.

يبلغ قاضي التحقيق إلى المتهم الأمر بالإيداع في السجن، ويشير إلى هذا التبليغ في محضر الاستنطاق.

يسمح هذا الأمر أيضا بالبحث عن المتهم أو بنقله إذا كان قد بلغ إليه قبل ذلك.

## المادة 153

لا يمكن لقاضي التحقيق أن يصدر أمرا بإيداع المتهم في السجن إلا بعد استنطاقه، وبشرط أن تكون الأفعال المرتكبة جناية أو جنحة يعاقب عليها بعقوبة سالبة للحرية.

يقوم العون المكلف بتنفيذ الأمر بالإيداع في السجن بتسليم المتهم إلى رئيس المؤسسة السجنية الذي يعطيه إشهاداً بتسليمه.

# الفرع الخامس: الأمر بإلقاء القبض

## المادة 154

الأمر بإلقاء القبض هو الأمر الصادر للقوة العمومية بالبحث عن المتهم ونقله إلى المؤسسة السجنية المبينة في الأمر حيث يتم تسلمه واعتقاله فيها.

يصدر هذا الأمر بعد أخذ رأي النيابة العامة إذا كان المتهم في حالة فرار أو مقيما خارج أراضي المملكة، وكانت الأفعال الجرمية توصف بأنها جناية أو جنحة يعاقب عليها بعقوبة سالبة للحرية.

يبلغ الأمر بإلقاء القبض وينفذ طبقا للكيفيات المنصوص عليها في الفقرتين الثانية والثالثة من المادة 146.

يمكن في حالة الاستعجال نشر الأمر المذكور وفقا لما هو منصوص عليه في الفقرة الأخيرة من نفس المادة.

## المادة 155

ينقل على الفور المتهم المقبوض عليه بمقتضى أمر بإلقاء القبض إلى المؤسسة السجنية المبينة في نص ذلك الأمر، بصرف النظر عن الحالة المنصوص عليها في الفقرة الثانية من المادة 156 بعده.

يدفع رئيس تلك المؤسسة إلى العون المكلف بتنفيذ الأمر إشهاداً بتسلمه المتهم.

## المادة 156

إذا ضبط المتهم داخل دائرة نفوذ قاضي التحقيق الصادر عنه الأمر، تعين على هذا القاضي أن يستنطقه خلال ثمان وأربعين ساعة من الاعتقال، وإذا مضت هذه المدة دون أن يستنطق، تطبق مقتضيات المادتين 147 و148.

إذا ضبط المتهم خارج دائرة نفوذ قاضي التحقيق الصادر عنه الأمر، يقدم حالا إلى وكيل الملك أو الوكيل العام للملك للمكان الذي ضبط فيه كي يتعرف على هويته ويتلقى تصريحاته بعد إشعاره بأن له الحرية في الكلام أو في الإمساك عنه، ويوجه المحضر المحرر بذلك في الحال إلى القاضي المختص.

يخبر وكيل الملك أو الوكيل العام للملك في نفس الوقت قاضي التحقيق المختص، ويلتمس نقل المتهم، وإن تعذر نقله في الحال، فإن وكيل الملك أو الوكيل العام للملك يستشير في ذلك قاضي التحقيق.

إذا ألقي القبض على المتهم بعد أن تخلى قاضي التحقيق عن القضية بإحالتها إلى المحكمة المختصة، تعين في جميع الأحوال على وكيل الملك أو الوكيل العام للملك للدائرة التي ضبط فيها المتهم أن يسأل هذا الأخير عن هويته، وأن يشعره علاوة على ذلك، بأنه يمكنه أن يتلقى منه تصريحاته، وأنه حر في عدم الإدلاء بأي تصريح. وينص على هذا الإشعار في المحضر.

يتعين على وكيل الملك أو الوكيل العام للملك داخل أربع وعشرين ساعة أن يوجه هذا المحضر إلى النيابة العامة لدى المحكمة المختصة.

## المادة 157

لا يجوز للعون المكلف بتنفيذ أمر بإلقاء القبض أن يدخل منزلا لضبط متهم قبل الساعة السادسة صباحا وبعد التاسعة ليلا.

يحق له أن يصطحب قوة كافية للحيلولة دون تملص المتهم من أحكام القانون، وتؤخذ هذه القوة من أقرب محل للمكان الذي يجب فيه تنفيذ الأمر بإلقاء القبض ويجب على هذه القوة أن تمتثل للأوامر بالتسخير التي يتضمنها الأمر بإلقاء القبض.

إذا تعذر ضبط المتهم، فإن الأمر بإلقاء القبض يبلغ بتعليقه في المكان الذي يوجد فيه آخر محل سكناه ويحرر محضر بذلك.

ينجز هذا المحضر حامل الأمر بإلقاء القبض بحضور شخصين يختارهما من بين من يجده من أقرب جيران المتهم ويوقعه الشخصان الحاضران، فإن كانا لا يعرفان التوقيع اكتفي ببصمتيهما، أو إذا رفضا التوقيع أو الإبصام أو تعذر عليهما يضمن ذلك في المحضر، كما يشار إلى استجوابهما عن ذلك.

يقوم حامل الأمر بإلقاء القبض بعرض المحضر على ضابط الشرطة المختص محلياً للتأشير عليه، وفي حال غيابه، يقوم بهذا التأشير ضابط الشرطة الذي يخلفه ويحتفظ بنسخة من المحضر.

يوجه الأمر بإلقاء القبض مع المحضر، حسب الأحوال، إما إلى قاضي التحقيق الصادر عنه الأمر وإما إلى النيابة العامة المختصة.

## المادة 158

تعرض عدم مراعاة الشكليات المأمور بها في هذا الفرع كلا من ممثل النيابة العامة وقاضي التحقيق، وعند الاقتضاء، كاتب الضبط إلى عقوبات تأديبية فيما إذا ترتب عن ذلك مس بالحرية الفردية، بصرف النظر عن المتابعات الجنائية في حالة الاعتقال التعسفي.

# الباب التاسع: الوضع تحت المراقبة القضائية والاعتقال الاحتياطي

## المادة 159

الوضع تحت المراقبة القضائية والاعتقال الاحتياطي تدبيران استثنائيان، يعمل بهما في الجنايات أو في الجنح المعاقب عليها بعقوبة سالبة للحرية.

# الفرع الأول: الوضع تحت المراقبة القضائية

## المادة 160

يمكن أن يوضع المتهم تحت المراقبة القضائية في أية مرحلة من مراحل التحقيق لمدة شهرين قابلة للتجديد خمس مرات، خاصة لأجل ضمان حضوره، ما لم تكن ضرورة التحقيق أو الحفاظ على أمن الأشخاص أو على النظام العام تتطلب اعتقاله احتياطياً.

يصدر قاضي التحقيق بشأن الوضع تحت المراقبة القضائية، أمراً يبلغه في الحال شفهياً للمتهم ويسجل هذا التبليغ في المحضر ويبلغه أيضاً إلى ممثل النيابة العامة داخل أربع وعشرين ساعة. ولهما الحق في استئنافه خلال اليوم الموالي لصدوره، طبقاً للشكليات المتعلقة باستئناف أوامر قاضي التحقيق بشأن الإفراج المؤقت. ويجب على الغرفة الجنحية بمحكمة الاستئناف أن تبت في هذا الاستئناف داخل أجل خمسة أيام من تاريخ الإحالة.

يمكن لقاضي التحقيق تغيير التدبير المتخذ أو إضافة تدبير آخر أو أكثر، تلقائياً أو بناء على طلب النيابة العامة أو المتهم أو محاميه بعد أخذ رأي النيابة العامة، إن لم تكن هي التي تقدمت بالطلب.

يمكن لقاضي التحقيق إلغاء الوضع تحت المراقبة، تلقائياً أو بناء على طلب النيابة العامة أو المتهم أو محاميه.

يمكن إلغاء الوضع تحت المراقبة القضائية أثناء جميع مراحل التحقيق، إذا لم يحترم المتهم الالتزامات المفروضة عليه بمقتضى الأمر الصادر عن قاضي التحقيق. وفي هذه الحالة، يصدر قاضي التحقيق ضده أمرا بالإيداع في السجن أو أمرا بإلقاء القبض، بعد أخذ رأي النيابة العامة.

يحق للمتهم أو دفاعه أن يتسلم نسخة من الأمر بالوضع تحت المراقبة القضائية.

## المادة 161

يتضمن الأمر بوضع المتهم تحت المراقبة القضائية، الخضوع تبعاً لقرار قاضي التحقيق لواحد أو أكثر من التدابير أو الالتزامات التالية:

1) عدم مغادرة الحدود الترابية المحددة من طرف قاضي التحقيق؛

2) عدم التغيب عن المنزل أو السكن المحدد من طرف قاضي التحقيق إلا وفق الشروط والأسباب التي يحددها القاضي المذكور؛

3) عدم التردد على بعض الأمكنة التي يحددها قاضي التحقيق؛

4) إشعار قاضي التحقيق بأي تنقل خارج الحدود المعينة؛

5) التقدم بصفة دورية أمام المصالح والسلطات المعينة من طرف قاضي التحقيق؛

6) الاستجابة للاستدعاءات الموجهة إلى الخاضع للمراقبة من أية سلطة أو أي شخص مؤهل معين من طرف القاضي؛

7) الخضوع لتدابير المراقبة المتعلقة بالنشاط المهني أو حول مثابرته على تعليم معين؛

8) إغلاق الحدود؛

9) تقديم الوثائق المتعلقة بهويته لاسيما جواز السفر إما لكتابة الضبط، أو لمصلحة الشرطة أو الدرك الملكي مقابل وصل؛

10) المنع من سياقة جميع الناقلات أو بعضها، أو تسليم رخصة السياقة لكتابة الضبط مقابل وصل ويمكن لقاضي التحقيق أن يأذن له باستعمال رخصة السياقة لمزاولة نشاطه المهني؛

11) المنع من الاتصال ببعض الأشخاص المحددين على وجه الخصوص من طرف قاضي التحقيق؛

12) الخضوع لتدابير الفحص والعلاج أو لنظام الاستشفاء سيما من أجل إزالة التسمم؛

13) إيداع كفالة مالية يحدد قاضي التحقيق مبلغها وأجل أدائها، مع الأخذ بعين الاعتبار الحالة المادية للمعني بالأمر؛

14) عدم مزاولة بعض الأنشطة ذات طبيعة مهنية أو اجتماعية أو تجارية ماعدا المهام الانتخابية أو النقابية، وذلك في الحالة التي ترتكب فيها الجريمة أثناء ممارسة هذه الأنشطة أو بمناسبتها، أو إذا كان يخشى ارتكاب جريمة جديدة لها علاقة بممارسة النشاط المعني. غير أنه إذا تعلق الأمر بعدم مزاولة مهنة المحاماة، فإن الوكيل العام للملك يحيل الأمر بطلب من قاضي التحقيق على مجلس هيئة المحامين، الذي يبت طبقاً لمقتضيات المواد من 65 إلى 69 من القانون المنظم لمهنة المحاماة**41**. وفي حالة عدم البت داخل أجل شهرين من تاريخ الإحالة يعود لقاضي التحقيق اتخاذ القرار بنفسه.

---

41 - تم نسخ الظهير الشريف رقم 1.93.162 صادر في 22 ربيع الأول 1414 (10 سبتمبر 1993) معتبر بمثابة قانون يتعلق بتنظيم مهنة المحاماة بموجب المادة 103 من القانون رقم 28.08 المتعلق بتعديل القانون

يمكن الطعن في قرار مجلس الهيئة طبقاً لأحكام المادة 90 وما يليها إلى المادة 93 من القانون المذكور **42**.

15) عدم إصدار الشيكات؛

16) عدم حيازة الأسلحة وتسليمها إلى المصالح الأمنية المختصة مقابل وصل؛

17) تقديم ضمانات شخصية أو عينية يحددها قاضي التحقيق تستهدف ضمان حقوق الضحية؛

18) إثبات مساهمة المتهم في التحملات العائلية أو أنه يؤدي بانتظام النفقة المحكوم بها عليه.

## المادة 162

يقوم قاضي التحقيق المكلف بالمسطرة، أو القاضي الذي ينتدبه لهذه الغاية بالمكان الذي يسكن به المتهم، بتعيين شخص مادي أو معنوي مؤهل للمشاركة في تطبيق الوضع تحت المراقبة القضائية أو بتعيين مصلحة للشرطة أو للدرك الملكي أو أية مصلحة قضائية أو إدارية مختصة.

## المادة 163

تتأكد السلطات أو الأشخاص المكلفون بالمشاركة في تطبيق الوضع تحت المراقبة القضائية من أن المتهم امتثل للالتزامات المفروضة عليه، ويمكنهم لهذه الغاية استدعاؤه أو زيارته. ويقومون بكل الإجراءات والأبحاث المفيدة لتنفيذ مهمتهم ويبلغون قاضي التحقيق عن إنجاز مهمتهم وعن سلوك المتهم ضمن الشروط التي حددها. وإذا تملص المتهم من تطبيق التدبير أو التدابير المفروضة عليه أشعروا قاضي التحقيق فوراً.

## المادة 164

تؤدى تعويضات ومصاريف الأشخاص، الذين يجرون أبحاثا حول شخصية المتهم في نطاق الوضع تحت المراقبة القضائية، باعتبارها مصاريف قضائية في الميدان الجنائي.

## المادة 165

يجب ألا يمس تطبيق الوضع تحت المراقبة القضائية بحرية الرأي بالنسبة للأشخاص الخاضعين له، ولا بمعتقداتهم الدينية أو السياسية ولا بحقهم في الدفاع.

---

المنظم لمهنة المحاماة الصادر بتنفيذه ظهير شريف رقم 1.08.101 صادر في 20 من شوال 1429 (20 أكتوبر 2008)، وأصبحت تقابل المواد من 65 إلى 69 من الظهير المنسوخ المواد من 61 إلى 72 من القانون رقم 28.08 المذكور (الجريدة الرسمية عدد 5680 بتاريخ 7 ذو القعدة 1429 (6 نوفمبر 2008)، ص 4044).

42 - المواد من 90 إلى 93 أصبحت تقابلها المواد من 94 إلى 97 من القانون رقم 28.08 المتعلق بتعديل القانون المنظم لمهنة المحاماة سالف الذكر.

## المادة 166

تقوم المصالح أو السلطات، التي يجب على المتهم أن يتقدم إليها طبقا للبند 5 من المادة 161 أعلاه بتسجيل تواريخ حضوره ضمن الشروط المقررة من طرف قاضي التحقيق.

## المادة 167

يمكن للسلطة أو الشخص المؤهل الذي عينه قاضي التحقيق لمراقبة النشاط المهني للمتهم أو مواظبته على التعليم طبقا للبند 7من المادة 161 أعلاه، أن يطلب من المتهم اطلاعه على كل الوثائق أو المعلومات المتعلقة بعمله أو بدراسته.

## المادة 168

يجب أن يشير الوصل الذي يسلم للمتهم مقابل الوثائق المنصوص عليها في البند 9 من المادة161 أعلاه، إلى نوع الوثيقة المسحوبة والبيانات المتعلقة بها و اسم المتهم الشخصي والعائلي وتاريخ ومكان ولادته ورقم بطاقة هويته. ويجب في الحالة المنصوص عليها في هذا البند، أن توضع على الوصل صورة حديثة للمتهم وأن يبين فيه أنه سلم مقابل وثيقة الهوية.

يجب على المتهم أن يرجع الوصل المذكور عندما تعاد إليه الوثيقة المسحوبة منه.

## المادة 169

يمكن للمتهم إذا أخضع للتدبير المنصوص عليه في البند 12 من المادة 161أعلاه، أن يختار الطبيب المختص أو المؤسسة التي تتولى ذلك. وتسلم لقاضي التحقيق جميع الوثائق التي يطلبها من طرف المتهم أو الطبيب أو المؤسسة.

## المادة 170

إذا قرر قاضي التحقيق تطبيق التدابير المنصوص عليها في البند 14 من المادة161 أعلاه، فإنه يشعر بذلك عند الاقتضاء المشغل أو السلطة التسلسلية التي يتبع لها المتهم أو الهيئة المهنية التي ينتمي إليها أو السلطة المختصة لممارسة المهنة أو النشاط المهني.

## المادة 171

يتم إشعار رئيس مصلحة الشرطة أو الدرك الملكي بمكان إقامة المتهم، بأي تدبير من تدابير الوضع تحت المراقبة القضائية يعهد إليه بتنفيذه، ويشعر كذلك بكل تغيير يطرأ على هذه التدابير.

تسلم المصالح المشار إليها في البند 16 من المادة 161 أعلاه للمتهم وصلاً عن الأسلحة المودعة لديها وتشعر بذلك قاضي التحقيق.

### المادة 172

إذا أمر قاضي التحقيق بتطبيق التدبير المنصوص عليه في البند 15 من المادة 161، فإنه يشعر بذلك الفرع أو الوكالة البنكية أو الشخص أو المؤسسة أو المصلحة التي تسير الحساب البنكي للمتهم وبنك المغرب.

### المادة 173

تودع الكفالة المالية المنصوص عليها في البند 13 من المادة 161 بصندوق المحكمة التي يوجد بها قاضي التحقيق مقابل وصل، وتسلم نسخة من الوصل لقاضي التحقيق.

### المادة 174

إذا أمر قاضي التحقيق بمساهمة المتهم في التحملات العائلية أو بأداء نفقة، فإنه يشعر المستفيد منها بذلك.

## الفرع الثاني: الاعتقال الاحتياطي

### المادة 175

يمكن إصدار أمر بالاعتقال الاحتياطي في أي مرحلة من مراحل التحقيق، ولو ضد متهم خاضع للوضع تحت المراقبة القضائية.

يبلغ هذا الأمر فورا وشفهيا للمتهم وللنيابة العامة، وفقا لما هو منصوص عليه في الفقرة الثانية من المادة 160.

يصدر القاضي عندئذ أمرا بالإيداع في السجن يكون سندا للاعتقال، أو أمراً بإلقاء القبض إن كان المتهم في حالة فرار.

يحق للمتهم أو دفاعه تسلم نسخة من الأمر بالاعتقال الاحتياطي بمجرد طلبه.

### المادة 176

لا يجوز في القضايا الجنحية أن يتجاوز الاعتقال الاحتياطي شهراً واحداً.

إذا ظهرت عند انصرام هذا الأجل ضرورة استمرار الاعتقال الاحتياطي، جاز لقاضي التحقيق تمديد فترته بمقتضى أمر قضائي معلل تعليلا خاصاً، يصدره بناء على طلبات النيابة العامة المدعمة أيضا بأسباب.

لا يمكن تمديد فترة الاعتقال الاحتياطي إلا لمرتين ولنفس المدة.

إذا لم يتخذ قاضي التحقيق خلال هذه المدة أمراً طبقاً لمقتضيات المادة 217 الآتية بعده، يطلق سراح المتهم بقوة القانون ويستمر التحقيق.

المملكة المغربية                    وزارة العدل والحريات                    مديرية التشريع

## المادة 177

لا يمكن أن يتعدى أمد الاعتقال الاحتياطي شهرين في الجنايات.

إذا ظهرت عند انصرام هذا الأجل ضرورة استمرار الاعتقال الاحتياطي، جاز لقاضي التحقيق تمديد فترته بمقتضى أمر قضائي معلل تعليلا خاصا يصدره بناء على طلبات النيابة العامة المدعمة أيضا بأسباب.

لا يمكن أن تكون التمديدات إلا في حدود خمس مرات ولنفس المدة.

إذا لم يتخذ قاضي التحقيق أمرا بانتهاء التحقيق أثناء هذه المدة، يطلق سراح المتهم بقوة القانون، ويستمر التحقيق.

## المادة 178

يجوز لقاضي التحقيق في جميع القضايا، بعد استشارة النيابة العامة، أن يأمر بالإفراج المؤقت تلقائياً، إذا كان الإفراج غير مقرر بموجب القانون، بشرط أن يلتزم المتهم بالحضور لجميع إجراءات الدعوى كلما دعي لذلك، وبأن يخبر قاضي التحقيق بجميع تنقلاته أو بالإقامة في مكان معين، كما يمكن ربط الإفراج المؤقت بإدلاء المعني بالأمر بشهادة من مؤسسة عمومية أو خاصة للصحة أو التعليم تؤكد تكفلها بالمتهم أثناء مدة هذا الإفراج.

يمكن كذلك أن يتوقف هذا الإفراج على وجوب الالتزام بتقديم ضمانة مالية أو ضمانة شخصية.

يمكن علاوة على ذلك أن يكون الإفراج المؤقت مرفوقا بالوضع تحت المراقبة القضائية وفقا للشكليات المقررة في المواد 160 إلى 174 أعلاه.

يمكن للنيابة العامة أيضا أن تلتمس في كل وقت وحين الإفراج المؤقت، وعلى قاضي التحقيق أن يبت في ذلك خلال أجل خمسة أيام من تاريخ تقديم هذه الملتمسات.

## المادة 179

يمكن في كل وقت أن يقدم طلب الإفراج المؤقت إلى قاضي التحقيق من طرف المتهم أو محاميه، مع مراعاة الالتزامات المنصوص عليها في المادة السابقة.

يجب على قاضي التحقيق خلال أربع وعشرين ساعة من وقت وضع طلب الإفراج المؤقت، أن يوجه الملف إلى النيابة العامة لتقديم ملتمساتها، وأن يشعر بذلك الطرف المدني خلال نفس الأجل برسالة مضمونة ليمكنه الإدلاء بملاحظاته.

يجب عليه في جميع الحالات، أن يبت في طلب الإفراج المؤقت بأمر قضائي معلل يصدره خلال خمسة أيام من يوم وضع الطلب.

يمكن للمتهم إذا لم يبت قاضي التحقيق في طلب الإفراج المؤقت خلال أجل خمسة أيام المحددة في الفقرة السابقة، أن يرفع طلبه مباشرة إلى الغرفة الجنحية بمحكمة الاستئناف التي تبت فيه داخل أجل أقصاه خمسة عشر يوما، وذلك بعد أن تقدم لها النيابة العامة ملتمسات

كتابية معللة وإلا فيقع مباشرة الإفراج المؤقت عن المتهم، ما لم يكن هناك إجراء إضافي للتحقيق.

يودع الطلب لدى النيابة العامة التي تجهز الملف وتحيله على الغرفة الجنحية في أجل 48 ساعة.

يحق أيضا للنيابة العامة طبق نفس الشروط والآجال، أن ترفع طلباً بالإفراج المؤقت إلى الغرفة المذكورة.

إذا كان في الدعوى طرف مدني، فلا يمكن لقاضي التحقيق إصدار أمره إلا بعد ثمان وأربعين ساعة من تاريخ إشعاره بتقديم طلب الإفراج المؤقت.

### المادة 180

يمكن في كل وقت، أن يقدم طلب الإفراج المؤقت و يمكن أن يطلبه في أية مرحلة من مراحل المسطرة وطبق الشروط المنصوص عليها في الفقرات التالية كل من المتهم أو محاميه أو ممثل النيابة العامة.

تختص هيئة الحكم بالبت في طلب الإفراج المؤقت عند إحالة القضية إليها، فإذا كانت هذه الهيئة هي غرفة الجنايات أو غرفة الجنح الاستئنافية، فإن القرار الصادر عن إحدى الغرفتين يكون غير قابل لأي طعن.

في حالة تقديم طلب نقض لم يقع البت فيه بعد، تبت في ملتمس الإفراج المؤقت آخر محكمة نظرت في موضوع القضية، ويكون قرارها غير قابل لأي طعن.

تطبق نفس الإجراءات إذا تعلق الأمر بصدور قرار بعدم الاختصاص، وكان ملف القضية لم يحل بعد على المحكمة التي تقرر إحالة ملف القضية عليها.

تبت الهيئات المشار إليها في هذه المادة داخل أجل ثمانية أيام من تقديم الطلب.

إذا تعين على هيئة الحكم أن تبت في إحدى الحالات المنصوص عليها في هذه المادة، يستدعى الأطراف ومحاموهم بواسطة رسالة مضمونة مع الإشعار بالإستلام، ويصدر المقرر بعد الاستماع إلى النيابة العامة والأطراف أو محاميهم إذا حضروا.

وعلاوة على ذلك، يمكن للمحكمة أن تمنح السراح المؤقت مقابل واحد أو أكثر من التدابير المنصوص عليها في المادة 161.

### المادة 181

تقبل مقررات الإفراج المؤقت الصادرة عن المحكمة الابتدائية الطعن بالاستئناف لغاية نهاية اليوم الموالي لصدورها، ويرفع الاستئناف إلى غرفة الجنح الاستئنافية.

يستمر اعتقال المتهم احتياطياً خلال أجل الاستئناف المخول للنيابة العامة، سواء استعملت هذا الحق أو لم تستعمله في قضايا الجنح التي لها مساس بمقدسات البلاد أو بالاتجار غير المشروع في المخدرات. غير أنه يمكن أن يفرج عن المتهم حالا إذا وافق وكيل الملك على ذلك.

إذا قدمت النيابة العامة استئنافها في القضايا المذكورة، يبقى المتهم في حالة الاعتقال الاحتياطي إلى أن يبت في هذا الاستئناف.

إذا استأنف المتهم أو وكيل الملك تعين تهييئ ملف القضية وتوجيهه إلى الوكيل العام للملك داخل أجل الأربع وعشرين ساعة الموالية لإيداع طلب الاستئناف.

يتعين على غرفة الجنح الاستئنافية أن تبت خلال عشرة أيام من يوم طلب الاستئناف.

لا يكون للاستئناف ولا للمسطرة الموالية له أثر موقف على سير الدعوى، وتتابع المحكمة مناقشتها في الجوهر.

تبت المحكمة بدون حاجة لحضور المتهم في الحالات المشار إليها في هذه المادة.

## المادة 182

إذا ظل المتهم في حالة سراح أو إذا أفرج عنه إفراجاً مؤقتاً أو غير مقرون بالوضع تحت المراقبة القضائية، فإن هيئة التحقيق أو الحكم التي اتخذت القرار تبقى وحدها مختصة في تقرير إغلاق الحدود في حقه وسحب جواز السفر، كما يجوز لهيئة التحقيق وهيئة الحكم إذا رأت ذلك ضرورياً أن تعين له محل إقامة يحظر عليه الابتعاد عنه دون رخصة قبل اتخاذ أمر بعدم المتابعة أو صدور قرار اكتسب قوة الشيء المقضي به.

يقرر لزوما حجز جواز السفر وإغلاق الحدود في حالة تعيين محل للإقامة الإجبارية، إذا تعلق الأمر بأجنبي.

يمكن للسلطة التي أمرت بالتدابير السالفة الذكر ــ أيا كانت ــ أن تعدلها أو أن تراجعها في كل وقت تلقائياً أو بطلب من النيابة العامة أو من الطرف الذي يعنيه الأمر.

يكون القرار الصادر في شأن التدابير المنصوص عليها في الفقرات السابقة من هذه المادة غير قابل للطعن بالنقض.

تبلغ هذه القرارات إلى المصالح الأمنية المعنية التي يرجع لها الاختصاص قصد تنفيذها.

يعاقب كل من تملص من إحدى الالتزامات المبينة أعلاه بحبس تتراوح مدته ما بين ثلاثة أشهر وسنتين وبغرامة يتراوح مبلغها ما بين 1.200 و12.000 درهم.

## المادة 183

إذا منع المتهم بالإفراج المؤقت سواء كان ذلك بكفالة أو بدون كفالة، وجب عليه قبل الإفراج عنه أن يقوم بتقديم تصريح إلى كتابة ضبط المؤسسة السجنية، يعين فيه محل المخابرة معه، إما في المكان الذي يواصل فيه التحقيق و إما في المكان الذي يوجد به مقر المحكمة المحالة إليها القضية.

يخبر رئيس المؤسسة السجنية السلطة المختصة بتقديم هذا التصريح وبمضمونه.

إذا استدعي المتهم للحضور بعد تمتيعه بالإفراج المؤقت ولم يحضر، أو إذا طرأت ظروف جديدة وخطيرة تجعل اعتقاله ضرورياً، يمكن لقاضي التحقيق أو لهيئة الحكم

المعروضة عليها القضية، أن تصدر أمرا قضائيا في شأنه قبل الحكم أو بمقتضى الحكم الصادر في الجوهر.

إذا منحت الغرفة الجنحية بمحكمة الاستئناف الإفراج المؤقت بناء على استئناف أمر صادر عن قاضي التحقيق، فلا يمكن لقاضي التحقيق إصدار أمر جديد بالاعتقال إلا إذا سحبت هذه الغرفة تمتيع المتهم بمقررها بناء على ملتمسات كتابية للنيابة العامة.

## المادة 184

إذا كان الإفراج المؤقت متوقفاً على وجوب تقديم كفالة، فإن هذه الكفالة تضمن ما يلي:

أولاً: حضور المتهم في جميع إجراءات التحقيق وتنفيذ الحكم.

ثانيا: أداء ما سيذكر حسب الترتيب الآتي:

أ) المصاريف المسبقة التي أداها الطرف المدني؛

ب) المبالغ الواجب إرجاعها ومبالغ التعويض عن الضرر أو أداء نفقة إذا كان المتهم متابعاً من أجل ذلك؛

ج) المصاريف التي أنفقها مقيم الدعوى العمومية؛

د) الغرامات.

يحدد مقرر الإفراج المؤقت القدر المخصص لكل جزء من جزئي الكفالة. ويمكن أن ينص على تخصيصها كلها لأداء حقوق الضحايا.

## المادة 185

يدفع مبلغ الكفالة نقداً أو بشيك أو بشيك معتمد من طرف البنك أو بواسطة شيك صادر عن محامي المتهم، أو سندات صادرة عن الدولة أو مضمونة من طرفها، ويدفع المبلغ إلى صندوق كتابة ضبط المحكمة أو إلى القابض، ويختص هذا القابض وحده بتسلم الكفالة إذا كانت في شكل سندات.

تأمر النيابة العامة حالاً بمجرد إطلاعها على وصل الدفع بتنفيذ مقرر الإفراج المؤقت.

## المادة 186

إذا حضر المتهم لجميع إجراءات المسطرة وقام بتنفيذ الحكم، يرد له الجزء الأول من مبلغ الكفالة المقدم لضمان حضوره لتلك الإجراءات ولتنفيذ ذلك الحكم.

يصبح هذا الجزء ملكاً للدولة، من اليوم الذي يتخلف فيه المعني بالأمر عن أي إجراء من إجراءات المسطرة أو عن تنفيذ الحكم دون أن يعتذر بسبب مشروع.

غير انه يمكن لقاضي التحقيق في حالة إصدار أمر بعدم المتابعة، أن يأمر برد ذلك الجزء، كما يمكن لهيئة الحكم أن تأمر برده في حالة إعفاء المتهم أو الحكم ببراءته.

### المادة 187

يرد دائماً الجزء الثاني من الكفالة المدفوع لضمان أداء الصوائر والغرامة والمبالغ الواجب ردها، ومبالغ التعويض عن الضرر إذا صدر مقرر بعدم المتابعة أو بالبراءة أو بالإعفاء.

إذا صدر مقرر بالإدانة، فيخصص ذلك الجزء لتسديد المصاريف وتأدية الغرامة ورد المبالغ الواجب ردها وأداء النفقة المحكوم بها وأداء تعويض عن الضرر حسب الترتيب المبين في المادة 184 ويرد الباقي.

### المادة 188

يتعين على النيابة العامة أن تقدم إلى القابض تلقائياً، أو بطلب من الطرف المدني، إما شهادة من كتابة الضبط تثبت المسؤولية التي يتحملها المتهم في الحالة المقررة في الفقرة الثانية من المادة 186، وإما موجزاً للقرار أو الحكم في الحالة المنصوص عليها في الفقرة الثانية من المادة 187.

يتعين على صندوق الإيداع والتدبير أن يقوم في الحال بتوزيع المبالغ المودعة على مستحقيها.

تبت المحكمة في غرفة المشورة بناء على طلب على كل نزاع بشأن هذه النقط باعتباره صعوبة في التنفيذ.

## الباب العاشر: الإنابة القضائية

### المادة 189

يمكن لقاضي التحقيق أن يطلب بواسطة إنابة قضائية من أي قاض آخر للتحقيق، أو أي قاض أو أي ضابط من ضباط الشرطة القضائية الموجودة في نفس دائرة محكمته، القيام بإجراء ما يراه لازما من أعمال التحقيق في الأماكن الخاضعة لنفوذ كل واحد منهم.

يمكنه أن يعهد بتنفيذ الإنابة القضائية خارج دائرة نفوذ محكمته لأي قاض آخر من قضاة التحقيق أو قضاة الحكم، وعلى القاضي المنتدب إشعار النيابة العامة التي تنفذ الإنابة في دائرة نفوذها.

يشار في الإنابة القضائية إلى نوع الجريمة موضوع المتابعة، ويؤرخها القاضي الصادرة عنه، ثم يوقعها ويضع طابعه عليها.

لا يمكن أن يؤمر في الإنابة القضائية سوى بإجراءات التحقيق المتعلقة مباشرة بالجريمة المشار إليها في المتابعة.

يحدد قاضي التحقيق الأجل الذي يجب أن يوجه إليه خلاله ضابط الشرطة القضائية المحاضر التي يحررها، فإن لم يحدد ذلك الأجل توجه إليه المحاضر في ظرف الثمانية أيام الموالية ليوم نهاية العمليات المنجزة بموجب الإنابة القضائية.

### المادة 190

يمارس القضاة أو ضباط الشرطة القضائية المنتدبون لتنفيذ الإنابة القضائية، ضمن حدود هذه الإنابة، جميع السلطات المخولة لقاضي التحقيق.

غير أنه لا يمكن لضباط الشرطة القضائية استجواب المتهم ومواجهته مع غيره، كما لا يمكنهم الاستماع إلى الطرف المدني إلا بطلب منه.

### المادة 191

يتعين على كل شاهد استدعي لأداء شهادته أثناء تنفيذ إنابة قضائية الحضور وأداء اليمين والإدلاء بشهادته.

إذا لم يستجب الشاهد لهذا الالتزام، تعين إشعار القاضي الصادرة عنه الإنابة، الذي له أن يجبره على الحضور بواسطة القوة العمومية، وأن يتخذ ضده العقوبات المنصوص عليها في الفقرة الأولى من المادة 128.

### المادة 192

إذا اقتضت ضرورة تنفيذ الإنابة أن يبقي ضابط الشرطة القضائية شخصا رهن إشارته، تطبق مقتضيات المواد 66 و67 و68 و69 و80 المتعلقة بالوضع تحت الحراسة النظرية ويشعر قاضي التحقيق.

### المادة 193

إذا تضمنت الإنابة القضائية الأمر بالقيام في آن واحد بإجراءات في أماكن مختلفة من تراب المملكة، فيمكن بناء على أمر من قاضي التحقيق أن توجه نظائر مستخرجة منها أو نسخ مطابقة للأصل إلى السلطات المكلفة بتنفيذ الإنابة.

يمكن أيضا في حالة الاستعجال توجيه الإنابة القضائية بجميع الوسائل، غير أنه يجب أن توضح عند كل توجيه، البيانات الأساسية المضمنة في الأصل خصوصا نوع التهمة واسم القاضي الصادرة عنه الإنابة وصفته.

## الباب الحادي عشر: إجراء الخبرة

### المادة 194

يمكن لكل هيئة من هيئات التحقيق أو الحكم كلما عرضت مسألة تقنية، أن تأمر بإجراء خبرة إما تلقائيا وإما بطلب من النيابة العامة أو من الأطراف.

يقوم الخبير أو الخبراء بمهمتهم تحت مراقبة قاضي التحقيق أو المحكمة المعروضة عليها القضية أو القاضي الذي تعينه المحكمة عند الاقتضاء.

إذا ارتأى قاضي التحقيق أنه لا موجب للاستجابة للطلب الخاص بإجراء الخبرة، فعليه أن يصدر في ذلك أمراً معللاً قابلاً للاستئناف، طبق الكيفيات وضمن الآجال المنصوص عليها في المادتين 222 و223.

## المادة 195

يعين لإنجاز الخبرة خبير مسجل بجدول الخبراء القضائيين ما عدا إذا تعذر ذلك. وفي هذه الحالة، يؤدي الخبير اليمين المنصوص عليها في المادة 345 بعده أمام قاضي التحقيق.

يجب أن توضح دائما في المقرر الصادر بإجراء الخبرة مهمة الخبراء التي لا يمكن أن تنصب إلا على دراسة مسائل تقنية.

## المادة 196

إذا صدر القرار بإجراء الخبرة من قاضي التحقيق، يجب تبليغه إلى النيابة العامة والأطراف، ويشار في التبليغ إلى اسم الخبير وصفته، ويضمن فيه نص المهمة التي كلف بها.

لا يقبل القرار الصادر بإجراء الخبرة الطعن بالاستئناف.

غير أنه يمكن للنيابة العامة وللأطراف أن يبدوا ملاحظاتهم خلال الثلاثة أيام الموالية لتاريخ التبليغ، ويمكن أن تتعلق هذه الملاحظات إما باختيار الخبير وإما بالمهمة المنوطة به.

## المادة 197

إذا صدر القرار عن قاضي التحقيق، وكان من المتعين إجراء الخبرة على أشياء من بينها علامات أو مواد أو منتوجات قابلة للتغير أو الاندثار، فبإمكان النيابة العامة أو الأطراف أو محاميهم أن يختاروا خلال أجل ثلاثة أيام خبراء مساعدين لمؤازرة الخبير المعين، وفي هذه الحالة، يجب على قاضي التحقيق تعيين هؤلاء الخبراء.

إذا تعدد المتهمون، تعين عليهم أن يتفقوا على اختيار الخبير المساعد، ويمكن بصفة استثنائية في حالة تعارض مصالحهم فقط، أن يقع الاختيار على خبيرين على الأكثر.

غير أنه يمكن لقاضي التحقيق، أن يصدر عند الضرورة قراراً معللاً يأمر فيه الخبير المعين بأن يشرع فورا في إنجاز المعاينات أو العمليات التي لها طابع الاستعجال.

يحرر الخبير أو الخبراء تقريراً بالمهام التي كلفوا بإنجازها.

## المادة 198

تسري على الخبير المساعد مقتضيات الفقرة الأولى من المادة 195 أعلاه.

يجب أن يستدعي الخبير المعين الخبير المساعد عند إجراء جميع عمليات الخبرة، ليتابع سيرها وليقدم كل الاقتراحات التي يراها مفيدة للقيام بالمهمة على أكمل وجه.

يجب على الخبير المعين عند عدم مراعاته لهذه الاقتراحات، أن يشير إلى ذلك في تقريره وأن يبين أسباب رفضه.

## المادة 199

يجب أن يحدد، في كل قرار يصدر بتعيين خبير، أجل يتعين على الخبير إنجاز مهمته خلاله.

يجوز بناء على طلب من الخبير المعين تمديد هذا الأجل بموجب قرار معلل يصدره القاضي أو المحكمة التي عينته، إذا اقتضت ذلك أسباب خاصة.

إذا لم يضع الخبير المعين تقريره ضمن الأجل المحدد له، يمكن أن يستبدل فورا بآخر، ويتعين عليه إذ ذاك أن يحيط القاضي علما بما قام به من عمليات.

يجب عليه أيضا أن يرد خلال الثماني والأربعين ساعة الأشياء والمستندات والوثائق التي قد يكون عهد بها إليه قصد إنجاز مهمته، وعلاوة على ذلك يمكن أن تتخذ ضده تدابير تأديبية.

## المادة 200

يجب على الخبير القيام بمهمته باتصال مع قاضي التحقيق أو المحكمة أو القاضي المعهود إليه بذلك، كما يجب عليه أن يخبرهم بتطور عملياته في أي وقت وحين، لتمكينهم من اتخاذ كل الإجراءات المفيدة.

يمكن دائما لقاضي التحقيق أثناء سير عملياته أن يستعين بخبراء إن رأى ذلك مفيدا.

## المادة 201

إذا طلب الخبراء أن توضح لهم مسألة لا تدخل في اختصاصهم، فيمكن لقاضي التحقيق أن يأذن لهم في الاستعانة بتقنيين تتم تسميتهم من بين التقنيين المؤهلين خاصة لذلك.

يؤدي التقنيون المعينون على الوجه المذكور اليمين أمام قاضي التحقيق أو هيئة الحكم التي أمرت بإجراء خبرة، وفق الصيغة المنصوص عليها في المادة 345 بعده ما لم يكونوا مسجلين في جدول الخبراء القضائيين.

يضاف تقريرهم بكامله إلى التقرير المذكور في المادة 205.

## المادة 202

يجب على قاضي التحقيق أو على القاضي الذي تعينه المحكمة، أن يعرض على المتهم طبقا للفقرة الرابعة من المادة 104 الأشياء المختوم عليها التي لم تفتح أختامها أو لم يقع إحصاؤها وذلك قبل إرسالها إلى الخبراء، وعليه أن يحصي الأشياء المختوم عليها في المحضر المحرر قصد إثبات تسليمها إلى الخبراء، ويجب على الخبراء أن يذكروا في تقريرهم ما فتحوه أو ما أعادوا فتحه من الأختام مع إحصاء الأشياء التي فتحت أختامها.

## المادة 203

يمكن للخبراء أن يتلقوا على سبيل الإخبار وللقيام بمهامهم فقط تصريحات أشخاص آخرين غير المتهم، ويمضي المصرحون على تصريحاتهم.

إذا رأوا أن هناك ما يستلزم استنطاق المتهم، فإن هذا الاستنطاق يقوم به بحضورهم قاضي التحقيق أو القاضي الذي تعينه المحكمة، ويجري طبق الكيفيات وضمن الشروط المنصوص عليها في المواد 139 و140 و141 أعلاه.

غير أنه يمكن للخبراء الأطباء المكلفين بفحص المتهم أن يلقوا عليه في غيبة القاضي والمحامين الأسئلة الضرورية لإنجاز مهمتهم.

## المادة 204

يمكن للأطراف أن يطلبوا، أثناء إنجاز أعمال الخبرة، من قاضي التحقيق أو من المحكمة التي أمرت بها أن تأمر الخبراء بإجراء بعض الأبحاث، أو بالاستماع إلى كل شخص معين قد يكون بإمكانه تزويدهم بمعلومات تقنية.

## المادة 205

يحرر الخبير المعين عند انتهاء عمليات الخبرة تقريراً يجب أن يتضمن وصف تلك العمليات ونتائجها، ويجب عليه أن يشهد بكونه أنجز شخصيا العمليات التي عهد إليه بها أو بكونه قام بمراقبتها ثم يوقع على تقريره.

إذا كانت لدى الخبير المساعد تحفظات يريد أن يقدمها، فيضمنها في مذكرة ويجب على الخبير المعين إضافتها إلى تقريره مع ملاحظاته الخاصة بشأنها.

## المادة 206

إذا تعدد الخبراء المعينون وحدث أن اختلفت آراؤهم أو كانت لهم تحفظات في شأن النتائج المشتركة، يبين كل واحد منهم رأيه في التقرير المشترك مع إبداء تحفظاته المعللة.

## المادة 207

يودع التقرير والأشياء المختوم عليها أو ما تبقى منها لدى كتابة الضبط للمحكمة التي أمرت بإجراء الخبرة، ويثبت هذا الإيداع بواسطة إشهاد من كتابة الضبط.

## المادة 208

يستدعي قاضي التحقيق أو القاضي المكلف من طرف المحكمة الأطراف ليطلعهم على استنتاجات الخبير، وليتلقى تصريحاتهم ويحدد لهم الأجل الذي يمكن لهم خلاله إبداء ملاحظاتهم أو تقديم طلباتهم، خاصة بقصد إجراء خبرة تكميلية أو خبرة مضادة. ويحق للأطراف الحصول على نسخة من تقرير الخبير.

لا يمكن رفض تلك الطلبات إلا بقرار معلل. وإذا تعلق الأمر بأمر صادر عن قاضي التحقيق، فيكون هذا الأمر قابلاً للاستئناف طبق الكيفيات وضمن الآجال المنصوص عليها في المواد 222 إلى غاية 224.

## المادة 209

يجوز في الجلسة الاستماع إلى الخبراء بصفة شهود طبق الشروط المنصوص عليها في المواد 335 و345 و346.

# الباب الثاني عشر: بطلان إجراءات التحقيق

## المادة 210

يجب مراعاة مقتضيات المادتين 134 و135 من هذا القانون المنظمتين للحضور الأول للاستنطاق والمادة 139 المتعلقة بحضور المحامي أثناء الاستنطاقات والمواجهات، والمواد 59 و60 و62 و101 المنظمة للتفتيشات، وذلك تحت طائلة بطلان الإجراء المعيب والإجراءات الموالية له، مع مراعاة تقدير مدى هذا البطلان وفقا لما هو منصوص عليه في الفقرة الثالثة من المادة 211.

## المادة 211

إذا ظهر لقاضي التحقيق أن إجراءً من إجراءات التحقيق معرض للبطلان، فعليه أن يحيله إلى الغرفة الجنحية للبت فيه بعد استشارة النيابة العامة وإخبار المتهم والطرف المدني.

إذا ظهر للنيابة العامة أو للمتهم أو للطرف المدني أن إجراءً مشوبا بالبطلان قد اتخذ، فلهم أن يطلبوا من قاضي التحقيق أن يوجه ملف الدعوى إلى النيابة العامة لإحالته إلى الغرفة الجنحية بمحكمة الاستئناف رفقة الطلب الذي يبينون فيه أسباب البطلان خلال خمسة أيام.

تقرر هذه الغرفة ما إذا كان يجب أن يقتصر البطلان على الإجراء المقصود أو يمتد كلا أو بعضا للإجراءات اللاحقة.

## المادة 212

يترتب كذلك البطلان عن خرق المقتضيات الجوهرية للمسطرة إذا كانت نتيجتها المساس بحقوق الدفاع لكل طرف من الأطراف.

يمكن لكل متهم أو طرف مدني أن يتنازل عن ادعاء البطلان المقرر لفائدته، ويجب أن يكون هذا التنازل صريحا. ولا يقبل تنازل المتهم إلا بحضور محاميه أو بعد استدعائه قانونياً.

يعرض التنازل على الغرفة الجنحية وفقاً للمادة السابقة.

### المادة 213

تسحب من ملف التحقيق وثائق الإجراءات التي أبطلت وتحفظ في كتابة الضبط بمحكمة الاستئناف، ويمنع الرجوع إليها لاستخلاص أدلة ضد الأطراف في الدعوى، تحت طائلة متابعات تأديبية في حق القضاة والمحامين.

## الباب الثالث عشر: الأوامر القضائية بشأن انتهاء التحقيق

### المادة 214

يوجه قاضي التحقيق الملف إلى النيابة العامة بعد ترقيم أوراقه من طرف كاتب الضبط بمجرد ما يعتبر أن البحث قد انتهى، وعلى النيابة العامة أن توجه إلى قاضي التحقيق ملتمساتها خلال ثمانية أيام على الأكثر من توصلها بالملف.

### المادة 215

إذا ارتأى قاضي التحقيق أن الأفعال ليست من اختصاصه، يصدر أمرا بعدم الاختصاص.

يحتفظ كل أمر يكون قد أصدره قاضي التحقيق ضد المتهم بقوته التنفيذية.

يحيل قاضي التحقيق داخل أجل ثمانية أيام ابتداء من صدور هذا الأمر ملف القضية إلى النيابة العامة.

تحتفظ إجراءات المتابعة والتحقيق المنجزة بأثرها القانوني.

### المادة 216

يصدر قاضي التحقيق أمراً بعدم المتابعة إذا تبين له أن الأفعال لا تخضع للقانون الجنائي أو لم تعد خاضعة له، أو أنه ليست هناك أدلة كافية ضد المتهم، أو أن الفاعل ظل مجهولاً.

يبت في نفس الوقت في شأن رد الأشياء المحجوزة.

يصفي صوائر الدعوى، وإذا كان فيها طرف مدني يحكم عليه بالمصاريف كلاً أو بعضاً، غير أنه يمكن إعفاء الطرف المدني إذا كان حسن النية من أداء هذه المصاريف، بموجب مقرر خاص معلل، مالم يكن هو الذي أقام الدعوى العمومية.

يفرج حالاً عن المتهمين المعتقلين مالم يكونوا معتقلين لسبب آخر رغم استئناف النيابة العامة.

ينتهي مفعول الأمر بالوضع تحت المراقبة القضائية.

يمكن لقاضي التحقيق أن يأمر بنشر القرار بعدم المتابعة كلياً أو جزئياً بناء على طلب الشخص المعني أو بطلب من النيابة العامة بصحيفة أو عدة صحف.

المملكة المغربية               وزارة العدل والحريات               مديرية التشريع

ويحدد القاضي البيانات القابلة للنشر، ويقبل هذا القرار الطعن أمام الغرفة الجنحية وفقاً للشروط المشار إليها في المادتين 222 و223 الآتية بعده.

## المادة 217

إذا تبين لقاضي التحقيق لدى المحكمة الابتدائية أن الأفعال تكون مخالفة، أحال الملف على النيابة العامة وأمر بوضع حد للوضع تحت المراقبة القضائية وبالإفراج عن المتهم المعتقل ما لم يكن معتقلا لسبب آخر.

إذا تعلق الأمر بجنحة، أصدر قاضي التحقيق أمراً بإحالة المتهم على المحكمة المختصة.

يبت قاضي التحقيق في شأن الاعتقال الاحتياطي والأمر بالوضع تحت المراقبة القضائية.

يحيل قاضي التحقيق ملف القضية على وكيل الملك من أجل الاستدعاء طبقاً لما هو منصوص عليه في المادتين 308 و309 بعده. ويخفض الأجل المقرر في الفقرة الأولى من المادة 309 بعده إلى خمسة أيام إذا كان المتهم معتقلاً.

إذا تعلق الأمر بجناية، صرح قاضي التحقيق بعدم اختصاصه وأحال الملف على النيابة العامة. تطبق عندئذ أحكام المادة 215 أعلاه.

## المادة 218

إذا تبين لقاضي التحقيق لدى محكمة الاستئناف أن الأفعال تكون جناية، أصدر أمرا بإحالة المتهم على غرفة الجنايات.

يجب أن يتضمن هذا الأمر هوية المتهم وبيان الأفعال الجرمية وجميع الظروف التي من شأنها أن تشدد أو تخفف العقوبة، وينص كذلك على الوصف القانوني للجريمة مع الإشارة إلى النصوص المطبقة.

لا يمكن الطعن في الأمر المذكور إلا بالنقض وفق الشروط المنصوص عليها في المادتين 523 و 524.

يحيل قاضي التحقيق ملف القضية على الوكيل العام للملك من أجل الاستدعاء طبق الشروط المنصوص عليها في المادتين 419 و420 من هذا القانون.

يبقى الأمر الصادر بإلقاء القبض على المتهم أو بإيداعه في السجن قابلا للتنفيذ إلى أن يصبح مقرر هيئة الحكم مكتسباً لقوة الشيء المقضي به.

يبت قاضي التحقيق بشأن الوضع تحت المراقبة القضائية.

إذا تعلق الأمر بجنحة أو مخالفة، أصدر قاضي التحقيق أمراً بالإحالة على المحكمة المختصة وبت في شأن الاعتقال الاحتياطي والوضع تحت المراقبة القضائية.

## المادة 219

يجوز خلال إجراء التحقيق إصدار أوامر بعدم المتابعة جزئيا.

## المادة 220

توجه إلى محامي المتهم ومحامي الطرف المدني خلال الأربع والعشرين ساعة الموالية لصدور كل أمر قضائي رسالة مضمونة لإشعارهما بالأمر الصادر عن قاضي التحقيق.

يشعر المتهم والطرف المدني طبقا لنفس الكيفيات وضمن نفس الآجال بالأوامر القضائية بانتهاء التحقيق، وبالأوامر التي يمكن استئنافها.

إذا كان المتهم معتقلا يخبره بذلك رئيس المؤسسة السجنية.

يشعر كاتب الضبط النيابة العامة بكل أمر قضائي في نفس يوم صدوره.

## المادة 221

تصدر الأوامر القضائية الصادرة عن قاضي التحقيق عملا بمقتضيات هذا الفرع بعد ملتمسات النيابة العامة.

تشمل هذه الأوامر، مع مراعاة مقتضيات المادة 143 أعلاه، اسم المتهم العائلي والشخصي ونسبه وتاريخ ومحل ولادته والقبيلة التي ينتمي إليها ومحل سكناه ومهنته.

يبين في الأوامر القضائية الوصف القانوني للفعل المنسوب للمتهم، كما تبين فيها بدقة الأسباب التي من شأنها أن تدعم وجود أدلة كافية أو عدم وجودها.

# الباب الرابع عشر: استئناف أوامر قاضي التحقيق

## المادة 222

يحق للنيابة العامة أن تستأنف لدى الغرفة الجنحية كل أمر قضائي يصدره قاضي التحقيق، باستثناء الأوامر الصادرة بإجراء خبرة طبقا لمقتضيات المادة 196.

يتم هذا الاستئناف في صيغة تصريح يقدم إلى كتابة الضبط بالمحكمة التي يوجد بها قاضي التحقيق في اليوم الموالي لإشعارها بصدور الأمر.

يبقى المتهم معتقلا في حالة صدور أمر بالإفراج المؤقت إلى حين انصرام أجل الاستئناف المنصوص عليه في الفقرة السابقة، ما لم توافق النيابة العامة على الإفراج عنه في الحال.

تسري نفس المقتضيات إذا تعلق الأمر برفع المراقبة القضائية.

يترتب عن الاستئناف الذي تقدمه النيابة العامة إبقاء المتهم في حالة اعتقال إلى أن يبت في هذا الاستئناف.

المملكة المغربية                    وزارة العدل والحريات                    مديرية التشريع

## المادة 223

يحق للمتهم أن يستأنف لدى الغرفة الجنحية بمحكمة الاستئناف الأوامر المنصوص عليها في المواد 94 و152 و176 و177 و179 و194 (الفقرة الأخيرة ) و208 و216 (الفقرات 2 و3 و6 و7).

يحق له كذلك استئناف الأمر الذي يبت في الاختصاص الصادر عن قاضي التحقيق، إما تلقائيا وإما بناء على دفع الأطراف بعدم الاختصاص.

يقدم الاستئناف بتصريح إلى كتابة ضبط المحكمة التي يوجد بها مقر قاضي التحقيق خلال الثلاثة أيام الموالية ليوم تبليغ الأمر إلى المتهم طبقا للمادة 220 أعلاه.

إذا كان المتهم معتقلا، فإن هذا التصريح يكون صحيحا إذا تلقته كتابة الضبط للمؤسسة السجنية التي يجب عليها أن تقيده حالا في سجل خاص، وعلى رئيس المؤسسة أن يقوم بتوجيه هذا التصريح لكتابة الضبط للمحكمة في ظرف أربع وعشرين ساعة وإلا تعرض لعقوبات تأديبية.

## المادة 224

يمكن للطرف المدني أن يستأنف لدى الغرفة الجنحية الأوامر الصادرة بعدم إجراء التحقيق، وبعدم المتابعة، وكذا الأوامر التي تمس بمصالحه المدنية.

غير أنه لا يمكنه بأي حال من الأحوال، أن يستأنف أمرا قضائيا متعلقا باعتقال المتهم، أو مقتضى من مقتضيات أمر قضائي يتعلق بهذا الاعتقال أو بالمراقبة القضائية.

يمكن للطرف المدني استئناف الأمر الذي يبت في الاختصاص الصادر عن قاضي التحقيق إما تلقائيا أو بناء على دفع الأطراف بعدم الاختصاص.

يقدم الطرف المدني استئنافه طبق الكيفيات المنصوص عليها في الفقرة الثالثة من المادة 223 أعلاه خلال الثلاثة أيام الموالية لتبليغ الأمر القضائي في موطنه الحقيقي أو المختار.

## المادة 225

إذا قدم الاستئناف، فإن قاضي التحقيق يوجه ملف التحقيق، أو النسخة المأخوذة منه، طبقا للمادة 85 إلى النيابة العامة لمحكمته في ظرف أربع وعشرين ساعة من تاريخ الاستئناف.

وإذا كان الأمر يتعلق بالمحكمة الابتدائية فإن وكيل الملك لديها يحيل الملف خلال ثمان وأربعين ساعة إلى الوكيل العام للملك.

يجب على الوكيل العام للملك بعد التوصل بالملف، أن يوجهه مرفقًا بملتمساته إلى الغرفة الجنحية خلال خمسة أيام على الأكثر من تاريخ هذا التوصل.

### المادة 226

إذا كان الأمر القضائي المستأنف لا يتعلق بانتهاء التحقيق، فلقاضي التحقيق أن يواصل تحقيقه، ما لم تصدر الغرفة الجنحية مقررا بخلاف ذلك.

### المادة 227

لا يمكن إثارة الدفع ببطلان إجراءات التحقيق بعد صدور قرار الغرفة الجنحية القاضي بالإحالة على هيئة الحكم.

## الباب الخامس عشر: إعادة التحقيق بسبب ظهور أدلة جديدة

### المادة 228

إذا صدر أمر بعدم متابعة المتهم، فلا يمكن متابعته من أجل نفس الفعل إلا إذا ظهرت أدلة جديدة.

### المادة 229

تعد أدلة جديدة شهادة الشهود والمستندات والمحاضر التي لم يكن في الإمكان عرضها على قاضي التحقيق لدراستها، والتي من طبيعتها إما أن تعزز الأدلة التي تبين أنها جد ضعيفة، وإما أن تعطي للأفعال تطورات مفيدة لإظهار الحقيقة.

### المادة 230

يحق للنيابة العامة أن تقرر ما إذا كان هناك ما مبرر لالتماس إعادة التحقيق بسبب ظهور أدلة جديدة.

## القسم الرابع: الغرفة الجنحية بمحكمة الاستئناف

## الباب الأول: أحكام عامة

### المادة 231

تنظر الغرفة الجنحية بمحكمة الاستئناف وهي مكونة من الرئيس الأول أو من ينوب عنه ومن مستشارين اثنين بحضور ممثل النيابة العامة وكاتب الضبط:

أولا: في طلبات الإفراج المؤقت المقدمة إليها مباشرة طبقا لمقتضيات الفقرتين الرابعة والخامسة من المادة 179، وفي تدابير الوضع تحت المراقبة القضائية المتخذة طبقا للمادة 160؛

ثانيا: في طلبات بطلان إجراءات التحقيق المنصوص عليها في المواد 210 إلى 213؛

ثالثاً: في الاستئنافات المرفوعة ضد أوامر قاضي التحقيق طبقا للمادة 222 وما يليها؛

رابعاً: في كل إخلال منسوب لضابط من ضباط الشرطة القضائية خلال مزاولته لمهامه طبقاً لما هو منصوص عليه في المواد من 29 إلى 35 من هذا القانون.

## المادة 232

يقوم بتمثيل النيابة العامة لدى الغرفة الجنحية الوكيل العام للملك لدى محكمة الاستئناف أو أحد نوابه، ويقوم بمهمة كاتب الضبط أحد كتاب الضبط بنفس المحكمة.

## المادة 233

تجتمع الغرفة الجنحية بدعوة من رئيسها أو بطلب من الوكيل العام للملك، كلما اقتضت الضرورة ذلك.

## المادة 234

يتولى الوكيل العام للملك تهيئ القضية وإحالتها مرفقة بملتمسه إلى الغرفة الجنحية في ظرف خمسة أيام من توصله بالملف.

يجب أن تبت هذه الأخيرة في قضايا الاعتقال الاحتياطي والوضع تحت المراقبة القضائية خلال الآجال المنصوص عليها في المادة 179 أعلاه.

## المادة 235

يمكن للأطراف ولمحاميهم أن يطلعوا على الملف المشتمل على ملتمسات الوكيل العام للملك، ويسمح لهم بتقديم مذكرات تطلع عليها النيابة العامة والأطراف الآخرون.

تودع المذكرات في كتابة الضبط بمحكمة الاستئناف، ويؤشر عليها كاتب الضبط مع بيان يوم إيداعها.

## المادة 236

تجرى المناقشات بصفة سرية، وتبت الغرفة الجنحية في غرفة المشورة بعد الاطلاع على تقرير المستشار المكلف بالقضية ودراسة الملتمسات الكتابية للوكيل العام للملك ومذكرات الأطراف. وتصدر قرارها في جلسة علنية.

يمكن للغرفة أن تأمر بحضور الأطراف شخصيا والاستماع إليهم وبإحضار أدوات الاقتناع.

## المادة 237

لا يمكن لممثل النيابة العامة ولا لكاتب الضبط حضور مداولات الغرفة الجنحية.

## المادة 238

يمكن للغرفة الجنحية، إما بطلب من الوكيل العام للملك أو بطلب من أحد الأطراف أو تلقائيا، أن تأمر بإجراء أي تحقيق تكميلي تراه مفيدا، ويقوم بإجرائه أحد أعضائها أو قاضي

تحقيق تنتدبه لهذه الغرفة، مراعيا في ذلك مقتضيات القسم الثالث من الكتاب الأول من هذا القانون المتعلق بالتحقيق الإعدادي.

يمكن للقاضي المكلف بالتحقيق التكميلي أن يصدر جميع الأوامر، غير أن الغرفة تبقى مختصة للبت في الإفراج المؤقت ضمن الشروط المنصوص عليها في الفقرتين الثانية والرابعة من المادة 180 أعلاه.

إذا وضعت الغرفة حدا للاعتقال المؤقت لمتهم، فإنه يفرج عن هذا الأخير حالا ما لم يكن معتقلا لسبب آخر.

## المادة 239

إذا أحيل إلى الغرفة الجنحية طلب بإبطال إجراء من إجراءات التحقيق، فإنها تصرح، إذا كان لذلك موجب، ببطلان الإجراء المعيب، وإن اقتضى الحال ببطلان الإجراءات التي تليه كلا أو بعضا، طبقا لما هو منصوص عليه في الفقرة الثالثة من المادة 211 أعلاه.

إذا اقتصرت الغرفة على إبطال جزء من الإجراءات، فيمكنها أن تأمر إما بإجراء تحقيق تكميلي طبق الشروط المنصوص عليها في المادة 238 أعلاه، وإما بإحالة الملف إلى القاضي المكلف بالتحقيق أو إلى أحد قضاة التحقيق لمتابعة إجراءات البحث.

إذا تبين من الإبطال الكلي للمسطرة، أن هذه الأخيرة كانت معيبة من بدايتها، فإن الغرفة الجنحية تحيل المسطرة إلى النيابة العامة لتتخذ في شأنها ما تراه مناسباً، وتبت في شأن الاعتقال الاحتياطي أو المراقبة القضائية.

## المادة 240

يكون للمقرر المحال إلى الغرفة الجنحية مفعوله التام إذا أيدته هذه الغرفة.

## المادة 241

عندما ينتهي التحقيق التكميلي، تأمر الغرفة الجنحية بإيداع ملف المسطرة بكتابة الضبط لدى محكمة الاستئناف.

تقوم كتابة الضبط بإخبار الأطراف ومحاميهم بهذا الإيداع بواسطة رسائل مضمونة.

يبقى ملف المسطرة مودعا بكتابة الضبط خلال ثمان وأربعين ساعة في قضايا الاعتقال الاحتياطي والوضع تحت المراقبة القضائية، ولمدة خمسة أيام في غيرها من القضايا، ثم يتم إجراء المسطرة وفقاً للمادتين 235 و236 أعلاه.

## المادة 242

إذا أصدرت الغرفة الجنحية قراراً بعدم اختصاص قاضي التحقيق، فإنها تعين هيئة الحكم أو التحقيق التي تختص بالنظر في القضية.

## المادة 243

إذا أيدت الغرفة الجنحية أمرا بعدم المتابعة فإنها تصدر قرارا بذلك.

إذا ألغت أمرا بعدم المتابعة فإنها تقرر إحالة القضية:

أولا: إلى المحكمة الابتدائية المختصة إذا تعلق الأمر بمخالفة أو جنحة تدخل في اختصاصها؛

ثانيا: إلى غرفة الجنايات إذا تبين للغرفة الجنحية أن الأفعال تكون جناية؛

وفي هذه الحالة الأخيرة، فإن الغرفة الجنحية تحيل إلى غرفة الجنايات الجنح والمخالفات غير القابلة للتجزئة، كما يمكنها أن تحيل إليها الجنح والمخالفات المرتبطة بتلك الجناية.

## المادة 244

يجب تحت طائلة البطلان أن يتضمن قرار الإحالة إلى غرفة الجنايات بيانا بالأفعال ووصفها القانوني والنصوص المطبقة، ويمكن للغرفة الجنحية أن تأمر في نفس القرار بإيداع المتهم في السجن أو بإلقاء القبض عليه.

## المادة 245

يوقع الرئيس وكاتب الضبط على قرارات الغرفة الجنحية.

تبين في هذه القرارات أسماء القضاة وممثل النيابة العامة وكاتب الضبط، ويشار فيها إلى إيداع المستندات والمذكرات وملتمسات النيابة العامة، وعند الاقتضاء، إلى حضور الأطراف.

## المادة 246

تؤجل الغرفة الجنحية البت في المصاريف إذا كان قرارها لا ينهي الدعوى التي نظرت فيها.

إذا كان قرار الغرفة منهيا للدعوى، فإنها تقوم بتصفية المصاريف وتحملها الطرف المحكوم عليه.

غير أنه إذا كان الطرف المدني حسن النية، يمكن إعفاؤه من المصاريف كلا أو بعضا بموجب قرار خاص معلل ما لم يكن هو الذي أثار الدعوى العمومية.

تبت الغرفة في رد الأشياء المحجوزة، ولها أن تقرر ردها ما لم تكن لازمة لسير الدعوى أو خطيرة أو قابلة للمصادرة.

## المادة 247

تبلغ قرارات الغرفة الجنحية إلى الأطراف ومحاميهم في ظرف الأربع والعشرين ساعة من صدورها بواسطة رسالة مضمونة طبقاً للشروط المنصوص عليها في الفصول 37 و38 و39 من قانون المسطرة المدنية[43].

# الباب الثاني: السلطات الخاصة برئيس الغرفة الجنحية

## المادة 248

يتحقق رئيس الغرفة الجنحية أو من ينوب عنه من حسن سير مكاتب التحقيق التابعة لنفوذ محكمة الاستئناف، ويعمل على ألا تتأثر المسطرة بأي تأخير غير مبرر.

ولهذه الغاية، فإن مكاتب التحقيق تعد كل ثلاثة أشهر لائحة بجميع القضايا الرائجة مع الإشارة إلى تاريخ تنفيذ آخر إجراء من إجراءات التحقيق.

توجه هذه اللوائح كل ثلاثة أشهر إلى رئيس الغرفة الجنحية وإلى الوكيل العام للملك.

يشار في لائحة خاصة إلى القضايا المتعلقة بالمتهمين المعتقلين احتياطياً.

## المادة 249

يقوم رئيس الغرفة الجنحية أو من ينوب عنه بزيارة المؤسسات السجنية التابعة لنفوذ محكمة الاستئناف مرة كل ثلاثة أشهر على الأقل، ويتحقق من حالة المتهمين الموجودين في حالة اعتقال احتياطي.

يمكنه أن يطلب من قاضي التحقيق جميع البيانات اللازمة.

إذا ظهر له أن الاعتقال لا مبرر له، يوجه لقاضي التحقيق التوصيات اللازمة.

## المادة 250

يضع رئيس الغرفة الجنحية أو من ينوب عنه تقريراً سنوياً عن سير أعمال غرف التحقيق التابعة لنفوذ محكمة الاستئناف ويوجه منه نسخة للوكيل العام للملك.

---

43 - ظهير شريف بمثابة قانون رقم 1.74.447 بتاريخ 11 رمضان 1394 (28 شتنبر 1974) بالمصادقة على نص قانون المسطرة المدنية، الجريدة الرسمية عدد 2330 مكرر بتاريخ 13 رمضان 1394 (30 شتنبر 1974)، ص 2741.

# الكتاب الثاني: الحكم في الجرائم

## القسم الأول: الاختصاص

### المادة 251

تختص بالنظر في الجرائم، ما لم تنص قوانين خاصة على خلاف ذلك، المحاكم الزجرية الآتي بيانها:

1 ـ المحاكم الابتدائية؛

2 ـ محاكم الاستئناف.

## الباب الأول: قواعد الاختصاص العادية و فصل تنازع الاختصاص

### الفرع الأول: قواعد الاختصاص العادية[44]

#### المادة 252

تختص المحاكم الابتدائية بالنظر في الجنح والمخالفات.

#### المادة 253[45]

تختص غرف الجنح الاستئنافية بالنظر في الاستئنافات المرفوعة ضد الأحكام الصادرة ابتدائيا عن المحاكم الابتدائية.

تختص الغرفة الجنحية بمحكمة الاستئناف وفقاً لمقتضيات المواد 231 وما يليها إلى 247 من هذا القانون.

استثناء من أحكام الفقرة الأولى تختص غرفة الاستئنافات بالمحكمة الابتدائية بالنظر في الاستئنافات المرفوعة ضد الأحكام الصادرة ابتدائيا عن المحاكم الابتدائية في قضايا

---

44 ـ بصرف النظر عن قواعد الاختصاص المقررة في قانون المسطرة الجنائية أو في نصوص أخرى، تختص محكمة الاستئناف بالرباط بالمتابعة والتحقيق والحكم في الجرائم الإرهابية؛ ويمكن للمحكمة المذكورة، لأسباب تتعلق بالأمن العمومي، أن تعقد جلساتها بصفة استثنائية بمقر أية محكمة أخرى، وذلك بموجب المادة السابعة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، الصادر بتنفيذه الظهير الشريف رقم 1.03.140 بتاريخ 26 من ربيع الأول 1424 (28 ماي 2003)؛ الجريدة الرسمية عدد 5112 بتاريخ 27 من ربيع الأول 1424 (29 ماي 2003)، ص 1755.

ـ كما تختص محاكم الرباط فيما يتعلق بالمتابعات والتحقيق والبت في الأفعال التي تكون جرائم غسل الأموال، ويمكن للمحاكم المذكورة، لأسباب تتعلق بالأمن العام وبصفة استثنائية، أن تعقد جلساتها في مقرات محاكم أخرى؛ وذلك بمقتضى المادة 38 من القانون رقم 43.05 المتعلق بمكافحة غسل الأموال الصادر بتنفيذه الظهير الشريف رقم 1.07.79  بتاريخ 28 من ربيع الأول 1428 (17 أبريل 2007)؛ الجريدة الرسمية عدد 5522 بتاريخ 14 ربيع الآخر 1428 (3 ماي 2007)، ص 1359؛ كما تم تغييره وتتميمه.

45 ـ تم تتميم المادة 253 أعلاه بمقتضى المادة الثانية من القانون رقم 36.10، سالف الذكر.

المخالفات المشار إليها في المادة 396 بعده، وفي القضايا الجنحية التي لا تتجاوز عقوبتها سنتين حبسا وغرامة أو إحدى هاتين العقوبتين فقط.

## المادة 254

تختص غرفة الجنايات بمحكمة الاستئناف بالنظر في الجرائم المنصوص عليها في المادة 416 بعده.

تختص غرفة الجنايات الاستئنافية وفقاً لمقتضيات المادة 457 من هذا القانون.

## المادة 255

يرجع النظر في حالة تعدد الجرائم واجتماعها بسبب عدم قابليتها للتجزئة إلى المحكمة المختصة بالحكم في الجريمة الأشد.

تطبق نفس القاعدة بصفة اختيارية إذا اتحدت جرائم فيما بينها بعلاقة الارتباط.

## المادة 256

تعتبر الجرائم غير قابلة للتجزئة خاصة إذا كانت متصلة اتصالا وثيقا لدرجة أن وجود بعضها لا يتصور بدون وجود البعض الآخر، أو عندما تكون مترتبة عن نفس السبب وناشئة عن نفس الدافع وارتكبت في نفس الزمن وفي نفس المكان.

## المادة 257

تكون الجرائم مرتبطة في الأحوال الآتية:

أ) إذا ارتكبت في وقت واحد من طرف عدة أشخاص مجتمعين؛

ب) إذا ارتكبت من طرف أشخاص مختلفين ولو في أوقات متباينة وفي أماكن مختلفة على إثر اتفاق تم بينهم من قبل؛

ج) إذا ارتكب الجناة جرائم للحصول على وسائل تمكنهم من ارتكاب جرائم أخرى، أو تساعدهم على إتمام تنفيذها أو تمكنهم من الإفلات من العقوبة.

يعتبر إخفاء الأشياء مرتبطا بالجريمة التي مكنت من الحصول على الأشياء المخفاة، أو من انتزاعها أو اختلاسها كلاً أو بعضا.

## المادة 258

تختص المحكمة المحالة عليها الدعوى العمومية بالبت في كل دفع يثيره المتهم للدفاع عن نفسه.

غير أن المحكمة المذكورة لا تكون مختصة بالبت في الدفع الذي يثيره المتهم للدفاع عن نفسه، إذا قرر القانون خلاف ذلك أو إذا تعلق الأمر بحق عيني عقاري.

لا يقبل أي دفع في الأحوال المنصوص عليها في الفقرة الثانية من هذه المادة إلا إذا كان مبررا بوقائع أو بمستندات تدعم ادعاءات المتهم، وكان الدفع المثار من شأنه أن يجرد

المملكة المغربية                 وزارة العدل والحريات                 مديرية التشريع

الفعل المرتكز عليه في المتابعة من طابع المخالفة للقانون الجنائي. وفي حالة قبول الدفع، تحدد المحكمة أجلاً قصيراً يتعين على المتهم أثناءه أن يرفع دعواه إلى المحكمة المختصة.

إذا لم ترفع الدعوى في الأجل المحدد، ولم يدل المتهم بما يثبت مباشرته للإجراءات المتعلقة بها، تعرض المحكمة عن دفعه وتواصل النظر في القضية.

## المادة 259

يرجع الاختصاص، مع مراعاة مقتضيات القسمين الأول والثاني من الكتاب السابع من هذا القانون إلى المحكمة التي يقع في دائرة نفوذها إما محل ارتكاب الجريمة، وإما محل إقامة المتهم أو محل إقامة أحد المساهمين أو المشاركين معه في الجريمة، وإما محل إلقاء القبض عليهم أو على أحدهم، ولو كان القبض مترتبا عن سبب آخر.

## المادة 260

لا تطبق أحكام هذا الفرع المتعلقة بقواعد الاختصاص العادية على الأحداث الذين يقل سنهم عن ثمانية عشر عاما إلا مع مراعاة المقتضيات المنصوص عليها في الكتاب الثالث من هذا القانون.

## المادة 1-260 [46]

استثناء من قواعد الاختصاص المنصوص عليها في هذا الفرع تختص أقسام الجرائم المالية بمحاكم الاستئناف [47] المحددة والمعينة دوائر نفوذها بمرسوم [48]، بالنظر في الجنايات

---

46 - تمت إضافة المادة 1-260 أعلاه بمقتضى المادة الثالثة من القانون رقم 36.10، سالف الذكر.
47 - انظر الفقرتين الثالثة والرابعة من الفصل 6 من الظهير الشريف بمثابة قانون رقم 1.74.338 بتاريخ 24 جمادى الثانية 1394 (15 يوليوز 1974) يتعلق بالتنظيم القضائي للمملكة، كما تم تغييره وتتميمه، الجريدة الرسمية عدد 3220 بتاريخ 26 جمادى الثانية 1394 (17 يوليوز 1974)، ص 2027.
"تشتمل محاكم الاستئناف المحددة، والمعينة دوائر نفوذها بمرسوم، على أقسام للجرائم المالية.
تشتمل هذه الأقسام على غرف للتحقيق وغرف للجنايات وغرف للجنايات الاستئنافية ونيابة عامة وكتابة للنيابة العامة".
48 - انظر المادة الأولى من المرسوم رقم 2.11.445 صادر في 7 ذي الحجة 1432 (4 نوفمبر 2011) بتحديد عدد محاكم الاستئناف المحدثة بها أقسام للجرائم المالية وتعيين دوائر نفوذها، الجريدة الرسمية عدد 5995 بتاريخ 17 ذو الحجة 1432 (14 نوفمبر 2011)، ص 5415.
الجدول الملحق بالمرسوم رقم 2.11.445 صادر في 7 ذي الحجة 1432 (4 نوفمبر 2011)

| أقسام محاكم الاستئناف المحدثة بها | دوائر نفوذ محاكم الاستئناف |
|---|---|
| الرباط | الرباط – القنيطرة – طنجة – تطوان |
| الدار البيضاء | الدار البيضاء – سطات – الجديدة – خريبكة – بني ملال |
| فاس | فاس – مكناس – الرشيدية – تازة – الحسيمة – الناضور - وجدة |
| مراكش | مراكش – آسفي – ورزازات – أكادير – العيون |

المنصوص عليها في الفصول 241 إلى 256 من القانون الجنائي وكذا الجرائم التي لا يمكن فصلها عنها أو المرتبطة بها.

# الفرع الثاني: فصل تنازع الاختصاص

## المادة 261

يتعين الفصل في تنازع الاختصاص في الأحوال الآتية:

ـ إذا تمت المتابعة من أجل نفس الفعل في آن واحد أمام محاكم استئناف ومحاكم أخرى، أو أمام عدة قضاة للتحقيق؛

ـ إذا أعلنت عدة محاكم عن عدم اختصاصها بالنظر في نفس الفعل بمقرر نهائي؛

ـ إذا أعلنت هيئة الحكم عن عدم اختصاصها بمقرر نهائي بعد أن أحيلت إليها القضية بأمر من قاضي التحقيق أو من الغرفة الجنحية.

## المادة 262

في حالة وجود نزاع بين محكمتين تابعتين لدائرة نفوذ محكمة استئناف واحدة، فإن النزاع يرفع إلى غرفة الجنح الاستئنافية.

في حالة وجود نزاع بين محكمتين تخضع كل واحدة منهما لنفوذ محكمة استئناف مختلفة، فإن النزاع يرفع إلى الغرفة الجنائية بمحكمة النقض.

يسري نفس الحكم في حالة وجود نزاع بين محكمتين استئنافيتين، أو نزاع بين محاكم لا توجد محكمة أعلى مشتركة بينها.

## المادة 263

يمكن أن يطلب الفصل في تنازع الاختصاص كل من النيابة العامة أو المتهم أو الطرف المدني، ويقدم هذا الطلب بمذكرة تودع بكتابة الضبط للمحكمة التي تبت في تنازع الاختصاص.

تبلغ المذكرة لجميع الأطراف داخل خمسة أيام من يوم إيداعها، ولهم أجل عشرة أيام لإيداع مذكراتهم الجوابية بكتابة الضبط. وعلى المحكمة أن تبت داخل أجل شهرين من تاريخ تبليغ المذكرة المتضمنة للطلب.

لا يترتب عن تقديم الطلب ولا عن الدعوى المثارة أي أثر موقف، ما لم تقرر المحكمة التي ستنظر في تنازع الاختصاص خلاف ذلك، ولهذه المحكمة أن تأمر بإحضار جميع الوثائق المفيدة، ولها حق البت في صحة جميع الإجراءات التي قامت بها المحكمة التي صدر إليها الأمر بالتخلي.

لا يقبل مقرر المحكمة التي بتت في تنازع الاختصاص التعرض أو الاستئناف.

## الباب الثاني: قواعد الاختصاص الاستثنائية

## الفرع الأول: الحكم في الجنايات أو الجنح المنسوبة لبعض القضاة أو الموظفين

### المادة 264

تجري المسطرة حسب الشكليات الآتية، في حق الأشخاص الآتي ذكرهم، إذا نسب إليهم أثناء مزاولة مهامهم أو خارجها ارتكاب فعل معاقب عليه بوصفه جناية أو جنحة.

### المادة 265

إذا كان الفعل منسوباً إلى مستشار لجلالة الملك أو عضو من أعضاء الحكومة أو كاتب دولة أو نائب كاتب دولة مع مراعاة مقتضيات الباب الثامن من الدستور [49] أو قاض بمحكمة النقض أو المجلس الأعلى للحسابات أو عضو في المجلس الدستوري [50] أو إلى والي أو عامل أو رئيس أول لمحكمة استئناف عادية أو متخصصة أو وكيل عام للملك لديها، فإن الغرفة الجنائية بمحكمة النقض تأمر ـ عند الاقتضاء ـ بناء على ملتمسات الوكيل العام للملك بنفس المحكمة بأن يجري التحقيق في القضية عضو أو عدة أعضاء من هيئتها.

يجرى التحقيق حسب الكيفية المنصوص عليها في القسم الثالث من الكتاب الأول المتعلق بالتحقيق الإعدادي.

بعد إنهاء التحقيق يصدر قاضي أو قضاة التحقيق، حسب الأحوال، أمراً قضائياً بعدم المتابعة أو بالإحالة إلى الغرفة الجنائية بمحكمة النقض.

تبت الغرفة الجنائية بمحكمة النقض في القضية.

يقبل قرار الغرفة الجنائية الاستئناف داخل أجل ثمانية أيام. وتبت في الاستئناف غرف محكمة النقض مجتمعة باستثناء الغرفة الجنائية التي بتت في القضية.

لا تقبل أية مطالبة بالحق المدني أمام محكمة النقض.

### المادة 266

إذا كان الفعل منسوباً إلى قاض بمحكمة استئناف أو رئيس محكمة ابتدائية عادية أو متخصصة أو وكيل الملك بها أو قاض بمجلس جهوي للحسابات، فإن للوكيل العام للملك لدى محكمة النقض أن يحيل القضية بملتمس إلى الغرفة الجنائية بالمحكمة المذكورة التي تقرر ما

---

49 - كان الباب الثامن من دستور المملكة المغربية لسنة 1996 يتعلق بالمحكمة العليا التي كانت تختص في محاكمة أعضاء الحكومة عما يرتكبون من جنايات وجنح أثناء ممارستهم لمهامهم؛
أما بمقتضى الفصل 94 من الدستور الجديد فإن: " أعضاء الحكومة مسؤولون جنائيا أمام محاكم المملكة، عما يرتكبون من جنايات وجنح، أثناء ممارستهم لمهامهم...".
50 - حلت عبارة "المحكمة الدستورية" محل "المجلس الدستوري" طبقا للباب الثامن من الدستور الجديد.

إذا كان الأمر يقتضي إجراء تحقيق. وفي حالة الإيجاب، تعين محكمة استئناف غير المحكمة التي يباشر في دائرتها المعني بالأمر مهمته.

ينتدب الرئيس الأول لمحكمة الاستئناف المعينة لهذا الغرض قاضياً للتحقيق أو مستشاراً بمحكمته لإجراء البحث في الوقائع موضوع المتابعة.

يجري التحقيق حسب الكيفيات المنصوص عليها في القسم الثالث من الكتاب الأول الخاص بالتحقيق الإعدادي.

يرفع قاضي التحقيق أو المستشار المكلف بالتحقيق بمجرد انتهاء البحث الملف إلى الوكيل العام للملك لدى محكمة الاستئناف ليقدم ملتمساته.

إذا تعلق الأمر بجناية، يصدر قاضي التحقيق أو المستشار المكلف بالتحقيق أمراً بإحالة القضية إلى غرفة الجنايات بمحكمة الاستئناف.

وإذا تعلق الأمر بجنحة، يصدر أمراً بإحالة القضية على غرفة الجنح الاستئنافية.

تكون أوامر قاضيي التحقيق أو المستشار المكلف بالتحقيق قابلة للطعن طبق الشروط المنصوص عليها في القسم الثالث من الكتاب الأول المتعلق بالتحقيق الإعدادي.

يمكن للطرف المدني أن يتدخل أمام هيئة الحكم حسب الشروط المنصوص عليها في المادتين 350 و 351 بعده.

## المادة 267

إذا كان الفعل منسوباً إلى قاض بمحكمة ابتدائية عادية أو متخصصة، فإن للوكيل العام للملك لدى محكمة الاستئناف أن يحيل القضية بملتمس إلى الرئيس الأول لهذه المحكمة الذي يقرر ما إذا كان الأمر يقتضي إجراء بحث، وفي حالة الإيجاب، يعهد إلى قاض للتحقيق أو إلى مستشار بمحكمته يكلفه بالتحقيق، بإجراء البحث في الوقائع موضوع المتابعة.

وتطبق مقتضيات المادة السابقة بالنسبة للبحث والمتابعة والإحالة والمطالبة بالحق المدني.

## المادة 268

إذا نسب لباشا أو خليفة أول لعامل أو رئيس دائرة أو قائد أو لضابط شرطة قضائية من غير القضاة المشار إليهم في المواد السابقة ارتكابه لجناية أو جنحة أثناء مزاولة مهامه، فإن الرئيس الأول لمحكمة الاستئناف المعروضة عليه القضية من طرف الوكيل العام للملك، يقرر ما إذا كان الأمر يقتضي إجراء البحث، وفي حالة الإيجاب يعين مستشاراً مكلفاً بالتحقيق بمحكمته.

إذا تعلق الأمر بجناية، فإن المستشار المكلف بالتحقيق يصدر أمرا بالإحالة إلى غرفة الجنايات، أما إذا تعلق الأمر بجنحة فإنه يحيل القضية إلى محكمة ابتدائية غير التي يزاول المتهم مهامه بدائرتها.

إذا كان ضابط الشرطة القضائية مؤهلا لمباشرة وظيفته في مجموع تراب المملكة، فإن الاختصاص يرجع إلى محكمة النقض حسب الكيفيات المنصوص عليها في المادة 265.

يمكن للطرف المدني التدخل لدى هيئة الحكم ضمن الشروط المحددة في المادتين 350 و351 بعده.

## الفرع الثاني: المعاقبة على الجرائم المرتكبة أثناء جلسات هيئة الحكم

### المادة 269

خلافا للقواعد العادية الراجعة للاختصاص أو المسطرة، تنظر المحاكم في الجرائم التي قد ترتكب خلال الجلسات، وذلك إما بموجب ملتمسات من النيابة العامة أو تلقائيا وضمن الشروط المحددة في المادة 357 وما يليها إلى المادة 361 من هذا القانون.

إذا كانت الجريمة المقترفة لها صفة جنحة يعاقب عنها بالحبس أو صفة جناية، فللمحاكم أن تصدر أمراً بالإيداع في السجن أو بإلقاء القبض.

## الفرع الثالث: الإحالة من أجل تشكك مشروع

### المادة 270

يمكن للغرفة الجنائية بمحكمة النقض أن تسحب الدعوى من أجل تشكك مشروع من أي هيئة للتحقيق أو هيئة للحكم، وتحيلها إلى هيئة قضائية من نفس الدرجة.

### المادة 271

يجب أن تقدم طلبات الإحالة قبل أي استجواب أو مناقشة في الجوهر، ما لم تكن الأفعال المستند عليها كمبرر للإحالة قد طرأت أو اكتشفت بعد ذلك.

يودع الطلب بكتابة الضبط إما من طرف الوكيل العام للملك لدى هذه المحكمة أو النيابة العامة بالمحكمة المرفوعة إليها الدعوى، أو المتهم، أو الطرف المدني.

لا يترتب عن إيداع الطلب أي أثر موقف، ما لم تقرر الغرفة الجنائية بمحكمة النقض خلاف ذلك.

يبلغ الطلب فورا لجميع الأطراف الذين يهمهم الأمر ويحدد لهم أجل عشرة أيام لإيداع مذكرة بكتابة الضبط بمحكمة النقض.

تبت الغرفة الجنائية بمحكمة النقض في غرفة المشورة دون حضور الأطراف داخل أجل شهر من تاريخ تقديم الطلب، ويبلغ إليهم على الفور القرار الصادر عنها.

# الفرع الرابع: الإحالة من أجل مصلحة عامة

## المادة 272

يمكن للغرفة الجنائية بمحكمة النقض، بناء على ملتمس من الوكيل العام للملك لدى محكمة النقض وحده، أن تأمر بالإحالة من أجل الأمن العمومي.

ويمكن أيضاً لنفس الغرفة، بناء على ملتمس من الوكيل العام للملك لدى محكمة النقض أو من الوكيل العام للملك لدى محكمة الاستئناف المعنية، تلقائياً أو بناء على طلب الأطراف، أن تأمر بالإحالة لتحقيق حسن سير العدالة، بشرط ألا ينتج عن ذلك أي ضرر يعرقل ظهور الحقيقة أو يمس بممارسة حقوق الدفاع.

تجري المسطرة في الحالتين حسب الكيفيات المنصوص عليها في المادة السابقة.

# القسم الثاني: تجريح القضاة

## المادة 273

يمكن تجريح كل قاض من قضاة الحكم في الأحوال الآتية:

ـ إذا كانت له أو لزوجه مصلحة شخصية مباشرة أو غير مباشرة في الحكم في الدعوى؛

ـ إذا كانت له أو لزوجه قرابة أو مصاهرة مع أحد الأطراف بما فيها درجة أبناء الأعمام والأخوال؛

ـ إذا كان بين أحد الأطراف والقاضي أو زوجه أو أصولهما أو فروعهما دعوى لا تزال جارية أو انتهت منذ أقل من سنتين؛

ـ إذا كان القاضي دائنا أو مدينا لأحد الأطراف؛

ـ إذا كان قد سبق له أن قدم استشارة أو رافع أو مثل أمام القضاء في قضية أو نظر فيها بصفته حكما أو أدلى فيها بشهادة أو بت فيها في طورها الابتدائي؛

ـ إذا كان قد تصرف بصفته ممثلا قانونيا لأحد الأطراف؛

ـ إذا كانت هناك علاقة تبعية بين القاضي أو زوجه وأحد الأطراف أو زوجه؛

ـ إذا كانت بين القاضي وأحد الأطراف صداقة أو عداوة معروفة؛

ـ إذا كان القاضي هو المشتكي.

## المادة 274

لا يمكن تجريح قضاة النيابة العامة.

المملكة المغربية      وزارة العدل والحريات      مديرية التشريع

## المادة 275

يتعين على كل قاض بينه وبين متهم سبب من أسباب التجريح المنصوص عليها في المادة 273 أو أي سبب آخر لتنحيته، أن يقدم تصريحا بذلك إلى الرئيس الأول لمحكمة النقض أو الرئيس الأول لمحكمة الاستئناف حسب الكيفيات المنصوص عليها في المادة 278 بعده.

## المادة 276

يملك حق التجريح المتهم والمسؤول المدني و الطرف المدني.

## المادة 277

يجب على من أراد تجريح قاض أن يقوم بذلك قبل أية مناقشة في الجوهر، وإذا كان التجريح موجها إلى القاضي المكلف بالتحقيق، فيجب أن يقدم قبل أي استجواب أو استماع يتعلق بالجوهر، ما لم تكن أسباب التجريح قد طرأت أو لم يعلم بها المطالب بالتجريح إلا لاحقا.

## المادة 278

يقدم طلب التجريح كتابة، ويجب أن تبين فيه تحت طائلة البطلان الوسيلة المثارة للتجريح، وأن يرفق بجميع الحجج المفيدة ويوقعه طالب التجريح أو وكيله الخاص.

يرفع التجريح إلى الرئيس الأول لمحكمة الاستئناف إذا كان موجها ضد قاض تابع لدائرة نفوذ هذه المحكمة وإلى الرئيس الأول لمحكمة النقض إذا كان التجريح موجها ضد أحد قضاة المحكمة المذكورة.

## المادة 279

لا يترتب عن إيداع طلب التجريح تخلي القاضي الذي قدم بشأنه هذا الطلب إلا في الحالة المنصوص عليها في المادة 284 بعده.

غير أنه يمكن للرئيس الأول أن يأمر بعد استشارة الوكيل العام للملك إما بإيقاف متابعة التحقيق أو المناقشات، وإما بإيقاف صدور الحكم.

## المادة 280

يطلب الرئيس الأول إيضاحات من القاضي أو القضاة المقدم طلب التجريح في حقهم، وله أن يطلب إيضاحات تكميلية من طالب التجريح إذا ارتأى أن ذلك ضروري.ويبت في ملتمس التجريح بعد استشارة الوكيل العام للملك.

## المادة 281

لا يعلل الأمر الصادر بقبول طلب التجريح ولا يقبل أي طعن، ويترتب عنه التخلي عن الدعوى فورا من طرف القاضي أو القضاة الذين وقع تجريحهم.

**04-G-105**

## المادة 282

يعلل الأمر القضائي الصادر برفض طلب التجريح، ويمكن الطعن فيه أمام محكمة النقض، غير أن تقديم هذا الطعن لا يحول دون متابعة المسطرة ولا دون صدور الحكم في الدعوى.

## المادة 283

كل طلب تجريح موجه ضد الرئيس الأول لمحكمة الاستئناف، يجب أن يقدم بمذكرة إلى الرئيس الأول لمحكمة النقض الذي يبت فيه بعد استشارة الوكيل العام للملك لدى نفس المحكمة بأمر قضائي غير قابل لأي طعن، وتطبق المقتضيات المنصوص عليها في المادة 279 أعلاه.

## المادة 284

إذا ادعى أحد الأطراف في بداية الاستجواب أو الجلسة بأن سببا من أسباب التجريح قد طرأ، أو أخبر به في ذلك الوقت، وصرح بأنه يطلب تجريح قاض للتحقيق أو قاض أو أكثر من القضاة المكونين لهيئة الحكم، تعين عليه أن يحرر فورا مذكرة بذلك، ويترتب عن الطلب إيقاف الاستجواب أو المناقشات وتوجه المذكرة دون تأخير إلى الرئيس الأول.

## المادة 285

يمكن الحكم على من خسر طلب التجريح بغرامة تتراوح بين 1.200 و2.500 درهم، بصرف النظر عن العقوبة التي قد يتعرض لها عند الاقتضاء، من أجل إهانة القضاء إذا كان من طبيعة الوقائع المزعومة المس بشرف وسمعة القاضي.

# القسم الثالث: بشأن عقد الجلسات وصدور الأحكام

# الباب الأول: الجلسات

# الفرع الأول: وسائل الإثبات

## المادة 286

يمكن إثبات الجرائم بأية وسيلة من وسائل الإثبات، ما عدا في الأحوال التي يقضي القانون فيها بخلاف ذلك، ويحكم القاضي حسب اقتناعه الصميم ويجب أن يتضمن المقرر ما يبرر اقتناع القاضي وفقا للبند 8 من المادة 365 الآتية بعده.

إذا ارتأت المحكمة أن الإثبات غير قائم صرحت بعدم إدانة المتهم وحكمت ببراءته.

## المادة 287

لا يمكن للمحكمة أن تبني مقررها إلا على حجج عرضت أثناء الجلسة ونوقشت شفهياً وحضورياً أمامها.

## المادة 288

إذا كان ثبوت الجريمة يتوقف على دليل تسري عليه أحكام القانون المدني أو أحكام خاصة، تراعي المحكمة في ذلك الأحكام المذكورة.

## المادة 289

لا يعتد بالمحاضر والتقارير التي يحررها ضباط وأعوان الشرطة القضائية والموظفون والأعوان المكلفون ببعض مهام الشرطة القضائية، إلا إذا كانت صحيحة في الشكل وضمن فيها محررها وهو يمارس مهام وظيفته ما عاينه أو تلقاه شخصياً في مجال اختصاصه.

## المادة 290

المحاضر والتقارير التي يحررها ضباط الشرطة القضائية في شأن التثبت من الجنح والمخالفات، يوثق بمضمنها إلى أن يثبت العكس بأي وسيلة من وسائل الإثبات.

## المادة 291

لا يعتبر ما عدا ذلك من المحاضر أو التقارير إلا مجرد معلومات.

## المادة 292

إذا نص قانون خاص على أنه لا يمكن الطعن في مضمون بعض المحاضر أو التقارير إلا بالزور، فلا يمكن – تحت طائلة البطلان- إثبات عكسها بغير هذه الوسيلة.

## المادة 293

يخضع الاعتراف كغيره من وسائل الإثبات للسلطة التقديرية للقضاة.

لا يعتد بكل اعتراف ثبت انتزاعه بالعنف أو الإكراه.

وعلاوة على ذلك، يتعرض مرتكب العنف أو الإكراه للعقوبات المنصوص عليها في القانون الجنائي.

## المادة 294

لا يمكن أن ينتج الدليل الكتابي من الرسائل المتبادلة بين المتهم ومحاميه.

### المادة 295

يجب على المحكمة التي تأمر بإجراء الخبرة أن تراعي في ذلك مقتضيات المادتين 194 و195 والمادة 198 وما يليها إلى غاية 208 من هذا القانون.

### المادة 296

تقام الحجة بشهادة الشهود وفقا لمقتضيات المادة 325 وما يليها إلى غاية المادة 346 من هذا القانون.

## الفرع الثاني: تشكيل الهيئات القضائية

### المادة 297

يشترط لصحة انعقاد الجلسات أن تشكل كل هيئة قضائية طبقا للقانون المؤسس لها.

يجب تحت طائلة البطلان أن تصدر مقرراتها عن قضاة شاركوا في جميع المناقشات. إذا تعذر حضور قاض أو أكثر أثناء النظر في القضية، تعاد المناقشات من جديد.

بصرف النظر عن المقتضيات المنصوص عليها في المادة 52 المتعلقة بقاضي التحقيق، لا يمكن تحت طائلة البطلان لأي قاض من النيابة العامة عين أو انتدب لمهام قضاء الحكم أن يشارك في البت في قضايا سبق له أن مارس فيها الدعوى العمومية، وعلاوة على ذلك وتحت طائلة نفس الجزاء، لا يمكن لقضاة الحكم أن يشاركوا في الحكم في قضية سبق لهم البت في موضوعها.

## الفرع الثالث: القواعد العامة بشأن سير الجلسة

### المادة 298

يتولى رئيس الجلسة ضبط النظام وتسيير البحث والمناقشات بها، وله مع مراعاة حقوق الدفاع رفض كل ما يرمي إلى إطالتها بدون جدوى وله أن يوقفها.

### المادة 299

تبت الهيئة القضائية في الطلبات الرامية إلى تأجيل القضية إلى تاريخ لاحق.

إذا كان جميع الأطراف حاضرين أو ممثلين في الجلسة، فيمكن للمحكمة أن تؤجل القضية إلى تاريخ تحدده على الفور وتشعر به الأطراف دون حاجة لتسليم استدعاءات جديدة.

يمكن للمحكمة ـ إذا دعت الضرورة ـ أن تؤجل القضية لأجل غير معين، غير أنه يجب في هذه الحالة تجديد استدعاء الأطراف للحضور من جديد.

## المادة 300

يجب تحت طائلة البطلان أن تتم إجراءات البحث والمناقشات في جلسة علنية ما عدا في الحالات المنصوص عليها في المادتين 301 و302 بعده.

لا يمكن إثارة هذا البطلان فيما بعد إلا إذا طلب ممثل النيابة العامة أو الطرف المدني أو المتهم تسجيل الإشهاد بعدم علنية الجلسة.

## المادة 301

يمكن للرئيس أن يمنع الأحداث أو بعضهم من دخول قاعة الجلسات إذا ارتأى أن حضورهم فيها غير مناسب.

## المادة 302

إذا اعتبرت المحكمة أن في علنية الجلسة خطرا على الأمن أو على الأخلاق، أصدرت مقرراً بجعل الجلسة سرية.

إذا تقررت سرية الجلسة للأسباب المذكورة في الفقرة السابقة، فإنها تشمل أيضا تلاوة أي حكم يبت في نزاع عارض طرأ أثناء البحث أو المناقشات.

## المادة 303

يمكن للرئيس بعد أخذ رأي النيابة العامة أن يأذن باستعمال آلات التصوير أو التسجيل أو الإرسال أو الالتقاط أو الاتصال المختلفة، بقاعة الجلسات أو في أي مكان آخر يجري به تحقيق قضائي. ويعاقب عن مخالفة هذه المقتضيات بغرامة تتراوح بين خمسة آلاف وخمسين ألف درهم، وتصادر المحكمة الآلات والأشرطة عند الاقتضاء.

يعاقب بنفس العقوبة كل من يقوم بتصوير شخص في حالة اعتقال أو يحمل أصفاداً أو قيوداً دون موافقة منه. وكل من يقوم بنشر صورة أخذت في الظروف المذكورة دون إذن صاحبها.

يتعرض لنفس العقوبة كل من يقوم بأية وسيلة كانت بنشر تحقيق أو تعليق أو استطلاع للرأي يتعلق بشخص تجري في حقه مسطرة قضائية بصفته متهماً أو ضحية دون موافقة منه، سواء كان معيناً باسمه أو بصورته أو يمكن التعرف عليه من إشارات أو رموز استعملت في النشر.

تجري المتابعة في الحالتين المشار إليهما في الفقرتين السابقتين بناء على شكاية من المعني بالأمر.

يعاقب عن الأفعال المشار إليها في هذه المادة إذا تم ارتكابها قبل إدانة الشخص المعني بالأمر بحكم مكتسب لقوة الشيء المقضي به.

## المادة 304

يتحقق الرئيس في كل قضية من هوية المتهم، وينادي على الشهود، ويتأكد من حضور الطرف المدني والمسؤول عن الحقوق المدنية والخبراء والترجمان.

يأمر بانسحاب الشهود والخبراء.

يشرع آنذاك في دراسة الدعوى.

تشمل دراسة الدعوى البحث والمناقشات.

## المادة 305

يشمل بحث القضية استنطاق المتهم إن كان حاضرا والاستماع إلى الشهود والخبراء وتقديم أدوات الاقتناع عند الاقتضاء.

يحرر كاتب الضبط في كل قضية محضرا يلخص فيه أهم ما جاء في أجوبة المتهمين وتصريحات الشهود، ويذكر فيه باختصار المسائل العارضة التي قد تكون نشأت أثناء المناقشات، ويشير فيه إلى المطالب الملتمس تسجيلها والمرافعات ووسائل الدفاع المثارة من قبل الأطراف أو دفاعهم وما آلت إليه تلك المطالب ويضمنه منطوق المقررات الصادرة عن الهيئة. ويوقع على المحضر كل من الرئيس وكاتب الضبط.

يمكن للنيابة العامة والأطراف أو دفاعهم أن يطلبوا من الرئيس أمر كاتب الضبط بتلاوة المحضر أو جزء منه وتضمين المحضر ما وقع إغفاله.

يفترض أن الإجراءات المقررة قانونيا لسير الجلسات قد استكملت ولا تسقط هذه القرينة إلا إذا ورد في المحضر أو في المقرر أو في طلب يرمي إلى تسجيل ذلك، ما يستنتج منه صراحة عدم استكمال تلك الإجراءات.

## المادة 306

تجري المناقشات بعد انتهاء البحث، ما لم يتقرر خلاف ذلك بمقتضى قانون خاص، أو بأمر من الرئيس حسب الترتيب الآتي:

- يقدم الطرف المدني إن وجد طلبه بالتعويض عن الضرر؛

- تقدم النيابة العامة ملتمساتها؛

- يعرض المتهم دفاعه وكذا المسؤول عن الحقوق المدنية عند الاقتضاء؛

- يكون المتهم آخر من يتكلم.

يعلن الرئيس بعد ذلك عن انتهاء المناقشات.

## المادة 307

إذا تعذر إنهاء بحث القضية أو المناقشات أثناء جلسة واحدة، قررت المحكمة مواصلتها في تاريخ معين تحدده فورا.

إذا دعت الضرورة إلى تأجيل القضية لتاريخ غير محدد، وجب استدعاء الأطراف للحضور من جديد.

# الفرع الرابع: الاستدعاء وحضور المتهمين

## المادة 308

يسلم الاستدعاء بالحضور للمتهم وللمسؤول المدني والطرف المدني طبق الشروط المنصوص عليها في الفصول 37 و38 و39 من قانون المسطرة المدنية.

يتضمن الاستدعاء، تحت طائلة البطلان، بيان اليوم والساعة ومحل انعقاد الجلسة ونوع الجريمة وتاريخ ومحل ارتكابها والمواد القانونية المطبقة بشأنها.

## المادة 309

يتعرض للإبطال الاستدعاء والحكم إذا لم يفصل بين تاريخ تبليغ الاستدعاء واليوم المحدد للحضور بالجلسة أجل ثمانية أيام على الأقل.

إذا كان المتهم أو أحد الأطراف الآخرين يقيمون خارج المملكة، فلا يمكن أن يقل الأجل المذكور عن:

- شهرين إن كانوا يسكنون بباقي دول المغرب العربي أو بدولة من دول أوربا؛

- ثلاثة أشهر إن كانوا يسكنون بدولة غير الدول المنصوص عليها في الفقرة السابقة.

## المادة 310

يتعين تقديم كل استدلال ببطلان الاستدعاء قبل إثارة أي دفع أو دفاع في جوهر الدعوى وإلا سقط الحق في تقديمه.

غير أنه إذا حضر المتهم في الجلسة بنفسه أو بواسطة محاميه فله إثارة بطلان الاستدعاء، ويمكنه أن يطلب من المحكمة إصلاح ما يكون قد شاب الاستدعاء من أخطاء أو استيفاء أي نقص فيه. وفي هذه الحالة يتعين على المحكمة منحه أجلاً لتهيئ دفاعه قبل البدء في مناقشة القضية.

## المادة 311

يحضر المتهمون شخصياً، ما لم تعفهم المحكمة من الحضور طبقاً للفقرة الثانية من المادة 314 بعده.

## المادة 312

يتعين على كل متهم أن يحضر في الجلسة، باستثناء الحالات المنصوص عليها في المادة 311 والفقرة الثانية من المادة 314 بعده.

إذا تخلف المتهم عن الحضور، طبقت بشأنه المادة 314 والمادة 391 وما يليها إلى غاية المادة 395 بعده أو المسطرة الغيابية في القضايا الجنائية.

يمكن في القضايا الجنحية إحضار المتهم المعتقل للجلسة بدون سابق استدعاء وإصدار حكم حضوري في حقه.

غير أنه إذا كان المتهم في وضعية صحية يتعذر عليه فيها حضور الجلسة، ووجدت أسباب خطيرة لا يمكن معها تأجيل الحكم في القضية، فإن المحكمة تكلف بمقتضى مقرر خاص ومعلل أحد أعضائها بمساعدة كاتب الضبط، لاستنطاق المتهم في المكان الذي يوجد به.

تحدد المحكمة عند الاقتضاء الأسئلة التي يقترحها القضاة والنيابة العامة والأطراف.

يتم الاستنطاق بمحضر محامي المتهم عند الاقتضاء.

يطرح القاضي على المتهم الأسئلة التي يراها ضرورية والأسئلة التي حددتها هيئة المحكمة والأسئلة التي يمكن أن يتقدم بها دفاع المتهم.

تستأنف المناقشات بعد تحديد جلسة يستدعى لها المتهم أو يشعر بها من طرف القاضي الذي قام باستنطاقه. ويشار إلى الإشعار بمحضر الاستنطاق.

إذا لم يحضر المتهم للجلسة المذكورة، يكون المقرر الصادر في حقه بمثابة حضوري.

يحرر كاتب الضبط محضر استنطاق ويتلوه بالجلسة بأمر من الرئيس، ويكون محتواه محل مناقشة علنية.

## المادة 313

إذا كان المتهم حاضراً في الجلسة عند المناداة على القضية، فلا يمكنه بعد ذلك أن يعتبر غائبا ولو في حالة انسحابه من الجلسة أو امتناعه عن الدفاع عن نفسه.

## المادة 314

إذا لم يحضر الشخص المستدعى قانونيا في اليوم والساعة المحددين في الاستدعاء، حوكم غيابيا ما عدا في الأحوال الآتية:

- إذا طلب المتهم شخصياً أو بواسطة محاميه أن تجرى المناقشات في غيبته، وارتأت المحكمة عدم ضرورة حضوره شخصيا، فإنها تستغني عن حضوره ويكون حكمها بمثابة حضوري؛

- لا يمكن أن يقبل من أي شخص اعتباره غائبا إذا كان حاضراً في الجلسة؛

- إذا تسلم المتهم الاستدعاء شخصيا بصفة قانونية وتغيب عن الحضور من غير أن يبرر تخلفه بعذر مشروع، يمكن أن يحكم عليه ويكون الحكم الصادر بمثابة حضوري؛

مديرية التشريع          وزارة العدل والحريات          المملكة المغربية

- إذا صرح المتهم بعد صدور حكم تمهيدي حضوري قضى برفض مطالبه في نزاع عارض بأنه يعتبر نفسه متغيبا قبل الاستماع إلى النيابة العامة، فإن الحكم الذي يصدر في جوهر الدعوى يكون حضورياً؛

- يسري نفس الحكم في حالة المتابعة بعدة تهم إذا قبل المتهم حضور المناقشة في شأن تهمة واحدة أو عدة تهم، وصرح بأنه يعتبر نفسه بمثابة المتغيب فيما يتعلق بالتهم الأخرى، وكذلك إذا أعلم بتأجيل القضية قصد النطق بالحكم لجلسة محددة التاريخ؛

- تطبق مقتضيات هذه المادة على الطرف المدني وعلى المسؤول عن الحقوق المدنية.

## المادة 315

يمكن لكل متهم أو ممثله القانوني أن يستعين بمحام في سائر مراحل المسطرة.

تسري مقتضيات المادة 421 بعده في شأن الاتصال بالمحامي والاطلاع على الملف والحصول على نسخ من وثائق الملف.

## المادة 316

تكون مؤازرة المحامي إلزامية في الجنايات أمام غرفة الجنايات.

تكون إلزامية أيضا في القضايا الجنحية في الحالات الآتية:

1- إذا كان المتهم حدثا يقل عمره عن ثمانية عشر عاما أو أبكما أو أعمى أو مصابا بأية عاهة أخرى من شأنها الإخلال بحقه في الدفاع عن نفسه؛

2- في الأحوال التي يكون فيها المتهم معرضاً للحكم عليه بالإبعاد.

3- في الحالة المنصوص عليها في الفقرة الرابعة من المادة 312 أعلاه.

## المادة 317

إذا لم يتم اختيار أي محام أو تعيينه، أو إذا تخلف المحامي المختار أو المعين عن حضور المناقشات، أو رفض القيام بمهمته أو وضع حداً لها، فإن رئيس الجلسة يعين على الفور محاميا آخر في الأحوال التي تكون فيها مؤازرته للمتهم إلزامية.

## المادة 318

يأمر الرئيس بإحضار المتهم.

إذا كان هذا الأخير يتكلم لغة أو لهجة أو لسانا يصعب فهمه على القضاة أو على الأطراف أو الشهود، أو إذا اقتضت الضرورة ترجمة مستند أدلي به للمناقشة، عين الرئيس تلقائيا ترجماناً، وإلا ترتب عن الإخلال بذلك البطلان، وتطبق على الترجمان مقتضيات المادة 120.

يمكن للمتهم أو للنيابة العامة أو الطرف المدني أو المسؤول عن الحقوق المدنية أن يجرحوا الترجمان وقت تعيينه مع بيان موجب تجريحه، وتبت المحكمة في هذا الطلب بمقرر غير قابل لأي طعن.

إذا كان المتهم أصما أو أبكما، تعين تغيير سير المناقشات على نحو يمكنه من تتبعها بصورة مجدية، وتراعى في ذلك أحكام المادة 121 أعلاه.

## المادة 319

يستجوب الرئيس المتهم عن هويته ويخبره بالتهمة الموجهة إليه.

## المادة 320

يأمر الرئيس بالمناداة على الشهود عند الاقتضاء، ويدعوهم لمغادرة القاعة، ثم يستنطق المتهم في جوهر القضية.

## المادة 321

يمكن للرئيس أن يأمر بتلاوة محاضر المعاينة ومحاضر التفتيش أو الحجز وتقارير الخبراء، وكذا جميع الوثائق المفيدة لإظهار الحقيقة.

للرئيس أيضاً عند استنطاق المتهم أن يأمر بتلاوة الاستنطاقات التي أجريت أثناء التحقيق، ولو تعلق الأمر بجرائم مرتبطة بالجريمة موضوع المحاكمة.

إذا حدث نزاع عارض بتت فيه المحكمة.

## المادة 322

يمكن للنيابة العامة وللأطراف أو لمحاميهم أن يلقوا أسئلة على المتهم بواسطة الرئيس أو بإذن منه، وكذا الشأن بالنسبة للقضاة في هيئات القضاء الجماعي.

إذا امتنع الرئيس من إلقاء سؤال وطرأ بشأنه نزاع عارض، بتت فيه المحكمة.

## المادة 323

يجب تحت طائلة السقوط، أن تقدم قبل كل دفاع في جوهر الدعوى، ودفعة واحدة، طلبات الإحالة بسبب عدم الاختصاص ـ ما لم تكن بسبب نوع الجريمة ـ وأنواع الدفع المترتبة إما عن بطلان الاستدعاء أو بطلان المسطرة المجراة سابقا، وكذا المسائل المتعين فصلها أولياً.

يتعين على المحكمة البت في هذه الطلبات فوراً، ولها بصفة استثنائية تأجيل النظر فيها بقرار معلل إلى حين البت في الجوهر.

تواصل المحكمة المناقشات، ويبقى حق الطعن محفوظا ليستعمل في آن واحد مع الطعن في الحكم الذي يصدر في جوهر الدعوى.

## المادة 324

إذا أثير البطلان في غير الأحوال المشار إليها في المادة 227 أعلاه، فيمكن للمحكمة المحالة إليها القضية، بعد الاستماع إلى النيابة العامة والأطراف، أن تصدر حكما بإبطال الوثائق التي تعتبرها مشوبة بالبطلان.

يجب أن تقدم طلبات الإبطال المثارة من الأطراف دفعة واحدة قبل استنطاق المتهم في موضوع الدعوى، وذلك تحت طائلة سقوط الحق في تقديمها.

يمكن للأطراف أن يتنازلوا عن التمسك بالدفع بالبطلان إذا لم يكن مقررا إلا لمصلحتهم فقط، ويجب أن يكون هذا التنازل صريحا، ولا يقبل تنازل المتهم إلا بحضور محاميه أو بعد استدعائه بصفة قانونية.

إذا اقتصرت المحكمة على إبطال بعض الإجراءات فقط، فيجب أن تصرح بسحبها من المناقشات، وتأمر بحفظها في كتابة الضبط. وتطبق عندئذ مقتضيات المادة 213 أعلاه.

إذا أدى بطلان الإجراء إلى بطلان الإجراءات اللاحقة كلا أو بعضا، فإن المحكمة تأمر بإجراء تحقيق تكميلي إذا ارتأت أنه بالإمكان تدارك البطلان. وفي حالة العكس، تحيل المحكمة القضية إلى النيابة العامة، وتبت علاوة على ذلك، وعند الاقتضاء، في شأن الاعتقال الاحتياطي أو المراقبة القضائية.

## الفرع الخامس: الاستماع إلى الشهود و الخبراء

## المادة 325

يتعين على كل شخص استدعي بصفته شاهداً أن يحضر ويؤدي اليمين، عند الاقتضاء، ثم يؤدي شهادته.

يستدعى الشاهد تلقائياً من طرف المحكمة أو بناء على طلب النيابة العامة أو الطرف المدني أو المتهم أو المسؤول عن الحقوق المدنية، إما برسالة مضمونة مع إشعار بالاستلام، و إما باستدعاء يبلغه عون التبليغ أو عون قضائي، وإما بالطريقة الإدارية.

ينص في الاستدعاء على أن القانون يعاقب على عدم الحضور كما يعاقب على شهادة الزور.

## المادة 326

لا يمكن استدعاء أعضاء الحكومة وكتاب الدولة ونواب كتاب الدولة بصفة شهود إلا بإذن من المجلس الوزاري على إثر تقرير يقدمه وزير العدل.

إذا منح هذا الإذن، فتتلقى الشهادة وفقا للإجراءات العادية.

إذا لم يطلب الحضور، أو لم يؤذن فيه، فإن الشهادة يتلقاها كتابة بمنزل الشاهد الرئيس الأول لمحكمة الاستئناف، أو قاض ينتدبه إذا كان الشاهد مقيما خارج دائرة نفوذ المحكمة.

ويستعين الرئيس الأول أو القاضي المعين من قبله بكاتب للضبط.

ولهذه الغاية توجه المحكمة المحالة إليها القضية إلى الرئيس الأول أو القاضي المنتدب ملخص الوقائع والطلبات والأسئلة المطلوب أداء الشهادة فيها.

تسلم الشهادة فورا إلى كتابة ضبط المحكمة التي تم تلقي الشهادة بدائرة نفوذها، أو ترسل مغلقة ومختوما عليها إلى كتابة ضبط المحكمة التي طلبت أداء الشهادة، وتبلغ فورا إلى النيابة العامة وكذا للأطراف الذين يهمهم الأمر.

تتلى الشهادة بالجلسة العلنية وتعرض على المناقشة، وإلا ترتب عن ذلك البطلان.

## المادة 327

تطلب الشهادة التي يؤديها كتابة ممثل دولة أجنبية من المعني بالأمر بواسطة الوزارة المكلفة بالشؤون الخارجية.

إذا قبل الطلب، يتلقى الشهادة الرئيس الأول لمحكمة الاستئناف أو القاضي الذي يعينه لهذه الغاية.

تتم الإجراءات وفقاً للمقتضيات المنصوص عليها في المادة 326 أعلاه.

## المادة 328

يأمر الرئيس الشهود بالانسحاب إلى القاعة المعدة لهم، ولا يغادرونها إلا لأداء شهادتهم.

يتخذ الرئيس، عند الاقتضاء، جميع التدابير لمنع الشهود من التحدث بشأن القضية سواء فيما بينهم أو فيما بينهم وبين المتهم.

## المادة 329

بعد انسحاب الشهود، يتولى الرئيس استنطاق المتهمين حسب الترتيب الذي يراه ملائما دون أن يكشف عن رأيه الخاص.

لا يمكن للقضاة المستشارين ولا للنيابة العامة ولا للطرف المدني ولا لمحامي المتهم أن يلقوا أسئلة على المتهم إلا بعد استنطاقه من الرئيس وتلقى الأسئلة بواسطته أو مباشرة بعد الحصول على إذنه.

## المادة 330

يستمع إلى الشهود فرادى بعد استنطاق المتهم.

يستفسر الرئيس كل شاهد عن اسمه العائلي واسمه الشخصي وسنه وحالته ومهنته ومحل إقامته، وعند الاقتضاء، عن قبيلته وعن فخذته الأصلية، وما إذا كانت تربطه بالمتهم أو الطرف المدني قرابة أو مصاهرة ودرجتهما أو علاقة عمل أو كانت تربطه بهما أية علاقة أو بينهما عداوة أو خصومة.

ويسأله كذلك عما إذا كان محروما من أهلية أداء الشهادة.

## المادة 331

يؤدي الشاهد قبل الإدلاء بشهادته اليمين المنصوص عليها في المادة 123 أعلاه، ويترتب عن الإخلال بذلك بطلان الحكم أو القرار.

يمكن أن تتلى عليه قبل أدائه اليمين المقتضيات القانونية القاضية بالمعاقبة على شهادة الزور.

## المادة 332

يستمع إلى الأحداث الذين يقل سنهم عن 18 سنة دون أداء اليمين، وكذلك الشأن فيما يخص المحكوم عليهم بعقوبة جنائية والمحرومين من الإدلاء بالشهادة أمام العدالة.

يعفى من اليمين أصول المتهم وفروعه وزوجه، وتعتبر تصريحاتهم مجرد معلومات.

غير أن أداء اليمين من شخص معفى منها أو لا أهلية له، أو محروم من أداء الشهادة، لا يعد سببا للبطلان، ما لم تكن النيابة العامة أو أحد الأطراف قد اعترض على ذلك.

## المادة 333

لا يتعين على الشاهد الذي يستمع إليه عدة مرات أثناء متابعة نفس المناقشات تجديد يمينه، غير أن الرئيس يذكره عند الاقتضاء باليمين التي سبق له أن أداها.

## المادة 334

لا يمكن سماع شهادة محامي المتهم حول ما علمه بهذه الصفة.

يمكن الاستماع إلى الأشخاص المقيدين بالسر المهني، وفق الشروط وفي نطاق الحدود المقررة في القانون.

## المادة 335

إذا كان الشاهد يتكلم لغة أو لهجة أو لسانا يصعب فهمه، طبقت في شأنه مقتضيات المادة 120 من هذا القانون.

إذا كان الشاهد أصما أو أبكما، تطبق في حقه مقتضيات المادة 121 من هذا القانون.

## المادة 336

يؤدي الشهود شهادتهم حسب الترتيب المعد من الطرف الذي طلب شهادتهم.

يستمع أولا إلى الشهود المطلوبة شهادتهم من طرف طالبي المتابعة.

غير أنه يمكن للرئيس أن يقرر خلاف ذلك.

## المادة 337

يؤدي الشاهد شهادته شفهياً، ويمكنه بصفة استثنائية أن يستعين بمذكرات بإذن من رئيس الهيئة.

بعد أداء كل شهادة، يسأل الرئيس المتهم عما إذا كان لديه ما يقوله ردا على ما وقع الإدلاء به، ويطرح على الشاهد الأسئلة التي يراها ضرورية، وعند الاقتضاء، الأسئلة التي تقترح عليه من القضاة المستشارين و من النيابة العامة ثم من الأطراف أو يؤذن لهم بطرحها مباشرة.

## المادة 338

يجب على كاتب الضبط أن ينص في محضر الجلسة على هوية الشهود وعلى اليمين التي أديت. ويترتب عن الإخلال بذلك بطلان الحكم أو القرار.

يلخص علاوة على ذلك أهم ما جاء في شهادتهم.

## المادة 339

إذا لم يحضر شاهد استدعي بصفة قانونية وظهر أن تصريحه لا يستغنى عنه، فإن المحكمة يمكنها بناء على ملتمس من النيابة العامة أو تلقائيا أن تأمر بإحضار هذا الشاهد حالا باستعمال القوة العمومية ليستمع إليه، كما يمكنها أن تؤجل القضية إلى جلسة مقبلة.

وفي هذه الحالة الأخيرة، فإن الشاهد المتخلف يتحمل جميع المصاريف الجديدة المترتبة عن التبليغ وتنقل الشهود وغير ذلك مما يحتاج إليه للحكم في القضية، ما لم يبرر تخلفه بعذر مقبول، ويجبر على الأداء مع تحديد مدة الإكراه البدني بناء على ملتمس النيابة العامة، وذلك بموجب القرار الذي تم بمقتضاه تأجيل القضية.

وتحكم المحكمة بالغرامة المنصوص عليها في المادة 128 أعلاه على الشاهد الذي يتخلف أو يرفض إما أداء اليمين أو الإدلاء بتصريحه، ولو لم يترتب عن عدم الحضور تأجيل القضية.

يمكن للشاهد المحكوم عليه من أجل عدم الحضور أن يتعرض على القرار داخل خمسة أيام من يوم التبليغ له شخصياً أو في موطنه، وتبت المحكمة في هذا التعرض.

## المادة 340

يأمر الرئيس إما تلقائيا أو بطلب من النيابة العامة أو أحد الأطراف، كاتب الضبط، بوضع محضر يسجل فيه ما قد يرد من زيادة أو تبديل أو اختلاف عند المقارنة بين شهادة الشاهد وتصريحاته السابقة.

يضاف هذا المحضر إلى محضر المناقشات.

## المادة 341

يجب على كل شاهد أن يبقى في القاعة بعد أداء شهادته إلى أن تنتهي المناقشات، ما لم يقرر الرئيس خلاف ذلك.

## المادة 342

يمكن للرئيس إما تلقائيا أو بطلب من النيابة العامة أو الأطراف، أن يأمر بانسحاب الشهود الذين يعينهم، وأن يرجع إلى القاعة أحدهم أو البعض منهم، وأن يستمع إليهم من جديد إما على حدة أو بحضور الآخرين، وله أن يجري مواجهة فيما بينهم أو أن يستغني عن ذلك.

## المادة 343

يمكن للرئيس قبل الاستماع إلى الشاهد أو أثناء أو عقب ذلك، أن يأمر بإخراج أحد المتهمين أو البعض منهم ليستمع إليهم فيما بعد على التوالي حول إحدى خصوصيات القضية، ولا يواصل بحث القضية إلا بعد أن يخبر كل متهم بما راج في غيبته.

## المادة 344

يقوم الرئيس خلال أداء الشهادات أو عقبها بعرض جميع أدوات الاقتناع على المتهم ويسأله حول تعرفه عليها، ويعرضها كذلك عند الاقتضاء على الشهود أو الخبراء.

## المادة 345

يؤدي الخبراء غير المحلفين اليمين التالية أمام المحكمة:

« أقسم بالله العظيم على أن أقدم مساعدتي للعدالة وفق ما يقتضيه الشرف والضمير ».

يستمع إلى الخبراء بالجلسة ويعرضون نتائج العمليات التقنية التي قاموا بها، ويمكنهم أثناء الاستماع إليهم أن يطلعوا على تقريرهم و على ملحقاته.

يمكن للرئيس إما تلقائيا أو بطلب من النيابة العامة أو من الأطراف أو محاميهم، أن يطرح على الخبراء كل الأسئلة التي تدخل في نطاق المهمة المعهود بها إليهم، أو يأذن لهم بطرحها مباشرة.

يحضر الخبراء المناقشات بعد الاستماع إليهم ما لم يعفهم الرئيس من ذلك، وما لم تعترض النيابة العامة أو الأطراف.

## المادة 346

إذا عارض شخص استمع إليه أثناء جلسة الحكم بصفته شاهدا أو على سبيل الاستئناس فيما ورد بمستنتجات أحد الخبراء أو تقدم ببيانات تقنية جديدة، فإن الرئيس يطلب من الخبير ومن النيابة العامة والأطراف عند الاقتضاء أن يقدموا ملاحظاتهم.

تصرح المحكمة بقرار معلل إما بصرف النظر عن المنازعة ومواصلة المناقشات، وإما بتأجيل القضية إلى تاريخ لاحق، وفي هذه الحالة الأخيرة، يمكن للمحكمة أن تقرر كل تدبير تراه مفيدا بالنسبة لإجراء الخبرة.

## المادة 347

يتحمل المتهمون مصاريف استدعاء الشهود المستمع إليهم بطلب منهم ومبالغ التعويضات المؤداة لهؤلاء الشهود.

غير أنه يمكن للنيابة العامة أن تستدعي بطلب منها الشهود الذين يعينهم المتهم المعوز، في حالة ما إذا ارتأت أن تصريحهم مفيد لإظهار الحقيقة.

## المادة 1-347 [51]

إذا كانت هناك أسباب جدية تؤكدها دلائل على أن حضور الشاهد للإدلاء بشهادته أو مواجهته مع المتهم، من شأنها أن تعرض حياته أو سلامته الجسدية أو مصالحه الأساسية أو حياة أفراد أسرته أو أقاربه أو سلامتهم الجسدية للخطر أو مصالحهم الأساسية، جاز للمحكمة بناء على ملتمس النيابة العامة أن تأذن بتلقي شهادته بعد إخفاء هويته بشكل يحول دون التعرف عليه. كما يمكنها الإذن باستعمال الوسائل التقنية التي تستعمل في تغيير الصوت من أجل عدم التعرف على صوته، أو الاستماع إليه عن طريق تقنية الاتصال عن بعد.

## المادة 2-347

تطبق أمام هيئة الحكم مقتضيات القسم الثاني المكرر من الكتاب الأول من هذا القانون، المتعلقة بحماية الضحايا والشهود والخبراء والمبلغين.

# الفرع السادس: المطالبة بالحق المدني وآثارها

## المادة 348

لكل شخص يدعي أنه تضرر من جريمة أن يتقدم بصفته طرفا مدنيا أمام هيئة الحكم، ما لم يكن قد سبق له أن انتصب طرفاً مدنياً أمام قاضي التحقيق وفق الشروط المنصوص عليها في المادة 92 وما بعدها لغاية المادة 96 أعلاه.

## المادة 349

يجب أن يستدعى أمام هيئة الحكم الطرف المدني الذي سبق أن تقدم بطلبه إلى هيئة التحقيق. ويشترط لصحة تقديم طلب التعويض أمام هيئة الحكم، أن يودع الطرف المدني لزوماً قبل الجلسة بكتابة الضبط أو أثناءها بين يدي الرئيس مذكرة مرفقة بصورة لوصل أداء الرسم القضائي الجزافي، وأن يحدد مطالبه الأساسية ومبلغ التعويض المطلوب.

---

51 - تم تتميم الفرع الخامس من الباب الأول من القسم الثالث من الكتاب الثاني من قانون المسطرة الجنائية بالمادتين 1-347 و2-347 أعلاه بمقتضى المادة الثانية من القانون رقم 37.10، سالف الذكر.

## المادة 350

يمكن للشخص المتضرر الذي لم يتدخل أمام هيئة التحقيق أن يتقدم بصفته طرفاً مدنياً أمام هيئة الحكم، إما حسب الشكل المنصوص عليه في المادة السابقة وإما بتصريح شفهي يسجله كاتب الضبط بالجلسة. وينذر لأداء الرسم القضائي الجزافي.

إذا أقام الطرف المدني دعواه عن طريق إيداع مذكرة، تعين أن تتضمن هذه المذكرة البيانات الكفيلة للتعريف به، وأن تبين الجريمة المترتب عنها الضرر ومبلغ التعويض المطلوب، والأسباب المبررة للطلب، وأن تحتوي على تعيين موطن مختار في المكان الذي يوجد فيه مقر المحكمة ما لم يكن الطالب مقيما بدائرة نفوذها.

في حالة عدم تعيين الموطن المختار، لا يمكن للطرف المدني أن يحتج بعدم تبليغه الإجراءات التي كان يتعين تبليغها له وفق نصوص القانون.

## المادة 351

إذا أقيمت الدعوى المدنية ضد قاض أو موظف عمومي أو عون تابع للسلطة أو القوة العمومية وتبين احتمال قيام مسؤولية الدولة عن أعمال تابعها، فإنه يتعين على المحكمة إشعار الوكيل القضائي للمملكة وفقا للشكل المنصوص عليه في الفصول 37 و38 و39 من قانون المسطرة المدنية.

## المادة 352

لا يجوز للأشخاص الذين ليست لهم أهلية ممارسة حقوقهم المدنية، أن يقيموا الدعوى المدنية إلا بإذن من ممثلهم القانوني أو بمساعدته.

## المادة 353

إذا كان الشخص الذي يدعي الضرر غير مؤهل لتقديم الطلب بنفسه بسبب مرض عقلي أو بسبب قصوره، ولم يكن له ممثل قانوني، فللمحكمة أن تعين له لهذا الغرض وكيلا خصوصيا بناء على ملتمس من النيابة العامة.

يمكن لرئيس الهيئة المحالة عليها أفعال ارتكبها في حق قاصر ممثله القانوني، أن يعين له وكيلاً خصوصياً ليقوم بتقديم المطالب المدنية لفائدته.

## المادة 354

يمكن إقامة الدعوى المدنية في سائر مراحل المسطرة إلى غاية اختتام المناقشات.

غير أن الشخص الذي استمع إليه بالجلسة بصفته شاهدا بعد أدائه اليمين، لا يمكنه بعد ذلك أن يتقدم بصفته طرفا مدنيا.

## المادة 355

إذا تنازل الطرف المدني قبل صدور الحكم، فلا يلزم بالصوائر المؤداة بعد تنازله.

## المادة 356

لا يحول تنازل الطرف المدني عن طلبه دون إقامته الدعوى المدنية بعد ذلك أمام المحكمة المدنية المختصة.

# الفرع السابع: إثارة الضوضاء في الجلسة والإخلال بنظامها

## المادة 357

إذا عبر شخص أو عدة أشخاص من الحاضرين علانية عن مشاعرهم، أو أحدثوا اضطرابا أو حرضوا على الضوضاء بوسيلة ما بقاعة الجلسة أو بأي محل آخر يباشر فيه علنيا تحقيق قضائي، أمر رئيس الهيئة بطردهم، وذلك بقطع النظر عن المتابعات التي يتعرضون إليها عملاً بمقتضيات المواد 359 إلى 361 من هذا القانون.

وينص في المحضر على الحادث وعلى أمر الرئيس.

## المادة 358

إذا كان المتهم هو نفسه الذي أحدث الاضطراب، أمر رئيس المحكمة بطرده من الجلسة، وتتابع المناقشات في غيبته.

فإذا كان معتقلا نقل إلى المؤسسة السجنية، ويتعين على كاتب الضبط، عند الاقتضاء، أن ينتقل عقب الجلسة إلى هذه المؤسسة ويتلو عليه محضر المناقشات وملتمسات النيابة العامة وكذا الأحكام أو القرارات التمهيدية الصادرة منذ طرده.

ينقل المتهم من جديد إلى الجلسة عند انتهاء المناقشات، حيث يصدر الحكم أو القرار بحضوره.

إذا كان المتهم غير معتقل، فيحتفظ به تحت حراسة القوة العمومية رهن إشارة المحكمة إلى غاية انتهاء المناقشات، ثم ينقل بعدئذ إلى الجلسة حيث يصدر الحكم أو القرار بحضوره.

تكون الأحكام أو القرارات الصادرة ضمن الشروط المقررة في هذه المادة حضورية.

## المادة 359

إذا ارتكبت أثناء الجلسة جريمة لها وصف مخالفة، يأمر رئيس المحكمة بتحرير محضر في شأنها ويستجوب مرتكبها ويستمع للشهود.

تطبق الهيئة القضائية حالا العقوبات المقررة في القانون بناء على ملتمسات النيابة العامة.

لا يمكن الطعن في هذا الحكم بأية وسيلة من وسائل الطعن.

## المادة 360

إذا كان للجريمة المرتكبة وصف جنحة، طبقت عليها نفس الإجراءات المقررة في المادة 361 الآتية بعده.

## المادة 361

إذا كان للجريمة المرتكبة وصف جناية، أمرت الهيئة القضائية بتحرير محضر بالوقائع، وأحالت فورا مرتكب الفعل بواسطة القوة العمومية والمستندات إلى النيابة العامة المختصة.

# الباب الثاني: الأحكام والقرارات والأوامر وآثارها

## المادة 362

إذا كانت القضية غير جاهزة للحكم، أمرت المحكمة بتأجيلها لمتابعة دراستها بجلسة أخرى يحدد تاريخها، ولا يجوز تأجيل النظر في القضية دون مبرر جدي مقبول .

يمكن للمحكمة أن تأمر بإجراء تحقيق تكميلي، وفي هذه الحالة تعين أحد أعضائها للقيام بالتحقيق وفقاً لمقتضيات القسم الثالث من الكتاب الأول من هذا القانون.

يبت في شأن الإفراج المؤقت وفي شأن الوضع تحت المراقبة القضائية ضمن الشروط المنصوص عليها في المادة 178 أعلاه.

## المادة 363

تصدر مقررات الهيئات الجماعية بأغلبية أعضاء الهيئة.

إذا تعذر إصدار الحكم في الحال، يتعين جعل القضية في المداولة لمدة لا تتجاوز خمسة عشر يوما وفي هذه الحالة يحدد الرئيس تاريخ النطق بالحكم ويعلم به الأطراف ويصدر حكمه في الموعد المحدد.

## المادة 364

تكون الأحكام والقرارات والأوامر الصادرة عن هيئات الحكم محررة ومعللة بأسباب.

يتلى منطوق كل حكم أو قرار أو أمر في جلسة علنية، ما لم تنص على خلاف ذلك مقتضيات خاصة.

<span style="font-size:smaller">يقصد بمصطلح مقرر في مفهوم هذا القانون كل حكم أو قرار أو أمر صادر عن هيئة قضائية.</span>

## المادة 365

يجب أن يستهل كل حكم أو قرار أو أمر بالصيغة الآتية:

المملكة المغربية ـ باسم جلالة الملك وطبقا للقانون[52].

ويجب أن يحتوي على ما يأتي:

1- بيان الهيئة القضائية التي أصدرته؛

2- تاريخ صدوره؛

3- بيان أطراف الدعوى المحكوم فيها مع تعيين الاسم العائلي والشخصي للمتهم وتاريخ ومحل ولادته وقبيلته وفخذته ومهنته ومحل إقامته وسوابقه القضائية ورقم بطاقة تعريفه عند الاقتضاء؛

4- كيفية وتاريخ الاستدعاء الموجه للأطراف إن اقتضى الحال؛

5- بيان الوقائع موضوع المتابعة وتاريخها ومكان اقترافها؛

6- حضور الأطراف أو غيابهم وكذا تمثيلهم إن اقتضى الحال والصفة التي حضروا بها ومؤازرة المحامي؛

7- حضور الشهود والخبراء والتراجمة عند الاقتضاء؛

8- الأسباب الواقعية والقانونية التي ينبني عليها الحكم أو القرار أو الأمر ولو في حالة البراءة؛

9- بيان مختلف أنواع الضرر التي قبل التعويض عنها في حالة مطالبة طرف مدني بالتعويض عن الضرر الحاصل بسبب الجريمة؛

10- منطوق الحكم أو القرار أو الأمر؛

11- تصفية المصاريف مع تحديد مدة الإكراه البدني إن اقتضى الحال؛

12- اسم القاضي أو القضاة الذين أصدروا الحكم أو القرار أو الأمر واسم ممثل النيابة العامة وكاتب الضبط؛

13- توقيع الرئيس الذي تلا الحكم أو القرار أو الأمر وتوقيع كاتب الضبط الذي حضر الجلسة.

## المادة 366

يبين في منطوق كل حكم أو قرار أو أمر ما إذا صدر في جلسة علنية، وهل هو حكم ابتدائي أم نهائي، حضوري أم بمثابة حضوري أم غيابي.

في حالة الحكم في جوهر الدعوى، يقضي منطوق الحكم بالإدانة أو الإعفاء أو البراءة، ويبت فيما يرجع لتحمل المصاريف.

---

52 - تم تغيير وتتميم المادة 365 أعلاه بمقتضى المادة الثانية من القانون رقم 11.35، سالف الذكر.
- قارن مع مقتضيات الفصل 124 من الدستور الجديد:
"تصدر الأحكام وتنفذ باسم الملك وطبقا للقانون".

تبت المحكمة، عند الاقتضاء، في رد الأشياء الموضوعة تحت يد العدالة لمن له الحق فيها، أو برد ثمنها إذا كانت هيئة الحكم أو هيئة التحقيق قد قررت بيعها خشية فسادها أو تلفها أو نتيجة لتعذر الاحتفاظ بها.

ويمكنها أن تأمر في كل مراحل المسطرة برد الأشياء، ما لم تكن خطيرة أو لازمة لسير الدعوى أو قابلة للمصادرة، مع التزام المالك بإعادة ما يصلح منها كأدوات اقتناع أمام المحكمة التي قد تعرض عليها القضية من جديد إذا قررت ذلك، غير أنه يمكن للمحكمة أن تأمر استثناءً برد الأشياء الخطيرة إلى من له الحق فيها بطلب منه، إذا توفرت الضمانات الكافية لإثبات الحاجة إليها والحماية من خطرها.

إذا صدر الحكم بالإدانة، ينص فيه بالإضافة إلى ما تقدم، على الجريمة التي صرحت المحكمة بإدانة المتهم من أجلها، وعلى مواد القانون المطبقة، وعلى العقوبة، وإن اقتضى الحال، على العقوبات الإضافية والتدابير الوقائية وما قضى به من حقوق مدنية.

## المادة 367

كل حكم أو قرار أو أمر صدر بإدانة المتهم أو بالحكم على المسؤول عن الحقوق المدنية، يجب أن يقضي عليهما بأداء المصاريف للخزينة العامة.

يمكن أن يقضي كل حكم أو قرار أو أمر يصدر بإعفاء المتهم، بتحميله المصاريف كليا أو جزئيا أو بتحميلها للمسؤول عن الحقوق المدنية.

لا يمكن أن يقضي الحكم أو القرار أو الأمر الصادر ببراءة المتهم، بتحميله ولو جزءاً من المصاريف، ما عدا في الأحوال التي ينص فيها قانون خاص على خلاف ذلك.

يتحمل مصاريف الدعوى الطرف المدني الذي خسرها. غير أنه إذا كانت النيابة العامة هي المثيرة للمتابعة، أمكن للمحكمة بقرار خاص ومعلل أن تعفي الطرف المدني حسن النية الذي خسر الدعوى من المصاريف كليا أو جزئيا.

في حالة الحكم بأداء المصاريف، تبت المحكمة في الإكراه البدني إن اقتضى الحال ذلك.

## المادة 368

إذا لم يفصل المقرر بالإدانة في جميع الجرائم موضوع المتابعة، أو إذا لم يفصل إلا في جرائم وقع تغيير وصفها إما أثناء التحقيق أو عند صدور الحكم أو القرار أو الأمر، وكذلك إذا قضى بإخراج بعض الأفراد المطلوب متابعتهم من الدعوى، فإنه يجب على هيئة الحكم أن تعفي المتهم بناء على مقرر معلل من جزء المصاريف القضائية الذي لم يترتب مباشرة عن الجريمة المحكوم عليه بسببها.

تحدد نفس الهيئة مبلغ المصاريف التي يجب أن يعفى منها المحكوم عليه، وتتحمل هذه المصاريف الخزينة العامة أو الطرف المدني حسب الأحوال.

## المادة 369

يطلق فوراً سراح المتهم المحكوم ببراءته أو بإعفائه أو بعقوبة حبسية موقوفة التنفيذ، ما لم يكن معتقلاً من أجل سبب آخر، أو ترفع عنه تدابير المراقبة القضائية وذلك رغم كل استئناف أو طعن بالنقض.

كل متهم حكم ببراءته أو بإعفائه، لا يمكن أن يتابع بعد ذلك من أجل نفس الوقائع ولو وصفت بوصف قانوني آخر.

## المادة 370

تبطل الأحكام أو القرارات أو الأوامر:

1- إذا لم تكن تحمل الصيغة المنصوص عليها في مستهل المادة 365؛

2- إذا لم تكن هيئة الحكم مشكلة طبق القانون المنظم لها، أو إذا صدر الحكم عن قضاة لم يحضروا في جميع الجلسات التي درست فيها الدعوى؛

3- إذا لم تكن معللة أو إذا كانت تحتوي على تعليلات متناقضة؛

4- إذا أغفل منطوق الحكم أو القرار أو الأمر أو إذا لم يكن يحتوي على البيانات المنصوص عليها في الفقرة الأولى من المادة 366؛

5- إذا لم تصدر في جلسة علنية خرقا لمقتضيات المادة 364؛

6- إذا لم تكن تحمل تاريخ النطق بالحكم أو القرار أو الأمر و التوقيعات التي تتطلبها المادة 365، مع مراعاة مقتضيات المادة 371 بعده.

## المادة 371

يوقع الرئيس وكاتب الضبط أصل الحكم أو القرار أو الأمر داخل أجل أقصاه ثمانية أيام من تاريخ صدوره.

في حالة حدوث عائق للرئيس أو لكاتب الضبط، يجري العمل كما يلي:

إذا تعلق الأمر بالمحكمة الابتدائية واستحال على القاضي الذي ترأس الجلسة توقيع الحكم أو الأمر، فيجب أن يوقع خلال الأربع والعشرين ساعة الموالية لثبوت وجود المانع، من طرف رئيس المحكمة، بعد التنصيص الذي يشهد بصحته كاتب الضبط على أن هذا الحكم أو الأمر ضمن كما نطق به القاضي الذي لم يتمكن من التوقيع[53].

إذا تعلق الأمر بالغرفة الجنحية أو بغرفة الجنايات بمحكمة الاستئناف أو بغرفة الجنح الاستئنافية، واستحال على الرئيس توقيع الحكم أو القرار أو الأمر، فيجب أن يوقعه خلال

---

53- تم تغيير المادة 371 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، الصادر بتنفيذه الظهير الشريف رقم 1.11.150 بتاريخ 16 من رمضان 1432 (17 أغسطس 2011)؛ الجريدة الرسمية عدد 5975 بتاريخ 6 شوال 1432 (5 سبتمبر 2011)، ص 4390.

الثماني والأربعين ساعة الموالية أقدم مستشار شارك في الجلسة، وينص في أصل القرار على هذه النيابة.

إذا استحال التوقيع في كلتا الحالتين على كاتب الضبط، أشار الرئيس أو القاضي الذي يوقع عوضا عنه إلى ذلك عند التوقيع.

إذا استحال التوقيع في نفس الوقت على القضاة وكاتب الضبط، أعيدت القضية إلى الجلسة من أجل المناقشة والحكم من جديد.

يعاقب كل كاتب ضبط سلم نسخة من حكم أو قرار أو أمر قبل إمضاء أصله بغرامة يتراوح قدرها بين 200 و1.200 درهم تصدرها في حقه بناء على ملتمسات النيابة العامة، المحكمة التي أصدرت الحكم أو القرار أو الأمر، بصرف النظر عن العقوبات التأديبية التي قد تتخذ في حقه.

## المادة 372

إذا كان الأمر يتعلق بمتابعة من أجل جنحة من الجنح المنصوص عليها في المادة 41 من هذا القانون، فإنه يمكن للمحكمة المعروضة عليها القضية بناء على ملتمس تقدمه النيابة العامة في حالة تنازل الطرف المتضرر من الفعل الجرمي عن شكايته، أن توقف سير إجراءات الدعوى العمومية، ما لم تكن قد بتت فيها بحكم نهائي.

يمكن مواصلة النظر في الدعوى العمومية بطلب من النيابة العامة، إذا ظهرت عناصر جديدة تمس الدعوى العمومية، ما لم تكن قد سقطت بالتقادم أو بسبب آخر.

# القسم الرابع: القواعد الخاصة بمختلف درجات المحاكم

# الباب الأول: المحاكم المختصة في قضايا الجنح والمخالفات

## المادة 373

تختص المحكمة الابتدائية بالنظر في المخالفات والجنح طبقا للمادة 252 والمواد 255 إلى 260 من هذا القانون وذلك مع مراعاة مقتضيات المادة 251.

## المادة 374

تعقد المحكمة جلساتها بقاض منفرد[54] وبحضور ممثل النيابة العامة ومساعدة كاتب الضبط.

يترتب البطلان عن الإخلال بهذه المقتضيات.

---

54 - تم تغيير المادة 374 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

# الفرع الأول: السند التنفيذي والأمر القضائي في المخالفات

## المادة 375

يجوز للنيابة العامة، في سائر الأحوال التي ترتكب فيها مخالفة يعاقب عليها القانون بغرامة مالية فقط ويكون ارتكابها مثبتاً في محضر أو تقرير ولا يظهر فيها متضرر أو ضحية، أن تقترح على المخالف بمقتضى سند قابل للتنفيذ أداء غرامة جزافية تبلغ نصف الحد الأقصى للغرامة المنصوص عليها قانوناً.

## المادة 376

يجب أن يحمل السند القابل للتنفيذ الصادر عن النيابة العامة في المخالفات تاريخ صدوره وإمضاء قاضي النيابة العامة وأن يتضمن:

1) الاسم الشخصي والاسم العائلي والمهنة ومحل السكنى وإن أمكن رقم بطاقة الهوية ونوعها لمرتكب المخالفة وللمسؤول عن الحقوق المدنية إن اقتضى الحال؛

2) بيان المخالفة ومحل وتاريخ ارتكابها ووسائل إثباتها؛

3) النصوص المطبقة في القضية؛

4) بيان مبلغ الغرامة مع الإشارة إلى أدائها إلى صندوق كتابة الضبط بأية محكمة ابتدائية.

## المادة 377

يبلغ السند القابل للتنفيذ الصادر عن النيابة العامة في المخالفة إلى مرتكبها، وعند الاقتضاء، إلى المسؤول عن الحقوق المدنية برسالة مضمونة مع الإشعار بالاستلام أو بأية وسيلة أخرى من وسائل التبليغ المنصوص عليها في الفقرة الثانية من المادة 325 أعلاه.

تتضمن رسالة التبليغ إشعار المعني بالأمر بأن يؤدي مبلغ الغرامة، وإلا فإن القضية ستحال على جلسة يحدد تاريخها في السند القابل للتنفيذ ويعتبر الإشعار بمثابة استدعاء لهذه الجلسة.

يمكن لمرتكب المخالفة، وعند الاقتضاء، للمسؤول عن الحقوق المدنية، أن يعبرا عن عدم رغبتهما في الأداء داخل أجل عشرة أيام من التوصل، وذلك بمجرد تصريح يضمن في نفس الرسالة التي يعاد إرسالها في هذه الحالة إلى وكيل الملك بواسطة البريد المضمون مع إشعار بالاستلام.

## المادة 378

يبتدئ الأجل المذكور المحدد في عشرة أيام من يوم التبليغ أو من يوم رفض التوصل به.

### المادة 379

يمكن للمعني بالأمر بمجرد التوصل برسالة التبليغ بالسند القابل للتنفيذ أن يسدد ما بذمته بعد الإدلاء بها بصندوق كتابة الضبط بأية محكمة ابتدائية، وتقوم هذه الأخيرة بإشعار النيابة العامة مصدرة السند القابل للتنفيذ داخل أجل أسبوع من تاريخ الأداء.

### المادة 380

في حالة عدم التعبير عن الرغبة في الأداء داخل الأجل المحدد في المادة 378 أعلاه، يصبح السند القابل للتنفيذ نهائياً، ويسلم كاتب الضبط ملخصاً منه للجهة المكلفة بتنفيذ الغرامات.

### المادة 381

في حالة تعبير المعني بالأمر عن عدم رغبته في الأداء داخل الأجل المنصوص عليه في المادة 378 أعلاه، يحيل وكيل الملك القضية على المحكمة التي تبت فيها وفق القواعد العامة.

إذا قررت المحكمة الإدانة، فلا يمكن أن تقل الغرامة المحكوم بها عن ثلثي الحد الأقصى للغرامة المقرر قانوناً للمخالفة.

### المادة 382

يكون الأمر القضائي الصادر في الحالة المذكورة في المادة السابقة غير قابل للتعرض ولا للاستئناف، ولا يمكن الطعن فيه بالنقض إلا وفق الشروط المنصوص عليها في المادة 415.

يعتبر الأمر الصادر وفقاً للمادة السابقة بعد أن يصبح مكتسباً لقوة الشيء المقضي به بمثابة حكم بالعقوبة ويدخل في تحديد العود إلى الجريمة.

## الفرع الثاني: الأمر القضائي في الجنح

### المادة 383

يمكن للقاضي في الجنح التي يعاقب عليها القانون بغرامة فقط لا يتجاوز حدها الأقصى 5.000 درهم ويكون ارتكابها مثبتاً في محضر أو تقرير ولا يظهر أن فيها متضرراً، أن يصدر استنادا على ملتمس كتابي من النيابة العامة أمراً يتضمن المعاقبة بغرامة لا تتجاوز نصف الحد الأقصى المقرر قانوناً، وذلك بصرف النظر عن العقوبات الإضافية والمصاريف ورد ما يلزم رده.

يكون هذا الأمر قابلاً للتعرض أمام نفس المحكمة داخل أجل عشرة أيام من تبليغه وفقاً لمقتضيات المادة 308 أعلاه. ويكون الحكم الصادر بعد التعرض قابلاً للاستئناف.

في حالة تعرض المتهم، يصبح الأمر الصادر غيابياً كأن لم يكن وتبت المحكمة وفق القواعد العامة.

# الفرع الثالث: انعقاد الجلسة وصدور الحكم

## المادة 384

ترفع الدعوى إلى المحكمة الابتدائية كما يلي:

1- بتعرض المتهم على الأمر القضائي في الجنح طبقا للمادة 383؛

2- بالاستدعاء المباشر الذي يسلمه وكيل الملك أو الطرف المدني للمتهم أو عند الاقتضاء للمسؤولين عن الحقوق المدنية؛

3- باستدعاء يسلمه أحد أعوان الإدارة المأذون له بذلك قانونا، إذا كان هناك نص خاص يسمح لهذه الإدارة بتحريك الدعوى العمومية؛

4- بالإحالة الصادرة عن قاضي التحقيق أو هيئة الحكم؛

5- بالتقديم الفوري للجلسة في الحالة المنصوص عليها في المادة 74؛

6- بإحالة من وكيل الملك بناء على تصريح مرتكب المخالفة أو المسؤول عن الحقوق المدنية المشار إليه في الفقرة الأخيرة من المادة 377.

## المادة 385

يقدم المتهم إلى الجلسة في الحالة المنصوص عليها في المادة 74 من هذا القانون بدون سابق استدعاء، وفي كل الأحوال داخل أجل ثلاثة أيام، وتشعره المحكمة بأن له الحق في طلب أجل قصد تهيئ دفاعه واختيار محام.

ينص في الحكم على هذا الإشعار وعلى جواب المتهم.

إذا استعمل المتهم الحق المخول له كما ذكر، منحته المحكمة لهذا الغرض أجلا لا يقل عن ثلاثة أيام، وتبت في طلب الإفراج المؤقت أو رفع المراقبة القضائية في حالة تقديمه.

يترتب البطلان عن مخالفة المقتضيات السابقة.

يمكن استدعاء الشهود شفهيا بواسطة أي ضابط من ضباط الشرطة القضائية أو عون من أعوان القوة العمومية أو بواسطة عون قضائي أو أحد أعوان المحكمة، ويتعين على الشهود الحضور وإلا طبقت في حقهم مقتضيات المادة 128 أعلاه.

## المادة 386

يجري البحث في كل قضية حسب الكيفيات المنصوص عليها في المواد 287 أعلاه وما بعدها.

## المادة 387

إذا تم التصريح بإدانة المتهم بارتكابه جنحة أو مخالفة، فإن المحكمة تحكم عليه بالعقوبة، وعند الاقتضاء، بالعقوبات الإضافية والتدابير الوقائية، وتبت إن اقتضى الحال، في المطالب المتعلقة برد ما يجب رده وبالتعويض عن الضرر، مع مراعاة مقتضيات المادة 366 أعلاه.

## المادة 388

يحرر كاتب الضبط عند انصرام أجل الاستئناف ملخصا للحكم الصادر بعقوبة سالبة للحرية يوجه للنيابة العامة التي تسهر على تنفيذه.

## المادة 389

إذا تبين أن المتهم لم يرتكب الفعل أو أن الفعل لا يكون مخالفة للقانون الجنائي، فإن المحكمة تصدر حكما بالبراءة، وتصرح بعدم اختصاصها للبت في الدعوى المدنية، وتبت عند الاقتضاء في رد ما يمكن رده.

تطبق مقتضيات المادة 98 من هذا القانون، إذا أقام الطرف المدني الدعوى العمومية مباشرة أمام هيئة الحكم.

إذا تبين للمحكمة أن المتهم كان وقت ارتكابه الأفعال مصابا بخلل في قواه العقلية أو أن الخلل حصل له أثناء المحاكمة، فإنها تطبق، حسب الأحوال، مقتضيات الفصول 76 و78 و79 من القانون الجنائي.

إذا كان المتهم يستفيد من عذر يعفي من العقوبة، فإن المحكمة تقرر إعفاءه، لكنها تبقى مختصة للبت في الدعوى المدنية.

عندما تصرح المحكمة بسقوط الدعوى العمومية بناء على أحد أسباب السقوط المنصوص عليها في المادة الرابعة من هذا القانون، فإنها تبقى مختصة طبقا للمادة 12 للبت في الدعوى المدنية.

## المادة 390

إذا لم يكن للفعل وصف جنحة أو مخالفة تدخل ضمن اختصاص المحكمة، فإنها تصرح بعدم اختصاصها وتحيل الطرف الذي أقام الدعوى العمومية على من له حق النظر.

يسري نفس الحكم إذا تعلق الأمر بجناية. وفي هذه الحالة، تصدر المحكمة إن اقتضى الحال أمراً بالإيداع في السجن أو بإلقاء القبض إذا كان المتهم غير معتقل. ويستمر اعتقال المتهم الموجود في حالة اعتقال، كما تستمر تدابير المراقبة القضائية الصادرة من قبل.

تحيل النيابة العامة القضية على الجهة المختصة عند الاقتضاء.

المملكة المغربية                    وزارة العدل والحريات                    مديرية التشريع

## المادة 391

يبلغ منطوق الحكم الصادر غيابيا إلى علم الطرف المتغيب طبق الكيفيات المنصوص عليها في الفصول 37 و38 و39 من قانون المسطرة المدنية، وينص في التبليغ على أن أجل التعرض هو عشرة أيام.

## المادة 392

يمكن للمحكمة بناء على ملتمس من النيابة العامة إذا كانت العقوبة المحكوم بها تعادل سنة حبساً أو تفوقها، أن تصدر مقرراً خاصاً معللاً تأمر فيه بإيداع المتهم في السجن أو بإلقاء القبض عليه.

خلافا لما تضمنته مقتضيات المادتين 398 و532، فإن الأمر القضائي المذكور يبقى نافذ المفعول رغم كل طعن.

في حالة صدور حكم تمهيدي بإجراء بحث أو خبرة، يمكن للمحكمة التي قبلت مبدأ مسؤولية مرتكب الجريمة أن تمنح للطرف المدني تعويضا مسبقا يخصم من التعويض النهائي، يشمل بالخصوص تسديد المصاريف المؤداة من طرفه أو المتوقع أداؤها، وتكون هذه المقتضيات قابلة للتنفيذ رغم كل تعرض أو استئناف.

عندما تبت المحكمة في الجوهر وتحدد مبلغ التعويض الكلي الذي تمنحه للمتضرر من الجريمة أو لذوي حقوقه، يمكنها أن تأمر بالتنفيذ المعجل لجزء من التعويضات يتناسب والحاجيات الفورية للطرف المدني بشرط أن تعلل ذلك تعليلاً خاصاً، مراعية جسامة الضرر واحتياج المتضرر.

يمكن طلب إيقاف تنفيذ مقتضيات الأحكام الصادرة وفقاً للفقرتين الثالثة والرابعة من هذه المادة المتعلقة بالتعويض أمام غرفة الجنح الاستئنافية وهي تبت في غرفة المشورة.

# الفرع الرابع: التعرض

## المادة 393

يجوز التعرض على الحكم الغيابي بتصريح يقدمه المحكوم عليه أو دفاعه لكتابة الضبط في ظرف العشرة أيام التي تلي التبليغ.

لا يقبل تعرض المحكوم عليه بعقوبة قبل تبليغه الحكم الصادر في حقه طبقا لما هو منصوص عليه في المادة 391 أعلاه، ويتعين الإدلاء بما يفيد التبليغ عند التصريح بالتعرض ما لم يتنازل عن حقه في التبليغ ويسلم في الحين استدعاء جديد وفقاً للفقرة الثالثة من المادة 394 الآتية بعده.

إذا رفض كاتب الضبط تلقي التصريح، يمكن رفع النزاع إلى رئيس المحكمة وتسري في هذه الحالة مقتضيات الفقرات 2 و3 و4 من المادة 401 بعده.

غير أنه فيما يتعلق بالدعوى العمومية، إذا لم يتم التبليغ إلى المتهم شخصيا ولم يتبين من أية وثيقة من وثائق التنفيذ أن هذا الأخير علم بالحكم الزجري الصادر في حقه، فإن تعرضه على هذا الحكم يبقى مقبولا إلى غاية انتهاء آجال تقادم العقوبة.

تبت في التعرض المحكمة التي أصدرت الحكم الغيابي.

## المادة 394

يترتب عن التعرض المقدم من طرف المتهم بطلان الحكم الصادر عليه غيابيا في مقتضياته الصادرة بالإدانة.

لا يصح التعرض المقدم من الطرف المدني أو من الشخص المسؤول عن الحقوق المدنية إلا فيما يتعلق بحقوقهما المدنية.

في حالة التعرض يسلم استدعاء جديد للطرف المتعرض في الحين، ويستدعى باقي الأطراف لحضور الجلسة.

يلغى التعرض إن لم يحضر المتعرض في التاريخ المحدد في هذا الاستدعاء الجديد.

لا يقبل التعرض على الحكم الصادر بناء على تعرض سابق.

## المادة 395

يمكن أن يحكم في سائر الأحوال على الطرف المتعرض بتحمله مصاريف تبليغ الحكم الغيابي والتعرض.

# الفرع الخامس: الاستئناف

## المادة 396

يمكن للمتهم والمسؤول عن الحقوق المدنية والنيابة العامة استئناف الأحكام الصادرة في المخالفات إذا قضت بعقوبة سالبة للحرية.

يخول نفس الحق للطرف المدني فيما يخص حقوقه المدنية لا غير.

يترتب عن الاستئناف الأثر المنصوص عليه في المادتين 409 و410 بعده.

إذا صدر حكم حضوري يقضي بغرامة غير مقرونة بعقوبة سالبة للحرية، فإن هذا الحكم لا يمكن أن يطعن فيه إلا بالنقض طبق الشروط المنصوص عليها في المادة 415 بعده.

## المادة 397

يمكن الطعن بالاستئناف في الأحكام الصادرة في الجنح كيفما كان منطوقها من المتهم والمسؤول عن الحقوق المدنية والطرف المدني ووكيل الملك والوكيل العام للملك لدى محكمة الاستئناف، أو إحدى الإدارات عندما يسمح لها القانون بصفة خاصة بإقامة الدعوى العمومية.

تراعى مقتضيات المادتين 409 و410 بعده.

## المادة 398

يوقف تنفيذ الحكم أثناء سريان آجال الاستئناف وأثناء جريان المسطرة في مرحلة الاستئناف، وتراعى مقتضيات المادة 382 أعلاه.

لا يحول أجل الاستئناف المخول للوكيل العام للملك لدى محكمة الاستئناف طبقا للمادة 402 بعده دون تنفيذ العقوبة.

## المادة 399

يعرض الاستئناف على نظر غرفة الجنح الاستئنافية التي تتكون تحت طائلة البطلان من رئيس ومن مستشارين اثنين بحضور ممثل النيابة العامة وبمساعدة كاتب الضبط.

يقدم الاستئناف بتصريح إلى كتابة الضبط بالمحكمة التي أصدرت الحكم أو إلى كتابة الضبط بمحكمة الاستئناف.

غير أنه إذا كان المحكوم عليه معتقلا، فإن التصريح بالاستئناف المقدم لكتابة الضبط بالمؤسسة السجنية يعد صحيحا ويتلقى حالا ويضمن بالسجل الخاص المنصوص عليه في المادة 223.

يتعين على رئيس المؤسسة السجنية أن يبعث نسخة من هذا التصريح داخل أجل لا يتجاوز أربعاً وعشرين ساعة لكتابة ضبط المحكمة المصدرة للحكم، وإلا تعرض لعقوبات تأديبية بغض النظر عما يتعرض له من متابعات جنائية.

## المادة 400

يحدد أجل الاستئناف في عشرة أيام تبتدئ من تاريخ النطق بالحكم، إذا صدر بعد مناقشات حضورية في الجلسة بحضور الطرف أو من يمثله أو إذا وقع إشعار أحدهما بيوم النطق به.

يسري هذا الأجل من يوم التبليغ للشخص نفسه أو في موطنه:

أ) إذا لم يكن الطرف حاضرا أو ممثلا بالجلسة التي صدر فيها الحكم بعد مناقشات حضورية ولم يسبق إشعاره شخصيا هو أو من يمثله بيوم النطق به؛

ب) إذا كان الحكم بمثابة حضوري حسب مقتضيات الفقرات 2 و4 و7 من المادة 314 أعلاه؛

ج) إذا صدر الحكم غيابيا حسب مقتضيات الفقرة الأولى من المادة 314 أعلاه.

غير أنه إذا استأنف أحد الأطراف داخل الأجل المحدد فلغيره من الأطراف ممن لهم حق الاستئناف، باستثناء الوكيل العام للملك، أجل إضافي مدته خمسة أيام لتقديم استئنافهم.

## المادة 401

لا يقبل استئناف الأحكام التمهيدية أو الصادرة في نزاع عارض أو دفوع إلا بعد صدور الحكم في جوهر الدعوى وفي نفس الوقت الذي يطلب فيه استئناف هذا الحكم، وكذلك الشأن في الأحكام الصادرة في مسألة الاختصاص ما لم يكن الأمر متعلقا بعدم الاختصاص النوعي وكان الدفع به قد أثير قبل كل دفاع في الجوهر.

في حالة النزاع بشأن نوع الحكم، فإن للطرف الذي يرفض كاتب الضبط طلبه، أن يلتمس في ظرف أربع وعشرين ساعة من رئيس المحكمة بواسطة مذكرة، أن يأمر كاتب الضبط بتسجيل التصريح باستئنافه، ويتعين على كاتب الضبط أن يمتثل لهذا الأمر.

يعتبر تاريخ تقديم هذا الطلب في حالة الموافقة عليه تاريخاً للتصريح بالاستئناف.

لا يمكن أن يكون أمر الرئيس موضوعا لأي طعن.

لا يمكن الاحتجاج بالتنفيذ الطوعي للأحكام المنصوص عليها في الفقرة الأولى أعلاه كوسيلة لعدم قبول الاستئناف.

## المادة 402

للوكيل العام للملك حق تقديم الاستئناف خلال أجل ستين يوما تبتدئ من يوم النطق بالحكم.

يبلغ هذا الاستئناف للمتهم وعند الاقتضاء للمسؤول عن الحقوق المدنية.

غير أن هذا التبليغ يكون صحيحا إذا أخبر به المتهم الحاضر بالجلسة، أو إذا صرح الوكيل العام للملك بالاستئناف داخل الأجل القانوني بمناسبة عرض القضية بالجلسة بناء على استئناف المتهم أو أي طرف آخر.

## المادة 403

يمكن للمستأنفين، باستثناء النيابة العامة، أن يتنازلوا عن استئنافهم، ويجب أن يكون هذا التنازل صريحا.

يبقى هذا التنازل عديم الأثر ويمكن التراجع عنه ما دامت المحكمة لم تعط إشهاداً به.

## المادة 404

يتعين الإفراج أو رفع المراقبة القضائية عمن يأتي ذكرهم بالرغم عن تقديم الاستئناف، ما لم يكونوا معتقلين لسبب آخر:

1- المتهم بمجرد صدور الحكم ببراءته أو بإعفائه أو الحكم بحبسه مع إيقاف التنفيذ أو بالغرامة أو بسقوط الدعوى العمومية؛

2- المتهم المحكوم عليه بعقوبة سالبة للحرية بمجرد ما يقضي المدة المحكوم بها عليه.

## المادة 405

ينقل المتهم المعتقل بأمر من وكيل الملك إلى المؤسسة السجنية القريبة من محكمة الاستئناف داخل أجل لا يتجاوز ثمانية أيام ابتداء من يوم التصريح بالاستئناف.

## المادة 406

إذا ألغي الحكم بسبب خرق الإجراءات الشكلية التي يقررها القانون، أو بسبب الإغفال، ولم يقع تدارك الأمر تلافيا للبطلان، فإن هيئة الاستئناف تتصدى للقضية وتبت في جوهرها.

تتصدى كذلك في حالة إلغاء حكم صرحت بمقتضاه محكمة الدرجة الأولى خطأ باختصاصها أو بعدم اختصاصها محلياً.

## المادة 407

تطبق أمام غرفة الجنح الاستئنافية القواعد المقررة في الباب الأول من القسم الثالث من الكتاب الثاني أعلاه حول سير الجلسة مع مراعاة المقتضيات الآتية.

بمجرد الانتهاء من استجواب المتهم حول هويته، يتلو الرئيس أو أحد القضاة المستشارين تقريره حول الوقائع إذا طلب ذلك أحد الأطراف.

ثم يستنطق المتهم في جوهر القضية.

يستمع إلى الشهود إن كانت الغرفة قد أمرت استثنائيا بالاستماع إليهم.

ثم يتناول الكلمة خلال المناقشات على التوالي، الطرف المستأنف فالطرف المستأنف عليه، فإن تعدد الأطراف المستأنفون أو الأطراف المستأنف عليهم، يحدد الرئيس ترتيبهم في تناول الكلمة.

إذا كان الاستئناف يتعلق بالحقوق المدنية فقط، فإن النيابة العامة تقدم مستنتجاتها.

يجب في جميع الأحوال أن تعطى الكلمة الأخيرة للمتهم.

## المادة 408

إذا ارتأت غرفة الجنح الاستئنافية أن الطعن بالاستئناف لا يرتكز على أساس بالرغم من صحته شكلا، فإنها تؤيد الحكم المطعون فيه وتحكم على المستأنف بالمصاريف ما لم يكن المستأنف هو النيابة العامة أو إدارة عمومية في حالة إقامتها للدعوى العمومية.

## المادة 409

في حالة تقديم الاستئناف من النيابة العامة أو من إدارة يخول لها القانون إقامة الدعوى العمومية، يجوز لغرفة الجنح الاستئنافية أن تؤيد الحكم المستأنف أو تعدله أو تلغيه إما لفائدة المتهم أو ضده.

إذا قدم الاستئناف من المتهم وحده، فلا يمكن لمحكمة الاستئناف إلا تأييد الحكم أو إلغاءه لفائدة المستأنف.

## المادة 410

يقصر استئناف الطرف المدني أو المسؤول عن الحقوق المدنية نظر غرفة الجنح الاستئنافية على مصالح المستأنف المدنية ويتيح للمحكمة تقدير حقيقة الوقائع المتسببة في الضرر المدعى به.

لا يخول هذا الاستئناف للمحكمة إلا تأييد الحكم أو تعديله أو إلغاءه لفائدة المستأنف.

لا يكون للحكم الصادر بعد هذا الاستئناف سواء قضى بالحقوق المدنية أو برفضها أي تأثير على الدعوى العمومية، إذا كان الحكم الصادر بناء على متابعة النيابة العامة قد اكتسب قوة الشيء المقضي به.

## المادة 411

إذا كان الفعل لا ينسب إلى المتهم أولا يكون أية مخالفة للقانون الجنائي، فإن غرفة الجنح الاستئنافية تبت في الدعوى طبقا للمادة 389.

تأمر المحكمة عند الاقتضاء، بإرجاع ما قد يكون حكم به للطرف المدني من تعويضات مدنية إذا نص الحكم الابتدائي طبقا لمقتضيات المادة 392على التنفيذ المعجل للتعويضات.

## المادة 412

إذا ثبت أن الفعل لا يتصف إلا بصفة مخالفة، فإن المحكمة التي تنظر على وجه الاستئناف تلغي الحكم الابتدائي وتبت في الدعوى طبقا لمقتضيات المادة 387 مع مراعاة مقتضيات الفقرة الأخيرة من المادة 396 من هذا القانون.

## المادة 413

إذا تبين أن للفعل وصف جناية، فإن غرفة الجنح الاستئنافية تصرح بعدم اختصاصها، وتجري المسطرة المقررة في المادة 390 من هذا القانون.

## المادة 1–413[55]

إذا تبين أن للفعل وصف جناية، أو جنحة تتجاوز العقوبة المقررة لها سنتين حبسا، فإن غرفة الاستئنافات بالمحكمة الابتدائية تصرح بعدم اختصاصها، وتجري المسطرة المقررة في المادة 390 من هذا القانون.

## المادة 414

تطبق أمام غرفة الجنح الاستئنافية مقتضيات المواد 314 و386 و387 و388 و389 (الفقرات 3 و4 و5) و390 (الفقرة 2) و391 و392 (الفقرة 1) و393 و394 و395 من هذا القانون.

---

55 - تمت إضافة المادة 1-413 أعلاه بمقتضى المادة الثالثة من القانون رقم 36.10، سالف الذكر.

## المادة 415

يمكن للنيابة العامة وللأطراف الطعن بالنقض في الأحكام غير القابلة للاستئناف أو في القرارات النهائية الصادرة عن محكمة الاستئناف.

يرفع طلب النقض حسب الكيفيات وضمن الآجال المنصوص عليها في المادة 518 وما بعدها من هذا القانون.

خلافا لمقتضيات المادة 532، وفي الحالة المشار إليها في الفقرة الأولى من المادة 382 فإن هذا الطعن لا يوقف تنفيذ الغرامة، ويتعين على المحكوم عليه الذي يطلب النقض أن يثبت أداء الغرامة المقضي بها عليه وقت تقديم طلبه.

يرد لطالب النقض مبلغ الغرامة في حالة نقض الحكم.

غير أنه لا يمكن تطبيق الإكراه البدني قبل أن يصبح الحكم مكتسباً لقوة الشيء المقضي به.

# الفرع السادس: غرفة الاستئنافات بالمحكمة الابتدائية[56]

## المادة 1-415

تعقد غرفة الاستئنافات بالمحكمة الابتدائية جلساتها وهي مكونة من رئيس وقاضيين بحضور ممثل النيابة العامة ومساعدة كاتب الضبط[57].

## المادة 2-415

تطبق مقتضيات الفرع الخامس من هذا الباب على الاستئنافات المقدمة أمام غرف الاستئنافات بالمحاكم الابتدائية وفقا لمقتضيات الفقرة الأخيرة من المادة 253 أعلاه.

---

56 - تمت إضافة الفرع السادس أعلاه إلى الباب الرابع من القسم الرابع من الكتاب الثاني، بمقتضى المادة الرابعة من القانون رقم 36.10، سالف الذكر.

57 - قارن مع مقتضيات الفقرة الثانية من الفصل 5 من الظهير الشريف بمثابة قانون رقم 1.74.338 بتاريخ 24 جمادى الثانية 1394 (15 يوليوز 1974) يتعلق بالتنظيم القضائي للمملكة، كما تم تغييره وتتميمه؛ الجريدة الرسمية عدد 3220 بتاريخ 26 جمادى الثانية 1394 (17 يوليوز 1974)، ص 2027.

"تختص المحكمة الابتدائية بما فيها المصنفة - عدا إذا نص قانون صراحة على إسناد الاختصاص إلى محكمة غيرها - ابتدائيا وانتهائيا أو ابتدائيا مع حفظ حق الاستئناف بالنظر في جميع الدعاوى طبقا للشروط المحددة بمقتضى قانون المسطرة المدنية أو قانون المسطرة الجنائية أو نصوص خاصة عند الاقتضاء.

تبت هذه المحاكم كدرجة استئنافية طبقا للشروط المحددة بمقتضى قانون المسطرة المدنية أو قانون المسطرة الجنائية أو بمقتضى نصوص خاصة. وفي هذه الحالة، تبت وهي مركبة من ثلاثة قضاة بمن فيهم الرئيس وبمساعدة كاتب الضبط".

# الباب الثاني: الهيئة المختصة في قضايا الجنايات

## الفرع الأول: اختصاص الهيئة وتأليفها

### المادة 416

تختص غرفة الجنايات بمحكمة الاستئناف بالنظر تطبيقاً للمادة 254 أعلاه، في الجنايات والجرائم التي لا يمكن فصلها عنها أو المرتبطة بها وفقاً لمقتضيات المواد من 255 إلى 257 من هذا القانون.

### المادة 417

تتألف غرفة الجنايات من رئيس من بين رؤساء الغرف ومستشارين إثنين تعينهم الجمعية العامة لمحكمة الاستئناف لكل سنة قضائية، كما تعين الجمعية العامة للمحكمة من بين أعضائها رئيسا نائبا ومستشارين إضافيين.

ويمكن لغرفة الجنايات في القضايا التي تستوجب مناقشات طويلة أن تضم إليها، بالإضافة إلى أعضائها المذكورين، مستشاراً أو أكثر يعينه الرئيس الأول لمحكمة الاستئناف، ولا يمكن تحت طائلة البطلان أن يكون بين أعضائها أحد القضاة الذين قاموا بأي إجراء من إجراءات المتابعة أو التحقيق في القضية أو شاركوا في البت فيها.

تعقد غرفة الجنايات جلساتها بحضور النيابة العامة و بمساعدة كاتب الضبط، وذلك تحت طائلة البطلان.

### المادة 418

تبت غرفة الجنايات ابتدائيا، ولا يمكن لها أن تصرح بعدم الاختصاص ما عدا في القضايا التي يرجع النظر فيها إلى محكمة متخصصة.

## الفرع الثاني: رفع القضية إلى غرفة الجنايات

### المادة 419

تحال القضية على غرفة الجنايات على النحو التالي:

1- بقرار الإحالة الصادر عن قاضي التحقيق؛

2- بإحالة من الوكيل العام للملك طبقا للمادتين 49 و 73 من هذا القانون؛

3- بإحالة من الغرفة الجنحية عند إلغاء قرار قاضي التحقيق بعدم المتابعة.

### المادة 420

يستدعى في كافة الأحوال المتهم، والمسؤول المدني والطرف المدني إن وجدا طبقاً لما هو منصوص عليه في المادتين 308 و309 أعلاه.

ويتضمن الاستدعاء تحت طائلة البطلان، ملخصاً للوقائع والتكييف القانوني لها والمواد القانونية التي تعاقب عليها.

ويخفض الأجل المنصوص عليه في المادة 309 أعلاه إلى خمسة أيام إذا تعلق الأمر بإحالة من الوكيل العام للملك.

## المادة 421

يحق لمحامي المتهم أن يتصل بموكله بكل حرية.

يمكنه أن يطلع على جميع محتويات الملف والحصول على نسخ من وثائقه على نفقته.

يحق للطرف المدني والمسؤول عن الحقوق المدنية الإطلاع على الملف والحصول على نسخة منه على نفقته.

# الفرع الثالث: الجلسة وصدور الحكم

## المادة 422

يدير الرئيس المناقشات ويسهر على النظام وعلى احترام المقتضيات المتعلقة بسير الجلسات المنصوص عليها في هذا القانون.

يخول الرئيس سلطة تقديرية يمكنه بمقتضاها، وتبعا لما تمليه عليه قواعد الشرف والضمير، أن يتخذ جميع المقررات ويأمر بجميع التدابير التي يراها مفيدة للكشف عن الحقيقة، ما لم يمنعها القانون.

## المادة 423

يعلن الرئيس عن افتتاح الجلسة ويأمر بإدخال المتهم.

يمثل المتهم حرا ومرفوقا فقط بحراس لمنعه من الفرار.

إذا رفض المتهم الموجود بمقر المحكمة الحضور أو تعذر عليه ذلك، يوجه إليه الرئيس إنذاراً بواسطة عون من القوة العمومية يسخره الوكيل العام للملك، فإن لم يمتثل المتهم للإنذار جاز للرئيس في الحالة الأولى أن يأمر بإحضاره للجلسة بواسطة القوة العمومية. وفي جميع الحالات، يمكن للرئيس أن يأمر بمواصلة المناقشات في غيبة المتهم، وإذا كان معتقلاً تعين على كاتب الضبط أن يتلو عليه محضر المناقشات وملتمسات النيابة العامة والأحكام والقرارات التمهيدية الصادرة في غيبته. وينقل المتهم من جديد إلى الجلسة عند انتهاء المناقشات حيث يصدر القرار بحضوره. وإذا تعذر حضوره تعين على كاتب الضبط أن يتلو عليه منطوق القرار.

يطلب الرئيس من المتهم الإدلاء باسميه العائلي والشخصي وبسنه ومهنته ومحل سكناه ومكان ولادته وسوابقه.

يتأكد الرئيس من حضور محامي المتهم، وفي حالة تغيبه يعين تلقائيا من يقوم مقامه.

يتأكد أيضا من حضور الترجمان في الحالة التي يكون من اللازم الاستعانة به.

## المادة 424

يمكن لرئيس غرفة الجنايات أن يستدعي خلال المناقشات، ولو بأمر بالإحضار، كل شخص للاستماع إليه أو أن يطلب الإدلاء بكل دليل جديد ظهر له من عرض القضية في الجلسة أنه مفيد لإظهار الحقيقة.

غير أنه إذا عارضت النيابة العامة أو دفاع المتهم أو الطرف المدني أو المسؤول عن الحقوق المدنية في أن يؤدي الشهود، المستدعون على الصفة المشار إليها، اليمين، فإن تصريحات هؤلاء لا تتلقى إلا كمجرد معلومات.

## المادة 425

إذا ظهر من المناقشات وجود قرائن زور خطيرة في شهادة ما، فلغرفة الجنايات إما تلقائيا أو بطلب من النيابة العامة أو الأطراف أن تأمر بوضع الشاهد تحت الحراسة.

يتعين على الرئيس، قبل الإعلان عن اختتام المناقشات، سواء توبعت مناقشة القضية الرئيسية، أو ظهر من الضروري تأجيلها لجلسة مقبلة نظرا لأهمية الشهادة المظنون زورها، أن يبحث للمرة الأخيرة الشاهد على قول الحقيقة وينبهه بعد ذلك إلى أن تصريحاته ستعتبر من الآن نهائية، مع ما يمكن أن يطبق عليها من العقوبات المقررة لشهادة الزور.

تأمر غرفة الجنايات، عند الاقتضاء، بإحالة المعني بالأمر والمستندات فوراً بواسطة القوة العمومية إلى النيابة العامة المختصة.

## المادة 426

إذا طرأ نزاع عارض خلال الجلسة، بتت فيه غرفة الجنايات حالاً.

غير أنه إذا لاحظت غرفة الجنايات أن النزاع العارض يطعن في سلطة الرئيس التقديرية، فإنها تصرح بعدم اختصاصها بشأنه.

لا يمكن الطعن في أي قرار من القرارات التي تصدرها غرفة الجنايات بشأن نزاع عارض إلا مع الطعن في الجوهر.

## المادة 427

عند انتهاء بحث القضية تستمع المحكمة إلى الطرف المدني أو محاميه ثم تقدم النيابة العامة ملتمساتها.

يعرض المتهم أو محاميه وسائل الدفاع.

يسمح بالتعقيب للطرف المدني وللنيابة العامة وتكون الكلمة الأخيرة دائما للمتهم أو محاميه، ويعلن الرئيس عن انتهاء المناقشات.

## المادة 428

يأمر الرئيس بإخراج المتهم من قاعة الجلسة ويعلن عن توقيفها.

يدعو القضاة المستشارين لمرافقته إلى قاعة المداولات.

إذا استعان الرئيس بمستشارين إضافيين نظرا لطول المناقشات وتبين له أن مشاركتهم في المداولة غير ضرورية، فإنه يدعوهم إلى الانسحاب من الهيئة مع البقاء ببناية المحكمة طيلة مدة المداولات.

## المادة 429

لا يجوز لأعضاء غرفة الجنايات أن يغادروا قاعة المداولات، إلا للرجوع إلى قاعة الجلسات لإصدار قرارهم في جلسة علنية.

ولا يمكن لأحد أن يدخل تلك القاعة خلال المداولات لأي سبب كان بدون إذن من الرئيس، وكل من خالف هذا المنع يمكن أن يطرد بأمر من الرئيس.

إذا تعذرت مشاركة أحد أعضاء المحكمة في المداولات، ولم يكن قد وقع تعيين أعضاء إضافيين، فيجب تأخير القضية إلى جلسة مقبلة وتعاد المناقشات بكاملها.

في حالة ما إذا وقع تعيين أعضاء إضافيين، يدعى أقدمهم بحسب الترتيب ليحل محل العضو الأصلي الذي حدث له مانع، ثم تعاد المداولات بكاملها.

يجب تحرير محضر يضمن فيه هذا الحادث من طرف كاتب الضبط الذي يدعى لهذه الغاية.

## المادة 430

يتداول أعضاء غرفة الجنايات في شأن إدانة المتهم وفي العقوبة، معتبرين على الأخص الظروف المشددة وحالات الأعذار القانونية إن وجدت.

يجب على الرئيس أن يدعو الهيئة كلما قررت إدانة المتهم، أن تبت في وجود ظروف مخففة أو عدم وجودها.

تنظر غرفة الجنايات، عند الاقتضاء، في منح المحكوم عليه إيقاف تنفيذ العقوبة وفي تطبيق العقوبات الإضافية أو اتخاذ تدابير وقائية.

يتخذ القرار في جميع الأحوال بالأغلبية، ويقع التصويت على التوالي بخصوص كل نقطة على حدة.

## المادة 431

يمكن لغرفة الجنايات في حالة الحكم بعقوبة جنائية سالبة للحرية، أن تأمر بإلقاء القبض حالاً على المحكوم عليه الذي حضر حراً إلى الجلسة. وينفذ الأمر الصادر ضده رغم كل طعن.

## المادة 432

لا ترتبط غرفة الجنايات بتكييف الجريمة المحال عليها، ويجب عليها أن تكيف قانونيا الأفعال التي تحال إليها، وأن تطبق عليها النصوص الجنائية المتلائمة مع نتيجة بحث القضية بالجلسة.

غير أنه إذا تبين من البحث المذكور وجود ظرف أو عدة ظروف مشددة لم تضمن في القرار بالإحالة، فلا يجوز لغرفة الجنايات أن تأخذ بها إلا بعد الاستماع لمطالب النيابة العامة ولإيضاحات الدفاع.

## المادة 433

إذا تبين لغرفة الجنايات أثناء المناقشات وجود أدلة ضد المتهم بسبب أفعال أخرى، وطلبت النيابة العامة الإشهاد بالاحتفاظ بحقها في المتابعة، يأمر الرئيس بتقديم المتهم الحاضر بالجلسة الذي صدر لفائدته حكم بالبراءة أو الإعفاء، بواسطة القوة العمومية إلى ممثل النيابة العامة.

## المادة 434

إذا تبين من المناقشات أن الفعل الجرمي لا ينسب إلى المتهم، أو أن الفعل المنسوب إليه لا يعاقب عليه القانون الجنائي، أو لم يعد يعاقب عليه، فإن غرفة الجنايات تحكم بالبراءة.

إذا استفاد المتهم من عذر معف، فإن غرفة الجنايات تحكم بالإعفاء.

يطلق فوراً سراح المتهم الذي صدر في حقه قرار بالبراءة أو الإعفاء أو سقوط الدعوى العمومية أو إيقاف تنفيذ العقوبة السالبة للحرية أو بالغرامة فقط، ما لم يكن معتقلاً من أجل سبب آخر، أو ترفع تدابير المراقبة القضائية عنه.

## المادة 435

إذا تبين لغرفة الجنايات، من خلال المناقشات، أن المتهم كان وقت ارتكابه الأفعال مصابا بخلل في قواه العقلية أو أن الخلل حصل له أثناء المحاكمة، فإنها تطبق حسب الأحوال مقتضيات الفصلين76 و78 أو الفصل 79 من القانون الجنائي.

## المادة 436

إذا قدم الطرف المدني مطالبه المدنية، فإن غرفة الجنايات تبت بموجب نفس القرار الصادر عنها بإدانة المتهم في قبول الطلب وفي منح التعويض عن الضرر إن اقتضى الحال.

تبقى غرفة الجنايات مختصة بالبت طبقا للفقرة السابقة في حالة سقوط الدعوى العمومية لسبب من الأسباب المنصوص عليها في المادة الرابعة أو في حالة صدور حكم بالإعفاء تطبيقا للفصلين 76 و 145 من القانون الجنائي.

تصرح الغرفة بعدم اختصاصها في حال إصدارها قرارا ببراءة المتهم.

## المادة 437

يجوز للمتهم الذي صدر في شأنه حكم بالبراءة أن يرفع ضد الطرف المدني دعوى حسب الإجراءات العادية يطلب فيها التعويض عن الضرر.

## المادة 438

يجوز لغرفة الجنايات أن تأمر ولو تلقائيا، برد الأشياء الموضوعة تحت يد العدالة ما لم تكن خطيرة أو محل مصادرة.

غير أنه إذا صدر حكم بالإدانة، فلا يقع رد الأشياء إلا بعد أن يثبت مالكها أن المحكوم عليه لم يتقدم بطلب النقض أو فاته أجل الطعن به، أو أنه قد طلبه وبتت فيه محكمة النقض بقرار مكتسب لقوة الشيء المقضي به.

إذا تم الطعن بالنقض، فيمكن لغرفة الجنايات أن تأمر برد الأشياء مع مراعاة التزام المالك أو الحائز بأن يعيد تقديم الأشياء الصالحة كأدوات اقتناع أمام المحكمة التي قد تعرض عليها القضية من جديد.

يمكن للغرفة أن تأمر في كل وقت بإتلاف الأشياء الفاسدة، كما يمكنها أن تأمر ببيع الأشياء التي يخشى فسادها أو تلفها أو تدهور قيمتها أو التي يتعذر الاحتفاظ بها. وفي هذه الحالة، لا يمكن سوى استرداد الثمن المحصل عليه من بيعها.

## المادة 439

تعود هيئة غرفة الجنايات بعد انتهاء المداولات إلى قاعة الجلسات بحضور النيابة العامة وبمساعدة كاتب الضبط.

يأمر الرئيس بإحضار المتهم، ويتحقق من توفر شروط العلنية.

يتلو الرئيس القرار القاضي بالإدانة أو بالإعفاء أو بالبراءة أو يأمر بتأجيل القضية لجلسة لاحقة أو لإجراء تحقيق تكميلي، ويعلن في هذه الحالة عن اسم المستشار الذي عينته الغرفة للقيام بالتحقيق وفقاً لمقتضيات القسم الثالث من الكتاب الأول من هذا القانون الخاص بالتحقيق الإعدادي.

تأمر غرفة الجنايات، عند الاقتضاء، بالإفراج المؤقت عن المتهم بكفالة أو بدونها أو بوضع حد لتدابير المراقبة القضائية كلاً أو بعضاً.

## المادة 440

بعد تلاوة القرار، يشعر الرئيس المتهم أن له ابتداء من يوم صدور القرار أجلا مدته عشرة أيام كاملة للطعن بالاستئناف.

المملكة المغربية                     وزارة العدل والحريات                     مديرية التشريع

### المادة 441

يجب أن يتضمن قرار غرفة الجنايات المقتضيات المقررة في المادة365 والإشارة إلى تداول الهيئة وفقاً لمقتضيات المادة 430 أعلاه، ويبين المتحمل للمصاريف إعمالاً للمادتين 367 و368 من هذا القانون.

### المادة 442

يحرر كاتب الضبط في كل قضية محضرا يلخص فيه أهم ما جاء في أجوبة المتهمين وتصريحات الشهود، ويذكر فيه باختصار المسائل العارضة التي قد تكون نشأت أثناء المناقشات ويشير فيه إلى المطالب الملتمس تسجيلها و المرافعات ووسائل الدفاع المثارة من قبل الأطراف أو دفاعهم وما آلت إليه تلك المطالب، ويضمنه منطوق المقررات الصادرة عن الهيئة. ويوقع على المحضر كل من الرئيس وكاتب الضبط.

يمكن للنيابة العامة والأطراف أو دفاعهم، أن يطلبوا من الرئيس أمر كاتب الضبط بتلاوة المحضر أو جزء منه وتضمين المحضر ما وقع إغفاله.

يفترض أن الإجراءات المقررة قانونيا لسير جلسات غرفة الجنايات قد استكملت ولا تسقط هذه القرينة إلا إذا ورد في المحضر أو في القرار أو في طلب يرمي إلى تسجيل ذلك ما يستنتج منه صراحة عدم استكمال تلك الإجراءات.

## الفرع الرابع: المسطرة الغيابية

### المادة 443

إذا تعذر القبض على المتهم بعد الإحالة أو إذا لاذ بالفرار بعد القبض عليه أو إذا كان في حالة الإفراج المؤقت أو الوضع تحت المراقبة القضائية، ولم يستجب إلى الاستدعاء بالمثول المسلم إليه، فإن رئيس غرفة الجنايات أو المستشار المنتدب من طرفه يصدر أمرا بإجراء المسطرة الغيابية.

ينص هذا الأمر على أنه يتعين على المتهم أن يحضر داخل أجل ثمانية أيام، وإلا فيصرح بأنه عاص للقانون ويوقف عن مزاولة حقوقه المدنية وتعقل أملاكه خلال مدة التحقيق الغيابي ويمنع من رفع أية دعوى قضائية طيلة نفس المدة ويصرح بأنه سيحاكم رغم تغيبه وأن على كل شخص أن يدل على المكان الذي يوجد فيه.

يشير هذا الأمر، زيادة على ما تقدم، إلى هوية المتهم وأوصافه وإلى وصف الجناية المتهم بها وإلى الأمر بإلقاء القبض عليه.

### المادة 444

يعلق الأمر بإجراء المسطرة الغيابية بباب آخر مسكن للمتهم، وعند عدم معرفة هذا المسكن، بباب المحكمة الجنائية وترسل نسخة منه إلى مدير الأملاك المخزنية بالدائرة التي

المملكة المغربية                     وزارة العدل والحريات                     مديرية التشريع

كان يوجد فيها آخر مسكن للمتهم، وعند عدم معرفة هذا المسكن إلى مدير الأملاك المخزنية بالمكان الذي تنعقد فيه المحكمة الجنائية.

## المادة 445

علاوة على ما تقدم، يذاع ثلاث مرات داخل أجل ثمانية أيام الإعلان التالي بواسطة الإذاعة الوطنية:

« صدر عن غرفة الجنايات لدى محكمة الاستئناف بـ-... أمر بإجراء المسطرة الغيابية ضد « فلان (الهوية) الذي كان يوجد مسكنه الأخير بـ-... والمتهم بـ-...

« وأوصاف المتهم فلان هي... ».

« يتعين على فلان أن يقدم نفسه حالا إلى أية سلطة قضائية أو شرطية.

« ويتحتم على كل شخص يعرف المكان الذي يوجد به المتهم أن يعلم بذلك نفس السلطات.»

## المادة 446

إذا لم يحضر المتهم شخصيا داخل الثمانية أيام الموالية لإعلان الأمر كما جاء في المادة السابقة، فإن غرفة الجنايات تباشر محاكمته بدون حضور أي محام.

غير أنه إذا تعذر على المتهم مطلقا أن يحضر شخصيا، فيمكن لمحاميه أو لذويه أو أصدقائه أن يعرضوا على غرفة الجنايات الأسباب المبررة لغيابه.

## المادة 447

إذا قبلت المحكمة العذر المقدم فإنها تأمر بإرجاء محاكمة المتهم كما تأمر عند الاقتضاء برفع العقل عن أملاكه لأجل تحدده.

## المادة 448

إذا لم يقدم عذر أو قدم ولم يقبل، يتلو كاتب الضبط بالجلسة القرار بالإحالة والأمر بإجراء المسطرة الغيابية.

تستمع المحكمة بعد تلاوة ما تقدم إلى الطرف المدني، إن كان طرفا في الدعوى، وإلى التماسات النيابة العامة.

في حالة إغفال أحد الإجراءات المنصوص عليها في المادتين 443 و 444 أعلاه، تصرح المحكمة ببطلان المسطرة الغيابية وتأمر بإعادتها ابتداء من الإجراء الذي تم إغفاله.

إذا كانت المسطرة صحيحة، بتت غرفة الجنايات في التهمة وعند الاقتضاء في الحقوق المدنية.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

## المادة 449

إذا صدر الحكم بإدانة المتهم المتغيب، فإن أملاكه تبقى تحت العقل، ويمكن طيلة العقل فرض نفقات لزوجه ولأصوله وفروعه ولكل شخص تجب نفقته على المتهم المتغيب طبقاً لمقتضيات مدونة الأحوال الشخصية في الموضوع.

ويعرض حساب العقل النهائي على المحكوم عليه بمقتضى المسطرة الغيابية إذا زال أثر الحكم الغيابي بحضوره أو تقادمت العقوبة.

ويعرض الحساب على ذوي حقوقه بعد موته حقيقة أو حكماً.

## المادة 450

ينشر في أقرب أجل بالجريدة الرسمية بمسعى من النيابة العامة ملخص القرار الصادر بناء على المسطرة الغيابية، كما يعلق علاوة على ذلك ويبلغ لإدارة الأملاك المخزنية طبقا للمادة 444 أعلاه.

بعد القيام بهذه التدابير، يصبح التجريد من الحقوق التي ينص عليها القانون سارياً على المحكوم عليه.

## المادة 451

لا يقبل الطعن في القرار الصادر غيابيا إلا من النيابة العامة ومن الطرف المدني فيما يتعلق بحقوقه.

## المادة 452

لا يجوز في أي حال أن يترتب عن وجود أحد المتهمين في حالة غياب إيقاف أو تأجيل التحقيق في حق الحاضرين من المساهمين أو المشاركين معه في الجريمة.

يمكن لغرفة الجنايات بعد الحكم على الحاضرين، أن تأمر برد الأشياء المودعة بكتابة الضبط بصفتها أدوات اقتناع، كما يمكنها أن تأمر برد تلك الأشياء بشرط تقديمها من جديد إذا اقتضى الحال ذلك.

ويضع كاتب الضبط قبل الرد محضرا يصف فيه الأشياء المسلمة.

## المادة 453

إذا سلم المحكوم عليه غيابيا نفسه للسجن، أو إذا قبض عليه قبل سقوط عقوبته بالتقادم، يقع اعتقاله بموجب الأمر المنصوص عليه في المادة 443 أعلاه.

يسري نفس الحكم إذا ألقي القبض على المتهم الهارب، أو قدم نفسه ليسجن، قبل صدور الأمر بإجراء المسطرة الغيابية وبعد صدور قرار الإحالة.

في الحالة المنصوص عليها في الفقرة الأولى أعلاه، يسقط بموجب القانون الحكم والإجراءات المتخذة منذ الأمر بإجراء المسطرة الغيابية.

إذا ظهر من الضروري إجراء تحقيق تكميلي، تعين أن يقوم به مستشار تعينه غرفة الجنايات ضمن الشروط المنصوص عليها في المادة 439 من هذا القانون.

إذا ادعى المتهم أن الحكم الغيابي لا يتعلق به، تتخذ الإجراءات حسبما ورد في المواد 592 إلى 595 بعده.

إذا تعذر لسبب من الأسباب الاستماع إلى الشهود خلال المناقشات، تليت بالجلسة شهاداتهم المكتوبة، كما تتلى عند الاقتضاء الأجوبة المكتوبة لباقي المتهمين المتابعين بنفس الجناية وكذا الشأن فيما يرجع لبقية المستندات التي يعتبر الرئيس أنها صالحة لإظهار الحقيقة.

## المادة 454

إذا حضر المحكوم عليه غيابيا وحكم من جديد ببراءته أو إعفائه، فيحكم عليه بالمصاريف المترتبة عن المحاكمة الغيابية، ما لم تعفه غرفة الجنايات من ذلك.

يمكن للغرفة كذلك أن تأمر بتعليق قرارها حسب الشروط المنصوص عليها في المادة 444 أعلاه.

# الفرع الخامس: المحاكمة من أجل الجرائم المرتبطة بالجنايات

## المادة 455

إذا لم يحضر المتهم المتابع أمام غرفة الجنايات من أجل جريمة مرتبطة بجناية بعد استدعائه بصفة صحيحة، فإنه يحاكم حسب القواعد العادية المطبقة على نوع الجريمة ويوصف الحكم تبعاً لمقتضيات المادة 314من هذا القانون.

## المادة 456

تطبق أمام غرفة الجنايات، في المتابعة من أجل الاتهام بجنحة، مقتضيات المادة 392 من هذا القانون.

# الفرع السادس: استئناف قرارات غرف الجنايات

## المادة 457

يمكن للمتهم وللنيابة العامة والمطالب بالحق المدني وللمسؤول عن الحقوق المدنية استئناف القرارات الباتة في الجوهر الصادرة عن غرف الجنايات أمام نفس المحكمة، مع مراعاة المادة 382 والفقرة الأولى من المادة 401 من هذا القانون.

يقدم الاستئناف وفق الكيفية المنصوص عليها في الفقرات 2 و3 و4 من المادة 399 أعلاه.

تسري على آجال الطعن بالاستئناف وآثاره مقتضيات المواد 400 و 401 و 403 و 404 و 406 و408 و409 و410 و 411 و412 من هذا القانون.

ويمكن أيضاً الطعن بالاستئناف في القرارات الباتة في الاعتقال الاحتياطي أو المراقبة القضائية.

تنظر في الطعن بالاستئناف غرفة الجنايات الاستئنافية لدى نفس المحكمة، وهي مكونة من هيئة أخرى مشكلة من رئيس غرفة وأربعة مستشارين لم يسبق لهم المشاركة في البت في القضية، بحضور ممثل النيابة العامة ومساعدة كاتب الضبط تحت طائلة البطلان.

يمكن أن يضاف إلى تشكلة الهيئة، مستشار أو أكثر وفقاً لما تنص عليه الفقرة الثانية من المادة 417 من هذا القانون.

خلافا للمقتضيات السالفة، يمكن للرئيس الأول لمحكمة الاستئناف أن يترأس شخصيا غرفة الجنايات الاستئنافية.

وتبت غرفة الجنايات التي تنظر في الطعن بقرار نهائي وفقاً للإجراءات المقررة في المواد 417 و418 ومن 420 إلى 442 من هذا القانون.

بعد تلاوة القرار، يشعر الرئيس المتهم أن له ابتداء من يوم صدور القرار أجلاً مدته عشرة أيام للطعن بالنقض.

# الكتاب الثالث: القواعد الخاصة بالأحداث

## القسم الأول: أحكام تمهيدية

### المادة 458

يتحدد سن الرشد الجنائي ببلوغ ثمان عشرة سنة ميلادية كاملة.

يعتبر الحدث إلى غاية بلوغه سن اثنتي عشرة سنة غير مسؤول جنائيا لانعدام تمييزه.

يعتبر الحدث الذي يتجاوز سن اثنتي عشرة سنة وإلى غاية بلوغه ثمان عشرة سنة مسؤولا مسؤولية ناقصة بسبب عدم اكتمال تمييزه.

### المادة 459

يعتبر لتحديد سن الرشد الجنائي، سن الجانح يوم ارتكاب الجريمة.

إذا لم توجد شهادة تثبت الحالة المدنية، ووقع خلاف في تاريخ الولادة، فإن المحكمة المرفوعة إليها القضية تقدر السن بعد أن تأمر بإجراء فحص طبي وبجميع التحريات التي تراها مفيدة وتصدر، إن اقتضى الحال، مقرراً بعدم الاختصاص.

### المادة 460

يمكن، دون المساس بمقتضيات المادة 470 الآتية بعده، لضابط الشرطة القضائية المكلف بالأحداث أن يحتفظ بالحدث المنسوب إليه الجرم في مكان مخصص للأحداث لمدة لا يمكن أن تتجاوز المدة المحددة للحراسة النظرية. وعليه أن يتخذ كل التدابير لتفادي إيذائه.

لا يعمل بهذا الإجراء إلا إذا تعذر تسليم الحدث لمن يتولى رعايته أو كانت ضرورة البحث أو سلامة الحدث تقتضي ذلك، وبعد موافقة النيابة العامة.

يمكن كذلك للنيابة العامة، بصفة استثنائية، أن تأمر بإخضاع الحدث خلال فترة البحث التمهيدي لنظام الحراسة المؤقتة المنصوص عليه في المادة 471 بعده، إذا كانت ضرورة البحث أو سلامة الحدث تقتضي ذلك، على ألا تتجاوز مدة التدبير المأمور به خمسة عشر يوماً.

يجب، في كافة الأحوال، إشعار ولي الحدث أو المقدم عليه أو وصيه أو كافله أو حاضنه أو الشخص أو المؤسسة المعهود إليها برعايته بالإجراء المتخذ، وذلك وفقا لمقتضيات الفقرة الأخيرة من المادة 67 من هذا القانون.

ويحق لهؤلاء وللمحامي المنتصب الاتصال بالحدث في الحالتين المنصوص عليهما في الفقرتين الأولى والثالثة من هذه المادة، بإذن من النيابة العامة تحت مراقبة ضابط الشرطة القضائية. ويمنع عليهم إخبار أي كان بما راج خلال الاتصال بالحدث قبل انقضاء البحث التمهيدي.

تتم إجراءات البحث بكيفية سرية مع مراعاة حق الاتصال المشار إليه في الفقرة السابقة.

### المادة 461

تحيل النيابة العامة الحدث الذي يرتكب جريمة إلى قاضي الأحداث أو المستشار المكلف بالأحداث.

إذا وجد مع الحدث مساهمون أو مشاركون رشداء، وجب فصل قضيتهم عن القضية المتعلقة بالحدث، وتكون النيابة العامة ملفا خاصا للحدث تحيله إلى قاضي الأحداث أو إلى المستشار المكلف بالأحداث.

يمكن للنيابة العامة في حالة ارتكاب جنحة، إذا وافق الحدث ووليه القانوني وكذلك ضحية الفعل الجرمي، تطبيق مسطرة الصلح المنصوص عليها في المادة 41 من هذا القانون.

يمكنها كذلك أن تلتمس، بعد إقامة الدعوى العمومية وقبل صدور حكم نهائي في جوهر القضية، إيقاف سير الدعوى العمومية في حالة سحب الشكاية أو تنازل المتضرر.

ويمكن مواصلة النظر في الدعوى العمومية بطلب من النيابة العامة، إذا ظهرت عناصر جديدة تمس الدعوى العمومية، ما لم تكن قد سقطت بالتقادم أو بسبب آخر.

## القسم الثاني: هيئات التحقيق وهيئات الحكم

## الباب الأول: أحكام عامة

### المادة 462 [58]

مع مراعاة الاختصاصات المخولة لبعض المحاكم بمقتضى نصوص خاصة، فإن الهيئات القضائية المكلفة بالأحداث هي:

1- بالنسبة للمحكمة الابتدائية:

أ) قاضي الأحداث؛

ب) قاضي التحقيق للأحداث؛

ج) غرفة الاستئنافات للأحداث.

2- بالنسبة لمحكمة الاستئناف:

أ) المستشار المكلف بالأحداث؛

ب) الغرفة الجنحية للأحداث؛

---

58- تم تغيير المادة 462 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

ج) غرفة الجنح الاستئنافية للأحداث؛

د) غرفة الجنايات للأحداث؛

ه) غرفة الجنايات الاستئنافية للأحداث.

يجب أن يرأس هذه الهيئات عند النظر في قضايا الأحداث قاض أو مستشار مكلف بالأحداث.

تراعى في تشكيلة هذه الهيئات مقتضيات المادة 297 أعلاه.

لا يمكن تحت طائلة البطلان لأي قاض أو مستشار عين أو انتدب أو كلف بصفة مؤقتة أن يشارك في الحكم في قضايا سبق له أن مارس فيها التحقيق الخاص بالأحداث.

لا يمكن لقضاة الأحداث أن يشاركوا في الحكم في قضية سبق لهم البت في موضوعها.

## المادة 463

يمارس الدعوى العمومية عند إجراء متابعة في الجنح والمخالفات التي يرتكبها أحداث، وكيل الملك لدى المحكمة الابتدائية المنتصب في دائرتها قاضي الأحداث المختص، ويمارسها الوكيل العام للملك في الجنايات والجنح المرتبطة بها.

في حالة ارتكاب جريمة يخول القانون فيها لإدارات عمومية الحق في متابعة مرتكبها، فإن النيابة العامة مؤهلة وحدها لممارسة هذه المتابعة استنادا إلى شكاية سابقة تقدمها الإدارة التي يهمها الأمر.

لا يمكن إقامة الدعوى العمومية في حق حدث من قبل الطرف المدني.

## المادة 464

يمكن أن يطالب بالحق المدني كل شخص متضرر من جريمة ينسب اقترافها لحدث لم يبلغ من العمر 18 سنة.

## المادة 465

تقام الدعوى المدنية ضد الحدث مع إدخال ممثله القانوني المسؤول مدنياً أمام قاضي الأحداث وأمام غرفة الأحداث لدى المحكمة الابتدائية في قضايا الجنح وأمام المستشار المكلف بالأحداث وأمام غرفة الجنايات للأحداث لدى محكمة الاستئناف في قضايا الجنايات والجنح المرتبطة بها.

إذا اتهم في القضية الواحدة متهمون رشداء وآخرون أحداث وبعد فصل المتابعة في حق هؤلاء الأخيرين طبقا للفقرة الثانية من المادة 461، فإن الدعوى المدنية التي يمارسها المتضرر ضد جميع المتهمين ترفع إلى الهيئة الزجرية التي يعهد إليها بمحاكمة الرشداء، وفي هذه الحالة، لا يحضر الأحداث في المناقشات ويحضر نيابة عنهم في الجلسة ممثلهم القانوني.

يمكن أن يؤجل البت في الدعوى المدنية إلى أن يبت نهائيا في حق الأحداث.

## المادة 466

يمنع نشر أية بيانات عن جلسات الهيئات القضائية للأحداث في الكتب والصحافة والإذاعة وعن طريق الصور والسينما والتلفزة أو أية وسيلة أخرى، و يمنع أيضاً أن ينشر بنفس الطرق كل نص أو رسم أو صورة تتعلق بهوية وشخصية الأحداث الجانحين.

دون الإخلال بالعقوبات الأشد التي قد ترد في نصوص أخرى، يعاقب عن مخالفة هذه المقتضيات بغرامة يتراوح مبلغها بين 10.000 و50.000 درهم.

في حالة العود إلى نفس الجريمة داخل أجل سنة ابتداء من أول حكم مكتسب لقوة الشيء المقضي به، يمكن الحكم بالحبس لمدة تتراوح بين شهرين وسنتين.

يمكن للمحكمة علاوة على ذلك، أن تأمر بمنع أو توقيف وسيلة النشر التي ارتكبت بواسطتها المخالفة لمدة لا يمكن أن تتجاوز ثلاثين يوما.

يمكن للمحكمة أيضا، أن تأمر بمصادرة أو إتلاف المطبوعات أو الأشرطة الصوتية أو المصورة أو غيرها من وسائل النشر كلياً أو جزئياً أو بحذف جزء منها، أو تمنع عرضها أو بيعها أو توزيعها أو إذاعتها أو بثها أو تداولها.

غير أنه يجوز نشر الحكم من غير أن يبين فيه اسم الحدث ولو بالأحرف الأولى لاسمه أو بواسطة صور أو رسوم أو أية إشارات أخرى من شأنها التعريف به، وإلا عوقب على ذلك بغرامة يتراوح مبلغها بين 1.200 و3.000 درهم.

كما يجوز للمسؤولين عن مراكز حماية الطفولة، استعمال وسائل الإعلام لنشر بعض المعلومات المتعلقة بالحدث الذي انقطعت صلته بأسرته قصد تسهيل العثور عليها وذلك بعد أخذ إذن قاضي الأحداث.

# الباب الثاني: قاضي الأحداث لدى المحاكم الابتدائية

## المادة 467

يعين قاض أو أكثر من قضاة المحكمة الابتدائية للقيام بمهام قاضي الأحداث لمدة ثلاث سنوات قابلة للتجديد بموجب قرار لوزير العدل بناء على اقتراح من رئيس المحكمة الابتدائية.

في حالة حدوث عائق يمنع قاضي الأحداث من القيام بمهامه، يكلف رئيس المحكمة الابتدائية من يقوم مقامه بصفة مؤقتة بعد استشارة وكيل الملك.

يكلف وكيل الملك، بصفة خاصة، قاضياً أو عدة قضاة من النيابة العامة بالقضايا المتعلقة بالأحداث.

## المادة 468

يختص قاضي الأحداث لدى المحكمة الابتدائية بالبت، وفقاً لمقتضيات المواد 375 إلى 382 والفقرة السادسة من المادة 384 من هذا القانون، في قضايا المخالفات المنسوبة إلى الحدث البالغ من العمر ما بين اثنتي عشرة سنة وثمان عشرة سنة.

في حالة ثبوت المخالفة، يمكن للقاضي أن يقتصر إما على توبيخ الحدث، أو الحكم بالغرامة المنصوص عليها قانوناً.

لا يتخذ في حق الحدث الذي لم يبلغ الثانية عشرة من عمره، سوى التسليم لأبويه أو حاضنه أو الوصي عليه أو المقدم عليه أو كافله أو الشخص أو المؤسسة المعهود إليها برعايته.

## المادة 469

يكون الاختصاص لقاضي الأحداث أو المستشار المكلف بالأحداث الذي ارتكبت الجريمة في دائرة نفوذه، أو الذي يوجد ضمن دائرة نفوذه محل إقامة الحدث أو أبويه أو وصيه أو المقدم عليه أو كافله أو حاضنه أو للقاضي الذي عثر في دائرته على الحدث، ويكون كذلك لقاضي المكان الذي أودع به الحدث إما بصفة مؤقتة أو بصفة نهائية.

## المادة 470[59]

إذا ارتأى وكيل الملك ضرورة إجراء تحقيق في القضية، فإنه يحيلها إلى قاضي التحقيق المكلف بالأحداث.

تطبق في هذه الحالة، المسطرة المقررة في القسم الثالث من الكتاب الأول المتعلق بالتحقيق الإعدادي، مع مراعاة المقتضيات المنصوص عليها في الكتاب الثالث من هذا القانون المتعلق بالقواعد الخاصة بالأحداث.

إذا كانت الجنحة لا تستدعي إجراء تحقيق، أو كان الأمر يتعلق بمخالفة فإن وكيل الملك يحيل القضية على قاضي الأحداث.

إذا تعلق الأمر بمخالفة تطبق مقتضيات المادة 468 أعلاه.

إذا تعلق الأمر بجنحة يمكن لقاضي الأحداث تطبيق مقتضيات المادة 471 بعده عند الاقتضاء.

تبت المحكمة في الجنح تحت طائلة البطلان وهي مكونة من قاضي الأحداث بحضور ممثل النيابة العامة وبمساعدة كاتب الضبط وفقا للمسطرة المقررة في المواد 475 و 476 و من 478 إلى 484 من هذا القانون.

---

59- تم تغيير المادة 470 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

## المادة 471

يمكن للقاضي في قضايا الجنح أن يصدر أمراً يخضع بمقتضاه الحدث لواحد أو أكثر من تدابير نظام الحراسة المؤقتة وذلك بتسليمه:

1- إلى أبويه أو الوصي عليه أو المقدم عليه أو كافله أو إلى حاضنه أو إلى شخص جدير بالثقة؛

2- إلى مركز للملاحظة؛

3- إلى قسم الإيواء بمؤسسة عمومية أو خصوصية معدة لهذه الغاية؛

4- إلى مصلحة عمومية أو مؤسسة عمومية مكلفة برعاية الطفولة أو إلى مؤسسة صحية بالأخص في حالة ضرورة معالجة الحدث من التسمم؛

5- إلى إحدى المؤسسات أو المعاهد المعدة للتربية أو الدراسة أو التكوين المهني أو للمعالجة التابعة للدولة أو لإدارة عمومية مؤهلة لهذه الغاية أو إلى مؤسسة خصوصية مقبولة للقيام بهذه المهمة؛

6- إلى جمعية ذات منفعة عامة مؤهلة لهذه الغاية.

إذا رأى قاضي الأحداث أن حالة الحدث الصحية أو النفسانية أو سلوكه العام تستوجب فحصا عميقا، فيمكنه أن يأمر بإيداعه مؤقتا لمدة لا تتجاوز ثلاثة أشهر بمركز مقبول مؤهل لذلك.

يمكن إن اقتضى الحال أن تباشر التدابير السابقة تحت نظام الحرية المحروسة.

تنفذ هذه التدابير المؤقتة رغم كل طعن وتكون قابلة دائما للإلغاء.

## المادة 472

يكون الأمر الذي يبت في التدابير المؤقتة المشار إليها في المادة السابقة قابلا للاستئناف طبقاً للقواعد المقررة في هذا القانون، ويمكن الطعن فيه بالاستئناف من طرف النيابة العامة والحدث أو ممثله القانوني أو أبويه أو الشخص أو المؤسسة المكلفة برعايته.

يرفع هذا الاستئناف أمام الغرفة الجنحية للأحداث بمحكمة الاستئناف.

## المادة 473

لا يمكن أن يودع بمؤسسة سجنية الحدث الذي لم يبلغ 12 سنة كاملة، ولو بصفة مؤقتة، ومهما كان نوع الجريمة.

لا يمكن أن يودع في مؤسسة سجنية، ولو بصفة مؤقتة، الحدث الذي يتراوح عمره بين 12 و 18 سنة إلا إذا ظهر أن هذا التدبير ضروري أو استحال اتخاذ أي تدبير آخر، وفي هذه الحالة يحتفظ بالحدث في جناح خاص، أو عند عدم وجوده، في مكان خاص معزول عن أماكن وضع الرشداء.

يبقى الحدث على انفراد أثناء الليل حسب الإمكان.

يقوم قاضي الأحداث بتفقد الأحداث المعتقلين وكذا الأحداث المودعين بالمراكز والمؤسسات المشار إليها في المادتين 471 و 481 من هذا القانون مرة كل شهر على الأقل.

## المادة 474

إذا كانت الأفعال تكون جنحة، فإن قاضي الأحداث يجري بنفسه أو يأمر بإجراء بحث لتحديد التدابير الواجب اتخاذها لضمان حماية الحدث وإنقاذه، ويتلقى بواسطة بحث اجتماعي معلومات عن حالة عائلته المادية والمعنوية وعن طبعه وسوابقه وعن مواظبته بالمدرسة وسيرته فيها وعن سلوكه المهني وعن رفقائه وعن الظروف التي عاش فيها وتلقى فيها تربيته.

يأمر كذلك إن اقتضى الحال بإجراء فحص طبي أو فحص عقلي أو فحص نفساني. و يمكنه عند الاقتضاء، إصدار جميع الأوامر المفيدة.

يمكن لقاضي الأحداث، رعيا لمصلحة الحدث، ألا يأمر بأي تدبير من التدابير المنصوص عليها في الفقرتين الأولى والثانية أعلاه أو ألا يتخذ سوى تدبير واحد منها.

يمكن لقاضي الأحداث أن يسند أمر البحث الاجتماعي إلى الإدارة المكلفة بالشؤون الاجتماعية أو إلى الجمعيات أو الأشخاص أو المساعدات الاجتماعيات المؤهلين لهذه الغاية.

## المادة 475

يشعر قاضي الأحداث الأبوين أو المقدم أو الوصي أو الكافل أو الحاضن أو الشخص أو المؤسسة المكلفة برعاية الحدث المعروفين لديه بإجراء المتابعات.

إذا لم يختر الحدث أو ممثله القانوني محاميا، فيعينه له قاضي الأحداث تلقائياً أو يدعو نقيب المحامين لتعيينه.

## المادة 476

إذا كان الحدث متابعا عن نفس الأفعال وفي نفس القضية مع متهمين رشداء، وكان قد تم فصل قضية الرشداء عن القضية المتعلقة بالحدث طبقا للمادة 461 أعلاه، فيؤجل البت في حق الحدث بقرار معلل إلى أن يصدر الحكم في حق الرشداء ما لم يتعارض ذلك مع مصلحة الحدث.

## المادة 478[60]

يجري البحث والمناقشات ويصدر الحكم بجلسة سرية، ويجب أن يحضر الحدث شخصيا ومساعدا بمحاميه وممثله القانوني، ما لم تعف المحكمة الحدث أو ممثله القانوني من الحضور.

---

60- تم حذف عنوان الباب الثالث من القسم الثاني من الكتاب الثالث والمادة 477 بمقتضى المادة الخامسة من القانون رقم 36.10، سالف الذكر.

تطبق مقتضيات المواد 297 إلى 372 من هذا القانون مع مراعاة المواد من 476 إلى 484.

إذا تغيب الحدث أو ممثله عن الحضور بعدما استدعي بصفة قانونية، ولم يبرر تغيبه بأي عذر مقبول، فيبت في القضية ويوصف الحكم وفقاً لمقتضيات المادة 314 أعلاه.

### المادة 479

يحكم في كل قضية على حدة من غير حضور باقي الأشخاص المتابعين.

لا يقبل للحضور في البحث والمناقشات إلا الشهود في القضية والأقارب والوصي أو المقدم أو الكافل أو الحاضن أو الممثل القانوني للحدث أو الشخص أو الهيئة المكلفة برعايته، وأعضاء هيئة المحاماة والمندوبون المكلفون بنظام الحرية المحروسة والقضاة والطرف المدني الذي قد يتقدم بمطالبته بالجلسة.

يمكن للمحكمة أن تأمر في كل وقت بانسحاب الحدث من البحث والمناقشات كليا أو جزئيا، وتصدر الحكم بمحضره ما لم تقرر خلاف ذلك[61].

### المادة 480 [62]

إذا تبين من المناقشات أن الجريمة لا تنسب إلى الحدث، صرحت المحكمة ببراءته.

غير أنه يمكنها، إذا كانت مصلحة الحدث تقتضي ذلك، أن تطبق في حقه مقتضيات المواد 510 إلى 517 الآتية بعده.

إذا تبين من المناقشات أن الأفعال لها صفة جنحة وأنها تنسب إلى الحدث، فإن المحكمة تتخذ التدابير التالية:

1- إذا كان عمر الحدث يقل عن 12 سنة كاملة، فإن المحكمة تنبهه وتسلمه بعد ذلك لأبويه أو إلى الوصي عليه أو المقدم عليه أو حاضنه أو كافله أو المكلف برعايته.

إذا كان الحدث مهملا أو كان أبواه أو الوصي عليه أو المقدم عليه أو كافله أو حاضنه أو الشخص أو المؤسسة المكلفة برعايته لا يتوفرون على الصفات الأخلاقية المطلوبة، فإنها تسلمه إلى شخص جدير بالثقة أو إلى مؤسسة مرخص لها. ويمكنها أن تأمر، علاوة على ذلك، بوضع الحدث تحت نظام الحرية المحروسة، إما بصفة مؤقتة لفترة اختبار واحدة أو أكثر تحدد مدتها، وإما بصفة نهائية إلى أن يبلغ سنا لا يمكن أن يتجاوز 18 سنة.

2- إذا كان الحدث يتجاوز عمره 12 سنة، يمكن أن يطبق في حقه إما تدبير أو أكثر من بين تدابير الحماية أو التهذيب المنصوص عليها في المادة 481 بعده، أو إحدى العقوبات المقررة في المادة 482، أو تكمل هذه العقوبات بواحد أو أكثر من تدابير الحماية أو التهذيب.

---

61- تم تغيير المادة 479 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

62- تم تغيير المادة 480 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

المملكة المغربية                          وزارة العدل والحريات                          مديرية التشريع

إذا تبين للمحكمة أن الأفعال تكتسي صبغة جناية، فإنها تصدر حكماً بعدم اختصاصها وتبت في استمرار نظام الحراسة المؤقتة أو في استمرار الإيداع بالسجن المنصوص عليه في المادة 473 أعلاه.

إذا تبين لها أن الأفعال تكتسي صبغة مخالفة أو جنحة من اختصاص القاضي المنفرد، فإنها تحيلها إلى قاضي الأحداث.

## المادة 481

يمكن للمحكمة[63] أن تتخذ في شأن الحدث واحدا أو أكثر من تدابير الحماية أو التهذيب الآتية:

1- تسليم الحدث لأبويه أو للوصي عليه أو للمقدم عليه أو لكافله أو لحاضنه أو لشخص جدير بالثقة أو للمؤسسة أو للشخص المكلف برعايته؛

2- إخضاعه لنظام الحرية المحروسة؛

3- إيداعه في معهد أو مؤسسة عمومية أو خاصة للتربية أو التكوين المهني ومعدة لهذه الغاية؛

4- إيداعه تحت رعاية مصلحة أو مؤسسة عمومية مكلفة بالمساعدة؛

5- إيداعه بقسم داخلي صالح لإيواء جانحين أحداث لا يزالون في سن الدراسة؛

6- إيداعه بمؤسسة معدة للعلاج أو للتربية الصحية؛

7- إيداعه بمصلحة أو مؤسسة عمومية معدة للتربية المحروسة أو للتربية الإصلاحية.

يتعين في جميع الأحوال أن تتخذ التدابير المشار إليها أعلاه لمدة معينة لا يمكن أن تتجاوز التاريخ الذي يبلغ فيه عمر الحدث ثمان عشرة سنة ميلادية كاملة.

## المادة 482[64]

يمكن للمحكمة بصفة استثنائية أن تعوض أو تكمل التدابير المنصوص عليها في المادة السابقة بعقوبة حبسية أو مالية بالنسبة للأحداث الذين تتراوح أعمارهم بين 12 و 18 سنة، إذا ارتأت أن ذلك ضروري نظرا لظروف أو لشخصية الحدث الجانح، وبشرط أن تعلل مقررها بخصوص هذه النقطة. وفي هذه الحالة، يخفض الحدان الأقصى والأدنى المنصوص عليهما في القانون إلى النصف.

إذا حكمت المحكمة بعقوبة حبسية إضافة إلى تدابير الحماية المنصوص عليها في المادة 481 أعلاه، فإن العقوبة السالبة للحرية تنفذ بالأسبقية، وفي جميع الأحوال فإن عقوبة الحبس لا يمكن أن تقطع علاج الحدث أو تحول دونه.

---

63- تم تغيير المادة 481 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

64- تم تغيير المادة 482 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

### المادة 483

يمكن للمحكمة[65] أن تأمر بالتنفيذ المؤقت للتدابير المحكوم بها بمقتضى المادتين 480 و 481 أعلاه رغم كل تعرض أو استئناف.

### المادة 484

تطبق على مقررات محكمة الأحداث[66] قواعد الأحكام الغيابية والتعرض المنصوص عليها في المواد 311 و 314 و 391 والمواد 393 إلى 395 من هذا القانون، وتراعى عند التطبيق مقتضيات المادتين 479 و 480.

يسري نفس الحكم فيما يخص المادة 396 وما بعدها المتعلقة بالاستئناف.

يمكن أن يطعن بالتعرض أو الاستئناف كل من الحدث أو نائبه القانوني، ويمكن لوكيل الملك أن يطعن بالاستئناف.

يعرض الاستئناف أمام غرفة الجنح الاستئنافية للأحداث بمحكمة الاستئناف.

لا يوقف الاستئناف تنفيذ تدابير الحماية أو التهذيب المنصوص عليها في المادة 481 أعلاه.

### المادة 1-484[67]

تتكون غرفة الاستئنافات للأحداث لدى المحكمة الابتدائية تحت طائلة البطلان، من قاض للأحداث بصفته رئيسا، ومن قاضيين اثنين، وتعقد جلساتها بحضور ممثل النيابة العامة ومساعدة كاتب الضبط.

تختص هذه الغرفة بالنظر في الاستئنافات المرفوعة ضد الأحكام الصادرة عن المحكمة الابتدائية في قضايا الأحداث إذا كانت العقوبة المقررة لها تعادل أو تقل عن سنتين حبسا وغرامة أو إحدى هاتين العقوبتين فقط.

تطبق أمام غرفة الاستئنافات للأحداث، الأحكام المتعلقة بالاستئناف المنصوص عليها في هذا القانون.

## الباب الرابع: المستشار المكلف بالأحداث

### المادة 485

يعين بقرار لوزير العدل في كل محكمة استئناف، مستشار أو أكثر للقيام بمهام مستشار مكلف بالأحداث لمدة ثلاث سنوات قابلة للتجديد، ويعفى من مهامه بنفس الكيفية.

---

65- تم تغيير المادة 483 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

66- تم تغيير المادة 484 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

67- تمت إضافة المادة 1-484 أعلاه بمقتضى المادة الثالثة من القانون رقم 36.10، سالف الذكر.

في حالة تغيب المستشار المعين أو إذا حال دون قيامه بمهمته مانع، فإن الرئيس الأول يكلف من يقوم مقامه بعد استشارة الوكيل العام للملك.

يكلف الوكيل العام للملك قاضيا أو عدة قضاة من النيابة العامة بقضايا الأحداث.

### المادة 486

إذا كانت الأفعال المنسوبة للحدث تكتسي طابعا جنائيا، فإن المستشار المكلف بالأحداث بعد قيامه بالبحث المنصوص عليه في المادة 474 أعلاه، يجري تحقيقا في القضية حسب الكيفيات المقررة في القسم الثالث من الكتاب الأول المتعلق بالتحقيق الإعدادي.

يمكنه إخضاع الحدث لنظام الحراسة المؤقتة المنصوص عليه في المادة 471 أو لواحد أو أكثر من تدابير الحماية أو التهذيب المنصوص عليها في المادة 481 أعلاه.

يمكنه مع مراعاة مقتضيات المادة 473 أعلاه أن يصدر أمراً باعتقال الحدث مؤقتاً، وتسري في هذه الحالة الأحكام المتعلقة بالاعتقال الاحتياطي.

### المادة 487

بمجرد ما يعتبر المستشار المكلف بالأحداث أن البحث قد انتهى، يوجه الملف إلى الوكيل العام للملك بعدما يقوم بترقيم أوراقه كاتب الضبط، ويجب على الوكيل العام للملك أن يوجه إلى المستشار المكلف بالأحداث ملتمساته خلال ثمانية أيام على الأكثر.

إذا ظهر للمستشار المكلف بالأحداث أن الأفعال ثابتة في حق الحدث وتشكل جناية، فإنه يأمر بإحالة القضية إلى غرفة الجنايات للأحداث.

إذا ارتأى أن الأفعال لا تقع أولم تعد واقعة تحت طائلة القانون الجنائي أو تبين له عدم توفر قرائن كافية ضد الحدث، فإنه يصدر أمرا بعدم المتابعة.

إذا ارتأى أن الأفعال تكون جنحة أو مخالفة، أحال الحدث على المحكمة الابتدائية المختصة وبت، عند الاقتضاء، في استمرار التدابير المشار إليها في المادة السابقة.

تقبل هذه القرارات الاستئناف أمام الغرفة الجنحية للأحداث.

يتم الاستئناف وفقاً لمقتضيات المواد من 222 إلى 224 من هذا القانون.

## الباب الخامس: الغرفة الجنحية للأحداث لدى محكمة الاستئناف

### المادة 488

تتكون الغرفة الجنحية للأحداث لدى محاكم الاستئناف تحت طائلة البطلان من مستشار للأحداث بصفته رئيساً ومن مستشارين اثنين، وتعقد جلساتها بحضور ممثل النيابة العامة وبمساعدة كاتب الضبط.

تطبق على عقد جلساتها وعلى قراراتها المقتضيات الخاصة بالغرفة الجنحية الواردة في القسم الرابع من الكتاب الأول من هذا القانون.

## الباب السادس: غرفة الجنح الاستئنافية للأحداث

### المادة 489[68]

تتكون غرفة الجنح الاستئنافية للأحداث، تحت طائلة البطلان، من مستشار للأحداث بصفته رئيسا ومن مستشارين اثنين، وتعقد جلساتها بحضور ممثل النيابة العامة وبمساعدة كاتب الضبط.

وتختص بالنظر في استئناف الأحكام الصادرة عن المحكمة الابتدائية في قضايا الجنح المرتكبة من طرف الأحداث، ما عدا تلك المنصوص عليها في المادة 484 أعلاه.

تطبق على عقد الجلسات وعلى مقررات غرفة الجنح الاستئنافية للأحداث، مقتضيات الفرع الخامس من الباب الأول من القسم الرابع من الكتاب الثاني من هذا القانون المتعلقة بالاختصاصات الخاصة بغرفة الجنح الاستئنافية مع مراعاة أحكام المواد من 480 إلى 482 و492 من هذا القانون.

## الباب السابع: غرفة الجنايات للأحداث وغرفة الجنايات الاستئنافية للأحداث

### المادة 490

تتكون غرفة الجنايات للأحداث، تحت طائلة البطلان، من مستشار للأحداث بصفته رئيساً ومن مستشارين إثنين وتعقد جلساتها بحضور ممثل النيابة العامة وبمساعدة كاتب الضبط.

تختص بالنظر في الجنايات والجنح المرتبطة بها المنسوبة للأحداث.

تبت الغرفة في جلسة سرية، وفقاً للمسطرة المنصوص عليها في المواد 316 و416 وما يليها إلى 457 من هذا القانون، مع مراعاة المقتضيات الواردة في المواد 491 إلى 497 بعده.

### المادة 491

يحدد الرئيس تاريخ الجلسة، ويستدعي الوكيل العام للملك كلا من الحدث وممثله القانوني، ويجب أن يسلم الاستدعاء وفقاً لما تنص عليه المادة 420 أعلاه.

### المادة 492

إذا ارتأت الغرفة أن الأفعال منسوبة إلى الحدث، فإنها تبت طبقا للمقتضيات المقررة في المواد 473 و 476 ومن 481 إلى 483 من هذا القانون.

---

68- تم تغيير المادة 489 أعلاه بمقتضى المادة الأولى من القانون رقم 36.10، سالف الذكر.

## المادة 493

إذا تبين من المناقشات أن الجريمة غير منسوبة إلى الحدث تصدر الغرفة قرارا ببراءته.

إذا أثبتت المناقشات أن الأفعال تنسب إلى الحدث، يمكن للغرفة أن تصدر في حقه تدبيراً أو أكثر من تدابير الحماية أو التهذيب المنصوص عليها في المادة 481 أعلاه، ويمكنها أن تكمل هذه التدابير أو تعوضها بالنسبة للأحداث الذين يتجاوز سنهم 12 سنة بعقوبة من العقوبات المنصوص عليها في المادة 482 أعلاه.

غير أنه إذا كانت العقوبة الأصلية المقررة للجريمة هي الإعدام أو السجن المؤبد أو السجن لمدة ثلاثين سنة، فإن الغرفة تستبدلها بعقوبة تتراوح بين عشر سنوات وخمس عشرة سنة سجناً.

## المادة 494

يمكن الطعن بالاستئناف في قرارات غرفة الجنايات الصادرة في حق الأحداث أمام غرفة الجنايات الاستئنافية للأحداث وفقاً لمقتضيات المادة 457 أعلاه من طرف الحدث أو نائبه القانوني، أو النيابة العامة أو الطرف المدني أو المسؤول عن الحقوق المدنية.

تتكون غرفة الجنايات الاستئنافية للأحداث من مستشار للأحداث رئيساً ومن أربعة مستشارين، وتعقد جلساتها بحضور ممثل النيابة العامة وبمساعدة كاتب الضبط.

تبت الغرفة التي تنظر في الطعن مع مراعاة المقتضيات المشار إليها في المادتين 492 و493 أعلاه.

## المادة 495

يمكن الطعن بالنقض حسب الكيفيات العادية في المقررات النهائية الصادرة في حق الأحداث عن غرفة الجنح الاستئنافية للأحداث والغرفة الجنحية للأحداث لدى محكمة الاستئناف وغرفة الجنايات للأحداث، من طرف الحدث أو نائبه القانوني أو النيابة العامة أو الطرف المدني أو المسؤول عن الحقوق المدنية.

غير أن الطعن بالنقض لا يوقف تنفيذ تدابير الحماية أو التهذيب المحكوم بها بمقتضى المادة 493.

# القسم الثالث: الحرية المحروسة

## المادة 496

يعهد في دائرة كل محكمة استئناف إلى مندوب أو عدة مندوبين دائمين وإلى مندوبين متطوعين بالإشراف والتتبع التربوي للأحداث الجاري عليهم نظام الحرية المحروسة.

يعين مندوب لرعاية كل حدث، إما بأمر من قاضي الأحداث لدى المحكمة الابتدائية، وإما بأمر صادر عن المستشار المكلف بالأحداث بمحكمة الاستئناف، أو بمقرر صادر عن إحدى الهيئات القضائية المشار إليها في المادة 462 من هذا القانون.

## المادة 497

يوضع الحدث الخاضع لنظام الحرية المحروسة المشار إليه في البند رقم 2 من المادة 481 أعلاه، تحت الإشراف والتتبع التربوي لمندوب تكون مهمته العمل على تجنيب الحدث كل عود إلى الجريمة واقتراح كل تدبير مفيد لإعادة تربيته.

يمكن أن يتخذ التدبير إما خلال مدة جريان المسطرة فقط وإما إلى غاية بلوغ الحدث18 سنة أو إلى حين الاطمئنان على سلوكه.

## المادة 498

تناط بالمندوبين مهمة مراقبة الظروف المادية والمعنوية التي يعيش فيها الحدث وحالته الصحية وظروف تربيته وعمله وعلاقاته وحسن استعماله لهواياته.

يرفع هؤلاء المندوبون إلى القاضي أو الهيئة القضائية التي عينتهم تقارير عن مهمتهم كل ثلاثة أشهر. وعلاوة على ذلك، يتعين عليهم أن يرفعوا إلى القاضي أو الهيئة المذكورين تقريرا فوريا عما يعترضهم من عراقيل تحول دون قيامهم بمهمتهم، أو إذا ما ساءت سيرة الحدث، أو تعرض لخطر معنوي، أو أصبح يعاني من سوء معاملة، وحول كل حادثة أو حالة يظهر للمندوب أنها تستوجب تغييرا في تدابير الإيداع أو الكفالة.

## المادة 499

يعين المندوبون الدائمون بمقرر إداري تصدره السلطة الحكومية المكلفة بالطفولة، ويتقاضون أجرة عن أعمالهم ويختارون نظرا لسلوكهم الحسن ولاهتمامهم بمصالح الأحداث.

يعين المندوبون المتطوعون من طرف القضاة والمستشارين المكلفين بالأحداث، من بين الأشخاص الذين يبلغون من العمر 25 سنة على الأقل حسب المقاييس المقررة في الفقرة السابقة، ولا يتقاضون أجرة.

تناط بالمندوبين الدائمين، بالإضافة إلى المهام المسندة إليهم بمقتضى المادتين 497 و498 أعلاه مهمة تسيير وتنسيق نشاط المندوبين المتطوعين، وذلك تحت سلطة قاضي الأحداث أو المستشار المكلف بالأحداث.

تؤدى المصاريف التي يستوجبها تنقل المندوبين الدائمين والمتطوعين لإجراء مراقبة الأحداث، بصفتها مصاريف القضاء الجنائي.

## المادة 500

في جميع الحالات التي يتقرر فيها نظام الحرية المحروسة، يعلم الحدث وأبواه أو كافله أو الوصي عليه أو المقدم عليه أو حاضنه أو الشخص أو المؤسسة المكلفة برعايته بطبيعة هذا التدبير وموضوعه والالتزامات التي يستوجبها.

في حالة وفاة الحدث أو إصابته بمرض خطير، أو تغيير محل إقامته أو تغيبه بدون إذن، يتعين على الأشخاص المذكورين أعلاه أو مشغله أن يعلم المندوب بذلك بدون تأخير.

إذا كشفت حادثة ما عن إهمال واضح لمراقبة الحدث من طرف الأشخاص المذكورين في الفقرة الأولى من هذه المادة، أو عن عراقيل متكررة تحول دون قيام المندوب بمهمته، فللقاضي أو للهيئة القضائية التي أمرت بإخضاع الحدث لنظام الحرية المحروسة أيا كان المقرر المتخذ في شأن الحدث أن يحكم على هؤلاء الأشخاص بغرامة مدنية تتراوح بين 200 و1.200 درهم.

# القسم الرابع: تغيير تدابير المراقبة والحماية وإعادة النظر

## المادة 501

يمكن في كل وقت لقاضي الأحداث أو المستشار المكلف بالأحداث، إما تلقائياً وإما بطلب من النيابة العامة أو بناء على تقرير يقدمه المندوب المكلف بالحرية المحروسة أو بناء على طلب من الحدث أو ممثله القانوني أو الشخص أو المؤسسة المكلفة برعايته، أن يعيد النظر في التدابير المنصوص عليها في المادة 481 وذلك كيفما كانت الهيئة القضائية التي أصدرت المقرر.

## المادة 502

إذا مرت على الأقل ثلاثة أشهر على تنفيذ مقرر صادر بإيداع الحدث خارج أسرته، يمكن لأبويه أو الوصي عليه أو المقدم عليه أو حاضنه أو كافله أن يقدموا طلبا بتسليمه إليهم أو بإرجاعه تحت حضانتهم، وذلك بعدما يثبتون أهليتهم لتربية الطفل وتحسن سيرته تحسنا كافيا، كما يجوز للحدث تقديم نفس الطلب.

يمكن الطعن بالاستئناف في قرار قاضي الأحداث أو المستشار المكلف بالأحداث داخل أجل عشرة أيام ابتداء من تاريخ صدوره، من طرف النيابة العامة أو الحدث أو أحد الأشخاص المشار إليهم في الفقرة الأولى من هذه المادة، ويرفع هذا الاستئناف أمام الغرفة الجنحية للأحداث بمحكمة الاستئناف.

في حالة رفض الطلب يمكن تجديده في أي وقت.

### المادة 503

يمكن للقاضي المختص عند الاقتضاء، إذا طرأ نزاع عارض أو أقيمت دعوى متعلقة بتغيير نظام الإيداع أو التسليم أو الحرية المحروسة، أن يأمر باتخاذ جميع التدابير التي يراها ضرورية ليبقى الحدث رهن إشارته.

يرجع الاختصاص المحلي للبت في أي نزاع عارض وفي دعاوى تغيير التدابير :

1- إلى قاضي الأحداث أو المستشار المكلف بالأحداث حسب الحالة؛

2- بمقتضى تفويض منهما لاختصاصاتهما، إلى القاضي أو المستشار المنتدب الذي يقع ضمن دائرته موطن أبوي الحدث، أو موطن الشخص أو الهيئة أو المؤسسة أو المعهد أو الجمعية التي سلم الحدث إليها، أو إلى قاضي المكان الذي يقضي به الحدث مدة الإيداع أو الاعتقال.

إذا كانت القضية تستوجب الاستعجال أمكن، بناء على ملتمس النيابة العامة، اتخاذ كل تدبير مؤقت من طرف قاضي الأحداث بالمكان الذي يقضي به الحدث مدة الإيداع أو الاعتقال، ويتعين في هذه الحالة إشعار القاضي أو الهيئة المكلفة بقضية الحدث.

### المادة 504

يمكن رغم كل تعرض أو استئناف، أن يقرر التنفيذ المؤقت للمقررات الصادرة في النزاع العارض أو الدعاوى الرامية إلى تغيير الوضع بخصوص الحرية المحروسة أو الإيداع أو التسليم.

يقدم الاستئناف من طرف الحدث أو نائبه القانوني أو النيابة العامة أو المطالب بالحق المدني أو المسؤول عن الحقوق المدنية إلى الغرفة الجنحية للأحداث بمحكمة الاستئناف، ضمن الشروط المنصوص عليها في المادة 488 أعلاه.

## القسم الخامس: تنفيذ الأحكام

### المادة 505

تسجل الأحكام الصادرة عن الهيئات المختصة بالأحداث في سجل خاص يمسكه كاتب الضبط، ولا يكون في متناول العموم.

### المادة 506

تضمن في السجل العدلي المقررات المحتوية على تدابير الحماية أو التهذيب.

غير أنه لا يشار إليها إلا في البطائق رقم 2 المسلمة للقضاة وللمصلحة المكلفة بالحرية المحروسة باستثناء أية سلطة أو مصلحة عمومية أخرى كما تنص على ذلك الفقرة الأخيرة من المادة 665 بعده.

04-G-165

## المادة 507

إذا تأكد تحسن سيرة الحدث، يمكن لقاضي الأحداث، بعد انصرام أجل ثلاث سنوات ابتداء من يوم انتهاء مدة تدبير الحماية أو التهذيب، أن يأمر بإلغاء البطاقة رقم 1 التي تنص على التدبير المتخذ في حقه إما تلقائيا أو بطلب من النيابة العامة أو من الحدث المذكور أو ممثله القانوني أو الوصي عليه أو المقدم عليه أو كافله أو الشخص أو المؤسسة المكلفة برعايته.

يختص بالنظر في ذلك كل من القاضي الذي أجرى المتابعة الأولى، أو القاضي الذي يوجد في دائرته الموطن الحالي للحدث، أو القاضي الذي كانت ولادة الحدث بدائرته.

يقبل مقرر القاضي بالرفض الطعن بالاستئناف أمام الغرفة الجنحية للأحداث لدى محكمة الاستئناف داخل أجل عشرة أيام.

إذا صدر الأمر بالإلغاء، أتلفت البطاقة رقم 1 المتعلقة بالتدبير المذكور.

## المادة 508

يتعين في جميع الحالات التي يسلم فيها الحدث مؤقتا أو نهائيا لغير أبيه أو أمه أو الوصي عليه أو المقدم عليه أو كافله أو حاضنه، إصدار حكم يتضمن تحديد الحصة التي تتحملها الأسرة من صوائر الرعاية والإيداع مع مراعاة مداخيلها.

تعفى الأسرة من هذه المصاريف إذا أثبتت عوزها.

تستخلص هذه الصوائر باعتبارها من صوائر القضاء الجنائي.

تؤدى التعويضات العائلية والمساعدات الاجتماعية التي يستحقها الحدث، في سائر الأحوال مباشرة وأثناء مدة الرعاية أو الإيداع، من طرف الهيئة المدينة بها إلى الشخص أو المؤسسة المكلفة بالحدث.

إذا سلم الحدث لمصلحة عمومية مكلفة برعاية الطفولة، فإن الدولة تتحمل الحصة غير الواجبة على الأسرة من صوائر الرعاية والإيداع.

## المادة 509

تعفى الأحكام الصادرة عن الهيئات القضائية للأحداث من إجراءات التنبر والتسجيل، باستثناء ما يرجع منها للبت في المطالب المدنية إن اقتضى الحال ذلك.

# القسم السادس: حماية الأطفال ضحايا جنايات أو جنح

## المادة 510

إذا ارتكبت جناية أو جنحة وكان ضحيتها حدثاً لا يتجاوز عمره 18 سنة، فلقاضي الأحداث أو المستشار المكلف بالأحداث إما استنادا لملتمسات النيابة العامة وإما تلقائيا، بعد أخذ رأي النيابة العامة أن يصدر أمرا قضائيا بإيداع الحدث المجنى عليه لدى شخص جدير

بالثقة، أو مؤسسة خصوصية أو جمعية ذات منفعة عامة مؤهلة لذلك أو بتسليمه لمصلحة أو مؤسسة عمومية مكلفة برعاية الطفولة إلى أن يصدر حكم نهائي في موضوع الجناية أو الجنحة.

ينفذ هذا الأمر رغم كل طعن.

يمكن للنيابة العامة أو لقاضي الأحداث أو المستشار المكلف بالأحداث الأمر بعرض الحدث على خبرة طبية أو نفسية أو عقلية لتحديد نوع وأهمية الأضرار اللاحقة به وبيان ما إذا كان يحتاج إلى علاج ملائم لحالته حالاً ومستقبلاً.

## المادة 511

يمكن للنيابة العامة في حالة صدور حكم من أجل جناية أو جنحة ارتكبت ضد حدث، أن تحيل القضية على قاضي الأحداث أو المستشار المكلف بالأحداث المختص، إن ارتأت أن مصلحة الحدث تبرر ذلك. ويمكن للقاضي المذكور أن يتخذ ما يراه مناسبا من تدابير الحماية كما يمكنه أن يأمر بالتنفيذ المعجل لقراره.

ويمكن للنيابة العامة وللحدث أو أبويه أو الوصي عليه أو المقدم عليه أو حاضنه أو كافله أو المكلف برعايته، أن يستأنف قرار القاضي خلال عشرة أيام من صدوره أمام الغرفة الجنحية للأحداث بمحكمة الاستئناف.

# القسم السابع: حماية الأطفال الموجودين في وضعية صعبة

## المادة 512

يمكن لقاضي الأحداث لدى المحكمة الابتدائية بناء على ملتمس النيابة العامة أن يتخذ لفائدة الحدث الموجود في وضعية صعبة أي تدبير يراه كفيلاً بحمايته، من بين التدابير المنصوص عليها في البنود 1 و3 و4 و5 و6 من المادة 471 من هذا القانون.

## المادة 513

يعتبر الحدث البالغ من العمر أقل من ست عشرة(16) سنة في وضعية صعبة، إذا كانت سلامته البدنية أو الذهنية أو النفسية أو الأخلاقية أو تربيته معرضة للخطر من جراء اختلاطه بأشخاص منحرفين أو معرضين للانحراف أو معروفين بسوء سيرتهم أو من ذوي السوابق في الإجرام، أو إذا تمرد على سلطة أبويه أو حاضنه أو الوصي عليه أو المقدم عليه أو كافله أو الشخص أو المؤسسة المكلفة برعايته، أو لكونه اعتاد الهروب من المؤسسة التي يتابع بها دراسته أو تكوينه، أو هجر مقر إقامته، أو لعدم توفره على مكان صالح يستقر فيه.

## المادة 514

إذا رأى قاضي الأحداث أن حالة الحدث الصحية أو النفسانية أو سلوكه العام تستوجب فحصا عميقا، أمر بإيداعه مؤقتا لمدة لا تتجاوز ثلاثة أشهر بمركز مقبول مؤهل لذلك.

## المادة 515

يعهد إلى أحد مندوبي الحرية المحروسة بتتبع حالة الحدث وظروف تنفيذ التدابير، وفقاً للكيفيات المنصوص عليها في المواد من 496 إلى 500 من هذا القانون.

## المادة 516

يمكن لقاضي الأحداث أن يأمر في كل وقت بإلغاء التدابير أو تغييرها إذا اقتضت مصلحة الحدث ذلك.

ويصدر القاضي أمره إما تلقائياً أو بناء على طلب من وكيل الملك أو الحدث أو أبويه أو الوصي عليه أو المقدم عليه أو حاضنه أو كافله أو الشخص أو المؤسسة المكلفة برعايته أو بناء على تقرير يقدمه مندوب الحرية المحروسة.

ويتعين أخذ رأي وكيل الملك إذا لم يكن هو الذي تقدم بالطلب.

## المادة 517

ينتهي مفعول التدابير المأمور بها بانتهاء المدة التي حددها أمر قاضي الأحداث، وينتهي في كل الأحوال ببلوغ الحدث سن ست عشرة سنة ميلادية كاملة.

ويمكن للقاضي، في بعض الأحوال الاستثنائية، إذا اقتضت ذلك مصلحة الحدث، أن يقرر تمديد مفعول التدابير المأمور بها إلى حين بلوغه سن الرشد الجنائي بمقتضى قرار معلل، مع مراعاة مقتضيات الفقرتين 2 و3 من المادة 516 أعلاه.

# الكتاب الرابع: طرق الطعن غير العادية

## القسم الأول: النقض

## الباب الأول: أحكام عامة

### المادة 518

تتولى محكمة النقض النظر في الطعون بالنقض المقدمة ضد الأحكام الصادرة عن المحاكم الزجرية، وتسهر على التطبيق الصحيح للقانون، وتعمل على توحيد الاجتهاد القضائي.

تمتد مراقبة محكمة النقض إلى التكييف القانوني للوقائع المبنية عليها المتابعة الجنائية، لكنها لا تمتد إلى الوقائع المادية التي يشهد بثبوتها قضاة المحاكم الزجرية، ولا إلى قيمة الحجج التي أخذوا بها ما عدا في الحالات المحددة التي يجيز فيها القانون هذه المراقبة.

### المادة 519

يقدم طلب النقض لمصلحة الأطراف، ويمكن تقديمه بصفة استثنائية لفائدة القانون.

## الباب الثاني: طلب النقض لمصلحة الأطراف

### المادة 520

يرمي الطعن بالنقض لمصلحة الأطراف إلى الإبطال الفعلي للمقرر القضائي.

يقدم الطعن بالنقض من النيابة العامة لمصلحة المجتمع، ويتقدم به لمصلحته الخاصة كل من كان طرفا في الدعوى.

## الفرع الأول: شروط طلب النقض الشكلية وشروط قبوله وآثاره

### المادة 521

يمكن الطعن بالنقض في كل الأحكام والقرارات والأوامر القضائية النهائية الصادرة في الجوهر، ما لم ينص القانون على خلاف ذلك.

إذا كانت المسطرة تشمل عدة أطراف وتغيب بعضهم، فيمكن للطرف الصادر في حقه مقرر حضوري نهائي أن يطعن فيه بالنقض داخل الأجل القانوني، ويمكن للطرف المتغيب الطعن بالنقض عندما يصبح المقرر الصادر في حقه نهائيا.

تبلغ كتابة ضبط المحكمة المصدرة للمقرر فوراً مقررها للطرف المتغيب.

## المادة 522

لا تقبل المقررات الإعدادية أو التمهيدية أو الصادرة بشأن نزاع عارض أو دفع، الطعن بالنقض إلا في آن واحد مع الطعن بالنقض في المقرر النهائي الصادر في الجوهر.

يسري نفس الحكم على المقررات الصادرة بشأن الاختصاص، ما لم تكن متعلقة بعدم الاختصاص النوعي شريطة إثارته قبل كل دفاع في الجوهر.

غير أنه إذا كان الطعن منصبا على الدعوى المدنية وحدها فإن الملف لا يرفع إلى محكمة النقض إلا بعد الفصل في موضوعها بكامله.

في حالة وقوع نزاع في نوع الحكم، تطبق المقتضيات المنصوص عليها في الفقرتين الثانية والثالثة من المادة 401 من هذا القانون.

لا يمكن التمسك، لأجل عدم قبول طلب النقض، بالتنفيذ الطوعي للمقررات الصادرة طبقاً للشروط المنصوص عليها في الفقرتين الأولى والثانية من هذه المادة، أو الأحكام الصادرة في الدفوع أو الاختصاص طبقاً للشروط المنصوص عليها في الفقرة الأولى من هذه المادة.

## المادة 523

لا يقبل طلب النقض من أي شخص إلا إذا كان طرفا في الدعوى الجنائية، وتضرر من الحكم المطعون فيه.

وعلاوة على ذلك لا يقبل طلب النقض ضد الأحكام والقرارات والأوامر القضائية الصادرة بغرامة أو ما يماثلها إذا كان مبلغها لا يتجاوز عشرين ألف (20.000) درهم إلا بعد الإدلاء بما يفيد أداءها[69].

يرد مبلغ الغرامة إذا تم نقض الحكم.

## المادة 524

لا يمكن طلب نقض قرارات الإحالة إلى محكمة زجرية إلا مع الحكم في الجوهر، مع مراعاة مقتضيات المادة 227 أعلاه.

يسري نفس الحكم بالنسبة لكل قرار بت في الإفراج المؤقت والوضع تحت المراقبة القضائية.

## المادة 525

لا يمكن للطرف المدني أن يطلب نقض القرار بعدم المتابعة، إلا إذا نص هذا القرار على عدم قبول تدخله في الدعوى أو إذا أغفل البت في تهمة ما.

---

69 - تم تغيير وتتميم المادة 523 أعلاه بمقتضى المادة الفريدة من القانون رقم 24.05 الصادر بتنفيذه الظهير الشريف رقم 1.05.112 بتاريخ 20 من شوال 1426 (23 نوفمبر 2005)، الجريدة الرسمية عدد 5374 بتاريخ 28 من شوال 1426 (فاتح ديسمبر 2005)، ص 3141.

## المادة 526

يرفع طلب النقض بتصريح لدى كتابة الضبط بالمحكمة التي أصدرت الحكم المطعون فيه.

يقدم التصريح طالب النقض بنفسه أو بواسطة محام ويقيد التصريح بسجل معد لهذه الغاية، ويوقع عليه كاتب الضبط والمصرح.

إذا كان المصرح لا يحسن التوقيع، فيضع بصمته.

إذا كان طالب النقض معتقلا، فإن تصريحه يكون صحيحاً إذا قدمه شخصياً إلى كتابة الضبط بالمؤسسة السجنية، حيث يقيد فورا بالسجل المنصوص عليه في المادة 223 أعلاه ويتعين على رئيس المؤسسة السجنية أن يوجه داخل الأربع والعشرين ساعة الموالية للتصريح نسخة منه إلى كتابة الضبط بالمحكمة التي أصدرت الحكم المطعون فيه، حيث تضمن في السجل المنصوص عليه في الفقرة الثانية أعلاه، ثم يضاف التصريح إلى ملف الدعوى.

يسلم وصل عن التصريح.

## المادة 527

يحدد أجل طلب النقض في عشرة أيام من يوم صدور المقرر المطعون فيه ما لم تنص مقتضيات خاصة على خلاف ذلك.

غير أن هذا الأجل لا يبتدئ إلا من يوم تبليغ المقرر إلى الشخص نفسه أوفي موطنه في الحالات الآتية:

1- بالنسبة للطرف الذي لم يكن - بعد المناقشات الحضورية - حاضراً أو ممثلا في الجلسة التي صدر فيها المقرر، ما لم يكن الطرف قد أشعر لسماع المقرر في يوم معين وصدر المقرر فعلا في ذلك اليوم؛

2- بالنسبة للمتهم الذي طلب أن تجرى المحاكمة في غيبته طبق الشروط المنصوص عليها في الفقرة الثانية من المادة 314أعلاه، أو الذي لم يحضر في الحالة المنصوص عليها في الفقرتين الرابعة والخامسة من المادة المذكورة؛

3- بالنسبة للمتهم الذي حكم بإلغاء تعرضه وفقاً لمقتضيات الفقرة الرابعة من المادة 394أعلاه.

لا يبتدئ أجل طلب النقض في الأحكام الغيابية إلا من اليوم الذي يصبح فيه التعرض غير مقبول، ويعتبر الطعن بالنقض بمثابة تنازل عن الحق في الطعن بالتعرض من قبل الطرف الذي قام به.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

## المادة 528[70]

يسلم كاتب الضبط نسخة من المقرر المطعون فيه مشهودا بمطابقتها للأصل إلى المصرح بالنقض أو محاميه، خلال أجل أقصاه ثلاثون يوما تبتدئ من تاريخ تلقي التصريح.

يضع طالب النقض بواسطة محام مقبول لدى محكمة النقض مذكرة بوسائل الطعن لدى كتابة الضبط بالمحكمة التي أصدرت المقرر المطعون فيه، خلال الستين يوما الموالية لتاريخ تصريحه بالنقض.

تكون هذه المذكرة اختيارية في قضايا الجنايات، ويمكن وضعها من طرف المحامي الذي آزر فعلا طالب النقض ولو لم يكن هذا المحامي مقبولا لدى محكمة النقض.

توقع كل مذكرة وترفق بنسخ مساوية لعدد الأطراف الذين يهمهم البت في طلب النقض، ويشهد كاتب الضبط بعدد هذه النسخ ويضع طابع المحكمة وتوقيعه على الأصل، وعلى النسخة التي تسلم لطالب النقض.

يوجه الملف إلى محكمة النقض بمجرد وضع المذكرة، وفي جميع الأحوال خلال أجل أقصاه تسعون يوما.

إذا لم تسلم نسخة المقرر للمصرح بالنقض داخل الأجل المشار إليه في الفقرة الأولى، فإنه يتعين عليه الاطلاع على الملف بكتابة ضبط محكمة النقض وتقديم مذكرة وسائل الطعن بواسطة دفاعه خلال ستين يوما من تاريخ تسجيل الملف بها تحت طائلة الحكم بسقوط الطلب عندما تكون المذكرة إلزامية.

## المادة 529

تعفى من مؤازرة المحامي كل من النيابة العامة والدولة سواء كانتا مدعيتين أو مدعى عليهما.

يتولى التوقيع على مذكرات الدولة عند عدم التجائها إلى محام، الوزير الذي يعنيه الأمر أو موظف مفوض له تفويضاً خاصاً.

## المادة 530[71]

يجب على الطرف الذي يطلب النقض، ما عدا النيابة العامة أو الإدارات العمومية، أن يودع مع مذكرة النقض، أو داخل الأجل المقرر لإيداعها في الحالات التي لا تكون فيها المذكرة إجبارية، مبلغ ألف (1.000) درهم بكتابة الضبط للمحكمة التي أصدرت القرار المطعون فيه، ويرد هذا المبلغ لطالب النقض في حالة ما إذا لم تحكم عليه محكمة النقض بالغرامة المنصوص عليها في المادة 549 وبعد استيفاء مبلغ المصاريف القضائية في حالة رفض طلب النقض.

---

70 - تم تغيير المادة 528 أعلاه بمقتضى المادة الفريدة من القانون رقم 23.05 الصادر بتنفيذه ظهير شريف رقم 1.05.111 بتاريخ 20 من شوال 1426 (23 نوفمبر 2005)؛ الجريدة الرسمية عدد 5374 بتاريخ 28 شوال 1426 (فاتح ديسمبر 2005)، ص 3140.

71 - تم تغيير وتتميم المادة 530 أعلاه بمقتضى المادة الفريدة من القانون رقم 24.05، سالف الذكر.

يعفى من إيداع الضمانة المشار إليها في الفقرة السابقة طالبو النقض المعتقلون أثناء أجل طلب النقض وطالبو النقض الذين يدلون عند تقديم تصريحهم بشهادة عوز.

لا يترتب عن عدم إيداع مبلغ الضمانة المشار إليها في الفقرة السابقة سقوط الطلب، غير أنه يجب على محكمة النقض أن تحكم بضعف الضمانة في حالة رفض طلب النقض.

## المادة 531

لا يمكن لأي سبب ولا بناء على أية وسيلة للطرف الذي سبق رفض طلبه الرامي إلى النقض، أن يطلب من جديد نقض نفس القرار.

## المادة 532

يبقى المحكوم عليه بعقوبة سالبة للحرية رهن الاعتقال إذا كان معتقلا احتياطياً وذلك أثناء أجل الطعن بالنقض أو في حالة تقديم هذا الطعن. غير أنه يفرج عنه بمجرد ما يقضي العقوبة المحكوم بها عليه.

يفرج كذلك في الحال، عن المتهمين المحكوم ببراءتهم أو بإعفائهم أو بسقوط الدعوى العمومية في حقهم أو المحكوم عليهم بعقوبة سالبة للحرية موقوفة التنفيذ أو بغرامة فقط، وذلك بالرغم من الطعن بالنقض.

يوقف أجل الطعن بالنقض والطعن بالنقض تنفيذ العقوبة الجنائية في جميع الحالات الأخرى ما عدا إذا طبقت المادتان 392 و 431 أعلاه من لدن هيئة الحكم.

لا يوقف الطعن بالنقض أمام محكمة النقض أو أجله تنفيذ التعويضات المدنية التي يحكم بها على المحكوم عليه.

## المادة 533

ينحصر أثر الطعن بالنقض المرفوع من النيابة العامة فيما يرجع لنظر محكمة النقض، في المقتضيات المتعلقة بالدعوى العمومية ولا يمكن التنازل عنه بعد رفعه.

ينحصر أثر الطعن بالنقض المرفوع من الطرف المدني أو المسؤول عن الحقوق المدنية فيما يرجع لنظر محكمة النقض، في المقتضيات المتعلقة بالدعوى المدنية.

يترتب عن الطعن بالنقض الذي يرفعه المحكوم عليه عرض الحكم الصادر على محكمة النقض، سواء فيما يرجع للدعوى العمومية أو للدعوى المدنية وذلك في حدود مصلحة الطالب، إلا إذا كانت هناك قيود منصوص عليها في القانون أو في التصريح بالطعن بالنقض.

# الفرع الثاني: أسباب النقض

## المادة 534

يجب أن يرتكز الطعن بالنقض في الأوامر أو القرارات أو الأحكام القابلة للطعن بالنقض على أحد الأسباب الآتية:

1- خرق الإجراءات الجوهرية للمسطرة؛

2- الشطط في استعمال السلطة؛

3- عدم الاختصاص؛

4- الخرق الجوهري للقانون؛

5- انعدام الأساس القانوني أو انعدام التعليل.

## المادة 535

لا تقبل وسيلة النقض المبنية على سبب للإبطال حدث أثناء النظر في القضية ابتدائيا ولم تتم إثارته أمام محكمة الاستئناف.

## المادة 536

لا تقبل وسيلة النقض المستخلصة من أسباب ليست ضرورية لمنطوق المقرر المطعون فيه.

## المادة 537

إذا كانت العقوبة المحكوم بها هي نفس العقوبة المقررة في النص الذي ينطبق على الجريمة المرتكبة، فلا يمكن لأي كان أن يطلب إبطال المقرر بدعوى وجود خطأ في التكييف الذي أعطي للجريمة في المقرر المذكور أوفي نصوص القانون التي أشار إليها المقرر ما لم يترتب عن ذلك التكييف ضرر للطالب.

إذا وجد في إحدى التهم ما يبرر العقوبة الصادرة فلا يمكن إبطال الحكم، غير أن محكمة النقض تصرح في هذه الحالة بأن العقوبة المنصوص عليها في المقرر المطعون فيه لا تنطبق إلا على التهمة التي ثبتت قانونيا من بين التهم الأخرى.

# الفرع الثالث: التحقيق في طلبات النقض والجلسات

## المادة 538

يتعين على النيابة العامة بالمحكمة التي تلقت التصريح بالنقض، أن ترفع داخل الأجل المحدد في تسعين يوما بمقتضى المادة 528 إلى الوكيل العام للملك بمحكمة النقض ملف الدعوى ونسخة مطابقة للأصل من المقرر المطعون فيه والتصريح بالنقض والوصل

المملكة المغربية        وزارة العدل والحريات        مديرية التشريع

المتعلق بإيداع المبلغ المنصوص عليه في المادة 530 والنسخ المشار إليها في المادة 528 والمذكرات إن تم إيداعها.

يحرر كاتب الضبط بالمحكمة علاوة على ذلك قائمة المستندات. وفي حالة عدم إيداع المبلغ المشار إليه أو عدم تقديم المذكرة ونسخ منها، ينص على ذلك بوضوح في قائمة المستندات.

### المادة 539

بمجرد تسجيل القضية في كتابة الضبط بمحكمة النقض، يوجه الرئيس الأول الملف إلى رئيس الغرفة المختصة.

يعين رئيس الغرفة المختصة مستشارا مقررا يعهد إليه بتسيير المسطرة.

### المادة 540

يأمر المستشار المقرر بتبليغ المذكرة المنصوص عليها في المادة 528 إلى جميع الأطراف الذين لهم مصلحة في البت في طلب النقض وإلى الوكيل القضائي للمملكة إذا كان قد تدخل أمام محكمة الموضوع.

غير أنه إذا كانت المذكرة اختيارية ولم يقع تقديمها، يأمر بتبليغ التصريح بالنقض.

يحق للأطراف المعنية بالأمر أن تقدم مذكرة دفاعها داخل ثلاثين يوما من تاريخ هذا التبليغ مرفقة بالمستندات التي تعتزم الاستدلال بها، وبصفة استثنائية يمكن للمستشار المقرر أن يمنحها أجلا إضافيا يحدد مدته.

يتعين إمضاء مذكرة الدفاع من طرف محام مقبول لدى محكمة النقض، ما عدا في حالات الاستغناء عن هذا المحامي المنصوص عليها في المادتين 528 و529 أعلاه.

### المادة 541

يعد المستشار المقرر تقريرا كتابياً ويصدر أمرا بإحالة الملف إلى النيابة العامة للاطلاع عليه.

يتعين على النيابة العامة أن ترجع ملف الدعوى إلى المستشار المقرر مرفقا بمستنتجاتها الكتابية داخل أجل ثلاثين يوما من تاريخ صدور الأمر بالاطلاع.

### المادة 542

تقيد القضية في جدول الجلسة بأمر من رئيس الغرفة بعد استشارة النيابة العامة، ويجب تبليغ تاريخ الجلسة إلى جميع الأطراف الذين يهمهم الأمر قبل الجلسة بخمسة أيام على الأقل.

يمكن للرئيس الأول ولرئيس الغرفة الجنائية وللغرفة نفسها إحالة القضية إلى هيئة للحكم مكونة من غرفتين مجتمعتين قصد البت فيها، ويعين الرئيس الأول في هذه الحالة الغرفة التي تضاف إلى الغرفة الجنائية، ويرجح في حالة تعادل الأصوات صوت الرئيس بحسب نظام الأسبقية المتبع بين رؤساء الغرف.

يمكن للهيئة المؤلفة من غرفتين أن تقرر إحالة القضية إلى محكمة النقض للبت فيها بمجموع غرفها.

## المادة 543

تكون الجلسات علنية وللمحكمة حق عقدها سرية.

بعد تلاوة التقرير من طرف المستشار المقرر عند الاقتضاء يمكن لمحامي الأطراف أن يقدموا ملاحظات شفوية.

تعرض النيابة العامة مستنتجاتها ويستمع إلى رأيها في جميع القضايا.

تحجز القضية بعد ذلك للمداولة.

يصدر القرار في جلسة علنية.

## المادة 544

إذا تبين للمستشار المقرر عند دراسته للقضية وجود سبب واضح للبطلان أو لعدم قبول الطلب أو سقوطه، أمكنه أن يأمر بعد موافقة رئيس الغرفة والنيابة العامة، بتقييد القضية في جدول جلسة مقبلة دون مراعاة الإجراءات المقررة في المادة540 أعلاه.

يبلغ حينئذ تاريخ الجلسة إلى طالب النقض وحده قبل انعقادها بخمسة أيام على الأقل.

## المادة 545

تطبق، في حالة وقوع جريمة أثناء جلسة من جلسات محكمة النقض، مقتضيات المواد 359 إلى 361 من هذا القانون.

## المادة 546

يتعين على محكمة النقض البت بكيفية استعجالية وبالأولوية في طلبات النقض المرفوعة من طرف المتهمين المعتقلين داخل أجل أقصاه ثلاثة أشهر من تاريخ التوصل بالملف.

## المادة 547

تبدأ المداولات بتلاوة المستشار المقرر لتقريره الكتابي ويبدي بعده المستشارون آراءهم بدءاً بأقدمهم في التعيين ثم يليهم الرئيس.

## الفرع الرابع: قرارات محكمة النقض

### المادة 548

تصدر قرارات محكمة النقض باسم جلالة الملك[72]، ويجب أن تكون معللة وأن تشير إلى النصوص التي طبقت مقتضياتها وأن تتضمن البيانات التالية:

1- أسماء الأطراف العائلية والشخصية وصفتهم وحرفتهم وموطنهم وأسماء محاميهم؛

2- المذكرات المدلى بها ونص الوسائل المستدل بها ومستنتجات الأطراف؛

3- أسماء القضاة الذين أصدروا القرار مع بيان اسم المستشار المقرر؛

4- اسم ممثل النيابة العامة؛

5- اسم كاتب الضبط؛

6- تلاوة تقرير المستشار المقرر والاستماع إلى مستنتجات النيابة العامة؛

7- الاستماع إلى محامي الأطراف إن وجد.

يشار في القرارات إلى تاريخ النطق بها وإلى أنها صدرت في جلسة علنية.

يوقع على أصل القرار كل من الرئيس والمستشار المقرر وكاتب الضبط، وفي حالة حدوث مانع لأحدهم تتخذ الإجراءات المنصوص عليها في الفقرات الرابعة والخامسة والسادسة من المادة 371 أعلاه.

### المادة 549

يتحمل أداء المصاريف الطرف الذي خسر الدعوى، غير أنه يمكن أن يحكم بتوزيع تلك المصاريف بين الأطراف.

يمكن في حالة تقديم طلب نقض كيدي أو تعسفي أن يحكم على الطالب الذي خسر الدعوى بغرامة مدنية لا تتجاوز عشرة آلاف درهم. وللمحكمة أيضا الحق في البت في الطلب المرفوع إليها من المطلوب في النقض لأجل التعويض عن الضرر الذي لحقه بسبب الطعن المذكور.

### المادة 550

إذا أبطلت محكمة النقض مقرراً صادرا عن محكمة زجرية، أحالت الدعوى والأطراف إلى نفس المحكمة متركبة من هيئة أخرى وبصفة استثنائية على محكمة أخرى من نفس نوع ودرجة المحكمة التي أصدرت المقرر المطعون فيه.

---

72 - انظر الفقرة الأولى من المادة 365 من هذا القانون:
" يجب أن يستهل كل حكم أو قرار أو أمر بالصيغة الآتية:
المملكة المغربية - باسم جلالة الملك وطبقا للقانون".

غير أنه في حالة الإبطال من أجل عدم اختصاص المحكمة التي أصدرت الحكم المقرر إبطاله، يتعين إحالة القضية إلى المحكمة المختصة قانونا.

## المادة 551

إذا تعين على متهم الحضور من جديد أمام غرفة الجنايات بعد إبطال القرار الصادر ضده، فيبقى في حالة الاعتقال الاحتياطي إلى أن تبت المحكمة المحالة إليها الدعوى.

يفرج فورا عن الشخص المتابع الذي أبطل القرار الصادر ضده بدون إحالة.

## المادة 552

إذا رفضت محكمة النقض طلب نقض قدم إليها وأصبح القرار المطعون فيه مكتسباً لقوة الشيء المقضي به وترتب عن ذلك تنازع سلبي للاختصاص بين المحاكم يمكن أن يحول دون أن تجري العدالة مجراها، تعين على محكمة النقض أن تعتبر طلب النقض المذكور بمثابة طلب للفصل في تنازع الاختصاص وأن تبت في تعيين المحكمة المختصة.

## المادة 553

تحكم محكمة النقض بالنقض دون إحالة إذا كان ما قضت به المحكمة لم يترك شيئا في الجوهر يمكن البت فيه.

يكون نقض القرار المطعون فيه جزئيا إذا كان الإبطال لا يسري إلا على إحدى المقتضيات الفرعية أولا يؤثر على المهم من العقوبة المحكوم بها.

## المادة 554

يتعين على المحكمة التي أحيلت إليها القضية بعد النقض أن تلتزم بقرار محكمة النقض فيما يرجع للنقطة القانونية التي بتت فيها.

## المادة 555

يسلم كاتب الضبط داخل عشرين يوماً نسخة من القرار الذي بت في طلب النقض إلى الوكيل العام للملك بمحكمة النقض قصد توجيهه إلى ممثل النيابة العامة بالمحكمة التي أصدرت المقرر المطعون فيه.

إذا كان المتهم في حالة اعتقال، تم إشعار المؤسسة السجنية بالقرار في الحين.

## المادة 556

إذا أبطلت محكمة النقض مقرراً بسبب خرق الإجراءات الجوهرية للمسطرة، فإن الوكيل العام للملك لدى محكمة النقض يوجه نسخة من القرار الصادر في هذا الشأن إلى وزير العدل.

## المادة 557

إذا أبطل مقرر، فإن الطعن بالنقض في المقرر الذي يصدر بعد ذلك في نفس القضية وبين نفس الأطراف الذين قدموا طعونهم بنفس الصفة وبناء على نفس الوسائل، يعرض على غرفتين مجتمعتين بمحكمة النقض قصد البت فيه.

# الباب الثالث: طلبات النقض المرفوعة لفائدة القانون

## المادة 558

تنقسم طلبات النقض لفائدة القانون إلى طلبات يرفعها تلقائيا الوكيل العام للملك بمحكمة النقض وإلى طلبات ترفع بأمر من وزير العدل.

## المادة 559

إذا بلغ لعلم الوكيل العام للملك بمحكمة النقض أن حكما غير قابل للاستئناف صدر خرقا للقانون أو للصيغ الجوهرية المتعلقة بالإجراءات ولم يتقدم أي أحد من الأطراف بطلب نقض هذا الحكم داخل الأجل المقرر، تولى الوكيل العام للملك رفع هذا الطلب إلى المحكمة بصفة تلقائية.

فإن صدر الحكم بالنقض، فلا يمكن للأطراف الاحتجاج به ليتجنبوا مقتضيات الحكم المنقوض أو ليعارضوا في تنفيذه.

## المادة 560

يمكن للوكيل العام للملك لدى محكمة النقض أن يحيل إلى الغرفة الجنائية ـ استنادا إلى الأمر الكتابي الذي يوجهه إليه وزير العدل ـ الإجراءات القضائية أو القرارات أو الأحكام التي تصدر خرقا للقانون أو خرقاً للإجراءات الجوهرية للمسطرة.

يمكن لمحكمة النقض أن تبطل الأحكام المطعون فيها بالنقض لفائدة القانون، وفي هذه الحالة يمكن أن يستفيد المحكوم عليه من الإبطال من غير أن يضر أن يضر في أية حالة من الأحوال بمصالحه ومن غير أن يكون له أي مفعول على الحقوق المدنية.

## المادة 561

لا يمكن أن يرتكز الطعن بالنقض المرفوع بأمر من وزير العدل، على أسباب كانت محكمة النقض قد رفضتها بمناسبة طعن سابق في الحكم نفسه.

## المادة 562

تراعى في تقديم طلبات الطعن بالنقض المقدمة لفائدة القانون وفي البت فيها المسطرة العادية لدى محكمة النقض، غير أن الوكيل العام للملك باعتباره طرفاً رئيسيا في الدعوى يقدم مستنتجاته قبل تقرير المستشار المقرر.

## القسم الثاني: إعادة النظر وتصحيح القرارات

### المادة 563

يجوز الطعن بإعادة النظر في القرارات التي تصدرها محكمة النقض في الحالات التالية:

أولاً: ضد القرارات الصادرة استنادا إلى وثائق صرح أو اعترف بزوريتها.

يجب في هذه الحالة على الطرف الذي يطلب إعادة النظر، ما عدا النيابة العامة أو الإدارات العمومية، أن يودع كفالة مالية مبلغها خمسة آلاف درهم، وذلك تحت طائلة عدم القبول.

يحتفظ بمبلغ الكفالة لفائدة الخزينة العامة في حالة عدم قبول دعوى إعادة النظر.

ثانياً: من أجل تصحيح القرارات التي لحقها خطأ مادي واضح يمكن تصحيحه من خلال عناصر مأخوذة من القرارات نفسها، ويقدم طلب التصحيح بمذكرة ترفع إلى الغرفة التي أصدرت القرار موضوع التصحيح؛

ثالثا: إذا أغفل البت في أحد الطلبات المعروضة بمقتضى وسائل استدل بها، أو في حالة عدم تعليل القرار.

رابعاً: ضد القرارات الصادرة بعدم القبول أو بالسقوط لأسباب ناشئة عن بيانات ذات صبغة رسمية تبين عدم صحتها عن طريق وثائق رسمية جديدة وقع الاستدلال بها فيما بعد.

يقدم طلب إعادة النظر من قبل الطرف المعني طبقاً للفقرات 2 و3 و4 من المادة 528 أعلاه أو من قبل النيابة العامة بواسطة مذكرة توضع بكتابة ضبط محكمة النقض.

وتبت محكمة النقض في الطلب وفقاً لمقتضيات المواد 539 وما بعدها إلى 557، مع مراعاة مقتضيات المادة 564 من هذا القانون.

إذا تعلق الأمر بتصحيح أخطاء مادية، فإن محكمة النقض تصرح في حالة قبول الطلب بتصحيح الخطأ دون حاجة للإحالة.

### المادة 564

يجب تحت طائلة البطلان أن تكون مذكرة الطعن بإعادة النظر بسبب الزور في وثيقة قدمت إلى محكمة النقض ممضاة من طرف مدعي الزور أو من ينوب عنه بتوكيل خاص، وتقدم إلى الرئيس الأول لمحكمة النقض.

لا يقبل الطلب، إلا إذا تم إيداع الكفالة المشار إليها في المادة السابقة بكتابة الضبط.

تبلغ المذكرة إلى النيابة العامة.

يصدر الرئيس أمرا بالرفض أو أمرا يأذن فيه بتقييد دعوى الزور.

المملكة المغربية     وزارة العدل والحريات     مديرية التشريع

يقع تبليغ الأمر الذي يأذن بتقييد دعوى الزور إلى علم المدعي به خلال خمسة عشر يوما ابتداء من النطق به مع الترخيص له بتقييد دعوى الزور موضوع طلبه بكتابة ضبط محكمة النقض.

تبت المحكمة بعد إجراء بحث، في مدى صحة الادعاء.

إذا ثبت الزور، تصرح المحكمة بوجوده وتأمر برد المبلغ المودع للطالب.

# القسم الثالث: المراجعة

## المادة 565

لا يفتح باب المراجعة إلا لتدارك خطأ في الوقائع تضرر منه شخص حكم عليه من أجل جناية أو جنحة.

لا تقبل المراجعة إلا عند انعدام أية طريقة أخرى من طرق الطعن وفي الحالات وضمن الشروط التي ستذكر فيما يلي.

## المادة 566

يمكن أن يقدم طلب المراجعة أيا كانت المحكمة التي بتت في الدعوى وأيا كانت العقوبة الصادرة فيها:

1- إذا صدرت عقوبة في دعوى القتل، وأدلي بعد ذلك بمستندات أو حجج ثبت منها قيام قرائن أو علامات كافية تدل على وجود المجنى عليه المزعوم قتله؛

2- إذا صدرت عقوبة على متهم، وصدر بعد ذلك مقرر ثان يعاقب متهما آخر من أجل نفس الفعل ولم يمكن التوفيق بين المقررين لما بينهما من تناقض يستخلص منه الدليل على براءة أحد المحكوم عليهما؛

3- إذا جرت بعد صدور الحكم بالإدانة متابعة شاهد سبق الاستماع إليه وحكم عليه من أجل شهادة الزور ضد المتهم، ولا يمكن أثناء المناقشات الجديدة الاستماع إلى الشاهد المحكوم عليه بهذه الصفة؛

4- إذا طرأ ت واقعة بعد صدور الحكم بالإدانة أو تم الكشف عنها أو إذا تم تقديم مستندات كانت مجهولة أثناء المناقشات ومن شأنها أن تثبت براءة المحكوم عليه.

## المادة 567

يخول حق طلب المراجعة في الحالات الثلاث الأولى المشار إليها في المادة 566 أعلاه لمن يأتي ذكرهم:

1- للوكيل العام للملك لدى محكمة النقض بمبادرة منه أو بطلب من وزير العدل؛

2- للمحكوم عليه أو نائبه القانوني في حالة عدم الأهلية؛

3- لزوج المحكوم عليه المتوفى أو المصرح بغيبته وأولاده ووالديه وورثته والموصى لهم ولمن تلقى توكيلا خاصا منه قبل وفاته.

يرجع حق طلب المراجعة في الحالة الرابعة المنصوص عليها في المادة 566 إلى وزير العدل وحده، بعد استشارة لجنة مكونة من مديري الوزارة وثلاثة قضاة من محكمة النقض يعينهم الرئيس الأول لهذه المحكمة من غير أعضاء الغرفة الجنائية.

## المادة 568

تحال القضية إلى الغرفة الجنائية بمحكمة النقض من الوكيل العام للملك لدى المحكمة إما تلقائيا أو بطلب من وزير العدل، وإما بناء على طلب الأطراف في الحالات الثلاث الأولى من المادة 566 أعلاه.

## المادة 569

يوقف بقوة القانون تنفيذ المقرر الصادر بالعقوبة إذا كان لم ينفذ، وذلك ابتداء من تاريخ توجيهه الطلب إلى محكمة النقض.

يمكن إيقاف التنفيذ بأمر من وزير العدل إذا كان المحكوم عليه في حالة اعتقال إلى حين صدور قرار محكمة النقض، وفيما بعد إن اقتضى الحال، بمقتضى القرار الذي يبت في قبول طلب المراجعة.

## المادة 570

تبت الغرفة الجنائية في قبول طلب المراجعة المحال إليها.

في حالة تصريح الغرفة الجنائية بقبول الطلب، تجري إن اقتضى الحال إما مباشرة أو بواسطة إنابة قضائية جميع الأبحاث والمقابلات والتحقيقات في هوية الأشخاص والتحريات الكفيلة بإظهار الحقيقة.

عندما تصبح القضية جاهزة للبت فيها تصدر المحكمة حسب الأحوال قراراً بالرفض أو قرارا بالإبطال، وإذا لم يترك الإبطال ما يمكن وصفه بأنه جناية أو جنحة بالنسبة للمحكوم عليهم الذين ما زالوا أحياء فلا يقع التصريح بأية إحالة.

## المادة 571

إذا ارتأت المحكمة، في حالة الإبطال، أنه يمكن أن تجرى من جديد مناقشات شفهية حضورية أحالت القضية للحكم فيها مرة أخرى إلى محكمة مماثلة نوعا ودرجة للمحكمة التي أصدرت المقرر الذي تم إبطاله، أو إلى نفس المحكمة وهي متركبة من هيئة أخرى.

تنظر هذه المحكمة في القضية من جديد حسب الإجراءات العادية.

إذا كان المتهم قد توفي أو اعتراه خلل عقلي أو إذا كانت الأفعال لم تعد توصف قانونا بجريمة بعد صدور قرار محكمة النقض الذي أبطل الحكم أو القرار بالإدانة، فإن الغرفة

الجنائية، بناء على ملتمسات الوكيل العام للملك لدى محكمة النقض، تبت في القضية طبقاً لما ورد في الفقرة الأولى من المادة 572 والمادة 573 بعده.

## المادة 572

إذا استحال في حالة الإبطال إجراء مناقشات شفهية جديدة بين جميع الأطراف، وبالأخص في حالة وفاة المحكوم عليه أو إصابته بخلل عقلي، أو عند إجراء المسطرة الغيابية في حقه أو في حالة تغيبه، أو في حالة انعدام مسؤوليته الجنائية أو عند وجود عذر قانوني وكذا في حالة تقادم الدعوى أو تقادم العقوبة، فإن محكمة النقض، بعد التثبت صراحة من هذه الاستحالة، تبت في جوهر الدعوى بدون سابق نقض ولا إحالة، وذلك بحضور الأطراف المدنية إن كانوا موجودين في الدعوى والقيمين الذين تعينهم المحكمة ليقوموا مقام كل متوفى.

يقتصر نظر المحكمة في هذه الحالة على إبطال العقوبات التي صدرت في غير محلها.

## المادة 573

يمكن استنادا إلى المقرر الجديد المترتبة عنه براءة المحكوم عليه، وبناء على طلبه الحكم له بتعويض عن الضرر الذي لحقه بسبب الإدانة.

إذا كان ضحية الخطأ القضائي قد توفي، انتقل الحق في رفع طلب التعويض حسب نفس الشروط، إلى زوجه وأصوله وفروعه، ولا يمكن أن يؤول هذا الحق لأقارب آخرين أبعد صلة إلا إذا أدلوا بما يبرر أن ضررا لحقهم ماديا من العقوبة المحكوم بها.

يقبل طلب التعويض في سائر مراحل مسطرة المراجعة.

تتحمل الدولة ما يحكم به من تعويضات، على أنه يحق لها الرجوع على الطرف المدني أو الواشي أو شاهد الزور الذين تسببوا بخطئهم في صدور العقوبة، وتؤدى التعويضات كما تؤدى مصاريف القضاء الجنائي.

## المادة 574

يؤدي طالب المراجعة مسبقا مصاريف الدعوى إلى غاية صدور القرار بقبولها، أما المصاريف الواجبة بعد هذا القرار فتسبقها الخزينة.

إذا ترتب عن المراجعة صدور قرار أو حكم نهائي بعقوبة، فإن المحكوم عليه يتحمل رد المصاريف للخزينة. ويمكن تحميلها لطالبي المراجعة إن اقتضى الحال.

إذا خسر طالب المراجعة الدعوى حكم عليه بجميع المصاريف.

إذا ترتب عن المراجعة قرار أو حكم ببراءة المحكوم عليه، فإن القرار أو الحكم يعلق على جدران المدينة التي صدر فيها الحكم بالإدانة سابقا، والمدينة التي بها مقر المحكمة التي بتت في المراجعة، والجماعة التي ارتكبت فيها الجناية أو الجنحة، وفي الجماعة التي يوجد فيها موطن طالب المراجعة، وفي التي كان فيها آخر موطن للشخص الذي وقع في حقه الخطأ القضائي، وإذا كان هذا الشخص قد توفي نشر القرار أو الحكم تلقائيا وبدون طلب في

الجريدة الرسمية، ويؤمر بنشره زيادة على ذلك في خمس جرائد يختارها طالب المراجعة إن طلب ذلك.

تتحمل الخزينة مصاريف النشر المشار إليها.

# الكتاب الخامس: مساطر خاصة

## القسم الأول: المسطرة الخاصة بدعوى تزوير الوثائق

### المادة 575

إذا ادعي الزور في وثيقة، تعين على حائزها بأية صفة كانت أن يسلمها إلى النيابة العامة بناء على طلبها أو إلى قاضي التحقيق بناء على أمر صادر عنه.

تسلم له حينا نسخة منها مشهود بمطابقتها للأصل.

إذا امتنع الحائز من تسليم الوثيقة المدعى فيها الزور عن طواعية، أمكن إجراء كل تفتيش أو حجز طبقا لمقتضيات المادة 101 وما يليها إلى المادة 104 من هذا القانون.

إذا عثر على هذه الوثيقة، يتم فورا توقيع كل ورقة من أوراقها من السلطة التي باشرت حجزها والشخص الذي كانت في حيازته. فإن امتنع هذا الأخير عن التوقيع أو عجز عن ذلك، نص على ذلك في محضر الحجز.

### المادة 576

تودع الوثيقة المدعى فيها الزور بمجرد تسليمها أو حجزها بكتابة الضبط، ويمضي كاتب الضبط جميع صفحاتها، ويحرر محضرا مفصلا يصف فيه حالة الوثيقة المادية، كما يمضي صفحاتها الشخص الذي يقوم بإيداعها بكتابة الضبط، ويأخذ كاتب الضبط صورة عنها يصادق عليها بإمضائه وطابع المحكمة.

علاوة على ذلك، يمضيها الشخص المشتبه فيه عند حضوره والطرف المدني إن انتصب في الدعوى والشهود الذين قد يستدعون لأداء شهادتهم بشأنها.

إذا امتنع أحدهم عن التوقيع أو تعذر عليه القيام به، نص على ذلك بالمحضر.

يمكن لممثل النيابة العامة أو قاضي التحقيق، أن ينتقل لإجراء جميع البحوث والتحريات الضرورية في أي مكان عمومي توجد به مستندات مشوبة بالزور أو أي مكان أعدت به هذه المستندات.

يمكن لممثل النيابة العامة أو قاضي التحقيق ــ عند الضرورة - أن يفوض هذه السلطات إلى ضباط للشرطة القضائية، ويمكنه في حالة الاستعجال أن يأمر بنقل المستندات المشتبه فيها إلى كتابة الضبط.

### المادة 577

لا يمكن أن تستعمل كمستندات للمقارنة، إلا المحررات الرسمية العمومية وحدها، أو إن اقتضى الحال، المحررات الخصوصية التي اعترف بها الأطراف المعنيون بالأمر.

## المادة 578

يتعين على كل شخص يحوز محررات عمومية أو خصوصية صالحة كمستندات للمقارنة، أن يسلمها للسلطة المنصوص عليها في المادة 575 أعلاه.

إذا امتنع عن تسليمها، طوعا، أمكن إجراء كل تفتيش أو حجز طبقا لمقتضيات المادة 101 وما يليها إلى المادة 104 من هذا القانون.

## المادة 579

إذا كانت المستندات المعدة للمقارنة والتي قدمها أمين الوثائق العمومي أو حجزت بين يديه وثائق رسمية، تستخرج منها نسخة أو صورة يقوم رئيس المحكمة الابتدائية الموجود بدائرتها الأمين العمومي بمقارنتها مع أصلها ويؤشر على مطابقتها للأصل.

تحل النسخة أو الصورة المستخرجة من الأصل محل الأصل الموجود بيد الأمين العمومي، الذي يمكنه أن يسلم منها نسخا تنفيذية أو نظائر يشار فيها إلى المقارنة التي أجراها الرئيس والى تأشيره عليها.

إذا كانت الوثيقة مدونة في سجل، جاز لهيئة الحكم بصفة استثنائية أن تأمر بإحضار هذا السجل وأن تستغني عن استخراج نسخة منه.

## المادة 580

يحق لكل شخص حجزت عنده وثيقة معدة للمقارنة وأراد أن يعارض في تقديمها إلى المحاكم، أن يقدم طلبا بذلك إلى رئيس المحكمة المعروضة عليها القضية، ويبت الرئيس في طلبه بأمر قضائي، ويمكن الطعن في هذا الأمر القضائي بطرق الطعن المقررة في قانون المسطرة المدنية.

## المادة 581

يمكن أن يطلب من المتهم أن يقدم ويرسم بيده حروفا أو علامات أو كتابة وفي حالة الرفض أو الامتناع، ينص على ذلك في المحضر.

## المادة 582

يجري التحقيق في التزوير المدعى به في الوثائق ويبت فيه حسب الإجراءات العادية، مع مراعاة مقتضيات المواد السابقة والمادة 564 المتعلقة بالطعن بالزور أمام محكمة النقض.

## المادة 583

إذا ثبت الزور في وثيقة رسمية كلها أو بعضها، تأمر المحكمة التي بتت في دعوى الزور بحذفها أو تغييرها أو ردها إلى نصها الحقيقي ويحرر محضر بتنفيذ هذا الحكم.

ترد الوثائق المستعملة للمقارنة إلى من كان يحوزها في أجل خمسة عشر يوما على الأكثر بعد أن يصبح الحكم نهائياً.

## المادة 584

إذا ادعى أحد الأطراف عرضاً الزور في وثيقة وقع الإدلاء بها أثناء التحقيق أو خلال الدعوى، تعين على مدعي الزور أن يوجه للطرف الآخر إنذارا لاستفساره عما إذا كان ينوي استعمال هذه الوثيقة أم لا.

## المادة 585

إذا صرح الطرف الموجه إليه الإنذار بأنه يتخلى عن استعمال الوثيقة المدعى فيها الزور، أو لم يجب بشيء داخل الثمانية أيام التي تلي الإنذار، سحبت هذه الوثيقة من الدعوى.

إذا صرح الطرف الموجه إليه الإنذار بأنه ينوي استعمال الوثيقة، أجري تحقيق في دعوى الزور العارض وحكم فيها منفصلة عن الدعوى الرئيسية.

## المادة 586

إذا زعم الطرف الذي ادعى الزور في الوثيقة أن من أدلى بها هو مرتكب الزور أو المشارك فيه، أو إذا كانت إجراءات الدعوى تسمح بمعرفة مرتكب الزور أو المشارك فيه، وكانت الدعوى العمومية لم تسقط بعد، أمكن إجراء متابعة جنائية طبقا لمقتضيات المادة 575 وما يليها إلى المادة 583 أعلاه.

إذا كان الإدعاء بالزور نزاعا عارضا طرأ أثناء دعوى مدنية، يؤجل الحكم فيها إلى أن يبت جنائيا بشأن الزور.

إذا كان الإدعاء بالزور نزاعا عارضا طرأ أثناء دعوى جارية أمام محكمة زجرية، بتت هذه المحكمة نفسها بعد استماعها إلى ملتمسات النيابة العامة فيما إذا كان الأمر يقتضي تأجيل البت في الدعوى الرئيسية أم لا.

## المادة 587

إذا اكتشفت محكمة أثناء البحث في نزاع، ولو كان مدنيا، علامات تكشف عن وجود زور ومن شأنها أن تسمح بمعرفة مرتكبه، تعين على رئيس المحكمة أو على ممثل النيابة العامة توجيه الوثائق إلى النيابة العامة بالمكان الذي يظهر أن الجريمة ارتكبت فيه أو بالمكان الذي يمكن أن يلقى فيه القبض على المتهم.

# القسم الثاني: إعادة ما تلف أو فقد من وثائق الإجراءات أو المقررات القضائية

## المادة 588

إذا تلفت أصول مقررات قضائية أو فقدت أو ضاعت قبل تنفيذها، روعيت في شأنها المقتضيات الآتية.

## المادة 589

إذا أمكن العثور على نظير أو نسخة رسمية من المقرر، فإنها تحل محل الأصل ويحتفظ بها بهذه الصفة في كتابة الضبط.

يتعين لهذه الغاية، على كل حائز لنظير أو نسخة رسمية سواء كان شخصا عموميا أو خاصا، أن يسلمها بأمر من رئيس المحكمة إلى كتابة الضبط، فإن امتنع من تسليمها طوعا، جاز أن تجرى في حقه تدابير التفتيش أو الحجز المقررة في المادة 101 وما يليها إلى المادة 104 من هذا القانون.

يحق لمن كان حائزا لنظير أو نسخة رسمية من أصل المقرر الذي تلف أو ضاع أو فقد ولمن كان مؤتمنا عليه، أن يحصل من كتابة الضبط عند تسليم النظير أو النسخة على نظير منه أو صورة مشهود بمطابقتها للأصل معفاة من كل صائر.

## المادة 590

إذا لم يعثر على أي نظير أو نسخة رسمية من المقرر، بتت المحكمة في القضية من جديد بعد أن تعاد إجراءات المسطرة إن اقتضى الحال طبقا للمادة التالية.

## المادة 591

إذا تلف ملف دعوى لم يحكم فيها نهائيا أو ضاع أو فقد، أعيد تأليفه بواسطة نظير من المحاضر المثبتة لوقوع الجريمة ومن البحث غير الرسمي ومن النسخ المنصوص عليها في المادة 85.

# القسم الثالث: التحقق من الهوية

## المادة 592

إذا ادعى المتهم أمام هيئة الحكم أنه ليس الشخص المقصود بالاتهام، تعين على هذه الهيئة أن تبت في النزاع بشأن الهوية.

## المادة 593

تختص المحكمة المصدرة للعقوبة وحدها بالتحقق من هوية المحكوم عليه إذا ادعى الشخص الذي يجري التنفيذ في حقه أو المقبوض عليه بعد فراره وجود خطأ في شأن هويته وأن العقوبة لا تنطبق عليه.

## المادة 594

تبت المحكمة المرفوعة إليها الدعوى، تحت طائلة البطلان، بحضور الشخص الذي يزعم أنه موضوع الخطأ بعد الإنصات عند الاقتضاء إلى الشهود الذين استدعوا بطلب منه أو بطلب من النيابة العامة.

يمكن للمحكمة أن تأمر بإجراء أي نوع من أنواع التحريات وبعرض الشخص المثير للنزاع على أي خبير وبالأخص على المصالح المختصة المكلفة بالتحقق من الهوية.

## المادة 595

تطبق كذلك مقتضيات المادتين 593 و594 أعلاه، إذا تبين أن الشخص قد حكم عليه تحت اسم غير اسمه، ويمكن، علاوة على ذلك، أن يتعرض هذا الشخص للعقوبات المقررة للزجر على انتحال الاسم أو انتحال الحالة المدنية.

# القسم الرابع : أحكام خاصة بتمويل الإرهاب[73]

## المادة 1-595

يمكن للوكيل العام للملك بمناسبة إجراء بحث قضائي أن يطلب معلومات حول عمليات أو تحركات أموال يشتبه في أن لها علاقة بتمويل الإرهاب، من الأبناك الخاضعة لأحكام الظهير الشريف رقم 1.93.147 بتاريخ 15 من محرم 1414 (6 يوليو 1993) المتعلق بممارسة نشاط مؤسسات الائتمان ومراقبتها[74] ومن الأبناك الحرة (off shore) التي تسري عليها أحكام القانون رقم 58.90 المتعلق بالمناطق المالية الحرة المصادق عليه بالظهير الشريف رقم 1.93.131 بتاريخ 23 من شعبان 1412 (26 فبراير 1992)[75].

يمكن أيضاً لقاضي التحقيق ولهيئة الحكم إذا أحيلت عليهما مسطرة لها علاقة بجريمة إرهابية طلب المعلومات المنصوص عليها في الفقرة الأولى من هذه المادة.

---

73 - أضيف القسم الرابع إلى الكتاب الخامس من قانون المسطرة الجنائية بمقتضى المادة السادسة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، السالف الذكر.

74 - تم نسخ هذا الظهير بموجب المادة 149 من القانون رقم 34.03 المتعلق بمؤسسات الائتمان والهيئات المعتبرة في حكمها الصادر بتنفيذه ظهير شريف رقم 1.05.178 بتاريخ 15 من محرم 1427 (14 فبراير 2006) ؛ الجريدة الرسمية عدد 5397 بتاريخ 21 محرم 1427 (20 فبراير 2006)، ص 435.

75 - كما تم تغييره وتتميمه؛ الجريدة الرسمية عدد 4142 بتاريخ 13 رمضان 1412 (18 مارس 1992)، ص 379.

## المادة 595−2

يمكن للسلطات القضائية المذكورة في المادة السابقة أن تأمر بتجميد أو حجز الأموال المشتبه في أن لها علاقة بتمويل الإرهاب.

يمكن لهذه السلطات أيضاً أن تطلب مساعدة بنك المغرب لتنفيذ هذه التدابير.

تبلغ السلطات المذكورة إلى بنك المغرب التدابير المتخذة وما تقرر في شأنها.

## المادة 595−3

يقصد بالتجميد المنع المؤقت لنقل الممتلكات أو تبديلها أو التصرف فيها أو تحريكها أو إخضاعها للحراسة.

## المادة 595−4

يجب على المؤسسات البنكية المشار إليها في المادة 595-1 أعلاه تقديم المعلومات المطلوبة منها داخل أجل أقصاه 30 يوما من تاريخ التوصل بالطلب.

لا يجوز للأبناك أن تواجه السلطات المذكورة في المادة 595-1 أعلاه أو بنك المغرب بمبدأ الحفاظ على السر المهني [76].

لا يمكن أن يتعرض بنك المغرب أو الأبناك أو مسيروها أو المستخدمون لديها لأي متابعة على أساس الفصل 446 من القانون الجنائي ولا أن تقام ضدهم أي دعوى للمسؤولية المدنية بسبب ممارسة الأعمال والمهام المخولة لهم، في نطاق تطبيق مقتضيات هذا القسم.

## المادة 595−5

يمنع استعمال المعلومات المحصل عليها لأغراض غير الأغراض المنصوص عليها في هذا القسم.

## المادة 595−6

يجوز للحكومة، في إطار تطبيق الاتفاقيات الدولية في مجال مكافحة تمويل الإرهاب المنضمة إليها المملكة المغربية والمنشورة بصفة رسمية أن تحيل، بطلب من دولة أجنبية، الطلب إلى الوكيل العام للملك لاتخاذ الإجراءات التالية:

1- البحث والتعريف فيما يتعلق بعائد إحدى جرائم تمويل الإرهاب والممتلكات التي استخدمت أو كانت معدة لاستخدامها في ارتكاب هذه الجريمة أو كل ممتلك تطابق قيمته العائد منها؛

---

76 - انظر المادة 80 من القانون رقم 34.03  المتعلق بمؤسسات الائتمان والهيئات المعتبرة في حكمها، سالف الذكر:

"زيادة على الحالات المنصوص عليها في القانون، لا يجوز الاحتجاج بالسر المهني على بنك المغرب والسلطة القضائية العاملة في إطار مسطرة جنائية".

2ـ تجميد الممتلكات أو حجزها؛

3ـ اتخاذ الإجراءات التحفظية بشأن الممتلكات المذكورة.

يرفض الوكيل العام للملك الطلب إذا:

- كان من شأن تنفيذه المس بسيادة الدولة أو أمنها أو مصالحها الأساسية أو النظام العام؛

- صدر في شأن الأفعال المتعلق بها الطلب مقرر قضائي نهائي في التراب الوطني؛

- تعلق الأمر بتنفيذ مقرر قضائي أجنبي صدر وفق شروط لا توفر ضمانات كافية لحماية حقوق الدفاع؛

- كانت الأفعال المقدم على أساسها الطلب لا علاقة لها بتمويل الإرهاب.

## المادة 595-7

يتوقف على ترخيص من الوكيل العام للملك، كل تنفيذ في التراب الوطني لمقرر تجميد أو حجز أو مصادرة صادر عن سلطة قضائية أجنبية وقدم في شأنه طلب من لدن السلطة المذكورة.

يجب أن يتعلق قرار الترخيص بالتجميد أو بالحجز أو بالمصادرة بممتلك استخدم أو كان معداً لاستخدامه في ارتكاب الجريمة ويوجد بالتراب الوطني، أو أن يهدف إلى الإلزام بدفع مبلغ نقدي مطابق لقيمة الممتلك المذكور.

يتوقف تنفيذ المقرر الأجنبي على توافر الشرطين التاليين:

1ـ أن يكون المقرر القضائي الأجنبي نهائياً وقابلاً للتنفيذ وفق قانون الدولة الطالبة؛

2ـ أن تكون الممتلكات المراد تجميدها أو حجزها أو مصادرتها عملاً بهذا المقرر قابلة للتجميد أو الحجز أو المصادرة في ظروف مماثلة حسب التشريع المغربي.

## المادة 595-8

يترتب على ترخيص الوكيل العام للملك بالمصادرة، مع مراعاة حقوق الأغيار، نقل ملكية الممتلكات المصادرة إلى الدولة المغربية، ما عدا إذا تم الاتفاق على خلاف ذلك مع الدولة الطالبة أو في إطار تطبيق اتفاقية دولية أو على أساس المعاملة بالمثل.

لا يترتب عن قرار الوكيل العام للملك القاضي بالترخيص بحجز الأموال أو تجميدها إلا عقل الأموال موضوع القرار ومنع التصرف فيها طيلة مدة سريان مفعول قرار الحجز أو التجميد.

## المادة 595-9

يجب على كل الأشخاص الذين يشاركون في معالجة المعلومات المالية وفي مكافحة التحركات المرتبطة بتمويل الإرهاب وبصفة عامة، على جميع الأشخاص الذين يطلب منهم، بأي صفة من الصفات، الإطلاع على تلك المعلومات أو استغلالها أن يتقيدوا تقيداً تاماً

بكتمان السر المهني تحت طائلة العقوبة المنصوص عليها في الفصل 446 من القانون الجنائي.

**المادة 595-10**

يتعرض للعقوبات المنصوص عليها في الفصل 446 من مجموعة القانون الجنائي مسيرو أو مستخدمو الأبناك إذا أخبروا عمداً بأي وسيلة كانت، الشخص المعني بالأمر أو غيره ببحث يجري بشأن تحركات أمواله بسبب الاشتباه في علاقتها بتمويل الإرهاب.

يتعرض لنفس العقوبات كل من استعمل عمداً المعلومات المحصل عليها لأغراض غير الأغراض المنصوص عليها في هذا القسم.

# الكتاب السادس: تنفيذ المقررات القضائية والسجل العدلي ورد الاعتبار

## القسم الأول: تنفيذ المقررات القضائية

### الباب الأول: أحكام عامة

#### المادة 596

يعين قاض أو أكثر من قضاة المحكمة الابتدائية للقيام بمهام قاضي تطبيق العقوبات.

يعين هؤلاء القضاة بقرار لوزير العدل لمدة ثلاث سنوات قابلة للتجديد، ويعفون من مهامهم بنفس الكيفية.

إذا حدث مانع لقاضي تطبيق العقوبات حال دون قيامه بمهامه، يعين رئيس المحكمة قاضياً للنيابة عنه مؤقتاً.

يعهد إلى قاضي تطبيق العقوبات بزيارة المؤسسات السجنية التابعة لدائرة المحكمة الابتدائية التي ينتمي إليها مرة كل شهر على الأقل؛

يتتبع مدى تطبيق القانون المتعلق بتنظيم وتسيير المؤسسات السجنية في شأن قانونية الاعتقال وحقوق السجناء ومراقبة سلامة إجراءات التأديب؛

يطلع على سجلات الاعتقال ويعد تقريراً عن كل زيارة يضمنه ملاحظاته يوجهه إلى وزير العدل، ويحيل نسخة منه إلى النيابة العامة؛

يمكنه مسك بطاقات خاصة بالسجناء الذين يتتبع وضعيتهم تتضمن بيانات حول هويتهم ورقم اعتقالهم والمقررات القضائية والتأديبية الصادرة في شأنهم وملاحظات القاضي.

يمكنه تقديم مقترحات حول العفو والإفراج المقيد بشروط.

يمارس مهامه حسب هذا القانون وكذا بموجب أي نصوص أخرى.

#### المادة 597

تقوم النيابة العامة والطرف المدني، كل فيما يخصه، بتتبع تنفيذ المقرر الصادر بالإدانة حسب الشروط المنصوص عليها في هذا القسم.

يقع التنفيذ بطلب من النيابة العامة عندما يصبح المقرر غير قابل لأي طريقة من طرق الطعن العادية، أو لطعن بالنقض لمصلحة الأطراف.

يحق لوكيل الملك أو الوكيل العام للملك أن يسخر القوة العمومية لهذه الغاية.

## المادة 598

يمكن أن يجري التنفيذ بطلب من الطرف المدني طبقا لقواعد المسطرة المدنية، بمجرد ما يصبح المقرر الصادر بمنح التعويضات المدنية نهائياً لعدم قبوله لأي طريق من طرق الطعن العادية.

لا يجوز تطبيق الإكراه البدني إلا إذا اكتسب المقرر المذكور قوة الشيء المقضي به.

## المادة 599

يرجع النظر في النزاعات العارضة المتعلقة بالتنفيذ إلى المحكمة التي أصدرت المقرر المراد تنفيذه ويمكن لهذه المحكمة أيضا أن تقوم بتصحيح الأخطاء المادية الصرفة الواردة فيه.

## المادة 600

تنظر المحكمة في النزاعات العارضة بغرفة المشورة بناء على ملتمسات النيابة العامة أو بناء على طلب يرفعه الطرف الذي يهمه الأمر، ويستمع إلى ممثل النيابة العامة والى محامي الطرف إن طلب ذلك والى الطرف شخصيا إن اقتضى الحال.

يمكن للمحكمة أن تأمر بتوقيف التنفيذ المتنازع فيه.

لا يقبل المقرر الفاصل في النزاع أي طعن ما عدا الطعن بالنقض.

# الباب الثاني: تنفيذ عقوبة الإعدام

## المادة 601

يتعين على النيابة العامة أن تنهي إلى علم وزير العدل كل قرار بعقوبة الإعدام بمجرد صدوره.

## المادة 602

لا يمكن تنفيذ عقوبة الإعدام إلا بعد رفض طلب العفو.

إذا كانت المحكوم عليها امرأة ثبت حملها، فإنها لا تعدم إلا بعد مرور سنتين على وضع حملها.

تنفذ عقوبة الإعدام بأمر من وزير العدل رميا بالرصاص، وتقوم بذلك السلطة العسكرية التي تطلبها لهذه الغاية النيابة العامة لدى المحكمة التي أصدرت القرار.

## المادة 603

لا يكون التنفيذ علنيا إلا إذا قرر وزير العدل ذلك.

يقع التنفيذ داخل المؤسسة السجنية التي يوجد المحكوم عليه رهن الاعتقال بها أو في أي مكان آخر يعينه وزير العدل وذلك بحضور الأشخاص الآتي بيانهم:

1- رئيس الغرفة الجنائية التي أصدرت القرار وإلا فمستشار من هذه الغرفة يعينه الرئيس الأول لمحكمة الاستئناف؛

2- عضو من النيابة العامة يعينه الوكيل العام للملك لمحكمة الاستئناف التي أصدرت القرار؛

3- أحد قضاة التحقيق وإلا فأحد القضاة من محكمة المكان الذي سيقع به التنفيذ يعين من طرف رئيس المحكمة المذكورة؛

4- أحد كتاب الضبط من محكمة المكان الذي سيقع به التنفيذ؛

5- محامو المحكوم عليه؛

6- مدير المؤسسة السجنية التي يقع بها التنفيذ أو مدير السجن الذي كان المحكوم عليه معتقلاً به عندما يقع التنفيذ بمكان آخر؛

7- رجال الأمن الوطني أو الدرك الملكي المكلفون من قبل النيابة العامة؛

8- طبيب المؤسسة السجنية، وإذا تعذر ذلك، فطبيب تعينه النيابة العامة؛

9- إمام وعدلان، وإذا لم يكن المحكوم عليه مسلماً فيحضر ممثل الديانة السماوية التي يعتنقها المنفذ عليه.

## المادة 604

إذا أراد المحكوم عليه أن يفضي بأي تصريح، فيتلقاه منه قاضي التحقيق أو القاضي المشار إليه في البند رقم 3 من المادة السابقة بمساعدة كاتب الضبط.

## المادة 605

يحرر محضر التنفيذ فورا من قبل كاتب الضبط، ويوقعه كل من رئيس غرفة الجنايات أو المستشار المعين من طرف الرئيس الأول لمحكمة الاستئناف وممثل النيابة العامة وكاتب الضبط.

تعلق مباشرة بعد التنفيذ نسخة من هذا المحضر بباب المؤسسة السجنية التي وقع فيها التنفيذ وتبقى معلقة لمدة أربع وعشرين ساعة.

إذا وقع التنفيذ خارج المؤسسة السجنية، يعلق المحضر بباب بلدية مكان التنفيذ.

## المادة 606

لا يمكن أن ينشر عن طريق الصحافة أي بيان أو مستند يتعلق بالتنفيذ ما عدا المحضر المذكور، وإلا تعرض المخالف لغرامة تتراوح بين 10.000 و60.000 درهم.

يمنع تحت طائلة نفس العقوبة أن ينشر أو يذاع بأي وسيلة من الوسائل ـ قبل التنفيذ أو قبل تبليغ ظهير العفو لعلم المحكوم عليه ـ أي خبر أو أي رأي أبدته لجنة العفو، أو الأمر الصادر عن جلالة الملك.

## المادة 607

تسلم جثة المحكوم عليه إثر التنفيذ إلى عائلته إذا طلبت ذلك، على أن تلتزم بدفنه في غير علانية، وإلا فيتم دفنه من طرف الجهات المختصة بمسعى من النيابة العامة.

# الباب الثالث: تنفيذ الاعتقال الاحتياطي والعقوبات السالبة للحرية

## المادة 608

لا يمكن حرمان شخص من حريته إلا بمقتضى سند صادر عن السلطة القضائية يأمر باعتقاله احتياطياً أو بناء على سند يأمر بتنفيذ مقرر مكتسب لقوة الشيء المقضي به صادر عن هيئة قضائية يقضي عليه بعقوبة السجن أو الحبس أو الاعتقال أو الإكراه البدني، مع مراعاة مقتضيات المادتين 66 و80 من هذا القانون المتعلقتين بالوضع تحت الحراسة النظرية.

لا يمكن الاعتقال إلا بمؤسسات سجنية تابعة لوزارة العدل.

## المادة 609

يترتب عن كل إيداع في السجن، بناء على سند من السندات الصادرة عن السلطة القضائية المنصوص عليها في المادة 608 إعداد ملف خاص بكل معتقل، سواء كان التنفيذ بواسطة القوة العمومية أو تقدم المعني بالأمر إلى السجن عن طواعية واختيار.

## المادة 610

يتعين على كل منفذ لأمر قضائي بالإيداع في السجن، أن يمتثل للإجراءات المنصوص عليها في الفقرة 2 من المادة 15 من القانون رقم 98−23 بشأن تنظيم وتسيير المؤسسات السجنية الصادر بتنفيذه الظهير الشريف رقم 1.99.200 بتاريخ 13 من جمادى الأولى 1420 (25 أغسطس 1999)[77].

## المادة 611

لا يمكن لأي مأمور من إدارة السجون[78] أن يقبل أو يحجز شخصا، إلا إذا قدم له سند من سندات الاعتقال المنصوص عليها في المادة 608 أعلاه وبعد تسجيل هذا السند في سجل الاعتقال المنصوص عليه في المادة 13 من القانون رقم 98-23 المشار إليه في المادة السابقة، وإلا اعتبر مرتكبا لجريمة الاعتقال التحكمي.

---

77 - الجريدة الرسمية عدد 4726 بتاريخ 5 جمادى الآخرة 1420 (16 سبتمبر 1999)، ص 2283.

78 - حلت عبارة "المندوبية العامة لإدارة السجون وإعادة الإدماج" محل "إدارة السجون" بمقتضى المرسوم رقم 2.08.772 بتاريخ 25 جمادى الأولى 1430 (21 ماي 2009) بتحديد اختصاصات وتنظيم المندوبية العامة لإدارة السجون وإعادة الإدماج، الجريدة الرسمية عدد 5750 بتاريخ 16 رجب 1430 (9 يوليو 2009)، ص 3842.

## المادة 612

يجب أن تتوفر كل مؤسسة سجنية على سجل للاعتقال.

يقدم هذا السجل من أجل المراقبة والتأشير إلى السلطات القضائية المختلفة عند كل زيارة تقوم بها، وكذا إلى السلطات الإدارية المختصة بإجراء التفتيش العام للمؤسسة، وذلك وفقا للطريقة المنصوص عليها في القانون المنظم للمؤسسات السجنية.

## المادة 613

يضاف عند الاقتضاء التاريخ الفعلي لحرمان شخص من حريته إلى تاريخ إيداعه في السجن، ويؤخذ بعين الاعتبار تاريخ القبض عليه ومدة وضعه تحت الحراسة النظرية.

## المادة 614

يتعين على مدير المؤسسة السجنية الإفراج عن المعتقلين الاحتياطيين الذين أمرت السلطة القضائية المختصة بالإفراج عنهم، وكذا المعتقلين أو المكرهين بدنيا الذين أنهوا العقوبات الصادرة في حقهم ما لم يكن هناك أمر يستوجب استمرار اعتقالهم.

يرفع الاعتقال عن المودع في السجن ببيان يضمن في ملف المعتقل وفي سجل الاعتقال عند الإفراج عن المعتقل أو عند خروجه نهائيا من المؤسسة السجنية لأي سبب كان، ويجب أن يشار إلى هذا السبب في سند الاعتقال. كما يشار بملف المعتقل وبسجل الاعتقال إلى يوم وساعة الخروج من السجن.

## المادة 615

يودع المتهمون المعتقلون بصفة احتياطية بسجن محلي بالمكان الموجودة فيه المحكمة المحالة إليها القضية في المرحلة الابتدائية أو الاستئنافية حسب الأحوال، كلما سمحت بذلك ضرورة الأمن والقدرة الإيوائية للمؤسسة السجنية.

يسمح للمعتقلين احتياطياً بجميع الاتصالات والتسهيلات المتلائمة مع مستلزمات النظام والأمن، لتمكينهم من ممارسة حقهم في الدفاع في نطاق الحدود المقررة في القانون رقم 23-98 المتعلق بتنظيم وتسيير المؤسسات السجنية الصادر بتنفيذه الظهير الشريف رقم 1.99.200 بتاريخ 13 من جمادى الأولى 1420 (25 أغسطس 1999).

## المادة 616

يقوم قاضي تطبيق العقوبات ووكيل الملك أو أحد نوابه بتفقد السجناء على الأقل مرة كل شهر، وذلك من أجل التأكد من صحة الاعتقال ومن حسن مسك سجلات الاعتقال.

يحرر القاضي محضرا بكل تفتيش يوجهه فورا إلى وزير العدل.

## المادة 617

يجب على ممثل النيابة العامة لدى كل محكمة زجرية تم تكليفه بتنفيذ أحكام تقضي بعقوبات سالبة للحرية، أن يمسك سجلا يخصص لتنفيذ العقوبات.

تضمن في السجل المعلومات بالترتيب يوما بيوم بعد كل جلسة، وعند القيام بكل مبادرة تتعلق بالتنفيذ.

## المادة 618

لا يعتبر مداناً إلا الشخص الذي صدر في حقه مقرر قضائي اكتسب قوة الشيء المقضي به.

يعتبر معتقلاً احتياطياً، كل شخص تمت متابعته جنائيا ولم يصدر بعد في حقه حكم اكتسب قوة الشيء المقضي به.

يعتبر مكرهاً بدنياً، كل شخص تم حبسه بسبب عدم أداء ما بذمته من دين [79].

## المادة 619

يخضع السجناء المتهمون أو المتابعون بمتابعة جديدة المحكوم عليهم من أجل جريمة أخرى، لنفس النظام المطبق على باقي المحكوم عليهم، غير أنه يجب أن تمنح لهم كل التسهيلات لضمان حقهم في الدفاع.

يمكن، عند الاقتضاء، أن يفرض عليهم قاضي التحقيق المنع من الاتصال بالغير، مع مراعاة مقتضيات القانون رقم 23.98 المتعلق بتنظيم وتسيير المؤسسات السجنية المشار إليه أعلاه.

## المادة 620

تكلف في كل ولاية أو عمالة أو إقليم لجنة للمراقبة، يناط بها على الخصوص السهر على توفير وسائل الصحة والأمن والوقاية من الأمراض وعلى نظام تغذية المعتقلين وظروف حياتهم العادية وكذا المساعدة على إعادة تربيتهم الأخلاقية وإدماجهم اجتماعياً وإحلالهم محلا لائقا بعد الإفراج عنهم.

ويترأس هذه اللجنة الوالي أو العامل أو مفوض من قبله، ويساعده رئيس المحكمة الابتدائية ووكيل الملك بها وقاضي تطبيق العقوبات وممثل السلطة العمومية المكلفة بالصحة

---

79 - قارن مع المادة 1 من القانون 23.98 سالف الذكر :

"يعتبر معتقلا بمفهوم هذا القانون، كل شخص اتخذ في حقه تدبير سالب للحرية وتم إيداعه داخل مؤسسة سجنية.
يعتبر معتقلا احتياطيا، كل معتقل لم يصدر في حقه مقرر قطعي بالإدانة، سواء كان ظنينا أو متابعا أو متهما.
يعتبر مدانا، كل شخص معتقل صدر في حقه مقرر قطعي بعقوبة سالبة للحرية.
يعتبر مكرها بدنيا، كل شخص اعتقل في نطاق مسطرة الإكراه البدني".

ورئيس مجلس الجهة ورئيس مجلس الجماعة اللتين توجد بهما المؤسسة وممثلو قطاعات التربية الوطنية والشؤون الاجتماعية والشبيبة والرياضة والتكوين المهني.

تضم اللجنة زيادة على ذلك، أعضاء متطوعين يعينهم وزير العدل من بين الجمعيات أو من بين الشخصيات المعروفة باهتمامها بمصير المحكوم عليهم.

## المادة 621

تؤهل اللجنة المنصوص عليها في المادة السابقة لزيارة السجون الموجودة في تراب الولاية أو العمالة أو الإقليم، وترفع إلى وزير العدل الملاحظات أو الانتقادات التي ترى من الواجب إبداءها وتشير إلى أنواع الشطط الذي يجب إنهاءه وإلى التحسينات التي ينبغي تحقيقها.

يمكنها أن تقدم إلى لجنة العفو توصية بمن يظهر لها من المعتقلين استحقاقه العفو.

لا يمكن للجنة أن تقوم بأي عمل من أعمال السلطة.

تؤهل اللجنة كذلك لزيارة المؤسسات المكلفة برعاية الأحداث الجانحين المنصوص عليها في المادتين 471 و 481 أعلاه. وفي هذه الحالة فإنه يضاف إلى تشكيلة اللجنة قاضي الأحداث لدى المحكمة الابتدائية وممثلو القطاعات العمومية المكلفة بالطفولة، كما يمكن أن يضاف إليها أعضاء متطوعون يعينهم وزير العدل من بين الجمعيات أو الشخصيات المعروفة باهتمامها برعاية الطفولة وحمايتها.

وترفع اللجنة إلى وزير العدل في هذه الحالة الملاحظات أو الانتقادات المشار إليها في الفقرة الأولى من هذه المادة.

# الباب الرابع: الإفراج المقيد بشروط

## المادة 622

يمكن للمحكوم عليهم بعقوبة سالبة للحرية من أجل جناية أو جنحة، الذين برهنوا بما فيه الكفاية على تحسن سلوكهم، أن يستفيدوا من الإفراج المقيد بشروط إذا كانوا من بين:

1- المحكوم عليهم من أجل جنحة الذين قضوا حبسا فعليا يعادل على الأقل نصف العقوبة المحكوم بها؛

2- المحكوم عليهم بعقوبة جنائية أو بعقوبة جنحية من أجل وقائع وصفت بأنها جناية، أو من أجل جنحة يتجاوز الحد الأقصى للعقوبة المقررة لها خمس سنوات حبسا إذا قضوا حبسا فعليا يعادل على الأقل ثلثي العقوبة المحكوم بها.

إذا تعلق الأمر بمحكوم عليهم بالإقصاء، فلا يمكن أن تكون مدة اعتقالهم الفعلي أقل من ثلاث سنوات تحسب من اليوم الذي أصبح فيه تدبير الإقصاء ساري المفعول.

المملكة المغربية        وزارة العدل والحريات        مديرية التشريع

## المادة 623

إذا وجب قضاء عدة عقوبات بالتتابع، تعين ضمها واستخلاص مدة الاعتقال المفروضة من مجموعها.

إذا كان تخفيض العقوبة ناتجا عن عفو، فيجري الحساب باعتبار العقوبة المخفضة.

تؤخذ بعين الاعتبار مدة العقوبة التي تم قضاؤها مسبقا عند استبدال عقوبة بأخرى حتى لو كان تاريخ بدء سريان العقوبة الجديدة هو تاريخ صدور الظهير الشريف المتعلق بالعفو.

## المادة 624

تكون بوزارة العدل لجنة للإفراج المقيد بشروط، تكلف بإبداء الرأي في اقتراحات الإفراج، ويتولى رئاستها نيابة عن وزير العدل مدير الشؤون الجنائية والعفو أو من يمثله، وتتكون من مدير إدارة السجون وإعادة الإدماج[80] أو من يمثله، وممثل عن الرئيس الأول لمحكمة النقض وممثل عن الوكيل العام للملك لدى محكمة النقض.

يتولى كتابة اللجنة موظف بمديرية الشؤون الجنائية والعفو.

## المادة 625

يعد رئيس المؤسسة السجنية التي يقضي بها المحكوم عليه عقوبته اقتراحات الإفراج المقيد بشروط، إما تلقائيا أو بناء على طلب من المعني بالأمر أو عائلته، وإما بتعليمات من وزير العدل أو مدير إدارة السجون، أو بمبادرة من قاضي تطبيق العقوبات طبقاً لمقتضيات المادة 155 من المرسوم رقم 2.00.485 الصادر في 6 شعبان 1421 (3 نوفمبر 2000) تحدد بموجبه كيفية تطبيق القانون رقم 23.98 المتعلق بتنظيم وتسيير المؤسسات السجنية الصادر بتنفيذه الظهير الشريف رقم 1.99.200 بتاريخ 13 من جمادى الأولى 1420 (25 أغسطس 1999)[81]. ويوجه رئيس المؤسسة السجنية هذه الاقتراحات، بعد تضمينها رأيه المعلل، إلى مدير إدارة السجون وإعادة الإدماج الذي يطبق مقتضيات المادة 156 من المرسوم السالف الذكر ويعرضها على اللجنة المشار إليها في المادة 624 أعلاه.

## المادة 626

تعرض الاقتراحات الواردة على اللجنة على أنظارها على الأقل مرة في السنة.

---

80 - حلت تسمية "المندوب العام لإدارة السجون وإعادة الإدماج" محل "مدير إدارة السجون وإعادة الإدماج" بمقتضى الظهير الشريف رقم 1.08.49 بتاريخ 22 من ربيع الآخر 1429 (29 أبريل 2008) بتعيين المندوب العام لإدارة السجون وإعادة الإدماج وبتحديد اختصاصاته، الجريدة الرسمية عدد 5630 بتاريخ 9 جمادى الأولى 1429 (15 ماي 2008)، ص 1159.

81 - الجريدة الرسمية عدد 4848 بتاريخ 19 شعبان 1421 (16 نوفمبر 2000)، ص 3029.

## المادة 627

يتم منح الاستفادة من الإفراج المقيد بشروط بقرار لوزير العدل بناء على رأي اللجنة المشار إليها في المادة 624 أعلاه.

يمكن بمقتضى هذا القرار إخضاع الإفراج المقيد لبعض الشروط واتخاذ تدابير مراقبة تكون الغاية منها تسهيل وتحقيق إعادة إدماج المستفيدين من الإفراج في المجتمع خاصة:

1 ـ أداء المبالغ الواجبة للخزينة أو التعويضات المحكوم بها للضحايا؛

2 ـ الالتزام بالانخراط في القوات المسلحة الملكية إذا كان الأمر يتعلق بمواطن؛

3 ـ الطرد من تراب المملكة إذا كان الأمر يتعلق بأجنبي.

يجب أن ينص القرار على بيان اسم السجين الذي سيفرج عنه والسجن الذي يقضي فيه العقوبة، وتاريخ ابتداء الإفراج الممنوح، والمكان الذي يتعين على الشخص المفرج عنه أن يجعل فيه موطنه والأجل المحدد له للتوجه إلى هذا المكان، وبيان السلطات التي يتعين على المفرج عنه أن يتقدم إليها بمجرد حلوله بالمكان، والشروط التي يمكنه بمقتضاها إما التنقل مؤقتاً وإما تغيير محل إقامته.

لا يمنح الإفراج بشروط إذا أبدت اللجنة رأيا برفضه.

## المادة 628

يبلغ قرار الإفراج المقيد بشروط إلى علم المنتفع به بواسطة مدير السجن الذي يحرر محضرا في شأن التبليغ للمستفيد من الإفراج، ويسلم له رخصة تتضمن بيان هويته وحالته الجنائية ونسخة من القرار ومن محضر التبليغ.

توجه نسخة من قرار الإفراج إلى وكيل الملك وإلى والي أو عامل الإقليم الذي يتعين على المفرج عنه أن يجعل فيه محل إقامته. وتشعر السلطات المذكورة رجال الدرك الملكي ومصالح الشرطة بالقرار وتأمرهم بموافاتها، إن اقتضى الحال، بأية معلومات عن سوء سيرة المفرج عنه أو مخالفته لشروط الإفراج المحددة في القرار.

توجه كذلك نسخة من قرار الإفراج المقيد بشروط إلى القاضي المكلف بتطبيق العقوبات.

## المادة 629

لا يصبح الإفراج نهائيا إلا بانتهاء مدة العقوبة، ويمكن العدول عنه ما دام لم يصبح نهائيا إذا ثبت سوء سلوك المستفيد منه أو عدم احترامه للشروط المحددة في قرار الإفراج المقيد بشروط.

يمكن في حالة الاستعجال للنيابة العامة أو للوالي أو للعامل أن يأمر باعتقال المفرج عنه احتياطياً، بشرط إخبار وزير العدل داخل ثمان وأربعين ساعة الذي له أن يقرر ما إذا كان هناك ما يدعو للإبقاء على هذا التدبير.

### المادة 630

يسري مفعول العدول عن الإفراج ابتداء من يوم تجديد الإيداع في السجن، ويقع الإرجاع إلى السجن لقضاء ما بقي من العقوبة المحكوم بها من وقت بدء مفعول الإفراج المقيد بشروط. غير أنه تؤخذ بعين الاعتبار لتحديد تاريخ الإفراج النهائي مدة الاعتقال الاحتياطي المنصوص عليها في المادة السابقة.

### المادة 631

تجب الإشارة في البطاقة رقم 1 من السجل العدلي إلى كل قرار بالإفراج المقيد بشروط أو العدول عنه.

### المادة 632

لا تقبل القرارات الصادرة بشأن الإفراج المقيد بشروط أي طعن.

## الباب الخامس: تنفيذ العقوبات المالية والإكراه البدني

### المادة 633

تتولى المصالح المكلفة بالمالية ومصالح كتابات الضبط بمحاكم الاستئناف والمحاكم استيفاء المصاريف القضائية والغرامات ما لم ينص على خلاف ذلك في قوانين خاصة.

يؤهل مأمورو كتابات الضبط في محاكم الاستئناف والمحاكم بالمملكة للقيام في آن واحد مع القباض بالمتابعات المنصوص عليها في القانون رقم 15.97 بمثابة مدونة تحصيل الديون العمومية الصادر بتنفيذه الظهير الشريف رقم 1.00.175 الصادر في 28 من محرم 1421 (3 ماي 2000) بتحصيل الغرامات والعقوبات المالية.

يعتبر مستخرج المقرر الصادر بالإدانة، سندا يمكن بمقتضاه الحصول على الأداء من أموال المحكوم عليه بجميع الوسائل القانونية. ويكون هذا الأداء مستحقا بمجرد ما يصبح مقرر الإدانة مكتسبا لقوة الشيء المقضي به.

غير أنه إذا أفصح المحكوم عليه حضورياً بعقوبة غرامة فقط عن إرادته أداء ما عليه فوراً، سلم إليه أمر بالدفع مؤشر عليه من قبل النيابة العامة، ويمكن لكاتب الضبط حين تقديم الأمر إليه أن يستوفي مبلغ الغرامة والمصاريف القضائية.

### المادة 634

إذا كانت أموال المحكوم عليه غير كافية لتحصيل المصاريف والغرامة ورد ما يلزم رده والتعويضات، فيخصص المبلغ المحصل وفقا لنظام الأسبقية الآتي:

1- المصاريف القضائية؛

2- رد ما يلزم رده؛

3- التعويضات؛

4- الغرامات.

إذا تقررت الإدانة من أجل جرائم مختلفة من حيث وصفها القانوني، فإن المبالغ المحكوم بها تستخلص على الترتيب الآتي: المبالغ المحكوم بها في الجنايات أولاً ثم في الجنح ثم المخالفات.

## المادة 635

يمكن تطبيق مسطرة الإكراه البدني في حالة عدم تنفيذ الأحكام الصادرة بالغرامة ورد ما يلزم رده والتعويضات والمصاريف، إذا تبين أن الإجراءات الرامية إلى الحصول على الأموال المنصوص عليها في المادة السابقة بقيت بدون جدوى أو أن نتائجها غير كافية.

يتم الإكراه البدني بإيداع المدين في السجن، وفي جميع الأحوال فإنه لا يسقط الالتزام الذي يمكن أن يكون محلا لإجراءات لاحقة بطرق التنفيذ العادية.

غير أنه لا يمكن تنفيذ الإكراه البدني، على المحكوم عليه الذي يدلي لإثبات عسره بشهادة عوز يسلمها له الوالي أو العامل أو من ينوب عنه و بشهادة عدم الخضوع للضريبة تسلمها مصلحة الضرائب بموطن المحكوم عليه.

## المادة 636

يجب على كل محكمة زجرية عندما تصدر مقرراً بالغرامة أو برد ما يلزم رده أو بالتعويضات أو المصاريف أن تحدد مدة الإكراه البدني.

في حالة الإغفال إما عن الحكم بالإكراه البدني أو عن تحديد مدته، يرجع إلى المحكمة لتبت في الموضوع بغرفة المشورة وينفذ مقررها رغم كل طعن.

غير أنه لا يمكن الحكم بالإكراه البدني أو تطبيقه:

1- في الجرائم السياسية؛

2- إذا صدر الحكم بعقوبة الإعدام أو بالسجن المؤبد؛

3- إذا كان عمر المحكوم عليه يقل عن 18 سنة يوم ارتكابه للجريمة؛

4- بمجرد ما يبلغ سن المحكوم عليه 60 عاما؛

5- ضد مدين لفائدة زوجه أو أصوله أو فروعه أو إخوته أو أخواته أو عمه أو خاله أو عمته أو خالته أو ابن أخيه أو ابن أخته أو ابنة أخيه أو ابنة أخته أو من تربطه به مصاهرة من نفس الدرجة.

## المادة 637

لا ينفذ الإكراه البدني في آن واحد على الزوج وزوجته ولو من أجل ديون مختلفة، ولا ينفذ على امرأة حامل ولا على امرأة مرضع في حدود سنتين من تاريخ الولادة.

## المادة 638

تحدد مدة الإكراه البدني من بين المدد المبينة بعده، ما لم تنص قوانين خاصة على خلاف ذلك:

- من ستة أيام (6) إلى عشرين يوماً (20) إذا كان مبلغ الغرامة أو ما عداها من العقوبات المالية يقل عن ثمانية آلاف درهم (8.000)؛

- من خمسة عشر يوماً (15) إلى واحد وعشرين يوماً (21) إذا كان المبلغ يعادل أو يفوق ثمانية آلاف درهم (8.000) ويقل عن عشرين ألف درهم (20.000)؛

- من شهر واحد (1) إلى شهرين (2) إذا كان المبلغ يعادل أو يفوق عشرين ألف درهم (20.000) ويقل عن خمسين ألف درهم (50.000)؛

- من ثلاثة أشهر (3) إلى خمسة أشهر (5) إذا كان المبلغ يعادل أو يفوق خمسين ألف درهم (50.000) ويقل عن مائتي ألف درهم   (200.000)؛

- من ستة أشهر (6) إلى تسعة أشهر (9) إذا كان المبلغ يعادل أو يفوق مائتي ألف درهم ويقل عن مليون درهم (1.000.000)؛

- من عشرة أشهر (10) إلى خمسة عشر شهراً (15) إذا كان المبلغ يعادل أو يفوق مليون درهم (1.000.000).

إذا كان الإكراه البدني يرمي إلى تسديد عدة ديون، فتحسب مدته حسب مجموع المبالغ المحكوم بها.

## المادة 639

يقدم طلب تطبيق الإكراه البدني لوكيل الملك لدى المحكمة الابتدائية المختصة، ويرفق بنسخة من المقرر القابل للتنفيذ بالإضافة إلى الوثائق المشار إليها في المادة 640 بعده.

## المادة 640

لا يمكن تطبيق الإكراه البدني، في جميع الأحوال ولو نص عليه مقرر قضائي، إلا بعد موافقة قاضي تطبيق العقوبات الذي يتحقق من توفر الشروط الآتية بعد توصله بالملف من وكيل الملك:

1- توجيه إنذار من طرف طالب الإكراه إلى الشخص المطلوب تطبيق الإكراه البدني في حقه يبقى دون نتيجة بعد مرور أكثر من شهر واحد من تاريخ التوصل به؛

2- تقديم طلب كتابي من المطالب بالإكراه البدني يرمي إلى الإيداع في السجن؛

3- الإدلاء بما يثبت عدم إمكانية التنفيذ على أموال المدين.

لا يأمر وكيل الملك أعوان القوة العمومية بإلقاء القبض على الشخص المطلوب تطبيق الإكراه البدني في حقه، إلا بعد صدور قرار بالموافقة على ذلك عن قاضي تطبيق العقوبات، مع مراعاة مقتضيات المادة 641 بعده.

## المادة 641

خلافا للمقتضيات السابقة، إذا كان المحكوم عليه ما يزال معتقلا وأصبح الحكم الصادر في حقه مكتسباً لقوة الشيء المقضي به، فإن رئيس المؤسسة السجنية المقدم إليه الطلب من طالب الإكراه البدني يوجه إلى المحكوم عليه إنذارا كتابيا لأداء دينه، ويجب أن يشمل هذا الإنذار إضافة إلى التذكير بموجز مقرر الإدانة مبلغ العقوبة المالية ومبلغ المصاريف وكذا مدة الإكراه المأمور به.

إذا أدى المحكوم عليه دينه يسلم إليه وصل مستخرج من سجل ذي أرومة تودعه إدارة المالية في كل مؤسسة سجنية لهذا الغرض، ويستعمل هذا الوصل لإثبات الأداء الذي يوجه كذلك إشعار به على الفور إلى كتابة الضبط بالمحكمة التي قضت بالإدانة وكذا إلى إدارة المالية.

إذا صرح المحكوم عليه بعدم قدرته على الوفاء بدينه يشار إلى ذلك في محضر يحرره رئيس المؤسسة السجنية ويوجهه على الفور إلى النيابة العامة.

بعد الاطلاع على المحضر المذكور، يوقع وكيل الملك على أمر بإبقاء المحكوم عليه في السجن. ويخضع المحكوم عليه للإكراه البدني بعد قضاء العقوبة المحكوم بها عليه، مع مراعاة مقتضيات الفقرة الأخيرة من المادة 635 أعلاه.

## المادة 642

إذا لم يتم تبليغ مقرر الإدانة مسبقا للمدين، فإنه يتعين تبليغه قبل توجيه الإنذار. ولا يعتد بالإنذار غير المسبوق بتبليغ مقرر الإدانة.

## المادة 643

إذا وقع نزاع، أحضر المحكوم عليه بالإكراه البدني المقبوض عليه أو الموجود في حالة اعتقال إلى المحكمة الابتدائية الكائن مقرها بمحل القبض أو الاعتقال ويقدم إلى رئيس المحكمة للبت في النزاع.

إذا كان النزاع يتعلق بصحة إجراءات الإكراه البدني، بت الرئيس في الخلاف بشكل استعجالي، وينفذ أمره رغم الطعن بالاستئناف.

في حالة نزاع عارض يستلزم تفسيراً، تطبق مقتضيات المادتين 599 و 600 أعلاه.

## المادة 644

يحدد قاضي تطبيق العقوبات مدة الإكراه البدني المتعلقة بالمدين المطلوب تطبيق الإكراه في حقه في حالة الحكم بتضامن المدينين، وتراعى في ذلك حصة المدين المعني بالأمر من الدين.

## المادة 645

يمكن للمحكوم عليهم بالإكراه البدني أن يتجنبوا مفعوله أو أن يوقفوا سريانه، إما بأداء مبلغ من المال كاف لانقضاء الدين من أصل وفوائد وصوائر وإما برضى الدائن الذي سعى إلى اعتقالهم أو بأداء قسط من الدين مع الالتزام بأداء الباقي في تاريخ محدد.

يفرج وكيل الملك عن المدين المعتقل بناء على ثبوت انقضاء الدين أو بطلب من الدائن.

## المادة 646

إذا لم ينفذ المدين الالتزامات التي أدت إلى إيقاف الإكراه البدني، أمكن إكراهه من جديد فيما يخص المبالغ الباقية بذمته.

## المادة 647

إذا انتهى الإكراه البدني لسبب ما، باستثناء الحالة المنصوص عليها في المادة السابقة، لا يمكن بعدئذ تنفيذه لا من أجل نفس الدين ولا من أجل أحكام أخرى صدرت قبل تنفيذه، ما لم تكن هذه الأحكام تستلزم بسبب مجموع مبالغها مدة إكراه أطول من المدة التي تم تنفيذها على المحكوم عليه. وفي هذه الحالة، يتعين دائما إسقاط مدة الاعتقال الأول من الإكراه الجديد.

# الباب السادس: تقادم العقوبات

## المادة 648

يترتب عن تقادم العقوبة تخلص المحكوم عليه من آثار الإدانة إذا لم تكن العقوبة قد نفذت خلال الآجال المحددة في المادة 649 وما بعدها إلى المادة 651 بعده.

غير أنه، مع ذلك، فإن حالات انعدام الأهلية المحكوم بها في مقرر الإدانة أو التي تكون نتيجة قانونية لهذا المقرر تبقى سارية المفعول.

ينقطع التقادم فيما يخص استيفاء المصاريف القضائية والغرامات، بكل إجراء من إجراءات التحصيل يتم بمسعى من الجهات المأذون لها بتحصيل تلك الأموال.

## المادة 649

تتقادم العقوبات الجنائية بمضي خمس عشرة[82] سنة ميلادية كاملة، تحسب ابتداء من التاريخ الذي يصبح فيه الحكم الصادر بالعقوبة مكتسباً لقوة الشيء المقضي به.

إذا تقادمت عقوبة المحكوم عليه، فإنه يخضع بقوة القانون طيلة حياته للمنع من الإقامة في دائرة العمالة أو الإقليم التي يستقر بها الضحية الذي ارتكبت الجريمة على شخصه أو على أمواله أو يستقر بها ورثته المباشرون.

---

82 - تم تغيير وتتميم المادة 649 أعلاه بمقتضى المادة الثانية من القانون رقم 35.11، سالف الذكر.

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

تطبق على المنع من الإقامة في هذه الحالة مقتضيات القانون الجنائي.

## المادة 650

تتقادم العقوبات الجنحية بمضي أربع[83] سنوات ميلادية كاملة، ابتداء من التاريخ الذي يصبح فيه الحكم الصادر بالعقوبة مكتسباً لقوة الشيء المقضي به.

غير أنه إذا كانت عقوبة الحبس المحكوم بها تتجاوز خمس سنوات، فإن مدة التقادم تكون مساوية لمدة العقوبة.

## المادة 651

تتقادم العقوبات عن المخالفات بمضي سنة[84] ميلادية كاملة، تحسب ابتداء من التاريخ الذي يصبح فيه الحكم الصادر بالعقوبة مكتسباً لقوة الشيء المقضي به.

## المادة 652

لا يمكن بأي حال من الأحوال، أن يقبل من شخص تقدمه لتنفيذ ما حكم به عليه في غيبته، أو بناءً على المسطرة الغيابية، إذا تقادمت العقوبة المحكوم بها عليه.

## المادة 653

تتقادم المقتضيات المدنية الواردة في منطوق مقرر زجري مكتسب لقوة الشيء المقضي به حسب قواعد تقادم الأحكام المدنية.

## المادة 1-653[85]

لا تتقادم العقوبات الصادرة بشأن جرائم ينص على عدم تقادمها القانون أو اتفاقية دولية صادقت عليها المملكة المغربية ونشرت بالجريدة الرسمية.

# القسم الثاني: السجل العدلي

# الباب الأول: أحكام عامة

## المادة 654

يشمل السجل العدلي مركزا وطنيا تابعا لوزارة العدل ومراكز محلية بالمحاكم الابتدائية يتم تعيينها بقرار لوزير العدل.

---

83 - تم تغيير وتتميم المادة 650 أعلاه بمقتضى المادة الثانية من القانون رقم 35.11، سالف الذكر.

84 - تم تغيير وتتميم المادة 651 أعلاه بمقتضى المادة الثانية من القانون رقم 35.11، سالف الذكر.

85 - تمت إضافة المادة 1-653 أعلاه بمقتضى المادة الأولى من القانون رقم 35.11، سالف الذكر.

يختص مركز السجل العدلي الوطني بمراقبة المراكز المحلية ويتولى مسك سجل عدلي خاص بالأشخاص المولودين خارج المملكة من غير اعتبار لجنسيتهم، ومسك بطائق السجل العدلي للأشخاص المعنوية المنصوص عليها في المواد 678 وما بعدها من هذا القانون.

يتولى مركز السجل العدلي المحلي، مسك السجلات العدلية لجميع الأشخاص مهما كانت جنسيتهم المولودين بدائرة المحكمة المحددة طبقاً للفقرة الأولى من هذه المادة.

## المادة 655

يتولى إدارة مركز السجل العدلي الوطني أحد القضاة العاملين بوزارة العدل.

تسند إدارة السجل العدلي المحلي لأحد قضاة النيابة العامة.

## المادة 656

تمسك مراكز السجل العدلي المحلي، بطائق تسمى البطائق رقم 1 للسجل العدلي، وتسلم حسب الشروط المحددة في المواد 665 وما يليها، بيانات أو ملخصات منها تدعى البطائق رقم 2 أو رقم 3.

يمسك مركز السجل العدلي الوطني نفس البطائق ويسلم نفس البيانات بالنسبة للأشخاص المولودين خارج المملكة وللأشخاص المعنوية.

# الباب الثاني: البطائق رقم 1 ونظائرها

## المادة 657

ترتب البطائق رقم 1 حسب الحروف الهجائية، وفيما يخص كل شخص حسب تاريخ الإدانة أو الحكم.

## المادة 658

تستوجب إقامة البطاقة رقم 1 المقررات الآتية:

1- المقررات الصادرة بالإدانة عن أية محكمة زجرية من أجل جناية أو جنحة؛

2- المقررات الصادرة بناء على مسطرة غيابية والمقررات الصادرة بالعقوبة في غيبة المحكوم عليه والتي لم يطعن فيها بالتعرض؛

3- المقررات الصادرة في حق الأحداث الجانحين، المشار إليها في المادة 506 أعلاه؛

4- المقررات الصادرة بالإدانة مع الإعفاء من العقوبة؛

5- المقررات التأديبية الصادرة عن السلطة القضائية أو عن سلطة إدارية فيما إذا ترتب عنها فقدان للأهلية أو نصت على هذا الفقدان؛

6- المقررات المعلنة للتصفية القضائية والعقوبات التي يحكم بها على مسيري المقاولة وسقوط الأهلية التجارية؛

المملكة المغربية     وزارة العدل والحريات     مديرية التشريع

7- قرارات الطرد المتخذة ضد الأجانب؛

8- المقررات الصادرة بسقوط الولاية الأبوية أو بسحب الحقوق المرتبطة بها كلا أو بعضا.

## المادة 659

يكون كل مقرر من المقررات المنصوص عليها في المادة السابقة، موضوع البطاقة رقم 1 التي يحررها كاتب الضبط بالمحكمة التي بتت في القضية أو التي يقع بدائرتها مقر الهيئة التأديبية التي اتخذت المقررات التأديبية المشار إليها في البندين رقم 5 و7 من المادة السابقة.

تقام البطاقة رقم 1 :

1 - داخل خمسة عشر يوما من صيرورة المقرر نهائيا، في حالة صدوره حضوريا؛

2 - بعد مرور خمسة عشر يوما من تاريخ تبليغ المقرر الصادر غيابيا؛

3 - داخل خمسة عشر يوما من صدور المقرر بالعقوبة بناء على مسطرة غيابية.

يشهد وكيل الملك بصحة هذه البطائق بعد التأكد من محتواها، وتستعمل على الخصوص لتطبيق العقوبات في حالة العود ولإلغاء إيقاف التنفيذ وكذا لتمكين مختلف الإدارات من منع المجرمين من ولوج الوظائف العمومية والانخراط في القوات المسلحة الملكية.

## المادة 660

تحرر البطائق رقم1، التي تثبت مقرراً تأديبياً صادراً عن سلطة إدارية يتضمن أو يترتب عنه فقدان الأهلية، من طرف كاتب الضبط بمركز السجل العدلي بالمحكمة التي ولد بدائرتها الشخص المعني بالأمر، أو بمصلحة السجل العدلي المركزي إذا كان الشخص المذكور مولودا خارج المملكة، وذلك بناء على إشعار من السلطة الإدارية الصادر عنها المقرر توجهه إلى المركز المعني، داخل خمسة عشر يوما من صدور المقرر.

تحرر البطائق رقم1، التي تتضمن مقررا بطرد أجنبي داخل خمسة عشر يوما من صدور المقرر من طرف وزارة الداخلية وتوجه إلى السجل العدلي المركزي أو للسجل العدلي بمكان الولادة إن كان الصادر في حقه المقرر مولوداً بالمغرب.

## المادة 661

تضاف إلى البطاقة رقم 1 التغييرات المتعلقة بما يلي:

- الأوامر الملكية القاضية بالعفو من العقوبة كليا أو جزئيا أو استبدال عقوبة بأخرى؛

المملكة المغربية | وزارة العدل والحريات | مديرية التشريع

ـ المقررات الصادرة بتوقيف تنفيذ عقوبة تطبيقا لمقتضيات الفصل 121 من الظهير الشريف رقم 1.56.270 المؤرخ في 6 ربيع الثاني 1376 موافق 10 نونبر 1956 بمثابة قانون العدل العسكري[86]؛

ـ قرارات الإفراج المقيد بشروط وقرارات العدول عن هذا الإفراج؛

ـ مقررات إيقاف تنفيذ العقوبة ومقررات رد الاعتبار القانوني أو القضائي ومقررات إنهاء الإقصاء؛

ـ المقررات الصادرة بإلغاء أو توقيف قرارات طرد الأجانب؛

ـ إلغاء المقررات المنصوص عليها في البند رقم 8 من المادة 658 من هذا القانون؛

ـ المقررات الصادرة بإلغاء مقرر تأديبي يتضمن فقداناً لأهلية وفقاً للفقرة الأولى من المادة 660 أعلاه؛

ـ وبصفة عامة، كل مقرر يصدر بتغيير أو إنهاء العقوبات أو التدابير المنصوص عليها في المادتين 658 و660 أعلاه.

## المادة 662

يعهد إلى من يأتي ذكرهم بتحرير البطائق أو الأوراق المغيرة لمضمن البطاقة رقم 1، ويتعين توجيهها فورا إلى مركز السجل العدلي الوطني أو المركز المحلي المختص:

1. كاتب الضبط بالمحكمة التي أصدرت العقوبة إذا كان الأمر يتعلق بالعفو أو بإبدال عقوبة بأخرى أو بالتخفيض منها أو بإلغائها؛

2. مديري السجون والمشرفين الرؤساء، إذا كان الأمر يتعلق بتواريخ انتهاء العقوبات البدنية والإفراج المقيد بشروط، ومدير إدارة السجون إذا كان الأمر يرجع إلى قرارات إلغاء الإفراج المقيد بشروط؛

3. أمناء الخزائن العامين المكلفين بالدفع والأداءات وقباض وزارة المالية الخصوصيين والقبضة الماليين وكتاب الضبط بالمحاكم إذا كان الأمر يتعلق بأداء الغرامة؛

4. السلطة التي أصدرت مقررات بتوقيف عقوبة أو إلغاء توقيفها إذا كان الأمر يرجع إلى مثل هذه المقررات؛

5. وزير الداخلية فيما يرجع للمقررات الصادرة بإلغاء أو إيقاف مفعول مقررات طرد الأجانب؛

6. النيابة العامة لدى المحكمة التي بتت في طلب رد الاعتبار؛

7. كاتب الضبط بالمحكمة التي بتت في النازلة إذا كان الأمر يتعلق بقابلية العذر في قضايا التصفية القضائية والتصديق على المصالحة بين المدين وغرمائه؛

---

86 - كما تم تغييره وتتميمه، الجريدة الرسمية عدد 2316 بتاريخ 13 شعبان 1376 ( 15 مارس 1957). ص، 614.

8. كاتب الضبط لدى المحكمة الواقع بدائرتها مقر السلطة الإدارية التي قامت بالإشعار إذا كان الأمر يتعلق بإلغاء المقرر التأديبي المشار إليه في الفقرة الأولى من المادة 660 أعلاه.

## المادة 663

تسحب البطائق رقم 1 من السجل العدلي وتتلف في الحالات الآتية:

1- عند وفاة صاحب البطاقة؛

2- في حالة محو العقوبة المضمنة في البطاقة محوا تاما على إثر العفو الشامل؛

3- في حالة حصول المعني بالأمر على مقرر بإلغاء مضمون السجل العدلي؛

4- إذا تخلص المحكوم عليه من المسطرة الغيابية المقررة في حقه أو في حالة تعرض المحكوم عليه على الحكم الصادر غيابيا أو في حالة إبطال محكمة النقض للمقرر تطبيقا لمقتضيات المواد 560 و570 و571؛

5- إذا أمرت هيئة قضائية للأحداث بحذف البطاقة رقم1، تطبيقا للمادة 507.

تجب الإشارة تلقائياً من طرف كاتب الضبط في البطاقة رقم 1 إلى رد الاعتبار بحكم القانون، المنصوص عليه في الباب الثاني من القسم الثالث من الكتاب السادس من هذا القانون بمجرد ما يصير حقاً مكتسباً.

## المادة 664

يحرر نظير من جميع البطائق رقم 1 الناصة على عقوبة سالبة للحرية من أجل جناية أو جنحة مع تأجيل التنفيذ أو عدمه.

يوجه هذا النظير إلى الإدارة العامة للأمن الوطني على وجه الإخبار، ولا يطلع على مضمون هذا النظير إلا السلطات القضائية ومصالح الشرطة والدرك الملكي.

تحال أيضا على هذه الإدارة نظائر البطائق المتضمنة للتغييرات اللاحقة وفقاً للمادة 661 أعلاه.

تسحب النظائر في الحالات المنصوص عليها في المادة 663 أعلاه من سجل الإدارة العامة للأمن الوطني.

# الباب الثالث: البطائق رقم 2 والبطائق رقم 3

## المادة 665

تعتبر البطاقة رقم 2 نسخة للنص الكامل لمختلف البطائق رقم 1 المتعلقة بشخص واحد.

تسلم هذه البطاقة للجهات الآتية:

المملكة المغربية          وزارة العدل والحريات          مديرية التشريع

ـ أعضاء النيابة العامة وقضاة التحقيق والقضاة والمدير العام للأمن الوطني؛

ـ رؤساء المحاكم التجارية بقصد إضافتها إلى إجراءات التصفية القضائية؛

ـ السلطات العسكرية، فيما يخص الشبان الذين يرغبون في التجنيد بالقوات المسلحة الملكية؛

ـ المصلحة المكلفة بالحرية المحروسة، فيما يخص الأحداث الموضوعين تحت مراقبتها؛

ـ الإدارات العمومية للدولة المعروضة عليها إما طلبات التوظيف في وظائف عمومية أو اقتراحات لمنح شارات فخرية أو التزامات تخص سمسرة بعض الأشغال أو سمسرة صفقات عمومية أو قصد القيام بمتابعات تأديبية أو لفتح مؤسسة للتعليم الخاص؛

ـ السلطات المختصة بإعداد اللوائح الانتخابية أو للفصل في المنازعات الخاصة بممارسة حق من الحقوق الانتخابية.

غير أن المقررات المتعلقة بالأحداث الجانحين لا ينص عليها إلا في البطائق رقم 2، التي تسلم للقضاة وللمصلحة المكلفة بالحرية المحروسة المشار إليها أعلاه باستثناء أية سلطة أو إدارة عمومية أخرى.

## المادة 666

تتحقق مراكز السجل العدلي من هوية الشخص الذي يعنيه الأمر، مع الاستعانة بالبطاقة الوطنية إن وجدت.

يتعين على السلطة التي تقوم بتحرير البطاقة رقم 2، في حالة عدم توفرها على ما يثبت هوية الشخص، أن تدرج في البطاقة بصفة بارزة عبارة: هوية غير محققة.

في حالة عدم وجود البطاقة رقم 1 في السجل العدلي لشخص من الأشخاص، تسلم البطاقة رقم 2 المتعلقة به حاملة للعبارة الآتية: لا شيء.

## المادة 667

تعتبر البطاقة رقم 3 بيانا بالأحكام الصادرة بعقوبات سالبة للحرية عن إحدى محاكم المملكة من أجل جناية أو جنحة، وينص فيها صراحة على أن الغرض منها ينحصر فيما ذكر.

لا تدرج في هذه البطاقة إلا العقوبات من النوع المشار إليه أعلاه والتي لم يقع محوها بسبب رد الاعتبار ولم تأمر المحكمة في شأنها بإيقاف التنفيذ، ما لم تصدر في هذه الحالة الأخيرة عقوبة جديدة تقضي بحرمان الشخص المعني بالأمر من الاستفادة من هذا التدبير.

## المادة 668

لا يمكن أن يطلب البطاقة رقم 3 إلا الشخص المعني بها وبعد إدلائه بما يثبت هويته، ولا يمكن تسليمها لغيره إلا بناء على توكيل رسمي خاص.

إذا تعلق الأمر بشخص معنوي، فإن الطلب يقدم إلى القاضي المكلف بالسجل العدلي المركزي من طرف الممثل القانوني للشخص المعنوي الذي عليه أن يدلي بما يثبت صفته هذه.

إذا كان الشخص مقيما أو مستقرا بالخارج، فإن البطاقة رقم 3 تطلب وتوجه إليه بواسطة السلطات الدبلوماسية والقنصلية عند الاقتضاء.

## المادة 669

يتحقق مركز السجل العدلي من هوية الشخص ويحرر البطاقة رقم 3 وفقاً لما نص عليه في المادة 666 أعلاه. غير أنه يكتفى بوضع سطر منحرف على البطاقة إذا كانت البيانات التي تتضمنها البطاقة رقم 1 لا يجوز إدراجها بالبطاقة رقم 3.

## المادة 670

يوقع البطائق رقم 2 والبطائق رقم 3 كاتب الضبط الذي تولى تحريرها، ويؤشر عليها وكيل الملك أو القاضي المكلف بمركز السجل العدلي الوطني ويضع عليها طابعه.

# الباب الرابع: تعديل السجل العدلي

## المادة 671

يمكن أن تجري المطالبة بتصحيح بيان مضمن في السجل العدلي، إما من الشخص الذي يوجد في بطاقته رقم 1 البيان المطلوب تصحيحه وإما تلقائيا من النيابة العامة.

## المادة 672

يقدم الطلب في شكل مقال إلى رئيس المحكمة التي أصدرت المقرر.

يطلع رئيس المحكمة النيابة العامة على المقال ويكلف، عند الاقتضاء، قاضيا بتقديم تقرير في الموضوع.

يمكن للهيئة المعروض عليها المقال أن تقوم أو تأمر بالقيام بجميع إجراءات التحقيق التي تراها ضرورية، بما في ذلك الأمر بإحضار الشخص الذي أشار مقدم المقال إلى أن العقوبة صدرت في حقه.

تجري المناقشات ثم يصدر المقرر في غرفة المشورة.

## المادة 673

إذا رفض الطلب، حكم على الطالب بأداء المصاريف.

إذا قبل الطلب أمرت الهيئة بأن يثبت مقررها في طرة وثيقة المقرر المشار إليه في طلب التصحيح، ويوجه ملخص هذا المقرر إلى مركز السجل العدلي بقصد تعديل البطاقة رقم1، مع مراعاة البند رقم 3 من المادة 663 أعلاه.

يتحمل المصاريف الشخص الذي كان سببا في الاتهام الخاطئ وذلك إذا استدعي إلى الجلسة، فإن لم يستدع أو كان معسرا تحملت الخزينة المصاريف.

## المادة 674

تطبق الإجراءات المنصوص عليها في المادة 672 في حالة حدوث نزاع بشأن رد الاعتبار بحكم القانون، أو إذا طرأت صعوبات حول تفسير عفو شامل.

# الباب الخامس: التبادل الدولي للبطائق رقم 1

## المادة 675

يحرر نظير من البطاقة رقم 1 بشأن كل عقوبة سالبة للحرية أو بالغرامة تصدر من أجل جناية أو جنحة ضد أجنبي ينتمي لأحد الأقطار المبرم معها التبادل الدولي.

يوجه هذا النظير إلى وزير العدل قصد إرساله بالطريقة الديبلوماسية، ما لم تنص الاتفاقيات على طريقة أخرى.

## المادة 676

يوجه وزير العدل إلى مركز السجل العدلي الوطني أو المركز المحلي المختص ما يتوصل به من السلطات الأجنبية من المعلومات عن أحكام بالإدانة.

تقوم هذه المعلومات مقام البطاقة رقم 1، وتحفظ في السجل العدلي إما بأصلها وإما بتضمين محتوياتها في إحدى المطبوعات القانونية الشكل.

## المادة 677

يجب أن يضمن في البطائق رقم 2 المخصصة للقضاة والسلطات العسكرية بيان الأحكام الصادرة بالإدانة الموجهة في شأنها الإشعارات المنصوص عليها في المادة السابقة.

لا يشار إلى هذه الإشعارات في البطائق الحاملة رقم 3.

# الباب السادس: أحكام خاصة ببطائق الأشخاص المعنوية

## المادة 678

تهدف مجموعة بطائق الأشخاص المعنوية إلى جمع المعلومات المنصوص عليها في المادة 681 بعده، المتعلقة بالعقوبات أو التدابير الصادرة سواء في حق الأشخاص المعنوية أو في حق الأشخاص الذاتيين الذين يسيرونها.

## المادة 679

يتعين وضع بطاقة رقم 1 لما يأتي:

1- لكل حكم بعقوبة جبائية ضد شخص معنوي صادرة عن محكمة زجرية أو إدارية؛

2- لكل حكم بعقوبة زجرية يصدر على شخص معنوي؛

3- لكل تدبير من التدابير وكل إغلاق ولو كان جزئيا أو مؤقتا وكل تدبير يقضي بالمنع من حق أو بسقوطه أو انعدام أهلية أو أي تدبير يحد من أحد الحقوق، وكل مصادرة تطال شخصا معنويا ولو كانت نتيجة لعقوبة حكم بها على شخص ذاتي مسير له؛

4- للأحكام بالتصفية القضائية وسقوط الأهلية التجارية.

5- للأحكام الصادرة بمعاقبة مسيري الأشخاص المعنوية، ولو بصفة شخصية في قضايا مخالفات التشريع الجبائي والجمركي والاقتصادي أو من أجل مخالفة قانون الصرف والأحكام الصادرة بسبب ارتكابهم لجنايات أو جنح السرقة أو النصب أو خيانة الأمانة أو الشيك بدون مؤونة أو التزوير أو استعماله، أو اختلاس الأموال العامة أو الغش وبصفة عامة كل جريمة تتعلق بالأموال.

يشار في السجل العدلي للأشخاص المعنوية ومسيريها إلى التغييرات اللاحقة المنصوص عليها في المادة 661 أعلاه.

تسري في حقها مقتضيات المادة 663 أعلاه.

## المادة 680

إذا صدرت عقوبة على شخص معنوي أو على شخص ذاتي بصفته مسيراً لشخص معنوي، وضعت إذ ذاك:

1- بطاقة رقم 1 خاصة بالشخص المعنوي؛

2- بطاقة رقم 1 خاصة لكل واحد من المسيرين لشؤون الشخص المعنوي المزاولين لمهامهم في يوم ارتكاب الجريمة.

غير أنه لا يشار إلى العقوبات والتدابير الصادرة في حق الشخص المعنوي في البطاقة رقم 3 الخاصة بمسيريه.

## المادة 681

إذا صدرت عقوبة بصفة شخصية على أحد مسيري شخص معنوي من أجل الجرائم المنصوص عليها في البند الخامس من المادة 679 أعلاه فتوضع:

1- بطاقة رقم1 خاصة في اسم هذا المسير؛

2- بطاقة رقم1 خاصة في اسم الشخص المعنوي.

غير أنه لا يشار إلى العقوبات والتدابير الصادرة في حق مسير الشخص المعنوي في البطاقة رقم 3 الخاصة بهذا الشخص المعنوي.

## المادة 682

يتعين على كل هيئة قضائية أو كل سلطة أصدرت إحدى العقوبات أو التدابير المقررة في المادة 679 أعلاه، أن تشعر بها خلال أجل 15 يوماً مركز السجل العدلي الوطني بوزارة العدل.

## المادة 683

يجب أن يبين في كل بطاقة تتعلق بشخص معنوي، اسم الشخص المعنوي ومقره الاجتماعي ونوعه القانوني وتاريخ ارتكاب الجريمة وتاريخ العقوبة المحكوم بها أو التدابير المتخذة وكذلك نوعها وأسبابها.

يجب أن تثبت فيها بأحرف بارزة أسماء مسيري الشخص المعنوي، في يوم ارتكاب الجريمة أو ارتكاب الأفعال المؤدية إلى اتخاذ التدبير.

## المادة 684

يتعين أن يبين في كل بطاقة رقم 1 تتعلق بشخص ذاتي يسير شخصا معنويا، هوية هذا الشخص وتاريخ ارتكاب الجريمة وتاريخ العقوبة المحكوم بها أو التدبير المتخذ وكذلك نوعهما وأسبابهما.

يجب أن يثبت فيها بأحرف بارزة اسم الشخص المعنوي الذي يعتبر الشخص الذاتي من بين مسيريه والمهمة المنوطة به داخل هذا الشخص المعنوي.

## المادة 685

تحفظ البطائق الخاصة بالأشخاص المعنوية من جهة والبطائق المتعلقة بمسيريها من جهة أخرى، حسب الصنف المنتمية إليه وفقاً للترتيب الأبجدي. وإذا تعددت البطائق الخاصة بشخص معنوي أو بشخص ذاتي مسير لشخص معنوي، وجب ترتيبها حسب الأقدمية.

## المادة 686

يمكن أن تسلم البطاقة رقم 2 المتعلقة بشخص معنوي أو بمسير شخص معنوي لمن يأتي ذكرهم:

- قضاة النيابة العامة وقضاة التحقيق والمدير العام للأمن الوطني والقيادة العليا للدرك الملكي ورؤساء مختلف المحاكم والهيئات القضائية والإدارات العمومية، خاصة منها المكلفة بالإشراف على المهن المختلفة؛

- رؤساء المحاكم التجارية والقضاة المكلفين بالسجل التجاري عند تقديم طلبات الإدراج في السجل؛

- مجلس القيم المنقولة فيما يخص الأشخاص المعنوية الخاضعة لمراقبته.

يمكن أن تسلم البطاقة لسائر الإدارات العمومية للدولة والجماعات المحلية، التي تتلقى عروضا تتعلق بالتزامات أو سمسرة أشغال أو سمسرة صفقات عمومية.

تسلم البطائق رقم 3 طبقا لمقتضيات المادة 668 أعلاه.

# القسم الثالث: رد الاعتبار

# الباب الأول: أحكام عامة

## المادة 687

يحق لكل شخص صدر عليه حكم من إحدى المحاكم الزجرية بالمملكة من أجل جناية أو جنحة، الحصول على رد الاعتبار.

يمحو رد الاعتبار بالنسبة للمستقبل، الآثار الناتجة عن العقوبة وحالات فقدان الأهلية المترتبة عنها.

يرد الاعتبار إما بقوة القانون أو بقرار تصدره الغرفة الجنحية بمحكمة الاستئناف.

# الباب الثاني: رد الاعتبار بحكم القانون

## المادة 688

يكتسب المحكوم عليه رد الاعتبار بقوة القانون ما لم يصدر ضده داخل الآجال المحددة فيما بعد أي حكم جديد بعقوبة سالبة للحرية من أجل جناية أو جنحة.

1- فيما يخص العقوبات بالغرامة، بعد انتهاء أجل سنة واحدة تحسب من يوم أدائها أو من يوم انتهاء الإكراه البدني أو انصرام أمد التقادم؛

2- فيما يخص العقوبة الوحيدة الصادرة بالحبس لمدة لا تتجاوز ستة أشهر بعد انتهاء أجل خمس سنوات إما من يوم انتهاء العقوبة المنفذة على المحكوم عليه وإما من يوم انصرام أجل التقادم؛

3- فيما يخص العقوبة الوحيدة بالحبس لمدة لا تتجاوز سنتين أو فيما يخص عدة عقوبات لا يتجاوز مجموعها سنة واحدة، بعد انتهاء أجل عشر سنوات تبتدئ حسبما هو منصوص عليه في الفقرة الثانية أعلاه؛

4- فيما يخص العقوبة الوحيدة بالحبس لمدة تتجاوز سنتين من أجل جنحة أو فيما يخص عقوبات متعددة يتجاوز مجموعها سنة واحدة من أجل جنح، بعد انصرام أجل خمس عشرة سنة تحسب بنفس الطريقة؛

5- فيما يخص العقوبة الجنائية الوحيدة أو العقوبات الجنائية المتعددة، بعد انصرام أجل عشرين سنة ابتداء من يوم انقضاء آخر عقوبة أو انصرام أمد تقادمها.

في حالة الحكم بعقوبة مزدوجة بالغرامة والعقوبة السالبة للحرية، يحتسب الأجل الساري في العقوبة السالبة للحرية من أجل رد الاعتبار.

إذا تم إدماج عقوبات بمقتضى حكم اعتبرت – لتطبيق المقتضيات الواردة بهذه المادة – بمثابة عقوبة واحدة.

يعادل الإسقاط الكلي أو الجزئي للعقوبة بطريق العفو، تنفيذ هذه العقوبة كليا أو جزئياً.

## المادة 689

يرد الاعتبار كذلك بقوة القانون لكل محكوم عليه بعقوبة حبس أو غرامة مع إيقاف التنفيذ، وذلك بعد انتهاء فترة اختبار مدتها خمس سنوات ما لم يقع إلغاء إيقاف التنفيذ، تحسب من التاريخ الذي أصبحت فيه العقوبة مكتسبة لقوة الشيء المقضي به.

في حالة ازدواجية العقوبة بالغرامة النافذة والعقوبة السالبة للحرية الموقوفة التنفيذ، يحتسب الأجل الساري على الحبس الموقوف لرد الاعتبار.

# الباب الثالث: رد الاعتبار القضائي

## المادة 690

يجب أن يكون طلب رد الاعتبار شاملا لمجموع المقررات القاضية بعقوبات نافذة لم يسبق محوها، لا عن طريق رد اعتبار سابق ولا عن طريق العفو الشامل.

## المادة 691

لا يمكن أن يطلب رد الاعتبار من القضاء، إلا المحكوم عليه أو ممثله القانوني إذا كان محجوراً عليه أو شخصاً معنوياً.

في حالة وفاة المحكوم عليه، يمكن لزوجه أو أصوله أو فروعه تتبع الطلب الذي سبق أن تقدم به المتوفى ويمكنهم أن يتقدموا بالطلب مباشرة داخل أجل ثلاث سنوات من تاريخ الوفاة، ويمدد هذا الأجل لغاية نهاية السنة الموالية للأجل المعتمد عليه لحساب المدة المشار إليها في المادة 693 من هذا القانون، إذا طرأت الوفاة قبل مرور المدة القانونية اللازمة لطلب رد الاعتبار.

## المادة 692

لا يمكن طلب رد الاعتبار قبل انصرام أجل ثلاث سنوات.

غير أن هذا الأجل يخفض إلى سنتين إذا كانت العقوبة صادرة من أجل جنحة غير عمدية، وإلى سنة واحدة إذا كانت العقوبة غرامة فقط.

يرفع هذا الأجل إلى خمس سنوات في حق المحكوم عليه بعقوبة جنائية.

يبتدئ سريان الأجل، من يوم الإفراج بالنسبة للمحكوم عليه بعقوبة سالبة للحرية ومن يوم الأداء في حق المحكوم عليه بغرامة.

وفي حالة الحكم بعقوبة مزدوجة بالغرامة والعقوبة السالبة للحرية، يحتسب الأجل الساري في العقوبة السالبة للحرية فقط.

## المادة 693

لا يقبل من المحكوم عليه الذي يوجد في حالة العود إلى الجريمة ولا من المحكوم عليه الذي صدر في حقه حكم بعقوبة جديدة سالبة للحرية بعد رد الاعتبار إليه، تقديم طلب رد الاعتبار إلا بعد مرور أجل خمس سنوات من يوم الإفراج عنه .

غير أنه إذا كانت العقوبة الجديدة عقوبة جنائية، رفعت فترة الاختبار إلى عشر سنوات.

لا يمكن للمحكوم عليه الذي سقطت عقوبته بالتقادم باستثناء الحالة المنصوص عليها في المادة 695 بعده، أن يحصل على رد الاعتبار القضائي.

## المادة 694

يجب على المحكوم عليه باستثناء الحالة المنصوص عليها في المادة 695 بعده، أن يثبت أداء المصاريف القضائية والغرامة والتعويض أو يثبت إعفاءه من أدائها.

إذا لم يثبت ذلك، فعليه أن يثبت أنه قضى مدة الإكراه البدني أو أن الطرف المتضرر تخلى عن هذه الوسيلة أو أنه استفاد من مقتضيات المادة 648 أعلاه.

إذا كان الحكم صادراً من أجل تفالس بالتدليس، فيجب على المحكوم عليه أن يثبت أداء الديون المترتبة عن التفلسة بما فيها من رأسمال وفوائد ومصاريف أو يثبت إعفاءه من أدائها.

غير أنه إذا أثبت المحكوم عليه أنه عاجز عن أداء المصاريف القضائية، جاز أن يرد له الاعتبار ولو في حالة عدم أداء هذه المصاريف أو أداء جزء منها.

تحدد المحكمة في حالة الحكم بالتضامن، نسبة المصاريف القضائية والتعويض أو الدين التي يتعين أداؤها من طرف الشخص الذي طلب رد الاعتبار.

إذا تعذر العثور على الطرف المتضرر أو إذا امتنع من حيازة المبلغ المستحق، دفع هذا المبلغ لصندوق الإيداع والتدبير.

## المادة 695

لا يخضع رد الاعتبار لأي شرط يتعلق بالأجل أو بتنفيذ العقوبة إذا أدى المحكوم عليه بعد ارتكابه الجريمة خدمات جليلة للبلاد مخاطراً بحياته.

## المادة 696

يقدم المحكوم عليه طلبا برد الاعتبار لوكيل الملك بمحل إقامته الحالي أو بآخر موطن له بالمغرب، إذا كان يقيم بالخارج ويبين بدقة في هذا الطلب:

1. تاريخ المقرر الصادر في حقه والمحكمة التي صدر عنها؛

2. الأماكن التي أقام بها المحكوم عليه منذ الإفراج عنه.

## المادة 697

يطلب وكيل الملك شهادات من ولاة أو عمال الأقاليم أو العمالات أو المفوضين من قبلهم بالأماكن التي أقام بها المحكوم عليه، ويتعين أن تحتوي على البيانات الآتية:

1. مدة إقامة المحكوم عليه بكل مكان؛

2. سيرته أثناء هذه الإقامة؛

3. وسائل معيشته خلال نفس المدة.

علاوة على ذلك، يمكن لوكيل الملك أن يأمر بإجراء بحث تقوم به مصالح الدرك أو الشرطة بالأماكن التي أقام بها المحكوم عليه.

## المادة 698

يسعى وكيل الملك للحصول على:

1. نسخة من الأحكام أو القرارات الصادرة بالعقوبة؛

2. ملخص سجل الاعتقال في المؤسسات السجنية التي قضى بها المحكوم عليه مدة عقوبته، ورأي المدير أو رئيس المؤسسة السجنية حول سلوك المحكوم عليه خلال مدة الاعتقال؛

3. البطاقة رقم 2 من السجل العدلي.

## المادة 699

يوجه وكيل الملك هذه الوثائق مقرونة برأيه إلى الوكيل العام للملك الذي يحيلها إلى الغرفة الجنحية بمحكمة الاستئناف.

يمكن لطالب رد الاعتبار، أن يعرض مباشرة على هذه الغرفة سائر الوثائق التي يراها مفيدة.

## المادة 700

تبت الغرفة داخل شهرين بناء على مستنتجات الوكيل العام للملك وبعد الاستماع إلى الطرف الذي يعنيه الأمر أو إلى محاميه أو بعد استدعائهما بصفة قانونية.

## المادة 701

في حالة رفض طلب رد الاعتبار، لا يمكن تقديم طلب جديد ولو في الحالة المنصوص عليها في المادة 695 إلا بعد انصرام أجل سنتين تحسب من تاريخ هذا الرفض، ما لم يكن الرفض بسبب عدم استيفاء الآجال المنصوص عليها في المادة 692 أعلاه.

## المادة 702

تقع الإشارة إلى القرار الصادر برد الاعتبار بطرة المقررات الصادرة بالعقوبة وفي السجل العدلي.

لا يمكن في هذه الحالة أن يشار إلى العقوبة بالبطاقة رقم 3 من السجل العدلي، ولا يشار إليها إلا في البطاقة رقم 2 المسلمة للقضاة من أجل تطبيق مقتضيات المادة 693 أعلاه.

يمكن لمن رد له الاعتبار أن يحصل على نسخة من القرار الصادر برد الاعتبار وملخص من السجل العدلي دون مصاريف.

## المادة 703

تختص محكمة النقض وحدها بالبت في طلب رد الاعتبار في القضايا المحالة إليها تطبيقا للمادة 265 والفقرة الثالثة من المادة 268 أعلاه التي أصدرت فيها حكما بالإدانة.

يجري التحقيق حينئذ في الطلب، ويسهر على ذلك الوكيل العام للملك لدى محكمة النقض.

# الكتاب السابع: الاختصاص المتعلق ببعض الجرائم المرتكبة خارج المملكة والعلاقات مع السلطات القضائية الأجنبية

## القسم الأول: أحكام عامة

### المادة 704

تختص محاكم المملكة المغربية بالنظر في كل جريمة ترتكب في الأراضي المغربية أيا كانت جنسية مرتكبيها.

كل جريمة يتم داخل المغرب ارتكاب أحد الأفعال التي تشكل عنصرا من عناصر تكوينها، تعتبر كما لو ارتكبت في أراضي المملكة.

يمتد اختصاص المحاكم المغربية فيما يرجع إلى البت في الفعل الرئيسي إلى سائر أفعال المشاركة أو الإخفاء، ولو في حالة ارتكابها خارج المملكة ومن طرف أجانب.

### المادة 705

تختص محاكم المملكة بالنظر في الجنايات أو الجنح المرتكبة في أعالي البحار على متن سفن تحمل العلم المغربي، وذلك أيا كانت جنسية مرتكبي هذه الجرائم.

تختص المحاكم المغربية أيضا بالنظر في الجنايات أو الجنح المرتكبة داخل ميناء بحري مغربي على متن سفينة تجارية أجنبية.

يرجع الاختصاص إلى المحكمة الكائن بدائرتها أول ميناء مغربي ترسو به السفينة، أو المحكمة التي وقع بدائرتها إلقاء القبض على الفاعل إذا ألقي عليه القبض فيما بعد بالمغرب.

### المادة 706

تختص محاكم المملكة بالنظر في الجنايات أو الجنح المرتكبة على متن طائرات مغربية، أيا كانت جنسية مرتكب الجريمة.

تختص أيضا بالنظر في الجنايات أو الجنح المرتكبة على متن طائرات أجنبية، إذا كان مرتكب الجريمة أو المجني عليه من جنسية مغربية أو إذا حطت الطائرة بالمغرب بعد ارتكاب الجناية أو الجنحة.

يكون الاختصاص لمحاكم المكان الذي حطت فيه الطائرة في حالة إلقاء القبض على الفاعل أثناء توقف الطائرة، ويكون الاختصاص لمحكمة مكان إلقاء القبض على الفاعل إذا ألقي عليه القبض فيما بعد بالمغرب.

# القسم الثاني: الاختصاص المتعلق ببعض الجرائم المرتكبة خارج المملكة

## المادة 707

كل فعل له وصف جناية في نظر القانون المغربي ارتكب خارج المملكة المغربية من طرف مغربي، يمكن المتابعة من أجله والحكم فيه بالمغرب.

غير أنه لا يمكن أن يتابع المتهم ويحاكم إلا إذا عاد إلى الأراضي المغربية، ولم يثبت أنه صدر في حقه في الخارج حكم اكتسب قوة الشيء المقضي به و أنه في حالة الحكم بإدانته، قضى العقوبة المحكوم بها عليه أو تقادمت أو حصل على عفو بشأنها.

## المادة 708

كل فعل له وصف جنحة في نظر القانون المغربي ارتكب خارج المملكة المغربية من طرف مغربي، يمكن المتابعة من أجله والحكم فيه بالمغرب.

لا يمكن أن يتابع المتهم أو يحاكم، إلا مع مراعاة الحالات المنصوص عليها في الفقرة الثانية من المادة 707.

علاوة على ذلك، فإنه في حالة ارتكاب جنحة ضد شخص، لا يمكن إجراء المتابعة إلا بطلب من النيابة العامة بعد توصلها بشكاية من الطرف المتضرر أو بناء على إبلاغ صادر من سلطات البلد الذي ارتكبت فيه الجنحة.

## المادة 709

يمكن أن تجري المتابعة أو يصدر الحكم في الحالات المنصوص عليها في المادتين 707 و 708 أعلاه وفي الفقرة الثانية من المادة 711 بعده ولو لم يكتسب المتهم الجنسية المغربية إلا بعد ارتكابه الجناية أو الجنحة.

## المادة 710

كل أجنبي يرتكب خارج أراضي المملكة جناية يعاقب عليها القانون المغربي إما بصفته فاعلا أصليا أو مساهما أو مشاركا يمكن متابعته والحكم عليه حسب مقتضيات القانون المغربي، إذا كان ضحية هذه الجناية من جنسية مغربية.

غير أنه لا يمكن أن يتابع المتهم أو يحاكم إذا أثبت أنه حكم عليه في الخارج من أجل هذا الفعل بحكم مكتسب قوة الشيء المقضي به، وفي حالة الحكم بإدانته، يتعين عليه أن يثبت أنه قضى العقوبة المحكوم بها أو تقادمت.

## المادة 711

يحاكم حسب مقتضيات القانون المغربي كل أجنبي يرتكب خارج أراضي المملكة بصفته فاعلا أصليا أو مساهما أو مشاركا، جناية أو جنحة ضد أمن الدولة، أو تزييفا لخاتم

المملكة المغربية                     وزارة العدل والحريات                     مديرية التشريع

الدولة أو تزييفاً أو تزويراً لنقود أو لأوراق بنكية وطنية متداولة بالمغرب بصفة قانونية، أو جناية ضد أعوان أو مقار البعثات الدبلوماسية أو القنصلية أو المكاتب العمومية المغربية.

إذا ارتكب مغربي خارج أراضي المملكة بصفته فاعلا أصليا أو مساهما أو مشاركا جريمة من الجرائم المشار إليها أعلاه، يعاقب على هذه الجريمة كما لو ارتكبت داخل المغرب.

كل شخص شارك أو ساهم خارج المغرب في ارتكاب إحدى الجرائم المنصوص عليها في الفقرة الأولى يتابع بصفته مشاركا عملا بالفقرة المذكورة.

غير أنه لا يمكن أن تجري المتابعة أو يصدر الحكم إذا أثبت المتهم أنه حكم عليه بالخارج من أجل نفس الفعل بحكم مكتسب لقوة الشيء المقضي به، و أدلى في حالة إدانته بما يثبت أنه قضى العقوبة المحكوم بها أو تقادمت.

## المادة 1-711 [87]

بالرغم من أي مقتضى قانوني مخالف، يتابع ويحاكم أمام المحاكم المغربية المختصة كل مغربي أو أجنبي ارتكب خارج المملكة بصفته فاعلا أصليا أو مساهما أو مشاركا، جريمة إرهابية سواء كانت تستهدف أو لا تستهدف الإضرار بالمملكة المغربية أو بمصالحها.

غير أنه إذا كانت الأفعال الإرهابية لا تستهدف الإضرار بالمملكة المغربية أو بمصالحها وارتكبت خارج المملكة من قبل أجنبي بصفته فاعلا أصليا أو مساهما أو مشاركا، فإنه لا يمكن متابعته أو محاكمته إلا إذا وجد فوق التراب الوطني.

لا يمكن أن تجري المتابعة أو يصدر الحكم إذا أثبت المتهم أنه حكم عليه بالخارج من أجل نفس الفعل بحكم حائز لقوة الشيء المقضي به، وأدلى في حالة إدانته بما يثبت أنه قضى العقوبة المحكوم بها عليه أو أنها تقادمت.

## المادة 712

في الحالات المشار إليها في هذا الباب، تكون المحكمة المختصة، مع مراعاة مقتضيات المادتين 705 و706، هي محكمة المكان الذي يقيم فيه المشتبه فيه أو محكمة آخر محل معروف لإقامته بالمغرب أو المحل الذي ضبط فيه أو محل إقامة ضحية الجريمة.

---

[87] - تم تتميم أحكام القسم الثاني من الكتاب السابع، بالمادة 1-711 أعلاه، بمقتضى المادة الخامسة من القانون رقم 86.14 القاضي بتغيير وتتميم بعض أحكام مجموعة القانون الجنائي وقانون المسطرة الجنائية المتعلقة بمكافحة الإرهاب، الصادر بتنفيذه الظهير الشريف رقم 1.15.53 بتاريخ فاتح شعبان 1436 (20 ماي 2015)؛ الجريدة الرسمية عدد 6365 بتاريخ 13 شعبان 1436 (فاتح يونيو 2015)، ص 5490.

# القسم الثالث: العلاقات القضائية مع السلطات الأجنبية

## الباب الأول: أحكام عامة

### المادة 713

تكون الأولوية للاتفاقيات الدولية على القوانين الوطنية فيما يخص التعاون القضائي مع الدول الأجنبية.

لا تطبق مقتضيات هذا الباب، إلا في حالة عدم وجود اتفاقيات أو في حالة خلو تلك الاتفاقيات من الأحكام الواردة به.

## الباب الثاني: الإنابات القضائية

### المادة 714

يمكن للقضاة المغاربة أن يصدروا إنابات قضائية قصد تنفيذها خارج أراضي المملكة.

توجه هذه الإنابات إلى وزير العدل قصد تبليغها بالطرق الدبلوماسية، ما لم توجد اتفاقيات تقضي بخلاف ذلك أو في حالة الاستعجال حيث يمكن توجيهها مباشرة للجهة المختصة بتنفيذها، وفي هذه الحالة، يتعين توجيه نسخة من الإنابة والوثائق - في نفس الوقت- إلى وزير العدل لتبليغها بالطرق الدبلوماسية.

### المادة 715

تنفذ الإنابات القضائية الدولية الواردة من الخارج بنفس الطريقة التي تنفذ بها الإنابات الصادرة داخل أراضي المملكة وطبقاً للتشريع المغربي.

يمكن لوزير العدل أن يأذن لممثلي السلطة الأجنبية بحضور تنفيذ الإنابات القضائية كملاحظين.

غير أن الإنابة القضائية لا تنفذ إذا لم تكن من اختصاص السلطات القضائية المغربية، أو إذا كان تنفيذها من شأنه المساس بسيادة المملكة المغربية أو أمنها أو نظامها العام أو مصالحها الأخرى الأساسية.

توجه الإنابات القضائية الواردة من الخارج بالطرق الدبلوماسية ويمكن – في حالة الاستعجال – أن توجه مباشرة إلى القضاة المختصين.

غير أنه في حالة توجيهها بصفة مباشرة، يتعين أن لا تعلم السلطة الأجنبية الطالبة بنتيجتها إلا بعد التوصل بالنسخة المرفوعة بالوسائل الدبلوماسية.

يتم إرجاع الإنابات القضائية إلى الجهات الطالبة بالطريق الديبلوماسي.

## الباب الثالث: الاعتراف ببعض الأحكام الزجرية الأجنبية

### المادة 716

إذا تبين لمحكمة زجرية من محاكم المملكة المغربية أثناء إجراء متابعة من أجل جناية أو جنحة عادية، بعد اطلاعها على السجل العدلي لمرتكب الجريمة، أنه سبق الحكم عليه من طرف محكمة أجنبية من أجل جناية أو جنحة عادية يعاقب عليها كذلك القانون المغربي، أمكن لها أن تضمن في حكمها مقتضيات خاصة معللة تفيد تحققها من صحة الحكم الزجري الأجنبي وأن تأخذ بهذا الحكم كعنصر من عناصر العود إلى الجريمة.

### المادة 717

لا يمكن أن تنفذ بالمغرب المقتضيات المدنية الواردة في مقرر صادر عن محكمة زجرية أجنبية، ما لم تعط لها الصيغة التنفيذية بمقتضى مقرر تصدره محكمة مدنية مغربية تطبيقاً لمقتضيات قانون المسطرة المدنية.

## الباب الرابع: تسليم المجرمين

### المادة 718

تخول مسطرة تسليم المجرمين لدولة أجنبية، الحصول من الدولة المغربية على تسليم متهم أو محكوم عليه غير مغربي يوجد في أراضي المملكة ويكون موضوع متابعة جارية باسم الدولة الطالبة أو محكوم عليه بعقوبة صادرة من إحدى محاكمها العادية.

غير أن التسليم لا يقبل إلا إذا كانت الجريمة التي يستند إليها الطلب قد ارتكبت:

ـ إما بأرض الدولة الطالبة من طرف أحد مواطنيها أو من شخص أجنبي؛

ـ وإما خارج أراضيها من أحد مواطنيها؛

ـ وإما خارج أراضيها من أجنبي غير مغربي، إذا كانت الجريمة المنسوبة إليه تدخل في عداد الجرائم التي يجيز التشريع المغربي إجراء متابعة في شأنها بالمغرب ولو ارتكبها أجنبي بالخارج.

### المادة 719

لا يمكن أن يسلم لدولة أجنبية أي شخص إذا لم يكن متابعا أو محكوما عليه بعقوبة من أجل أفعال ينص عليها هذا القانون.

### المادة 720

يمكن الاعتداد بالأفعال الآتية سواء للمطالبة بالتسليم أو الموافقة عليه:

1- جميع الأفعال التي يعاقب عليها قانون الدولة الطالبة بعقوبات جنائية؛

2- الأفعال التي يعاقب عليها قانون الدولة الطالبة بعقوبات جنحية سالبة للحرية، إذا كان الحد الأقصى للعقوبة المقررة بمقتضى ذلك القانون لا يقل عن سنة واحدة أو إذا تعلق الأمر بشخص محكوم عليه، عندما تكون مدة العقوبة المحكوم بها عليه من إحدى محاكم الدولة الطالبة تعادل أو تفوق أربعة أشهر؛

لا يوافق بأي حال من الأحوال على التسليم إذا لم يكن الفعل معاقبا عليه حسب القانون المغربي بعقوبة جنائية أو جنحية.

تطبق القواعد السابقة على الأفعال المكونة لمحاولة الجريمة أو المشاركة فيها، بشرط أن يكون معاقبا عليها حسب قانون الدولة الطالبة وحسب القانون المغربي.

إذا استند طلب التسليم إلى عدة أفعال متميزة يعاقب على كل واحد منها حسب قانون الدولة الطالبة والقانون المغربي بعقوبة سالبة للحرية وكان بعض هذه الأفعال يعاقب عليها بعقوبة تقل عن سنة حبسا، فإن التسليم يقبل بالنسبة لمجموع هذه الجرائم إذا كانت العقوبة القصوى المقررة لها جميعاً حسب قانون الدولة الطالبة تبلغ على الأقل سنتين حبساً.

إذا كان الشخص المطلوب تسليمه قد سبق الحكم عليه في بلد ما من أجل ارتكابه جريمة عادية بعقوبة نهائية تعادل مدتها أو تفوق أربعة أشهر حبسا، فإن التسليم يقبل وفق القواعد السابقة أي بالنسبة للجنايات والجنح فقط، ولا يعتد في هذا الصدد بمدة العقوبة المقررة أو المحكوم بها من أجل الجريمة الجديدة.

تطبق المقتضيات السابقة على الجرائم التي يرتكبها عسكريون أو بحارة أو من في حكمهم، إذا كانت الجريمة المطلوب من أجلها التسليم لا تعد إخلالا بواجب عسكري وكان القانون المغربي يعاقب عليها كجريمة عادية، وذلك مع مراعاة المقتضيات المعمول بها في تسليم البحارة الموجودين في حالة فرار.

## المادة 721

لا يوافق على التسليم:

1- إذا كان الشخص المطلوب مواطنا مغربيا، ويعتد بهذه الصفة في وقت ارتكاب الجريمة المطلوب من أجلها التسليم؛

2- إذا كانت الجريمة المطلوب من أجلها التسليم تعتبر جريمة سياسية أو مرتبطة بجريمة سياسية؛

تطبق هذه القاعدة الخاصة أيضاً إذا اعتقدت السلطات المغربية، لأسباب جدية، أن طلب التسليم المستند إلى جريمة من الجرائم العادية لم يقدم إليها إلا بقصد متابعة أو معاقبة شخص من أجل اعتبارات عنصرية أو دينية أو تتعلق بالجنسية أو بآراء سياسية، أو أن وضعية هذا الشخص قد تتعرض من جراء إحدى هذه الاعتبارات لخطر التشديد عليه.

غير أن الاعتداء على حياة رئيس الدولة أو فرد من أفراد عائلته أو عضو من أعضاء الحكومة، لا يعتبر ضمن الحالات التي تسري عليها القيود المشار إليها في الفقرتين السابقتين.

لا تعتبر أيضا ضمن هذه الحالات الأعمال التي ترتكب أثناء تمرد أو شغب يمس بالأمن العام إذا اتسمت هذه الأعمال بوحشية شنيعة، وكذا أعمال التخريب والإبادة الجماعية الممنوعة بمقتضى الاتفاقيات الدولية؛

3- إذا ارتكبت الجنايات أو الجنح بأراضي المملكة المغربية؛

4- إذا كانت الجنايات أو الجنح ولو أنها ارتكبت خارج أراضي المملكة قد تمت المتابعة من أجلها بالمغرب ووقع الحكم فيها نهائيا؛

5- إذا كانت الدعوى العمومية أو العقوبة قد سقطت بالتقادم قبل تاريخ طلب التسليم حسب التشريع المغربي أو حسب تشريع الدولة الطالبة، وبصفة عامة كلما انقضت أو سقطت الدعوى العمومية المقامة من الدولة الطالبة.

## المادة 722

لا يقبل التسليم في الجرائم المتعلقة بالضرائب على اختلاف أنواعها أو بحقوق الجمارك أو بنظام الصرف، إلا بناء على شرط صريح تتعهد الدولة الطالبة بمقتضاه ضمن طلب التسليم بأن تقبل المعاملة بالمثل في طلبات من نفس النوع.

## المادة 723

لا يقبل التسليم إلا بشرط عدم متابعة الشخص المسلم أو الحكم عليه أو اعتقاله أو إخضاعه لأي إجراء آخر مقيد لحريته الشخصية، من أجل أي فعل كيفما كان سابق لتاريخ التسليم، غير الفعل الذي سلم من أجله.

إذا وقع أثناء المسطرة الجارية من الدولة الطالبة تغيير في تكييف الفعل الجرمي، فإن الشخص المسلم لا تجري متابعته أو يصدر عليه الحكم إلا إذا كانت العناصر المكونة للجريمة بوصفها الجديد تسمح بالتسليم.

## المادة 724

إذا قدمت عدة دول طلبات للتسليم تتعلق بنفس الجريمة، فإن الأولوية في التسليم تمنح للدولة التي أضرت الجريمة بمصالحها، أو للدولة التي ارتكبت الجريمة داخل حدودها.

إذا كانت الطلبات مبنية على ارتكاب جرائم مختلفة فتؤخذ بعين الاعتبار لتقرير الأولوية جميع ظروف الحال، وبالأخص خطورة الجرائم، ومحل ارتكابها، وتاريخ وصول الطلبات التي تتعهد بمقتضاها إحدى الدول الطالبة بإعادة التسليم.

وتكون الأولوية في كل الأحوال للدولة التي تربطها بالمملكة المغربية اتفاقية لتسليم المجرمين.

المملكة المغربية      وزارة العدل والحريات      مديرية التشريع

## المادة 725

إذا توبع شخص أجنبي أو صدر حكم بعقوبته بالمغرب، وكان محلاً لطلب تسليم بسبب جريمة أخرى، فإن تسليمه لا يتم إلا بعد انتهاء المتابعة أو بعد تنفيذ العقوبة والإكراه البدني عند الاقتضاء بالمغرب.

غير أن هذا المقتضى لا يحول دون إمكانية مثول الشخص الأجنبي مؤقتا أمام محاكم الدولة الطالبة، بشرط التعهد صراحة بإعادته بمجرد ما يبت القضاء الأجنبي في القضية.

## المادة 726

يقدم طلب التسليم إلى السلطات المغربية كتابة وبالطريق الديبلوماسي.

يجب أن يرفق الطلب:

1- بالأصل أو بنظير إما لحكم بعقوبة قابلة للتنفيذ، وإما لأمر بإلقاء القبض أو لكل سند إجرائي آخر قابل للتنفيذ وصادر عن سلطة قضائية وفق الكيفيات المقررة في قانون الدولة الطالبة؛

2- بملخص للأفعال التي طلب من أجلها التسليم، وكذا تاريخ ومحل ارتكابها، وتكييفها القانوني، وتضاف إليه في نفس الوقت نسخة من النصوص القانونية المطبقة على الفعل الجرمي؛

3- ببيان دقيق حسب الإمكان لأوصاف الشخص المطلوب تسليمه وبجميع المعلومات الأخرى التي من شأنها التعريف بهويته أو جنسيته؛

4- بتعهد بالالتزام بمقتضيات المادة 723 أعلاه.

## المادة 727

يوجه وزير الشؤون الخارجية طلب التسليم بعد الاطلاع على مستنداته مرفقا بالملف، إلى وزير العدل الذي يتأكد من صحة الطلب ويتخذ في شأنه ما يلزم قانونا.

## المادة 728

إذا تبين أن المعلومات المقدمة من الدولة الطالبة غير كافية لتمكين السلطات المغربية من اتخاذ قرار، فإن هذه السلطات تطلب إفادتها بالمعلومات التكميلية الضرورية. ويمكن لها أن تحدد أجلا للحصول على تلك المعلومات.

## المادة 729

يمكن لوكيل الملك لدى المحكمة الابتدائية أو لأحد نوابه، في حالة الاستعجال، وبطلب مباشر من السلطات القضائية للدولة الطالبة، أو بناء على إشعار من مصالح المنظمة الدولية للشرطة الجنائية "انتربول" أن يأمر باعتقال شخص أجنبي مؤقتا بمجرد توصله بإشعار، عن طريق البريد أو بأية وسيلة من وسائل الاتصال الأكثر سرعة التي تترك أثراً كتابياً أو مادياً على وجود إحدى الوثائق المبينة في البند رقم 1 من المادة 726 أعلاه.

04-G-230

يجب أن يرسل في نفس الوقت وبالطريق الديبلوماسي طلب رسمي إلى وزير الشؤون الخارجية.

يتعين على وكيل الملك أن يشعر فورا كلا من وزير العدل والوكيل العام للملك لدى محكمة النقض بإجراء هذا الاعتقال.

### المادة 730

يجري وكيل الملك لدى المحكمة الابتدائية أو أحد نوابه الذي قدم إليه الشخص خلال الأربع والعشرين ساعة من وقوع الاعتقال استجوابا لهذا الشخص حول هويته، ويخبره بمضمون السند الذي اعتقل بسببه، ثم يحرر محضرا بهذه العملية.

### المادة 731

ينقل الشخص المعتقل في أقرب وقت إلى المؤسسة السجنية الواقعة بمقر محكمة النقض.

### المادة 732

يوجه وكيل الملك فوراً الطلب والمستندات المدلى بها إلى الوكيل العام للملك لدى محكمة النقض الذي يحيلها إلى الغرفة الجنائية بنفس المحكمة.

تبت الغرفة الجنائية بمحكمة النقض في طلب التسليم بقرار معلل خلال خمسة أيام من إحالته إليها، بناء على تقرير أحد المستشارين وبعد إدلاء النيابة العامة بمستنتجاتها والاستماع إلى الشخص المعني الذي يمكن أن يكون مؤازرا بمحام.

ويمكن للغرفة الجنائية عند الاقتضاء أن تأمر بإجراء تحقيق تكميلي.

### المادة 733

يمكن الإفراج عن الشخص المعتقل مؤقتا بناء على طلب بالاعتقال المؤقت صادر عن دولة مجاورة، إذا لم يصل طلب رسمي مرفق بالمستندات المشار إليها في المادة 726 أعلاه خلال 30 يوماً من تاريخ هذا الاعتقال.

إذا كانت الدولة الطالبة غير مجاورة، فإن الأجل يمكن أن يمدد شهراً آخر.

يمكن الإفراج عن الشخص المطلوب بصفة صحيحة، إذا لم تصل خلال الأجل المحدد المعلومات التكميلية المطلوبة تطبيقا للمادة 728 أعلاه.

تبت محكمة النقض في شأن الإفراج بناء على طلب يقدمه الشخص المعني، ويتم البت في هذا الطلب خلال ثمانية أيام.

إذا توصلت السلطات المغربية بالمستندات المطلوبة بعد انقضاء الأجل المذكور، فإن المسطرة تعاد من جديد وتراعى فيها مقتضيات المواد 727 و730 و731 وما يليها من هذا القانون.

## المادة 734

يمكن للشخص المعني بالأمر في أية مرحلة من مراحل المسطرة، أن يطلب الإفراج عنه مؤقتاً طبقا للمقتضيات المنظمة للإفراج المؤقت.

تبت الغرفة الجنائية بمحكمة النقض في هذا الطلب ما لم تكن قد أبدت من قبل رأيها في طلب التسليم.

## المادة 735

إذا صرح الشخص المعني أثناء مثوله أمام الغرفة الجنائية بمحكمة النقض أنه يتخلى عن الاستفادة من تطبيق المسطرة المنصوص عليها في هذا الباب وقبل صراحة أن يسلم إلى سلطات الدولة الطالبة، فإن محكمة النقض تشهد عليه بذلك. وتوجه نسخة من هذا القرار إلى الوكيل العام للملك لدى محكمة النقض الذي يحيلها إلى وزير العدل.

## المادة 736

تبدي الغرفة الجنائية، في حالة العكس، رأيها في طلب التسليم.

إذا اعتبرت الغرفة الجنائية أن الشروط القانونية غير مستوفاة أو أن هناك خطأ بينا، أصدرت رأيا بعدم الموافقة.

يعتبر رأيها في هذه الحالة نهائيا، ولا يمكن بعده الموافقة على التسليم. ويفرج إثر ذلك عن الشخص الأجنبي ما لم يكن معتقلا من أجل سبب آخر.

يوجه الملف وكذا نسخة من القرار خلال ثمانية أيام من يوم النطق به إلى وزير العدل. يقع بعد ذلك إشعار السلطات الطالبة برفض التسليم.

## المادة 737

إذا أبدت محكمة النقض رأيها بالموافقة على التسليم، يوجه الملف مع نسخ من القرار، خلال ثمانية أيام إلى وزير العدل الذي يقترح عند الاقتضاء على الوزير الأول [88] إمضاء مرسوم يأذن بالتسليم.

يوجه المرسوم إلى وزير الشؤون الخارجية قصد تبليغه إلى الممثل الديبلوماسي للدولة الطالبة والى وزير الداخلية قصد تبليغه إلى الشخص المعني بالأمر ولأجل التنفيذ.

إذا لم تتخذ الدولة الطالبة خلال أجل شهر من تاريخ تبليغ المرسوم لممثلها الديبلوماسي، وفق مقتضيات الفقرة السابقة، المبادرات اللازمة لاستلام الشخص بواسطة أعوانها، أو لم تعط المبررات الكافية عن أسباب تأخرها، فإنه يفرج عن الشخص المقرر تسليمه ولا تمكن المطالبة به من أجل نفس الأفعال.

---

88 - انظر الهامش المضمن في المادة 133 أعلاه.

## المادة 738

خلافا لمقتضيات المادة 723 أعلاه، يمكن متابعة الشخص المسلم أو معاقبته من أجل جريمة سابقة على التسليم غير تلك التي استند إليها طلب التسليم، إذا منحت السلطات المغربية موافقتها على ذلك تبعا للمسطرة المنصوص عليها في المادة 739 بعده.

يمكن للسلطات المغربية منح هذه الموافقة حتى في حالة ما إذا لم تكن الجريمة التي يستند إليها الطلب من بين الجرائم المحددة في المادة 720 ما لم تكن من الجرائم المنصوص عليه في المادة721 أعلاه.

## المادة 739

يجب أن يكون الطلب المقدم بشأن تمديد مفعول التسليم بناء على المادة السابقة مرفقا بالمستندات المبررة له المنصوص عليها في المادة 726 أعلاه وكذا بمحضر يشتمل على تصريحات الشخص المسلم ويتضمن ملاحظاته أو يسجل عدم وجود أي اعتراض يتمسك به هذا الشخص بشأن طلب تمديد مفعول التسليم.

يوجه الملف إلى محكمة النقض التي تبت في الطلب بناء على المستندات المدلى بها، مراعية بالخصوص ما أبداه الشخص المعني من اعتراضات، ويمكن أن تتمم هذه البيانات بالاستماع إلى محام يختاره الشخص أو يعين له بطلب منه.

تبت المحكمة في الطلب وفق الشروط المنصوص عليها في المادتين 736 و737 من هذا القانون.

## المادة 740

يعتبر الشخص المسلم خاضعا لقانون الدولة التي سلم إليها من أجل ارتكابه أية جريمة سابقة على تاريخ تسليمه ومختلفة عن الجريمة المطلوب بسببها، إذا لم يغادر خلال الثلاثين يوما الموالية لتاريخ الإفراج النهائي عنه أرض تلك الدولة رغم أنه كان متيسراً له مغادرتها، أو إذا عاد إلى تلك الدولة بعد مغادرته لها.

## المادة 741

يكون التسليم الذي تحصل عليه السلطات المغربية باطلا إذا تم إجراؤه في غير الأحوال المنصوص عليها في هذا القانون، ما عدا إذا نصت اتفاقيات دولية نافذة المفعول على مقتضيات مخالفة.

تصرح بالبطلان، ولو تلقائيا، هيئة التحقيق أو الحكم التي أحيل هذا الشخص إليها بعد تسليمه.

تختص الهيئات المذكورة كذلك بالنظر في صحة التكييف القانوني المطبق على الوقائع المطلوب من أجلها التسليم.

إذا تم التسليم من أجل تنفيذ مقرر أصبح نهائيا، فإن محكمة النقض هي التي تصرح بهذا البطلان.

لا يقبل الطلب المرفوع بشأن البطلان من الشخص المسلم إلا إذا قدمه في ظرف ثلاثة أيام من تاريخ الإنذار الموجه إليه إثر اعتقاله من قبل وكيل الملك، ويتعين في نفس الوقت إشعار الشخص المسلم بحقه في أن يختار محاميا أو أن يطلب تعيينه له.

## المادة 742

في حالة التصريح ببطلان التسليم، يفرج عن الشخص المسلم ما لم يكن مطلوبا من الدولة التي منحت تسليمه، ولا يمكن القبض عليه من جديد سواء من أجل الأفعال التي استند إليها هذا التسليم أو من أجل أفعال سابقة إلا إذا لم يغادر الأراضي المغربية خلال الثلاثين يوماً الموالية لتاريخ الإفراج عنه، ما لم يكن خروجه متعذراً لأسباب خارجة عن إرادته، أو إذا عاد إلى المغرب بعد مغادرته.

## المادة 743

إذا حصلت السلطات المغربية على تسليم شخص أجنبي وكانت حكومة دولة ثالثة تطلب منها بدورها تسليم نفس الشخص إليها لأجل ارتكابه أفعالا سابقة على هذا التسليم ومختلفة عن الأفعال التي صدر الحكم فيها بأراضي المغرب وغير مرتبطة بها، فإنه من اللازم الحصول على موافقة الدولة التي سلمت هذا الشخص.

غير أن هذا القيد لا يطبق إذا أمكن للشخص المسلم أن يغادر الأراضي المغربية خلال الأجل المحدد في المادة 740.

## المادة 744

يؤذن بمرور كل شخص غير مغربي كيفما كانت جنسيته يقع تسليمه من دولة أخرى عبر أراضي المغرب أو يتم نقله على متن سفن أو طائرات مغربية، بمجرد تقديم طلب عادي بالطريق الديبلوماسي مدعم بالمستندات الضرورية التي تثبت بأن الجريمة المنسوبة إليه تدخل ضمن ما هو منصوص عليه في المادة 720 أعلاه.

لا يمنح هذا الإذن إلا في نطاق المعاملة بالمثل أو إذا نصت عليه اتفاقية مع الدولة الطالبة.

يتم النقل تحت مراقبة أعوان مغاربة وعلى نفقة الدولة الطالبة.

في حالة نقل هذا الشخص جوا على متن طائرة أجنبية، لم يكن مقررا لها أن تحط بالمغرب، فإن الدولة الطالبة تشعر الحكومة المغربية بأن الطائرة ستحلق في فضائها وتشهد بوجود المستندات المنصوص عليها في المادة 726 أعلاه.

إذا حطت الطائرة فجأة، فإن هذا التصريح تكون له آثار طلب الاعتقال المؤقت المنصوص عليه في البند رقم 1 من المادة 726 أعلاه، ويتعين على الدولة الطالبة عندئذ أن ترسل طلبا رسميا بالتسليم.

عندما يكون توقف الطائرة بالمغرب مقررا، فإن الدولة الطالبة توجه طلبا وفق مقتضيات الفقرة الخامسة من هذه المادة.

### المادة 745

تحجز بطلب من الدولة الطالبة جميع الأشياء المتحصلة من الجريمة أو التي يمكن اعتمادها كأدوات اقتناع، والتي يعثر عليها في حيازة الشخص المطلوب تسليمه وقت إلقاء القبض عليه أو التي تكتشف فيما بعد.

تبت محكمة النقض في نفس الوقت الذي تبدي فيه رأيها بالموافقة على التسليم بشأن تسليم هذه الأشياء إلى الدولة الطالبة.

يجوز أن تسلم هذه الأشياء ولو تعذر تسليم الشخص المطلوب بسبب فراره أو وفاته.

يمكن للسلطات المغربية مع ذلك أن تحتفظ بالأشياء المحجوزة، إذا رأت أن ذلك ضروري لحسن سير الإجراءات الجنائية الجارية أمام محاكمها ضد الشخص نفسه أو المساهمين معه أو المشاركين له، ويمكن لها كذلك أن تحتفظ لنفسها، عند إرسال هذه الأشياء بالحق في استردادها لنفس السبب مع التعهد بإعادتها بمجرد ما يتيسر لها ذلك.

غير أنه تحفظ الحقوق المكتسبة للدولة المغربية أو للغير على هذه الأشياء.

## الباب الخامس: استدعاء الشهود

### المادة 746

إذا رأت دولة أجنبية ضرورة حضور أحد الشهود المقيمين بأرض المغرب للاستماع إليه شخصيا في قضية زجرية، فإن السلطات المغربية التي قدم إليها الطلب بالطريق الديبلوماسي تدعو الشاهد للاستجابة إلى الاستدعاء الموجه إليه.

غير أن الاستدعاء لا يتم ولا يبلغ للشخص الموجه إليه إلا بشرط عدم إمكان متابعته أو الحد من حريته من أجل أفعال أو عقوبات سابقة لحضوره.

### المادة 747

كل شخص معتقل بمؤسسة سجنية بالمغرب يطلب حضوره شخصيا من الدولة الطالبة بقصد أداء شهادة أو إجراء مواجهة، يمكن نقله مؤقتا إلى الدولة الطالبة بشرط إرجاعه خلال أجل تحدده السلطات المغربية.

يرد الطلب بالطريق الديبلوماسي.

يمكن رفض هذا النقل:

- إذا لم يقبل به المعتقل؛

- إذا ظهر أن حضوره في قضية زجرية جارية بالمغرب أمر ضروري؛

- إذا كان نقله سيؤدي إلى تمديد فترة اعتقاله؛

- إذا وجدت اعتبارات خاصة تعترض نقله إلى أراضي الدولة الطالبة.

المملكة المغربية     وزارة العدل والحريات     مديرية التشريع

يبقى الشخص الذي تم نقله بهذه الصفة رهن الاعتقال لدى الدولة الطالبة إلا إذا تعلق الأمر بشخص محكوم عليه بعقوبة وطلبت الدولة المغربية عند انصرام عقوبته الإفراج عنه.

تحسب المدة التي يقضيها المعني بالأمر بسجن الدولة الطالبة ضمن المدة المحكوم بها عليه بالمغرب وتخصم من العقوبة.

# الباب السادس: الشكاية الرسمية

## المادة 748

إذا ارتكب أجنبي جريمة بأراضي المغرب، وكان من مواطني دولة لا يسمح تشريعها بتسليم مواطنيها، فإنه يمكن للسلطات المغربية في حالة لجوء مرتكب الجريمة إلى وطنه أن تقوم بإبلاغ دولته بما ارتكبه من أفعال للحصول على متابعته طبقا لتشريع الدولة المطلوبة.

يتم الإبلاغ عن الجرائم بالطريق الديبلوماسي.

يتضمن الإبلاغ عرضا للوقائع، ويبين فيه بدقة مكان ووقت ارتكاب الجريمة والعناصر المكونة لها والنصوص المطبقة عليها بالمغرب وجميع العناصر الأخرى التي يمكن استعمالها كوسائل إثبات، ويرفق على الخصوص بنسخ مصادق على مطابقتها للأصل من محاضر المعاينة والاستماع إلى الشهود أو إلى المساهمين أو المشاركين في الجريمة الذين يوجدون بالمغرب.

تطبق مقتضيات الفقرات أعلاه مع مراعاة الاتفاقيات المبرمة في هذا الصدد.

## المادة 749

يمكن في حالة التوصل بشكاية رسمية من دولة أجنبية، أن يتابع بالمغرب المواطن المغربي الذي يرتكب جريمة بالخارج أو داخل المملكة، ولا يتم تسليمه للدولة الأجنبية اعتباراً لجنسيته المغربية. ويحاكم ويصدر الحكم عليه وفقاً لمقتضيات القانون المغربي.

# الباب السابع: التسليم المراقب[89]

## المادة 749 -1

يمكن لدولة أجنبية أن تطلب من السلطات المغربية المختصة تنفيذ عملية تسليم مراقب داخل المملكة المغربية.

تنفذ طلبات التسليم المراقب الواردة من دولة أجنبية وفق أحكام الفرع الفريد من الباب الثالث من القسم الثاني من الكتاب الأول من هذا القانون المتعلق بالتسليم المراقب داخل أراضي المملكة وطبقا للتشريع المغربي.

---

89 - تم تتميم القسم الثالث من الكتاب السابع بالباب السابع أعلاه بموجب المادة الخامسة من القانون رقم 13.10، سالف الذكر.

لا يمكن للوكيل العام للملك لدى محكمة الاستئناف منح الإذن بالتسليم المراقب إلا بعد موافقة وزير العدل.

غير أن طلبات التسليم المراقب لا تنفذ إذا كان تنفيذها من شأنه المساس بسيادة المملكة المغربية أو أمنها أو نظامها العام أو مصالحها الأخرى الأساسية.

المادة 2–749

يؤجل الوكيل العام للملك الذي منح الإذن بالتسليم المراقب اتخاذ أي إجراء من إجراءات البحث المرتبطة بعملية التسليم المراقب المأذون بها بناء على طلب دولة أجنبية أو إيقاف مرتكبي الجريمة والمتورطين فيها إلى حين علمه بوصول الشحنة إلى وجهتها النهائية، وعند الاقتضاء إلى حين تدخل السلطات الأجنبية المختصة بشأنها.

يمكن لهذه الغاية للوكيل العام للملك أن يتفق مع سلطات الدولة الأجنبية على تاريخ موحد للتدخل وكيفيات هذا التدخل.

يمكن للوكيل العام للملك أيضا أن يعهد إلى مصالح الشرطة القضائية المختصة بالتنسيق مع نظيرتها الأجنبية حول تاريخ موحد للتدخل وكيفيات هذا التدخل.

# الكتاب الثامن: أحكام مختلفة وختامية

## المادة 750

جميع الآجال المنصوص عليها في هذا القانون آجال كاملة لا تشمل اليوم الأول ولا اليوم الأخير، وتستثنى من ذلك الآجال التي تكون محددة بعدد الساعات.

إذا كان اليوم الأخير للأجل يوم عطلة امتد الأجل إلى أول يوم عمل بعده.

تعتبر أيام عطل جميع الأيام المصرح بأنها كذلك بمقتضى نص خاص.

## المادة 751

كل إجراء يأمر به هذا القانون ولم يثبت إنجازه على الوجه القانوني يعد كأنه لم ينجز، وذلك مع مراعاة مقتضيات الفقرة الثالثة من المادة 442 المتعلقة بجلسات غرفة الجنايات.

## المادة 752

تطبق أحكام قانون المسطرة المدنية المصادق عليه بالظهير الشريف رقم 1.74.474 الصادر في 11 من رمضان 1394 (28 شتنبر 1974) على الدعاوى المدنية المقامة أمام القضاء الزجري، كلما كانت غير متناقضة مع المقتضيات الخاصة لهذا القانون والمتعلقة بنفس الموضوع.

## المادة 753

إذا وقع تغيير في الاختصاص نتيجة تطبيق القانون الجديد، ينقل الملف بقوة القانون وبدون أي إجراء إلى هيئة التحقيق أو الحكم التي أصبحت مختصة.

## المادة 754

تبقى إجراءات المسطرة التي أنجزت قبل تاريخ تطبيق هذا القانون صحيحة ولا داعي لإعادتها.

## المادة 755

يجري العمل بمقتضيات هذا القانون ابتداء من فاتح أكتوبر من سنة 2003[90].

غير أن المقررات الصادرة قبل تاريخ دخوله حيز التطبيق تظل خاضعة من حيث الطعون وآجالها للمقتضيات المضمنة في القوانين المنسوخة.

---

90 ـ تم تغيير أحكام الفقرة الأولى من المادة 755 التي كانت تنص على أنه: "يجري العمل بمقتضيات هذا القانون ابتداء من اليوم الأول للشهر التاسع عشر الموالي لنشره بالجريدة الرسمية" بمقتضى المادة الثامنة من القانون رقم 03.03 المتعلق بمكافحة الإرهاب، سالف الذكر، مع مراعاة مقتضيات المادة التاسعة من نفس القانون التي تنص على أنه: "يجري العمل بمقتضيات هذا القانون ومقتضيات الباب الخامس من القسم الثالث من الكتاب الأول من القانون رقم 22.01 المتعلق بالمسطرة الجنائية ابتداء من تاريخ نشر هذا القانون بالجريدة الرسمية".

## المادة 756

تنسخ جميع النصوص المخالفة لهذا القانون وعلى الأخص:

1- الظهير الشريف رقم 1.58.261 بتاريخ فاتح شعبان 1378 (10 يبراير 1959) الذي يحتوي على قانون المسطرة الجنائية والنصوص المتممة أو المعدلة له؛

2- الفصل 51 من الظهير الشريف الصادر في 2 ربيع الأول 1377 (27 شتنبر 1957) بشأن إحداث المجلس الأعلى؛

3- الظهير الشريف بمثابة قانون رقم 1.74.448 بتاريخ 11 من رمضان 1394 (28 شتنبر 1974) المتعلق بالإجراءات الانتقالية تطبيقا للظهير الشريف بمثابة قانون رقم 1.74.338 بتاريخ 24 من جمادى الآخرة 1394 (15 يوليوز 1974) المتعلق بالتنظيم القضائي للمملكة؛

4- الظهير الشريف رقم 1.58.199 بتاريخ 6 ربيع الأول 1378 (20 شتنبر 1958) بشأن العضوية الاستشارية في القضايا الجنائية، كما وقع تغييره أو تتميمه؛

5- الظهير الشريف رقم 1.58.057 بتاريخ 25 من ربيع الآخر 1378 (8 نونبر 1962) بشأن تسليم المجرمين الأجانب إلى حكوماتهم؛

6- الفصول من 19 إلى 23 من مجموعة القانون الجنائي المصادق عليها بالظهير الشريف رقم 1.59.413 بتاريخ 28 من جمادى الآخرة 1382 (26 نونبر 1962).

## المادة 757

تطبق بشأن المقتضيات التي تحيل إلى النصوص المنسوخة بمقتضى المادة 756 أعلاه والتي تتضمنها نصوص تشريعية أو تنظيمية المقتضيات الموافقة لها المنصوص عليها في هذا القانون.

630091613

# الفهرس

القانون رقم 22.01 المتعلق بالمسطرة الجنائية كما تم تعديله بالقوانين التالية : ........2

ظهير شريف رقم 1.02.255 صادر في 25 من رجب 1423    (3 أكتوبر 2002)
بتنفيذ القانون رقم 22.01 المتعلق بالمسطرة الجنائية  ........................ 4

قانون رقم 22.01 يتعلق بالمسطرة الجنائية ........................... 5

ديباجة ........................................................ 5

الكتاب التمهيدي ................................................ 19

الباب الأول: قرينة البراءة ....................................... 19
الباب الثاني: إقامة الدعوى العمومية والدعوى المدنية ............... 19
الباب الثالث: الدعوى العمومية .................................... 19
الباب الرابع: الدعوى المدنية ..................................... 21

الكتاب الأول: التحري عن الجرائم ومعاينتها .......................... 23

القسم الأول: السلطات المكلفة بالتحري عن الجرائم .................. 23
الباب الأول: سرية البحث والتحقيق ............................... 23
الباب الثاني: الشرطة القضائية ................................... 23
الفرع الأول: أحكام عامة ........................................ 23
الفرع الثاني: ضباط الشرطة القضائية ............................. 24
الفرع الثالث: أعوان الشرطة القضائية ............................. 27
الفرع الرابع: الموظفون والأعوان المكلفون ببعض مهام الشرطة القضائية ....... 27
الفرع الخامس: مراقبة أعمال الشرطة القضائية ..................... 28
الباب الثالث: النيابة العامة ..................................... 29
الفرع الأول: أحكام عامة ........................................ 29
الفرع الثاني: وكيل الملك ........................................ 30
الفرع الثالث: اختصاصات الوكيل العام للملك لدى محكمة الاستئناف ........ 34
الباب الرابع: القضاة المكلفون بالتحقيق .......................... 36
القسم الثاني: إجراءات البحث .................................... 37
الباب الأول: حالة التلبس بالجنايات والجنح ........................ 37
الباب الثاني: البحث التمهيدي ................................... 45
الباب الثالث: تقنيات البحث الخاصة .............................. 48
فرع فريد: التسليم المراقب ....................................... 48
القسم الثاني مكرر: حماية الضحايا والشهود والخبراء والمبلغين ........ 49
الباب الأول: حماية الضحايا ..................................... 49
الباب الثاني : حماية الشهود والخبراء ............................ 50
الباب الثالث: حماية المبلغين .................................... 51

القسم الثالث: التحقيق الإعدادي ........................................................... 52

الباب الأول: أحكام عامة ................................................................. 52

الباب الثاني: القاضي المكلف بالتحقيق................................................. 53

الباب الثالث: تنصيب الطرف المدني.................................................... 55

الباب الرابع: التنقل والتفتيش والحجز.................................................. 56

الباب الخامس: التقاط المكالمات والاتصالات المنجزة بوسائل الاتصال عن بعد .... 59

الباب السادس: الاستماع إلى الشهود .................................................... 62

الباب السابع: استنطاق المتهم ومواجهته مع الغير ..................................... 66

الباب الثامن: أوامر قاضي التحقيق...................................................... 68

الفرع الأول: أحكام عامة................................................................. 68

الفرع الثاني: الأمر بالحضور ........................................................... 68

الفرع الثالث: الأمر بالإحضار ........................................................... 69

الفرع الرابع: الأمر بالإيداع في السجن................................................ 71

الفرع الخامس: الأمر بإلقاء القبض...................................................... 71

الباب التاسع: الوضع تحت المراقبة القضائية والاعتقال الاحتياطي ................... 73

الفرع الأول: الوضع تحت المراقبة القضائية........................................... 73

الفرع الثاني: الاعتقال الاحتياطي........................................................ 77

الباب العاشر: الإنابة القضائية ........................................................... 82

الباب الحادي عشر: إجراء الخبرة ...................................................... 83

الباب الثاني عشر: بطلان إجراءات التحقيق............................................ 87

الباب الثالث عشر: الأوامر القضائية بشأن انتهاء التحقيق............................. 88

الباب الرابع عشر: استئناف أوامر قاضي التحقيق..................................... 90

الباب الخامس عشر: إعادة التحقيق بسبب ظهور أدلة جديدة........................... 92

القسم الرابع: الغرفة الجنحية بمحكمة الاستئناف ...................................... 92

الباب الأول: أحكام عامة ................................................................. 92

الباب الثاني: السلطات الخاصة برئيس الغرفة الجنحية ................................ 96

**الكتاب الثاني: الحكم في الجرائم** ......................................... **97**

القسم الأول: الاختصاص ................................................................. 97

الباب الأول: قواعد الاختصاص العادية و فصل تنازع الاختصاص.................... 97

الفرع الأول: قواعد الاختصاص العادية................................................. 97

الفرع الثاني: فصل تنازع الاختصاص .................................................. 100

الباب الثاني: قواعد الاختصاص الاستثنائية.............................................. 101

الفرع الأول: الحكم في الجنايات أو الجنح المنسوبة لبعض القضاة أو الموظفين. 101

الفرع الثاني: المعاقبة على الجرائم المرتكبة أثناء جلسات هيئة الحكم ............. 103

الفرع الثالث: الإحالة من أجل تشكك مشروع ......................................... 103

الفرع الرابع: الإحالة من أجل مصلحة عامة............................................ 104

القسم الثاني: تجريح القضاة.............................................................. 104

القسم الثالث: بشأن عقد الجلسات وصدور الأحكام .................................. 106
الباب الأول: الجلسات ............................................................ 106
الفرع الأول: وسائل الإثبات ..................................................... 106
الفرع الثاني: تشكيل الهيئات القضائية ......................................... 108
الفرع الثالث: القواعد العامة بشأن سير الجلسة ............................... 108
الفرع الرابع: الاستدعاء وحضور المتهمين...................................... 111
الفرع الخامس: الاستماع إلى الشهود و الخبراء................................. 115
الفرع السادس: المطالبة بالحق المدني وآثارها.................................. 120
الفرع السابع: إثارة الضوضاء في الجلسة والإخلال بنظامها ................... 122
الباب الثاني: الأحكام والقرارات والأوامر وآثارها .............................. 123
القسم الرابع: القواعد الخاصة بمختلف درجات المحاكم........................... 127
الباب الأول: المحاكم المختصة في قضايا الجنح والمخالفات ..................... 127
الفرع الأول: السند التنفيذي والأمر القضائي في المخالفات..................... 128
الفرع الثاني: الأمر القضائي في الجنح ......................................... 129
الفرع الثالث: انعقاد الجلسة وصدور الحكم .................................... 130
الفرع الرابع: التعرض.............................................................. 132
الفرع الخامس: الاستئناف ........................................................ 133
الفرع السادس: غرفة الاستئنافات بالمحكمة الابتدائية .......................... 138
الباب الثاني: الهيئة المختصة في قضايا الجنايات ............................... 139
الفرع الأول: اختصاص الهيئة وتأليفها .......................................... 139
الفرع الثاني: رفع القضية إلى غرفة الجنايات ................................... 139
الفرع الثالث: الجلسة وصدور الحكم ............................................ 140
الفرع الرابع: المسطرة الغيابية ................................................... 145
الفرع الخامس: المحاكمة من أجل الجرائم المرتبطة بالجنايات.................... 148
الفرع السادس: استئناف قرارات غرف الجنايات ................................ 148

الكتاب الثالث: القواعد الخاصة بالأحداث ............................... 150

القسم الأول: أحكام تمهيدية .................................................... 150
القسم الثاني: هيئات التحقيق و هيئات الحكم.................................... 151
الباب الأول: أحكام عامة ........................................................ 151
الباب الثاني: قاضي الأحداث لدى المحاكم الابتدائية ........................... 153
الباب الرابع: المستشار المكلف بالأحداث ...................................... 159
الباب الخامس: الغرفة الجنحية للأحداث لدى محكمة الاستئناف ............... 160
الباب السادس: غرفة الجنح الاستئنافية للأحداث .............................. 161
الباب السابع: غرفة الجنايات للأحداث وغرفة الجنايات الاستئنافية للأحداث ... 161
القسم الثالث: الحرية المحروسة .................................................. 162
القسم الرابع: تغيير تدابير المراقبة والحماية وإعادة النظر ....................... 164
القسم الخامس: تنفيذ الأحكام .................................................... 165

المملكة المغربية        وزارة العدل والحريات        مديرية التشريع

القسم السادس: حماية الأطفال ضحايا جنايات أو جنح ....................... 166
القسم السابع: حماية الأطفال الموجودين في وضعية صعبة ................... 167

**الكتاب الرابع: طرق الطعن غير العادية** ........................... 169

القسم الأول: النقض ...................................................... 169
الباب الأول: أحكام عامة ................................................ 169
الباب الثاني: طلب النقض لمصلحة الأطراف ........................... 169
الفرع الأول: شروط طلب النقض الشكلية وشروط قبوله وآثاره ...... 169
الفرع الثاني: أسباب النقض ............................................ 174
الفرع الثالث: التحقيق في طلبات النقض والجلسات .................. 174
الفرع الرابع: قرارات محكمة النقض .................................. 177
الباب الثالث: طلبات النقض المرفوعة لفائدة القانون ................ 179
القسم الثاني: إعادة النظر وتصحيح القرارات ......................... 180
القسم الثالث: المراجعة ................................................. 181

**الكتاب الخامس: مساطر خاصة** .................................. 185

القسم الأول: المسطرة الخاصة بدعوى تزوير الوثائق ................. 185
القسم الثاني: إعادة ما تلف أو فقد من وثائق الإجراءات أو المقررات القضائية .... 188
القسم الثالث: التحقق من الهوية ...................................... 188
القسم الرابع : أحكام خاصة بتمويل الإرهاب ......................... 189

**الكتاب السادس: تنفيذ المقررات القضائية والسجل العدلي ورد الاعتبار** .......... 193

القسم الأول: تنفيذ المقررات القضائية ............................... 193
الباب الأول: أحكام عامة .............................................. 193
الباب الثاني: تنفيذ عقوبة الإعدام ..................................... 194
الباب الثالث: تنفيذ الاعتقال الاحتياطي والعقوبات السالبة للحرية .... 196
الباب الرابع: الإفراج المقيد بشروط ................................... 199
الباب الخامس: تنفيذ العقوبات المالية والإكراه البدني ............... 202
الباب السادس: تقادم العقوبات ....................................... 206
القسم الثاني: السجل العدلي ........................................... 207
الباب الأول: أحكام عامة .............................................. 207
الباب الثاني: البطائق رقم 1 ونظائرها ................................ 208
الباب الثالث: البطائق رقم 2 والبطائق رقم 3 ........................ 211
الباب الرابع: تعديل السجل العدلي ................................... 213
الباب الخامس: التبادل الدولي للبطائق رقم 1 ........................ 215
الباب السادس: أحكام خاصة ببطائق الأشخاص المعنوية ............. 215
القسم الثالث: رد الاعتبار ............................................. 218
الباب الأول: أحكام عامة .............................................. 218

الباب الثاني: رد الاعتبار بحكم القانون ................................................ 218

الباب الثالث: رد الاعتبار القضائي ...................................................... 219

**الكتاب السابع: الاختصاص المتعلق ببعض الجرائم المرتكبة خارج المملكة والعلاقات مع السلطات القضائية الأجنبية ................................................... 223**

القسم الأول: أحكام عامة ................................................................ 223

القسم الثاني: الاختصاص المتعلق ببعض الجرائم المرتكبة خارج المملكة............. 224

القسم الثالث: العلاقات القضائية مع السلطات الأجنبية ............................... 226

الباب الأول: أحكام عامة ............................................................. 226

الباب الثاني: الإنابات القضائية ..................................................... 226

الباب الثالث: الاعتراف ببعض الأحكام الزجرية الأجنبية............................ 227

الباب الرابع: تسليم المجرمين......................................................... 227

الباب الخامس: استدعاء الشهود ..................................................... 235

الباب السادس: الشكاية الرسمية ..................................................... 236

الباب السابع: التسليم المراقب ...................................................... 236

**الكتاب الثامن: أحكام مختلفة وختامية ............................................ 238**

**الفهرس ................................................................ 240**