```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
  * * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,        ) Criminal Action No. 17-46
                                 )
vs.                              )
                                 )
KASSIM TAJIDEEN,                 ) March 24, 2017
                                 ) 2:20 p.m.
              Defendant.         ) Washington, D.C.
  * * * * * * * * * * * * * * * *
```

**TRANSCRIPT OF RETURN ON ARREST WARRANT,
INITIAL APPEARANCE AND ARRAIGNMENT
BEFORE THE HONORABLE ROBIN M. MERIWEATHER,
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE**

**APPEARANCES:**

```
FOR THE GOVERNMENT:  THOMAS GILLICE
                     DEBORAH CURTIS
                     U.S. ATTORNEY'S OFFICE
                     National Security Section
                     555 4th Street, NW
                     Washington, DC 22205
                     (202) 252-1791
                     Email: Thomas.gillice@usdoj.gov
                     Email: Deborah.curtis@usdoj.gov

FOR THE DEFENDANT:   MATT JONES
                     WilmerHale
                     1875 Pennsylvania Avenue, NW
                     Washington, DC 20006
                     (202) 663-6363

ALSO PRESENT:        JOSEPH PALAZZO, U.S. Department of Justice
                     Criminal Division, Money Laundering & Asset
                     Recovery Section

                     TAMMY EVERITT, Pretrial Services Officer

Recorded By:         FTR Gold Electronic Recording Software

Court Reporter:      Elizabeth Saint-Loth, RPR, FCRR
                     Official Court Reporter
                     Washington, D.C.  20001
```

Proceedings recorded by FTR Gold Software.  Transcribed by stenographer via machine shorthand.  Transcript produced by computer-aided transcription.

```
 1                        P R O C E E D I N G S
 2            THE DEPUTY:  Criminal Case No. 2017-46-01, the
 3    United States of America versus Kassim --
 4            How do you pronounce your first name, sir?
 5            THE DEFENDANT:  Kassim, K-A-S-S-I-M.
 6            THE DEPUTY:  -- Kassim Tajideen.
 7            Thomas Gillice and Deborah Curtis representing the
 8    Government.  Matt Jones representing the defendant.  Tammy
 9    Everitt is the pretrial services officer.  The defendant is
10    present in the courtroom and is here for a return on an
11    arrest warrant and initial appearance, and an arraignment.
12            This case is currently listed as a sealed criminal
13    case.
14            MR. GILLICE:  Good afternoon, Your Honor.
15            THE COURT:  Good afternoon.
16            MR. GILLICE:  Tom Gillice on behalf of the United
17    States.  Also with me, besides Ms. Curtis, is Joseph Palazzo
18    from the Department of Justice's money laundering and asset
19    recovery section.
20            I would move to unseal this case at this time.
21            THE COURT:  Okay.  That motion is granted, and the
22    case is unsealed.
23            MR. GILLICE:  Thank you.
24            THE DEPUTY:  Mr. Tajideen, would you please stand
25    and raise your right hand?
```

```
 1                  (KASSIM TAJIDEEN, Defendant, Sworn.)
 2             THE DEFENDANT:  Yes, I do.
 3             THE DEPUTY:  Thank you.  Please remain standing.
 4             THE COURT:  Sir, could you please state your name
 5   for the record.
 6             THE DEFENDANT:  Kassim Tajideen.
 7             THE COURT:  Mr. Tajideen, are you able to speak
 8   and understand English?
 9             THE DEFENDANT:  Yes.
10             THE COURT:  And Mr. Tajideen, are you a citizen of
11   the United States?
12             THE DEFENDANT:  No.
13             THE COURT:  Mr. Tajideen, do you have any health
14   conditions that would make it hard for you to understand
15   what's happening in the courtroom here today?
16             THE DEFENDANT:  Yes.  I have a kidney stone.  I
17   have hypertension from the stone, also the thick blood.  I
18   am taking some medicine.
19             THE COURT:  Okay.  And will the medicine that you
20   are taking for those make it hard for you to understand what
21   is happening today?
22             THE DEFENDANT:  No.  This is --
23             THE COURT:  Okay. Okay.  If at any point you
24   don't understand what is happening, just please let us know.
25             And this is a little bit repetitive of what I just
```

