AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | Case: 1:15–mj–00385 |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | Assigned To : Magistrate Judge Deborah A. Robinson |
| | ) | Assign. Date : 7/23/2015 |
| Information Associated with ABEERSWAIDAN@GMAIL.COM, et al. | ) | Description: Search and Seizure Warrant |
| | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

information associated with ABEERSWAIDAN@GMAIL.COM that is stored at premises controlled by GOOGLE, INC., a company that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, CA 94043

located in the _____ Northern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 50 U.S.C §§ 1701-1706 | Violation of IEEPA and Executive Order 13224 |
| 18 U.S.C § 1956 | Laundering Monetary Instruments |

The application is based on these facts:

See attached

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Task Force Officer Anthony Maddalone
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  _____ 07/23/2015 _____

_____
*Judge's signature*

City and state:  Washington, DC

Magistrate Judge Deborah A. Robinson
*Printed name and title*

DOJ_01201621

## ATTACHMENT A

### Particular Things to be Seized

I. **Information to be disclosed by GOOGLE, INC. (the "Provider")**

To the extent that the information relating to ABEERSWAIDAN@GMAIL.COM is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on July 16, 2015, the Provider is required to disclose the following information to the government for each account or identifier listed above:

a.      The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.      The types of service utilized;

d.      All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

1

DOJ_01201622

e.    All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II.   **Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. § 1956 and 50 U.S.C. § 1705, those violations involving Kassim Tajideen, Imad Hassoun, Abeer Swaidan, Fatima Zabad, and others unknown, and occurring after January 1, 2013, including, for ABEERSWAIDAN@GMAIL.COM, information pertaining to the following matters:

> (a) Communications, documents, and records identifying companies owned by Tajideen;

> (b) Communications, documents, and records identifying U.S. persons who have conducted business with Tajideen since his designation as an SDGT on May 27, 2009;

> (c) Communications, documents, and records discussing IEEPA, the OFAC sanctions, or investigations by the U.S. government;

> (d) Communications, documents, and records indicating travel plans for Tajideen, Hassoun, Zabad, or Swaidan;

> (e) Communications, documents, and records identifying other individuals who are, or have, aided, or assisted Tajideen to evade IEEPA;

> (f) Communications, documents, and records identifying other individuals who are, or have, aided, or assisted Tajideen with the laundering of monetary instruments;

DOJ_01201623

(g) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(h) Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

(i) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(j) The identity of the person(s) who communicated with the user ID about matters relating to conducting business with American companies, including records that help reveal their whereabouts.

## III. Government procedures for warrant execution

The United States government will conduct a search of the information produced by the Provider and determine which information is within the scope of the information to be seized, as specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the Provider that does not fall within the scope of Section II and will not further review the information absent an order of the Court.

DOJ_01201624

FILED

JUL 2 3 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
ABEERSWAIDAN@GMAIL.COM, THAT
IS STORED AT PREMISES
CONTROLLED BY GOOGLE, INC.

Case: 1:15-mj-00385
Assigned To : Magistrate Judge Deborah A. Robinson
Assign. Date : 7/23/2015
Description: Search and Seizure Warrant

## ORDER TO SEAL

Based on the representations in the government's Motion to Seal the Application,

Affidavit, Attachments to the Search Warrant Affidavit and Application, and other pleadings,

proceedings, records and files in this matter, including the instant motion to seal, the order, and

to delay entry on the public docket of this motion to seal and all related matters, this Court makes

the following:

### FINDINGS OF FACT

The government has covertly investigated the target GOOGLE, INC. email account

subject to the application for search warrant, and individuals associated with its criminal use in a

criminal investigation involving one or more confidential sources of information.  Law

enforcement believes the targets are unaware of this investigation.  The general public is also not

aware of this investigation.

The targets' discovery of this investigation and the Application, Affidavit, Attachments

to the Search Warrant Affidavit and Application, and other pleadings, proceedings, records and

files in this matter, including the instant motion to seal and the order, would pose a substantial

risk to the personal safety of law enforcement, civilians, and confidential source(s) of

information.

