**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No.  1:17-cr-0046-RBW |
| **KASSIM TAJIDEEN,** | ) ) ) | |
| **Defendant.** | ) ) | |

**CONSENT MOTION TO WAIVE A FULL
PRESENTENCE INVESTIGATION AND REPORT**

The requirement of a presentence investigation by the probation office may be waived if "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553." Fed. R. Crim. P. 32(c)(1)(A)(ii).  With the government's consent, Defendant Kassim Tajideen respectfully asks the Court to waive a full presentence investigation and report in this case.

The parties have entered into a plea agreement and presented it to the Court for review pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Should the Court accept that agreement, Mr. Tajideen would plead guilty to Count Eleven of the Superseding Indictment and would be subject to a sentence of 60 months' imprisonment and a forfeiture money judgment of $50 million.  Pursuant to Rule 11(c)(1)(C), such a plea agreement "binds the court [to enter the agreed-upon sentence] once the court accepts the plea agreement."

Mr. Tajideen respectfully submits that "the information in the record enables [the court] to meaningfully" evaluate this agreement (and thereby "exercise its sentencing authority"), Fed. R. Crim. P. 32(c)(1)(A)(ii), and that a full presentence investigation and report by the probation office would be unnecessary and impractical.  Many of the topics that would normally be covered by a probation office presentence investigation, including Mr. Tajideen's employment,

family, and personal history, would require interviews and record collection abroad. Mr. Tajideen has never lived in the United States and is currently present here only by virtue of having been extradited. Moreover, because of Mr. Tajideen's ongoing status as a Specially Designated National, any third parties who become involved in the presentence investigation process would potentially need to obtain licenses from the Office of Foreign Assets Control. *See* 31 C.F.R. § 594.204(a).

At the status conference on November 5, 2018, the Court indicated that, before deciding whether to accept the parties' plea agreement, it would want the probation office to at least inquire into Mr. Tajideen's criminal history. As Mr. Tajideen has noted in prior filings, he has a 2003 Belgium conviction for customs violations for which he received a suspended sentence. *See, e.g.*, ECF No. 58 at 11. Mr. Tajideen represents that he has no criminal history in Lebanon, the United States, or any other country besides Belgium, and the government is not aware of any such criminal history. Mr. Tajideen respectfully proposes that the probation office perform a criminal history check in the United States and, to the extent feasible, Belgium, but that the Court otherwise waive the requirement of a presentence investigation and report under Rule 32(c)(1)(A)(ii).[1]

To the extent that the Bureau of Prisons requires any additional information beyond what is in the record in order to make a determination regarding prison placement or to evaluate any application under the International Prisoner Transfer Program, 18 U.S.C. § 4100–15, Mr. Tajideen proposes that he or his counsel will respond to any reasonable inquiries from the Bureau of Prisons for those purposes. As noted in the plea agreement, the government has agreed not to oppose a request by Mr. Tajideen that, in its judgment, the Court recommend that

---

[1] The United States has a Mutual Legal Assistance Treaty with Belgium but not with Lebanon. *See* U.S. Dep't of State, *Treaties—Bureau of Int'l Narcotics and Law Enforcement Affairs Report* (2016), https://www.state.gov/j/inl/rls/nrcrpt/2016/vol2/253357.htm.

the Bureau of Prisons place him in a specified institution, so long as that institution is at least a minimum security institution.

## **CONCLUSION**

With the government's consent, Mr. Tajideen respectfully requests that the Court order the probation office to conduct a criminal history check but otherwise waive the requirement of a presentence investigation pursuant to Rule 32(c)(1)(A)(ii).

Dated: November 30, 2018               Respectfully submitted,

*/s/   William W. Taylor, III*
William W. Taylor, III (D.C. Bar No. 84194)
Eric R. Delinsky (D.C. Bar No. 460958)
Steven N. Herman (D.C. Bar No. 987250)
ZUCKERMAN SPAEDER LLP
1800 M Street N.W. Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
E-mail: wtaylor@zuckerman.com

William J. Murphy
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
E-mail: wmurphy@zuckerman.com

*Attorneys for Defendant Kassim Tajideen*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 30, 2018, the foregoing was served on counsel of record via the Court's CM/ECF Service.

/s/ Steven N. Herman
Steven N. Herman