UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| KASSIM TAJIDEEN,<br>also known as<br>HAJ KASSIM, BIG HAJ, BIG BOSS,<br>QASIM TAJIDEEN, QASSIM TAJIDEEN,<br>KASSEM TAJIDEEN, KASSIM TAJ ALDINE,<br>KASSIM TAJ ALDIN, KASSIM TAJ AL-DIN,<br>KASSIM TAJ AL-DINE, and<br>KASSIM TAJADIN,<br><br>Defendant. | :<br>:<br>:<br>: Case No. 1:17-CR-00046 (RBW)<br>:<br>:<br>:<br>:<br>: |

## STATEMENT OF FACTS

The Government respectfully submits the following Statement of Facts in support of a plea of guilty by defendant Kassim Tajideen to Count Eleven of the Superseding Indictment in the above-captioned matter.

### I. ELEMENTS OF THE OFFENSE

To sustain a conviction for a violation of 18 U.S.C. § 1956(h) at trial, the government must prove the following elements:

(1) the Defendant conspired with one or more other persons;

(2) to commit international money laundering, that is, to transport, transmit or transfer, or attempt to transport, transmit or transfer, a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States;

(3) with the intent to promote the carrying on of a specific unlawful activity, here, violations of the International Emergency Economic Powers Act, Title 50, United States Code, Sections 1701-1706 (hereinafter "IEEPA").

1

## II. SUMMARY OF FACTS

If this case were to go to trial on Count 11 of the Superseding Indictment, conspiracy to launder monetary instruments, a violation of 18 U.S.C. § 1956(h), the Government would prove the following facts beyond a reasonable doubt:

1. On May 27, 2009, Kassim Tajideen was designated and publicly listed as a Specially Designated Global Terrorist (hereinafter, "SDGT") by the U.S. Department of the Treasury, Office of Foreign Assets Control (hereinafter, "OFAC"), located in the District of Columbia. Kassim Tajideen maintains that his designation was improper, and that he never provided financing or any other support to any terrorist organization or Hizballah. But Kassim Tajideen acknowledges that, regardless of this position, his designation by OFAC, and the prohibitions on transactions attendant to it under the IEEPA and other regulations, were in full force during the period of the conspiracy period as defined herein, and, that other laws made it unlawful for any person to violate, attempt to violate, conspire to violate, or cause a violation of these prohibitions.

2. At all relevant times between May 27, 2009, and February 15, 2018 ("the conspiracy period"), Kassim Tajideen was aware of his status as an SDGT, as well as the prohibition against U.S. persons participating in transactions with him.

3. At all relevant times during the conspiracy period, Kassim Tajideen owned Sicam Limited (hereinafter, "Sicam") of Angola and International Cross Trade Limited (hereinafter, "ICTC") of the United Arab Emirates.

4. At all relevant times during the conspiracy period, Kassim Tajideen, and at least five other individuals under his leadership, including Imad Hassoun, (hereinafter "Kassim Tajideen and his co-conspirators") were aware that because of his SDGT designation, Kassim Tajideen's assets were blocked from entering or exiting the United States, and that U.S. persons were legally

prohibited from transacting business with him, or with companies that he owned, without a license from OFAC.

5. During the conspiracy period, Kassim Tajideen and his co-conspirators conducted at least seven commercial transactions with U.S. persons using ICTC to wire transfer funds into the United States from the United Arab Emirates. The commercial transactions were arranged through emails, text messages, and phone calls by Kassim Tajideen and his co-conspirators. These commercial transactions involved purchases of commercial goods from U.S. persons, were not licensed by OFAC, and constituted knowing, willful, criminal violations of IEEPA by Kassim Tajideen.

6. During the conspiracy period, Kassim Tajideen and his co-conspirators, agreed and conspired to consummate these transactions and other transactions by arranging approximately sixteen wire transfers of funds into the United States, originating outside the United States, and numerous shipments of goods from American ports to places outside the United States. Each wire transfer was intended to promote an unlicensed transaction which was a criminal IEEPA violation. During these transactions, Kassim Tajideen and his co-conspirators took steps to conceal and mislead U.S. persons regarding Kassim Tajideen's ownership of, and benefit from, ICTC and Sicam.

7. During the conspiracy period, Kassim Tajideen and his co-conspirators conspired to wire transfer money into or out of the United States with the intent to promote unlicensed transactions with U.S. persons, in violation of the business prohibition and blocking regulations effected by OFAC's designation of Kassim Tajideen as an SDGT. In furtherance of this conspiracy, Tajideen or his co-conspirators caused the following wire transfers of funds into the United States

from the United Arab Emirates, on or about the approximate dates shown, totaling approximately $5.56 million:

