

U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 23, 2018

William W. Taylor, III, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C. 20036

      Re:   United States v. Kassim Tajideen
              Criminal Case No. 1:17-cr-00046 (RBW)

Dear Counsel,

      This letter sets forth the full and complete plea offer to your client, Kassim Tajideen (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia, the Money Laundering and Asset Recovery Section and Counterespionage and Export Control Section of the United States Department of Justice Criminal Division (hereinafter referred to together as "the Government"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter "this Agreement"). This is a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the offer are as follows:

### I.    Charges and Statutory Penalties

      Your client agrees to plead guilty to Count 11 in the Superseding Indictment, charging your client with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h).

      Your client understands that a violation of 18 U.S.C. § 1956(h) carries a maximum sentence of not more than 20 years of imprisonment; a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; a forfeiture of any property, real or personal, involved in the offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

1

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2016) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

## II.    Factual Stipulations

Your client agrees that the attached "Statement of Facts" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Facts, along with this Agreement.

## III.    Additional Charges

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally or civilly by the Government for money laundering violations in furtherance of the specified unlawful activity of violating the International Emergency Economic Powers Act ("IEEPA") occurring during the period of the conspiracy set forth in the Statement of Facts, or for IEEPA violations during the same period set forth in the Statement of Facts. The Government will request that the Court dismiss the remaining counts of the Superseding Indictment in this case with prejudice at the time of sentencing. Your client agrees that the United States has evidence supporting the dismissed charges.

The United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement. The Government represents that it is not aware of your client engaging in any crime of violence.

After the entry of your client's plea of guilty to the offense identified in Section I above, your client, your client's wife, Huda Hussein Saad, his four children Ali Kassim Tajideen, Mohamad Kassim Tajideen, Hussen Kassim Tajideen, Sylvana Kassim Tajideen; and companies that the defendant admits to owning or benefiting from listed below, will not be prosecuted criminally or civilly by the Government for IEEPA violations or money laundering offenses in furtherance thereof occurring during the period of the conspiracy set forth in the Statement of Facts, nor for a conspiracy to defraud the United States during that same period as alleged in the Superseding Indictment. Your client understands that this agreement applies only to the persons and companies listed in this paragraph. Your client admits to owning the following companies or benefiting from transactions performed by them: International Cross Trade Company (also known as ICTC); Sicam Limited; Epsilon Trading FZE; Ovlas Trading SA; Golfrate Holdings (Angola) Limitada; Afri Belg Commercio E Industria, LDA; All Commerce-Angola, LDA; Chirang Commercial, LDA; Massabia, LDA; Muteba Distribuicao, S.A.; Afrimex SAL Off-Shore; Al Massar Real Estate Company; Delhamiyeh Development Company a/k/a DeldiCo;

2

Delhamiyeh Rural Club; Elissar General Trading, LLC; Galaxy Flame Trading SAL Off-Shore; Hyram Maritime SAL; Jawad Export; Leaders of Supply and Products SAL Off-Shore; Societe Rifiyeh pour l'Amelioration Immobiliers SARL, a/k/a/ Company for Rural Property Development; Impex International Ltd.; Grupo Arosfran Empreendimentos e Participacoes SARL; Ovlas Trading SA SAL Off-Shore; FozKudia Industrial, LDA; Cogimbo; Cedar Man SAL Off-shore; Murex Investment and Development SAL Off-Shore; Oriental International Limited (RAK Off-Shore); and Tanit Plastics Limited, LDA.

## IV.    Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, your client and the Government agree that a sentence of 60 months of incarceration, with no period of supervised release or probation, as well as a forfeiture money judgment of $50 million (less the amount credited under paragraph XI(g)) paid prior to sentencing, is the appropriate sentence for the offense to which your client is pleading guilty. Your client and the Government agree that the appropriate sentence for the offense to which your client is pleading guilty will include no fine. The Government further agrees that it will not oppose a request by the defendant that no restitution be imposed at sentencing. This Agreement with respect to the appropriate sentence affects only the term of incarceration, supervised release, fines and forfeiture, as well as the Government's position regarding restitution, as set forth in this paragraph.

