# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 17-00046 (RBW) |
| | : |
| KASSIM TAJIDEEN, | : |
| | : |
| Defendant. | : |

## CONSENT ORDER OF FORFEITURE

*WHEREAS*, a written plea agreement was filed with this Court for consideration under Federal Rule of Criminal Procedure 11(c)(1)(C) in which defendant Kassim Tajideen has agreed to plead guilty to Count Eleven of the Superseding Indictment, charging the offense of Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956(h);

*WHEREAS*, the Superseding Indictment gives notice that the government seeks forfeiture of property, that is, the forfeiture of any property, real or personal, involved in the offense alleged in Count Eleven, and any property traceable to such property, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1);

*WHEREAS*, the Superseding Indictment gives notice that the United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, involved in the offense alleged in Count Eleven, and any property traceable to such property, which property is subject to forfeiture, pursuant to Title 21, United States Code, Section 982(a)(1);

*WHEREAS*, in his plea agreement, the defendant agreed to entry of a forfeiture money judgment in the amount of $50,000,000.00 in satisfaction of any potential forfeiture for conduct

1

occurring to prior to entry of the defendant's guilty plea in this matter, but subject to the credits described herein;

***WHEREAS***, subject to accepting the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Court preliminarily determines, based upon the evidence and information before it including the plea agreement and accompanying statement of facts, that any property, real or personal, involved in the offense alleged in Count Eleven, and any property traceable to such property, is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), and that a personal money judgment against the defendant is appropriate, as set forth below;

***WHEREAS***, subject to accepting the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Court preliminarily determines, based upon the evidence and information before it including the plea agreement and accompanying statement of facts, that entry of a forfeiture money judgment against defendant and in favor of the United States in the amount of $50,000,000.00 (subject to the credits described herein) is appropriate insofar as this property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1);

***WHEREAS***, in the plea agreement, the defendant waives any claim to the funds listed in the chart below, which total $4,521,033.59 ("the credited funds"), and agrees not to contest the judicial forfeiture of these funds:

| **BANK** | **AMOUNT** | **ENTITY** | **ORIGINATOR OR BENEFICIARY** |
|---|---|---|---|
| Deutsche | $62,328.00 | Grupo Arosfran | Originator |
| Deutsche | $40,592.00 | Grupo Arosfran | Originator |
| Deutsche | $18,424.20 | Grupo Arosfran | Beneficiary |
| Deutsche | $489,665.00 | Grupo Arosfran | Originator |

| | | | |
|---|---|---|---|
| Deutsche | $100.00 | Grupo Arosfran | Originator |
| Deutsche | $8,850.00 | Grupo Arosfran | Originator |
| Wells Fargo | $460,800.00 | ICTC | Originator |
| SGBL USA | $4,262.50 | ICTC | Originator |
| The Bank of New York Mellon | $2,503,498.00 | Grupo Arosfran | Originator |
| Citibank | $149,950.00 | Leaders of Supply and Products SAL Off-Shore | Beneficiary |
| JP Morgan Chase Bank | $119,970.00 | Leaders of Supply and Products SAL Off-Shore | Beneficiary |
| Citibank | $55,414.18 | Golfrate Holding Angola Lda | Originator |
| Wells Fargo | $4,000 | Afri-Belg Angola Lda | Originator |
| Wells Fargo | $20,000 | Afri-Belg Angola Lda | Originator |
| Standard Chartered Bank | $3,291.32 | Grupo Arosfran | Beneficiary |
| Standard Chartered Bank | $121,700.00 | Grupo Arosfran | Originator |
| Standard Chartered Bank | $3,000 | Sicam | Originator |
| Standard Chartered Bank | $10,150 | Sicam | Originator |
| Bank of America | $445,038.39 | Epsilon Trading FZE | Originator |

**WHEREAS**, the Government has agreed to apply the total amount of the credited funds, which is $4,521,033.59, toward the forfeiture money judgment issued by this Court if and only

3

if the Defendant has made prior payment to the Government of the remainder of the forfeiture amount, which is $45,478,966.41;

*WHEREAS*, the plea agreement specifies that a forfeiture payment of $45,478,966.41 will be paid to the Government from an attorney trust account held by Zuckerman Spaeder LLP, in advance of sentencing;

*WHEREAS,* on November 16, 2018, the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC") issued license number SDGT-2018-358008-1. (attached as Exhibit A). That license authorizes Zuckerman Spaeder LLP, and any related U.S. person involved in this forfeiture transaction, to receive funds from outside the United States in the amount of $45,478,966.41, plus any amount necessary to cover transfer and banking fees. The license further authorizes Zuckerman Spaeder LLP to disburse $45,478,966.41 from its trust account to the U.S. Department of Justice;

*WHEREAS*, OFAC license number SDGT-2018-358008-1, authoriz[es] all transactions related to the receipt and disbursement of funds, as related to the plea agreement in *United States v. Tajideen*, 17-cr-00046 (RBW)." .

*NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED*:

1.  Subject to this Court accepting the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a forfeiture money judgment in the amount of $50,000,000.00 is entered against defendant and in favor of the United States. As set forth in the plea agreement, dated November 23, 2018, the $50,000,000.00 forfeiture money judgment satisfies any potential forfeiture to the government by the defendant and the Related Individuals and Entities[1] for conduct occurring prior to entry of the guilty plea in this action.

---

[1] Related Individuals and Entities are defined in the Section III of the plea agreement.

2. Upon payment to the United States Government of $45,478,966.41, the credited funds shall be credited toward the forfeiture money judgment.

3. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

4. Because the defendant has agreed to satisfy the $50,000,000.00 forfeiture judgment before sentencing, and the parties have agreed to move jointly to postpone sentencing for up to 180 days if necessary to allow the defendant to make that payment in advance of sentencing, this Court determines that no discovery is proper in advance of sentencing under Federal Rule of Criminal Procedure 32.2(b)(3). However, if this Court accepts the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant fails to satisfy the forfeiture judgment in advance of sentencing, and the government elects to waive that provision of the plea agreement without otherwise modifying the parties' plea agreement, then this Court will authorize the Attorney General or a designee to conduct any discovery pursuant to Rule 32.2(b)(3) that this Court considers proper to identify, locate, or dispose of property subject to this Order at that time.

5. The Clerk of the Court shall forward a certified copy of this Order to joseph.palazzo@usdoj.gov.

Dated this 8th day of August, 2018.

HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: /s/ Thomas A. Gillice,
D.C. Bar No. 452336
Luke Jones, VA Bar No. 75053 Karen P. Seifert, NY Bar No. 4742342 Assistant United States Attorneys Jacqueline L. Barkett, NY Bar No. 5424916
Special Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street NW, 11th Floor
Washington, D.C. 20530
(202) 252-1791
thomas.gillice@usdoj.gov
luke.jones@usdoj.gov
karen.seifert@usdoj.gov
jacqueline.l.barkett@usdoj.gov

and

DEBORAH L. CONNOR
Chief, Money Laundering and Asset Recovery Section

By: /s/ Joseph Palazzo, MA Bar No. 669666 Trial Attorney
Money Laundering and Asset Recovery
  Section, Criminal Division
United States Department of Justice
1400 New York Avenue NW, 10th Floor
Washington, D.C. 20005
(202) 514-1263
joseph.palazzo@usdoj.gov

---

William W. Taylor, III, Esquire
Counsel for Defendant

5