1  asked, but are you taking -- has any medicine that you are
2  taken -- or have you consumed any other substance in the
3  last 24 hours that would make it hard for you to understand
4  today's court proceedings?
5          THE DEFENDANT:  No.  No.  I take my normal
6  medicine.
7          THE COURT:  Okay.  Mr. Gillice, have we had a
8  consular notification in this case?
9          MR. GILLICE:  We have not at this time, Your
10 Honor, but we will be notifying of the appropriate counsels.
11         THE COURT:  Okay.  Thank you.
12         Mr. Tajideen, you are here today for an initial
13 appearance and an arraignment.
14         During this proceeding, I will tell you what you
15 have been charged with.  I will advise you of your rights.
16 We will assess whether you have a counsel to represent you.
17 And I may be asked to schedule further proceedings in this
18 matter, which could include a hearing at which I will be
19 asked to decide whether you will be released while we're
20 waiting for trial.
21         What we are not here to do today is decide whether
22 or not you are innocent or guilty of the offenses with which
23 you are charged.  That is not my role, and that is not the
24 purpose of today's proceedings.
25         You are here because you were arrested in

1  connection with an 11-count grand jury Indictment that
2  charges you with conspiracy to conduct unlawful transactions
3  and cause U.S. persons to conduct unlawful transactions with
4  a specially-designated global terrorist, and to defraud the
5  United States.  And it also accuses you of unlawful
6  transactions with a specially-designated global terrorist.
7           These charges allege that you violated laws
8  including 50 U.S. Code Section 1705 (a) and 31 CFR Sections
9  594.201, 594.204, 594.205, and 594.310.  These charges, if
10 you are found guilty of them, could carry a sentence of up
11 to 20 years in prison, and maximum fines of up to
12 $1 million, or both.  That is what brings me -- brings you
13 before me today.
14          This case is assigned to District Judge Walton; he
15 will be the trial judge in this case.  I am a United States
16 Magistrate Judge, and I am responsible for today's initial
17 proceedings.  I will continue to advise you of things; but
18 at this point, sir, you can be seated.
19          Sir, you can sit down.
20          At this point, I will advise you of your rights.
21 You have the right to remain silent.  That means that you
22 are not required to make any statement to law enforcement
23 officials while these charges are pending against you.
24          If you have already made a statement to a law
25 enforcement officer, you are not required to say anything

1    else to them.  Anything that you do say to a law enforcement
2    officer can be used against you in this proceeding or in a
3    future proceeding.
4             You also have the right to the assistance of an
5    attorney to represent you in this case.  Your attorney can
6    be present during any questioning by authorities.  You may,
7    if you wish, hire your own lawyer.  Individuals who are
8    unable to afford to hire their own lawyers, have a right to
9    have the Court appoint a lawyer to represent them at the
10   Court's expense -- at the Government's expense.
11            You also have the right to a speed and public jury
12   trial.  At that trial, you will have the right to have your
13   guilt established beyond a reasonable doubt.  The Government
14   will be required to call witnesses into open court.  You
15   will have an opportunity to confront those witnesses and to
16   cross-examine them through your counsel.  At no point can
17   you be required to testify against yourself.
18            As a citizen of another country, you also have
19   certain other rights as a foreign national.  Namely, you may
20   request that an attorney for the Government or a federal law
21   enforcement official notify a consular official at the
22   embassy of your nation and notify them that you have been
23   arrested.  A consular official from your own country may
24   visit you in detention if you are retained, can help you
25   retain counsel, and communicate with your family, among