The public docketing at this time of the Application, Affidavit, Attachments to the Search

DOJ_01201625

Warrant Affidavit and Application, and other pleadings, proceedings, records and files in this matter, including the instant motion to seal, the order, and the public docketing of the filing of this motion to seal, as well as the Order granting such motion will likely substantially jeopardize the ongoing criminal investigation and any apprehension of the targets, and place the personal safety of parties involved in the covert investigation, as well as innocent bystanders, at substantial risk.

Based on the representations in the government's motion, See Post v. Robinson, 935 F.2d 282, 289 n. 10 (D.C. Cir. 1991), this Court finds that there is a compelling governmental interest to seal the Application, Affidavit, Attachments to the Search Warrant Affidavit and Application, and other pleadings, proceedings, records and files in this matter, including the instant motion to seal, the Order, and to delay entry on the public docket of this motion to seal and all related matters, and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is HEREBY:

ORDERED that this Order, and the attached government motion to seal the Application, Affidavit, Attachments to the Search Warrant Affidavit and Application, and other pleadings, proceedings, records and files in this matter, including the instant motion to seal, the Order, and to delay entry on the public docket of this motion to seal and all related matters, shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further ORDERED that the Application, Affidavit, Attachments to the Search Warrant Affidavit and Application, and other pleadings, proceedings, records and files in this matter, shall be placed under seal by the Criminal Clerk's office until further order of this Court.

DOJ_01201626

It is further ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the government's motion to seal and the Order granting such motion, until further order of this Court.

Hon. Deborah A. Robinson
United States Magistrate Judge
District of Columbia

July 23, 2015
Washington DC

3

DOJ_01201627

FILED

JUL 2 3 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH ABEERSWAIDAN@GMAIL.COM, THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE, INC. | Case: 1:15–mj–00385 Assigned To : Magistrate Judge Deborah A. Robinson Assign. Date : 7/23/2015 Description: Search and Seizure Warrant |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b),

requesting that the Court issue an Order commanding GOOGLE, INC., an electronic

communication service provider and/or a remote computing service, not to notify any person

(including the subscribers and customers of the accounts listed in the warrant) of the existence of

the attached warrant until further order of the Court.

The Court determines that there is reason to believe that notification of the existence of

the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including

by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper

with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or

physical safety of an individual. *See* 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that GOOGLE, INC. shall

not disclose the existence of the attached warrant, or this Order of the Court, to the listed

subscribers or to any other person, unless and until otherwise authorized to do so by the Court,

except that GOOGLE, INC. may disclose the attached warrant to an attorney for GOOGLE, INC.

for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until

otherwise ordered by the Court.

**DOJ_01201628**

July 23, 2015
Date

Hon. Deborah A. Robinson
UNITED STATES MAGISTRATE JUDGE

DOJ_01201629

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| | ) |
| Information Associated With | ) |
| ABEERSWAIDAN@GMAIL.COM That Is Stored on | ) |
| Premises Controlled by GOOGLE, INC. | ) |

Case: 1:15−mj−00385
Assigned To : Magistrate Judge Deborah A. Robinson
Assign. Date : 7/23/2015
Description: Search and Seizure Warrant

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

        An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Northern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

        This warrant applies to information associated with ABEERSWAIDAN@GMAIL.COM, that is stored at premises controlled by GOOGLE, INC., a company that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

        I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
        SEE ATTACHMENT A

        **YOU ARE COMMANDED** to execute this warrant on or before _____ August 6, 2015 _____ *(not to exceed 14 days)*
        ☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

        Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

        The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Magistrate Judge Deborah A. Robinson _____ .
                                                                                        *(United States Magistrate Judge)*

        ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
        ☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     ⌐JUL 2 3 2015     _____
                          @ 10:15 am                    *Judge's signature*

City and state:     Washington, DC          Magistrate Judge Deborah A. Robinson
                                            _____
                                                    *Printed name and title*

**DOJ_01201630**

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>1:15-mj-00385 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