| | Approx. Date | Approx. amount | Originator Bank Account | Country of Origin | U.S. Beneficiary |
|---|---|---|---|---|---|
| 1. | January 15, 2014 | $136,645.00 | Emirates NBD Bank PJSC *****1302 (ICTC) | United Arab Emirates | U.S. Company A |
| 2. | January 31, 2014 | $273,088.00 | Emirates NBD Bank PJSC *****1302 (ICTC) | United Arab Emirates | U.S. Company A |
| 3. | February 13, 2014 | $272,987.00 | Emirates NBD Bank PJSC *****1304 (ICTC) | United Arab Emirates | U.S. Company A |
| 4. | July 2, 2014 | $310,950.00 | Emirates NBD Bank PJSC *****1302 (ICTC) | United Arab Emirates | U.S. Company B |
| 5. | July 22, 2014 | $229,785.00 | Emirates NBD Bank PJSC *****1302 (ICTC) | United Arab Emirates | U.S. Company A |
| 6. | July 24, 2014 | $153,190.00 | Emirates NBD Bank PJSC *****1302 (ICTC) | United Arab Emirates | U.S. Company A |
| 7. | August 6, 2014 | $621,901.00 | Emirates NBD Bank PJSC *****1302 (ICTC) | United Arab Emirates | U.S. Company B |
| 8. | September 9, 2014 | $615,327.60 | Emirates NBD Bank*************1302 (ICTC) | United Arab Emirates | U.S. Company B |
| 9. | September 17, 2014 | $365,985.00 | Emirates NBD Bank PJSC *****1302 (ICTC) | United Arab Emirates | U.S. Company A |
| 10. | September 22, 2014 | $551,064.60 | Sharjah Islamic Bank *****5003 (ICTC) | United Arab Emirates | U.S. Company A |
| 11. | October 8, 2014 | $571,010.00 | Mashreq Bank *****6789 (ICTC) | United Arab Emirates | U.S. Company A |
| 12. | October 17, 2014 | $47,115.00 | Emirates NBD Bank PJSC *****1302 (ICTC) | United Arab Emirates | U.S. Company A |
| 13. | November 11, 2014 | $188,460.00 | Sharjah Islamic Bank *****5003 (ICTC) | United Arab Emirates | U.S. Company A |
| 14. | November 14, 2014 | $460,200.00 | Emirates NBD Bank PJSC *****1302 (ICTC) | United Arab Emirates | U.S. Company A |
| 15. | December 30, 2014 | $615,960.00 | Mashreq Bank *****6789 (ICTC) | United Arab Emirates | U.S. Company A |
| 16. | February 3, 2015 | $154,000.00 | Sharjah Islamic Bank *****5003 (ICTC) | United Arab Emirates | U.S. Company A |

8. Each of the listed wire transfers promoted unlicensed transactions with U.S. persons that violated IEEPA. Kassim Tajideen and his co-conspirators conducted wire transfers totaling over $50,000,000.00 which promoted violations of IEEPA. In addition, had this case gone to trial, the Government's evidence would have shown that, during and in furtherance of the conspiracy, Kassim Tajideen and his co-conspirators knowingly engaged in transactions outside of the United States which involved transmissions of as much as $1 billion through the United States financial system from places outside the United States, which transmissions involved the companies International Cross Trade Company and Epsilon Trading FZE, of the United Arab Emirates. Kassim Tajideen admits that he benefited from the transmissions referenced in this paragraph. In addition, had this case gone to trial, Kassim Tajideen would have disputed the government's theories seeking forfeiture of any funds or property other than those based on the transactions specified in the Superseding Indictment, which totaled approximately $30 million.

Respectfully submitted,

JESSIE K. LIU

6653528.1

        United States Attorney
        D.C. Bar No. 472845

By:  /s/
    Thomas A. Gillice, D.C. Bar No. 452336
    Luke Jones, VA Bar No. 75053
    Karen P. Seifert, NY Bar No. 4742342
    Assistant United States Attorneys
    Jacqueline L. Barkett, NY Bar No. 5424916
    Special Assistant United States Attorney
    National Security Section
    United States Attorney's Office
    555 4th Street NW, 11th Floor
    Washington, D.C. 20530
    (202) 252-1791
    thomas.gillice@usdoj.gov
    luke.jones@usdoj.gov
    karen.seifert@usdoj.gov
    jacqueline.l.barkett@usdoj.gov

and

JAY BRATT
Chief

By:  /s/
    Adam Small, MD Bar
    Trial Attorney
    Counterespionage and Export Control Section
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C. 20530
    (202) 616-2431
    adam.small@usdoj.gov

and

DEBORAH L. CONNOR
Chief

By:  /s/
    Joseph Palazzo, MA Bar No. 669666
    Trial Attorney
    Money Laundering and Asset Recovery
    Section, Criminal Division

Dated: November 27, 2018

United States Department of Justice
1400 New York Avenue NW, 10th Floor
Washington, D.C. 20005
(202) 514-1263
joseph.palazzo@usdoj.gov

### Defendant's Acceptance

I have read each of the pages which constitute the government's Proffer of Proof and have discussed it with my attorney, William Taylor, Esquire. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement. I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 11-23-18 /ebm

_____
KASSIM TAJIDEEN
Defendant

### Attorney's Acknowledgment

I have read each of the pages which constitute the government's Proffer of Proof, reviewed them with my client, and discussed the provisions of the proffer with him, fully. These pages accurately and completely set forth the government's proof as I understand it.

Date: 11/27/18

_____
William W. Taylor, /SNH
William Taylor, Esq.
Attorney for Defendant Kassim Tajideen

6

6653528.1