### A.    Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement between the parties to the Court for its approval at the time of your client's entry of a plea of guilty in this case. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, the Court will sentence your client to sixty months of incarceration, and a forfeiture money judgment of $50 million (less the amount credited under paragraph XI(g)), and no term of supervised release and no fine. Your client understands that if the Court accepts this Agreement, then the Court will embody, in the judgment and sentence, the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand and agree that while the agreed upon sentence of incarceration is 60 months, the period of incarceration will be reduced by time served as of the date of sentencing, and may be reduced by good conduct time or other reductions authorized by law, rule, or policy of the United States Bureau of Prisons.

### B.    Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform the Government and your client that a final disposition may be more or less favorable to your client than that contemplated by

this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges before your client enters any guilty plea in this case.

If the Court rejects this Agreement, your client elects to maintain this plea, and the Government does not exercise its right to withdraw from this Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. Your client further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

## V.     Sentencing Guidelines Analysis

In accordance with Paragraph I above, your client understands that, but for the above described agreed upon sentence pursuant to Rule 11(c)(1)(C), the sentence in this case would be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines and policies promulgated by the United States Sentencing Commission. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in evaluating this Agreement, the parties agree, for purposes of this Agreement, to the following:

### A.     Estimated Offense Level Under the Guideline

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2S1.1(a)(1) | Base Offense Level | 26 |
| U.S.S.G. § 2S1.1(b)(2)(B) | Specific Offense Characteristics: | |
| | conviction under 18 U.S.C. § 1956 | 2 |
| U.S.S.G. § 3B1.1(a) | Aggravated Role: | |
| | organizer or leader | 4 |
| | Total: | 32 |

### Acceptance of Responsibility

The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates his acceptance of responsibility to the satisfaction of the Government, through your client's allocution and adherence to every provision of this Agreement, and his conduct, between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the applicable Guidelines Offense Level will be at least 29.

### B.    Estimated Criminal History Category

Based upon the information now available to the Government, including representations by you, your client has no criminal convictions in the United States. Your client is estimated to have zero criminal history points and your client's Criminal History Category is estimated to be Category I. Your client acknowledges that if additional convictions are discovered during the pre-sentence investigation by the United States Probation Office, your client's criminal history points may increase.

### C.    Estimated Applicable Guidelines Range

Based upon the agreed total offense level and the estimated criminal history category set forth above, your client's estimated Sentencing Guidelines range is 87 months to 108 months (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 29, the estimated applicable fine range is $30,000 to $300,000.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Estimated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided above. Moreover your client understands and acknowledges that the Estimated Guidelines Range agreed to by the parties is not binding on the Probation Office or the Court. Should the Court determine that a different guidelines range is applicable, your client will not be permitted to withdraw your client's guilty plea on that basis, and the Government and your client will still be bound by this Agreement.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

## VI.    Court Not Bound by this Agreement or the Sentencing Guidelines (applicable only when Rule 11(c)(1)(C) plea is rejected by the Court)

In accordance with Section IV above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government elect not to exercise its right to withdraw from this Agreement, the parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. Nevertheless, your client reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government reserves the right to seek a sentence above the Estimated Guidelines Range based on § 3553(a) factors.

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government elect not to exercise its right to withdraw from this Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed under those circumstances is a matter solely within the discretion of the Court. Your client acknowledges that, under those circumstances, the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that, under those circumstances, neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government elect not to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government elect not to exercise its right to withdraw from this Agreement. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

## VII.    Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. The parties agree that the factual basis underlying OFAC's designation of the defendant is not

relevant for purposes of sentencing in this case. The Government previously informed your client and the District Court that, at sentencing, it does not intend to prove or argue that your client supported Hizballah or terrorism, or any other facts that allegedly supported your client's designation as a "Specially Designated Global Terrorist" by the U.S. Department of Treasury's Office of Foreign Assets Control. Accordingly, any allocution by the Government shall not include any such allegations. Likewise, any allocution by the defendant will not seek to refute the factual basis for the OFAC designation. The parties agree that the OFAC designation of the defendant as an SDGT was in force at the time of the conduct described in the Superseding Indictment and the Statement of Facts, and that the existence alone of said designation – without regard to its factual basis – supports the defendant's plea of guilty in this case.