1    other things.  If you would like your country's consular
2    officials to be notified, you can request that now or at any
3    time in the future.
4            Even without a request for that notification, if
5    there is a treaty or agreement between the United States and
6    your home country, the United States may be required under
7    that treaty to notify the country about your arrest.  And if
8    you do not decide that you want to have that notification
9    made now but you later decide that you are interested in
10   doing so, you should tell your attorney who can then advise
11   the Court.
12           At this time, Mr. Jones, does your client wish to
13   have consular notification?
14           MR. JONES:  Yes, Your Honor.
15           THE COURT:  And what is the country?
16           MR. JONES:  Both Belgium and Lebanon.
17           THE COURT:  Thank you.
18           Mr. Tajideen, have you hired a lawyer to represent
19   you in this case?
20           THE DEFENDANT:  Yes.
21           THE COURT:  And is that Mr. Jones?
22           THE DEFENDANT:  Right.
23           MR. JONES:  Yes.
24           THE COURT:  Okay.  Mr. Jones.
25           MR. JONES:  Yes, Your Honor.

1          I'm Matt Jones from WilmerHale here on behalf of
2  Mr. Tajideen.
3          Given the pace with which this matter arose, I
4  have not yet applied for admission to the bar of this Court.
5  So I would ask for permission to appear in this proceeding
6  pending that application on behalf of Mr. Tajideen.
7          THE COURT:  Okay.  The Court will allow Mr. Jones
8  to appear on behalf of Mr. Tajideen for this proceeding.
9  And I ask that you and whichever colleagues will be joining
10 you or may be joining you in this matter enter an appearance
11 promptly.
12         MR. JONES:  Yes, Your Honor.
13         THE COURT:  Okay.  Mr. Tajideen, it is now time
14 for your arraignment.  This is a short, formal proceeding in
15 which you are notified of the charges against you, and you
16 are permitted to enter a plea to those charges through your
17 attorney.
18         Mr. Jones, could you come to the podium, please?
19         MR. JONES:  Yes, Your Honor.
20         THE COURT:  Has the defendant received a copy of
21 the Indictment and had a chance to consult with you
22 regarding the charges in it?
23         MR. JONES:  No, he has not.
24         THE COURT:  Okay.  Would you like me to -- should
25 we take a short recess so that you have an opportunity to do

1    that?

2              MR. JONES:  If I could just have a few moments to
3    speak with him.

4              THE COURT:  Okay.  You can take a few moments.

5              (The proceeding pauses.)

6              MR. JONES:  Your Honor, we are prepared to
7    proceed.

8              THE COURT:  Okay.  Thank you.

9              I will ask the question again then.

10             Has the defendant received a copy of the
11   Indictment and had an opportunity to consult with you
12   regarding the charges in it?

13             MR. JONES:  Yes, Your Honor.

14             THE COURT:  Thank you.

15             Ms. Kay.

16             THE DEPUTY:  Yes, Your Honor.

17             Kassim Tajideen, in Criminal Case No. 2017-46, in
18   which you are charged in one or more counts of an 11-count
19   indictment, which also includes forfeiture allegations, do
20   you wish to waive the formal reading of the Indictment at
21   this time and enter a plea?

22             MR. JONES:  Yes.  On behalf of Mr. Tajideen, we
23   waive the formal reading of the Indictment, enter a plea of
24   not guilty to all 11 counts in the Indictment, and
25   specifically assert all of his constitutional rights

1    including the right to a speedy trial.
2            THE COURT:  Thank you.
3            The Court will enter a plea of not guilty with
4    respect to all of the counts in the 11-count Indictment
5    against Mr. Tajideen.
6            Did I advise the parties of the status hearing
7    date?  No?
8            Counsel, you are advised that a status hearing has
9    been set before Judge Walton on April 6, 2017 at ten o'clock
10   a.m. in courtroom 16.
11           Mr. Gillice.
12           MR. GILLICE:  Your Honor, thank you.
13           The defendant is here today not as a citizen of
14   the United States.  He is not lawfully admitted for
15   permanent residency in the United States.  And because of
16   that, we are requesting his detention under
17   183142 (d)(1)(B).
18           In addition, we believe that the defendant is a
19   serious danger, a risk of flight.  There is a risk that he
20   will not appear for future proceedings; and so we are also
21   requesting his detention under 3142 (f)(2)(A).
22           Finally, we are gathering information to determine
23   whether or not we would argue that the defendant is a danger
24   to the community.  We are asking that the Court continue the
25   detention hearing in this case until Wednesday, March 29.