Task Force Officer Anthony Maddalone
*Printed name and title*

DOJ_01201631

## ATTACHMENT A

### Particular Things to be Seized

**I.      Information to be disclosed by GOOGLE, INC. (the "Provider")**

To the extent that the information relating to ABEERSWAIDAN@GMAIL.COM is

within the possession, custody, or control of the Provider, including any emails, records, files,

logs, or information that has been deleted but is still available to the Provider, or has been

preserved pursuant to a request made under 18 U.S.C. § 2703(f) on July 16, 2015, the Provider is

required to disclose the following information to the government for each account or identifier

listed above:

a.      The contents of all emails associated with the account, including stored or

preserved copies of emails sent to and from the account, draft emails, the source and destination

addresses associated with each email, the date and time at which each email was sent, and the

size and length of each email;

b.      All records or other information regarding the identification of the account, to

include full name, physical address, telephone numbers and other identifiers, records of session

times and durations, the date on which the account was created, the length of service, the IP

address used to register the account, log-in IP addresses associated with session times and dates,

account status, alternative email addresses provided during registration, methods of connecting,

log files, and means and source of payment (including any credit or bank account number);

c.      The types of service utilized;

d.      All records or other information stored at any time by an individual using the

account, including address books, contact and buddy lists, calendar data, pictures, and files;

1

e.    All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. § 1956 and 50 U.S.C. § 1705, those violations involving Kassim Tajideen, Imad Hassoun, Abeer Swaidan, Fatima Zabad, and others unknown, and occurring after January 1, 2013, including, for ABEERSWAIDAN@GMAIL.COM, information pertaining to the following matters:

(a)  Communications, documents, and records identifying companies owned by Tajideen;

(b)  Communications, documents, and records identifying U.S. persons who have conducted business with Tajideen since his designation as an SDGT on May 27, 2009;

(c)  Communications, documents, and records discussing IEEPA, the OFAC sanctions, or investigations by the U.S. government;

(d)  Communications, documents, and records indicating travel plans for Tajideen, Hassoun, Zabad, or Swaidan;

(e)  Communications, documents, and records identifying other individuals who are, or have, aided, or assisted Tajideen to evade IEEPA;

(f)  Communications, documents, and records identifying other individuals who are, or have, aided, or assisted Tajideen with the laundering of monetary instruments;

2

DOJ_01201633

    (g) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

    (h) Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

    (i) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

    (j) The identity of the person(s) who communicated with the user ID about matters relating to conducting business with American companies, including records that help reveal their whereabouts.

## III. Government procedures for warrant execution

The United States government will conduct a search of the information produced by the Provider and determine which information is within the scope of the information to be seized, as specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the Provider that does not fall within the scope of Section II and will not further review the information absent an order of the Court.

DOJ_01201634

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
ABEERSWAIDAN@GMAIL.COM,
ABSM.EPSILON@GMAIL.COM,
EXPORT.ICTC@GMAIL.COM,
FZABAD.EPSILON@GMAIL.COM,
HASSOUNIMAD@GMAIL.COM,
KTAJIDEEN@GMAIL.COM, AND
LOGISTICS.ICTC@GMAIL.COM, THAT IS
STORED AT PREMISES CONTROLLED
BY GOOGLE, INC.

Case: 1:15-mj-00385
Assigned To : Magistrate Judge Deborah A. Robinson
Assign. Date : 7/23/2015
Description: Search and Seizure Warrant

### AFFIDAVIT IN SUPPORT OF
### SEVEN APPLICATIONS FOR SEARCH WARRANTS

I, Task Force Officer Anthony Maddalone, being first duly sworn, hereby depose and

state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of seven applications for seven separate search

warrants for information associated with ABEERSWAIDAN@GMAIL.COM,

ABSM.EPSILON@GMAIL.COM, EXPORT.ICTC@GMAIL.COM,

FZABAD.EPSILON@GMAIL.COM, HASSOUNIMAD@GMAIL.COM,

KTAJIDEEN@GMAIL.COM, and LOGISTICS.ICTC@GMAIL.COM, and, that is stored at

premises controlled by GOOGLE, INC, an email provider headquartered at 1600 Amphitheatre

Parkway, Mountain View, CA 94043.  The information to be searched is described in the

following paragraphs, as well as in the Applications, the proposed Warrants, and Attachment A.

This affidavit is made in support of an application for search warrants under 18 U.S.C. §§

2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require GOOGLE, INC to disclose to the

government copies of the information (including the content of communications) further

described in Section I of Attachment A. Upon receipt of the information described in Section I of Attachment A, government-authorized persons will review that information to locate the items described in Section II of Attachment A.