As discussed in this Agreement, your client and the Government have agreed on the term of incarceration, a Statement of Facts, and a forfeiture money judgment that will be paid in advance of sentencing. Therefore, if the Court accepts this Agreement, the Government agrees that it will not oppose a request by the defendant, in accordance with Fed. R. Crim. P. 32(c)(1)(A)(ii), that the Court find "that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553." Your client agrees that Zuckerman Spaeder LLP will provide, to the extent necessary, any additional information needed for your client's designation and classification by the Bureau of Prisons. Should the Court nonetheless order the preparation of a presentence report, the parties reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties nonetheless reserve the right to full allocution on such issue in any post-sentence litigation. The Government will not object to your client's request of the sentencing Court for its recommendation that the defendant be designated by the United States Bureau of Prisons to a minimum security institution, or to a specified institution selected by your client that meets his particular needs, as long as such institution is at least a minimum security institution affiliated with the United States Bureau of Prisons. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons, except that the Government agrees not to oppose a request to the Bureau of Prisons that your client be transferred to the Kingdom of Belgium pursuant to the International Prisoner Transfer Program if, and only if, the Government receives assurances from the government of Belgium that the length of the defendant's incarceration will not be reduced (beyond the Defendant's expected release date as calculated by the United States Bureau of Prisons) in connection with or as a result of any such transfer to Belgium. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

## VIII.  Conditions of Release

Your client agrees not to object to the Government's recommendation to the Court, at the time of the plea of guilty in this case, that your client remain detained without bond at Rappahannock Regional Jail pending your client's sentencing in this case pursuant to 18 U.S.C. § 3143 and his subsequent relocation to the facility designated by the Bureau of Prisons for your client to serve his term of incarceration.

## IX.  Waivers

### A.  Venue

Your client waives any challenge to venue in the District of Columbia.

### B.  Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Facts, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Facts that is not time-barred on the date that this Agreement is signed.

### C.  Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating

statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it, breaches the agreement or appeals his conviction or sentence, except where the Court rejects this Agreement under Rule 11(c)(5).

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

## D.    Appeal Rights

Your client agrees to waive the right to appeal the conviction in this case on any basis, including but not limited to claims that (1) the statute to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute. Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

Your client further understands that the District Court lacks jurisdiction to take his plea while his appeal to the United States Court of Appeals for the District of Columbia Circuit Court challenging his extradition, filed on August 22, 2018, remains pending. In order to allow your client to preserve his right to pursue this appeal should the Court reject this agreement under Rule 11(c)(5)(C), the parties agree, pursuant to Federal Rule of Criminal Procedure 37, to seek an indicative ruling from the District Court that it will accept this plea. Your client agrees that, immediately upon receipt of an indicative ruling from the District Court that it will accept this Rule(c)(1)(C) plea, your client will notify the Court of Appeals, pursuant to Fed. R. of App. P. 12.1, and seek a limited remand to allow the District Court to hear your client's plea of guilty and to determine whether the District Court would accept such a plea. Upon the District Court's indication that it would accept the plea, your client will then move to dismiss said appeal, so that

the case will be returned to the District Court for the actual entry of the plea by your client, the actual acceptance of the plea by the Court and the sentencing of your client. Your client agrees that he further waives any right to pre- or post-conviction appeal challenging his extradition.