1                     And I would just note just for the record,
2       although the defendant has indicated he has received a copy
3       of the entire 11-count Indictment, there has been no mention
4       to date of the money laundering charge which is the last
5       count in that Indictment.
6                     THE COURT:  Okay.  Okay.  Thank you.
7                     MR. GILLICE:  Thank you.
8                     THE COURT:  Before I continue with the request for
9       a detention hearing and that it be continued until
10      March 29th, let me make clear for the record that the
11      charges against Mr. Tajideen include an allegation of
12      conspiracy to commit money laundering in violation of
13      18 U.S.C. Section 1956 (a)(2)(A) and Section 1956
14      (a)(2)(B)(i).  And the maximum sentence for that, if
15      Mr. Tajideen is found guilty of it, would be up to 20 years.
16      It may also include a maximum fine of not more than
17      $500,000, or twice the value of the monetary instrument or
18      funds involved in the transportation, transmission, or
19      transfer, whichever is greater, and that the Indictment also
20      includes forfeiture allegations.
21                    I don't believe, when I summarized the charges at
22      the beginning of this proceeding, that I referenced the
23      money laundering, although it is in the Indictment.
24                    Mr. Jones, could you approach the podium?
25                    MR. JONES:  Sure.

```
1         THE COURT:  Do you contest the Government's
2    assertion that your client is eligible for the Court to hold
3    a detention hearing under Section 3142 (d)(1)(B) and
4    3142 (f)(2)(A)?
5         MR. JONES:  We do not contest the defendant's
6    citizenship status and, therefore, do not contest detention
7    pending the continue date that the Government has selected.
8         THE COURT:  Okay.  Thank you.
9         The United States has requested that a detention
10   hearing be set in this case and has invoked its right to
11   seek a continuance of up to three days of that hearing.  The
12   Court will, therefore, set a detention hearing for March 29,
13   2017 at -- are the parties available if I do this at 1:45
14   p.m.?
15        MR. JONES:  Yes, Your Honor.
16        MR. GILLICE:  Yes, Your Honor.
17        THE COURT:  Okay.  We'll set it for 1:45 p.m.
18        The Bail Reform Act requires that when the
19   Government seeks a three-day continuance that the defendant
20   be detained pending the hearing, and that is not contested
21   by defense counsel.  Therefore, the Court will remand the
22   defendant, Mr. Tajideen, into the custody of the United
23   States marshals pending the March 29, 2017 detention
24   hearing.
25        Does either counsel have anything additional for
```

```
1    me in connection with this matter?
2            MR. GILLICE:  No, Your Honor.
3            MR. JONES:  No, Your Honor.
4            THE COURT:  Okay.  Counsel, you are excused.  And
5    Ms. Everitt you are excused.
6            MS. EVERITT:  Thank you, Your Honor.
7            (Whereupon, the electronic FTR recorded proceeding
8    concludes, 2:38 p.m.)
9                           * * * * *
10                          **CERTIFICATE**
11
12           I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby
13   certify that the foregoing constitutes a true and accurate
14   transcript of the FTR Gold software proceedings, and is a
15   full, true, and complete transcript of the proceedings
16   transcribed to the best of my ability.
17
18
19       Dated this 18th day of September, 2018.
20
21       /s/ Elizabeth Saint-Loth, RPR, FCRR
         Official Court Reporter
22
23
24
25
```