2.     I am a Task Force Officer with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such since 2009. I am also Lieutenant with the Bayonne Police Department in Bayonne, New Jersey, and have been employed there since 1994. Currently, I am assigned to HIDTA Group 2 of the New Jersey Field Division, where I am tasked with investigating international drug trafficking offenses, among other offenses. I have gained expertise in the area of international drug trafficking and money laundering through training and daily work related to conducting these types of investigations. In the course of my duties, I have (a) conducted physical and wire surveillance; (b) executed search warrants at locations where records of criminal activity have been found; (c) reviewed and analyzed numerous recorded conversations and other documentation of criminal activity; (d) debriefed cooperating defendants and confidential human sources; (e) monitored wiretapped conversations, and (f) conducted surveillance of individuals engaged in white collar crimes. I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities. I am aware that white-collar criminals frequently use electronic media, including emails, in furtherance of their criminal activities.

3.     This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2

DOJ_01201636

4.      Based on my training and experience and the facts as set forth in this affidavit,
there is probable cause to believe that violations of 18 U.S.C. § 1956 and 50 U.S.C. § 1705 have
been committed by Kassim Tajideen, Imad Hassoun, Fatima Zabad, Abeer Swaidan, as well as
unknown persons.  There is also probable cause to search the information associated with
ABEERSWAIDAN@GMAIL.COM, ABSM.EPSILON@GMAIL.COM,
EXPORT.ICTC@GMAIL.COM, FZABAD.EPSILON@GMAIL.COM,
HASSOUNIMAD@GMAIL.COM, KTAJIDEEN@GMAIL.COM, and
LOGISTICS.ICTC@GMAIL.COM for evidence, instrumentalities, contraband, or fruits of these
crimes further described in Attachment A.

## JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of
competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) and
(c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has
jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

6.      I am investigating violations by Kassim Tajideen, Imad Hassoun, Fatima Zabad,
Abeer Swaidan, and others, of the International Emergency Economic Powers Act ("IEEPA"),
50 U.S.C. § 1705, as well as the Money Laundering Control Act, 18 U.S.C. § 1956.

7.      Tajideen is an associate of the Hizbollah terrorist organization based in Beirut,
Lebanon.  He owns and operates a massive business empire throughout the world that is involved
in food distribution, transportation, and construction.

8.      Two of Tajideen's companies are Sicam Ltd, based in Luanda, Angola, and
International Cross Trade Company Ltd ("ICTC"), based in the United Arab Emirates and

DOJ_01201637

Lebanon. Another Tajideen company is Epsilon Trading FZE (Epsilon), based in the United Arab Emirates and Lebanon.

9.  Imad Hassoun, Fatima Zabad, and Abeer Swaidan, are employed by Tajideen at ICTC and Epsilon. Their duties include the procurement of products and the provision of logistical support to vendors.

10.  On May 27, 2009, Tajideen was designated by the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC") as a Specially Designated Global Terrorist ("SDGT") under authority granted to the President of the United States by IEEPA.

11.  IEEPA gives the President of the United States certain powers, defined in Title 50, United States Code, Section 1702, to respond to threats with respect to which the President has declared a National Emergency. Section 1705 provides, in pertinent part, "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this title." 50 U.S.C. § 1705(a).

12.  On September 23, 2001, President George Walker Bush issued Executive Order 13224, declaring a national emergency pursuant to IEEPA and other statutes with respect to the threat to the national security, foreign policy, and economy of the United States posed by grave acts of terrorism and threats of terrorism committed by foreign terrorists, and the continuing and immediate threat of further attacks on U.S. nationals or the United States.

13.  To implement Executive Order 13224, OFAC issued the Global Terrorism Sanctions Regulations ("GTSR"), Title 31, Code of Federal Regulations, Part 594.