### E.      Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence, or on a claim that a subsequent decision of the Supreme Court of the United States or the U.S. Court of Appeals for the D.C. Circuit dictates that the conduct referenced in the Statement of Facts to which your client has agreed to plead guilty does not constitute a federal crime, or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### F.      Privacy Act and FOIA Rights

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### G.      Conditions of Confinement

The Government agrees that, should your client or the Kingdom of Belgium request that your client serve his sentence in Belgium pursuant to the International Prison Transfer Program, *see* 18 U.S.C. § 4100 *et seq.*, the Government will not oppose such request if, and only if, the Government receives assurances from the government of Belgium that the length of the defendant's incarceration will not be reduced (beyond the Defendant's expected release date as calculated by the Bureau of Prisons) in connection with or as a result of any such transfer to Belgium. *See* 28 C.F.R. § 527.45. Your client may submit such a request immediately upon his being taken into custody by the Bureau of Prisons.

Further, the Government agrees that the Government will not object to a request by the Defendant for designation to a minimum security prison facility or to a specified institution selected by your client that meets his particular needs, as long as such institution is at least a minimum security institution administered by the United States Bureau of Prisons, unless it should be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

## X.   Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A, notwithstanding any other provisions in this agreement. Payments of restitution, if any, shall be made to the Clerk of Court. The Government represents that, to its knowledge, no restitution is warranted in this matter.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

## XI. Forfeiture

(a)   Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Superseding Indictment to which he is pleading guilty. Specifically, your client agrees to the entry of a forfeiture money judgment in the amount of $50,000,000.00, which shall fully satisfy the forfeiture alleged in the Forfeiture Allegation in the Superseding Indictment. The Government agrees that payment of the $50 million (less the amount credited under paragraph (g)) ·prior to sentencing shall, as set forth above and in paragraph (e), satisfy the forfeiture judgment.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a Consent or Preliminary Order of Forfeiture for this property at the time of his guilty plea or at any time before sentencing. Your client agrees that this Order will become final as to your client when it is issued and will be a part of the sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

(c) The Government agrees that it will use its best efforts to facilitate the payment of the forfeiture amount. However, responsibility for compliance with this term remains with the defendant.

(d) The parties agree that, if banking issues prevent funds from being transferred by the date scheduled for sentencing, the parties will jointly request a delay in the scheduled sentencing date. The parties further agree that if the transfer of funds described herein is not accomplished prior to 180 days after the entry of this plea by the defendant before the Court, or any earlier

deadline set by the Court for your client's transfer of these funds, the defendant will be deemed to have breached this agreement.

(e) Your client agrees that this plea agreement permits the Government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset, up to a maximum value of $50 million as provided in sub-paragraph (a) above. Regarding any forfeitable asset or property, your client agrees to forfeiture of all interest in: (1) any property, real or personal, involved in the offense alleged in Count Eleven, and any property traceable to such property; and (2) any substitute assets for property otherwise subject to forfeiture. See Title 18, United States Code Section 982(a)(1) and Title 21, United States Code, Section 853(p).



(g) As a condition of this Agreement, your client agrees that by signing this agreement he hereby waives any claim to the funds listed in the chart below ("the funds"), will not contest the judicial forfeiture of these funds, will not bring any type of claim, civil or administrative, for these funds in the future and hereby withdraws any claim for these funds that he may have filed. Both parties agree that these funds, which total $4,521,033.59, will be credited toward the money judgment at sentencing if and only if prior payment to the Government of $45,478,966.41 has been made by your client.

| BANK | AMOUNT | ENTITY | ORIGINATOR OR BENEFICIARY |
|------|--------|--------|---------------------------|
| Deutsche | $62,328.00 | Grupo Arosfran | Originator |
| Deutsche | $40,592.00 | Grupo Arosfran | Originator |
| Deutsche | $18,424.20 | Grupo Arosfran | Beneficiary |
| Deutsche | $489,665.00 | Grupo Arosfran | Originator |
| Deutsche | $100.00 | Grupo Arosfran | Originator |
| Deutsche | $8,850.00 | Grupo Arosfran | Originator |
| Wells Fargo | $460,800.00 | ICTC | Originator |
| SGBL USA | $4,262.50 | ICTC | Originator |