14.  Subpart 594.201(a) of the GTSR provides, in pertinent part,

> "Except as authorized by statutes, regulations, orders, directives, rulings, instructions, licenses or otherwise ... property and interests in property of the following persons [including SDGTs] that are in

4

DOJ_01201638

the United States, that hereafter come within the United States, or
that hereafter come within the possession or control of U.S.
persons, including their overseas branches, are blocked and may
not be transferred, paid, exported, withdrawn or otherwise dealt
in…"

15.    Subpart 594.204 of the GTSR further states,

"Except as otherwise authorized, no U.S. person may engage in
any transaction or dealing in property or interests in property of
persons whose property or interests in property are blocked
pursuant to § 594.201(a), including but not limited to the making
or receiving of any contribution of funds, goods, or services to or
for the benefit of persons whose property or interests in property
are blocked pursuant to § 594.201(a)"

16.    On October 31, 2001, the Secretary of State identified Hizbollah, among others,

as a Specially Designated Global Terrorist (hereafter, "SDGT") pursuant to Executive Order

13224 because it had committed, or posed a significant risk of committing, acts of terrorism that

threaten the security of the U.S. nationals or the national security, foreign policy, or economy of

the United States. See 67 Fed. Reg. 12633 (Mar. 19, 2002).

17.    On May 27, 2009, the Secretary of the Treasury identified Tajideen, among

others, as a financial supporter of Hizbollah, and immediately designated him an SDGT pursuant

to Executive Order 13224.  See 74 Fed. Reg. 26475 (Jun. 2, 2009).

18.    In late 2013, during the course of my investigation, the president of a large

American food exporter, referred to here as "Company X", stated to agents from the DEA that

Company X had conducted business with Tajideen after his SDGT designation through a third

party intermediary.  He/she also stated that the transactions were with a foreign subsidiary of

his/her company, and had now stopped.  I have since observed documents indicating Company X

5

DOJ_01201639

also had direct commercial contact with companies controlled and owned by Tajideen after his SDGT designation.

19.     I further learned that two other American companies, referred to here as "Company Y" and "Company Z," are currently conducting business with Sicam, Ltd., Epsilon, and ICTC, despite Tajideen's continued designation as an SDGT.

20.     As part of my investigation, I acquired and examined emails, text messages, and voice recordings, from Company X, Company Y, and Company Z. I also conducted interviews with employees of the companies and others individuals in the industry.

21.     As a result, I have learned that since approximately May 1, 2013, Company Y and Z employees in the United States communicated directly with Tajideen, Hassoun, Zabad, and Swaidan, in order to procure and conduct business. The majority of communications were through email. Tajideen used the email address KTAJIDEEN@GMAIL.COM. Hassoun utilized the email address HASSOUNIMAD@GMAIL.COM. Swaidan utilized the email addresses ABEERSWAIDAN@GMAIL.COM and ABSM.EPSILON@GMAIL.COM. An unknown employee or employees of ICTC utilized the email addresses EXPORT.ICTC@GMAIL.COM and LOGISTICS.ICTC@GMAIL.COM.

22.     Specifically, I have learned that from a period beginning on or about May 31, 2013 until today, on at least fourteen (14) separate occasions the above four addresses were used to set up and execute the sale of goods from Company Y to ICTC. On each of the fourteen (14) occasions, the goods were shipped via container to Sicam, Ltd. in Angola. I have seen and examined copies of business records documenting these shipping transactions.

23.     On at least fourteen (14) separate occasions, the above seven addresses were used to set up payment for goods via wire transaction from Tajideen-controlled bank accounts at

DOJ_01201640

Sharjah Islamic Bank, Emirates NBD Bank PJSC, and Mashreq Bank. I have seen and examined

copies of business records documenting thirteen (13) of these wire transactions that took place

during a period beginning January 15, 2014 through February 3, 2014. The wire transfers were

in Euros and in USD.

24.     I also learned that in late 2014, an executive at Company Y had a face-to-face

meeting with Tajideen in a foreign country. This executive told me about the meeting and said

that the purpose of the meeting was to strengthen the business relationship between ICTC and

Company Y.

25.     I have confirmed that OFAC has not issued any licenses to Company X, Company

Y, Company Z, or any other U.S. exporter, for the purpose of conducting business with Tajideen

or any of his companies that are designated as SDGTs.

26.     I know that an executive at Company Y conducted a series of telephone calls with

Tajideen sometime in the past one hundred (100) days. I have heard these calls firsthand.

During the calls, Tajideen discussed the fact that he has purposely distanced himself from ICTC

in order to evade the OFAC sanctions against him. During the same calls, Tajideen makes

reference to emails recently sent by Hassoun and Tajideen to the caller from Company Y.

According to Tajideen, the emails purportedly have documents attached that demonstrate how

careful Tajideen has been in keeping his association with ICTC a secret from OFAC.