| The Bank of New York Mellon | $2,503,498.00 | Grupo Arosfran | Originator |
|---|---|---|---|
| Citibank | $149,950.00 | Leaders of Supply and Products SAL Off-Shore | Beneficiary |
| JP Morgan Chase Bank | $119,970.00 | Leaders of Supply and Products SAL Off-Shore | Beneficiary |
| Citibank | $55,414.18 | Golfrate Holding Angola Lda | Originator |
| Wells Fargo | $4,000 | Afri-Belg Angola Lda | Originator |
| Wells Fargo | $20,000 | Afri-Belg Angola Lda | Originator |
| Standard Chartered Bank | $3,291.32 | Grupo Arosfran | Beneficiary |
| Standard Chartered Bank | $121,700.00 | Grupo Arosfran | Originator |
| Standard Chartered Bank | $3,000 | Sicam | Originator |
| Standard Chartered Bank | $10,150 | Sicam | Originator |
| Bank of America | $445,038.39 | Epsilon Trading FZE | Originator |

(h) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## XII. Immigration Consequences

Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case may subject your client to detention, deportation and other sanctions at the direction of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement.

### A.    Stipulated Judicial Order of Removal

Your client agrees to the entry of a stipulated judicial order of removal pursuant to 8 U.S.C. § 1228(c)(5). Specifically, your client agrees that your client is removable from the United States upon the completion of the sentence imposed in this case. Your client consents to the entry of an order of removal issued by this Court and to the immediate execution of such order upon completion of the sentence imposed in this case. Your client waives the right to the notice and hearing provided for in 8 U.S.C. § 1228(c)(2), and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal. The United States represents that it has sought and received permission from the Secretary of the DHS to seek your client's stipulated removal pursuant to 8 U.S.C. § 1228(c)(5). Your client further agrees, together with the United States, to request that the District Court enter a specific finding that your client's waiver of your client's right to challenge the stipulated removal is knowing and voluntary.

### B.    Waiver of Rights Related to Removal from the United States

Your client agrees to waive your client's rights to any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal:  (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture.

### C.    Your Client's Cooperation in Your Client's Removal

Your client agrees to assist the DHS in the execution of your client's removal. Specifically, your client agrees to assist the DHS in the procurement of any travel or other documents necessary for your client's removal; to meet with and to cooperate with representatives of the country or countries to which your client's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite your client's removal. Your client further understands that your client's failure or refusal to assist the DHS in the execution of your client's removal shall breach this Agreement and may subject your client to criminal penalties under 8 U.S.C. § 1253.

## XIII.   Interpreter

Your client agrees that if an interpreter is required to assist your client in translating this Agreement into your client's native language, then your client agrees to request the Court, pursuant to "The Court Interpreter's Act," 28 U.S.C. § 1827, to secure the services of a certified interpreter at the Court's expense to verbally translate this Agreement and related documents for your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Agreement, or that this Agreement has been read to your client in your client's native language and that your client therefore understands this Agreement.

## XIV.   Breach of Agreement

Your client understands and agrees that, if after entering this Agreement and prior to sentencing, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off –the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

## XV. Complete Agreement

Your client understands this Agreement is binding upon your client and the Government. No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Facts, and returning both to me.

Sincerely yours,

DEBORAH CONNOR
Chief, Money Laundering
And Asset Recovery Section

JESSIE K. LIU

United States Attorney

By: _____
Joseph Palazzo
Trial Attorney

By: _____
Thomas Gillice
Luke Jones
Karen Seifert
Assistant United States Attorneys
and
Jacqueline Barkett
Special Assistant United States Attorney

JAY BRATT,
Chief, Counterespionage and
Export Control Section

By: _____
Adam Small
Trial Attorney

16

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, William W. Taylor, III, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.


Date: 11-23-18/ebm                          _____
                                            Kassim Tajideen
                                            Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Kassim Tajideen, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.


Date: 11/27/2018                            _____
                                            William W. Taylor, III, Esq.
                                            Attorney for Defendant Kassim Tajideen


17