27.     Accordingly, I have probable cause to believe that information stored by

GOOGLE, INC., regarding email addresses ABEERSWAIDAN@GMAIL.COM,

ABSM.EPSILON@GMAIL.COM, EXPORT.ICTC@GMAIL.COM,

FZABAD.EPSILON@GMAIL.COM, HASSOUNIMAD@GMAIL.COM,

KTAJIDEEN@GMAIL.COM, and LOGISTICS.ICTC@GMAIL.COM, during a period

DOJ_01201641

beginning January 1, 2013, until the present day, will contain evidence of criminal violations of
18 U.S.C. § 1956 and 50 U.S.C. § 1705.

28.     On or about July 16, 2015, GOOGLE, INC. received a letter via email requesting,
"preservation of all stored communications, records, and other evidence" regarding
ABEERSWAIDAN@GMAIL.COM, ABSM.EPSILON@GMAIL.COM,
EXPORT.ICTC@GMAIL.COM, FZABAD.EPSILON@GMAIL.COM,
HASSOUNIMAD@GMAIL.COM, KTAJIDEEN@GMAIL.COM, and
LOGISTICS.ICTC@GMAIL.COM, from January 1, 2013 until such date that this letter is
processed…" In general, an email that is sent to a GOOGLE, INC. subscriber is stored in the
subscriber's "mail box" on GOOGLE, INC. servers until the subscriber deletes the email. If the
subscriber does not delete the message, the message can remain on GOOGLE, INC. servers
indefinitely. Even if the subscriber deletes the email, it may continue to be available on
GOOGLE, INC.'s servers for a certain period of time.

### BACKGROUND CONCERNING EMAIL

29.     In my training and experience, I have learned that GOOGLE, INC. provides a
variety of on-line services, including electronic mail ("email") access, to the public. GOOGLE,
INC. allows subscribers to obtain email accounts at the domain name, gmail.com, like the email
accounts listed in the caption to this affidavit. Subscribers obtain an account by registering with
GOOGLE, INC. During the registration process, GOOGLE, INC. asks subscribers to provide
basic personal information. Therefore, the computers of GOOGLE, INC. are likely to contain
stored electronic communications (including retrieved and unretrieved email for GOOGLE, INC.
subscribers) and information concerning subscribers and their use of GOOGLE, INC. services,
such as account access information, email transaction information, and account application

8

DOJ_01201642

information.  In my training and experience, such information may constitute evidence of the

crimes under investigation because the information can be used to identify the account's user or

users.

30.     A GOOGLE, INC. subscriber can also store with the provider files in addition to

emails, such as address books, contact or buddy lists, stored g-chat conversations, calendar data,

pictures (other than ones attached to emails), and other files, on servers maintained and/or owned

by GOOGLE, INC.  In my training and experience, evidence of who was using an email account

may be found in address books, contact or buddy lists, email in the account, and attachments to

emails, including pictures and files.

31.     In my training and experience, email providers generally ask their subscribers to

provide certain personal identifying information when registering for an email account.  Such

information can include the subscriber's full name, physical address, telephone numbers and

other identifiers, alternative email addresses, and, for paying subscribers, means and source of

payment (including any credit or bank account number).  In my training and experience, such

information may constitute evidence of the crimes under investigation because the information

can be used to identify the account's user or users.  Based on my training and my experience, I

know that even if subscribers insert false information to conceal their identity, I know that this

information often provide clues to their identity, location or illicit activities.

32.     In my training and experience, email providers typically retain certain

transactional information about the creation and use of each account on their systems.  This

information can include the date on which the account was created, the length of service, records

of log-in (i.e., session) times and durations, the types of service utilized, the status of the account

(including whether the account is inactive or closed), the methods used to connect to the account

9

(such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

33.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

34.     As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further,

10

DOJ_01201644

information maintained by the email provider can show how and when the account was accessed or used.  For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account along with the time and date.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner.  Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (e.g., location information integrated into an image or video sent via email).  Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement).

35.     Federal Rule of Criminal Procedure 41(e)(2)(A) and (B) directs the United States to execute a search warrant for electronic evidence within 14 days of the warrant's issuance.  If the Court issues this warrant, the United States will execute it not by entering the premises of GOOGLE, INC., as with a conventional warrant, but rather by serving a copy of the warrant on the company and awaiting its production of the requested data.  This practice is approved in 18 U.S.C. § 2703(g) and it is generally a prudent one because it minimizes the government's intrusion onto Internet companies' physical premises and the resulting disruption of their business practices.  It is possible that the company could produce the data outside the 14-day deadline, in which case the United States would want to view the data without a further court

DOJ_01201645

order or follow-up warrant, with the exception of any records or data that were created (as opposed to copied) after the 14-day deadline.

## CONCLUSION

36.     Based on the forgoing, I request that the Court issue the seven proposed search warrants.  Because the warrants will be served on GOOGLE, INC., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrants at any time in the day or night.

## REQUEST FOR SEALING

37.     I further request that the Court order that all papers in support of this application, including the affidavit and seven search warrants, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates, intimidate witnesses, or otherwise seriously jeopardize the investigation.

Respectfully submitted,

Lt. Anthony Maddalone
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on July 23, 2015

Honorable Deborah A. Robinson
UNITED STATES MAGISTRATE JUDGE

12

DOJ_01201646

## ATTACHMENT A

### Particular Things to be Seized

**I.      Information to be disclosed by GOOGLE, INC. (the "Provider")**

To the extent that the information associated with ABEERSWAIDAN@GMAIL.COM,

ABSM.EPSILON@GMAIL.COM, EXPORT.ICTC@GMAIL.COM,

FZABAD.EPSILON@GMAIL.COM, HASSOUNIMAD@GMAIL.COM,

KTAJIDEEN@GMAIL.COM, and LOGISTICS.ICTC@GMAIL.COM is within the possession,

custody, or control of the Provider, including any emails, records, files, logs, or information that

has been deleted but is still available to the Provider, or has been preserved pursuant to a request

made under 18 U.S.C. § 2703(f) on July 16, 2015, the Provider is required to disclose the

following information to the government for each account or identifier listed above:

a.      The contents of all emails associated with the account, including stored or

preserved copies of emails sent to and from the account, draft emails, the source and destination

addresses associated with each email, the date and time at which each email was sent, and the

size and length of each email;

b.      All records or other information regarding the identification of the account, to

include full name, physical address, telephone numbers and other identifiers, records of session

times and durations, the date on which the account was created, the length of service, the IP

address used to register the account, log-in IP addresses associated with session times and dates,

account status, alternative email addresses provided during registration, methods of connecting,

log files, and means and source of payment (including any credit or bank account number);

c.      The types of service utilized;

d.      All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. § 1956 and 50 U.S.C. § 1705, those violations involving Kassim Tajideen, Imad Hassoun, Abeer Swaidan, Fatima Zabad, and others unknown, and occurring after January 1, 2013, including, for ABEERSWAIDAN@GMAIL.COM, ABSM.EPSILON@GMAIL.COM, EXPORT.ICTC@GMAIL.COM, FZABAD.EPSILON@GMAIL.COM, HASSOUNIMAD@GMAIL.COM, KTAJIDEEN@GMAIL.COM, and LOGISTICS.ICTC@GMAIL.COM, information pertaining to the following matters:

(a) Communications, documents, and records identifying companies owned by Tajideen;

(b) Communications, documents, and records identifying U.S. persons who have conducted business with Tajideen since his designation as an SDGT on May 27, 2009;

(c) Communications, documents, and records discussing IEEPA, the OFAC sanctions, or investigations by the U.S. government;

(d) Communications, documents, and records indicating travel plans for Tajideen, Hassoun, Zabad, or Swaidan;

2

DOJ_01201648

(e) Communications, documents, and records identifying other individuals who are, or have, aided, or assisted Tajideen to evade IEEPA;

(f) Communications, documents, and records identifying other individuals who are, or have, aided, or assisted Tajideen with the laundering of monetary instruments;

(g) Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

(h) Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

(i) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(j) The identity of the person(s) who communicated with the user ID about matters relating to conducting business with American companies, including records that help reveal their whereabouts.

## III. Government procedures for warrant execution

The United States government will conduct a search of the information produced by the Provider and determine which information is within the scope of the information to be seized, as specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the Provider that does not fall within the scope of Section II and will not further review the information absent an order of the Court.

3

DOJ_01201649